

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed May 6, 2026**

_____

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **JASON EMORY MCKEMIE,** | § | **CASE NO. 26-30161-MVL-7** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |

## ORDER GRANTING IN PART DEBTOR'S EMERGENCY MOTION

Before the Court is the *Notice of Inability to Comply with Move-Out Deadline and Request for Status Conference* (collectively, the "**Emergency Motion**") filed by Jason Emory McKemie (the "**Debtor**"), *pro se*, on April 30, 2026 [ECF No. 69].[1] In the Motion, the Debtor requests that

---

[1] The Court notes that the Debtor also filed an *Emergency Supplemental Notice of Renewed Writ Application, Material Changed Circumstances, and Request for Immediate Status* [ECF No. 71] on May 1, 2026.

1

the Court grant a "brief extension of time" with respect to the *Order Reinstating the Automatic Stay as to 5609 La Foy Blvd., Dallas, TX 75209* (the "**Stay Reinstatement Order**") entered by the Court on April 16, 2026 [ECF No. 57], in which the Court ordered the reinstatement of the stay pursuant to § 362 of the Bankruptcy Code until April 30, 2026. ECF No. 69; ECF No. 57. More specifically, the Debtor contends that, while he had fully intended to vacate the real property located at 5609 La Foy Blvd., Dallas, TX 75209 prior to the lifting of the automatic stay after April 30, 2026, pursuant to the Stay Reinstatement Order, he has since suffered a material change in circumstances that has "made compliance by the current deadline unsafe and impossible." ECF No. 69.

For clarity, the Stay Reinstatement Order provided that the automatic stay would remain in place under § 362 of the Bankruptcy Code through April 30, 2026, solely to the real property located at 5609 La Foy Blvd., Dallas, TX 75209 and any personal property contained therein. ECF No. 57 at 3. Additionally, the Court ordered that any and all actions to enforce a writ of execution in connection with the eviction of the Debtor with respect to the above-mentioned real property cease immediately. *Id*. However, after April 30, 2026, the automatic stay would once again lift pursuant to § 362 of the Bankruptcy Code, and the landlord of the property would be permitted to pursue all available state law remedies in connection with the property.

The Court held a hearing on May 5, 2026, with respect to the Emergency Motion. The Debtor appeared *pro se*. Travis and Jacqueline Skweres, principals of the landlord, Skweres Properties, LLC (the "**Landlord**") appeared *pro se*.[2] After consideration of the testimony provided by the Debtor and Mr. and Mrs. Skweres, the Court hereby grants the Emergency Motion in part. For the reasons set forth in the record, the Court will grant the Debtor a **final, limited extension**

---

[2] The Court notes that while the Landlord has been represented by counsel at all prior hearings, neither the Landlord nor the Court were able to get in contact with the counsel for the Landlord despite multiple attempts.

of the move-out deadline established in the Stay Reinstatement Order. The Debtor shall have until **end of day on Friday May 8, 2026**, to exit the premises located at 5609 La Foy Blvd., Dallas, TX 75209 and remove any belongings. Given the prior lift of stay granted by the Court pursuant to its *Order Terminating the 11 U.S.C. § 362 Automatic Stay* that was entered on April 9, 2026 [ECF No. 43], the Landlord shall be entitled to pursue its state law remedies to pursue eviction of the Debtor from the property in question. However, neither the Debtor nor his belongings may be removed from the premises until **7:00 A.M. CST, on Saturday, May 9, 2026, at the earliest**.

Accordingly, it is

**ORDERED** that the Emergency Motion is **GRANTED IN PART**; it is further

**ORDERED** that the Debtor will be granted a final, limited extension of the move-out deadline previously established in the Stay Reinstatement Order, and the Debtor shall exit the premises located at 5609 La Foy Blvd., Dallas, TX 75209 and remove any belongings by **end of day on Friday, May, 8, 2026**; it is further

**ORDERED** that Skweres Properties, LLC is entitled to pursue its state law remedies with respect to the real property in question; it is further

**ORDERED** that, upon obtaining any writ of execution with respect to the real property in question, the Landlords shall not physically serve any writ of execution upon the Debtor until **no earlier than 7:00 A.M. CST on Saturday May 9, 2026**. Likewise, neither the Debtor nor his belongings may be removed from the premises until same; it is further

**ORDERED** that this Order reserves all parties' rights with respect to any claims for rent, expenses, damages, or violations of the automatic stay occurring prior hereto, which shall be sought by separate motion or adversary proceeding as appropriate; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order via regular first-class mail to the Debtor at 539 W. Commerce St., #2010, Dallas, TX 75208, and via e-mail at jmckemie@mckemie.net, as well as to Skweres Properties via e-mail at jacquelineskweres@gmail.com and office@skweresproperties.com.

**###END OF ORDER###**