FILED
AUG 21 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JASON EMORY McKEMIE,** | § | Case No. **26-30161-mvl-7** |
| Debtor. | § | (Chapter 7) |

# DEBTOR'S MOTION FOR ORDER AUTHORIZING RULE 2004 SUBPOENAS FOR THIRD-PARTY FINANCIAL RECORDS CONCERNING ASSETS IDENTIFIED BY THE CHAPTER 7 TRUSTEE FOR ESTATE ADMINISTRATION; AUTHORIZATION FOR THE CLERK TO ISSUE SUBPOENAS

## NOTICE UNDER LOCAL BANKRUPTCY RULE 9007-1

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 11, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

*Debtor respectfully notes that Rule 2004 orders authorizing documentary subpoenas to institutional custodians are often considered ex parte, because the Rule 2004 order does not itself compel any person to act — the subpoena that follows does, and subpoena recipients retain full protections under Federal Rule of Civil Procedure 45. Debtor therefore requests, in the alternative, that the Court consider this Motion ex parte or on shortened notice, as set forth in the Prayer and in the concurrently filed Motion for Expedited Consideration and to Shorten Notice.*

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

Jason Emory McKemie, the Debtor, respectfully requests entry of an order authorizing the issuance of subpoenas duces tecum, under Federal Rule of Bankruptcy Procedure 2004 and Rule 9016, to the institutional custodians of records identified below, and further authorizing the Clerk of Court to issue those subpoenas upon the Debtor's written request. In support, the Debtor shows the following:

## LIMITED SCOPE STATEMENT

This Motion asks only for documentary subpoenas to institutional custodians to identify and value assets and asserted community-property interests that the Chapter 7 Trustee has listed on Form 1 for estate administration, several at an unknown value. It does not ask the Court to adjudicate any state-law claim, divorce issue, contested matter, or merits dispute between the parties. It seeks estate-administration discovery within Rule 2004's investigatory scope.

## I. SUMMARY

1. On July 24, 2026, the Chapter 7 Trustee, Areya Holder Aurzada, filed her Individual Estate Property Record and Report (Form 1) [Doc 91]. Form 1 identifies for estate administration the Debtor's asserted community-property interests in VOYA, the Accenture Voluntary Equity Investment Plan (VEIP), Accenture restricted stock units, the AdvantiGen investment, Ameriprise accounts, and a general "Community property interest in all marital assets and funds acquired or retained by non-filing spouse." Several entries are carried at a value of "Unknown."

2. Accurate administration of those listed interests requires institutional source records sufficient to determine what assets exist, their current values, relevant transactions, and whether additional estate administration is warranted.

3. The Debtor accordingly requests that the Court, under Federal Rule of Bankruptcy Procedure 2004, authorize the issuance of documentary subpoenas to those custodians, with subpoenas to issue from the Clerk of Court upon the Debtor's written request because the Debtor is pro se.

## II. JURISDICTION AND EXCLUSIVE AUTHORITY OVER THE PROPERTY AT ISSUE

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. § 1408.

5. Under 28 U.S.C. § 1334(e)(1), the district court in which the bankruptcy case is pending has exclusive jurisdiction over property of the debtor as of commencement and property of the estate, wherever located. The requested discovery is directed to determining the existence, character, location, and value of interests that the Trustee has identified for administration; to the extent those interests constitute property of the estate, their administration falls within that exclusive bankruptcy jurisdiction.

6. Section 541(a)(2) includes in the estate interests of the debtor and the debtor's spouse in community property as of commencement that are under the debtor's sole, equal, or joint management and control, or that are liable for an allowable claim against the debtor (or against both spouses) to the extent of that liability. 11 U.S.C. § 541(a)(2). Texas law separately provides that property possessed by either spouse during or on dissolution of marriage is presumed community property, subject to rebuttal by clear and convincing

evidence. Tex. Fam. Code § 3.003. The Debtor and Ms. Ulijasz remained married on the January 12, 2026 petition date. The requested records are therefore relevant to determining the estate's actual interests; this Motion does not ask the Court to prejudge the characterization of any particular asset.

7. The Trustee's administration of property that is actually property of the estate does not depend on a state-court characterization made without determining the bankruptcy estate's interests. This Motion seeks only the source records necessary to permit the Trustee and this Court to determine those interests on an accurate record; it does not ask the Court to decide the merits of the pending divorce or any state-law claim.

