FILED
AUG 21 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JASON EMORY McKEMIE,** | § | Case No. **26-30161-mvl-7** |
| Debtor. | § | (Chapter 7) |

# DEBTOR'S MOTION FOR EXPEDITED CONSIDERATION OF, AND TO SHORTEN NOTICE PERIOD FOR, DEBTOR'S RULE 2004 MOTION FOR THIRD-PARTY DOCUMENTARY SUBPOENAS

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

**Jason Emory McKemie**, the Debtor, respectfully moves the Court, under Federal Rule of Bankruptcy Procedure 9006(c)(1), for expedited consideration of, and shortened notice on, Debtor's concurrently filed ***Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records Concerning Assets Identified by the Chapter 7 Trustee for Estate Administration*** (the "Rule 2004 Motion"). In support, the Debtor respectfully states:

## I. RELIEF REQUESTED

1. Debtor requests that the Court:

   a. consider the Rule 2004 Motion on an ex parte basis, as often done under Bankruptcy Rule 2004; or, in the alternative,

   b. shorten the notice period under Local Bankruptcy Rule 9007-1 from twenty-one (21) days to seven (7) days (or such other shortened period as the Court determines appropriate); and, in the further alternative,

   c. to the extent the Court determines that a hearing on the Rule 2004 Motion is necessary, set that hearing at the Court's earliest availability, including at the hearing already noticed in this case for August 26, 2026 [Doc 93], at which the Debtor will appear.

## II. STANDARD

2. Federal Rule of Bankruptcy Procedure 9006(c)(1) provides: "When a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time." Fed. R. Bankr. P. 9006(c)(1).

3. The Court has broad discretion to reduce time periods, including notice periods under local rules, upon a showing of cause. Rule 2004 motions in particular "are often

considered ex parte" because "when the motion is correctly used and implemented, orders granting them do not require anything of the other party." In re Sheetz, 452 B.R. 746, 748–49 (Bankr. N.D. Ind. 2011). "While the Rule 2004 examination is normally authorized by the bankruptcy court without advance notice, this does not deprive the prospective deponent of the right to object after the motion is granted or to file a motion for protective order." In re Symington, 209 B.R. 678, 684 (Bankr. D. Md. 1997). The Rule 2004 order does not itself compel any person to act; the subpoena that follows does, and subpoena recipients retain full protections under Federal Rule of Civil Procedure 45.

## III. CAUSE FOR EXPEDITED CONSIDERATION

4. The Chapter 7 Trustee, Areya Holder Aurzada, filed her Individual Estate Property Record and Report (Form 1) [Doc 91] on July 24, 2026. Form 1 identifies for estate administration the Debtor's asserted community-property interests in VOYA, the Accenture Voluntary Equity Investment Plan, Accenture restricted stock units, the AdvantiGen investment, Ameriprise accounts, and a general "Community property interest in all marital assets and funds acquired or retained by non-filing spouse." Multiple entries are carried at a value of "Unknown."

5. The Debtor has received no financial statement, updated inventory, or disclosure from the non-filing spouse since February 17, 2026 — over six months ago. The institutional source records requested in the Rule 2004 Motion are the only means by which the Trustee's scheduled assets can be identified, valued, and, where appropriate, reduced to money for the benefit of creditors.

6. Related proceedings affecting the same scheduled assets remain active in other forums. Expedited access to institutional source records will permit the estate's interests in the scheduled property to be identified, valued, and preserved while those proceedings are pending, and will permit this Court — which has exclusive jurisdiction over property of the estate under 28 U.S.C. § 1334(e)(1) — to administer that property on an accurate record.

7. The Trustee's Interim Report projects a final report in 2027. Each additional day of delay in obtaining institutional source records prolongs the administration of this estate, delays distribution to creditors, and prejudices the estate's ability to timely reduce scheduled property to value. Cause exists to relieve the Debtor of the full twenty-one-day notice period so that the estate's administration can proceed.

8. The relief requested is narrow. The Rule 2004 Motion seeks only documentary subpoenas to institutional custodians (banks, an employer, plan administrators, and brokerage firms). It does not seek to compel any party to appear, does not seek to adjudicate any contested matter, and does not seek any relief against the non-filing spouse, her counsel, or any other party. The subpoena recipients are institutional custodians who retain full procedural protections under Federal Rule of Civil Procedure 45 upon service.

9. No party is prejudiced by expedited or ex parte consideration. The Rule 2004 order will not require any person to act until subpoenas are served, at which point recipients receive the full protections of Rule 45. The non-filing spouse and her counsel of record will receive

courtesy copies of the Rule 2004 Motion and of this Motion by contemporaneous email, so no procedural surprise results.

