EXHIBIT
6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JASON EMORY McKEMIE,** | § | Case No. **26-30161-mvl-7** |
| Debtor. | § | (Chapter 7) |

# DEBTOR'S RESPONSE AND OBJECTION TO INTOUCH CREDIT UNION'S MOTION TO ENFORCE RELIEF FROM STAY ORDER AND FOR CIVIL CONTEMPT SANCTIONS [Doc 92]

## NOTICE UNDER LOCAL BANKRUPTCY RULE 9007-1

*This Response is filed within the negative-notice period stated in the Motion [Doc 92]. Debtor requests a hearing on the Motion at the setting already noticed for August 26, 2026 [Doc 93], and further requests that the Court consider this Response together with the Debtor's concurrently filed Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records of Assets Identified by the Chapter 7 Trustee for Estate Administration, and Motion for Expedited Consideration of the same, both filed contemporaneously herewith.*

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

**Jason Emory McKemie**, the Debtor, files this Response and Objection to InTouch Credit Union's Motion to Enforce Relief from Stay Order and for Civil Contempt Sanctions [Doc 92] (the "Motion"), and respectfully states:

## I. SUMMARY

1. InTouch asks this Court to hold the Debtor in civil contempt for failing to surrender collateral under an order that does not require the Debtor to surrender it. The Order Granting Motion for Relief from Automatic Stay [Doc 84] does two things: it terminates the automatic stay as to a 2018 Jaguar F-Pace, and it waives the fourteen-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3). It does not order the Debtor to surrender the vehicle, to make it available on any particular schedule, or to take any affirmative act at all. Civil contempt requires an order requiring specific conduct; there is no such order here.

2. InTouch's remedy under the Stay Relief Order is the relief that Order actually granted: termination of the automatic stay as to the Collateral, permitting InTouch to pursue whatever repossession or other remedies are available under applicable nonbankruptcy law without the stay as an impediment. The Order did not direct the Debtor to surrender, deliver, transport, or make the vehicle available at any particular time or place. A contempt motion cannot convert the absence of such an affirmative command into a prior violation of one.

3. The Motion's factual predicate — "purposeful and deliberate evasion" — is refuted by the record InTouch itself has developed. Under oath on August 17, 2026, in a deposition taken by InTouch's counsel in Adversary No. 26-03034-mvl, the Debtor testified that the vehicle is located at 3332 Fiddlers Grave Drive, Bryan, Texas, has been located there for approximately three months, is operable, is insured, and is in his possession. He testified that InTouch's repossession agent has come to the Bryan location on three occasions; that on the one occasion the vehicle was in Houston for headlight repair he told the agent it would return in two days and it did; and that on the other two occasions he or his father spoke directly with the agent, who knew the vehicle was there. The Debtor has never concealed the vehicle, has never sold, pledged, transferred, or abandoned it, and has never given InTouch or its agents false information regarding its location.

4. Set against that record, InTouch's Certificate of Conference in the Motion — that counsel called a "last known phone number" on July 28, 2026 and received a "number changed" message, and sent a single email on July 29, 2026 — describes InTouch's failure to reach a debtor whose telephone service had been cut off during a period of homelessness and medical crisis. InTouch's counsel had (and used) the Debtor's Google Voice number (214) 519-8958 to take an eight-hour deposition just seventeen days after filing this Motion. A debtor who sits for an eight-hour deposition, at his correct address of record, at his correct email of record, and answers under oath about the vehicle's exact location and condition, is not a debtor who is evading anyone.

5. The larger context matters. The Chapter 7 Trustee has scheduled the 2018 Jaguar F-Pace as property of the estate, Doc 91 Asset #1. She has also scheduled, in the same report, the community property interests in the Debtor's non-filing spouse's Accenture RSUs, VOYA account, VEIP program, Accenture stock, AdvantiGen investment, Ameriprise accounts, and "community property interest in all marital assets and funds acquired or retained by non-filing spouse prior to entry of a final divorce decree." On June 26, 2026, while this case was open and no party had sought or obtained relief from the automatic stay authorizing any division of estate property, the state court signed a Final Decree of Divorce that divided that estate property and awarded "to each party the property in that party's possession." No party has ever asked this Court to annul the stay to validate that division. The Debtor has concurrently filed a Motion for Order Authorizing Rule 2004 Subpoenas — documentary subpoenas to eight institutional custodians holding the source records the Trustee needs to identify and value the assets she has scheduled — together with a Motion for Expedited Consideration.

6. The vehicle is one asset within that larger estate-administration picture. Ordering immediate surrender—or imposing daily contempt sanctions—while the Court is simultaneously being asked to authorize source-record discovery concerning other assets identified by the Trustee for administration would intensify the Debtor's instability without changing the central contempt question: Doc. 84 contains no affirmative surrender command. The Debtor therefore requests denial of contempt and sanctions; if the Court nevertheless considers new affirmative delivery relief, the

Debtor requests the transition protection stated below.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Enforcement (and interpretation) of this Court's own Orders is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. § 1408. The Debtor is a party in interest.

## III. RELEVANT PROCEDURAL BACKGROUND

8. On January 12, 2026, the Debtor filed a voluntary petition under Chapter 7 [Doc 1]. The automatic stay under 11 U.S.C. § 362 arose upon filing. The § 341(a) meeting of creditors was held February 17, 2026. Areya Holder Aurzada serves as the Chapter 7 Trustee.

9. The Debtor's Schedules, filed February 17, 2026, list the 2018 Jaguar F-Pace (the "Collateral") as property in which the Debtor has an interest and disclose InTouch Credit Union as a secured creditor. InTouch's own proposed stipulation, attached to the Motion as Exhibit A [Doc 92-1], recites this at Paragraph D: "The Debtor filed his Schedules on February 17, 2026, listing the Collateral as property to which he has an interest and disclosing InTouch as a secured creditor." The Trustee's Individual Estate Property Record and Report (Form 1) [Doc 91], filed July 24, 2026, schedules the Collateral as Asset #1 of the estate.

10. On April 13, 2026, InTouch filed its Motion for Relief from the Automatic Stay [Doc 46]. A preliminary hearing was held May 5, 2026, at which the Debtor stated his intention to reaffirm the loan. The Court directed that the Debtor insure the Collateral and provide its location before the final hearing. The Debtor did both. Before the May 27, 2026 final hearing, the Debtor provided the Collateral's location and confirmed insurance coverage effective May 28, 2026.

11. On June 8, 2026, the Court entered its Order Granting Motion for Relief from Automatic Stay [Doc 84] (the "Stay Relief Order"). The Stay Relief Order provides in full, in its operative provisions:

> *"IT IS ORDERED that the Motion is GRANTED. IT IS FURTHER, ORDERED that the automatic stay is terminated with respect to the 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724. IT IS FURTHER, ORDERED that Fed. R. Bankr. P. 4001(a)(3) shall not apply to this Order and this Order shall be immediately effective and enforceable upon its entry by the Court."*

12. The Stay Relief Order does not order the Debtor to surrender the Collateral. It does not order the Debtor to make the Collateral available for pickup. It does not order the Debtor to notify InTouch or its agents of the Collateral's location. It does not impose any affirmative obligation on the Debtor. It terminates the stay and waives the fourteen-day hold; that is the entirety of what the Order requires.

13. The Debtor did not enter into the proposed stipulation attached to the Motion as Exhibit A [Doc 92-1]. InTouch acknowledges this at Paragraph 7 of the Motion: "The Debtor declined to enter into the Proposed Stipulation with InTouch." That unexecuted stipulation created no obligations of any kind, and cannot be treated as a source of duties the Debtor is alleged to have violated.

