**EXHIBIT 1**

Loriann A. Martinez
State Bar No. 24126929
lmartinez@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201-4240
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

ATTORNEYS FOR INTOUCH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASON EMORY MCKEMIE, | § | CASE NO. 26-30161-mvl7 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**MOTION TO ENFORCE RELIEF FROM STAY ORDER**
**AND FOR CIVIL CONTEMPT SANCTIONS COMBINED WITH BRIEF IN SUPPORT**

**Notice:**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST, RM 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON AUGUST 21, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**InTouch Credit Union** (“***Movant***” or “***InTouch***”), a secured creditor of Jason Emory McKemie (“***Debtor***”) files this *Motion to Enforce Relief from Stay Order and for Civil Contempt*

*Sanctions Combined with Brief in Support* ("***Motion***"), and would respectfully show the Court as follows:

## I. Background

1. On January 12, 2026 ("***Petition Date***"), the Debtor filed a petition pro se for relief under Chapter 7 of the Bankruptcy Code.

2. The Debtor's case was dismissed on February 5, 2026, but it was subsequently reinstated on February 18, 2026.

3. Areya Holder was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate and continues to serve in that capacity.

4. Prior to the Petition Date, on or about June 30, 2022, the Debtor executed a certain Loan and Security Agreements and Disclosure Statement ("***Agreement***") with InTouch. The Agreement evidences a principal financed amount of $30,444.67 for the purchase of a 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724 (the "***Collateral***") and identifying InTouch as the party holding a secured interest in the Collateral.

5. Since October 2025, the Debtor has not made payments to InTouch pursuant to the Agreement. As of the Petition Date, InTouch had a $20,724.45 claim against the Debtor for the remaining balance on loan. The fair market value of the Collateral is $14,075.00, confirming the Debtor has no equity in the Collateral. Finally, the Debtor failed to maintain physical insurance on the Collateral listing InTouch as loss-payee. For these reasons, InTouch filed a Motion for Relief from the Automatic Stay on April 7, 2026 (Dkt. No. 46, the "***Motion for Relief***").

6. The Debtor responded to the Motion for Relief denying the facts presented and stating he wished to reaffirm the terms of the Agreement with InTouch. A preliminary hearing on the Motion for Relief was held on May 5, 2026 (the "***Preliminary Hearing***") wherein the Debtor

was ordered to insure the Collateral and identify the Collateral's location prior to the final hearing scheduled for the Motion for Relief, otherwise the automatic stay would be lifted.

7. During the time following the Preliminary Hearing, counsel for InTouch attempted to resolve the Motion for Relief with a stipulated agreement. A true and correct copy of the Proposed Stipulation is attached to this Motion as Exhibit "A" and is fully incorporated herein. The Debtor declined to enter into the Proposed Stipulation with InTouch.

8. On May 27, 2026, the Court held a final hearing on the Motion for Relief. Hours before the hearing, the Debtor contacted the undersigned requesting a continuance of the final hearing, citing unsubstantiated medical concerns, and stated he was to appear for the hearing remotely if it went forward. InTouch did not agree to the continuance and requested the Collateral's location and proof of any insurance coverage purchased as directed by the Court. Thirty minutes prior to the final hearing, the Debtor provided a new location for the Collateral and confirmed he did insure the Collateral, with coverage effective on May 28, 2026, to be paid monthly. The Debtor did not provide any proposal to cure the arrears owed or state whether he could afford monthly insurance payments. The Debtor did not appear remotely or otherwise for the final hearing. Upon information and belief, the Debtor did not attend the hearing in person to prevent InTouch from locating the Collateral at the courthouse.

9. The Court granted the Motion for Relief, immediately terminating the automatic stay with respect to the Collateral. A true and correct copy of the Order Granting Motion for Relief (the "***Order Granting Relief,***" Dkt. No. 84) is attached to this Motion as Exhibit "B" and is fully incorporated herein. Following the entry of the Order Granting Relief, InTouch made numerous attempts to locate and recover the Collateral and contact the Debtor. As described in the Affidavit of Jera Tenner attached to this Motion as Exhibit "C," these attempts were unsuccessful.

