EXHIBIT
3

Loriann A. Martinez
State Bar No. 24126929
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
(214) 880-1814 (Telephone)
lmartinez@qslwm.com (Email)
ATTORNEYS FOR INTOUCH CREDIT UNION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASON EMORY MCKEMIE, | § | CASE NO. 26-30161-mvl7 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**AFFIDAVIT IN SUPPORT OF MOTION TO ENFORCE RELIEF FROM STAY ORDER**

I, Jera Tenner, hereby state the following:

"I am a Senior Manager for InTouch Credit Union ("InTouch") and hereby make this Affidavit in such capacity.

I am a custodian of records for InTouch. In the course of my employment, I have become familiar with the manner and method in which InTouch maintains its books and records in its regular course of business. Those books and records are managed by employees and agents whose duty is to keep books and records accurately and completely and to record each event or item at or near the time of the event or item so noted. The matters stated in this Affidavit are based on my personal knowledge or are contained within the books and records maintained by InTouch in the ordinary course of business with respect to this matter.

I have reviewed the books and records which reveal that InTouch is the lender of a financed loan under a certain Loan and Security Agreements and Disclosure Statement (the "Agreement")

signed by Debtor, Jason Emory McKemie. InTouch is secured under the Agreement by its security interest in the following collateral: 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724 (the "Collateral").

By virtue of the Agreement, InTouch is the holder of a secured claim against the Debtor. The Debtor is in Default on his obligations to InTouch in that he has failed to make the installment payments when due and owing pursuant to the terms of the Agreement. After receiving notice of the Debtor's bankruptcy filing and the Automatic Stay, I contacted InTouch's counsel to have the automatic stay lifted due to the Debtor's failure to provide adequate protection for the Collateral.

I received notification from InTouch's counsel that the Court entered an Order lifting the Automatic Stay on June 8, 2026 and ordered the Debtor to provide InTouch with the Collateral's updated location. InTouch's counsel provided me with the updated address for the Collateral at 3332 Fiddlers Green, Bryan, TX. On this same day, I contacted our repossession agents, assigned the Collateral for repossession, and provided the repossession agents with the updated address the Debtor was ordered to disclose. The repossession agents looked for the Collateral at the provided location on six separate occasions and were unsuccessful in locating the Collateral.

On July 9, 2026, the repossession agent spoke with the Debtor over the phone where the Debtor disclosed that the Collateral was in an auto shop in Houston, Texas, that the car would be ready for pick up the following week, and that he would contact InTouch to coordinate returning the Collateral. The Debtor failed to disclose the auto shop's name, the auto shop's address or the Collateral's condition. Neither I, nor our repossession agents, have been able to make contact with the Debtor since July 9, 2026 after making several attempts.

InTouch has exhausted all efforts to repossess the Collateral. Upon information and belief, the Debtor is actively concealing the Collateral to evade InTouch's repossession efforts.

InTouch retained counsel to represent it before this Court and is incurring legal expenses and attorneys' fees for which it is entitled to reimbursement under the terms of the Agreement.

I declare that the foregoing facts are true and correct to the best of my knowledge."

Further affiant saith not.

Dated: 7/30/26

[signature]
Signature

Jera Tenner
Printed Name

Sr. Mgr
Title:
InTouch Credit Union

Subscribed and sworn before me on 7-30-, 2026.

[signature]
Notary Public

FLORENCIO SANTOS
My Notary ID # 132435863
Expires April 13, 2028