**EXHIBIT 4**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **JASON EMORY MCKEMIE,** | § | **CASE NO. 26-30161-mvl7** |
| | § | **(Chapter 7)** |
| **DEBTOR.** | § | |

**AGREED STIPULATION BETWEEN DEBTOR AND INTOUCH CREDIT UNION
TO TERMINATE AUTOMATIC STAY SUBJECT TO CERTAIN CONDITIONS**

InTouch Credit Union ("***InTouch***") and Debtor, Jason Emory McKemie ("***Debtor***," and, together with InTouch, the "***Parties***") subject to the approval of the United States Bankruptcy Court, stipulate as follows:

A. On January 12, 2026, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code ("***Petition Date***").

B. The Debtor's case was dismissed on February 5, 2026 but was subsequently reinstated on February 18, 2026.

C. Areya Holder was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate and continues to serve in that capacity.

D. The Debtor filed his Schedules on February 17, 2026, listing the Collateral as property to which he has an interest and disclosing InTouch as a secured creditor. The Debtor did not file a Statement of Intention relating to the Collateral pursuant to 11 U.S.C. § 521(a)(2).

E. Prior to the Petition Date, on June 30, 2022, the Debtor executed a Loan and Security Agreements and Disclosure Statement ("***Agreement***") to finance the purchase of a 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724 ("***Collateral***"). Pursuant to the Agreement, InTouch held a secured interest in the Collateral.

F. The Debtor did not make payments to InTouch as agreed. No payment has been made by the Debtor to InTouch pursuant to the Agreement since October 2025.

G. The Debtor allowed the physical insurance on the Collateral listing InTouch as the loss payee to lapse, thus requiring InTouch to purchase a Collateral Protection Insurance policy to protect its interest in the Collateral.

H. On April 13, 2026, InTouch filed a Motion for Relief from the Automatic Stay (the "***Motion for Relief,***" ECF 46) requesting that the automatic stay be lifted as to InTouch for it to exercise its remedies under the Agreement relating to the Collateral.

I. A hearing on the Motion for Relief was held on May 5, 2026 (the "***Preliminary Hearing***"). At the Preliminary Hearing, the Debtor stated his intention to reaffirm the Agreement.

J. The Debtor and counsel for InTouch agreed at the Preliminary Hearing to continue the final setting on the Motion for Relief to May 27, 2026 to allow the Debtor the opportunity to both pay for insurance on the Collateral and provide the location of the Collateral to InTouch as a good faith showing that the Debtor intends to cure the arrears to InTouch, reaffirm the Agreement in his bankruptcy case, and make timely payments pursuant to the Agreement.

K. InTouch and the Debtor have entered into this Stipulation in order to provide InTouch with relief from the automatic stay imposed under § 362 of the Bankruptcy Code to permit InTouch to take possession of the Collateral and recover the secured claim amount through the Collateral's sale if (1) the Debtor does not pay for insurance on the Collateral and (2) provide the Collateral's updated location to InTouch.

L. The Parties, therefore, stipulate that upon entry of an order approving this Stipulation, the automatic stay and other stays, restraints or injunctions existing by operation of law or otherwise restricting InTouch from obtaining possession of the Collateral and selling the

Collateral to satisfy the secured portion of InTouch's claim against the Debtor shall terminate on May, 27, 2026 if:

i. The Debtor does not provide proof of purchased physical insurance on the Collateral and listing InTouch as the loss payee by May 27, 2026; and

ii. The Debtor provides an updated location of the vehicle to InTouch following the Debtor's ordered relocation from the residence identified on the Petition Date by May 27, 2026.

M. The Parties further stipulate that a continuance on the Final Hearing for the Motion for Relief will not be requested or agreed to if:

i. The Debtor fails to perform the stipulations above; and

ii. The Debtor fails to propose an offer to InTouch to cure the arrears currently due under the Agreement by May 22, 2026, provided that InTouch provides the Debtor updated balance amounts owed by the Debtor by May 16, 2026.

N. The Parties further agree that entry into this Stipulation is without prejudice to, and is not a waiver of, any rights, claims, causes of action, defenses and arguments any of the Parties may have, all of which are expressly reserved, other than as expressly set forth in this Stipulation.

O. This Stipulation constitutes the entire agreement and understanding between the Parties and no party has made any promises to or agreements with any other party other than those contained in this Stipulation. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto or ordered by the Bankruptcy Court.

P. The parties further stipulate that the fourteen (14) day stay imposed by Fed. R. Bankr. P. 4001(a)(3) shall not be applicable.

Q. The Court shall retain sole and exclusive jurisdiction over all aspects of this Stipulation, including its interpretation, implementation, and any resolution of disputes or controversies arising therefrom.

**STIPULATED AND AGREED:**

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**

/s/ *Loriann A. Martinez*
Loriann A. Martinez
2200 Ross Avenue, Suite 2400
Dallas, TX 75201
Telephone: (214) 880-1814
lmartinez@qslwm.com

*Attorneys for InTouch Credit Union*

__________________________
Jason Emory McKemie,
*Debtor, Pro Se*