**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| JASON EMORY McKEMIE, | § | CASE NO. 26-30161-mvl7 |
| | § | |
| Debtor. | § | |

**ORDER ON MOTION OF GWENDOLYN LAURA ULIJASZ REGARDING THE AUTOMATIC STAY AND THE JUNE 26, 2026 FINAL DECREE OF DIVORCE**

Before the Court is the Motion of Gwendolyn Laura Ulijasz ("Movant") for an order determining the applicability of the automatic stay to the Final Decree of Divorce signed June 26, 2026 by the 301st Judicial District Court of Dallas County, Texas in Cause No. DF-24-18010 (the "Decree"), and for alternative relief under 11 U.S.C. § 362(d) (the "Motion"). The Court has considered the Motion, any responses, the evidence, and the arguments of the parties. The Court

finds that notice of the Motion was sufficient and that it has jurisdiction under 28 U.S.C. §§ 1334 and 157. It is therefore

ORDERED that the Motion is GRANTED as set forth herein; it is further

ORDERED that, to the extent the automatic stay under 11 U.S.C. § 362(a) applied to the trial held June 11, 2026 or to the entry of the Decree on June 26, 2026, the automatic stay is ANNULLED as to those acts and as to the Decree, effective as of June 11, 2026, pursuant to 11 U.S.C. § 362(d), such that the Decree is given effect as of the date it was signed; it is further

ORDERED that, solely for purposes of 11 U.S.C. § 362 and this contested matter, the Court determines that the automatic stay did not apply to Sections 5, 6, and 10 of the Decree (the findings concerning the marriage, the dissolution of the marriage, and the change of Movant's name), 11 U.S.C. § 362(b)(2)(A)(iv), and that the property confirmed to Movant as her separate property in Section 8.C of the Decree, and the community property held in Movant's name or possession and awarded to her in Section 8.A, items W-1 through W-6, of the Decree, was not under the sole, equal, or joint management and control of the Debtor as of the commencement of this case on January 12, 2026 and did not become property of the estate under 11 U.S.C. § 541(a)(2)(A); that, except to the extent (if any) that such property was liable for an allowable claim against the Debtor within the meaning of 11 U.S.C. § 541(a)(2)(B), it was not property of the estate on June 11 or June 26, 2026; that to any such extent the automatic stay is annulled as to the Decree's award of it as provided above; and that the Court makes no determination as to the residual category in item W-9 of the Decree, as to which the annulment provided above applies; it is further

ORDERED that nothing in this Order determines the rights of the Chapter 7 Trustee in any property of the estate, whether awarded to the Debtor in Section 8.B of the Decree or otherwise addressed in the Decree, which rights are expressly reserved by Section 8.G of the Decree and are

unaffected by this Order, and the annulment provided above gives the Decree effect as between Movant and the Debtor without prejudice to those rights; it is further

ORDERED that the 14-day stay of this Order under Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived, and this Order is effective immediately; and it is further

ORDERED that the Court retains jurisdiction to interpret and enforce this Order.

**###END OF ORDER ###**