**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| JASON EMORY McKEMIE, | § | CASE NO. 26-30161-mvl7 |
| | § | |
| Debtor. | § | |

# OBJECTION OF GWENDOLYN LAURA ULIJASZ TO DEBTOR'S MOTION FOR ORDER AUTHORIZING RULE 2004 SUBPOENAS FOR THIRD-PARTY FINANCIAL RECORDS (ECF 97), AND TO THE DEBTOR'S MOTION FOR EXPEDITED CONSIDERATION AND TO SHORTEN NOTICE (ECF 98)

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........ 3
II. BACKGROUND ........ 4
III. ARGUMENT ........ 6
A. Local Bankruptcy Rule 2004-1(b) removes from Rule 2004 the discovery that pertains to the two proceedings now pending. ........ 6
B. *Mirant*, the leading Rule 2004 decision in this District, supports that result rather than undermining it. ........ 7
C. Rule 2004(b) confines what an examination may be about, and these requests exceed it. 9
D. Using Rule 2004 to advance the movant's own litigation in another forum is an abuse of the rule ........ 10
E. The temporal and substantive scope is untethered from § 541(a)(2). ........ 12
F. The Trustee has not sought this discovery, and estate administration is her office, not the Debtor's. ........ 13
G. The health-plan request is not an asset inquiry ........ 14
H. The certificate under L.B.R. 2004-1(a) does not excuse the absence of a conference... 15
I. The requests to proceed ex parte or on shortened notice should be denied. ........ 16
IV. RELIEF REQUESTED ........ 16

## TABLE OF AUTHORITIES

**Cases**

*In re Mirant Corp.*, 326 B.R. 354 (Bankr. N.D. Tex. 2005) ........ 7
*In re Mirant Corp.*, No. 03-46590-DML-11 (Bankr. N.D. Tex. June 15, 2005) ........ 8

*In re Sheetz*, 452 B.R. 746 (Bankr. N.D. Ind. 2011) ........ 11

*In re Trammell*, 399 B.R. 177 (Bankr. N.D. Tex. 2007) ........ 12

*Matter of Wilcher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985) ........ 9

*Snyder v. Society Bank*, 181 B.R. 40 (S.D. Tex. 1994) ........ 4, 10

*Snyder v. Society Bank (In re Snyder)*, No. 94-60572 (5th Cir. Apr. 12, 1995) ........ 4, 11

**Statutes**

11 U.S.C. § 521(a)(3) ........ 4, 14

11 U.S.C. § 541(a)(2) ........ 4, 12

11 U.S.C. § 704(a)(1), (4) ........ 4, 14

11 U.S.C. § 1107(a) ........ 9, 14

Tex. Fam. Code §§ 3.001, 3.002 ........ 12

Tex. Fam. Code § 3.102(a) ........ 12

**Rules and Regulations**

Fed. R. App. P. 32.1(a) ........ 11

Fed. R. Bankr. P. 2004(a) ........ 3, 9, 16

Fed. R. Bankr. P. 2004(b) ........ 3, 7, 9

Fed. R. Bankr. P. 9014 ........ 6

Fed. R. Bankr. P. 9016 ........ 16

Fed. R. Civ. P. 45(d)(1), (d)(3)(A) ........ 16

5th Cir. R. 47.5.3 ........ 11

N.D. Tex. L.B.R. 2004-1(a) ........ 15

N.D. Tex. L.B.R. 2004-1(b) ........ 6, 8

N.D. Tex. L.B.R. 9007-1 ........ 16

45 C.F.R. § 164.512(e) ........ 15, 17

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY

JUDGE:

Gwendolyn Laura Ulijasz ("Movant"), the Debtor's former spouse, who is not a debtor in this case and has never filed a bankruptcy petition, files this Objection to the Debtor's Motion for Order Authorizing Rule 2004 Subpoenas for Third-Party Financial Records Concerning Assets Identified by the Chapter 7 Trustee for Estate Administration (ECF 97, the "2004 Motion") and to the Debtor's Motion for Expedited Consideration of, and to Shorten Notice Period for, that motion (ECF 98), and respectfully states:

## I. PRELIMINARY STATEMENT

1. The 2004 Motion asks this Court to authorize a pro se debtor to subpoena, from eight institutions, the financial life of a non-debtor: every compensation record from her employer since September 2024; every statement for every deposit, credit-card, and line-of-credit account she holds at four banks and two lenders since January 1, 2024; her brokerage and retirement records; and the complete records of her employer-sponsored group health plan, health savings account, and flexible spending account, including "dependent-eligibility events." ECF 97 ¶ 10(a)–(h).

