FILED
OCT 01 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

# DEBTOR'S NOTICE OF COMPLETED SURRENDER AND EMERGENCY MOTION TO CONFIRM COMPLIANCE, TERMINATE AND ABATE PER-DIEM SANCTIONS, AND DETERMINE THAT NO FEES OR COSTS ARE OWED UNDER DOCKET NO. 103

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

1. Docket No. 103 directed surrender of the 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724, by September 4, 2026 and imposed a $100-per-day sanction beginning September 5 absent surrender or an alternative agreement. It also imposed a separate $100-per-day sanction for any lapse in insurance or removal of InTouch as lienholder before surrender.

2. Debtor tendered the vehicle in writing on September 4, within the stated deadline. Discount Tire contemporaneously documented that the left-rear tire belt was separated, the right-front tire was suspected of separation, and the vehicle should not be driven until tires were replaced. Debtor could not safely drive it four hours to a designated branch and could not afford commercial transport.

3. On September 8, InTouch offered to coordinate a licensed recovery agent and requested the pickup location, immediate accessibility, key-fob arrangements, and a time window. Debtor supplied every requested item the same day and made the vehicle immediately available.

4. On September 9, 2026, AG3 Recovery LLC, InTouch's designated recovery agent, took physical possession. Debtor delivered the fob and assisted loading. InTouch and its agent have had exclusive possession since September 9. Exhibits A-C.

5. Debtor maintained insurance with InTouch identified as lienholder through surrender. No separate insurance-based per-diem sanction accrued.

## I. COMPLIANCE AND THE COERCIVE PURPOSE OF THE SANCTION

6. Civil contempt is coercive or compensatory, not punitive. Debtor did not hide or withhold the collateral. He timely tendered it, documented the safety impediment, accepted InTouch's recovery method, and completed transfer. Any coercive purpose ended no later than September 9.

7. Inability to comply is a defense to coercive contempt. United States v. Rylander, 460 U.S. 752, 757 (1983). The third-party tire record and Debtor's indigence establish why physical branch delivery could not safely occur by September 4. Debtor nevertheless made the collateral available by the deadline and completed surrender through the method InTouch selected.

8. The record supports a finding that surrender occurred upon the September 4 unconditional tender and availability for pickup. At the latest, surrender was complete when InTouch's agent took possession on September 9. A daily sanction cannot continue after the act it was designed to compel has been completed.

## II. RESERVATIONS

9. Surrender is not a reaffirmation, admission of debt amount, deficiency admission, release, waiver, admission of contempt, or concession that any sanction, attorney fee, towing charge, recovery cost, or other monetary liability is owed.

10. This Motion does not determine the merits of Adversary Proceeding No. 26-03034-mvl or waive any discharge defense. It seeks only a main-case ruling on compliance and the monetary consequences of Dkt. 103.

## III. RELIEF REQUESTED

Debtor requests an expedited order:

- confirming that the vehicle was tendered and made available for surrender on September 4, 2026 and that completed physical surrender occurred on September 9, 2026;
- finding that Debtor did not willfully fail to comply with Dkt. 103;
- determining that the $100-per-day surrender sanction did not accrue, or alternatively abating and terminating it no later than September 9, 2026;
- determining that no separate insurance-based daily sanction accrued;
- denying assessment against Debtor of recovery costs, towing charges, attorney fees, or other enforcement costs absent a separate noticed request and proof;
- requiring InTouch to acknowledge the completed surrender and identify any amount it contends remains at issue within three business days; and
- granting all other just relief.

## DECLARATION

I declare under penalty of perjury under 28 U.S.C. § 1746 that the factual statements above are true and correct from my personal knowledge. Executed in Brazos County, Texas, on September 29, 2026.

Respectfully submitted,

**/s/ Jason Emory McKemie**
Jason Emory McKemie - Debtor, pro se
539 W. Commerce St., #2010, Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

# CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I served a true and correct copy of Debtor's Notice of Completed Surrender and Emergency Motion, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on September 29, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

**/s/ Jason Emory McKemie**
Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net