FILED
OCT 01 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

# DEBTOR'S RESPONSE TO THE OBJECTION OF GWENDOLYN LAURA ULIJASZ [ECF 111] AND IN SUPPORT OF DEBTOR'S MOTION REQUESTING RULE 2004 SUBPOENAS [ECF 97]

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

1. The Objection does not merely request privacy protection. It asks for an account-by-account limitation based on a Trustee report that identifies no account numbers; production to the Trustee only; nondisclosure to Debtor absent further order; and a prohibition against using the records in the divorce or another proceeding without bankruptcy-court leave.

2. Those restrictions would defeat tracing. The Trustee's Form 1 identifies asserted interests in Voya, Ameriprise, Accenture equity, VEIP, Advantigen, and other marital assets, values many as "Unknown," and notes that information and control remain with the nonfiling spouse. ECF 91. Current balance does not answer where prepetition withdrawals went or what replacement asset received them.

3. Rule 2004 permits examination of any entity concerning the debtor's acts, conduct, property, liabilities, financial condition, and any matter affecting administration of the estate. Fed. R. Bankr. P. 2004(a)-(c). Debtor is a party in interest and seeks institution-origin records concerning assets the Trustee has identified for investigation.

4. Movant's own state-court brief acknowledges that an overdrawn or depleted account does not exclude the possibility that earlier withdrawals were placed in another asset or later redeposited. Transfer, linked-account, receiving-account, and successor-account records are therefore indispensable. Requiring Debtor to identify the destination before obtaining those records is circular.

5. On September 18, 2026, the 301st District Court vacated the divorce decree's property provisions and ordered a new trial on division and characterization, while declaring the surviving provisions interlocutory. The property record must now be reconstructed. The state ruling strengthens, rather than reduces, the need for neutral source records.

6. The health-plan requests concern eligibility events, source submissions, HSA/FSA economic interests, balances, contributions, distributions, access, and beneficiary changes. They do not seek diagnoses or medical-claim substance. The October 31, 2025 divorce event occurred before any decree, and the June 26 event and HSA actions are expressly placed at issue in Movant's bankruptcy papers.

7. Debtor does not object to production to the Trustee. He objects to exclusion from production. His knowledge is needed to identify account relationships and explain transactions, and the estate's records were removed from his residence. Simultaneous production to the Trustee and Debtor is the practical, reviewable solution.

8. A blanket embargo on use in DF-24-18010 is improper. The records concern the same assets the state court must later characterize and divide, subject to the Bankruptcy Court's control over estate property. Admissibility, confidentiality, and lawful use can be addressed by the receiving court and tailored protective terms; an information monopoly should not be preserved.

9. The requested subpoenas are not punishment and do not adjudicate ownership. They locate the estate, test claimed separate-property sources, identify transfers and replacement assets, and allow the Trustee and parties to evaluate recovery and administration.

## PRAYER

Debtor asks the Court to overrule ECF 111 except for tailored redaction protections; grant ECF 97; authorize issuance and service of the subpoenas identified there; direct simultaneous production to the Trustee and Debtor; reject a blanket prohibition on lawful use in DF-24-18010; permit health-benefit discovery limited to economic and administrative records; and assess no fees or costs against Debtor.

Respectfully submitted,

*/s/ Jason Emory McKemie*

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

# CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I served a true and correct copy of Debtor's Reply in Support of ECF 97, including all accompanying attachments and exhibits, by electronic mail on: Richard G. Dafoe, counsel for Gwendolyn Laura Ulijasz, Rdafoe@wslawpc.com; Jonathan D. Steele, counsel for Gwendolyn Laura Ulijasz, jsteele@beermannlaw.com; Sara A. Boucher, counsel for Gwendolyn Laura Ulijasz, saboucher@beermannlaw.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov; Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com.

I further certify that on September 29, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

**/s/ Jason Emory McKemie**
Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net

# EXHIBIT A - SEPTEMBER 18, 2026 MEMORANDUM RULING

**301ST JUDICIAL DISTRICT COURT**
**JUDGE ASHLEY WYSOCKI**
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202

**MEMORANDUM RULING**

RENDERED ON September 18, 2026

DF-24-18010
GWENDOLYN ULIJASZ MCKEMIE
vs.
JASON MCKEMIE

HEARING DATE: 09/03/2026

- THE COURT MAKES THE FOLLOWING RULING:

Respondent's Motion for New Trial is GRANTED in part and DENIED in part.

The Court grants the motion for new trial as to division and characterization of material property only.

IT IS ORDERED that Sections 8, 9, 11-15 of the Decree of Divorce signed on June 26, 2026, are VACATED.

IT IS ORDERED that Sections 1 through 7 and 10 of the Decree of Divorce signed on June 26, 2026, remain in full force and effect but are interlocutory. The remaining issues shall be set for trial once the stay has been lifted or Respondent's bankruptcy case is otherwise disposed.

All other relief requested is DENIED.

Signed September 18, 2026.

Hon. Ashley Wysocki, Presiding