FILED

OCT 05 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re: JASON EMORY McKEMIE, Debtor.
Case No. 26-30161-mvl7 | Chapter 7

## NOTICE OF SUBMISSION OF REVISED PROPOSED ORDER RULE 2004 DISCOVERY [ECF 97 AND 111]

Jason Emory McKemie submits the attached revised proposed order concerning his Motion for Rule 2004 Subpoenas [ECF 97] and Gwendolyn Laura Ulijasz's Objection [ECF 111]. It replaces only his earlier proposed forms concerning ECF 97 and 111; no underlying motion, response, objection, claim or request for relief is withdrawn.

The revised form conforms to the Court's formatting requirements and addresses the requested alternative discovery procedure, tracing and loan-verification scope, direct production, and review of outstanding evidence. It is submitted for consideration with the pending matter, not as a representation that the Court has granted relief.

To the extent the Court determines that any provision requires additional notice or a separate motion, Debtor requests a separate ruling on that provision and prompt consideration of the relief already properly presented, without treating the remaining requests as withdrawn.

Please docket this Notice and its attached proposed order separately and relate them to ECF 97 and 111. The revised proposed order concerning ECF 110 is submitted under a separate notice. Underlying evidence is not resubmitted here.

Dated: October 2, 2026.

Respectfully submitted,

Jason Emory McKemie

Jason Emory McKemie
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re: JASON EMORY McKEMIE, Debtor.
Case No. 26-30161-mvl7 | Chapter 7

**REVISED PROPOSED ORDER GRANTING RULE 2004 DISCOVERY AND OVERRULING OBJECTION [ECF 97 AND 111]**

The Court ORDERS:

1. Authorization. Debtor's Motion for Rule 2004 Subpoenas [ECF 97] is GRANTED to the extent stated below. Gwendolyn Laura Ulijasz's Objection [ECF 111], including the request to defer discovery until ECF 110 is decided, is OVERRULED. Good cause exists for this examination.

2. Applicable procedure. Estate-administration discovery shall proceed under Rule 2004. Discovery pertaining to a pending contested matter shall proceed there under Rules 9014, 7026 and 7028–7037; discovery pertaining to a pending adversary proceeding shall proceed there under Part VII and its scheduling orders. No separate adversary complaint is required solely to obtain contested-matter discovery.

3. Subpoenas. The Clerk shall issue subpoenas under Rule 9016 and Civil Rule 45 upon Debtor's request to the custodians identified in ECF 97, Section IV. Otherwise proper discovery in a pending matter is not limited to those custodians and may reach additional institutions, lenders or transferees connected to the disputed interests. Additional Rule 2004 examinations may be sought by supplemental motion. Rule 45's notice, service, objection and nonparty protections remain applicable.

4. Tracing and asserted loans. Responsive source records shall identify transfers, withdrawals, deposits, linked and receiving accounts, proceeds and successor assets; compensation, equity, retirement, vehicle and title interests; and actual consideration, funding, repayments and balances of asserted debts, including family loans. Production shall include maintained source/destination account and routing numbers, counterparty identities, wire/ACH references, check images and tracing audit trails.

5. Period. The periods stated in ECF 97 apply, through each subpoena's service date. Earlier source records may be sought through the applicable discovery procedure to test claimed premarital sources. Postpetition records may trace earlier property and proceeds; this Order does not classify new postpetition earnings as estate property.

6. No characterization barrier. Records shall not be withheld solely because property is claimed separate or solely managed, is titled in one name, has a zero or overdrawn balance, is not itemized on Form 1, or has an unidentified destination. Discovery may test source, mixing, management and liability under 11 U.S.C. § 541(a)(2)(A) and (B). Ownership is not adjudicated.

7. Benefits records. Production shall include original eligibility-event submissions and audit trails, premiums, HSA/FSA balances, contributions, distributions, reimbursements, card/access events and beneficiary changes. Disclosure under 45 C.F.R. § 164.512(e)(1)(i), where applicable, is authorized only for these economic and administrative records. Unrelated diagnoses, treatment and medical-claim substance are excluded.

8. Production and use. Subject to timely Rule 45 objections, responsive records shall be produced electronically, directly and simultaneously to Debtor and the Chapter 7 Trustee within 21 days after service; unaffected records shall not be delayed. Privilege claims shall comply with Civil Rule 45(e)(2). Other parties shall receive copies as required by the applicable discovery rules. No Trustee-only, attorneys'-eyes-only or blanket other-proceeding use restriction is imposed. Lawful use in DF-24-18010 is not prohibited. Applicable privilege, privacy and admissibility rules remain in force.

9. Identifiers and drives. Full identifiers needed for tracing shall be retained in discovery production and protected from public filing under Rule 9037. This Order authorizes source-record discovery, not inspection, imaging, copying, review or use of Debtor's drives, their contents or derivatives, and does not diminish his separate-property, theft or return claims.

10. Review before adjudication. Before a merits determination of disputed estate-property interests, Debtor and the Trustee shall have at least 14 days after completion of material financial discovery and receipt of all seven identified April 16, 2026 body-camera recordings to review and supplement the record. Emergency preservation, return of essential property, healthcare, subsistence and litigation-funding requests shall not be delayed by this review provision.

