| | |
|---|---|
| NO. DF-24-18010 | IN THE DISTRICT COURT |
| IN THE MATTER OF<br>THE MARRIAGE OF | 301ST JUDICIAL DISTRICT |
| | DALLAS COUNTY, TEXAS |
| GWENDOLYN ULIJASZ-MCKEMIE<br>AND<br>JASON MCKEMIE | |

**FINAL DECREE OF DIVORCE**

On **June 11, 2026**, the Court heard this cause.

**1. Appearances**

Petitioner, **GWENDOLYN ULIJASZ-McKEMIE** ("Wife"), appeared in person and through her attorneys of record, **Jonathan D. Steele** and **Rebecca Lee Armstrong**, announced ready for trial, and proved up her case on **Petitioner's First Amended Petition for Divorce filed June 23, 2025**, which is the live pleading and supersedes all prior petitions, including the December 2024 original pleading.

Respondent, JASON EMORY McKEMIE ("Husband"), previously appeared and answered pro se. The Court finds this case was a contested case for notice purposes. Husband received timely and sufficient notice of the final trial setting in compliance with Texas Rule of Civil Procedure 245 and due process, including notice served at his email of record. Husband failed to appear for trial. The Court proceeded by post-answer default, received testimony and admitted exhibits, and finds that the relief granted below is supported by the pleadings and the evidence.

**2. Record**

A record of the testimony and evidence was duly made by the official court reporter for the 301st Judicial District Court, Dallas County, Texas.

EXHIBIT
1

**3. Jurisdiction and Domicile**

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this cause and of all the parties and that at least sixty (60) days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner and Respondent had been a domiciliary of Texas for the preceding six-month period and Respondent was a resident of **Dallas County**, Texas, for the preceding ninety-day period.

**4. Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

**5. Findings on the Marriage**

The Court finds that the parties were married on **June 22, 2024**.

The Court further finds that **no informal (common-law) marriage existed between the parties before the ceremonial marriage of June 22, 2024**, and that the community estate commenced June 22, 2024, and continues to entry of this Final Decree pursuant to Tex. Fam. Code § 3.003(a).

**6. Divorce**

**IT IS ORDERED AND DECREED** that **GWENDOLYN ULIJASZ-McKEMIE**, Petitioner, and **JASON EMORY McKEMIE**, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability, pursuant to Tex. Fam. Code § 6.001. The Court enters **no finding of fault** against either party.

**7. Children of the Marriage**

The Court finds that **no children were born or adopted of the marriage of the parties and that none is expected.**

## 8. Division of the Marital Estate

The Court finds that the parties have **entered into no agreement incident to divorce**, that Respondent has wholly made default, and that the division set forth below is therefore **ordered by the Court** as a just and right division of the parties' marital estate, having due regard for the rights of each party.

The Court further finds that the division of the community estate as set forth herein is just and right under the circumstances, including the short duration of the marriage, the disparity in earning capacity, the conduct of the parties, the debt-heavy and net-negative character of the community estate, and the fact that Wife serviced and paid down the community debt from her separate income.

The Court finds that the Accenture RSUs/restricted stock awarded below consist of Wife's separate-property component, calculated under Texas Family Code § 3.007(d)–(e), and any community-property component subject to division. The Court confirms Wife's separate-property component to Wife and awards Wife one hundred percent (100%) of any community-property component as part of the just-and-right division. The Court does not include Wife's separate-property component in the divisible community estate.

Except as expressly provided in this Decree or in a beneficiary designation executed after the date this Decree is signed, each party is divested of and shall have no right, title, claim, or beneficiary interest in any retirement account, IRA, brokerage account, HSA, employee-benefit plan, life-insurance policy, stock plan, deferred-compensation plan, or financial account awarded or confirmed to the other party.

### A. Community Property Awarded to Wife

**IT IS ORDERED AND DECREED** that Wife, **GWENDOLYN ULIJASZ-McKEMIE**, is awarded the following as her sole and separate property, and Husband is divested of all right, title, interest, and claim in and to that property:

W-1. The UBS Accenture VEIP/ESPP brokerage account ending in **x5313**, with an approximate value of **$44,599.52**, together with all funds, securities, and accruals therein.

W-2. All Accenture Restricted Stock Units (RSUs), vested and unvested, granted to or held in the name of Wife, including the unvested shares, together with all rights to vesting, dividends, and proceeds thereof.

W-3. The Chase Checking account ending in **x9259** together with all funds on deposit therein.

W-4. The Accenture HSA account, together with all funds on deposit therein.

W-5. The BMW automobile, together with all keys, title documents, and equipment, subject to the indebtedness thereon as allocated below.

