Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
BEERMANN LLP
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700
jsteele@beermannlaw.com

Richard G. Dafoe
Texas Bar No. 05309500
WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.
1717 Main Street, Suite 2500
Dallas, Texas 75201
Telephone: 214.979.7427
rdafoe@wslawpc.com

Counsel for Movant Gwendolyn Ulijasz

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | Hearing: November 18, 2026, |
| | § | 9:30 a.m. |
| | | (Stay Motion, ECF No. 110) |

**MOVANT GWENDOLYN ULIJASZ'S MOTION FOR LEAVE TO GIVE ANY TESTIMONY AT THE NOVEMBER 18, 2026 HEARING BY WEBEX VIDEOCONFERENCE**

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

Gwendolyn Ulijasz ("Movant"), the movant on the Motion for Relief from the Automatic Stay filed on September 11, 2026 (ECF No. 110) (the "Stay Motion"), files this Motion for Leave to Give Any Testimony at the November 18, 2026 Hearing by WebEx Videoconference (the "Motion") and respectfully shows the Court as follows:

## I. RELIEF REQUESTED

1. The Stay Motion is set for a final, in-person evidentiary hearing on November 18, 2026 (the "November 18 Hearing"). As stated in her Response to the Debtor's Motion to Compel, filed today (the "Response"), Movant has limited the relief she will seek at that hearing and does not intend to testify. The Debtor has asked the Court to order her to appear in person so that he may examine her, and Movant opposes that request for the reasons stated in the Response. By this Motion she asks the Court to rule in advance that any testimony she is permitted or required to give at the November 18 Hearing may be given by WebEx videoconference, with her camera on throughout, under the safeguards proposed in Part III.C and any others the Court directs. The request invokes the discretion that paragraph 1(b) of General Order 2023-05 reserves. Her counsel will be present in the courtroom, and she will be available by WebEx for the entire hearing. Movant acknowledges that a final hearing on a motion for relief from the stay is ordinarily conducted in person and that she has known of the in-person setting since October 2026. Her circumstances have changed since then. On November 10, 2026, she received medical treatment at the hospital, she is scheduled for further treatment on the afternoon before the hearing, and she has since been advised not to travel. She did not anticipate that treatment or that advice when the hearing was set. Because she must arrange any attendance in accordance with the Court's ruling, she asks for a decision before November 18 and has filed a separate application for expedited consideration for that purpose.

## II. BACKGROUND

2. The Debtor filed this Chapter 7 case on January 12, 2026. Movant is the petitioner in the parties' divorce proceeding, Cause No. DF-24-18010 in the 301st Judicial District Court of Dallas County, Texas (the "Divorce Court"). The Divorce Court signed a Final Decree of

Divorce on June 26, 2026. On September 18, 2026, it granted the Debtor’s motion for new trial in part, as to the division and characterization of property; vacated sections 8, 9, and 11 through 15 of the Decree; ordered that sections 1 through 7 and 10 “remain in full force and effect but are interlocutory”; and provided that “[t]he remaining issues shall be set for trial once the stay has been lifted or Respondent’s bankruptcy case is otherwise disposed.” A copy of the Divorce Court’s September 18, 2026 ruling is attached as Exhibit C, and Movant asks the Court to take judicial notice of it under Fed. R. Evid. 201.

3. Movant filed the Stay Motion on September 11, 2026, supported by her declaration and documentary exhibits. At the preliminary hearing on October 6, 2026, the Court passed the Stay Motion, together with the Debtor’s Rule 2004 motion (ECF No. 97), to a final, in-person evidentiary hearing on November 18, 2026 at 9:30 a.m. ECF No. 129. Movant’s counsel filed a notice of that setting on October 7, 2026, which states that the hearing will be conducted in person. ECF No. 128.

4. Movant lives in San Antonio, Bexar County, Texas, and is employed full time. The Earle Cabell Federal Building at 1100 Commerce Street in Dallas is approximately 275 miles from her home, about four and a half hours by car each way. Because the hearing is set for 9:30 a.m., attending in person would require her to drive up the day before and stay overnight, or to fly, and would cost her the workday of November 18. In either case she would bear the cost of roughly 550 miles of driving or a round-trip airfare. Declaration of Gwendolyn Ulijasz (“Ulijasz Decl.”), attached as Exhibit A, ¶¶ 3–5. She has the equipment and connection to participate by WebEx video, will be available for the entire hearing and any continued session, and will testify alone from a private room with only the parties’ designated exhibits before her. *Id.* ¶¶ 6–9. Since the hearing was set, Movant’s circumstances have changed. On November 10, 2026, she

received medical treatment at the hospital. She is scheduled to return for further treatment on November 13 and on the afternoon of November 17, the day before the hearing. She has since been advised not to travel, and that advice applies to the travel the November 18 Hearing would require. She did not anticipate the treatment or the advice when the hearing was set. *Id.* ¶¶ 5, 10; Ex. D.

5. On Saturday, November 7, 2026, the Debtor, who represents himself, emailed Movant's counsel that he would file a "Motion to Compel the Movant's In-Person Appearance and related relief concerning the November 18, 2026 hearing," and asked whether Movant opposed it. Movant's counsel responded the same day that she does. On November 10, 2026, the Debtor served that motion, together with a witness list that designates Movant as an adverse witness he intends to call. His motion objects to any remote testimony by Movant. Movant gave the Debtor and the Chapter 7 Trustee notice of this Motion by email the same day. That evening the Debtor served an opposition to any remote testimony by Movant (the "Opposition" or "Opp."), which attaches that notice as Exhibit 8 and which he states is his response to this Motion. Movant files this Motion on the next business day.

## III. ARGUMENT AND AUTHORITIES

### A. The governing standard.

6. Rule 43(a) provides that testimony is taken in open court and that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Rule 43 applies in cases under the Code through Fed. R. Bankr. P. 9017, and testimony on disputed material factual issues in a contested matter is taken in the same manner as in an adversary proceeding. Fed. R. Bankr. P. 9014(d). The Advisory Committee's note to the 1996

amendment cautions that "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial," that the most persuasive showings involve a witness unexpectedly unable to attend, that other justifications "must be approached cautiously," and that a party who could reasonably foresee the circumstances "will have special difficulty in showing good cause and the compelling nature of the circumstances." The same note directs that notice of a request to transmit testimony "should be given as soon as the reasons are known," so that other parties may "secure an advance ruling on transmission." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment. Movant has drafted this Motion, and the schedule she proposes in her request for expedited consideration, with each of those directions in view.

