**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

**ORDER GRANTING MOVANT GWENDOLYN ULIJASZ'S MOTION FOR LEAVE TO GIVE ANY TESTIMONY AT THE NOVEMBER 18, 2026 HEARING BY WEBEX VIDEOCONFERENCE**

Before the Court is Movant Gwendolyn Ulijasz's Motion for Leave to Give Any Testimony at the November 18, 2026 Hearing by WebEx Videoconference, filed November 12, 2026 (the "Motion"), by Gwendolyn Ulijasz ("Movant"), the movant on the Motion for Relief from the Automatic Stay (ECF No. 110) (the "Stay Motion"). Having considered the Motion, the Declaration of Gwendolyn Ulijasz, any response, and the record, the Court finds that notice of the Motion was sufficient under the circumstances; that good cause exists in compelling circumstances, within the meaning of Fed. R. Civ. P. 43(a), for any testimony by Movant at the November 18, 2026 hearing to be given by contemporaneous transmission from a different location; and that the safeguards set out below are appropriate. It is therefore

ORDERED that the Motion is GRANTED as set forth in this Order; and it is further

ORDERED that, pursuant to Fed. R. Civ. P. 43(a), Fed. R. Bankr. P. 9017, and paragraph 1(b) of General Order 2023-05, the hearing set for November 18, 2026 will be conducted in a hybrid mode as to Movant's participation. To the extent Movant's testimony is permitted or required at that hearing, she may give it by WebEx videoconference using the Court's WebEx link for Judge Larson, and her appearance by WebEx in compliance with this Order satisfies any requirement that she attend. She need not be physically present in the courtroom unless the Court orders otherwise. Her participation is subject to the following conditions:

1. Movant shall appear with the WebEx video function activated at all times while she is testifying and shall not testify by telephone only. Her camera shall be positioned to show her face and hands clearly.

2. Movant shall testify from a private room with no other person present. Before testifying she shall confirm on the record that she is alone, and she shall pan the camera to display the room at the request of the Court or of the examining party, subject to the Court's direction.

3. Movant shall be sworn by the courtroom deputy and shall identify herself on the record. If directed by the Court, she shall display government-issued photo identification to the camera.

4. Before the hearing, counsel for Movant shall provide Movant with paper copies of all parties' designated exhibits. While testifying, Movant shall have before her only those exhibits and any additional material the Court permits a party to use during examination. The designation or provision of an exhibit does not determine its admissibility.

5. While testifying, Movant shall not engage in off-the-record communication with counsel or any other person, electronically or otherwise, except as authorized by the Court. Any telephone or other device not used for the WebEx connection shall be turned off and out of reach. Communications with Movant about her testimony during any recess are subject to the Court's direction.

6. If Movant loses the audio or video connection necessary to hear the questions put to her, to be observed by the Court, or to give her testimony, she shall stop testifying and shall promptly notify the courtroom deputy by the method the Court designates for that purpose. Her testimony shall resume only at the Court's direction.

7. Counsel for Movant shall be present in the courtroom.

8. Movant shall connect to the WebEx hearing at least ten minutes before it begins, shall test her connection with the courtroom deputy in advance if directed, and shall remain available by WebEx until excused by the Court.

9. Movant participates remotely at her own risk as to technical interruption, as General Order 2023-05 provides.

ORDERED that this Order determines only the manner of Movant's participation and of any testimony she gives at the November 18, 2026 hearing. It does not determine whether Movant will be called as a witness, the admissibility of any exhibit or declaration, or the permissible scope of examination, each of which remains subject to the Federal Rules of Evidence and the rulings of the Court; and it is further

ORDERED that counsel for Movant shall serve a copy of this Order on the Debtor and on the Chapter 7 Trustee within one business day after its entry and shall file a certificate of service.

# # # End of Order # # #

**Prepared and submitted by:**
**BEERMANN LLP**
Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
Richard G. Dafoe
Texas Bar No. 05309500
1717 Main Street, Suite 2500
Dallas, Texas 75201
Telephone: 214.979.7427

Counsel for Movant Gwendolyn Ulijasz