Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
BEERMANN LLP
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700
jsteele@beermannlaw.com

Richard G. Dafoe
Texas Bar No. 05309500
WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.
1717 Main Street, Suite 2500
Dallas, Texas 75201
Telephone: 214.979.7427
rdafoe@wslawpc.com

Counsel for Movant Gwendolyn Ulijasz

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | Hearing: November 18, 2026, |
| | § | 9:30 a.m. |
| | | (Stay Motion, ECF No. 110) |

**MOVANT GWENDOLYN ULIJASZ'S RESPONSE TO THE DEBTOR'S MOTION TO COMPEL HER IN-PERSON APPEARANCE AND TESTIMONY AND TO THE DEBTOR'S MOTION FOR EXPEDITED CONSIDERATION**

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

Gwendolyn Ulijasz ("Movant"), the movant on the Motion for Relief from the Automatic Stay (ECF No. 110) (the "Stay Motion"), responds to the Debtor's Advance Notice to the Court of Anticipated Safety-Based Allegations and False Danger Narrative, and Motion to Compel Movant's In-Person Appearance and Testimony (the "Motion to Compel" or "Mot.") and to his Motion for Expedited Consideration (the "Expedited Motion" or "Expedited Mot."), both dated

November 9, 2026 and served by email on November 10, 2026, and respectfully shows the Court as follows:

## I. SUMMARY

1. The Motion to Compel assumes that Movant will ask the Court to annul the stay on the strength of her September 10, 2026 declaration, so that she must appear in person and be cross-examined on it. Mot. ¶¶ 1, 82, 85–86. That is not the relief she will press. One week after the Stay Motion was filed, the Divorce Court vacated the property division that annulment would have validated. What remains is to complete that division, and what Movant needs from this Court is prospective relief permitting it on terms that protect the estate. She will ask for that relief and for a determination, as a matter of law, that the stay did not apply to the dissolution of the marriage. She does not intend to offer her declaration or to testify.

2. The Motion to Compel should be denied. The October 6 setting fixed how the hearing will be conducted; it did not order anyone to testify. The Rules give a litigant the means to secure a witness's attendance, a subpoena under Rule 45, and the Debtor has not used it. And paragraph 4 of his proposed order would dispose of the Stay Motion and of his own Rule 2004 motion automatically if Movant is not physically present. Movant does not question the Court's authority over the conduct of the hearing and will comply with any order it enters. So that the question is settled before November 18, she has filed with this Response a motion for leave to give by WebEx video any testimony the Court permits or requires (the "WebEx Motion"). The declaration filed with the WebEx Motion describes hospital treatment on November 10 and her treating provider's advice against air travel; Movant requests contemporaneous video testimony under the proposed safeguards while preserving the November 18 hearing.

## II. BACKGROUND

3. The Stay Motion, filed September 11, 2026, asked the Court to annul the stay as to the June 26, 2026 Final Decree of Divorce entered by the 301st Judicial District Court of Dallas County, Texas (the "Divorce Court") in Cause No. DF-24-18010; to determine that the stay did not apply to the Decree's dissolution provisions or to property that was not property of the estate; and, in the alternative, to modify the stay to permit the Divorce Court to complete the division of property. On September 18, 2026, the Divorce Court granted the Debtor's motion for new trial in part, vacated sections 8, 9, and 11 through 15 of the Decree, including the division of the marital estate in section 8, ordered that sections 1 through 7 and 10 "remain in full force and effect but are interlocutory," and provided that "[t]he remaining issues shall be set for trial once the stay has been lifted or Respondent's bankruptcy case is otherwise disposed." The ruling is Exhibit C to the WebEx Motion. The Debtor has filed a notice of it (ECF No. 121) and agrees that the property division has been vacated. Mot. ¶ 64.

4. At the preliminary hearing on October 6, 2026, the Court passed the Stay Motion, together with the Debtor's Rule 2004 motion (ECF No. 97), to a "final in person, evidentiary hearing" on November 18, 2026 at 9:30 a.m. ECF No. 129. Movant's counsel filed a notice the next day stating that the hearing "will be conducted in-person." ECF No. 128. The Debtor cites ECF No. 128 as the setting; it is the notice. Movant does not dispute the setting, and her counsel will be in the courtroom.

