FILED

NOV 1 0 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

# DEBTOR'S NOTICE OF COMPLETED SURRENDER AND EMERGENCY MOTION TO CONFIRM COMPLIANCE, TERMINATE AND ABATE PER-DIEM SANCTIONS, AND DETERMINE THAT NO FEES OR COSTS ARE OWED UNDER DOCKET NO. 103

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

1. Docket No. 103 directed surrender of the 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724, by September 4, 2026 and imposed a $100-per-day sanction beginning September 5 absent surrender or an alternative agreement. It also imposed a separate $100-per-day sanction for any lapse in insurance or removal of InTouch as lienholder before surrender.

2. Debtor tendered the vehicle in writing on September 4, within the stated deadline. Discount Tire contemporaneously documented that the left-rear tire belt was separated, the right-front tire was suspected of separation, and the vehicle should not be driven until tires were replaced. Debtor could not safely drive it four hours to a designated branch and could not afford commercial transport.

3. On September 8, InTouch offered to coordinate a licensed recovery agent and requested the pickup location, immediate accessibility, key-fob arrangements, and a time window. Debtor supplied every requested item the same day and made the vehicle immediately available.

4. On September 9, 2026, AG3 Recovery LLC, InTouch's designated recovery agent, took physical possession. Debtor delivered the fob and assisted loading. InTouch and its agent have had exclusive possession since September 9. Exhibits A-C.

5. Debtor maintained insurance with InTouch identified as lienholder through surrender. No separate insurance-based per-diem sanction accrued.

## I. COMPLIANCE AND THE COERCIVE PURPOSE OF THE SANCTION

6. Civil contempt is coercive or compensatory, not punitive. Debtor did not hide or withhold the collateral. He timely tendered it, documented the safety impediment, accepted InTouch's recovery method, and completed transfer. Any coercive purpose ended no later than September 9.

7. Inability to comply is a defense to coercive contempt. United States v. Rylander, 460 U.S. 752, 757 (1983). The third-party tire record and Debtor's indigence establish why physical branch delivery could not safely occur by September 4. Debtor nevertheless made the collateral available by the deadline and completed surrender through the method InTouch selected.

8. The record supports a finding that surrender occurred upon the September 4 unconditional tender and availability for pickup. At the latest, surrender was complete when InTouch's agent took possession on September 9. A daily sanction cannot continue after the act it was designed to compel has been completed.

## II. RESERVATIONS

9. Surrender is not a reaffirmation, admission of debt amount, deficiency admission, release, waiver, admission of contempt, or concession that any sanction, attorney fee, towing charge, recovery cost, or other monetary liability is owed.

10. This Motion does not determine the merits of Adversary Proceeding No. 26-03034-mvl or waive any discharge defense. It seeks only a main-case ruling on compliance and the monetary consequences of Dkt. 103.

## III. RELIEF REQUESTED

Debtor requests an expedited order:

- confirming that the vehicle was tendered and made available for surrender on September 4, 2026 and that completed physical surrender occurred on September 9, 2026;
- finding that Debtor did not willfully fail to comply with Dkt. 103;
- determining that the $100-per-day surrender sanction did not accrue, or alternatively abating and terminating it no later than September 9, 2026;
- determining that no separate insurance-based daily sanction accrued;
- denying assessment against Debtor of recovery costs, towing charges, attorney fees, or other enforcement costs absent a separate noticed request and proof;
- requiring InTouch to acknowledge the completed surrender and identify any amount it contends remains at issue within three business days; and
- granting all other just relief.

## DECLARATION

I declare under penalty of perjury under 28 U.S.C. § 1746 that the factual statements above are true and correct from my personal knowledge. Executed in Brazos County, Texas, on November 9, 2026.

Respectfully submitted,

Jason Emory McKemie - Debtor, pro se
539 W. Commerce St., #2010, Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

# CERTIFICATE OF SERVICE

I certify that on November 9, 2026, I served a true and correct copy of Debtor's Notice of Completed Surrender and Emergency Motion, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on November 9, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re:
JASON EMORY McKEMIE, Debtor.