8. The Trustee's Form 1 independently confirms that these asserted community-property interests are matters the Trustee has identified for estate administration, including entries whose value remains unknown. The filing is a strong bankruptcy nexus for investigation, but this Motion does not treat Form 1 itself as a final adjudication of title, characterization, or value.

## III. WHY THE ESTATE NEEDS THE RECORDS

9. The Trustee's Form 1 carries several listed community-property interests at a value of "Unknown." The Debtor has received no financial statement, updated inventory, or disclosure from Ms. Ulijasz since February 17, 2026. Institutional source records can establish the existence, value, and transaction history of the listed interests without requiring this Court to adjudicate the divorce dispute. Rule 2004 is appropriately used to investigate the debtor's property, financial condition, and matters affecting administration of the estate. See In re Lufkin, 255 B.R. 204, 208–09 (Bankr. E.D. Tenn. 2000); Matter of Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

## IV. RELIEF REQUESTED — DOCUMENTARY SUBPOENAS TO INSTITUTIONAL CUSTODIANS

10. The Debtor requests authority to serve subpoenas duces tecum under Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45 on each of the following, for the records described:

    a) Accenture LLP (and, as applicable, Accenture Federal Services LLC) — complete compensation records for Gwendolyn Laura Ulijasz from September 2024 to the present, including base salary, all bonus payments, restricted stock unit grants and vesting schedules, VEIP enrollment, contributions, disbursements, and equity-match credits, and any other incentive, equity, or deferred compensation; the outstanding-shares report or equivalent equity record reflecting Ms. Ulijasz's holdings; and all sign-on-bonus, retention, and clawback records.

    b) Businessolver, Inc. and Inspira Financial (with WEX Inc. named as trustee where applicable) — complete records of enrollment, dependent-eligibility events,

account statements, and transaction history for the Accenture group health plan and the associated Health Savings Account (HSA) and Flexible Spending Account (FSA) on which the Debtor is or was a covered dependent, from January 1, 2024 to the present.

c) JPMorgan Chase Bank, N.A. — complete account statements for all deposit, checking, savings, credit card, and line-of-credit accounts in the name of Gwendolyn Laura Ulijasz, Gwendolyn Ulijasz-McKemie, Gwendolyn McKemie, Jason Emory McKemie, or any joint account of the two, from January 1, 2024 to the present; current balances; and records of account openings and closings during the same period.

d) Citibank, N.A. — complete account statements for all deposit, credit card, and line-of-credit accounts in the names above, from January 1, 2024 to the present; and current balances.

e) American Express National Bank — complete account records and statements for any account, loan, or line of credit in the names above, from January 1, 2024 to the present; and current balance and payment status.

f) SoFi Lending Corp. / LendingClub Corporation — complete account records for any loan or line of credit in the names above, from January 1, 2024 to the present, including origination documents, disbursement records, all account statements, current balance, and records of all payments (source and method).

g) UBS Financial Services Inc. — complete account statements and transaction history for accounts in the name of Gwendolyn Laura Ulijasz from January 1, 2024 to the present, including all records reflecting the Accenture Voluntary Equity Investment Plan.

h) Ameriprise Financial Services, LLC — complete account statements and transaction history for all accounts in the names above from January 1, 2024 to the present; and records of all withdrawals, transfers, and distributions during the same period.

## V. LEGAL STANDARD

11. Rule 2004(a) provides: "On a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(b)(1) permits an examination relating to "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," and "any matter that may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b)(1)(A)–(C). Rule 2004 examinations are pre-litigation investigatory tools with a scope broader than discovery under the Federal Rules of Civil Procedure. See Matter of Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (the scope of Rule 2004 "is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition'"; the primary purpose is to ascertain the estate's assets, and examination extends to third parties who have had dealings with the debtor); In re Symington, 209 B.R. 678, 684 (Bankr. D. Md. 1997).

12. Rule 2004(c) provides: "Regardless of the district where the examination will be conducted, an entity may be compelled under Rule 9016 to attend and produce documents or electronically stored information. An attorney may issue and sign a subpoena on behalf of the court where the case is pending if the attorney is admitted to practice in that court." Fed. R. Bankr. P. 2004(c). Rule 9016 incorporates Federal Rule of Civil Procedure 45. Because the Debtor is proceeding pro se and is not an attorney admitted to practice, the Debtor requests that the Court authorize the Clerk of Court to issue the subpoenas requested herein upon the Debtor's written request, in the form approved by the Court's order.