## IV. CONFERENCE CERTIFICATE

10. The Debtor sent written notice of the proposed Rule 2004 subpoenas and a request to confer to counsel for the non-filing spouse by email on August 20, 2026. As of execution of this Motion, no agreement resolving the requested Rule 2004 relief had been reached. A pre-filing conference with each unrelated institutional custodian was not reasonably possible before filing because those entities are nonparties with no counsel of record in this case and the request is being made on an expedited timetable.

## V. PRAYER

11. **WHEREFORE**, the Debtor respectfully requests that the Court:

    a. **GRANT** this Motion for Expedited Consideration;

    b. **CONSIDER** the concurrently filed Rule 2004 Motion on an ex parte basis; or, in the alternative,

    c. **SHORTEN** the notice period under Local Bankruptcy Rule 9007-1 from twenty-one (21) days to seven (7) days (or such other shortened period as the Court determines appropriate) under Federal Rule of Bankruptcy Procedure 9006(c)(1); or, in the further alternative,

    d. **SET** the Rule 2004 Motion for hearing at the Court's earliest availability, including at the August 26, 2026 setting already noticed in this case [Doc 93]; and

    e. **GRANT** such other and further relief as is just.

Respectfully submitted,

Jason McKemie

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

## DECLARATION UNDER PENALTY OF PERJURY (28 U.S.C. § 1746)

I, **Jason Emory McKemie**, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Motion made on my personal knowledge are true and correct, and that statements describing filed pleadings, orders, records, docket events, and prior testimony are true and correct based on my review of those records.

Executed on **August 21, 2026.**

Jason McKemie

**JASON EMORY McKEMIE**

## CERTIFICATE OF SERVICE

I certify that on **August 21, 2026**, I hand-delivered the foregoing document to the **Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division**, for filing.

I further certify that on **August 21, 2026**, I served a true and correct copy of the foregoing document by email on the following:

**Loriann A. Martinez** (Quilling, Selander, Lownds, Winslett & Moser, P.C.)
Counsel for InTouch Credit Union — lmartinez@qslwm.com

**Areya Holder Aurzada** (Chapter 7 Trustee) — areya@holderlawpc.com

Upon filing and docketing by the Clerk, registered CM/ECF participants, including counsel for InTouch Credit Union, the Chapter 7 Trustee, and the Office of the United States Trustee, will also receive electronic notice through the Court's CM/ECF system.

I further certify that, as an additional courtesy and to provide contemporaneous notice of the filing, I transmitted a true and correct copy by email to the following persons and counsel:

**Gwendolyn Laura Ulijasz** — gulijasz@gmail.com

**Beermann LLP**
Jonathan D. Steele — jsteele@beermannlaw.com
Sara A. Boucher — saboucher@beermannlaw.com

**Armstrong Divorce & Family Law, PLLC**
Rebecca L. Armstrong — rebecca@armstronglawtexas.com
Lauren N. Shaw — lauren@armstronglawtexas.com
Terra Aguirre — terra@armstronglawtexas.com
Rosa Gutierrez — rgutierrez@armstronglawtexas.com

Jason McKemie

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASON EMORY McKEMIE, | § | Case No. **26-30161-mvl-7** |
| Debtor. | § | (Chapter 7) |

## ORDER GRANTING DEBTOR'S MOTION FOR EXPEDITED CONSIDERATION OF, AND TO SHORTEN NOTICE PERIOD FOR, DEBTOR'S RULE 2004 MOTION FOR THIRD-PARTY DOCUMENTARY SUBPOENAS

Came on for consideration the Debtor's Motion for Expedited Consideration of, and to Shorten Notice Period for, Debtor's Rule 2004 Motion for Third-Party Documentary Subpoenas (the "Motion to Expedite"). The Court, having considered the Motion to Expedite, finds that cause exists under Federal Rule of Bankruptcy Procedure 9006(c)(1) to reduce the notice period otherwise applicable to the Debtor's concurrently filed Rule 2004 Motion. It is therefore

**ORDERED** that the Motion to Expedite is **GRANTED**. It is further

**ORDERED** that the notice period applicable to the Debtor's Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records Concerning Assets Identified by the Chapter 7 Trustee for Estate Administration is reduced to seven (7) days from the date of service. It is further

**ORDERED** that any response to the Rule 2004 Motion shall be filed within the shortened period set forth above.

**SIGNED:** ______________________________
**MICHELLE V. LARSON**
UNITED STATES BANKRUPTCY JUDGE

**SIGNED ON:** ______________________________**, 2026.**

**### END OF ORDER ###**

Order prepared and submitted by:

**Jason Emory McKemie**, Debtor, *Pro Se*
539 W. Commerce St., #2010, Dallas, Texas 75208
(214) 519-8958 | jmckemie@mckemie.net