14. On July 31, 2026, InTouch filed the Motion [Doc 92]. On August 17, 2026, InTouch took the Debtor's deposition in Adversary No. 26-03034-mvl (the "Deposition"). Loriann A. Martinez and Samin Aga appeared for InTouch. The Deposition was taken under oath before a court reporter. The Debtor confirmed at the outset that he understood he was under oath, and that the testimony carried the same force and effect as testimony given in court.

15. The Debtor separately draws the Court's attention to the record InTouch has already made against the Debtor in Adversary No. 26-03034-mvl, and to the Debtor's response to it. On April 20, 2026, InTouch filed a Complaint [Adv. Doc 1; main-case Doc 62] seeking denial of the Debtor's discharge on two grounds: (i) that the Debtor had "knowingly and fraudulently made a false oath" by allegedly failing to list InTouch on the creditor matrix, and (ii) that the Debtor had failed to complete the personal financial management course. On May 5, 2026, the Debtor filed his Response and Request for Denial and Dismissal [Adv. Doc 7], attaching two exhibits: (a) the Debtor's Certificate of Debtor Education (Certificate No. 00301-TXN-DE-040616293), showing completion of the personal financial management course on February 13, 2026 through InCharge Debt Solutions, an approved provider; and (b) the Debtor's filed Schedule D, showing that InTouch Credit Union — 5640 Democracy Drive, Plano, TX 75024 — was in fact listed as a secured creditor with respect to the 2018 Jaguar F-Pace. Both InTouch and this Court have had that record for more than three months. InTouch's own Motion Exhibit A [Doc 92-1, ¶ D] now concedes that "[t]he Debtor filed his Schedules on February 17, 2026, listing the Collateral as property to which he has an interest and disclosing InTouch as a secured creditor."

16. The point here is not to relitigate the adversary — that matter is before the Court on its own schedule — but to establish that the two allegations InTouch used to open its adversary in this case were both incorrect on the face of the docket the day they were filed, and remain incorrect today. That bears on the weight the Court should give to InTouch's current factual assertion of "purposeful and deliberate evasion": a party whose demonstrated pattern is to make sanctionable-conduct allegations against this Debtor that the docket itself disproves is not entitled to have the Court accept its next such allegation without careful scrutiny of the record. The Debtor has never made a false oath, has never withheld a required disclosure, and has never lied to InTouch, to its counsel, or to its repossession agent about anything.

# IV. THE STAY RELIEF ORDER IMPOSES NO SURRENDER DUTY, AND CIVIL CONTEMPT IS UNAVAILABLE ON THIS RECORD

## A. CONTEMPT REQUIRES AN ORDER REQUIRING SPECIFIC CONDUCT.

17. The Motion invokes the three-part test the Fifth Circuit stated in Ingalls v. Thompson (In re Bradley), 588 F.3d 254, 264 (5th Cir. 2009), for civil contempt in a bankruptcy proceeding. Under that test, the movant must establish "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." Id. (quoting FDIC v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1995)).

18. Prong (2) is not satisfied. The Stay Relief Order — the only order the Motion identifies as the source of an alleged duty — does not require the Debtor to do anything. It terminates the automatic stay and waives the Rule 4001(a)(3) hold. It creates no obligation on the Debtor to surrender the Collateral, to cooperate in its recovery, to make it available at any location or time, or to communicate about it. Because there is no order requiring conduct, there can be no failure to comply with an order, and there can be no contempt.

19. A stay-relief order removes the bankruptcy restraint that otherwise prevents a secured creditor from exercising available remedies. It does not, without more, become an affirmative command requiring the debtor to surrender collateral. The Court's contempt power enforces obligations actually imposed by an order; it does not supply a surrender term that the order never contained.

**B. INTOUCH'S AUTHORITY (VSP LABS) SANCTIONED A PARTY FOR WILLFULLY VIOLATING AND EVADING COURT ORDERS THAT IMPOSED OBLIGATIONS — NO SUCH ORDER, AND NO SUCH ACT, EXISTS HERE.**

20. InTouch also relies on VSP Labs, Inc. v. Hillair Capital Investments, L.P., 619 B.R. 883 (N.D. Tex. 2020), aff'd sub nom. VSP Labs, Inc. v. Hillair Capital, 26 F.4th 245 (5th Cir. 2022). Whatever the reach of § 105(a) in enforcing a bankruptcy court's orders, the predicate remains an order whose terms are actually being violated or evaded. Here, Doc. 84 terminated the stay but did not order surrender, delivery, or cooperation in repossession. The Motion therefore cannot establish contempt merely by characterizing retention of the vehicle as evasion of a command that Doc. 84 never made.

21. InTouch's own record establishes that no evasion predicate is present:

(a) No false information. The Motion identifies one specific communication with the repossession agent: a July 9, 2026 statement that the Collateral was at an auto shop in Houston, Texas and would be ready for pickup the following week. The Debtor testified under oath at his August 17, 2026 Deposition that the vehicle was in fact in Houston that weekend for headlight repair, that he told the agent it would return in two days, and that it did return within that time. There is no evidence — none — that any statement the Debtor made to InTouch or its agent was false when made.

(b) No active concealment. The Debtor testified under oath that the vehicle is located at 3332 Fiddlers Grave Drive, Bryan, Texas, at his parents' residence, and has been located there for approximately three months but for the Houston repair weekend. He testified that the Collateral is in his possession, is insured, is operable, and is in a private garage. He testified that the repossession agent has attended the Bryan

location on three occasions, and that the agent knew the vehicle was there. That is disclosed location, not concealed location.

(c) No obstruction. The Debtor sat for an approximately eight-hour deposition on August 17, 2026, at InTouch's request, at his address of record, and answered InTouch's questions about the vehicle's exact location, condition, keys, operability, insurance status, and history. A debtor who provides that information under oath — including the precise street address — is not obstructing.

22. The Motion's characterization of the Debtor as "knowingly and willingly evad[ing] InTouch's attempts to recover the Collateral" [Doc 92, ¶ 10] cannot be reconciled with the sworn Deposition InTouch itself took. To the extent InTouch relies on inability to reach the Debtor at his "last known phone number" on July 28, 2026 and on the Debtor's non-response to a single July 29, 2026 email [Doc 92, Certificate of Conference], the record established at the Deposition confirms that (i) the Debtor's cellular telephone service was cut off during the period in question as a consequence of the medical and financial emergency the Debtor has documented across three forums, (ii) the Debtor's active telephone contact number is (214) 519-8958 — a Google Voice number InTouch's counsel used to convene the Deposition, and (iii) the Debtor's active email address is jmckemie@mckemie.net, from which the Debtor has continued to correspond with counsel and this Court. A creditor able to depose a debtor for eight hours is not a creditor unable to reach that debtor.

## C. STAY RELIEF PERMITS AVAILABLE REMEDIES; IT DOES NOT CREATE A SURRENDER COMMAND ENFORCEABLE BY CONTEMPT.

23. After stay relief, InTouch may pursue remedies available to it under applicable nonbankruptcy law and may seek any additional judicial relief for which it can establish an independent legal basis. But those remedies are analytically distinct from civil contempt for violating Doc. 84. The issue on this Motion is not whether InTouch has collateral remedies; it is whether the Debtor violated an affirmative obligation imposed by the Stay Relief Order.

24. Doc. 84 contains no deadline, place of delivery, surrender directive, cooperation requirement, or other affirmative instruction to the Debtor. Accordingly, the Court can deny contempt without adjudicating the full scope of any separate remedy InTouch may possess. If InTouch seeks a new affirmative delivery order, that request should be evaluated as new relief on its own legal basis and record—not treated as punishment for violating a surrender command that never existed.

25. The Supreme Court has emphasized the traditional limits on civil contempt: it is a severe remedy and should not be imposed where there is a fair ground of doubt as to the wrongfulness of the challenged conduct. Taggart v. Lorenzen, 587 U.S. 554, 561 (2019). Here the doubt is not marginal: the operative Stay Relief Order contains no affirmative surrender obligation. That absence independently defeats the premise that the Debtor disobeyed a surrender command in Doc. 84.