10. Upon information and belief, the Debtor has knowingly and willingly evaded InTouch's attempts to recover the Collateral. For example, in the Debtor's last communication with InTouch's repossession agent on July 9, 2026, he indicated that the Collateral was at an auto shop in Houston, Texas and would be ready for pick up the following week. The Debtor failed to provide the auto shop's name, address, what services were being performed, or the Collateral's condition. InTouch employees, the repossession agents, and the undersigned have not been able to reach the Debtor since July 9, 2026 after multiple attempts since the Order Granting Relief from Stay was entered.

## II. <u>Relief Requested</u>

11. Pursuant to the Order Granting Relief from Stay and because of the Debtor's purposeful and deliberate evasion, InTouch requests that the Court order the Debtor to surrender the Collateral to InTouch within seven (7) days of entry of the order and impose civil contempt sanctions in the form of a daily fines for each day the Debtor fails to do so after that period.

## III. <u>Argument and Authorities</u>

12. This Court possesses the inherent authority to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code pursuant to Section 105(a), including an order enforcing the Court's Order Granting Relief from Stay and establishing sanctions for civil contempt. *In re Bradley*, 588 F.3d 254, 265–66 (5th Cir. 2009). The three-part test for establishing civil contempt requires a movant to establish that (1) a court order was in effect, (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court order. *Id.* The Court's power to order sanctions for civil contempt is applicable when a debtor willfully violates or evades a stay relief order. *VSP Labs, Inc. v. Hillair Cap. Invs. LP*, 619 B.R. 883, 903–04 (N.D. Tex. Bankr. 2020). When a debtor with

knowledge of a stay relief order takes actions that interfere with the creditor's exercise of rights under the order, like evading the creditor or obstructing the enforcement of the order by providing the creditor with false information, the bankruptcy court may issue a civil contempt order and impose sanctions. *Id.*

13. The Order Granting Relief from Stay was granted on May 27, 2026, and entered on June 8, 2026. The Debtor had knowledge of the Order since the Order was granted and took actions to purposefully evade InTouch's recovery of the Collateral both by failing to attend the in person, final hearing on the Motion for Relief and concealing the Collateral's whereabouts after the Order Granting Relief was entered.

14. Because this Court retains jurisdiction to implement and enforce the Order Granting Relief from Stay and to resolve disputes arising from or related to that Order, InTouch requests that the Court issue and order requiring the Debtor to surrender the Collateral to InTouch within seven (7) days of entry of the order and impose civil contempt sanctions in the form of a daily fines for each day the Debtor fails to do so after that period.

WHEREFORE, PREMISES CONSIDERED, InTouch respectfully requests that the Court enter an order providing that:

(i) the Debtor must surrender the Collateral to InTouch within seven days of the order's entry;

(ii) imposing civil contempt sanctions in the form of a daily fines for each day the Debtor fails to do so after seven days from the order's entry; and

(iii) allowing InTouch to obtain all other relief to which it is justly entitled.

Respectfully submitted,

*/s/ Loriann A. Martinez*
Loriann A. Martinez
State Bar No. 24126929
lmartinez@qslwm.com

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201-4240
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

**ATTORNEYS FOR INTOUCH**

**CERTIFICATE OF CONFERENCE**

I, Loriann A. Martinez, certify that on July 28, 2026 I called the Debtor at his last known phone number during regular business hours to confer on the Debtor's position regarding the relief sought by this Motion. Upon calling, I received notification that the Debtor's phone number was changed. Additionally, on July 29, 2026 during regular business hours, I contacted the Debtor via email at jmckemie@mckemie.net to confer on the Debtor's position regarding the relief sought by this Motion. The Debtor did not respond to the email. Since no conference was held, this Motion should be presumed to be opposed.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same by (a) the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including the Debtor, the Trustee, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j). This motion was also served upon the Debtor first-class mail at the below address:

Jason Emory McKemie
539 W. Commerce St, #2010
Dallas, TX 75208

*/s/ Loriann A. Martinez*
Loriann A. Martinez

**ATTORNEY FOR INTOUCH**