2. Movant does not contend that Rule 2004 can never reach a non-debtor. The rule permits the examination of "any entity," Fed. R. Bankr. P. 2004(a), and a custodian of a third party's records may be a proper examinee where the records bear on the debtor's own acts, conduct, property, or financial condition, or on the administration of his estate. Fed. R. Bankr. P. 2004(b). Four things, however, take this motion outside the rule as it operates in this Court.

3. **First**, this Court's local rule removes from Rule 2004 the discovery the Debtor seeks. "If a contested matter or an adversary proceeding is pending, the adversary discovery rules (Bankruptcy Rules 7027 – 7036), not Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1, govern discovery pertaining to such contested matter or adversary proceeding." L.B.R. 2004-1(b). Two proceedings are pending that these records pertain to: Movant's motion under 11 U.S.C. § 362, which asks this Court to determine the status, as of January 12, 2026, of the very interests the subpoenas would document, and Adversary No. 26-03034-mvl, which the Debtor describes as concerning "objections to the Debtor's discharge," ECF 97 ¶ 15 — a subject Rule 2004(b) would otherwise reach in general terms, and which the local rule now channels to the adversary discovery rules.

4. **Second**, the Fifth Circuit has held, on facts close to these, that a debtor may not use Rule 2004 to gather a third party's records for use in his own litigation in another forum. *Snyder v. Society Bank (In re Snyder)*, No. 94-60572 (5th Cir. Apr. 12, 1995) (unpublished), *aff'g* 181 B.R. 40 (S.D. Tex. 1994). The Debtor is at this moment prosecuting a motion for new trial in the state divorce court directed at the division of this same property.

5. **Third**, the requests are untethered from what 11 U.S.C. § 541(a)(2) makes relevant. That section reaches community-property interests "as of the commencement of the case." The 2004 Motion seeks records beginning nearly six months before the marriage and running eight months past the petition, and it seeks them wholesale rather than by reference to the interests the Trustee actually identified.

6. **Fourth**, the motion rests entirely on the needs of a fiduciary who has not asked for it. The Trustee filed her Form 1 on July 24, 2026 and has sought no discovery. Collecting estate property and investigating the Debtor's affairs are her duties, 11 U.S.C. § 704(a)(1), (4); the Debtor's corresponding duty is to cooperate with her, *id.* § 521(a)(3).

7. Movant asks that the 2004 Motion be denied. In the alternative, she asks that it be deferred until the Court resolves her § 362 motion, and that any discovery the Court allows be limited to the interests the Trustee identified, anchored to the petition date, stripped of the health-plan requests, directed to the Trustee rather than to the Debtor, and made subject to a protective order. Movant separately objects to consideration of the 2004 Motion ex parte or on shortened notice.

## II. BACKGROUND

8. Movant and the Debtor married on June 22, 2024 and separated in December 2024, when Movant filed for divorce in Dallas County, Texas, Cause No. DF-24-18010. The Debtor filed this chapter 7 case, pro se, on January 12, 2026, while the divorce was pending. He did not

appear for the June 11, 2026 trial. The state court signed a Final Decree of Divorce on June 26, 2026, confirming Movant's separate property and awarding her the community property in her name or possession. Movant was therefore the Debtor's spouse on the petition date, and § 541(a)(2) — with the temporal limit its text imposes — is the provision under which any community-property theory in this case must proceed.

9. On July 27, 2026 the Debtor moved for a new trial in the state court. At a hearing on September 3, 2026 that court overruled the motion on every ground but one, holding open only whether the Decree is void because it was entered while the automatic stay was in effect, and directing briefing on that question. The Debtor's brief was due September 8, 2026 and Movant's is due September 11, 2026.

10. Movant has filed in this Court a motion under 11 U.S.C. § 362 for a determination that the stay did not apply to the dissolution or to property that was not property of the estate, and alternatively for annulment of the stay as to the Decree. That motion places squarely before this Court the status, as of January 12, 2026, of the accounts and interests from which the 2004 Motion seeks records.