11. Fees and rights. Requests for fees, costs or sanctions against Debtor concerning ECF 97 or ECF 111 are DENIED. No such amount is assessed. This Order does not adjudicate recovery claims, alter any other court's orders, or grant relief from the automatic stay.

# # # End of Order # # #

Respectfully submitted,

Jason Emory McKemie
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re: JASON EMORY McKEMIE, Debtor.
Case No. 26-30161-mvl7 | Chapter 7

**CERTIFICATE OF SERVICE AND SUBMISSION FOR FILING REVISED PROPOSED ORDER [ECF 97 AND 111]**

I certify that on **Friday, October 2, 2026**, I sent true and correct copies of the foregoing Notice of Submission of Revised Proposed Order and the attached revised proposed order concerning Rule 2004 discovery [ECF 97 and 111] by email to:

**Richard G. Dafoe**, counsel for Gwendolyn Laura Ulijasz
rdafoe@wslawpc.com
Waddell Serafino Geary Rechner Jenevein, P.C., 1717 Main Street, Suite 2500, Dallas, TX 75201.

**Jonathan D. Steele and Sara A. Boucher**, counsel for Gwendolyn Laura Ulijasz
jsteele@beermannlaw.com; saboucher@beermannlaw.com
Beermann LLP, 161 N. Clark Street, Suite 3000, Chicago, IL 60601.

**Areya Holder Aurzada**, Chapter 7 Trustee - areya@holderlawpc.com
Law Office of Areya Holder, P.C., P.O. Box 2105, Addison, TX 75001-2105.

**Office of the United States Trustee** - ustpregion06.da.ecf@usdoj.gov
1100 Commerce Street, Room 976, Dallas, TX 75242.

**Loriann A. Martinez and Amanda Loughmiller**, counsel for InTouch Credit Union
lmartinez@qslwm.com; aloughmiller@qslwm.com
Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, TX 75201.

**Additional mail service (check only if completed):** [ ] I also served the same documents on all recipients listed above by first-class United States mail, postage prepaid, at their listed mailing addresses on October 2, 2026.

**Submission to the Clerk.** The original of this packet is being sent by overnight delivery on **Friday, October 2, 2026**, to the **Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, TX 75242-1496**, for scheduled delivery on **Monday, October 5, 2026**, and filing upon receipt. No actual receipt or filing date is certified.

Dated: October 2, 2026.

Jason M McKemie

Jason Emory McKemie
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net

October 2, 2026

VIA OVERNIGHT DELIVERY

**TIME SENSITIVE FILING**

Clerk of Court
United States Bankruptcy Court
Northern District of Texas, Dallas Division
1100 Commerce Street, Room 1254
Dallas, Texas 75242-1496

Re: In re Jason Emory McKemie, Case No. 26-30161-mvl7 (Chapter 7) Request for Filing on Monday, October 5, 2026 — Corrected Certificates of Service and Revised Proposed Orders for Hearings Set Tuesday, October 6, 2026 (ECF 110) and Thursday, October 8, 2026 (ECF 97 and 111)

Dear Clerk:

Please file the enclosed documents in the above case upon receipt on Monday, October 5, 2026. The documents are:

1. Notice of Correction and Corrected Certificates of Service, with Exhibit A (October 2, 2026 sent-email record, 12:13 a.m.) and Exhibit B (October 2, 2026 sent-email record, 12:25 a.m.). This notice corrects the service dates and methods in the certificates of service for my Response in Opposition to ECF 110 and my Reply in Support of ECF 97 / Response to ECF 111.

2. Notice of Submission of Revised Proposed Order Denying Annulment and Related Relief [ECF 110], with the attached Revised Proposed Order Denying Annulment, Property Declaration and Stay Modification [ECF 110] and Certificate of Service and Submission for Filing. Please docket this as relating to ECF 110.

3. Notice of Submission of Revised Proposed Order — Rule 2004 Discovery [ECF 97 and 111], with the attached Revised Proposed Order Granting Rule 2004 Discovery and Overruling Objection [ECF 97 and 111] and Certificate of Service and Submission for Filing. Please docket this as relating to ECF 97 and ECF 111.

Item 2 is the revised proposed order for the hearing on Gwendolyn Laura Ulijasz's Motion for Annulment of the Automatic Stay [ECF 110], set Tuesday, October 6, 2026. Item 3 is the revised proposed order for the hearing on my Motion for Rule 2004 Subpoenas [ECF 97] and the Objection [ECF 111], set Thursday, October 8, 2026. Item 1 corrects service information for the papers being heard at both settings. Because the first hearing is Tuesday, I respectfully ask that the documents be docketed on Monday, October 5, and linked to their related docket entries. That way the revised proposed orders will be in the Court's file before each hearing.

My Response in Opposition to ECF 110 and my Reply in Support of ECF 97 were sent separately by overnight delivery for filing. If any document in this package is incomplete or cannot be docketed

as submitted, please contact me at (214) 519-8958 or jmckemie@mckemie.net so I can correct it before the hearings.

Thank you for your help and assistance with this case. I appreciate it.

Respectfully,

Jason E McKemie

Jason Emory McKemie, Debtor, *Pro Se'*
(214) 519-8958
jmckemie@mckemie.net