W-6. All clothing, jewelry, electronics, household furnishings, and other personal effects in Wife's possession or control.

W-7. Any and all Internet domain names registered to, held by, or otherwise in the possession or control of Husband that consist of, contain, or incorporate the name "Gwendolyn," "Gwen," or "Ulijasz," or any part, abbreviation, or variation thereof, together with all associated registrations, renewal rights, account credentials, and transfer authorization codes. Husband shall take all steps reasonably necessary to transfer each such domain name to Wife or her designee, including initiating and approving all registrar transfers and furnishing all required authorization codes, within thirty (30) days after the date this Decree is signed. Husband is enjoined from registering, renewing, transferring to a third party, monetizing, redirecting, publishing through, or otherwise using any domain name, social-media handle, email account, or online identifier using Wife's name or a confusingly similar variation.

W-8. Wife's guitar, baptism cross, and sobriety coins/medallions, including any such items in Husband's possession or control. Husband shall cause all such items in his possession or control to be appropriately and securely packed and shipped to Wife, at his expense, via FedEx with tracking, addressed to **11703 Huebner Road, Suite 106, PMB 499, San Antonio, Texas 78230**, within thirty (30) days after the date this Decree is signed. If Husband contends that any such item is no longer in his possession or control, Husband shall, within seven days after this Decree is signed, serve on Wife's counsel a sworn declaration identifying the item, its last known location, the date and manner of loss/transfer/disposition, and all persons known to have information regarding the item.

W-9. Any and all other community assets in Wife's name, possession, or control not otherwise awarded herein.

**B. Community Property Awarded to Husband**

**IT IS ORDERED AND DECREED** that Husband, **JASON EMORY McKEMIE**, is awarded the following as his sole and separate property, and Wife is divested of all right, title, interest, and claim in and to that property:

H-1. Any and all bank, retirement, or investment accounts in his own name.

H-2. The 2018 Jaguar F-Pace automobile, together with all keys, title documents, and equipment, subject to any indebtedness thereon as allocated below.

H-3. All clothing, jewelry, electronics, household furnishings, and other personal effects in Husband's possession or control.

H-4. Any and all other community assets in Husband's name, possession, or control not otherwise awarded herein.

**C. Confirmation of Wife's Separate Property**

The Court finds **by clear and convincing evidence**, and **CONFIRMS** as the sole and separate property of Wife, **GWENDOLYN ULIJASZ-McKEMIE**, the following property, which Wife traced to pre-marital sources, and each of which is **SET ASIDE** to Wife as her sole and separate property:

S-1. The **AIG 401(k) Plan**, valued at **$121,271.77** at the date of marriage and traced gap-free to its current value.

S-2. The **Ameriprise Traditional IRA** account ending in **7988**, traced to pre-marital E*TRADE and the pre-marital Cognizant 401(k).

S-3. The **Ameriprise Roth IRA** account ending in **6811**, traced to pre-marital E*TRADE Roth IRA and the pre-marital Cognizant 401(k) rollover. The combined Ameriprise corpus of **$449,000.53**, as reflected on the refreshed May 31, 2025 statements adopted by the Court, traces in full to pre-marital sources in Wife's name.

S-4. The **Advantigen Biosciences LLC** membership units, confirmed as Wife's pre-marital separate property by clear and convincing evidence of inception of title. The Court makes **no finding as to the current value** of these units, the record containing no current valuation; **the membership units themselves**, whatever their value, are set aside to Wife as her separate property.

S-5. Any and all other property shown by clear and convincing evidence to be Wife's separate estate, having been owned or claimed by her before the marriage, or acquired during the marriage by gift, devise, or descent.

The Court finds that the refreshed (May 31, 2025) statement values recited above are the values the Court adopts; any prior working or posture figure for Wife's separate estate is superseded by these findings.

**D. Debts to be Paid by Husband**

**IT IS ORDERED AND DECREED** that Husband, **JASON EMORY McKEMIE**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Wife and her property harmless from any failure to so discharge, the following debts and obligations:

HD-1. All credit-card, charge, and consumer-credit accounts titled in Husband's name or incurred by Husband, **excluding the debts identified in Section 8.F below except for Husband's one-half share of those debts**.

HD-2. Any indebtedness secured by the 2018 Jaguar F-Pace automobile awarded to Husband in Section 8.B, if any such indebtedness exists.

HD-3. Any and all other debts, charges, liabilities, and obligations incurred solely by Husband from and after the date of marriage, except as expressly provided otherwise herein.

**E. Debts to be Paid by Wife**

**IT IS ORDERED AND DECREED** that Wife, **GWENDOLYN ULIJASZ-McKEMIE**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Husband and his property harmless from any failure to so discharge, the following debts and obligations:

WD-1. The American Express account ending in **x7006**.