7. General Order 2023-05 implements Rule 43 in this District. Final hearings on motions to lift the stay are conducted in person, "provided that the Court may, in its discretion, authorize any of the foregoing types of hearings to be conducted in a hybrid mode, particularly if all affected parties consent to the alternative mode." General Order 2023-05 ¶ 1(b). Consent is a consideration that favors a hybrid setting; it is not a condition of one. The history of the order confirms the point. The predecessor order allowed a final hearing on a motion to lift the stay to proceed remotely or in a hybrid mode only "if all affected parties have consented to the alternative mode." General Order 2021-06 ¶ 1(b) (Bankr. N.D. Tex. June 14, 2021). General Order 2023-05 replaced that condition with discretion exercised "particularly," but not only, when the parties consent, and it changed "no remote attendance permitted" to "remote attendance generally not permitted." The Court chose that language. The Debtor's opposition is a factor, not a veto. The Court's WebEx procedures already prescribe how a witness testifies remotely when permission is given: on video, not by telephone alone, with the party calling the witness responsible for supplying the witness with all designated exhibits. Judge-Specific Guidelines for

Judge Michelle V. Larson, Telephonic and Videoconference Hearing Policy ¶¶ 2, 4; General Order 2023-05 ¶ 2. Movant asks the Court to apply those procedures to one witness at this hearing, if she testifies.

**B. The circumstances established by the declaration.**

8. *Medical treatment and the burden of attendance.* On November 10, 2026, Movant received medical treatment at the hospital. She is scheduled to return for further treatment on November 13 and on the afternoon of November 17, the day before the hearing. Her treating provider, a family nurse practitioner, has since recommended that she refrain from travel for the next two months, through approximately January 11, 2027, because travel during that period "would pose an increased risk to her health and could interfere with the continuity and effectiveness of current treatment." The provider also states that Movant "remains able to participate in video conferencing," with reasonable breaks as needed. Ulijasz Decl. ¶ 5; Ex. D. That advice applies to the travel the November 18 Hearing would require. The Advisory Committee's note identifies illness as the clearest case for remote testimony: "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment. Movant's showing is of that kind. Her treatment began after the hearing was set, she has been advised not to travel, and her provider states that she remains able to participate by video from San Antonio. Her treatment also adds to the ordinary burden of attendance. Movant lives approximately 275 miles from the courthouse and works full time. For a 9:30 a.m. setting, in-person attendance would require travel to Dallas immediately before the hearing, following treatment scheduled for the preceding afternoon, and it would cost her a full day of work. By WebEx she would be away from work only for the hearing itself. Ulijasz Decl. ¶¶ 3–5. *Cf. FTC*

*v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 1–2 (D.D.C. 2000) (finding good cause where a witness would otherwise travel from Oklahoma to Washington, D.C.). Movant recognizes that courts have not treated domestic travel expense alone as sufficient. *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479–81 (D. Md. 2010) (permitting video testimony from plaintiffs in Honduras in light of visa difficulty and the expense of international travel; finding a Tennessee plaintiff's travel expense insufficient; not reaching a Virginia plaintiff about whom nothing was offered). She does not rest on expense alone.

9. *The testimony*. Movant does not intend to testify in support of the relief she will request, which she expects to establish principally through court records. Response ¶¶ 6–7. If she testifies, it will be because the Court permits the Debtor to call her or wishes to hear from her. The scope and length of any examination are for the Court. Movant asks that any examination be confined to disputed material issues bearing on her two requests and on ECF No. 97, and that the Court identify those issues in its ruling on this Motion. Testimony so confined can be observed and tested on video: the Debtor would examine her contemporaneously, with the same exhibits before her and before him, and the Federal Rules of Evidence would apply as they would if she were in the courtroom. Courts applying Rule 43(a) have treated the scope of the testimony as an important consideration. *Compare Katzin v. United States*, 124 Fed. Cl. 122, 125–26 (2015) (permitting a non-party physician more than 900 miles from the courthouse to testify by video in light of the burden on his practice and appropriate safeguards, where his testimony was expected to be brief and was reflected in an earlier declaration), *with Herrmann v. United States*, 129 Fed. Cl. 780, 782–84 (2017) (denying video testimony to witnesses about 200 miles away who had four months' notice of the trial date, offered only ordinary business and childcare obligations, faced no substantial expense, and were expected to give several hours of testimony on the key

disputed issue). Movant acknowledges that, on distance alone, her circumstances are closer to *Herrmann* than to *Katzin*, and that she has had six weeks' notice of the setting. Unlike the witnesses in *Herrmann*, she is in medical treatment that began after the setting.

10. *Timing, and the decisions in this District.* The recent decisions in this District denying remote testimony turned on foreseeability and on the absence of anything beyond inconvenience. In *Vertigo Artography, Ltd. v. Champagne Cowgirl, LLC*, No. 3:24-cv-120-BN, ECF No. 60, at 8–10 (N.D. Tex. Apr. 15, 2025), the court denied leave for a party's officers in Scotland to appear by video because it was reasonably foreseeable that their testimony would be needed, the showing was "mere inconvenience," and the movant "ha[d] not outlined any specific appropriate safeguards." In *Mobu Enterprises Pty Ltd. v. John Galt Solutions, Inc.*, No. 3:23-cv-617-BN, ECF No. 90, at 2–6 (N.D. Tex. May 16, 2025), the court denied leave for a witness in Australia where the movant had not shown that her inability to travel was unforeseeable when she was deposed, and her deposition remained available. Both applied the rule that "[i]nconvenience of the witness is not enough to satisfy the Rule 43 burden; neither are reasonably foreseeable circumstances." *Mobu*, ECF No. 90, at 2 (quoting *Callier v. Jascott Invs., LLC*, No. 3:22-CV-00301-LS, 2025 WL 97846, at *1 (W.D. Tex. Jan. 14, 2025)). Movant does not minimize those decisions. In *Vertigo* the movant also asserted that its "testimony will be limited to damages issues," and the court denied leave. *Vertigo*, ECF No. 60, at 8. Movant does not rest on a prediction about how long any examination will last. She has known since October that the hearing is set in person, and the ordinary burdens of travel from San Antonio were foreseeable then. Her medical treatment was not. When the hearing was set in October, she did not anticipate the November 10 hospital treatment, the further treatment scheduled for November 13 and 17, or the resulting advice not to travel. Ulijasz Decl. ¶ 10. She relies on that change, on the Court's

authority to confine any examination to the issues that remain, on live two-way video in place of a telephone call, and on nine specific safeguards. The Debtor announced his request for an attendance order on November 7 and served his motion on November 10. Movant gave him and the Chapter 7 Trustee notice of this request the same day, and she seeks an advance determination on the next business day so that both parties can prepare and the Court is spared a dispute about attendance on the morning of November 18. The Opposition raises two further points. It says that Movant has stated no reason she cannot attend in person. Opp. Part II.d–e. The Opposition was served on November 10, the day Movant was treated at the hospital. She has since been advised not to travel. It also devotes a section and six exhibits to whether the Debtor is dangerous. Opp. Part III & Exs. 4–7, 9, 10. This Motion does not rest on any claim about Movant's safety, and the Court need not consider those materials to decide it.