5. On November 7, 2026, the Debtor emailed Movant's counsel that he would move to compel her in-person appearance and asked whether she opposed. Counsel answered that evening that she did, that the mode of appearance is governed by the Court's orders and procedures, and that Movant would respond on whatever schedule the Court sets. Mot. Ex. E. On November 10, the Debtor served the Motion to Compel, the Expedited Motion, a proposed order,

and a witness list that designates Movant as an adverse witness. That evening he served an opposition to any remote testimony by Movant, filed in support of the Motion to Compel (the “Opposition” or “Opp.”). His proposed order would command Movant to appear in person, to “remain present for the duration of the hearing,” and to “submit to cross-examination by the Debtor”; bar remote testimony; restrict how any matter of safety may be raised; and provide that if she does not appear in person, the Stay Motion “is DENIED for failure of proof,” her objection at ECF No. 111 “is OVERRULED,” and his motion at ECF No. 97 “is GRANTED as to every proposed examinee and every category of documents.” Proposed Order ¶¶ 1–4.

## III. THE RELIEF MOVANT WILL REQUEST ON NOVEMBER 18

6. Movant limits the relief she will seek at the November 18 hearing to two requests made in the Stay Motion: (a) modification of the stay for cause under 11 U.S.C. § 362(d)(1) to permit the Divorce Court to complete the division of property, subject to the rights of the Chapter 7 Trustee; and (b) a determination that, under 11 U.S.C. § 362(b)(2)(A)(iv), the stay did not apply to the Decree’s dissolution provisions. To the extent leave is required, she requests leave to withdraw her requests for annulment of the stay and for a determination that particular property was not property of the estate, without adjudication of those requests on their merits.

7. The modification Movant will request is limited. The Divorce Court would be permitted to complete the division of property under Texas law; any division would be subject to the rights of the Chapter 7 Trustee and to this Court’s determination of the estate’s interest in any property; and no award could be enforced against property of the estate without further order of this Court. Movant bears the initial burden of showing cause for that relief, after which the burden shifts to the party opposing it. *See* 11 U.S.C. § 362(g)(2); *Mooney v. Gill*, 310 B.R. 543, 547 (N.D. Tex. 2002) (the movant “must, in the first instance, establish a legally sufficient basis,

i.e., ‘cause,’ for such relief,” and “[t]he burden then lies with the debtor to demonstrate that it is entitled to the stay”) (quoting *In re Curtis*, 40 B.R. 795, 802–03 (Bankr. D. Utah 1984)). She expects to carry her burden with court records of which the Court may take judicial notice under Fed. R. Evid. 201: the Decree, the Divorce Court’s September 18 ruling, and the docket and schedules in this case. She asks the Court to notice the entry and terms of those orders and filings, not the truth of disputed assertions made in them. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829–31 (5th Cir. 1998). The Debtor’s schedules are his own sworn statements and are admissible against him on that basis. Fed. R. Evid. 801(d)(2)(A). Those records show that the property division has been vacated and that the Divorce Court will try it once the stay permits. Whether that is cause is committed to the Court’s discretion. The second request turns on the text of the statute. Movant’s witness and exhibit list will not list her as a witness and will not include her September 10 declaration.

## IV. ARGUMENT

### A. The October 6 setting fixed the mode of the hearing. It did not order Movant to testify.

8. The Debtor describes his motion as a request that the Court “enforce its own setting.” Mot. ¶ 2. The setting is that the November 18 hearing is a final, in-person evidentiary hearing, which is the default under General Order 2023-05 ¶ 1(b). It means that the hearing will be held in the courtroom and that any witness who testifies will do so in open court unless the Court orders otherwise. It is not an order directing any particular person to take the stand. Which witnesses a party calls in support of her own motion is for that party to decide, and she bears the consequences of the choice. Counsel’s November 7 email did not concede otherwise. It said that the Debtor’s motion could not be heard on regular notice before November 18 and that Movant would respond on whatever schedule the Court sets. Mot. Ex. E. She has.

**B. The Rules provide the means of compelling a witness to attend, and the Debtor has not used it.**

9. A litigant who wants to examine a witness at a hearing, including an adverse party, secures the witness's attendance by subpoena. Fed. R. Bankr. P. 9016 (applying Fed. R. Civ. P. 45). The clerk issues a subpoena to any party who requests it. Fed. R. Civ. P. 45(a)(3). A subpoena may command a party to attend a hearing anywhere "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(B)(i). And serving it "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); *see Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 704 (5th Cir. 2003) ("proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance").