Case No. 26-30161-mvl7
Chapter 7

# EXHIBITS TO DEBTOR'S NOTICE OF COMPLETED SURRENDER AND EMERGENCY MOTION

## EXHIBIT A - DISCOUNT TIRE SEPTEMBER 4 INSPECTION

DISCOUNT TIRE
DAVID SHIRLEY
[illegible]
979 329 6995
DISCOUNTTIRE.COM

09/04/2026
01:01 PM

[illegible] N
JASON MCKEMIE
M 214 868 4901

2016 JAGUAR
F PACE 30T
O E (F) 255/55 R19 XL
O E (R) 255/55 R19 XL
CONDITION
COLOR WHITE
PLATE MHS5658

MILEAGE [illegible]
CARRY [illegible] N
WHEEL LOCK Y
LOCATION [illegible]

TXB 81
1001 TOWNE CENTRE
WAY
BRYAN, TX 77802 2591
979 329 6995

SALES ORDER # 5008[illegible]
ORDER TYPE
STOREORDER

DAVID S
ESTIMATED COMPLETION TIME, 03 46 PM

| ARTICLE | AXLE | DESCRIPTION | PRICE QTY AMOUNT |
|---|---|---|---|
| 80065 | | LABOR<br>LABOR | $0.00 1 $[illegible] |

COMMENTS: LR TIRE IS SEPARATED AND RF IS SUSPECTED SEPO. DO NOT RECOMMEND DRIVING VEHICLE UNTIL TIRES ARE REPLACED.

| | |
|---|---|
| SUBTOTAL | $0.00 |
| SALES TAXES | $0.00 |
| Total | $0.00 |
| PAYMENT STATUS | Paid |

********** SPECIAL INSTRUCTIONS **********

******** TPMS INSTRUCTIONS ********

DOT NA LF 3 RF 2 DOT NA
DOT NA LR 3 RR 3 DOT NA
SP

BOLT PATTERN 5 108.00 INFLATION F 40 R 40
LUG NUT SIZE 14.0X1.5 TORQUE LBS 95.0

SALES ORDER # 5008[illegible]

DOCUMENT SCAN 09-04-2026

7 of 26



JASON MCKEMIE
2018 JAGUAR
MILEAGE 85865
CARRY OUT N
WHEEL LOCK Y
LOCATION 1
COLOR: WHITE
PLATE MHS5658
BRYAN, TX 77802 2591
979 329 6995
DAVID S
ESTIMATED COMPLETION TIME 03 46 PM
ARTICLE AXLE DESCRIPTION PRICE QTY AMOUNT
80085 LABOR LABOR $0.00 1
COMMENTS: LR TIRE IS SEPARATED AND RF IS SUSPECTED SEPO. DO NOT RECOMMEND DRIVING VEHICLE UNTIL TIRES ARE REPLACED.
SUBTOTAL $0.00
SALES TAXES $0.00
Total $0.00
PAYMENT STATUS Paid
SPECIAL INSTRUCTIONS
TPMS INSTRUCTIONS
DOT: NA LF 3 RF 2 DOT: NA
DOT: NA LR 3 RR 3 DOT: NA
SP
SALES ORDER #

DISCOUNT TIRE
DAVID SHIRLEY
ASSISTANT MANAGER
Phone 979 329 6995
DISCOUNTTIRE.COM

DOCUMENT
PHOTOGRAPH
09-04-2026

# EXHIBIT B - SEPTEMBER 8 RECOVERY COORDINATION

Jason McKemie
Re: [EXTERNAL] - Re: In re McKemie, No. 26-30161-mvl7 — Vehicle surrender (Dkt. 103): vehicle tendered today; your election required — pickup at no cost to me, or I drive it next week; request to ECF-file attached notice
Sep 8, 2026 at 4:20:40 PM
Loriann Martinez
Amanda Loughmiller Samin Agha
Melissa Resa

Ms. Martinez,

I accept InTouch's offer to coordinate a licensed towing/recovery agent to take possession of the 2018 Jaguar F-Pace, and I am surrendering the vehicle. In response to the four items in your email:

(a) Exact current location of the vehicle: ,
. I will have it parked in front and accessible.