13. The requested records fall within Rule 2004 because they concern the existence, value, and administration of interests that the Trustee has identified on Form 1 for estate administration. The custodians are institutional third parties holding source records, and the request is limited to documentary production directed to those financial and property issues. See In re Lufkin, 255 B.R. 204, 208–09 (Bankr. E.D. Tenn. 2000); Matter of Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

14. Ex parte consideration is permissible in appropriate Rule 2004 practice. In re Sheetz explains that Rule 2004 motions are often considered ex parte because, when properly used, the order authorizing the examination does not itself require action until process is issued. 452 B.R. 746, 748–49 (Bankr. N.D. Ind. 2011). Here, the requested order would authorize document subpoenas; each recipient's obligations and procedural rights would arise under the subpoena and Federal Rule of Civil Procedure 45.

## VI. LOCAL BANKRUPTCY RULE 2004-1(b) DOES NOT APPLY — THIS MOTION SEEKS NO DISCOVERY PERTAINING TO ANY PENDING CONTESTED MATTER OR ADVERSARY PROCEEDING

15. Local Bankruptcy Rule 2004-1(b) provides that where a contested matter or adversary proceeding is pending, the adversary discovery rules — not Rule 2004 — govern discovery "pertaining to" that contested matter or adversary proceeding. That limitation is subject-matter specific, and it does not reach this Motion. Adversary No. 26-03034-mvl, filed by InTouch Credit Union, concerns objections to the Debtor's discharge. InTouch's contested Motion to Enforce Relief from Stay Order [Doc 92] concerns a single item of collateral, a 2018 Jaguar F-Pace. The records sought by this Motion concern the identification and valuation of the community-property assets that the Trustee has scheduled in Form 1 [Doc 91] — the non-filing spouse's compensation, equity, banking, loan, and investment records. Those records are not the subject of, and do not pertain to, either pending proceeding. Rule 2004 and Local Bankruptcy Rule 2004-1 accordingly govern this request.

## VII. CONFERENCE CERTIFICATE — LOCAL BANKRUPTCY RULE 2004-1(a)

16. Pursuant to Local Bankruptcy Rule 2004-1(a), the Debtor certifies as follows:

a) As to the institutional custodians identified in Section IV—the proposed examinees: These entities are nonparties with no counsel of record in this bankruptcy case. The Motion seeks documentary production only, and the production date will be stated in each subpoena. Because of the number of unrelated institutional custodians, the absence of counsel of record for them in this case, and the emergency timing of this filing, a pre-filing conference with each custodian was not reasonably possible before filing. Each custodian will receive the process and protections provided by Federal Rule of Civil Procedure 45 upon service.

b) As a courtesy and to address any potential concern regarding the records sought, the Debtor sent written notice of the proposed subpoenas and a request to confer to Ms. Ulijasz's counsel of record on August 20, 2026. As of execution of this Motion, no agreement resolving the requested Rule 2004 relief had been reached.

## VIII. PRAYER

17. WHEREFORE, the Debtor respectfully requests that the Court:

a) **ENTER** an order — ex parte, or in the alternative on the notice period provided under Local Bankruptcy Rule 9007-1 or such shortened period as the Court allows — authorizing the issuance of subpoenas duces tecum under Federal Rule of Bankruptcy Procedure 2004, Rule 9016, and Federal Rule of Civil Procedure 45 to each of the institutional custodians identified in Section IV of this Motion, compelling production of the records described therein;

b) **AUTHORIZE** the Clerk of Court to issue the subpoenas upon the Debtor's written request, in the form approved by the Court's order, because the Debtor is proceeding pro se and is not an attorney authorized to issue subpoenas under Rule 2004(c);

c) **ORDER** production of the records described in Section IV within thirty (30) days of service of the subpoena, or at such other date as the Court determines appropriate;

d) **CONSIDER** this Motion on shortened notice or ex parte under Federal Rule of Bankruptcy Procedure 9006(c)(1), for the reasons set forth in the Debtor's concurrently filed Motion for Expedited Consideration and to Shorten Notice; and

e) **GRANT** such other and further relief as is just and consistent with the administration of this estate.

Respectfully submitted,

Jason McKemie

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958 | jmckemie@mckemie.net

---

## DECLARATION UNDER PENALTY OF PERJURY (28 U.S.C. § 1746)

I, **Jason Emory McKemie**, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Motion made on my personal knowledge are true and correct, and that statements describing filed pleadings, orders, records, docket events, and prior testimony are true and correct based on my review of those records.

Executed on **August 21, 2026.**

Jason McKemie

**JASON EMORY McKEMIE**

# CERTIFICATE OF SERVICE

I certify that on **August 21, 2026**, I hand-delivered the foregoing document to the **Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division**, for filing.