# V. COORDINATED ESTATE-ADMINISTRATION CONTEXT

## A. THE TRUSTEE HAS SCHEDULED THE COLLATERAL — AND HUNDREDS OF THOUSANDS OF DOLLARS IN OTHER COMMUNITY-ESTATE ASSETS — AS PROPERTY OF THIS ESTATE.

26. The Chapter 7 Trustee's Individual Estate Property Record and Report (Form 1), filed July 24, 2026 [Doc 91], schedules the following as property of this estate, among other items:

(a) Asset #1: The 2018 JAGUAR F-PACE, secured by In-Touch Credit Union;

(b) Asset #14: The Accenture Voluntary Equity Investment Program (VEIP), scheduled at $190,000;

(c) Asset #15: Accenture stock, scheduled at $100,000;

(d) Asset #12: VOYA retirement, scheduled at $80,000;

(e) Asset #17: Ameriprise Roth IRA, scheduled at $150,000;

(f) Asset #19: Ameriprise Roth-G, scheduled at $250,000;

(g) Asset #16: AdvantiGen investment, scheduled at $50,000;

(h) Assets #21 and #23: "Debtor asserts a community property interest in all marital assets and funds acquired or retained by non-filing spouse prior to entry of a final divorce decree, including but not limited to real property, vehicles, financial accounts, and other property purchased with community funds" — with the Trustee expressly noting that "[s]pecific assets and valuation are unknown as information and control remain exclusively with spouse."

27. The Trustee's report notes as a major activity affecting case closing: "The Debtor has a divorce proceeding pending." The Trustee is administering an estate whose principal community-property assets are in the exclusive possession and control of the Debtor's non-filing spouse, and whose valuation depends on records the Debtor has been unable to obtain.

## B. THE JUNE 26, 2026 STATE-COURT DECREE DIVIDED ESTATE PROPERTY WITHOUT STAY RELIEF, AND THAT DIVISION HAS NEVER BEEN VALIDATED BY THIS COURT.

28. On June 26, 2026 — while this case was open, the automatic stay was in effect as to the estate's community property, and the Trustee was actively administering the estate — the 301st Judicial District Court of Dallas County, Texas signed a Final Decree of Divorce that divided the parties' financial accounts and debts and awarded "to each party the property in that party's possession." No party sought or obtained relief from the automatic stay authorizing the division of estate property, and no such relief has ever been granted.

29. Section 362(a)(3) prohibits any act to obtain possession of property of the estate or to exercise control over property of the estate. Section 362(b)(2)(A)(iv)'s dissolution exception is textually limited: the dissolution proceeding could proceed, but not "the

division of property that is property of the estate." In the Fifth Circuit, acts taken in violation of the automatic stay are voidable and subject to invalidation by the bankruptcy court, and they can be validated only through retroactive annulment of the stay under § 362(d) — a form of relief committed exclusively to this Court. See Sikes v. Global Marine, Inc., 881 F.2d 176, 178–79 (5th Cir. 1989); Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990) (stay violations are "not void, but rather they are merely voidable, because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)"); Chapman v. Bituminous Ins. Co. (In re Coho Res., Inc.), 345 F.3d 338, 344 (5th Cir. 2003) (violations "are subject to discretionary 'cure'"). No party has sought, and this Court has not granted, annulment of the stay to validate the June 26, 2026 property division. Whether that division is given any effect as to property of this estate is therefore a question reserved to this Court — not the state court — under 28 U.S.C. § 1334(e)(1), and it remains unresolved.

**C. THE CONCURRENTLY FILED RULE 2004 MOTION IS THE MECHANISM THROUGH WHICH THE ESTATE CAN BE PROPERLY ADMINISTERED.**

30. The Debtor has concurrently filed a Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records of Assets Identified by the Chapter 7 Trustee for Estate Administration., together with a Motion for Expedited Consideration. The Rule 2004 Motion seeks only documentary subpoenas duces tecum to eight institutional custodians — Accenture, Businessolver/Inspira Financial, JPMorgan Chase, Citibank, American Express National Bank, SoFi/LendingClub, UBS Financial Services, and Ameriprise — for the source records necessary to identify and value the community-property assets the Trustee has scheduled. It seeks no relief against any party, no oral examination of any person, and no adjudication of any state-law dispute.

31. Rule 2004 reaches "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," and "any matter that may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b)(1)(A)–(C). The records sought fall squarely within that scope, and Rule 2004 is the ordinary bankruptcy mechanism for identifying and valuing the property the Trustee has scheduled.

**D. THE VEHICLE SITS INSIDE — NOT APART FROM — THE ESTATE-ADMINISTRATION QUESTIONS NOW BEFORE THE COURT.**

32. If the Rule 2004 subpoenas produce the source records the Trustee needs, the estate acquires visibility into the value it has always held, and the Debtor's ability to address the Collateral within a workable arrangement — through negotiation, redemption under 11 U.S.C. § 722, reaffirmation under 11 U.S.C. § 524(c), or an agreed disposition — becomes real. Ordering the Debtor to surrender the Collateral now, before those questions are resolved, would eliminate the Debtor's practical ability to attend Court hearings in Dallas, prosecute this case, or continue to work — undermining the administration of the very estate the Trustee is charged with administering.

# VI. FACTUAL RECORD ON THE VEHICLE

## A. LOCATION, CONDITION, AND POSSESSION — AS TESTIFIED UNDER OATH.

33. The Debtor's August 17, 2026 sworn testimony, elicited by InTouch's counsel, establishes the following. The Collateral is located at 3332 Fiddlers Grave Drive, Bryan, Texas. It has been located there for approximately three months. It is operable, subject to non-functioning headlights (a ballast replacement, part ordered) and cosmetic damage to the passenger-side door. It is insured, with coverage effective May 28, 2026. The Debtor has been the only person in possession of the vehicle throughout. The vehicle has never been sold, transferred, pledged, abandoned, impounded, stolen, or declared a total loss.

## B. THE REPOSSESSION-AGENT RECORD CONTRADICTS "PURPOSEFUL AND DELIBERATE EVASION."

34. The Debtor testified that InTouch's repossession agent came to the Bryan location on three occasions. On the one occasion the vehicle was not present (during the Houston repair weekend), the Debtor told the agent the vehicle would return in two days; it did. On the other two occasions, the Debtor or his father spoke directly with the agent, who knew the vehicle was there. The Debtor has never lied to the agent or given false information about the vehicle's location.

## C. COMMUNICATIONS CONTEXT.

35. The Debtor is presently homeless and disabled, with documented congestive heart failure, a torn rotator cuff, a ruptured biceps, and other conditions for which surgeries have been blocked by the healthcare-obstruction issues now before the U.S. Department of Labor, EBSA (File No. 202630-18882). The Debtor's cellular telephone service was cut off during a period the Motion relies upon. The Debtor's active contact information — (214) 519-8958 (Google Voice) and jmckemie@mckemie.net — was known to InTouch's counsel and was used to convene the August 17, 2026 Deposition. A gap in reachability by a formerly working number is not a debtor's willful evasion; it is the consequence of the collapse this Court has heard evidence of in the landlord stay-relief litigation.

# VII. RELIEF REQUESTED

36. The Debtor respectfully requests that the Court DENY the Motion in its entirety on the grounds set forth above.

37. In the alternative, and only if the Court finds any relief warranted on the Motion, the Debtor requests that the Court DEFER determination of the Motion pending resolution of the concurrently filed Rule 2004 Motion, so that any question of surrender, turnover, or arrangement respecting the Collateral is addressed within the context of the estate the Trustee is charged with administering, rather than as an isolated transfer of secured collateral divorced from the estate-administration questions now before the Court.