11. Movant has never been served by mail with any notice from this Court. Although the Debtor scheduled her as a creditor holding a disputed claim of $250,000 (ECF 29, Schedule E/F, item 4.3), and listed her on Schedule H as his spouse in a community-property state, he did not place her on the mailing matrix. She learned of the 2004 Motion because the Debtor emailed it to her and to her counsel as a courtesy. ECF 97 at 8 (certificate of service).

## III. ARGUMENT

**A. Local Bankruptcy Rule 2004-1(b) removes from Rule 2004 the discovery that pertains to the two proceedings now pending.**

12. The local rule is not discretionary. Where "a contested matter or an adversary proceeding is pending," the adversary discovery rules, "not Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1, govern discovery pertaining to such contested matter or adversary proceeding." L.B.R. 2004-1(b) (rev. Dec. 1, 2025). The rule speaks to the discovery, not to the person: it asks what a given request pertains to, and routes that request accordingly.

13. The Debtor anticipated the rule and argued it away on the ground that the two matters he identified do not concern these records: Adversary No. 26-03034-mvl "concerns objections to the Debtor's discharge," and InTouch Credit Union's motion to enforce "concerns a single item of collateral, a 2018 Jaguar F-Pace." ECF 97 ¶ 15. He then reasoned that because "[t]hose records are not the subject of, and do not pertain to, either pending proceeding," Rule 2004 governs. *Id.* The premise of that reasoning is Movant's argument. He accepts that a request pertaining to a pending proceeding must proceed under Rules 7027 through 7036. He simply overlooked the proceeding that these requests pertain to.

14. Movant's § 362 motion is a contested matter. Fed. R. Bankr. P. 9014. What it asks this Court to decide is whether the interests the Debtor now wishes to document — her Chase, Citibank, American Express, SoFi, UBS, and Ameriprise accounts and her Accenture compensation and benefit interests — were property of this estate on January 12, 2026. Discovery bearing on the ownership, characterization, management, funding, balances, or disposition of those accounts is discovery pertaining to that contested matter. It is difficult to describe it as anything else. Under L.B.R. 2004-1(b), Rule 2004 is unavailable for it.

15. The same is true, on the Debtor's own description, of the discharge adversary. Rule 2004(b) does extend in general terms to "the debtor's right to a discharge," and to that extent a Rule 2004 examination might otherwise reach records offered to prove or rebut the allegations in Adversary No. 26-03034-mvl. But the local rule is the more specific instruction, and it applies once the adversary has actually been commenced. It has been.

16. Movant does not ask the Court to hold that the pendency of a contested matter disables Rule 2004 for every subject in the case. The rule's text will not bear that reading, and it is not necessary here. The correct application is request by request: to the extent a request pertains to the § 362 contested matter or to the discharge adversary, Rule 2004 does not govern it; if the Debtor believes some request concerns estate administration genuinely independent of both, he should be required to identify that request specifically and to show its nexus to Rule 2004(b), rather than to obtain omnibus "complete records" subpoenas and sort the question out afterward. On the face of ECF 97 ¶ 10, no such request appears.

17. The proposed order confirms the difficulty. It would have the Court find "that the discovery sought does not pertain to the merits of any pending contested matter or adversary proceeding." ECF 97, proposed order at 1. That finding cannot be made on this record.

**B. *Mirant*, the leading Rule 2004 decision in this District, supports that result rather than undermining it.**

18. Movant brings to the Court's attention the decision the Debtor may invoke. It is *In re Mirant Corp.*, 326 B.R. 354 (Bankr. N.D. Tex. 2005) (Lynn, J.). There, the official committee of unsecured creditors sought Rule 2004 production from Goldman Sachs and Morgan Stanley in aid of an investigation into estate causes of action arising from a prepetition divestiture. The respondents argued that Rule 2004 was unavailable because the production would aid litigation "sure to be filed." The court granted the motions, declining to write an exception into the rule:

"Rule 2004 contains no exceptions. Generally, when construing a bankruptcy rule, the court should look to its plain language." *Id.* at 356. Movant accepts that holding. She does not argue that the existence of the Debtor's state-court litigation is, by itself, a categorical bar.