WD-2. The indebtedness secured by the BMW awarded to her above.

WD-3. Any and all other debts, charges, liabilities, and obligations incurred solely by Wife from and after the date of marriage, except as expressly provided otherwise herein.

**F. Debts Divided Equally Between the Parties**

**IT IS ORDERED AND DECREED** that, notwithstanding any other provision of this Decree, the following community debts shall be divided equally between the parties, with each party ordered to pay fifty percent (50%) of the outstanding balance of each such debt, together with the interest, fees, and charges attributable to that party's one-half share, within 30 days of entry of this Judgment, and each party shall indemnify and hold the other party and his or her property harmless from any failure to pay his or her one-half share:

JD-1. The SoFi loan, with an approximate outstanding balance of **$10,000**.

JD-2. The Chase credit card account, with an approximate outstanding balance of **$50,000**.

JD-3. The Citibank account, with an approximate outstanding balance of **$15,000**.

**G. Mutual Indemnification**

**IT IS ORDERED AND DECREED** that each party shall indemnify and hold the other party and his or her property harmless from any failure to discharge any debt, charge, liability, or obligation assigned to that party under this Decree. If either party fails to discharge a debt assigned to him or her and the other party is required to pay any portion thereof, the defaulting party shall reimburse the paying party for all sums so paid, together with reasonable attorney's fees, costs, and post-judgment interest. Nothing in this Decree modifies the rights of the Chapter 7 trustee in *In re McKemie*, N.D. Tex. No. 26-30161-MVL-7.

**9. Attorney's Fees**

**IT IS ORDERED AND DECREED** that each party shall be responsible for his or her own attorney's fees and costs incurred in this proceeding.

**10. Change of Name**

**The Court finds that Petitioner specifically requested this name change and that GWENDOLYN LAURA ULIJASZ is a name previously used by Petitioner. IT IS ORDERED AND DECREED** that the name of Petitioner, **GWENDOLYN ULIJASZ-McKEMIE**, is changed to **GWENDOLYN LAURA ULIJASZ**.

**11. Court-Ordered Documents; Execution of Instruments; Turnover**

**IT IS ORDERED AND DECREED** that each party shall, at the request of the other party or the other party's counsel, execute, acknowledge, and deliver any deed, title, assignment, release, qualified domestic relations order (QDRO), or other instrument, and shall perform any act, reasonably necessary to effectuate and carry out the terms of this Decree, including the division and transfer of the retirement, brokerage, and financial accounts awarded herein.

**IT IS FURTHER ORDERED AND DECREED** that each party shall surrender and turn over to the other party, within **thirty (30) days** after the date this Decree is signed, all property awarded to the other party under this Decree that is in his or her possession or subject to his or her control, together with all keys, titles, statements, and documents of ownership.

If a party fails to comply within the time specified, the Court may, on motion, appoint the District Clerk or a constable to execute any necessary instrument on that party's behalf, and such execution shall be valid as if executed by the party.

**12. Discharge from Duty to Preserve Discovery**

**IT IS ORDERED AND DECREED** that the parties are discharged from the requirement of keeping and storing the documents produced in this case in accordance with Rule 191.4(d) of the Texas Rules of Civil Procedure.

Notwithstanding any discharge from Texas Rule of Civil Procedure 191.4(d), each party shall preserve all documents, financial records, account statements, transfer records, domain-registration records, communications, shipment records, exhibits, and other materials reasonably necessary to enforce this Decree, respond to any appeal, restricted appeal, motion for new trial, bankruptcy trustee request, creditor claim, tax filing, or enforcement proceeding.

**13. Costs**

**IT IS ORDERED AND DECREED** that costs of court are taxed against the party who incurred them.

**14. Denial of Respondent's Counterpetition and Affirmative Relief**

**IT IS ORDERED AND DECREED** that Respondent, **JASON EMORY McKEMIE**, having failed to appear, prosecute, or proceed at trial, all relief requested in Respondent's Original Counterpetition for Divorce, his First Amended Counterpetition for Divorce, and any other pleading or request for affirmative relief filed by Respondent is in all respects **DENIED.**

**15. Finality**

This judgment finally disposes of all claims and all parties, is appealable, and is a final judgment. **All relief requested in this case and not expressly granted in this Decree is DENIED.**

**SIGNED** this 26 day of June, 2026.

______________________________

**JUDGE PRESIDING**

**APPROVED AND ENTRY REQUESTED:**

/s/______________________________
**Jonathan D. Steele**
Beermann LLP
*(admitted pro hac vice)*