11. *The interests of both courts.* The Divorce Court has provided that the retrial of the property division will be set once the automatic stay is lifted or this case is otherwise disposed. Ex. C. Resolving the mode of any testimony by Movant now preserves the November 18 setting and, with it, the sequence the Divorce Court has established.

12. *The Debtor's examination.* If the Court permits the Debtor to examine Movant, he will question her in open court, under oath, on the record, while the Court observes her; he may use any designated exhibit; and he may raise any evidentiary objection. Courts permitting testimony by contemporaneous transmission have found no prejudice where those features are present. *Swedish Match*, 197 F.R.D. at 1–2 (no prejudice where the witness testifies through live video in open court, under oath, subject to cross-examination, and the court can assess credibility); *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500–01 (2010) (permitting videoconference testimony from Oregon, where the parties had agreed to the format and the

court had observed the witness in person in an earlier phase; videoconferencing did not significantly affect examination or the court's ability to assess credibility; ordering that no one else be present with the witness and that she have the exhibits before her); *see also In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643–44 (E.D. La. 2006) (in multidistrict litigation, permitting a corporate officer to testify by contemporaneous video transmission and observing that live video lets the factfinder see the witness and serves the goals of in-person testimony).

**C. Proposed safeguards.**

13. The Advisory Committee's note calls for safeguards "that ensure accurate identification of the witness and that protect against influence by persons present with the witness," together with assurance of accurate transmission. Movant proposes the following, each of which is written into the proposed order attached as Exhibit B, and will comply with any others the Court directs:

> (1) Movant will attend by WebEx video using the Court's link for Judge Larson, with her camera on at all times while she is testifying and positioned to show her face and hands. She will not testify by telephone only.
>
> (2) Movant will testify from a private room with no other person present, will confirm that on the record before testifying, and will pan the camera to show the room at the request of the Court or the examining party, subject to the Court's direction.
>
> (3) Movant will be sworn by the courtroom deputy and will identify herself on the record; she will display government-issued photo identification to the camera if directed.
>
> (4) Before the hearing, Movant's counsel will provide her with paper copies of all parties' designated exhibits, in accordance with General Order 2023-05 ¶ 2 and the Telephonic and Videoconference Hearing Policy ¶ 4. While testifying she will have before her only those exhibits and any additional material the Court permits a party to use during examination. Designation or provision of an exhibit does not determine its admissibility.
>
> (5) While testifying, Movant will not engage in off-the-record communication with counsel or anyone else, electronically or otherwise, except as the Court authorizes. Any telephone or other device not used for the WebEx connection will be off and out of reach. Communications with her about her testimony during any recess will be subject to the Court's direction.

(6) If Movant loses the audio or video connection needed to hear the questions, to be observed by the Court, or to give her testimony, she will stop testifying and promptly notify the courtroom deputy by the method the Court designates. Her testimony will resume only at the Court's direction.

(7) Movant's counsel will be present in the courtroom.

(8) Movant will connect at least ten minutes before the hearing begins, will test her connection with the courtroom deputy in advance if directed, and will remain available by WebEx until excused by the Court.

(9) Movant participates remotely at her own risk as to technical interruption, as General Order 2023-05 provides.

## IV. CONCLUSION AND PRAYER

14. Movant respectfully requests that the Court grant this Motion; enter an order in the form attached as Exhibit B providing that any testimony she is permitted or required to give at the November 18 Hearing may be given by WebEx videoconference under the safeguards stated in it; and grant her such other and further relief to which she may be entitled.

Respectfully submitted,

BEERMANN LLP

By: /s/ Jonathan D. Steele
Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700
jsteele@beermannlaw.com

Local counsel: Richard G. Dafoe (Texas Bar No. 05309500)
Waddell Serafino Geary Rechner Jenevein, P.C., Dallas, Texas

COUNSEL FOR MOVANT GWENDOLYN ULIJASZ

## CERTIFICATE OF CONFERENCE

Pursuant to Local Bankruptcy Rules 7007-1(b) and 9014-1(b), the undersigned certifies as follows. On November 7, 2026, the Debtor, who represents himself, emailed the undersigned and Movant's local counsel, Richard G. Dafoe, stating that he intended to file a motion to compel Movant's in-person appearance at the November 18, 2026 hearing and asking whether Movant opposed that relief. The undersigned responded by email the same day that Movant opposes it. The Debtor's motion, served on November 10, 2026, states that he "objects now to any remote appearance or remote testimony by the Movant." On November 10, 2026, the undersigned emailed the Debtor and the Chapter 7 Trustee, Areya Holder Aurzada, describing the relief requested in this Motion and the proposed safeguards and asking for their positions by 9:00 a.m. Central Time on November 12, 2026. The Debtor responded by email on November 10, 2026 and asked that his response be included in full. It reads:

> Mr. Steele:
>
> This responds to your email of November 10, 2026, 11:24 a.m.
>
> (a) WebEx motion. OPPOSED.
>
> The Debtor opposes any request that Ms. Ulijasz give testimony by WebEx or other remote means at the November 18, 2026 evidentiary hearing. The grounds are stated in the Debtor's Opposition to Movant's Request to Testify by WebEx, with exhibits, which was served on you by email on November 10, 2026 and is in overnight delivery to the Clerk for November 12, 2026. I do not attach it again.
>
> (b) Expedited schedule.
>
> The Debtor AGREES that:
>
> - the Debtor's Motion to Compel Movant's In-Person Appearance and Testimony,
>
> - the Debtor's Opposition to Movant's Request to Testify by WebEx at the November 18, 2026 Evidentiary Hearing (served November 10, 2026), and
>
> - the Movant's anticipated (see Motion to Compel ¶¶ 5, 14) and forthcoming motion to testify remotely by WebEx
>
> should be considered and decided together on or before Monday, November 16, 2026, as the Debtor's Motion for Expedited Consideration has already requested for the Motion to Compel.
>
> The Debtor DOES NOT AGREE that a short WebEx hearing is needed and asks for a ruling on the papers before the court.
>
> The Debtor has no CM/ECF access. The Opposition served November 10 is his response to the WebEx motion. If your filing raises matter not addressed there, he will serve a supplement by email on counsel and the courtroom deputy by 5:00 p.m. Central on Friday, November 13, 2026, with the ink-signed original to follow to the Clerk.
>
> Please serve your response to the Motion to Compel and your WebEx motion on me by email when you file them, and PLEASE INCLUDE THIS RESPONSE IN FULL IN YOUR FORTHCOMING FILING WITH THE COURT.

Jason Emory McKemie, Debtor, pro se

No response had been received from the Chapter 7 Trustee when this Motion was filed. The undersigned learned of the medical circumstances described in Movant's declaration on November 11, 2026. The Debtor and the Chapter 7 Trustee receive the declaration describing them with this Motion, and the Debtor's stated deadline of 5:00 p.m. Central Time on November 13, 2026 for any supplement allows him to address them. The undersigned will advise the Court promptly of any position received.

/s/ Jonathan D. Steele
Jonathan D. Steele

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 12, 2026, a true and correct copy of this Motion, with Exhibits A through D, was served (a) on the Debtor, Jason Emory McKemie, pro se, by email at jmckemie@mckemie.net and by first-class United States mail at his address of record on the Court's docket, 539 W. Commerce St., #2010, Dallas, Texas 75208; and (b) on the Chapter 7 Trustee, Areya Holder Aurzada, the United States Trustee, and all other parties receiving electronic notice in this case, through the Court's CM/ECF system.

/s/ Jonathan D. Steele
Jonathan D. Steele

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | Hearing: November 18, 2026, |
| | § | 9:30 a.m. |
| | | (Stay Motion, ECF No. 110) |

**DECLARATION OF GWENDOLYN ULIJASZ IN SUPPORT OF HER MOTION FOR LEAVE TO GIVE ANY TESTIMONY AT THE NOVEMBER 18, 2026 HEARING BY WEBEX VIDEOCONFERENCE**

I, Gwendolyn Ulijasz, declare as follows:

1. I am over eighteen years of age and competent to make this declaration. The facts stated here are within my personal knowledge and are true and correct. I submit this declaration in support of my Motion for Leave to Give Any Testimony at the November 18, 2026 Hearing by WebEx Videoconference.

2. I am the movant on the Motion for Relief from the Automatic Stay filed on September 11, 2026 (ECF No. 110), and I signed the declaration filed with it.

3. I live in San Antonio, Bexar County, Texas. I am employed full time, and a weekday hearing in Dallas falls within my working hours.

4. The federal courthouse at 1100 Commerce Street in Dallas is approximately 275 miles from my home. In normal traffic the drive takes about four and a half hours each way.

5. On November 10, 2026, I received medical treatment at the hospital. I am scheduled to return for further treatment on November 13, 2026, and again on the afternoon of November 17, 2026, the day before the hearing. Since my November 10 treatment, my treating provider, Jennifer Lopez, FNP-C, of Texan Family Clinic in San Antonio, has recommended that I refrain

from travel for the next two months, through approximately January 11, 2027. Her letter is attached to my motion as Exhibit D. That advice applies to the travel to Dallas that attending the November 18 hearing in person would require. The hearing is set for 9:30 a.m. Driving takes about four and a half hours each way, so to attend in person I would need to drive to Dallas after my treatment on the afternoon of November 17, or that evening, and stay overnight. Flying would cost a round-trip fare plus ground transportation at each end and would still take the full day. Either way I would miss the full workday on November 18. If I attend by WebEx, I would be away from work only for the hearing itself.

6. I have a computer with a working camera and microphone and a reliable high-speed internet connection, and I use videoconferencing regularly. I am able to attend the November 18, 2026 hearing by WebEx video and to testify that way.

7. If the Court permits me to appear by WebEx, I will be available for the entire hearing and for any recess or continued session the Court directs. I will connect at least ten minutes before the hearing begins and will test my connection with the courtroom deputy in advance if the Court asks.

8. If the Court permits me to testify by WebEx, I will testify from a private room with the door closed and no one else present; keep my camera on throughout, positioned to show my face and hands; confirm on the record that I am alone and show the room on camera if asked; have before me only the paper copies of all parties' designated exhibits that my counsel provides, and anything else the Court permits; not communicate off the record with my lawyers or anyone else by any means while I am testifying, unless the Court allows it; keep my phone and any other device not used for the hearing turned off and out of reach; and, if I lose the audio or video

connection, stop testifying and notify the courtroom deputy by the method the Court designates, resuming only when the Court directs.

9. I understand that if I participate remotely I do so at my own risk as to technical problems, as the Court's General Order 2023-05 provides.

10. I have known since October 2026 that the hearing on my motion is set for November 18, 2026 in Dallas as an in-person hearing. When the hearing was set, I did not anticipate the hospital treatment on November 10, 2026, the further treatment scheduled for November 13 and 17, 2026, or the advice not to travel. I understand that Mr. McKemie has asked the Court to require me to attend in person so that he can question me. If the Court permits or requires me to testify, I ask to do so by WebEx video under the conditions described above, and I will abide by the Court's ruling.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November ___, 2026, at San Antonio, Texas.