10. The Debtor cites Rule 45(c)(1)(B)(i) as though it were itself a command. Mot. ¶¶ 59, 81. It is a limit on where a subpoena may require a party to appear. The 2013 amendments resolved a conflict about "a court's authority to compel a party or party officer to travel long distances to testify at trial," and the Advisory Committee explained that "such testimony may now be required only as specified in new Rule 45(c)." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. The Fifth Circuit has tied a court's power to compel a civil party's personal appearance at trial to its subpoena jurisdiction. *GFI Computer Indus., Inc. v. Fry*, 476 F.2d 1, 2, 5 (5th Cir. 1973) (reversing a default judgment predicated on the defendant's failure to obey an order to appear at trial in Dallas, remain for the balance of the trial, and submit himself as a witness; "the court had no power to force a civil defendant outside its subpoena jurisdiction to appear personally at the trial and there submit to examination, not to speak of remaining personally present throughout trial unless excused"). Movant, a Texas resident, is within the

reach of a subpoena for a hearing in Dallas. That is the point: the Rules give the Debtor the means, and he has not used them.

11. The Debtor does not contend that he has served a subpoena on Movant. He says that he "is indigent and cannot tender witness fees or pay a process server" and asks instead for an order "directed to a party-movant," which he says "requires neither." Mot. ¶ 81. Inability to pay does not excuse the requirement. *See Hodge v. Prince*, 730 F. Supp. 747, 750 (N.D. Tex. 1990) (the in forma pauperis statute "does not waive the requirement that witness fees be paid by the party who procures the subpoena"), *aff'd*, 923 F.2d 853 (5th Cir. 1991) (unpublished table decision). The Debtor has known of the November 18 setting since October 6, and he has not shown why the Court should substitute an attendance-and-sanctions order for the ordinary procedure of Rule 45. Movant does not question the Court's authority to control the hearing.

12. Nor is this a case of surprise. In *Wells v. Rushing*, the Fifth Circuit held that it was an abuse of discretion to deny a delay of trial where defense counsel had confirmed days earlier that the defendant would testify and he then did not appear, while cautioning that "we do not hold that there is an absolute requirement that a defendant in a civil case attend trial." 755 F.2d 376, 380–81 & n.5 (5th Cir. 1985). A court in this District recently recognized the same principle as to a plaintiff's own representatives. *Vertigo Artography, Ltd. v. Champagne Cowgirl, LLC*, No. 3:24-cv-120-BN, ECF No. 60, at 9 (N.D. Tex. Apr. 15, 2025) (there is not "an absolute requirement that a [litigant] in a civil case attend trial") (alteration in original) (quoting *Wells*, 755 F.2d at 381, and citing *GFI*, 476 F.2d at 5). Here the Debtor has notice. This Response tells him, before the hearing, that Movant does not intend to testify.

**C. The Debtor has not identified a disputed material issue that requires Movant's testimony.**

13. *Annulment.* The Debtor's principal argument is that Movant's testimony is material to annulment: "[t]he facts on which annulment turns (her knowledge, her reliance, her conduct, and the equities she asserts) are sworn only in her declaration," and "[w]ithout it there is no evidence on which annulment could be granted." Mot. ¶¶ 85–86. Movant is not pressing annulment and does not intend to offer the declaration. Any examination should be directed to a material issue that remains before the Court. The Opposition now lists the paragraphs of the declaration the Debtor disputes: paragraphs 4, 10, 11, 12, 13, and 14. Opp. Part II.g. By his own description, paragraphs 4 and 13 state what Movant knew of this case and what she relied on, the facts on which he says annulment turns. Mot. ¶ 63. Paragraphs 10, 11, 12, and 14 describe her accounts, her vehicle, the parties' lease and debts, the events of April 16, 2026, and her payment of debts. Mot. ¶¶ 66–71, 74. Each was offered in support of relief Movant is no longer pressing, and the April 16 events are the subject of the stay-violation claims addressed in the next paragraph.

14. *The Debtor's stay-violation claims.* The Debtor contends that Movant violated the stay and the Court's order at ECF No. 57 when property was removed from the residence on April 16 and May 22, 2026. Mot. ¶¶ 50, 57, 71, 86. He states that those events are "the subject of the Debtor's separate request for relief under 11 U.S.C. § 362(k)" and that his requests for relief under § 362(k) "are preserved in his pending filings and are not before the Court on this motion." Mot. ¶ 57; Mot. at 21. Movant disputes the allegations. Prospective relief permitting the Divorce Court to divide the marital estate would not adjudicate, release, or impair any such claim.

15. *The merits of the divorce.* Parts III through VIII of the Motion to Compel concern the parties' marriage and separation: who paid which expenses, how accounts were handled in December 2024, the residential lease, and events in the divorce case since 2024. Mot. ¶¶ 19–57.

To the extent those matters bear on the division of the marital estate, they are for the court that will divide it, and the Debtor will have the opportunity to examine Movant at that trial.