(b) Accessibility: The vehicle is immediately accessible for pickup by a licensed towing/recovery agent. It is not roadworthy — the left rear tire's belt is separated and Discount Tire has advised in writing that it should not be driven — so it will need to be towed, not driven. A flatbed or wheel-lift is appropriate.

(c) Keys and fob: I have the fob and will have it ready to hand to the recovery agent at pickup.

(d) Time window for access: I am available this afternoon after approximately 6:30 p.m. today, September 8, and tomorrow, September 9, any time between 10:00 a.m. and 5:00 p.m. The vehicle will be parked in front, accessible and ready, with the fob available, so the agent may come whenever is convenient within that window. Please send me the name and direct phone number of the towing/recovery company or agent so I can coordinate directly and confirm the vehicle is ready when they arrive. He can also call me at my Google Voice number below to coordinate with me.

I am providing this information to effect prompt surrender. I do not waive, and I expressly reserve, my position that the vehicle was timely tendered on September 4, 2026 and that per-diem sanctions should not accrue given the documented impossibility of delivering a roadworthy vehicle and my status as an indigent Chapter 7 debtor; I am presenting that question to the Court. Nothing in this email is a concession that any sanction is proper.

Please confirm the agent and the pickup window by reply.

Jason Emory McKemie
(214) 519-8958
jmckemie@mckemie.net

On Sep 8, 2026, at 9:43 AM, Loriann Martinez <lmartinez@qslwm.com> wrote:

Jason

I am acknowledging InTouch's receipt of your September 4, 2026 email and the "Emergency Notice of Compliance Efforts, Conditional Surrender, Request to Abate Per-Diem Sanctions, and Corrections to the Record," including exhibits.

On September 1, 2026, the Bankruptcy Court entered its Order in Aid of Prior Order (granting the Motion to Enforce), which requires you to surrender the 2018 Jaguar F-Pace to one of four specified InTouch branch locations on or before September 4, 2026, and provides that,

absent timely surrender or an alternative agreement with InTouch by that date, a civil contempt sanction of $100 per day will accrue beginning September 5, 2026, together with legal costs and attorneys fees associated with enforcement. **You did not surrender the vehicle by September 4, 2026. Under the Court's order, sanctions will continue to accrue unless and until the collateral is surrendered or the Court orders otherwise.**

InTouch does not accept your attempt to impose new conditions or deadlines not contained in the Order, including a unilateral noon September 8 election between free pickup in Bryan or your proposed alternative route. The Court's order places the obligation to surrender on you and does not require InTouch to retrieve the vehicle at its expense. **To the extent you request that InTouch file your motion or notice via CM/ECF on your behalf, we decline. Any request to abate, modify, or excuse sanctions must be presented to and granted by the Court; InTouch does not agree to abatement.**

Safety is paramount. If you contend the vehicle is not roadworthy, you should not drive it in an unsafe condition. That does not relieve you of your obligation to comply with the surrender order. You must arrange safe transport at your expense to one of the designated surrender locations or promptly propose a lawful, unconditional plan that results in InTouch obtaining immediate possession.

Without waiving any rights, remedies, or the accrual of court-ordered sanctions, InTouch is willing to consider coordinating a licensed towing/recovery agent to take possession promptly. To evaluate coordination, please provide by reply email today: (a) the exact current address where the vehicle is located, (b) confirmation that the vehicle is immediately accessible for pickup by a licensed towing/recovery agent, (c) where and how the keys/fobs will be delivered upon pickup, and (d) a specific time window for access. Any

coordination by InTouch will be without prejudice and with all costs, attorneys' fees, and sanctions reserved and chargeable as permitted by the Court's order and applicable law.