I further certify that on **August 21, 2026**, I served a true and correct copy of the foregoing document by email on the following:

**Loriann A. Martinez** (Quilling, Selander, Lownds, Winslett & Moser, P.C.)
Counsel for InTouch Credit Union — lmartinez@qslwm.com

**Areya Holder Aurzada** (Chapter 7 Trustee) — areya@holderlawpc.com

Upon filing and docketing by the Clerk, registered CM/ECF participants, including counsel for InTouch Credit Union, the Chapter 7 Trustee, and the Office of the United States Trustee, will also receive electronic notice through the Court's CM/ECF system.

I further certify that, as an additional courtesy and to provide contemporaneous notice of the filing, I transmitted a true and correct copy by email to the following persons and counsel:

**Gwendolyn Laura Ulijasz** — gulijasz@gmail.com

**Beermann LLP**
Jonathan D. Steele — jsteele@beermannlaw.com
Sara A. Boucher — saboucher@beermannlaw.com

**Armstrong Divorce & Family Law, PLLC**
Rebecca L. Armstrong — rebecca@armstronglawtexas.com
Lauren N. Shaw — lauren@armstronglawtexas.com
Terra Aguirre — terra@armstronglawtexas.com
Rosa Gutierrez — rgutierrez@armstronglawtexas.com

Jason McKemie

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASON EMORY McKEMIE, | § | Case No. **26-30161-mvl-7** |
| Debtor. | § | (Chapter 7) |

# ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING RULE 2004 SUBPOENAS FOR THIRD-PARTY FINANCIAL RECORDS CONCERNING ASSETS IDENTIFIED BY THE CHAPTER 7 TRUSTEE FOR ESTATE ADMINISTRATION

Came on for consideration the Debtor's Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records Concerning Assets Identified by the Chapter 7 Trustee for Estate Administration; Authorization for the Clerk to Issue Subpoenas (the "Motion"). The Court, having considered the Motion, finds that it has jurisdiction under 28 U.S.C. §§ 157 and 1334; that the records sought concern the Debtor's property, liabilities or financial condition, or matters that may affect administration of the estate within Federal Rule of Bankruptcy Procedure 2004(b)(1); that the requested discovery is directed to assets and asserted interests identified by the Chapter 7 Trustee for administration; that the discovery sought does not pertain to the merits of any pending contested matter or adversary proceeding; and that good cause exists to grant the Motion. It is therefore

**ORDERED** that the Motion is **GRANTED**. It is further

**ORDERED** that the Debtor is authorized, under Federal Rule of Bankruptcy Procedure 2004 and Rule 9016 and Federal Rule of Civil Procedure 45, to serve subpoenas duces tecum on the institutional custodians identified in Section IV of the Motion — Accenture LLP (and, as applicable, Accenture Federal Services LLC); Businessolver, Inc. and Inspira Financial (with WEX Inc. named as trustee where applicable); JPMorgan Chase Bank, N.A.; Citibank, N.A.; American Express National Bank; SoFi Lending Corp. / LendingClub Corporation; UBS Financial Services Inc.; and Ameriprise Financial Services, LLC — for production of the records described in Section IV of the Motion. It is further

**ORDERED** that, because the Debtor is proceeding pro se and is not an attorney authorized to issue and sign a subpoena on behalf of the Court under Rule 2004(c), the Clerk of Court is authorized and directed, upon the Debtor's written request, to issue the subpoenas described above in substantially the form of Director's Form B 2570, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), each identifying the records described in Section IV of the Motion as to that custodian. It is further

**ORDERED** that each subpoena shall specify a production date not earlier than thirty (30) days after service, unless otherwise agreed by the custodian; that production may be made by mail or secure electronic delivery; and that nothing in this Order alters any recipient's rights or obligations under Federal Rule of Civil Procedure 45. It is further

**ORDERED** that copies of all documents produced in response to the subpoenas shall be made available to the Chapter 7 Trustee upon her request. It is further

**ORDERED** that this Court retains jurisdiction over all matters arising from or related to the implementation of this Order.

**SIGNED:** ____________________________________
**MICHELLE V. LARSON**
UNITED STATES BANKRUPTCY JUDGE

**SIGNED ON:** ____________________________**, 2026.**

---

**### END OF ORDER ###**

---

Order prepared and submitted by:

**Jason Emory McKemie**, Debtor, *Pro Se*
539 W. Commerce St., #2010, Dallas, Texas 75208
(214) 519-8958 | jmckemie@mckemie.net