38. The Debtor further requests that the Court DENY InTouch's request for civil contempt sanctions in the form of daily fines. Contempt sanctions on this record—where the Stay Relief Order imposes no affirmative surrender duty and where the Debtor has provided sworn information concerning the vehicle's location, condition, and status—would exceed the proper function of contempt as enforcement of an existing court command.

39. In the further alternative, if the Court determines that new affirmative surrender or delivery relief should be entered notwithstanding the absence of such a command in Doc. 84, the Debtor requests a transition period of not less than thirty (30) days before compliance is required. The Debtor is homeless, is medically unstable, and depends on the vehicle to attend this Court's hearings, obtain medical care, pursue employment, and maintain basic transportation. A short transition period would permit the Debtor and InTouch to continue pursuing a commercially rational resolution, including any redemption, reaffirmation, or agreed disposition that is legally available.

## VIII. PRAYER

**WHEREFORE**, the Debtor respectfully requests that the Court:

a) **DENY** InTouch's Motion to Enforce Relief from Stay Order and for Civil Contempt Sanctions [Doc 92] in its entirety;

b) **DENY** InTouch's request for entry of an order compelling surrender of the Collateral within seven days as an enforcement or contempt remedy based on Doc. 84, because the Stay Relief Order imposes no surrender duty;

c) **DENY** InTouch's request for civil contempt sanctions in the form of daily fines;

d) **IN THE ALTERNATIVE, DEFER** determination of the Motion pending resolution of the Debtor's concurrently filed Rule 2004 Motion, filed contemporaneously with this Response;

e) **IN THE FURTHER ALTERNATIVE**, if any surrender or turnover relief is ordered, PROVIDE a transition period of not less than thirty (30) days before compliance is required, so that a negotiated resolution can be completed;

f) **PRESERVE** the Debtor's objections and rights, including with respect to the pending Adversary Proceeding No. 26-03034-mvl and the state-court and federal-agency matters described herein; and

g) **GRANT** such other and further relief as is just.

Respectfully submitted,

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

## EXHIBITS

**Exhibit A** Order Granting Motion for Relief from Automatic Stay [Doc 84] (June 8, 2026)

**Exhibit B** Chapter 7 Trustee's Individual Estate Property Record and Report (Form 1) [Doc 91] (July 24, 2026)

**Exhibit C** Debtor's Response to InTouch's Complaint and Request for Denial and Dismissal, filed May 5, 2026 [Adv. Doc 7], with Certificate of Debtor Education (Certificate No. 00301-TXN-DE-040616293, InCharge Debt Solutions, February 13, 2026) and Debtor's Schedule D (listing InTouch Credit Union, 5640 Democracy Drive, Plano, TX 75024, as secured creditor for the 2018 Jaguar F-Pace)

**Exhibit D** Debtor's Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records Concerning Assets Identified by the Chapter 7 Trustee for Estate Administration, concurrently filed

**Exhibit E** Debtor's Motion for Expedited Consideration of, and to Shorten Notice Period for, Debtor's Rule 2004 Motion for Third-Party Documentary Subpoenas, concurrently filed

## DECLARATION UNDER PENALTY OF PERJURY (28 U.S.C. § 1746)

I, **Jason Emory McKemie**, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Response made on my personal knowledge are true and correct; that statements describing filed records, orders, and docket events are true and correct based on my review of those records; and that the descriptions of my August 17, 2026 sworn deposition testimony accurately state the testimony I personally gave under oath. The official transcript was not relied upon as an attached exhibit to this filing.

Executed on **August 21, 2026**.



**JASON EMORY McKEMIE**

# CERTIFICATE OF SERVICE

I certify that on **August 21, 2026**, I hand-delivered the foregoing document to the **Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division**, for filing.

I further certify that on **August 21, 2026**, I served a true and correct copy of the foregoing document by email on the following:

**Loriann A. Martinez** (Quilling, Selander, Lownds, Winslett & Moser, P.C.)
Counsel for InTouch Credit Union — lmartinez@qslwm.com

**Areya Holder Aurzada** (Chapter 7 Trustee) — areya@holderlawpc.com

Upon filing and docketing by the Clerk, registered CM/ECF participants, including counsel for InTouch Credit Union, the Chapter 7 Trustee, and the Office of the United States Trustee, will also receive electronic notice through the Court's CM/ECF system.

I further certify that, as an additional courtesy and to provide contemporaneous notice of the filing, I transmitted a true and correct copy by email to the following persons and counsel:

**Gwendolyn Laura Ulijasz** — gulijasz@gmail.com

**Beermann LLP**
Jonathan D. Steele — jsteele@beermannlaw.com
Sara A. Boucher — saboucher@beermannlaw.com

**Armstrong Divorce & Family Law, PLLC**
Rebecca L. Armstrong — rebecca@armstronglawtexas.com
Lauren N. Shaw — lauren@armstronglawtexas.com
Terra Aguirre — terra@armstronglawtexas.com
Rosa Gutierrez — rgutierrez@armstronglawtexas.com



**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

Case 26-30161-mvl7 Doc 39 Filed 06/08/26 Entered 06/08/26 13:37:52 Desc Main
Document Page 1 of 2

**EXHIBIT A**

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 8, 2026**

Michelle V. Larson

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASON EMORY MCKEMIE, | § | CASE NO. 26-30161-mvl7 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

Before me came to be heard the *Motion for Relief from Automatic Stay* ("***Motion***") filed by secured creditor, InTouch Credit Union. The Court, having reviewed the pleadings on file herein, and having considered the evidence and arguments of counsel at the preliminary and Final hearing on the Motion, finds that the Motion with regard to the 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724, was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure 4001 and the Court finds that good cause exists for the entry of the following order:

**IT IS ORDERED** that the Motion is GRANTED. **IT IS FURTHER,**

**ORDERED** that the automatic stay is terminated with respect to the 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724. **IT IS FURTHER,**

**ORDERED** that Fed. R. Bankr. P. 4001(a)(3) shall not apply to this Order and this Order shall be immediately effective and enforceable upon its entry by the Court.

# # # End of Order # # #

Submitted by:
Loriann A. Martinez
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
(214) 880-1814 (Telephone)
lmartinez@qslwm.com (Email)

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES



**EXHIBIT B**

| | | | |
|---|---|---|---|
| **Case No.:** | 26-30161 | **Trustee Name:** | Areya Holder Aurzada |
| **Case Name:** | MCKEMIE, JASON EMORY | **Date Filed (f) or Converted (c):** | 01/12/2026 (f) |
| **For the Period Ending:** | 06/30/2026 | **§341(a) Meeting Date:** | 02/17/2026 |
| | | **Claims Bar Date:** | |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Ref. #** | **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1 | 2018 JAGUAR F-PACE Mileage: 80,000 Other Information: IN-TOUCH CREDIT UNON ITCU.ORG | $0.00 | $0.00 | | $0.00 | FA |
| 2 | WASHER, DRYER, SOFA + OTTOMAN, LAZY BOY OUTDOOR CHAIRS, DOUBLE DRESSER, HALLWAY TABLE, OFFICE DESK, FILE CABINET, MOTORIZED TABLE FOR STUDIO, DOUBLE DRESSER, (2) OUTDOOR HANGING CHAIRS, GARAGE STORAGE RACK W/ TOTES, WORKOUT BENC TALL TABLE, TOOL CABINETS (4), SAFES (4) | $5,000.00 | $5,000.00 | | $0.00 | FA |
| 3 | SONY 77' TV, SONOS, SOUNDBAR + SUB, (3) COMUTER MONITORS IN JASONS OFFICE, SONY 42" TV, SAMSUNG 24' TV, SAMSUNG 50' TV, (2) MACBOOK PROS, (1) IPAD (TAKEN BY GWEN), (1) MAC MINI, ALL ALEXA + BLINK + WYZE SMART DEVICES WITHIN HOUSE, MIROR SAFE | $5,000.00 | $5,000.00 | | $0.00 | FA |
| 4 | NEPAL PAINTINGS (3- CITY, ALLEYWAY, GOLD MANDALA), YEARBOOKS, PICTURE BOOKS | $2,000.00 | $2,000.00 | | $0.00 | FA |
| 5 | PIONEER XDJ-XZ DJ CONSOLE, KRK STUDIO MONITORS + SUB + MUSIC STUDIO GEAR, (7) UPS'S, (5) POWER CONDITIONERS | $4,000.00 | $4,000.00 | | $0.00 | FA |
| 6 | FIREARMS: 22 LR, SKS, MOSSBERG 1 2GA, 30/30, GLOCK 9M (OWNER OVER DECADE ALL SEPERATE) | $1,200.00 | $1,200.00 | | $0.00 | FA |
| 7 | ALL MENS CLOTHING WITHIN HOUSE + TAFT SHOES | $3,000.00 | $3,000.00 | | $0.00 | FA |
| 8 | TEXAS A&M RING, ROCKFORD COLLECTION CALHOUN RING | $3,000.00 | $3,000.00 | | $0.00 | FA |
| 9 | RESMED CPAP, RESMED TRAVEL CPAP + ACCESSORIES & BACKUP BATTERY | $1,000.00 | $1,000.00 | | $0.00 | FA |

## FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES



**Case No.:** 26-30161
**Case Name:** MCKEMIE, JASON EMORY
**For the Period Ending:** 06/30/2026

**Trustee Name:** Areya Holder Aurzada
**Date Filed (f) or Converted (c):** 01/12/2026 (f)
**§341(a) Meeting Date:** 02/17/2026
**Claims Bar Date:**

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 10 | Checking- CHASE XX9072 CLOSED DOWN | $0.00 | $0.00 | | $0.00 | FA |
| 11 | Checking- CHASE XX6893 JOINT -88 | $0.00 | $0.00 | | $0.00 | FA |
| 12 | VOYA | $80,000.00 | Unknown | | $0.00 | Unknown |
| 13 | E-TRADE | $0.00 | Unknown | | $0.00 | Unknown |
| 14 | VEIP EQUITY INVESTMENT PROGRAM | $190,000.00 | Unknown | | $0.00 | Unknown |
| 15 | ACCENTURE STOCK | $100,000.00 | Unknown | | $0.00 | Unknown |
| 16 | ADVANTIGEN- $50,000 INVESTMENT TO SYMBOLIZE OUR MARRIAGE IN OCT 2023 50% ownership | $50,000.00 | Unknown | | $0.00 | Unknown |
| 17 | AMERIPRIE ROTH IRA | $150,000.00 | Unknown | | $0.00 | Unknown |
| 18 | AMERIPRISE ROTH- J | $1,395.00 | Unknown | | $0.00 | Unknown |
| 19 | AMERIRPISE ROTH-G | $250,000.00 | Unknown | | $0.00 | Unknown |
| 20 | Prepaid rent | $5,000.00 | $5,000.00 | | $0.00 | FA |
| 21 | Debtor asserts a community property interest in all marital assets and funds aquired or retained by non-filing spouse prior to entry of a final divorce decree, including but not limited to real property, vehicles, financial accounts, and other property purchased with community funds. Specific assets and valuation are unknown as informaton and control remain exclusively with spouse | $0.00 | Unknown | | $0.00 | Unknown |
| 22 | METLIFE Beneficiary: JASON MCKEMIE | $0.00 | $0.00 | | $0.00 | FA |
| 23 | Community property interest in marital funds and assets currently held and controlled by spouse, valuation unknown, subject to divorce proceedings | $0.00 | Unknown | | $0.00 | Unknown |

| | | | | | |
|---|---|---|---|---|---|
| **TOTALS (Excluding unknown value)** | | | | | **Gross Value of Remaining Asset** |
| | **$850,595.00** | **$29,200.00** | | **$0.00** | **$0.00** |

**Major Activities affecting case closing:**

07/15/2026 The Debtor has a divorce proceeding pending.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**



| | | | |
|---|---|---|---|
| **Case No.:** | 26-30161 | **Trustee Name:** | Areya Holder Aurzada |
| **Case Name:** | MCKEMIE, JASON EMORY | **Date Filed (f) or Converted (c):** | 01/12/2026 (f) |
| **For the Period Ending:** | 06/30/2026 | **§341(a) Meeting Date:** | 02/17/2026 |
| | | **Claims Bar Date:** | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

**Initial Projected Date Of Final Report (TFR):** 06/01/2027 **Current Projected Date Of Final Report (TFR):**

/s/ AREYA HOLDER AURZADA

AREYA HOLDER AURZADA

**EXHIBIT C**

| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**NORTHERN DISTRICT OF TEXAS** | §<br>§ | |
| **DALLAS** | § | **CASE: 26-30161-MV17** |
| | §<br>§ | ***CHAPTER 7*** |
| **JASON MCKEMIE**<br>**DEBTOR** | §<br>§ | 26-3034 |

# DEBTOR'S RESPONSE TO INTOUCH CREDIT UNION'S (ITCU) COMPLAINT, AND REQUEST FOR DENIAL + DISMISSAL

**TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:**

Debtor Jason Emory McKemie files this Statement in response to Plaintiff InTouch Credit Union's Complaint to Deny Discharge and states:

1. **INTOUCH WAS DISCLOSED.**
   InTouch Credit Union was disclosed in Debtor's sworn schedules as a secured creditor (Schedule D), including identifying information and collateral. The allegation that Debtor failed to disclose InTouch is incorrect.

2. **FINANCIAL MANAGEMENT COURSE WAS COMPLETED.**
   Debtor completed the required personal financial management course on February 13, 2026, through an approved provider. A Certificate of Debtor Education has been filed with the Court. The allegation that Debtor failed to complete the course is incorrect.

3. **NO FRAUDULENT INTENT.**
   The Complaint's claims under 11 U.S.C. § 727(a) require knowing and fraudulent conduct. The record reflects disclosure of the creditor and completion of the course; there is no basis for any allegation of fraudulent intent.

4. **RELIEF REQUESTED.**
   Because the Complaint is premised on incorrect factual assertions, Debtor respectfully requests that the Court dismiss the Complaint with prejudice, or if necessary calendar for a prompt hearing and grant such further relief as is just.

FILED
MAY 05 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

Respectfully Submitted,

Jason McKemie

**Jason McKemie**
Pro Se Debtor
539 W Commerce St, Ste 2010
Dallas, TX 75208
214-868-4901
jmckemie@mckemie.net

# EXHIBITS INDEX

| EXHIBITS INDEX | PAGE |
| --- | --- |
| A. **Certificate of Debtor Education** – Personal Finance Management (Dated Feb. 13, 2026) | 3 |
| B. **Schedule D** (Submitted Form – Shows InTouch Credit Union was Listed) | 4 |

Case 26-30161-mvl7 Doc 7 Filed 05/08/26 Entered 05/08/26 14:49:40 Desc Main Document Page 3 of 4

A
EXHIBIT

Certificate Number: 00301-TXN-DE-040616293

Bankruptcy Case Number: 26-30161

00301-TXN-DE-040616293

# CERTIFICATE OF DEBTOR EDUCATION

I CERTIFY that on February 13, 2026, at 10:05 o'clock AM EST, JASON E MCKEMIE completed a course on personal financial management given by internet by InCharge Debt Solutions, a provider approved pursuant to 11 U.S.C. 111 to provide an instructional course concerning personal financial management in the Northern District of Texas.