19. But the passage that decided *Mirant* is the one that distinguishes it. Judge Lynn explained why Rule 2004 was the only vehicle available there: "Until an adversary proceeding (or contested matter) is actually commenced, Part VII of the Rules of Bankruptcy Procedure does not apply, and discovery under Rule 7026 et seq. cannot occur." *Id.* at 357. That premise is absent here. A contested matter has actually been commenced, and so has an adversary proceeding, and this District's local rule states in terms which regime governs discovery pertaining to them. *Mirant* did not construe L.B.R. 2004-1(b); the opinion does not mention it.

20. *Mirant* differs in three further respects that matter. The movant there was an official committee investigating claims belonging to the estate, supported by the debtors and the other committees; here the movant is an individual chapter 7 debtor, and the fiduciary charged with estate administration has not joined him. The urgency there was that limitations on estate causes of action were running, and "it is the estate that will suffer if causes of action are lost because of a dilatory investigation," *id.* at 356; no comparable estate-protective urgency is asserted here. And the respondents there were not strangers to the case: the court distinguished them from "a true third party target of a subpoena" on the ground that "Respondents are parties in interest in these cases." *Id.* at 357. Movant's employer, her health-plan administrators, her banks, her lenders, and her brokerage are true third parties. None has filed a claim or appeared in this case.

21. If the Debtor cites the later opinion in the same case granting Rule 2004 relief to the debtors themselves, *In re Mirant Corp.*, No. 03-46590-DML-11 (Bankr. N.D. Tex. June 15, 2005), the answer is statutory. A chapter 11 debtor in possession holds the trustee's rights and

powers and must perform the trustee's functions and duties. 11 U.S.C. § 1107(a). The *Mirant* debtors were administering their own estates in that fiduciary capacity, and the creditors' committee joined their request. An individual chapter 7 debtor holds no such office. See Part III.F below.

**C. Rule 2004(b) confines what an examination may be about, and these requests exceed it.**

22. Rule 2004(a) permits the examination of "any entity," but Rule 2004(b) states what the examination may be about: "the acts, conduct, or property or ... the liabilities and financial condition of the debtor, or ... any matter which may affect the administration of the debtor's estate," together with the debtor's right to a discharge. Fed. R. Bankr. P. 2004(b). The identity of the custodian is not the test; the subject matter is. Examination of a third party is permissible where that party possesses knowledge of the debtor's acts, conduct, or financial affairs; it "is at best ancillary" to the rule's main purpose. *Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (the rule's language makes it "evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy"). "The examination of a witness as to matters having no relationship to the debtor's affairs or no effect on the administration of his estate is improper." *Id.*

23. The Debtor cites *Wilcher* himself. The sentence he does not cite is the one that governs this motion: "It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *Id.* at 434. The court in *Wilcher* quashed the subpoena and directed the examiner to the civil rules, which "provide numerous procedural safeguards against unfairness to the party from which discovery is sought." *Id.*

24. That is what ECF 97 ¶ 10 requests. The eight custodians hold Movant's records, not the Debtor's. The subpoenas would produce her salary history, her bonus and equity grants, her

bank statements, her credit-card statements, her loan files, her brokerage transactions, and her health-plan enrollment. The Debtor does not identify a single record of his own acts or conduct held by any of them. He says the records are needed to "identify and value assets and asserted community-property interests that the Chapter 7 Trustee has listed on Form 1." ECF 97, Limited Scope Statement. Investigating a non-debtor's affairs in the hope of characterizing them is the use *Wilcher* forecloses.

25. The breadth of Rule 2004's relevance standard is a reason for the Court's discretion to be exercised, not a reason to dispense with limits: the standard "requires the court to exercise its discretion and balance the competing interests between the examiner's right to expose alleged chicanery and [the non-party's] right to privacy in his business affairs." *Id.* Here the balance is not close. The Debtor identifies no defalcation, no concealment, and no transaction he cannot describe. He asks instead for everything. And because Movant has appeared and objected, the burden is his: once a motion to quash is made, "the examiner bears the burden of proving that good cause exists for taking the requested discovery." *Id.*

**D. Using Rule 2004 to advance the movant's own litigation in another forum is an abuse of the rule.**

26. In *Snyder*, a debtor sought Rule 2004 production of a bank's records. The bank moved to quash, contending that the debtor wanted the documents for his separate state-court suit against it. The district court affirmed the denial of the debtor's motion to compel, holding that "[t]he use of Rule 2004 to further its case in state court constitutes an abuse of Rule 2004," and noting that the debtor "can use the discovery rules available under Michigan law." *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994). The Fifth Circuit affirmed:

> "Rule 2004 affords both debtors and creditors broad rights of examination of a third-party's records. Nevertheless, its scope is not limitless. Examinations cannot be used to harass or oppress the party. . . . Examination under Rule 2004 should

> not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal."