_______________________________
Gwendolyn Ulijasz

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

**ORDER GRANTING MOVANT GWENDOLYN ULIJASZ'S MOTION FOR LEAVE TO GIVE ANY TESTIMONY AT THE NOVEMBER 18, 2026 HEARING BY WEBEX VIDEOCONFERENCE**

Before the Court is Movant Gwendolyn Ulijasz's Motion for Leave to Give Any Testimony at the November 18, 2026 Hearing by WebEx Videoconference, filed November 12, 2026 (the "Motion"), by Gwendolyn Ulijasz ("Movant"), the movant on the Motion for Relief from the Automatic Stay (ECF No. 110) (the "Stay Motion"). Having considered the Motion, the Declaration of Gwendolyn Ulijasz, any response, and the record, the Court finds that notice of the Motion was sufficient under the circumstances; that good cause exists in compelling circumstances, within the meaning of Fed. R. Civ. P. 43(a), for any testimony by Movant at the November 18, 2026 hearing to be given by contemporaneous transmission from a different location; and that the safeguards set out below are appropriate. It is therefore



EXHIBIT
B

ORDERED that the Motion is GRANTED as set forth in this Order; and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 43(a), Fed. R. Bankr. P. 9017, and paragraph 1(b) of General Order 2023-05, the hearing set for November 18, 2026 will be conducted in a hybrid mode as to Movant's participation. To the extent Movant's testimony is permitted or required at that hearing, she may give it by WebEx videoconference using the Court's WebEx link for Judge Larson, and her appearance by WebEx in compliance with this Order satisfies any requirement that she attend. She need not be physically present in the courtroom unless the Court orders otherwise. Her participation is subject to the following conditions:

1. Movant shall appear with the WebEx video function activated at all times while she is testifying and shall not testify by telephone only. Her camera shall be positioned to show her face and hands clearly.

2. Movant shall testify from a private room with no other person present. Before testifying she shall confirm on the record that she is alone, and she shall pan the camera to display the room at the request of the Court or of the examining party, subject to the Court's direction.

3. Movant shall be sworn by the courtroom deputy and shall identify herself on the record. If directed by the Court, she shall display government-issued photo identification to the camera.

4. Before the hearing, counsel for Movant shall provide Movant with paper copies of all parties' designated exhibits. While testifying, Movant shall have before her only those exhibits and any additional material the Court permits a party to use during examination. The designation or provision of an exhibit does not determine its admissibility.

5. While testifying, Movant shall not engage in off-the-record communication with counsel or any other person, electronically or otherwise, except as authorized by the Court. Any telephone or other device not used for the WebEx connection shall be turned off and out of reach. Communications with Movant about her testimony during any recess are subject to the Court's direction.

6. If Movant loses the audio or video connection necessary to hear the questions put to her, to be observed by the Court, or to give her testimony, she shall stop testifying and shall promptly notify the courtroom deputy by the method the Court designates for that purpose. Her testimony shall resume only at the Court's direction.

7. Counsel for Movant shall be present in the courtroom.

8. Movant shall connect to the WebEx hearing at least ten minutes before it begins, shall test her connection with the courtroom deputy in advance if directed, and shall remain available by WebEx until excused by the Court.

9. Movant participates remotely at her own risk as to technical interruption, as General Order 2023-05 provides.

ORDERED that this Order determines only the manner of Movant's participation and of any testimony she gives at the November 18, 2026 hearing. It does not determine whether Movant will be called as a witness, the admissibility of any exhibit or declaration, or the permissible scope of examination, each of which remains subject to the Federal Rules of Evidence and the rulings of the Court; and it is further

ORDERED that counsel for Movant shall serve a copy of this Order on the Debtor and on the Chapter 7 Trustee within one business day after its entry and shall file a certificate of service.

# # # End of Order # # #

**Prepared and submitted by:**
**BEERMANN LLP**
Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
Richard G. Dafoe
Texas Bar No. 05309500
1717 Main Street, Suite 2500
Dallas, Texas 75201
Telephone: 214.979.7427

Counsel for Movant Gwendolyn Ulijasz

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

**ORDER GRANTING MOVANT GWENDOLYN ULIJASZ'S MOTION FOR LEAVE TO GIVE ANY TESTIMONY AT THE NOVEMBER 18, 2026 HEARING BY WEBEX VIDEOCONFERENCE**

Before the Court is Movant Gwendolyn Ulijasz's Motion for Leave to Give Any Testimony at the November 18, 2026 Hearing by WebEx Videoconference, filed November 12, 2026 (the "Motion"), by Gwendolyn Ulijasz ("Movant"), the movant on the Motion for Relief from the Automatic Stay (ECF No. 110) (the "Stay Motion"). Having considered the Motion, the Declaration of Gwendolyn Ulijasz, any response, and the record, the Court finds that notice of the Motion was sufficient under the circumstances; that good cause exists in compelling circumstances, within the meaning of Fed. R. Civ. P. 43(a), for any testimony by Movant at the November 18, 2026 hearing to be given by contemporaneous transmission from a different location; and that the safeguards set out below are appropriate. It is therefore

ORDERED that the Motion is GRANTED as set forth in this Order; and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 43(a), Fed. R. Bankr. P. 9017, and paragraph 1(b) of General Order 2023-05, the hearing set for November 18, 2026 will be conducted in a hybrid mode as to Movant's participation. To the extent Movant's testimony is permitted or required at that hearing, she may give it by WebEx videoconference using the Court's WebEx link for Judge Larson, and her appearance by WebEx in compliance with this Order satisfies any

requirement that she attend. She need not be physically present in the courtroom unless the Court orders otherwise. Her participation is subject to the following conditions:

1. Movant shall appear with the WebEx video function activated at all times while she is testifying and shall not testify by telephone only. Her camera shall be positioned to show her face and hands clearly.

2. Movant shall testify from a private room with no other person present. Before testifying she shall confirm on the record that she is alone, and she shall pan the camera to display the room at the request of the Court or of the examining party, subject to the Court's direction.

3. Movant shall be sworn by the courtroom deputy and shall identify herself on the record. If directed by the Court, she shall display government-issued photo identification to the camera.

4. Before the hearing, counsel for Movant shall provide Movant with paper copies of all parties' designated exhibits. While testifying, Movant shall have before her only those exhibits and any additional material the Court permits a party to use during examination. The designation or provision of an exhibit does not determine its admissibility.

5. While testifying, Movant shall not engage in off-the-record communication with counsel or any other person, electronically or otherwise, except as authorized by the Court. Any telephone or other device not used for the WebEx connection shall be turned off and out of reach. Communications with Movant about her testimony during any recess are subject to the Court's direction.

6. If Movant loses the audio or video connection necessary to hear the questions put to her, to be observed by the Court, or to give her testimony, she shall stop testifying and shall promptly notify the courtroom deputy by the method the Court designates for that purpose. Her testimony shall resume only at the Court's direction.

7. Counsel for Movant shall be present in the courtroom.

8. Movant shall connect to the WebEx hearing at least ten minutes before it begins, shall test her connection with the courtroom deputy in advance if directed, and shall remain available by WebEx until excused by the Court.