16. Rule 9014(d) requires live testimony on "a disputed material factual issue." Whether such an issue remains is for the Court to decide. Movant expects to establish the facts that support her two requests through the court records described in paragraph 7, and the Debtor is free to offer his own testimony and exhibits, including any statement of Movant that is admissible against her. *See* Mot. ¶ 79. As to his Rule 2004 motion (ECF No. 97), which seeks authority to subpoena financial records from third parties, the Motion to Compel identifies no factual issue on which Movant's testimony is needed, and the Expedited Motion describes her, incorrectly, as the moving party on it. Expedited Mot. Part I.C. If the Court concludes that a disputed material issue requires Movant's testimony, she asks that the Court identify the issue and confine the examination to it. Fed. R. Evid. 401, 403, 611(a).

**D. Paragraph 4 of the proposed order would impose automatic consequences without the required findings.**

17. Paragraph 4 would dispose of the Stay Motion and of the Debtor's Rule 2004 motion, including Movant's objection to it, upon one event: her failure to appear in person. It calls the denial of the Stay Motion a "failure of proof," but it would be entered without regard to the proof. The Court has full authority to assess the evidence, to enforce its orders, and to decide whether each party has carried its burden. The Debtor has not shown a basis for deciding those matters automatically, without considering the evidence actually offered, the circumstances of any nonappearance, and the standards that govern sanctions.

18. Those standards are demanding where the sanction disposes of a matter. In *GFI*, the Fifth Circuit reversed a default judgment entered for failure to obey an order to appear at trial, observing that this circuit "permits the drastic sanction of dismissal or judgment by default only

in extreme situations where there is a clear record of contumacious conduct." *GFI*, 476 F.2d at 5. To levy a litigation-ending sanction for a discovery violation, a court must find, among other things, bad faith or willfulness and that "a lesser sanction would not substantially achieve the desired deterrent effect." *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 455–56 (5th Cir. 2022) (quoting *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758–59 (5th Cir. 2019)). "A like standard controls where a court calls upon its inherent power to sanction the parties before it," and bad faith or willful abuse of the judicial process must then be established by clear and convincing proof. *Id.* (citing *In re Moore*, 739 F.3d 724, 729–30 (5th Cir. 2014)). An inherent-power sanction also requires "a specific finding of bad faith" and "must employ the least possible power adequate to the end proposed." *Carroll v. Abide (In re Carroll),* 850 F.3d 811, 815 (5th Cir. 2017) (per curiam) (internal quotation marks omitted). No order has been disobeyed, and the Debtor's proposed order contains no such finding.

19. Paragraph 4 has two further defects. It does not except testimony by video that the Court has authorized. And its last clause would authorize subpoenas to third parties for Movant's financial records as a penalty, without the Court's considering whether Rule 2004 permits them.

**E. Paragraphs 2 and 3 of the proposed order are unnecessary.**

20. Paragraph 2 would bar remote testimony unless Movant files a sworn motion by noon on November 16. General Order 2023-05 ¶ 1(b) reserves to the Court the discretion to authorize a hybrid hearing, and Rule 43(a) states the showing required. Movant has filed her WebEx Motion, with a declaration, before the deadline the Debtor himself proposes.

21. Paragraph 3 addresses a request no one has made. Movant has made no safety-based request concerning this hearing. Her WebEx Motion rests on medical treatment that began on November 10, 2026, after the hearing was set, and on distance and employment. It is a motion supported by her sworn declaration, filed and served on the Debtor, as he asks. *See* Mot. ¶ 23. It

is a request to testify by video, not a request to be excused. Part III of the Opposition and its Exhibits 4 through 7, 9, and 10 answer the same argument, which she has not made. Rule 9003(a) already prohibits ex parte communications with the Court about matters affecting the case. Movant does not contend that who accompanies a party to the courthouse is evidence of anything, and security in the courthouse is, as the Debtor says, a matter for the Court and the United States Marshals Service. Mot. ¶ 48. An order prescribing in advance how and when a party may bring "danger, safety, emergency, or inability to appear" to the Court's attention is not needed.

**F. The "Advance Notice."**

22. Parts III through VIII of the Motion to Compel, more than ten pages, are styled an advance notice of allegations the Debtor expects Movant to make. She has not made them. Those pages accuse her of crimes and recount her medical care, statements attributed to her in police reports, and other private matters. Movant does not answer them here, and her silence is not agreement. Those historical allegations do not establish whether her current medical condition and treatment permit travel for this hearing. She asks the Court to disregard them, and she reserves her right to seek protection under 11 U.S.C. § 107(b)(2) and Fed. R. Bankr. P. 9018. The same is true of Part III of the Opposition and the exhibits filed with it.