The Order also requires the collateral to remain insured with InTouch listed as lienholder until surrender, and provides for an additional $100 per day fine for any lapse in coverage or removal of InTouch as lienholder prior to surrender, together with legal costs and attorneys' fees. Please ensure continuous compliance.

InTouch reserves all rights, including to seek recovery costs, attorneys' fees, and sanctions as provided in the Order and by law. Nothing herein waives any right or modifies any court-ordered relief.

Thank you,

Loriann Martinez | Attorney at Law

<image001.png> | <image002.png> | <image003.png>

**From:** jmckemie@mckemie.net <jmckemie@mckemie.net>
**Sent:** Friday, September 4, 2026 5:27 PM
**To:** Loriann Martinez <lmartinez@qslwm.com>
**Cc:** Amanda Loughmiller <aloughmiller@qslwm.com>; Samin Agha <sagha@qslwm.com>; Melissa Resa <melissa.resa@qslwm.com>; areya@holderlawpc.com
**Subject:** [EXTERNAL] - Re: In re McKemie, No. 26-30161-mvl7 — Vehicle surrender (Dkt. 103): vehicle tendered today; your election required — pickup at no cost to me, or I drive it next week; request to ECF-file attached notice

Importance: High

Subject: RE: In re McKemie, No. 26-30161-mvl7 — CORRECTED attachment (same tender; same request)

Ms. Martinez,

Please disregard the attachment to my prior email and use the attached corrected version for filing. I spent today trying a number of shops to get the vehicle to a roadworthy condition so I could deliver it. None would do the work. I ultimately went back to Discount Tire and had them document their findings in writing, which are Exhibit 1. In rushing to get the filing to you, I attached a prior version in which the Exhibit 4 file was a duplicate of the tire-guidance photographs instead of the route map; the correct Google Maps route is attached now, and one paragraph concerning the state-court proceeding, which is not relevant to the surrender, was removed.

Nothing else has changed. The tender of the vehicle, made in my prior email today, September 4, stands. The two paths stand: InTouch may pick the vehicle up in Bryan at no cost to me, or, absent your written election of pickup by 12:00 p.m. Monday, September 8, I will rotate the tires, mount the spare, and drive it to InTouch by an off-highway route for delivery Tuesday, September 9, by close of business. My request that you ECF-file the attached notice on my behalf, and that you confirm by reply whether you will, also stands.

Jason Emory McKemie

(214) 519-8958

On Sep 4, 2026, at 5:01 PM, jmckemie@mckemie.net wrote:

Ms. Martinez,

I am writing before close of business on the September 4 deadline in the Order at Docket No. 103. The vehicle is tendered. I need InTouch to make one election, described below, and I need your answer on one filing request.

**The vehicle is not roadworthy.** On the evening of September 2 I noticed a worsening vibration and immediately scheduled a Discount Tire appointment for the morning of September 3 in Bryan to rotate and balance the tires so I could make the drive. On September 3, Discount Tire declined to do the work because of the tread depth — they said they would be liable if they put the tires back on. On September 4, they inspected again and documented that the left rear tire's belt is separated, the front right is close to separating, the vehicle is not roadworthy, and all four tires would need replacement. They scanned every tire and logged the tread depths in their system tied to my VIN; their policy prohibits affidavits, but the assistant manager stated the store can be called to verify the findings. Their written analysis, my appointment confirmation, and their posted safety guidance are Exhibits 1–3 to the attached notice. I am a Chapter 7 debtor. I cannot afford four tires and I cannot afford transport. Those are

the facts, and they leave exactly two ways this vehicle gets to InTouch.