Date: February 13, 2026

By: /s/Joan Souissi

Name: Joan Souissi

Title: Certified Credit Counselor, Supervisor

B
EXHIBIT

**Fill in this information to identify your case:**

Debtor 1 JASON (First Name) EMORY (Middle Name) MCKEMIE (Last Name)

Debtor 2 (Spouse, if filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: NORTHERN District of TEXAS

Case number (if known) 26-30161-MV17

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

1. **Do any creditors have claims secured by your property?**
   - ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   - ☐ Yes. Fill in all of the information below.

## Part 1: List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

Column A — **Amount of claim** — Do not deduct the value of collateral.
Column B — **Value of collateral that supports this claim**
Column C — **Unsecured portion** — If any

**2.1** INTOUCH CREDIT UNION (Creditor's Name)
5640 DEMOCRACY DRIVE (Number Street)
PLANO TX 75024 (City State ZIP Code)

**Describe the property that secures the claim:** 2018 JAGUAR F-PACE — $______ $______ $______

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) ______

**Date debt was incurred** ______ **Last 4 digits of account number** ___ ___ ___ ___

**2.2** ______ (Creditor's Name)
______ (Number Street)
______ (City State ZIP Code)

**Describe the property that secures the claim:** ______ — $______ $______ $______

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) ______

**Date debt was incurred** ______ **Last 4 digits of account number** ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:** $______

EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JASON EMORY McKEMIE,** | § | Case No. **26-30161-mvl-7** |
| Debtor. | § | (Chapter 7) |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING RULE 2004 SUBPOENAS FOR THIRD-PARTY FINANCIAL RECORDS CONCERNING ASSETS IDENTIFIED BY THE CHAPTER 7 TRUSTEE FOR ESTATE ADMINISTRATION; AUTHORIZATION FOR THE CLERK TO ISSUE SUBPOENAS**

**NOTICE UNDER LOCAL BANKRUPTCY RULE 9007-1**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 11, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

*Debtor respectfully notes that Rule 2004 orders authorizing documentary subpoenas to institutional custodians are often considered ex parte, because the Rule 2004 order does not itself compel any person to act — the subpoena that follows does, and subpoena recipients retain full protections under Federal Rule of Civil Procedure 45. Debtor therefore requests, in the alternative, that the Court consider this Motion ex parte or on shortened notice, as set forth in the Prayer and in the concurrently filed Motion for Expedited Consideration and to Shorten Notice.*

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

Jason Emory McKemie, the Debtor, respectfully requests entry of an order authorizing the issuance of subpoenas duces tecum, under Federal Rule of Bankruptcy Procedure 2004 and Rule 9016, to the institutional custodians of records identified below, and further authorizing the Clerk of Court to issue those subpoenas upon the Debtor's written request. In support, the Debtor shows the following:

## LIMITED SCOPE STATEMENT

This Motion asks only for documentary subpoenas to institutional custodians to identify and value assets and asserted community-property interests that the Chapter 7 Trustee has listed on Form 1 for estate administration, several at an unknown value. It does not ask the Court to adjudicate any state-law claim, divorce issue, contested matter, or merits dispute between the parties. It seeks estate-administration discovery within Rule 2004's investigatory scope.

## I. SUMMARY

1. On July 24, 2026, the Chapter 7 Trustee, Areya Holder Aurzada, filed her Individual Estate Property Record and Report (Form 1) [Doc 91]. Form 1 identifies for estate administration the Debtor's asserted community-property interests in VOYA, the Accenture Voluntary Equity Investment Plan (VEIP), Accenture restricted stock units, the AdvantiGen investment, Ameriprise accounts, and a general "Community property interest in all marital assets and funds acquired or retained by non-filing spouse." Several entries are carried at a value of "Unknown."

2. Accurate administration of those listed interests requires institutional source records sufficient to determine what assets exist, their current values, relevant transactions, and whether additional estate administration is warranted.

3. The Debtor accordingly requests that the Court, under Federal Rule of Bankruptcy Procedure 2004, authorize the issuance of documentary subpoenas to those custodians, with subpoenas to issue from the Clerk of Court upon the Debtor's written request because the Debtor is pro se.

## II. JURISDICTION AND EXCLUSIVE AUTHORITY OVER THE PROPERTY AT ISSUE

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. § 1408.

5. Under 28 U.S.C. § 1334(e)(1), the district court in which the bankruptcy case is pending has exclusive jurisdiction over property of the debtor as of commencement and property of the estate, wherever located. The requested discovery is directed to determining the existence, character, location, and value of interests that the Trustee has identified for administration; to the extent those interests constitute property of the estate, their administration falls within that exclusive bankruptcy jurisdiction.

6. Section 541(a)(2) includes in the estate interests of the debtor and the debtor's spouse in community property as of commencement that are under the debtor's sole, equal, or joint management and control, or that are liable for an allowable claim against the debtor (or against both spouses) to the extent of that liability. 11 U.S.C. § 541(a)(2). Texas law separately provides that property possessed by either spouse during or on dissolution of marriage is presumed community property, subject to rebuttal by clear and convincing

evidence. Tex. Fam. Code § 3.003. The Debtor and Ms. Ulijasz remained married on the January 12, 2026 petition date. The requested records are therefore relevant to determining the estate's actual interests; this Motion does not ask the Court to prejudge the characterization of any particular asset.

7. The Trustee's administration of property that is actually property of the estate does not depend on a state-court characterization made without determining the bankruptcy estate's interests. This Motion seeks only the source records necessary to permit the Trustee and this Court to determine those interests on an accurate record; it does not ask the Court to decide the merits of the pending divorce or any state-law claim.

8. The Trustee's Form 1 independently confirms that these asserted community-property interests are matters the Trustee has identified for estate administration, including entries whose value remains unknown. The filing is a strong bankruptcy nexus for investigation, but this Motion does not treat Form 1 itself as a final adjudication of title, characterization, or value.

## III. WHY THE ESTATE NEEDS THE RECORDS

9. The Trustee's Form 1 carries several listed community-property interests at a value of "Unknown." The Debtor has received no financial statement, updated inventory, or disclosure from Ms. Ulijasz since February 17, 2026. Institutional source records can establish the existence, value, and transaction history of the listed interests without requiring this Court to adjudicate the divorce dispute. Rule 2004 is appropriately used to investigate the debtor's property, financial condition, and matters affecting administration of the estate. See In re Lufkin, 255 B.R. 204, 208–09 (Bankr. E.D. Tenn. 2000); Matter of Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

## IV. RELIEF REQUESTED — DOCUMENTARY SUBPOENAS TO INSTITUTIONAL CUSTODIANS

10. The Debtor requests authority to serve subpoenas duces tecum under Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45 on each of the following, for the records described:

    a) Accenture LLP (and, as applicable, Accenture Federal Services LLC) — complete compensation records for Gwendolyn Laura Ulijasz from September 2024 to the present, including base salary, all bonus payments, restricted stock unit grants and vesting schedules, VEIP enrollment, contributions, disbursements, and equity-match credits, and any other incentive, equity, or deferred compensation; the outstanding-shares report or equivalent equity record reflecting Ms. Ulijasz's holdings; and all sign-on-bonus, retention, and clawback records.

    b) Businessolver, Inc. and Inspira Financial (with WEX Inc. named as trustee where applicable) — complete records of enrollment, dependent-eligibility events,

account statements, and transaction history for the Accenture group health plan and the associated Health Savings Account (HSA) and Flexible Spending Account (FSA) on which the Debtor is or was a covered dependent, from January 1, 2024 to the present.

c) JPMorgan Chase Bank, N.A. — complete account statements for all deposit, checking, savings, credit card, and line-of-credit accounts in the name of Gwendolyn Laura Ulijasz, Gwendolyn Ulijasz-McKemie, Gwendolyn McKemie, Jason Emory McKemie, or any joint account of the two, from January 1, 2024 to the present; current balances; and records of account openings and closings during the same period.

d) Citibank, N.A. — complete account statements for all deposit, credit card, and line-of-credit accounts in the names above, from January 1, 2024 to the present; and current balances.

e) American Express National Bank — complete account records and statements for any account, loan, or line of credit in the names above, from January 1, 2024 to the present; and current balance and payment status.

f) SoFi Lending Corp. / LendingClub Corporation — complete account records for any loan or line of credit in the names above, from January 1, 2024 to the present, including origination documents, disbursement records, all account statements, current balance, and records of all payments (source and method).

g) UBS Financial Services Inc. — complete account statements and transaction history for accounts in the name of Gwendolyn Laura Ulijasz from January 1, 2024 to the present, including all records reflecting the Accenture Voluntary Equity Investment Plan.

h) Ameriprise Financial Services, LLC — complete account statements and transaction history for all accounts in the names above from January 1, 2024 to the present; and records of all withdrawals, transfers, and distributions during the same period.