*Snyder v. Society Bank (In re Snyder)*, No. 94-60572, slip op. at 3–4 (5th Cir. Apr. 12, 1995) (unpublished; under 5th Cir. R. 47.5.3, "[u]npublished opinions issued before January 1, 1996, are precedent," and such an opinion may be cited under Fed. R. App. P. 32.1(a); a copy is attached as Exhibit 1). The court sustained the denial on two grounds: the district court had found that Snyder's "primary motive for seeking the documents in question was for use in ... state court litigation," and "use of Rule 2004 discovery to circumvent discovery limitations in state court proceedings is an abuse of Rule 2004." *Id.* at 4.

27. The alignment with this motion is close. In *Snyder* the movant was the debtor; here the movant is the debtor. In *Snyder* the target was a financial institution holding a third party's records; here the targets are eight of them. In *Snyder* the movant was a party to pending litigation in another forum in which the same documents would be useful; here the Debtor's motion for new trial is pending in the 301st Judicial District Court, and the property division it attacks is the same property the subpoenas would document. In *Snyder* an ordinary discovery route was open to the movant in the other forum; here the Debtor had the Texas discovery rules available to him throughout the divorce, and has the adversary rules available to him now.

28. *Mirant* is not to the contrary. *Mirant* declined to create a court-made exception barring Rule 2004 whenever litigation is anticipated. It did not hold that a court must ignore what a movant is actually doing with the rule, and it did not involve a movant who was a party to pending litigation about the same property. Where the rule's purpose and the movant's purpose diverge, the request warrants close scrutiny: "The further a motion for examination strays from that purpose, the more carefully it should be scrutinized." *In re Sheetz*, 452 B.R. 746, 749 (Bankr. N.D. Ind. 2011) — a decision the Debtor cites, and in which the movant was the trustee.

**E. The temporal and substantive scope is untethered from § 541(a)(2).**

29. Section 541(a)(2) brings into the estate the interests of the debtor and the debtor's spouse in community property "as of the commencement of the case," to the extent that interest is under the debtor's sole, equal, or joint management and control or is liable for an allowable claim against the debtor. 11 U.S.C. § 541(a)(2)(A), (B). The commencement date is January 12, 2026. The 2004 Motion seeks records from January 1, 2024 "to the present." ECF 97 ¶ 10(a)–(h).

30. The window is wrong at both ends. Its beginning precedes the marriage by nearly six months. Property Movant acquired before June 22, 2024 was not acquired during the marriage and is not community property, Tex. Fam. Code §§ 3.001, 3.002, and the Debtor identifies no tracing or characterization question that a pre-marital record would answer. Its end runs eight months past the petition. Community property that did not exist on January 12, 2026 was not swept in by a subsection that speaks as of that date, and Movant's earnings for services she performed after the petition are hers to manage in any event. Tex. Fam. Code § 3.102(a)(1).

31. Movant does not contend that no post-petition record can ever be relevant. A later statement may show what became of property that was in the estate at commencement. But that is a tracing inquiry, and it requires the Debtor to identify the petition-date interest to be traced. He has identified none. He asks for eight months of a non-debtor's banking, compensation, and benefits activity first, and proposes to decide afterward whether any of it mattered.

32. A decision of this Court shows how narrow the field may actually be. *In re Trammell*, 399 B.R. 177 (Bankr. N.D. Tex. 2007) (Houser, J.), held that a vehicle that was the non-filing spouse's sole management community property was "not 'under the sole, equal, or joint management and control of the debtor' pursuant to Section 541(a)(2)(A)," *id.* at 184, and, on a separate analysis, "not property of the estate under Section 541(a)(2)(B)," *id.* at 189. Judge Houser grounded the first holding in Tex. Fam. Code § 3.102(a), under which "each spouse has

the sole management, control, and disposition of the community property that the spouse would have owned if single," including personal earnings. *Id.* at 183. Whether that analysis controls the interests at issue here is the question Movant's § 362 motion presents. It is enough for present purposes that the Debtor's premise — that anything the Trustee has listed at an unknown value is therefore a proper subject of unlimited inquiry into a non-debtor's affairs — is not the law of this District.