9. Movant participates remotely at her own risk as to technical interruption, as General Order 2023-05 provides.

ORDERED that this Order determines only the manner of Movant's participation and of any testimony she gives at the November 18, 2026 hearing. It does not determine whether Movant will be called as a witness, the admissibility of any exhibit or declaration, or the

permissible scope of examination, each of which remains subject to the Federal Rules of Evidence and the rulings of the Court; and it is further

ORDERED that counsel for Movant shall serve a copy of this Order on the Debtor and on the Chapter 7 Trustee within one business day after its entry and shall file a certificate of service.

# # # End of Order # # #

**Prepared and submitted by:**
**BEERMANN LLP**
Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
Richard G. Dafoe
Texas Bar No. 05309500
1717 Main Street, Suite 2500
Dallas, Texas 75201
Telephone: 214.979.7427

Counsel for Movant Gwendolyn Ulijasz

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | Hearing: November 18, 2026, |
| | § | 9:30 a.m. |
| | | (Stay Motion, ECF No. 110) |

**DECLARATION OF GWENDOLYN ULIJASZ IN SUPPORT OF
HER MOTION FOR LEAVE TO GIVE ANY TESTIMONY AT THE
NOVEMBER 18, 2026 HEARING BY WEBEX VIDEOCONFERENCE**

I, Gwendolyn Ulijasz, declare as follows:

1. I am over eighteen years of age and competent to make this declaration. The facts stated here are within my personal knowledge and are true and correct. I submit this declaration in support of my Motion for Leave to Give Any Testimony at the November 18, 2026 Hearing by WebEx Videoconference.

2. I am the movant on the Motion for Relief from the Automatic Stay filed on September 11, 2026 (ECF No. 110), and I signed the declaration filed with it.

3. I live in San Antonio, Bexar County, Texas. I am employed full time, and a weekday hearing in Dallas falls within my working hours.

4. The federal courthouse at 1100 Commerce Street in Dallas is approximately 275 miles from my home. In normal traffic the drive takes about four and a half hours each way.

5. On November 10, 2026, I received medical treatment at the hospital. I am scheduled to return for further treatment on November 13, 2026, and again on the afternoon of November 17, 2026, the day before the hearing. Since my November 10 treatment, my treating provider, Jennifer Lopez, FNP-C, of Texan Family Clinic in San Antonio, has recommended that I refrain



EXHIBIT
A

from travel for the next two months, through approximately January 11, 2027. Her letter is attached to my motion as Exhibit D. That advice applies to the travel to Dallas that attending the November 18 hearing in person would require. The hearing is set for 9:30 a.m. Driving takes about four and a half hours each way, so to attend in person I would need to drive to Dallas after my treatment on the afternoon of November 17, or that evening, and stay overnight. Flying would cost a round-trip fare plus ground transportation at each end and would still take the full day. Either way I would miss the full workday on November 18. If I attend by WebEx, I would be away from work only for the hearing itself.

6. I have a computer with a working camera and microphone and a reliable high-speed internet connection, and I use videoconferencing regularly. I am able to attend the November 18, 2026 hearing by WebEx video and to testify that way.

7. If the Court permits me to appear by WebEx, I will be available for the entire hearing and for any recess or continued session the Court directs. I will connect at least ten minutes before the hearing begins and will test my connection with the courtroom deputy in advance if the Court asks.

8. If the Court permits me to testify by WebEx, I will testify from a private room with the door closed and no one else present; keep my camera on throughout, positioned to show my face and hands; confirm on the record that I am alone and show the room on camera if asked; have before me only the paper copies of all parties' designated exhibits that my counsel provides, and anything else the Court permits; not communicate off the record with my lawyers or anyone else by any means while I am testifying, unless the Court allows it; keep my phone and any other device not used for the hearing turned off and out of reach; and, if I lose the audio or video

connection, stop testifying and notify the courtroom deputy by the method the Court designates, resuming only when the Court directs.

9. I understand that if I participate remotely I do so at my own risk as to technical problems, as the Court's General Order 2023-05 provides.

10. I have known since October 2026 that the hearing on my motion is set for November 18, 2026 in Dallas as an in-person hearing. When the hearing was set, I did not anticipate the hospital treatment on November 10, 2026, the further treatment scheduled for November 13 and 17, 2026, or the advice not to travel. I understand that Mr. McKemie has asked the Court to require me to attend in person so that he can question me. If the Court permits or requires me to testify, I ask to do so by WebEx video under the conditions described above, and I will abide by the Court's ruling.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 11, 2026, at San Antonio, Texas.

[signature]

Gwendolyn Ulijasz

NO. DF-24-18010

IN THE MATTER OF
THE MARRIAGE OF

GWENDOLYN ULIJASZ-MCKEMIE
AND
JASON MCKEMIE

IN THE DISTRICT COURT

301ST JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

# FINAL DECREE OF DIVORCE

On **June 11, 2026**, the Court heard this cause.

## 1. Appearances

Petitioner, **GWENDOLYN ULIJASZ-McKEMIE** ("Wife"), appeared in person and through her attorneys of record, **Jonathan D. Steele** and **Rebecca Lee Armstrong**, announced ready for trial, and proved up her case on **Petitioner's First Amended Petition for Divorce filed June 23, 2025**, which is the live pleading and supersedes all prior petitions, including the December 2024 original pleading.

Respondent, JASON EMORY McKEMIE ("Husband"), previously appeared and answered pro se. The Court finds this case was a contested case for notice purposes. Husband received timely and sufficient notice of the final trial setting in compliance with Texas Rule of Civil Procedure 245 and due process, including notice served at his email of record. Husband failed to appear for trial. The Court proceeded by post-answer default, received testimony and admitted exhibits, and finds that the relief granted below is supported by the pleadings and the evidence.

## 2. Record

A record of the testimony and evidence was duly made by the official court reporter for the 301st Judicial District Court, Dallas County, Texas.

EXHIBIT
C

**3. Jurisdiction and Domicile**

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this cause and of all the parties and that at least sixty (60) days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner and Respondent had been a domiciliary of Texas for the preceding six-month period and Respondent was a resident of **Dallas County**, Texas, for the preceding ninety-day period.

**4. Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

**5. Findings on the Marriage**

The Court finds that the parties were married on **June 22, 2024**.