## V. ALTERNATIVE REQUEST AND EXPEDITED CONSIDERATION

23. Movant asks the Court to rule on the WebEx Motion now, so that the manner of any testimony the Court permits or requires from her is settled before the hearing. If the Court directs that her testimony be given in person, Movant asks for an opportunity to address the medical advice described in her declaration and, if necessary, to adjust the time of her testimony. She will comply with the Court's orders. In any event she asks that any attendance directive be limited to

the manner of her testimony and that the order not include paragraphs 3 and 4 of the Debtor's proposed order.

24. Movant does not oppose expedited consideration of the Motion to Compel, and she files this Response within the time the Debtor proposed. The Debtor has since agreed that the Motion to Compel, the Opposition, and the WebEx Motion should be decided together on or before November 16, 2026, and he asks for a ruling on the papers. Movant joins in that request. She opposes the entry, in advance of the hearing, of any order disposing of the Stay Motion, her objection at ECF No. 111, or the Debtor's motion at ECF No. 97 on the ground that she is not physically present. A proposed order is attached as Exhibit A.

## VI. PRAYER

25. Movant respectfully requests that the Court deny the Motion to Compel; decline to enter the Debtor's proposed order; confirm the scope of the relief to be heard on November 18 as stated in paragraph 6; grant the WebEx Motion; and grant her such other and further relief to which she may be entitled.

Respectfully submitted,

BEERMANN LLP

By: /s/ Jonathan D. Steele
Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700
jsteele@beermannlaw.com

Local counsel: Richard G. Dafoe (Texas Bar No. 05309500)
Waddell Serafino Geary Rechner Jenevein, P.C.,
Dallas, Texas

COUNSEL FOR MOVANT GWENDOLYN ULIJASZ

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 12, 2026, a true and correct copy of this Response was served (a) on the Debtor, Jason Emory McKemie, pro se, by email at jmckemie@mckemie.net and by first-class United States mail at his address of record on the Court's docket, 539 W. Commerce St., #2010, Dallas, Texas 75208; and (b) on the Chapter 7 Trustee, Areya Holder Aurzada, the United States Trustee, and all other parties receiving electronic notice in this case, through the Court's CM/ECF system.

/s/ Jonathan D. Steele
Jonathan D. Steele

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-30161-mvl7 |
| | § | |
| JASON EMORY McKEMIE, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

**ORDER ON DEBTOR'S MOTION TO COMPEL MOVANT'S**
**IN-PERSON APPEARANCE AND TESTIMONY**
**AT THE NOVEMBER 18, 2026 HEARING**

Before the Court are the Debtor's Advance Notice to the Court of Anticipated Safety-Based Allegations and False Danger Narrative, and Motion to Compel Movant's In-Person Appearance and Testimony at the November 18, 2026 Evidentiary Hearing on ECF 110 and ECF 97 (the "Motion to Compel"), and the Debtor's Motion for Expedited Consideration of that motion. Having considered the Motion to Compel, the Debtor's opposition to remote testimony served November 10, 2026, the response of Gwendolyn Ulijasz ("Movant"), and the record, it is

ORDERED that the Motion for Expedited Consideration is GRANTED to the extent that the Court has considered the Motion to Compel on an expedited basis; and it is further

ORDERED that the Motion to Compel is DENIED, and the relief requested in the Debtor's opposition to remote testimony is DENIED; and it is further

ORDERED that the manner of any testimony by Movant at the November 18, 2026 hearing is governed by the Court's separate order on Movant's Motion for Leave to Give Any Testimony at the November 18, 2026 Hearing by WebEx Videoconference; and it is further

ORDERED that the hearing on ECF No. 110 will proceed on Movant's requests for (a) modification of the automatic stay under 11 U.S.C. § 362(d)(1) to permit the 301st Judicial District Court of Dallas County, Texas to complete the division of property, subject to the rights

of the Chapter 7 Trustee, and (b) a determination under 11 U.S.C. § 362(b)(2)(A)(iv) concerning the dissolution provisions of the June 26, 2026 Final Decree of Divorce. Movant's requests for annulment of the stay and for a determination that particular property was not property of the estate are withdrawn without adjudication on their merits; and it is further

ORDERED that nothing in this Order determines the admissibility of any evidence, any party's burden of proof, or the merits of ECF Nos. 110, 111, or 97, each of which remains for determination at the hearing.

# # # End of Order # # #

**Prepared and submitted by:**
**BEERMANN LLP**
Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
Richard G. Dafoe
Texas Bar No. 05309500
1717 Main Street, Suite 2500
Dallas, Texas 75201
Telephone: 214.979.7427

Counsel for Movant Gwendolyn Ulijasz