**InTouch's election — please answer by reply:**

**(1) Pick it up in Bryan at no cost to me.** I will confirm the exact location, have it accessible and ready, deliver all keys and fobs, and cooperate with reasonable verification. Send me the phone number of the company or person

coming and I will coordinate with them directly so it is ready the moment they arrive.

**(2) Tell me to prepare it and drive it.** If InTouch does not elect pickup, I will rotate the tires myself, mount the spare, and drive the vehicle to a designated location early next week by the controlled, off-highway, reduced-speed route

mapped at Exhibit 4. I am fully willing to do this and I will do it. I understand it is unsafe — Discount Tire has said so in writing — and I will make the drive anyway rather than fail to surrender.

The choice is InTouch's. **If I have not received your written election of pickup by 12:00 p.m. Monday, September 8, I will prepare the vehicle and make the drive.** Insurance with InTouch as lienholder remains in force per the Order and stays in force until surrender is complete.

**Attached filing — request to ECF-file today.** Attached is Debtor's Emergency Notice of Compliance Efforts, Conditional Surrender, Request to Abate Per-Diem Sanctions, and Corrections to the Record, with exhibits, signed and dated today. I am pro se and

cannot file electronically with the bankruptcy court; there is no same-day filing pathway available to me. As a good-faith gesture, I ask that you file the attached notice via ECF on my behalf today. **Please reply and confirm whether you will or will not file it**, so I know today whether I need to pursue another method.

As I told the Court on August 26, I hoped my September 3 state-court hearing would restore my access to resources and let us resolve this by today. That hearing went forward (moved to Zoom) and a ruling is expected within days, but as of today I have no funds to pay or settle. I have never refused to surrender this vehicle. **This email — sent on the deadline date, with the vehicle tendered, insured, and offered by two concrete paths — is the record of that, and I ask that InTouch agree no per-diem sanction runs while its election is pending.**

**Please respond today with:**

(1) InTouch's election — pickup at no cost to me (with the transporter's number for coordination of pickup); and
(2) whether you will ECF-file the attached notice.

Absent InTouch's written election of pickup by 12:00 p.m. Monday, September 8, 2026, I will personally rotate the tires, moving the safest tires to the front of the vehicle, replace the left rear tire with the separated belt with the spare, and drive the vehicle on an off-highway route to InTouch for delivery on Tuesday, September 9, 2026, by close of business.

<DF26-30161 Emergency Notice FILING PACKET with Exhibits 2026-09-04 1 pdf>

Thank you,

<signature small copy.png>

**Jason Emory McKemie**
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
214-868-4901 | jmckemie@mckemie.net

<Dkt 103 - Order in Aid of Prior Order (Granting Motion to Enforce).pdf>

**EXHIBIT C - COMPLETED SURRENDER NOTICE, PHOTOGRAPH, AND RECOVERY-AGENT CARD**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 26-30161-mvl7** |
| JASON EMORY McKEMIE, | § | |
| | § | **Chapter 7** |
| Debtor. | § | |

**DEBTOR'S NOTICE OF COMPLETED SURRENDER OF COLLATERAL**
**(2018 Jaguar F-PACE, VIN SADCJ2GX3JA289724)**

Debtor Jason Emory McKemie files this Notice to inform the Court and parties in interest that surrender of the collateral described below is complete, and respectfully states:

1. On or about September 8, 2026, counsel for InTouch Credit Union advised the Debtor that InTouch would dispatch its own licensed recovery agent to retrieve the 2018 Jaguar F-PACE, VIN SADCJ2GX3JA289724 (the "Vehicle"), the collateral addressed in this Court's Order [Dkt. 103].

2. On September 9, 2026, InTouch's licensed recovery agent, AG3 Recovery LLC (Aaron Gifford), took physical possession of the Vehicle. The Debtor coordinated the pickup with the agent, delivered the key fob to the agent, and assisted the agent in loading the Vehicle. The Vehicle is now in the possession of InTouch's agent. Surrender under 11 U.S.C. § 521(a)(2) and this Court's Order [Dkt. 103] is complete as of September 9, 2026.