## V. LEGAL STANDARD

11. Rule 2004(a) provides: "On a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(b)(1) permits an examination relating to "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," and "any matter that may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b)(1)(A)–(C). Rule 2004 examinations are pre-litigation investigatory tools with a scope broader than discovery under the Federal Rules of Civil Procedure. See Matter of Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (the scope of Rule 2004 "is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition'"; the primary purpose is to ascertain the estate's assets, and examination extends to third parties who have had dealings with the debtor); In re Symington, 209 B.R. 678, 684 (Bankr. D. Md. 1997).

12. Rule 2004(c) provides: "Regardless of the district where the examination will be conducted, an entity may be compelled under Rule 9016 to attend and produce documents or electronically stored information. An attorney may issue and sign a subpoena on behalf of the court where the case is pending if the attorney is admitted to practice in that court." Fed. R. Bankr. P. 2004(c). Rule 9016 incorporates Federal Rule of Civil Procedure 45. Because the Debtor is proceeding pro se and is not an attorney admitted to practice, the Debtor requests that the Court authorize the Clerk of Court to issue the subpoenas requested herein upon the Debtor's written request, in the form approved by the Court's order.

13. The requested records fall within Rule 2004 because they concern the existence, value, and administration of interests that the Trustee has identified on Form 1 for estate administration. The custodians are institutional third parties holding source records, and the request is limited to documentary production directed to those financial and property issues. See In re Lufkin, 255 B.R. 204, 208–09 (Bankr. E.D. Tenn. 2000); Matter of Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

14. Ex parte consideration is permissible in appropriate Rule 2004 practice. In re Sheetz explains that Rule 2004 motions are often considered ex parte because, when properly used, the order authorizing the examination does not itself require action until process is issued. 452 B.R. 746, 748–49 (Bankr. N.D. Ind. 2011). Here, the requested order would authorize document subpoenas; each recipient's obligations and procedural rights would arise under the subpoena and Federal Rule of Civil Procedure 45.

## VI. LOCAL BANKRUPTCY RULE 2004-1(b) DOES NOT APPLY — THIS MOTION SEEKS NO DISCOVERY PERTAINING TO ANY PENDING CONTESTED MATTER OR ADVERSARY PROCEEDING

15. Local Bankruptcy Rule 2004-1(b) provides that where a contested matter or adversary proceeding is pending, the adversary discovery rules — not Rule 2004 — govern discovery "pertaining to" that contested matter or adversary proceeding. That limitation is subject-matter specific, and it does not reach this Motion. Adversary No. 26-03034-mvl, filed by InTouch Credit Union, concerns objections to the Debtor's discharge. InTouch's contested Motion to Enforce Relief from Stay Order [Doc 92] concerns a single item of collateral, a 2018 Jaguar F-Pace. The records sought by this Motion concern the identification and valuation of the community-property assets that the Trustee has scheduled in Form 1 [Doc 91] — the non-filing spouse's compensation, equity, banking, loan, and investment records. Those records are not the subject of, and do not pertain to, either pending proceeding. Rule 2004 and Local Bankruptcy Rule 2004-1 accordingly govern this request.

## VII. CONFERENCE CERTIFICATE — LOCAL BANKRUPTCY RULE 2004-1(a)

16. Pursuant to Local Bankruptcy Rule 2004-1(a), the Debtor certifies as follows:

a) As to the institutional custodians identified in Section IV—the proposed examinees: These entities are nonparties with no counsel of record in this bankruptcy case. The Motion seeks documentary production only, and the production date will be stated in each subpoena. Because of the number of unrelated institutional custodians, the absence of counsel of record for them in this case, and the emergency timing of this filing, a pre-filing conference with each custodian was not reasonably possible before filing. Each custodian will receive the process and protections provided by Federal Rule of Civil Procedure 45 upon service.

b) As a courtesy and to address any potential concern regarding the records sought, the Debtor sent written notice of the proposed subpoenas and a request to confer to Ms. Ulijasz's counsel of record on August 20, 2026. As of execution of this Motion, no agreement resolving the requested Rule 2004 relief had been reached.

## VIII. PRAYER

17. WHEREFORE, the Debtor respectfully requests that the Court:

a) **ENTER** an order — ex parte, or in the alternative on the notice period provided under Local Bankruptcy Rule 9007-1 or such shortened period as the Court allows — authorizing the issuance of subpoenas duces tecum under Federal Rule of Bankruptcy Procedure 2004, Rule 9016, and Federal Rule of Civil Procedure 45 to each of the institutional custodians identified in Section IV of this Motion, compelling production of the records described therein;

b) **AUTHORIZE** the Clerk of Court to issue the subpoenas upon the Debtor's written request, in the form approved by the Court's order, because the Debtor is proceeding pro se and is not an attorney authorized to issue subpoenas under Rule 2004(c);

c) **ORDER** production of the records described in Section IV within thirty (30) days of service of the subpoena, or at such other date as the Court determines appropriate;

d) **CONSIDER** this Motion on shortened notice or ex parte under Federal Rule of Bankruptcy Procedure 9006(c)(1), for the reasons set forth in the Debtor's concurrently filed Motion for Expedited Consideration and to Shorten Notice; and

e) **GRANT** such other and further relief as is just and consistent with the administration of this estate.

Respectfully submitted,

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958 | jmckemie@mckemie.net

---

## DECLARATION UNDER PENALTY OF PERJURY (28 U.S.C. § 1746)

I, **Jason Emory McKemie**, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Motion made on my personal knowledge are true and correct, and that statements describing filed pleadings, orders, records, docket events, and prior testimony are true and correct based on my review of those records.

Executed on **August 21, 2026.**

**JASON EMORY McKEMIE**

# CERTIFICATE OF SERVICE

I certify that on **August 21, 2026**, I hand-delivered the foregoing document to the **Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division**, for filing.

I further certify that on **August 21, 2026**, I served a true and correct copy of the foregoing document by email on the following:

**Loriann A. Martinez** (Quilling, Selander, Lownds, Winslett & Moser, P.C.)
Counsel for InTouch Credit Union — lmartinez@qslwm.com

**Areya Holder Aurzada** (Chapter 7 Trustee) — areya@holderlawpc.com

Upon filing and docketing by the Clerk, registered CM/ECF participants, including counsel for InTouch Credit Union, the Chapter 7 Trustee, and the Office of the United States Trustee, will also receive electronic notice through the Court's CM/ECF system.