33. The substantive scope is untethered as well. The Trustee's Form 1 identifies particular asserted interests: VOYA, the Accenture Voluntary Equity Investment Plan, Accenture restricted stock units, the AdvantiGen investment, Ameriprise accounts, and a general community-property interest. ECF 91. The 2004 Motion does not seek records of those interests. It seeks "complete account statements for all deposit, checking, savings, credit card, and line-of-credit accounts" at Chase; "complete account records and statements for any account, loan, or line of credit" at American Express; "complete account records" at SoFi; and so on. ECF 97 ¶ 10(c)–(h). A request for everything is not a request tailored to the Form 1 entries the motion invokes as its justification.

**F. The Trustee has not sought this discovery, and estate administration is her office, not the Debtor's.**

34. The 2004 Motion rests throughout on the Trustee's Form 1: the records are said to be needed because "[a]ccurate administration of those listed interests requires institutional source records," ECF 97 ¶ 2, and because "[t]he Trustee's Form 1 independently confirms that these asserted community-property interests are matters the Trustee has identified for estate administration," *id.* ¶ 8.

35. The Trustee filed Form 1 on July 24, 2026. She has not moved for this or any other discovery, and she has not joined this motion. Congress assigned the functions the Debtor

invokes to her: the trustee shall "collect and reduce to money the property of the estate," 11 U.S.C. § 704(a)(1), and shall "investigate the financial affairs of the debtor," *id.* § 704(a)(4). The chapter 7 debtor's corresponding statutory role is to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." *Id.* § 521(a)(3). Unlike a chapter 11 debtor in possession, who holds the trustee's powers under § 1107(a), an individual chapter 7 debtor does not administer the estate and does not decide what the estate needs.

36. Movant does not argue that the Debtor lacks standing to file a Rule 2004 motion; he is a party in interest, and the rule says what it says. She argues that the weight of a request premised entirely on another fiduciary's unexpressed needs is slight, particularly where the movant is a debtor whose discharge is the subject of a pending adversary proceeding and who is, at the same time, litigating in state court for a new trial on the division of this same property. The device exists to serve estate administration. *Sheetz*, 452 B.R. at 749 ("there should be 'sufficient cause' for the examination"). If the records really are needed for the Trustee's administration, the Trustee may seek them, or the Court may direct that they be produced to her. See Part IV(c) below.

**G. The health-plan request is not an asset inquiry.**

37. Paragraph 10(b) seeks from Businessolver, Inc. and Inspira Financial the "complete records of enrollment, dependent-eligibility events, account statements, and transaction history for the Accenture group health plan and the associated Health Savings Account (HSA) and Flexible Spending Account (FSA) on which the Debtor is or was a covered dependent, from January 1, 2024 to the present."

38. Enrollment records and dependent-eligibility events are not asset records. The health savings account is Movant's, maintained through her employment; its value is a balance, and Movant has already placed the January 2026 statement showing that balance before the Court as

an exhibit to her declaration in support of her § 362 motion. Nothing about the estate's administration requires the plan's enrollment history, and the Court should not order a party's medical-benefits file produced to an adverse pro se litigant on a record that offers no reason for it.

39. Federal law supplies a further reason for care. To the extent a plan or plan administrator is a covered entity holding protected health information, disclosure in a judicial proceeding is governed by 45 C.F.R. § 164.512(e), which permits production in response to a subpoena not accompanied by a qualifying court order only on satisfactory assurance of notice or of a qualified protective order — an order that limits use of the information to the proceeding and requires its return or destruction at the end. 45 C.F.R. § 164.512(e)(1)(ii), (v). That regulation is not a privilege, and Movant does not present it as one. It is a reason why the economic fields the Debtor may arguably need — enrollment status, premiums, employer contributions, distributions — should be separated from medical substance, and why no medical substance should issue at all on this showing.

**H. The certificate under L.B.R. 2004-1(a) does not excuse the absence of a conference.**

40. Before filing a motion for examination, the movant "shall confer with the proposed examinee or the examinee's counsel (if represented by counsel) to arrange for a mutually agreeable date, place and time for the examination," and the motion must include one of three certificates. L.B.R. 2004-1(a). The proposed examinees here are the eight custodians. The Debtor conferred with none of them, and certifies that a conference "was not reasonably possible before filing" because of "the number of unrelated institutional custodians, the absence of counsel of record for them in this case, and the emergency timing of this filing." ECF 97 ¶ 16(a).