The Court further finds that **no informal (common-law) marriage existed between the parties before the ceremonial marriage of June 22, 2024**, and that the community estate commenced June 22, 2024, and continues to entry of this Final Decree pursuant to Tex. Fam. Code § 3.003(a).

**6. Divorce**

**IT IS ORDERED AND DECREED** that **GWENDOLYN ULIJASZ-McKEMIE**, Petitioner, and **JASON EMORY McKEMIE**, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability, pursuant to Tex. Fam. Code § 6.001. The Court enters **no finding of fault** against either party.

**7. Children of the Marriage**

The Court finds that **no children were born or adopted of the marriage of the parties and that none is expected.**

## 8. Division of the Marital Estate

The Court finds that the parties have **entered into no agreement incident to divorce**, that Respondent has wholly made default, and that the division set forth below is therefore **ordered by the Court** as a just and right division of the parties' marital estate, having due regard for the rights of each party.

The Court further finds that the division of the community estate as set forth herein is just and right under the circumstances, including the short duration of the marriage, the disparity in earning capacity, the conduct of the parties, the debt-heavy and net-negative character of the community estate, and the fact that Wife serviced and paid down the community debt from her separate income.

The Court finds that the Accenture RSUs/restricted stock awarded below consist of Wife's separate-property component, calculated under Texas Family Code § 3.007(d)–(e), and any community-property component subject to division. The Court confirms Wife's separate-property component to Wife and awards Wife one hundred percent (100%) of any community-property component as part of the just-and-right division. The Court does not include Wife's separate-property component in the divisible community estate.

Except as expressly provided in this Decree or in a beneficiary designation executed after the date this Decree is signed, each party is divested of and shall have no right, title, claim, or beneficiary interest in any retirement account, IRA, brokerage account, HSA, employee-benefit plan, life-insurance policy, stock plan, deferred-compensation plan, or financial account awarded or confirmed to the other party.

### A. Community Property Awarded to Wife

**IT IS ORDERED AND DECREED** that Wife, **GWENDOLYN ULIJASZ-McKEMIE**, is awarded the following as her sole and separate property, and Husband is divested of all right, title, interest, and claim in and to that property:

W-1. The UBS Accenture VEIP/ESPP brokerage account ending in **x5313**, with an approximate value of **$44,599.52**, together with all funds, securities, and accruals therein.

W-2. All Accenture Restricted Stock Units (RSUs), vested and unvested, granted to or held in the name of Wife, including the unvested shares, together with all rights to vesting, dividends, and proceeds thereof.

W-3. The Chase Checking account ending in **x9259** together with all funds on deposit therein.

W-4. The Accenture HSA account, together with all funds on deposit therein.

W-5. The BMW automobile, together with all keys, title documents, and equipment, subject to the indebtedness thereon as allocated below.

W-6. All clothing, jewelry, electronics, household furnishings, and other personal effects in Wife's possession or control.

W-7. Any and all Internet domain names registered to, held by, or otherwise in the possession or control of Husband that consist of, contain, or incorporate the name "Gwendolyn," "Gwen," or "Ulijasz," or any part, abbreviation, or variation thereof, together with all associated registrations, renewal rights, account credentials, and transfer authorization codes. Husband shall take all steps reasonably necessary to transfer each such domain name to Wife or her designee, including initiating and approving all registrar transfers and furnishing all required authorization codes, within thirty (30) days after the date this Decree is signed. Husband is enjoined from registering, renewing, transferring to a third party, monetizing, redirecting, publishing through, or otherwise using any domain name, social-media handle, email account, or online identifier using Wife's name or a confusingly similar variation.

W-8. Wife's guitar, baptism cross, and sobriety coins/medallions, including any such items in Husband's possession or control. Husband shall cause all such items in his possession or control to be appropriately and securely packed and shipped to Wife, at his expense, via FedEx with tracking, addressed to **11703 Huebner Road, Suite 106, PMB 499, San Antonio, Texas 78230**, within thirty (30) days after the date this Decree is signed. If Husband contends that any such item is no longer in his possession or control, Husband shall, within seven days after this Decree is signed, serve on Wife's counsel a sworn declaration identifying the item, its last known location, the date and manner of loss/transfer/disposition, and all persons known to have information regarding the item.

W-9. Any and all other community assets in Wife's name, possession, or control not otherwise awarded herein.

**B. Community Property Awarded to Husband**

**IT IS ORDERED AND DECREED** that Husband, **JASON EMORY McKEMIE**, is awarded the following as his sole and separate property, and Wife is divested of all right, title, interest, and claim in and to that property:

H-1. Any and all bank, retirement, or investment accounts in his own name.

H-2. The 2018 Jaguar F-Pace automobile, together with all keys, title documents, and equipment, subject to any indebtedness thereon as allocated below.

H-3. All clothing, jewelry, electronics, household furnishings, and other personal effects in Husband's possession or control.

H-4. Any and all other community assets in Husband's name, possession, or control not otherwise awarded herein.

**C. Confirmation of Wife's Separate Property**

The Court finds **by clear and convincing evidence**, and **CONFIRMS** as the sole and separate property of Wife, **GWENDOLYN ULIJASZ-McKEMIE**, the following property, which Wife traced to pre-marital sources, and each of which is **SET ASIDE** to Wife as her sole and separate property:

S-1. The **AIG 401(k) Plan**, valued at **$121,271.77** at the date of marriage and traced gap-free to its current value.

S-2. The **Ameriprise Traditional IRA** account ending in **7988**, traced to pre-marital E*TRADE and the pre-marital Cognizant 401(k).

S-3. The **Ameriprise Roth IRA** account ending in **6811**, traced to pre-marital E*TRADE Roth IRA and the pre-marital Cognizant 401(k) rollover. The combined Ameriprise corpus of **$449,000.53**, as reflected on the refreshed May 31, 2025 statements adopted by the Court, traces in full to pre-marital sources in Wife's name.

S-4. The **Advantigen Biosciences LLC** membership units, confirmed as Wife's pre-marital separate property by clear and convincing evidence of inception of title. The Court makes **no finding as to the current value** of these units, the record containing no current valuation; **the membership units themselves**, whatever their value, are set aside to Wife as her separate property.

S-5. Any and all other property shown by clear and convincing evidence to be Wife's separate estate, having been owned or claimed by her before the marriage, or acquired during the marriage by gift, devise, or descent.

The Court finds that the refreshed (May 31, 2025) statement values recited above are the values the Court adopts; any prior working or posture figure for Wife's separate estate is superseded by these findings.