3. A photograph of the Vehicle being loaded onto the recovery agent's transport on September 9, 2026 is attached as Exhibit 1. The business card of the recovery agent who took possession, AG3 Recovery LLC (Aaron Gifford), is attached as Exhibit 2.

4. The Debtor gives this Notice to establish the completed surrender for the record. The Debtor does not, by cooperating in the surrender, waive any right, defense, or claim, and expressly reserves all of them, including any right to written confirmation of the surrender and the Vehicle's condition at pickup.

Respectfully submitted,

/s/ Jason Emory McKemie
Jason Emory McKemie, Debtor, Pro Se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

Dated: September 9, 2026

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, a true and correct copy of the foregoing Notice was served by electronic mail and/or U.S. Mail on counsel for InTouch Credit Union (Loriann Martinez), the Chapter 7 Trustee, and the Office of the United States Trustee.

/s/ Jason Emory McKemie
Jason Emory McKemie

# EXHIBIT 1

*Photograph — Vehicle loaded on recovery agent's transport, September 9, 2026*



**EXHIBIT 2**

*Business card — AG3 Recovery LLC (Aaron Gifford), recovery agent who took possession*






# CERTIFICATE OF SERVICE

I certify that on November 9, 2026, I served a true and correct copy of the surrender-motion Exhibits A-C, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on November 9, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

Jason M McKemie

Jason Emory McKemie
(214) 519-8958 | jmckemie@mckemie.net

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

**In re:**
**JASON EMORY McKEMIE, Debtor.**

**Case No. 26-30161-mvl7**
**Chapter 7**

---

# ORDER CONFIRMING COMPLETED SURRENDER AND TERMINATING OR ABATING SANCTIONS UNDER DOCKET NO. 103

---

After considering Debtor's Motion, the record, and any response, the Court **ORDERS**:

1. The 2018 Jaguar F-Pace, VIN SADCJ2GX3JA289724, was tendered and made available for surrender on September 4, 2026 and was physically surrendered to InTouch Credit Union's designated recovery agent on September 9, 2026.

2. Debtor did not willfully fail to comply with Docket No. 103.

3. The $100-per-day surrender sanction under Docket No. 103 did not accrue. Alternatively, any accrual is ABATED and TERMINATED no later than September 9, 2026.

4. No separate daily sanction for lapse of insurance or removal of InTouch as lienholder accrued before surrender.

5. No attorney fee, recovery cost, towing charge, or other enforcement cost is assessed against Debtor by this Order.

6. Nothing in this Order adjudicates a deficiency, reaffirmation, discharge objection, or the merits of Adversary Proceeding No. 26-03034-mvl.

SIGNED: ______________________________ DATE: ____________________, 2026
MICHELLE V. LARSON
UNITED STATES BANKRUPTCY JUDGE

### END OF ORDER ###

Submitted by:

Respectfully submitted,

______________________________
Jason Emory McKemie - Debtor, pro se
539 W. Commerce St., #2010, Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

## CERTIFICATE OF SERVICE

I certify that on November 9, 2026, I served a true and correct copy of the proposed surrender-compliance Order, including all accompanying attachments and exhibits, by electronic mail on: Loriann A. Martinez, counsel for InTouch Credit Union, lmartinez@qslwm.com; Amanda Loughmiller, counsel for InTouch Credit Union, aloughmiller@qslwm.com; Areya Holder Aurzada, Chapter 7 Trustee, areya@holderlawpc.com; Office of the United States Trustee, ustpregion06.da.ecf@usdoj.gov.

I further certify that on November 9, 2026, I placed the original paper filing in overnight delivery addressed to Clerk, United States Bankruptcy Court, Northern District of Texas, Dallas Division, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, requesting filing upon receipt.

______________________________

**Jason Emory McKemie**
(214) 519-8958 | jmckemie@mckemie.net