I further certify that, as an additional courtesy and to provide contemporaneous notice of the filing, I transmitted a true and correct copy by email to the following persons and counsel:

**Gwendolyn Laura Ulijasz** — gulijasz@gmail.com

**Beermann LLP**
Jonathan D. Steele — jsteele@beermannlaw.com
Sara A. Boucher — saboucher@beermannlaw.com

**Armstrong Divorce & Family Law, PLLC**
Rebecca L. Armstrong — rebecca@armstronglawtexas.com
Lauren N. Shaw — lauren@armstronglawtexas.com
Terra Aguirre — terra@armstronglawtexas.com
Rosa Gutierrez — rgutierrez@armstronglawtexas.com

Jason McKemie

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

EXHIBIT E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JASON EMORY McKEMIE,** | § | Case No. **26-30161-mvl-7** |
| Debtor. | § | (Chapter 7) |

# DEBTOR'S MOTION FOR EXPEDITED CONSIDERATION OF, AND TO SHORTEN NOTICE PERIOD FOR, DEBTOR'S RULE 2004 MOTION FOR THIRD-PARTY DOCUMENTARY SUBPOENAS

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

**Jason Emory McKemie**, the Debtor, respectfully moves the Court, under Federal Rule of Bankruptcy Procedure 9006(c)(1), for expedited consideration of, and shortened notice on, Debtor's concurrently filed ***Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records Concerning Assets Identified by the Chapter 7 Trustee for Estate Administration*** (the "Rule 2004 Motion"). In support, the Debtor respectfully states:

## I. RELIEF REQUESTED

1. Debtor requests that the Court:

   a. consider the Rule 2004 Motion on an ex parte basis, as often done under Bankruptcy Rule 2004; or, in the alternative,

   b. shorten the notice period under Local Bankruptcy Rule 9007-1 from twenty-one (21) days to seven (7) days (or such other shortened period as the Court determines appropriate); and, in the further alternative,

   c. to the extent the Court determines that a hearing on the Rule 2004 Motion is necessary, set that hearing at the Court's earliest availability, including at the hearing already noticed in this case for August 26, 2026 [Doc 93], at which the Debtor will appear.

## II. STANDARD

2. Federal Rule of Bankruptcy Procedure 9006(c)(1) provides: "When a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time." Fed. R. Bankr. P. 9006(c)(1).

3. The Court has broad discretion to reduce time periods, including notice periods under local rules, upon a showing of cause. Rule 2004 motions in particular "are often

considered ex parte" because "when the motion is correctly used and implemented, orders granting them do not require anything of the other party." In re Sheetz, 452 B.R. 746, 748–49 (Bankr. N.D. Ind. 2011). "While the Rule 2004 examination is normally authorized by the bankruptcy court without advance notice, this does not deprive the prospective deponent of the right to object after the motion is granted or to file a motion for protective order." In re Symington, 209 B.R. 678, 684 (Bankr. D. Md. 1997). The Rule 2004 order does not itself compel any person to act; the subpoena that follows does, and subpoena recipients retain full protections under Federal Rule of Civil Procedure 45.

## III. CAUSE FOR EXPEDITED CONSIDERATION

4. The Chapter 7 Trustee, Areya Holder Aurzada, filed her Individual Estate Property Record and Report (Form 1) [Doc 91] on July 24, 2026. Form 1 identifies for estate administration the Debtor's asserted community-property interests in VOYA, the Accenture Voluntary Equity Investment Plan, Accenture restricted stock units, the AdvantiGen investment, Ameriprise accounts, and a general "Community property interest in all marital assets and funds acquired or retained by non-filing spouse." Multiple entries are carried at a value of "Unknown."

5. The Debtor has received no financial statement, updated inventory, or disclosure from the non-filing spouse since February 17, 2026 — over six months ago. The institutional source records requested in the Rule 2004 Motion are the only means by which the Trustee's scheduled assets can be identified, valued, and, where appropriate, reduced to money for the benefit of creditors.

6. Related proceedings affecting the same scheduled assets remain active in other forums. Expedited access to institutional source records will permit the estate's interests in the scheduled property to be identified, valued, and preserved while those proceedings are pending, and will permit this Court — which has exclusive jurisdiction over property of the estate under 28 U.S.C. § 1334(e)(1) — to administer that property on an accurate record.

7. The Trustee's Interim Report projects a final report in 2027. Each additional day of delay in obtaining institutional source records prolongs the administration of this estate, delays distribution to creditors, and prejudices the estate's ability to timely reduce scheduled property to value. Cause exists to relieve the Debtor of the full twenty-one-day notice period so that the estate's administration can proceed.

8. The relief requested is narrow. The Rule 2004 Motion seeks only documentary subpoenas to institutional custodians (banks, an employer, plan administrators, and brokerage firms). It does not seek to compel any party to appear, does not seek to adjudicate any contested matter, and does not seek any relief against the non-filing spouse, her counsel, or any other party. The subpoena recipients are institutional custodians who retain full procedural protections under Federal Rule of Civil Procedure 45 upon service.

9. No party is prejudiced by expedited or ex parte consideration. The Rule 2004 order will not require any person to act until subpoenas are served, at which point recipients receive the full protections of Rule 45. The non-filing spouse and her counsel of record will receive

courtesy copies of the Rule 2004 Motion and of this Motion by contemporaneous email, so no procedural surprise results.

## IV. CONFERENCE CERTIFICATE

10. The Debtor sent written notice of the proposed Rule 2004 subpoenas and a request to confer to counsel for the non-filing spouse by email on August 20, 2026. As of execution of this Motion, no agreement resolving the requested Rule 2004 relief had been reached. A pre-filing conference with each unrelated institutional custodian was not reasonably possible before filing because those entities are nonparties with no counsel of record in this case and the request is being made on an expedited timetable.

## V. PRAYER

11. **WHEREFORE**, the Debtor respectfully requests that the Court:

    a. **GRANT** this Motion for Expedited Consideration;

    b. **CONSIDER** the concurrently filed Rule 2004 Motion on an ex parte basis; or, in the alternative,

    c. **SHORTEN** the notice period under Local Bankruptcy Rule 9007-1 from twenty-one (21) days to seven (7) days (or such other shortened period as the Court determines appropriate) under Federal Rule of Bankruptcy Procedure 9006(c)(1); or, in the further alternative,

    d. **SET** the Rule 2004 Motion for hearing at the Court's earliest availability, including at the August 26, 2026 setting already noticed in this case [Doc 93]; and

    e. **GRANT** such other and further relief as is just.

Respectfully submitted,

Jason McKemie

**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

# DECLARATION UNDER PENALTY OF PERJURY (28 U.S.C. § 1746)

I, **Jason Emory McKemie**, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Motion made on my personal knowledge are true and correct, and that statements describing filed pleadings, orders, records, docket events, and prior testimony are true and correct based on my review of those records.

Executed on **August 21, 2026.**



**JASON EMORY McKEMIE**

# CERTIFICATE OF SERVICE

I certify that on **August 21, 2026**, I hand-delivered the foregoing document to the **Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division**, for filing.

I further certify that on **August 21, 2026**, I served a true and correct copy of the foregoing document by email on the following:

**Loriann A. Martinez** (Quilling, Selander, Lownds, Winslett & Moser, P.C.)
Counsel for InTouch Credit Union — lmartinez@qslwm.com

**Areya Holder Aurzada** (Chapter 7 Trustee) — areya@holderlawpc.com

Upon filing and docketing by the Clerk, registered CM/ECF participants, including counsel for InTouch Credit Union, the Chapter 7 Trustee, and the Office of the United States Trustee, will also receive electronic notice through the Court's CM/ECF system.

I further certify that, as an additional courtesy and to provide contemporaneous notice of the filing, I transmitted a true and correct copy by email to the following persons and counsel:

**Gwendolyn Laura Ulijasz** — gulijasz@gmail.com

**Beermann LLP**
Jonathan D. Steele — jsteele@beermannlaw.com
Sara A. Boucher — saboucher@beermannlaw.com

**Armstrong Divorce & Family Law, PLLC**
Rebecca L. Armstrong — rebecca@armstronglawtexas.com
Lauren N. Shaw — lauren@armstronglawtexas.com
Terra Aguirre — terra@armstronglawtexas.com
Rosa Gutierrez — rgutierrez@armstronglawtexas.com



**JASON EMORY McKEMIE**
Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net