41. None of those reasons is a reason. Each of the eight is a national institution with a registered agent and a records-subpoena function. That they have no counsel of record in this

bankruptcy case is true of every third-party examinee and cannot be what the rule contemplates, or the conference requirement would never apply to a document subpoena. And the "emergency timing" is of the Debtor's own creation: the Trustee filed Form 1 on July 24, 2026, and the Debtor waited four weeks and then asked to shorten the notice period he had himself allowed to run.

**I. The requests to proceed ex parte or on shortened notice should be denied.**

42. The Debtor asks the Court to consider the 2004 Motion ex parte or on shortened notice, on the theory that Rule 2004 orders authorizing documentary subpoenas "are often considered ex parte, because the Rule 2004 order does not itself compel any person to act." ECF 97 at 1; ECF 98. Movant does not dispute that such orders are sometimes entered ex parte. *Wilcher*, 56 B.R. at 434. But whatever the practice where a trustee seeks records of a debtor's own affairs, it has no application where the subject of the subpoenas is a non-debtor who has appeared, who objects, and whose property is the subject of a contested matter now before the Court. The notice period ran in the ordinary course under L.B.R. 9007-1, no order has been entered on ECF 98, and this Objection is timely filed within it.

## IV. RELIEF REQUESTED

43. Movant respectfully requests that the Court:

(a) deny the 2004 Motion (ECF 97) and the motion for expedited consideration and to shorten notice (ECF 98);

(b) in the alternative, defer consideration of the 2004 Motion until the Court has resolved Movant's motion under 11 U.S.C. § 362 concerning the status of the property from which records are sought;

(c) in the further alternative, if the Court authorizes any examination, enter an order under Fed. R. Bankr. P. 2004(a) and 9016 and Fed. R. Civ. P. 45(d)(1) and (d)(3)(A) — which

direct the issuing party to avoid imposing undue burden and authorize the Court to "quash or modify" a subpoena — that:

(i) excludes from Rule 2004 all requests pertaining to Movant's § 362 contested matter or to Adversary No. 26-03034-mvl, such discovery to proceed, if at all, under Bankruptcy Rules 7027 through 7036;

(ii) limits any remaining request to records of the specific interests identified on the Trustee's Form 1, identified account by account;

(iii) limits the period to the existence of the community estate through January 12, 2026, and permits post-petition records only where the Debtor identifies the petition-date interest they are offered to trace;

(iv) strikes the requests directed to the group health plan and to dependent-eligibility events, and permits no production of protected health information absent a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v);

(v) directs that any production be made to the Chapter 7 Trustee rather than to the Debtor, and that the records not be disseminated to the Debtor absent further order; and

(vi) prohibits use of any records produced in Cause No. DF-24-18010 or in any other proceeding, absent leave of this Court; and

(d) grant Movant such other and further relief as is just.

Respectfully submitted,

*/s/ Richard G. Dafoe*____________
Richard G. Dafoe. Local Counsel
State Bar No. 05309500

**WADDELL SERAFINO GEARY**

**RECHNER JENEVEIN, P.C.**
1717 Main Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 979-7400
Telecopier: (214) 979-7402
Rdafoe@wslawpc.com

*Local Counsel for Gwendolyn Larua Ulijasz*

______________________________

Jonathan D. Steele,
Application for Admission Pro Hac Vice Pending

**Beermann LLP**
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
: (312) 621-9700
Jsteele@beermannlaw.com

*Lead Counsel for Gwendolyn Larua Ulijasz*

## CERTIFICATE OF SERVICE

I certify that on September 11, 2026, a true and correct copy of this Objection was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, and by first-class United States mail and email on: Jason Emory McKemie, Debtor, pro se, 539 W. Commerce St., #2010, Dallas, Texas 75208, jmckemie@mckemie.net; Areya Holder Aurzada, Chapter 7 Trustee, Law Office of Areya Holder, PC, PO Box 2105, Addison, Texas 75001-2105, areya@holderlawpc.com; the Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, Texas 75202; and Loriann A. Martinez, Quilling, Selander, Lownds, Winslett & Moser, P.C., counsel for InTouch Credit Union, lmartinez@qslwm.com.

*/s/Richard G. Dafoe*
Richard G. Dafoe