**D. Debts to be Paid by Husband**

**IT IS ORDERED AND DECREED** that Husband, **JASON EMORY McKEMIE**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Wife and her property harmless from any failure to so discharge, the following debts and obligations:

HD-1. All credit-card, charge, and consumer-credit accounts titled in Husband's name or incurred by Husband, **excluding the debts identified in Section 8.F below except for Husband's one-half share of those debts**.

HD-2. Any indebtedness secured by the 2018 Jaguar F-Pace automobile awarded to Husband in Section 8.B, if any such indebtedness exists.

HD-3. Any and all other debts, charges, liabilities, and obligations incurred solely by Husband from and after the date of marriage, except as expressly provided otherwise herein.

**E. Debts to be Paid by Wife**

**IT IS ORDERED AND DECREED** that Wife, **GWENDOLYN ULIJASZ-McKEMIE**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Husband and his property harmless from any failure to so discharge, the following debts and obligations:

WD-1. The American Express account ending in **x7006**.

WD-2. The indebtedness secured by the BMW awarded to her above.

WD-3. Any and all other debts, charges, liabilities, and obligations incurred solely by Wife from and after the date of marriage, except as expressly provided otherwise herein.

**F. Debts Divided Equally Between the Parties**

**IT IS ORDERED AND DECREED** that, notwithstanding any other provision of this Decree, the following community debts shall be divided equally between the parties, with each party ordered to pay fifty percent (50%) of the outstanding balance of each such debt, together with the interest, fees, and charges attributable to that party's one-half share, within 30 days of entry of this Judgment, and each party shall indemnify and hold the other party and his or her property harmless from any failure to pay his or her one-half share:

JD-1. The SoFi loan, with an approximate outstanding balance of **$10,000**.

JD-2. The Chase credit card account, with an approximate outstanding balance of **$50,000**.

JD-3. The Citibank account, with an approximate outstanding balance of **$15,000**.

**G. Mutual Indemnification**

**IT IS ORDERED AND DECREED** that each party shall indemnify and hold the other party and his or her property harmless from any failure to discharge any debt, charge, liability, or obligation assigned to that party under this Decree. If either party fails to discharge a debt assigned to him or her and the other party is required to pay any portion thereof, the defaulting party shall reimburse the paying party for all sums so paid, together with reasonable attorney's fees, costs, and post-judgment interest. Nothing in this Decree modifies the rights of the Chapter 7 trustee in *In re McKemie*, N.D. Tex. No. 26-30161-MVL-7.

**9. Attorney's Fees**

**IT IS ORDERED AND DECREED** that each party shall be responsible for his or her own attorney's fees and costs incurred in this proceeding.

**10. Change of Name**

**The Court finds that Petitioner specifically requested this name change and that GWENDOLYN LAURA ULIJASZ is a name previously used by Petitioner.** **IT IS ORDERED AND DECREED** that the name of Petitioner, **GWENDOLYN ULIJASZ-McKEMIE**, is changed to **GWENDOLYN LAURA ULIJASZ**.

**11. Court-Ordered Documents; Execution of Instruments; Turnover**

**IT IS ORDERED AND DECREED** that each party shall, at the request of the other party or the other party's counsel, execute, acknowledge, and deliver any deed, title, assignment, release, qualified domestic relations order (QDRO), or other instrument, and shall perform any act, reasonably necessary to effectuate and carry out the terms of this Decree, including the division and transfer of the retirement, brokerage, and financial accounts awarded herein.

**IT IS FURTHER ORDERED AND DECREED** that each party shall surrender and turn over to the other party, within **thirty (30) days** after the date this Decree is signed, all property awarded to the other party under this Decree that is in his or her possession or subject to his or her control, together with all keys, titles, statements, and documents of ownership.

If a party fails to comply within the time specified, the Court may, on motion, appoint the District Clerk or a constable to execute any necessary instrument on that party's behalf, and such execution shall be valid as if executed by the party.

**12. Discharge from Duty to Preserve Discovery**

**IT IS ORDERED AND DECREED** that the parties are discharged from the requirement of keeping and storing the documents produced in this case in accordance with Rule 191.4(d) of the Texas Rules of Civil Procedure.

Notwithstanding any discharge from Texas Rule of Civil Procedure 191.4(d), each party shall preserve all documents, financial records, account statements, transfer records, domain-registration records, communications, shipment records, exhibits, and other materials reasonably necessary to enforce this Decree, respond to any appeal, restricted appeal, motion for new trial, bankruptcy trustee request, creditor claim, tax filing, or enforcement proceeding.

**13. Costs**

**IT IS ORDERED AND DECREED** that costs of court are taxed against the party who incurred them.

**14. Denial of Respondent's Counterpetition and Affirmative Relief**

**IT IS ORDERED AND DECREED** that Respondent, **JASON EMORY McKEMIE**, having failed to appear, prosecute, or proceed at trial, all relief requested in Respondent's Original Counterpetition for Divorce, his First Amended Counterpetition for Divorce, and any other pleading or request for affirmative relief filed by Respondent is in all respects **DENIED.**

**15. Finality**

This judgment finally disposes of all claims and all parties, is appealable, and is a final judgment. **All relief requested in this case and not expressly granted in this Decree is DENIED.**

**SIGNED** this 26 day of June, 2026.

______________________________

**JUDGE PRESIDING**

**APPROVED AND ENTRY REQUESTED:**

/s/

**Jonathan D. Steele**
Beermann LLP
*(admitted pro hac vice)*

TEXAN
FAMILY CLINIC

5222 De Zavala Rd, Ste 304
San Antonio, Texas 78249
210-562-3125 office 210-562-3387 fax
TexanFamilyClinic.com

November 11, 2026

To Whom It May Concern:

I am writing on behalf of my patient, Gwendolyn Ulijasz, whom is currently being treated for a medical condition.
Due to her medical condition and the ongoing treatments she is receiving, it is my clinical recommendation that Ms. Ulijasz refrain from travel for the next two months, through approximately January 11, 2027. Travel during this period would pose an increased risk to her health and could interfere with the continuity and effectiveness of current treatment.
Ms. Ulijasz remains able to participate in video conferencing. Reasonable breaks during virtual meetings should be permitted as needed to accommodate her medical needs.

Please feel free to contact my office if additional documentation or clarification is required.

Sincerely,

JLopez FNP-C

Jennifer Lopez FNP-C

EXHIBIT
D