FILED

NOV 13 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 26-30161-mvl7** |
| JASON EMORY McKEMIE, | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |

**ORDER GRANTING DEBTOR'S MOTION FOR RULE 2004 SUBPOENAS [ECF 97] AND OVERRULING OBJECTION [ECF 111]**

Before the Court are the Debtor's Motion for Order Authorizing Rule 2004 Subpoenas [ECF 97], the Objection of Gwendolyn Laura Ulijasz ("Movant") [ECF 111], the Debtor's reply [ECF 124], and the Debtor's supplement filed November 13, 2026. Having considered the papers, the evidence, and the arguments at the hearing on November 18, 2026, the Court ORDERS:

1. **Authorization.** The Debtor's Motion for Rule 2004 Subpoenas [ECF 97] is GRANTED as stated below. Movant's Objection [ECF 111], including the request to defer this discovery, is OVERRULED. The Debtor is a party in interest. The records relate to the Debtor's property and financial condition and to matters that may affect the administration of the estate. Fed. R. Bankr. P. 2004(b)(1). Good cause exists for this examination.

2. **Applicable procedure.** Local Bankruptcy Rule 2004-1(b) does not bar this discovery. Movant has withdrawn her request that the Court determine in ECF 110 whether the property is property of the estate. To the extent any request pertains to a pending contested

matter, it is also authorized under Fed. R. Bankr. P. 9014(c) and 7034 and Fed. R. Civ. P. 34(c) and 45. No further motion and no adversary complaint is required to obtain it.

3. **Subpoenas.** On the Debtor's request the Clerk shall issue subpoenas under Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45(a)(3) to the custodians identified in ECF 97, Section IV. The subpoenas to financial institutions shall include every account in the name of GLU Distribution Limited Liability Company (Illinois Secretary of State File No. 08945586) and every account on which Movant is a signer. Otherwise proper discovery in a pending matter is not limited to those custodians and may reach additional institutions, lenders, or transferees connected to the disputed interests. Additional Rule 2004 examinations may be sought by supplemental motion. Rule 45's notice, service, objection, and nonparty protections remain applicable.

4. **Additional custodians.** The Clerk shall also issue subpoenas to LightStream, BMW of San Antonio, and BMW Financial Services, limited to the January 23, 2026 loan payoff and the February 28, 2026 trade-in, lien payoff, and financing described in Movant's September 10, 2026 declaration [ECF 110 at 31, 33].

5. **Employer payments.** The subpoena to Accenture LLP shall include all expense, housing, rental, and relocation reimbursements and allowances paid to or for Movant and the account into which each was paid. The Clerk shall also issue a subpoena to Cognizant Technology Solutions Corporation, and to the affiliate that employed Movant, for records of all payroll, bonus, equity, expense-reimbursement, and separation or settlement payments to or for Movant on or after January 1, 2024, and the account into which each was paid.

6. **Further custodians on notice.** The Debtor may serve a subpoena under this Order on any other entity that the records produced, or Movant's own filings and testimony, identify as (a) having received a payment or transfer from Movant or from an account in her name on or after January 1, 2024, including Jetty Partners LLC and Skweres Properties, LLC, or (b) having moved, stored, received, or held property removed from the Debtor's residence on April 16 or May 22, 2026, including All My Sons Moving & Storage. The Debtor shall first file a notice identifying the entity and the records sought and serve it on Movant's counsel and the Chapter 7 Trustee. If no objection is filed within 7 days after service, the Clerk shall issue the subpoena. If an objection is filed, the Court will hear it on an expedited basis. A subpoena under clause (a) to a law firm is limited to the dates of engagement, the dates and amounts of invoices, the payments received, and the source of each payment.

7. **Tracing and asserted loans.** Responsive source records shall identify transfers, withdrawals, deposits, linked and receiving accounts, proceeds, and successor assets; compensation, equity, retirement, vehicle, and title interests; and actual consideration, funding, repayments, and balances of asserted debts, including family loans. Production shall include maintained source and destination account and routing numbers, counterparty identities, wire and ACH references, check images, and tracing audit trails.

8. **Period.** The periods stated in ECF 97 apply, through each subpoena's service date. Earlier source records may be sought through the applicable discovery procedure to test claimed premarital sources. Postpetition records may trace earlier property and proceeds; this Order does not classify new postpetition earnings as estate property.

9. **No characterization barrier.** Records shall not be withheld solely because property is claimed separate or solely managed, is titled in one name, has a zero or overdrawn balance, is not itemized on Form 1, or has an unidentified destination. Discovery may test source, mixing, management, and liability under 11 U.S.C. § 541(a)(2)(A) and (B). Ownership is not adjudicated.

10. **Benefits records.** Production shall include every qualifying-life-event and other eligibility-event submission, attestation, and supporting document, with audit trails, premiums, HSA and FSA balances, contributions, distributions, reimbursements and the payee of each reimbursement, card and access events, and beneficiary changes. Disclosure under 45 C.F.R. § 164.512(e)(1)(i), where applicable, is authorized only for these economic and administrative records. Unrelated diagnoses, treatment, and medical-claim substance are excluded.

11. **Production and use.** Subject to timely Rule 45 objections, responsive records shall be produced electronically, directly and simultaneously to the Debtor and the Chapter 7 Trustee within 21 days after service; unaffected records shall not be delayed. Production to the Trustee is also ordered under 11 U.S.C. § 542(e). Privilege claims shall comply with Fed. R. Civ. P. 45(e)(2). Other parties shall receive copies as required by the applicable discovery rules. No Trustee-only, attorneys'-eyes-only, or blanket other-proceeding use restriction is imposed. Lawful use in Cause No. DF-24-18010 is not prohibited. Applicable privilege, privacy, and admissibility rules remain in force.

12. **Identifiers and drives.** Full identifiers needed for tracing shall be retained in discovery production and protected from public filing under Fed. R. Bankr. P. 9037. This Order authorizes source-record discovery, not inspection, imaging, copying, review, or use of the Debtor's drives, their contents, or derivatives, and does not diminish his separate-property, theft, or return claims.

13. **Review before adjudication.** Before a merits determination of disputed estate-property interests, the Debtor and the Trustee shall have at least 14 days after completion of material financial discovery and receipt of all seven identified April 16, 2026 body-camera recordings to review and supplement the record. Emergency preservation, return of essential property, healthcare, subsistence, and litigation-funding requests shall not be delayed by this review provision.

14. **Fees and rights.** Requests for fees, costs, or sanctions against the Debtor concerning ECF 97 or ECF 111 are DENIED. No such amount is assessed. This Order does not adjudicate recovery claims, alter any other court's orders, or grant relief from the automatic stay.

# # # End of Order # # #

Prepared and submitted by:

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 26-30161-mvl7** |
| JASON EMORY McKEMIE, | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |

**ORDER DENYING MOTION OF GWENDOLYN LAURA ULIJASZ FOR ANNULMENT, DETERMINATION, AND MODIFICATION OF THE AUTOMATIC STAY [ECF 110]**

Before the Court are the Motion of Gwendolyn Laura Ulijasz ("Movant") for annulment of the automatic stay, for a determination under 11 U.S.C. § 362, and alternatively for modification of the stay [ECF 110], as limited by her response of November 12, 2026 [ECF 143]; the Debtor's response and declaration [ECF 122]; and the Debtor's supplement filed November 13, 2026. Having considered the papers, the evidence, and the arguments at the final hearing on November 18, 2026, the Court ORDERS:

1. **Withdrawal.** Movant's request for leave to withdraw, "without adjudication," her requests for annulment of the stay and for a determination that property is not property of the estate [ECF 143 ¶ 6] is DENIED. Fed. R. Bankr. P. 9014(c), 7041; Fed. R. Civ. P. 41(a)(2).

2. **Annulment denied.** The request for annulment of the automatic stay is DENIED WITH PREJUDICE. Retroactive validation of the June 11, 2026 trial and of the June 26, 2026 divorce decree is DENIED.

3. **No non-estate declaration.** The requested declaration excluding property identified in Section 8.C or items W-1 through W-9 from the estate is DENIED. No finding of separate property or sole-management community property is adopted. Neither route under 11 U.S.C. § 541(a)(2)(A) or (B) is foreclosed, and ownership and recovery claims are not adjudicated. The request may not be renewed before production under the Court's order on ECF 97 is complete.

4. **Modification denied.** Movant's request to modify the stay to permit the 301st Judicial District Court to complete or redo the division of property is DENIED. Movant offered no evidence of cause. The estate's interest in the property to be divided has not been determined.

5. **Section 362(b)(2)(A)(iv).** Movant's request for a determination that the stay did not apply to the dissolution provisions of the decree is DENIED. The Court makes no determination of the finality, present legal effect, or operative date of any dissolution. Nothing in this Order authorizes any act to terminate or change the Debtor's health coverage, his access to any health savings or flexible spending account, or his status as a beneficiary.

6. **No revival or carryforward.** This Order does not revive, validate, or adopt any provision of the June 26 decree. The September 18, 2026 vacatur of Sections 8, 9, and 11–15 is undisturbed. This Order gives no additional effect to the interlocutory Sections 1–7 and 10, including marriage-date, characterization, dissolution, and name-change findings. The Debtor's pending request for complete vacatur and a proper new trial is not adjudicated or impaired.

7. **Estate protection and stay.** No authority is granted to obtain in Cause No. DF-24-18010 a division, transfer, turnover, execution against, or disposition of estate property, including through a substitute characterization ruling, the W-9 catch-all, or a successor asset. The automatic stay remains in effect according to 11 U.S.C. § 362; no applicable bankruptcy protection is waived by this Order. The periods in 11 U.S.C. § 362(e) were extended through the entry of this Order with Movant's consent and for good cause: Movant noticed the November 18, 2026 final hearing, did not dispute that setting, and changed the relief she requested on November 12, 2026.

8. **Evidence before merits.** Before adjudication of disputed estate-property interests, necessary source and tracing discovery shall proceed under Rule 2004 or the rules governing an applicable pending matter. The Debtor and the Chapter 7 Trustee shall have at least 14 days after completion of material financial discovery and receipt of all seven identified April 16, 2026 body-camera recordings to review, respond, and supplement the record. This denial does not decide those property interests.

9. **Immediate relief preserved.** Nothing here postpones lawful requests for emergency healthcare, return of essential property, temporary support, housing, transportation, counsel, or litigation funding. Section 362(b)(2) exceptions remain available; collection from or disposition of estate property is not authorized. Immediate relief is not conditioned on completing the accounting or final property division.

10. **Claims preserved.** This Order does not adjudicate the Debtor's claims under 11 U.S.C. § 362(k), enforcement of ECF 57 or other orders, theft or return of his property and drives, benefits or ERISA claims, or the Trustee's avoidance and recovery powers. No inspection, copying, review, or use of the drives, their contents, or derivatives is authorized. No claim outside ECF 110 is released or denied by implication.

11. **Costs.** Movant shall reimburse the Debtor's out-of-pocket costs of responding to her requests for annulment and for a determination that property is not property of the estate. The Debtor shall file a declaration of the amount within 7 days after entry of this Order, and Movant shall pay that amount within 14 days after the declaration is filed.

12. **Show cause.** Within 14 days after entry of this Order, Movant and her counsel shall show cause in writing why the filing of ECF 110 with unresolved drafting notes in the motion and in the sworn declaration [ECF 110 at 10, 14, 21–22, 31, 34] did not violate Fed. R. Bankr. P. 9011(b)(3).

13. **Related requests.** Movant's requests for expedited disposition and for waiver of the stay of this Order under Fed. R. Bankr. P. 4001(a) are DENIED AS MOOT because no stay relief is granted. Requests for fees, costs, or sanctions against the Debtor in connection with ECF 110 are DENIED. No such amount is assessed.

# # # End of Order # # #

Prepared and submitted by:

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 26-30161-mvl7** |
| | § | |
| JASON EMORY McKEMIE, | § | **CHAPTER 7** |
| | § | |
| Debtor. | § | Hearing: Nov. 18, 2026, 9:30 a.m. |

## DEBTOR'S EXHIBIT LIST FOR THE NOVEMBER 18, 2026 HEARING ON THE DEBTOR'S MOTION FOR RULE 2004 SUBPOENAS [ECF 97] AND MOVANT'S STAY MOTION [ECF 110]

(Relates to ECF 97, 110, 111, 134, 140, and 141)

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

Under N.D. Tex. L.B.R. 9014-1(c), Jason Emory McKemie, the Debtor, designates the exhibits below for the November 18, 2026 hearing. His witness list is on file at ECF 140. Exhibits D-1 through D-14 are on the docket of this case, where they are available to counsel for Gwendolyn Laura Ulijasz ("Movant"); each is designated with all of its attachments. Page citations are to CM/ECF page numbers.

| Exhibit | Description | Location |
|---|---|---|
| D-1 | Debtor's Motion for Rule 2004 Subpoenas for Third-Party Financial Records | ECF 97 |
| D-2 | Movant's Motion, her Declaration (ECF 110 at 27–34), and every exhibit to it, including her sworn Second Amended Inventory and Appraisement (ECF 110 at 76–95) | ECF 110 |
| D-3 | Movant's Objections to the Rule 2004 motion | ECF 111, 112 |
| D-4 | Debtor's Response in support of Rule 2004 subpoenas, with proposed order | ECF 120, 120-1 |
| D-5 | Debtor's Opposition to ECF 110, with exhibits, including the Debtor's Declaration (Exhibit R-15, ECF 122 at 18–32) | ECF 122 |
| D-6 | Debtor's Reply in support of Rule 2004 subpoenas | ECF 123, 124 |
| D-7 | Debtor's Advance Notice and Motion to Compel In-Person Testimony, with Declaration (ECF 134 at 24–27) and Exhibits A through X | ECF 134, 135 |
| D-8 | Debtor's Notice of State-Court Ruling and Stay Violations, with exhibits, including the June 11, 2026 trial transcript and the affidavit of Jonathan D. Steele | ECF 138, 138-1, 121-1 |
| D-9 | Movant's witness disclosures and exhibit list, with exhibits | ECF 136, 137, 137-1, 137-2, 137-3 |

| Exhibit | Description | Location |
|---|---|---|
| D-10 | Movant's filings of November 12, 2026, including her Declaration (ECF 141 at 23–25) | ECF 141, 141-1, 142, 143 |
| D-11 | Debtor's Opposition to WebEx or Other Remote Testimony, with exhibits | ECF 144 |
| D-12 | Debtor's Supplement of November 13, 2026, with Declaration and Exhibits SUPP-1 and SUPP-2 | Filed with this list |
| D-13 | Chapter 7 Trustee's Form 1, Individual Estate Property Record and Report | ECF 91 |
| D-14 | Debtor's Verified Declaration and Emergency Motion of April 16, 2026, with exhibits, and the Court's orders of April 16 and May 6, 2026 | ECF 51, 55, 57, 76 |
| D-15 | Documents Movant produced to the Debtor in DF-24-18010 under her Bates prefix "GU," including GU000164–167, GU000960–961, GU001669, GU001670, and GU001969–1972, and her productions of January 20, 24, and 25, 2026 and February 17, 2026 | Produced by Movant. Copies of the pages to be offered will be delivered by November 15, 2026. |
| D-16 | Emails between the Debtor and Movant's counsel concerning discovery, dated May 27, 2025; June 23, 2025; September 21 through 25, 2025; October 10, 2025; January 10, 20, 24, and 25, 2026; and February 17, 2026 | Sent to or by Movant's counsel. Copies will be delivered by November 15, 2026. |
| D-17 | Pleadings, orders, and transcripts in DF-24-18010 that are cited in D-1 through D-12 | Of record in the State Court |
| D-18 | Demonstrative summaries of the exhibits above, including the tables in D-12 | D-12 |
| D-19 | Debtor's summary of the credit-card overpayments, credit balances, and missing statements shown in the card statements Movant produced (Chase, American Express, and Citibank accounts), with the statement pages summarized | Summary of D-15. Copies will be delivered by November 15, 2026. |
| D-20 | Preservation demands: the Debtor's Immediate Preservation Demand of May 22, 2026 and the reply of Jonathan D. Steele of May 22, 2026, 5:18 p.m. ("Re: Immediate Preservation Demand – Entire Marital Estate and Property Under Petitioner's Custody or Control"); the emails of Jonathan D. Steele to the Debtor of April 23, 2026, 5:50 p.m. and May 22, 2026, 1:25 p.m. ("Ulijasz v. McKemie"), demanding that the Debtor safeguard Movant's property; Respondent's Emergency Notice of Unaccounted-For Personal Property, Demand for Inventory, Request for Preservation, and Preservation of Rights, filed June 22, 2026 in DF-24-18010; and the Debtor's Property and Evidence Preservation Packet (Packet A) | The emails of Jonathan D. Steele are attached to this list. Copies of the other items will be delivered by November 15, 2026. |
| D-21 | Photographs of the Debtor's residence, of his property, and of Movant taken during and after the April 16 and May 22, 2026 writ executions, including Respondent's Exhibit L-6 ("Writ Aftermath") and the photo exhibit "Writ Aftermath / Medical Harm" in DF-24-18010 | Exhibit L-6 is attached to this list. Copies of the other photographs will be delivered by November 15, 2026. |
| D-22 | Respondent's Request for De Novo Hearing, with exhibits, filed June 4, 2026 in DF-24-18010 | Attached to this list. Filed and served in DF-24-18010 on June 4, 2026. |

| Exhibit | Description | Location |
|---|---|---|
| D-23 | Debtor's summary of the docket of DF-24-18010 through October 16, 2026: Respondent's Exhibit Q-8, "Due Process Collapse / Updated Docket Demonstrative," updated November 13, 2026 | Attached to this list |

1. The Debtor's exhibits are marked "Debtor D-1" through "Debtor D-23." Movant's own filings, declarations, sworn inventory, and testimony in D-2, D-3, D-8, D-9, and D-10 are offered against her as statements of a party opponent. Fed. R. Evid. 801(d)(2)(A). The emails of Movant's counsel in D-20 are offered to show that the demands and the refusal were made, not for the truth of counsel's assertions about the Debtor. Fed. R. Evid. 801(c)(2).

2. The Debtor may offer any exhibit designated by Movant. Exhibits to be used solely for impeachment are not listed. L.B.R. 9014-1(c).

3. The Debtor's witnesses are identified at ECF 140. The Debtor will testify, and he will call Movant as an adverse witness. Fed. R. Evid. 611(c)(2).

Dated: November 13, 2026

Respectfully submitted,

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

**DECLARATION OF JASON EMORY McKEMIE**
(28 U.S.C. § 1746)

I, Jason Emory McKemie, declare as follows:

1. Exhibit SUPP-2 is attached to the Supplement I am filing today. Pages 1 and 2 are true copies of two pages of the copy of Movant's Accenture employment agreement in my possession: its first page and the first page of its Exhibit B. Pages 3, 4, and 5 are true copies of Chase statement pages that Movant produced to me in DF-24-18010 and that bear her Bates numbers GU000960, GU000961, and GU001969. I redacted the account and loan numbers to their last four digits and made no other change.

2. The documents described in Exhibit D-15 are documents Movant produced to me in DF-24-18010 under her Bates prefix "GU." The emails described in Exhibit D-16, and the emails and demands described in Exhibit D-20, are ones I sent to, or received from, Movant's counsel or filed in DF-24-18010.

3. I adopt my filings at ECF 120, 122, 123, and 124 by my signature below. The statements in my declarations at ECF 122 at 18–32 and ECF 134 at 24–27 are true and correct.

4. I hold copies of the Articles of Organization of GLU Distribution Limited Liability Company, filed with the Illinois Secretary of State on July 15, 2020 under File No. 08945586, and of its annual report dated June 20, 2021. Both name Gwendolyn Laura Ulijasz as its registered agent and as its manager, and the Articles name her as its organizer.

5. Exhibit D-23 is attached to this list. It is a summary of the docket of DF-24-18010 through October 16, 2026. I prepared it, and I updated it on November 13, 2026 from the Dallas County online docket.

6. Exhibits D-20, D-21, and D-22 are attached to this list as the table states. The emails in D-20 are copies of emails I received from Jonathan D. Steele on April 23, 2026 and May 22, 2026. His email of May 22, 2026, 5:18 p.m. shows below it the preservation demand I sent him at 5:07 p.m. that day. Exhibit D-21 is a copy of Respondent's Exhibit L-6 in DF-24-18010, which I prepared. Exhibit D-22 is my printed copy of Respondent's Request for De Novo Hearing, which I filed in DF-24-18010 on June 4, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2026.

______________________________

Jason Emory McKemie

## CERTIFICATE OF SERVICE

I certify that on November 13, 2026, I served a true and correct copy of this exhibit list, with Exhibits D-20, D-21, D-22, and D-23 attached, by email on the following counsel for the Movant, Gwendolyn Laura Ulijasz:

- Jonathan D. Steele (jsteele@beermannlaw.com), Beermann LLP
- Sara A. Boucher (saboucher@beermannlaw.com), Beermann LLP
- Richard G. Dafoe (rdafoe@wslawpc.com), Waddell Serafino Geary Rechner Jenevein, P.C.
- Rebecca L. Armstrong (rebecca@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC
- Terra Aguirre (terra@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC
- Lauren Shaw (lauren@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC

and on:

- Areya Holder Aurzada, Chapter 7 Trustee (areya@holderlawpc.com)
- Office of the United States Trustee (ustpregion06.da.ecf@usdoj.gov)

On the same date I emailed a copy to the courtroom deputy at mvl_settings@txnb.uscourts.gov. The original, ink-signed paper filing was submitted to the Clerk, United States Bankruptcy Court, Northern District of Texas, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, as follows (one box checked):

[ ] delivered in person to the Clerk's office on November 13, 2026.

[ ] placed in overnight delivery on November 13, 2026, for delivery on the Court's next business day, November 16, 2026.

________________________________

Jason Emory McKemie

# DEBTOR'S EXHIBIT D-20

Emails of Jonathan D. Steele, counsel for Movant, to the Debtor

1. April 23, 2026, 5:50 p.m. and May 22, 2026, 1:25 p.m. ("Ulijasz v. McKemie"): demands that the Debtor safeguard Movant's property (2 pages)

2. May 22, 2026, 5:18 p.m. ("Re: Immediate Preservation Demand – Entire Marital Estate and Property Under Petitioner's Custody or Control"): reply to the Debtor's preservation demand of 5:07 p.m. that day (5 pages)

In re Jason Emory McKemie, Case No. 26-30161-mvl7 (Bankr. N.D. Tex.)
Attached to the Debtor's Exhibit List of November 13, 2026

**From:** Jonathan Steele JSteele@beermannlaw.com
**Subject:** Re: Ulijasz v. McKemie
**Date:** May 22, 2026 at 1:25 PM
**To:** jason@callvital.com

Jason,

I am writing again about Gwen's personal property. I am informed that following the latest eviction action, all of her belongings have been placed on the public sidewalk outside the property and are sitting there now.

This is the same conduct addressed in my April 23 email, with greater exposure. The sidewalk is a public way. Her property is now at heightened risk of weather damage, theft, and removal by the City as abandoned.

Whatever the status of the writ, the safekeeping of Gwen's separate property remains your responsibility while it is on or adjacent to a premises you controlled. That includes protection from weather, theft, loss, and deterioration.

If her property is damaged, lost, or removed while it remains where it currently sits, the resulting loss and the now-documented pattern of conduct will be presented to the court.

**Jonathan D. Steele** I Divorce and Family Law Partner
161 N Clark St., Suite 3000 I Chicago, IL 60601
Tel: 312.621.9700 I Fax: 312.621.0909
Mobile: 872.888.6069

2275 Half Day Rd., Suite 350 I Bannockburn, IL 60015
Tel: 847.681.9600 I Fax: 847.681.0909
jsteele@beermannlaw.com I www.beermannlaw.com

**Jonathan Steele** I Divorce and Family Law Partner
161 N Clark St., Suite 3000 I Chicago, IL 60601
Tel: 312.621.9700 I Fax: 312.621.0909

2275 Half Day Rd., Suite 350 I Bannockburn, IL 60015
Tel: 847.681.9600 I Fax: 847.681.0909

jsteele@beermannlaw.com I
www.beermannlaw.com

BEERMANN LLP EST. 1958

BEST LAW FIRMS 2026

**From:** Jonathan Steele <jsteele@beermannlaw.com>
**Date:** Thursday, April 23, 2026 at 5:50 PM
**To:** <jason@callvital.com>
**Subject:** Ulijasz v. McKemie

Jason,
I'm writing to confirm what the Dallas police and the moving company communicated directly to Gwen on Thursday: after you obtained the stay of eviction through April 30, all of her personal belongings and separate property were unloaded from the moving truck at your direction and left on the lawn at the property.

Because the stay keeps you in possession of the premises, the care and safekeeping of Gwen's property now sitting outside is your responsibility. That includes protection from weather, theft, and any other loss or deterioration while it remains there.
Please confirm in writing by end of day Friday that (1) Gwen's belongings have been moved to a secure, covered location on the property, and (2) you will propose two dates and times before April 30 when she can arrange pickup.

**Jonathan D. Steele** I Divorce and Family Law Partner
161 N Clark St., Suite 3000 I Chicago, IL 60601
Tel: 312.621.9700 I Fax: 312.621.0909
Mobile: 872.888.6069

2275 Half Day Rd., Suite 350 I Bannockburn, IL 60015
Tel: 847.681.9600 I Fax: 847.681.0909
jsteele@beermannlaw.com I www.beermannlaw.com

To message me securely, click here.
To send me files securely, click here.
To meet with me now, click here.
To schedule a meeting with me, click here.

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.
**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

**From:** **Jonathan Steele** JSteele@beermannlaw.com
**Subject:** Re: Immediate Preservation Demand – Entire Marital Estate and Property Under Petitioner's Custody or Control
**Date:** May 22, 2026 at 5:18 PM
**To:** Jason McKemie jmckemie@mckemie.net
**Cc:** Terra Aguirre terra@armstronglawtexas.com, rgutuerrez@beermannlaw.com, Sara A. Boucher saboucher@beermannlaw.com, Lauren Shaw lauren@armstronglawtexas.com, Rebecca Armstrong rebecca@armstronglawtexas.com, jason@callvital.com

Mr. McKemie,

Received, in triplicate.

A few observations on the record:

1.
Your property is on the sidewalk because a writ of possession was executed against you today. Petitioner is not the cause of that, and the catalog of speculative grievances in your correspondence does not change it.

2.
Your emails simultaneously claim that Petitioner is paying personnel hundreds of dollars per hour to inventory and control your property, and that Petitioner is allowing your property to be scavenged, destroyed, and discarded. Both cannot be true. Neither is accepted.

3.
Self-styled "notices" reciting facts, listing items, and announcing preservation duties do not create those facts, those items, or those duties. Petitioner is in compliance with the orders that actually exist.

4.
Further duplicative emails on these subjects will not be answered individually. If there is a discrete, substantive matter to raise in Cause No. DF-24-18010, raise it once, clearly, and I will respond.

Best regards,

**Jonathan D. Steele** I Divorce and Family Law Partner
161 N Clark St., Suite 3000 I Chicago, IL 60601
Tel: 312.621.9700 I Fax: 312.621.0909
Mobile: 872.888.6069

2275 Half Day Rd., Suite 350 I Bannockburn, IL 60015
Tel: 847.681.9600 I Fax: 847.681.0909
jsteele@beermannlaw.com I www.beermannlaw.com

To message me securely, click here.
To send me files securely, click here.
To meet with me now, click here.
To schedule a meeting with me, click here.

**Jonathan Steele** I Divorce and Family Law
Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601
Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015
Tel: 847.681.9600 | Fax: 847.681.0909

jsteele@beermannlaw.com |
www.beermannlaw.com

BEERMANN LLP
EST. 1958

BEST LAW FIRMS 2026

On May 22, 2026, at 5:07 PM, Jason McKemie <jmckemie@mckemie.net> wrote:

Counsel,

The entire marital estate, including all personal property, household property, records, electronics, medical items, evidence, storage contents, and remaining possessions, must be immediately preserved and protected from loss, destruction, disposal, scavenging, uncontrolled handling, or selective removal pending court review.

I left the hospital today and returned to the residence only because my property was being exposed, removed, and placed at immediate risk of loss while I was at the courthouse seeking emergency protective and TRO relief. I did not abandon the residence, abandon my property, waive possession, consent to removal, authorize disposal, authorize public taking, or authorize anyone to treat my possessions as abandoned, discarded, or available for scavenging.

Petitioner is paying personnel $500 per hour for someone to simply watch, inventory, control, or manage property sitting at the residence. That same $500 would allow me to preserve my two storage units and create a place to move and protect remaining property, personal effects, evidence, medical items, and legal materials. Petitioner cannot spend substantial resources hourly controlling and inventorying the property while simultaneously refusing to preserve the property itself.

Petitioner cannot have it both ways: either the property is abandoned, or she and her agents are exercising custody, supervision, inventory control, and chain-of-custody management over it. By paying personnel to watch, inventory, manage, move, control, or supervise the property, Petitioner has assumed practical custody and control over the entire property set and must preserve all of it.

This preservation demand is not limited to electronics or litigation evidence. It applies to everything.

Petitioner, her counsel, agents, movers, vendors, contractors, security personnel, inventory personnel, representatives, and all persons acting for her benefit or under her direction must preserve all property in their possession, custody, control, supervision, or direction, including but not limited to: computers, laptops, hard drives, SSDs, flash drives, phones, tablets, cameras, security-system equipment, routers, legal files, pleadings, exhibits, financial records, medical records, medication, medical devices, storage-unit records, mail, IDs, passports, birth/civil documents, credit/debit cards, checkbooks, keys, safes, tools, 3D-printing equipment, professional equipment, music/studio equipment, clothing, shoes, furniture, household goods, sentimental items, wedding gifts, family property, valuables, and all items of unknown or disputed ownership.

I specifically object to any destruction, disposal, donation, sale, transfer, alteration, damage, concealment, loss, inspection, imaging, copying, review, use, disclosure, reliance, selective retention, or public exposure of any property.

No item may be discarded, damaged, donated, sold, transferred, concealed, used, inspected, copied, reviewed, altered, destroyed, scavenged, or allowed to be taken by any third party. If any item is missing, damaged, discarded, destroyed, or unaccounted for after Petitioner or her agents

assumed control, supervision, inventory management, handling, or custody over the property, I will seek sanctions, reimbursement, contempt findings, adverse inferences, exclusion of evidence, and all other relief available.

I also advised counsel present at the scene that mutual injunctions/orders restrict Petitioner's conduct and access relating to the residence and property. The absence of a paper copy at the scene was not consent, waiver, abandonment, surrender of possession, or authorization for Petitioner, counsel, movers, vendors, third parties, or members of the public to proceed as though no court restrictions existed or to treat my property as abandoned, discarded, available for taking, or subject to uncontrolled removal and handling.

Please immediately confirm:

1. where all property has been taken or will be taken;
2. who is controlling, inventorying, loading, storing, transporting, or guarding it;
3. who is paying those persons;
4. what inventory is being created;
5. whether photographs or videos are being taken;
6. whether any property has been discarded, damaged, donated, scavenged, taken by third parties, or left exposed;
7. whether any electronics, storage media, legal files, medical items, or medication have been handled or removed;
8. that all property and all related inventories, photos, videos, communications, payment records, instructions, and chain-of-custody records are being preserved.

Petitioner cannot selectively preserve items useful to her while allowing the remainder of the marital estate to be exposed to destruction, scavenging, weather damage, theft, loss, or uncontrolled public access. The entire marital estate must be preserved, inventoried, photographed, and fully accounted for pending court review.

Jason McKemie
539 W. Commerce St., #2010
Dallas, TX 75208
214-868-4901
jmckemie@mckemie.net

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.
**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

# DEBTOR'S EXHIBIT D-21

Respondent's Exhibit L-6 in Cause No. DF-24-18010
"Photo Exhibit W | Writ Aftermath"
Photographs and camera images of the April 16, 2026 writ execution and its aftermath
(20 pages)

In re Jason Emory McKemie, Case No. 26-30161-mvl7 (Bankr. N.D. Tex.)
Attached to the Debtor's Exhibit List of November 13, 2026

**CAUSE NO. DF-24-18010 — IN THE 301ST JUDICIAL DISTRICT COURT, DALLAS COUNTY, TEXAS**

In the Matter of the Marriage of Gwendolyn Ulijasz-McKemie and Jason Emory McKemie

# RESPONDENT'S EXHIBIT L-6

Writ Aftermath 3 (print)

NO.____________________________________

**JASON EMORY MCKEMIE** § **IN THE DISTRICT COURTS**
APPLICANT §
§ _____ **JUDICIAL DISTRICT**
**GWENDOLYN LAURA ULIJASZ** §
PETITIONER/ONE RESTRAINED § **DALLAS COUNTY,**
**TEXAS**

# PHOTO EXHIBIT W | WRIT AFTERMATH




## I. PRIOR COURT HISTORY AND NOTICE REGARDING PETITIONER'S ACCESS TO THE RESIDENCE

Petitioner repeatedly requested access to the marital residence through pleadings and during court hearings. On January 6, 2026, during a motion-to-compel hearing, Judge Abendroth initially approved access over Applicant's objections. After reviewing the history, however, the Court stated that Petitioner had already been given more than enough time to retrieve her property and that further personal access was no longer permitted.

Applicant filed repeated objections explaining that Petitioner's prior entries into the residence had resulted in property damage, disorder inside the home, unsupported allegations, planted items, and tracking devices, including three AirTags placed on Applicant's personal property. Applicant did not




object to Petitioner receiving any remaining belongings. Applicant objected to Petitioner personally entering the residence or receiving property directly from Applicant.

Applicant repeatedly stated that any remaining property transfer had to occur through a neutral third party because direct contact or direct transfer created an unacceptable risk of false allegations, planted evidence, property destruction, or further escalation. Petitioner was therefore on notice, both from the hearing record and filed objections, that she was not permitted to personally re-enter the residence and that any remaining retrieval had to occur through a neutral process.

## II. TIMELINE OF KNOWN APRIL 16, 2026, EVENTS

**2:37 p.m.** – Applicant left the residence to go to court after identifying defective service and attempting to stop the writ. Applicant closed the garage before leaving.

**2:39 p.m.** – Petitioner's security personnel backed into the rear driveway. The garage was opened from inside.

**2:39 p.m.** – Security cameras began being disabled, including cameras being ripped from walls. Fifteen cameras on one system were disabled before Petitioner arrived.

**2:46 p.m.** – Petitioner arrived by Uber with luggage, consistent with travel from San Antonio. A constable asked who she was and why she was present. Petitioner presented an outdated driver's license bearing the residence address and Applicant's last name. She represented that she currently lived at the residence, had a right to be there, and had a right to remove property. Those representations were false.

**2:47pm** - Shows ID to Constable Tometillo with 5609 Address and Applicants last name

**2:57 p.m.** – Petitioner was captured on video speaking by phone with multiple outside resources. She stated that Applicant was at the courthouse, that he would likely return, and that she needed to hurry and "grab more of this evidence." The video clip then stopped.

**3:23 p.m.** – The remaining security camera system was discovered and disabled. The internet went down at the same time.

**5:30 p.m.** – Applicant left the courthouse and spoke with the constable. The constable stated that Petitioner had been inside boxing items from the attic, that he told her to stop and unload the SUV, and that Petitioner then got into the SUV and left with her security guards. When Applicant asked why the constable could not recover the property, the constable stated that he did not have authority to chase her.

**Evening of April 16 through approximately 4:00 a.m.** – Applicant worked to recover and secure property that had been left outside, damaged, discarded, commingled with trash, or made inaccessible.

**Approximately 7:00 a.m. the following morning** – After sleeping outside in a lawn chair from physical exhaustion to watch the property, Applicant woke to the same blue Lexus sports sedan stopped approximately 15 to 20 feet away, with the driver photographing Applicant through an open window using a DSLR camera.

## III. COORDINATED ENTRY AND DISABLEMENT OF SURVEILLANCE

April 16, 2026 was not an ordinary writ execution. It was a coordinated evidence grab, asset seizure, property destruction event, and survival destabilization campaign.




At approximately 2:37 p.m., Applicant left the residence to go to court after identifying defective service and attempting to stop the writ. Applicant closed the garage before leaving. Within minutes, Petitioner's security personnel backed into the rear driveway, the garage was opened from inside, and the security cameras began being disabled.

Applicant had two separate security camera systems. Fifteen cameras on one system were disabled before Petitioner arrived. The second system survived until approximately 3:23 p.m., when it was discovered and disabled. The internet went down at the same time.

The speed of the entry, the immediate disabling of cameras, the precision with which the camera locations were identified, and the timing of Petitioner's arrival minutes after Applicant was forced to leave for court establish that this was not spontaneous, incidental, or ordinary. It was coordinated in advance.

## IV. PETITIONER'S FALSE ACCESS REPRESENTATION AND USE OF OUTDATED IDENTIFICATION

At approximately 2:46 p.m., Petitioner arrived by Uber with luggage. A constable asked who she was and why she was present. Petitioner presented an outdated driver's license bearing the residence address and Applicant's last name. She represented that she currently lived at the residence, had a right to be there, and had a right to remove property.

Those representations were false. Petitioner changed her name in December 2024 and had lived in San Antonio since leaving the residence. She used an outdated license to misrepresent current residence, marital identity, access authority, and removal authority.

**2:46PM ARRIVAL FROM SAN ANTONIO VIA UBER**






Petitioner had already been denied further unrestricted personal access through prior court proceedings. She also had notice from Applicant's repeated filed objections that any remaining property transfer had to occur through a neutral process. Her use of outdated identification was not harmless. It was used to create the appearance of authority at the precise moment her physical entry and removal of property were being challenged.

## V. PETITIONER'S RECORDED STATEMENT ABOUT "EVIDENCE"

At approximately 2:57 p.m., Petitioner was captured on video speaking by phone with multiple outside resources. She stated that Applicant was at the courthouse, that he would probably return, and that she needed to hurry and "grab more of this evidence." The clip then stopped.

That statement matters. Petitioner did not describe the activity as retrieving ordinary personal items. She described it as grabbing evidence while Applicant was away at court. That statement is consistent with the timing, the disabled cameras, the third-party coordination, the removal of hard drives and litigation materials, and the destruction or concealment of property necessary for Applicant's survival and litigation access. (Video Link: https://tinyurl.com/ManufacturedEvidence)



## VI. REMOVAL, DESTRUCTION, AND MISCLASSIFICATION OF PROPERTY

Once inside, Petitioner took control of the packing and removal process. Property was divided into "keep" and "dispose" categories. In practice, "dispose" became Applicant's property.

Items necessary for survival, litigation, medical access, identity, and daily functioning were removed, damaged, destroyed, discarded, or left behind in a condition designed to make retrieval nearly impossible. This included medications, auto-injectors, hard drives, litigation files, tax records, passport, identification materials, clothing, underwear, socks, financial records, cash, studio equipment, electronics, and professional property.

The recovered bags contained unrelated property from multiple rooms mixed with trash, liquids, food, broken debris, electronics, legal papers, photographs, books, kitchen items, bathroom items, and fragile property. Purchased small, medium, and large moving boxes were not used. Instead, wardrobe boxes were loaded with non-wardrobe items, including electronics, glass, breakable items, and heavy equipment. Several boxes exceeded reasonable load capacity and could not be safely moved.

This was not ordinary packing. The handling pattern caused foreseeable destruction. Fragile items were placed beneath heavy items. Glassware and family property were broken. Applicant's great-grandmother's approximately 150-year-old crystal was lost, destroyed, or removed. Items were ripped from walls rather than dismounted, leaving structural damage and exposed wires. Power and data cables were separated from equipment, rendering remaining systems unusable and increasing restoration costs.

Applicant's music studio and professional equipment were gutted. Critical equipment was removed. Cables and remaining components were left disconnected and unusable. The loss included professional, creative, litigation-related, and personal property central to Applicant's livelihood and evidence preservation.

## VII. APPLICANT WAS FORCED TO LEAVE ESSENTIAL PROPERTY BEHIND

When Applicant left, he told the constable that he needed to retrieve his hard drives, medication, checkbook, and papers near his printer. He was told there was no time and that he had to leave immediately if he wanted any chance to stop the writ.

No reasonable person would voluntarily leave behind medication, identification, litigation files, passport, tax records, cash, hard drives, and property needed for basic survival unless forced to do so. Applicant was forced to leave because the defective service created the exact emergency that required him to go to the courthouse immediately.

Petitioner knew Applicant would leave. The timing of her arrival and the immediate entry by her security personnel confirm that the court emergency was used as the operational window for entry, camera disablement, property removal, and evidence seizure.

## VIII. CONSTABLE STATEMENT AND PETITIONER LEAVING WITH PROPERTY

When Applicant left the courthouse around 5:30 p.m., he spoke with the constable. The constable stated that Petitioner had been inside boxing items from the attic and that he told her to stop and unload the SUV. The constable stated that Petitioner then got into the SUV and left with her security guards.

When Applicant asked why the constable could not recover the property, the constable stated that he did not have authority to chase her.

This confirms that Petitioner personally removed property from the residence despite prior notice that her personal entry and direct property removal created unacceptable risk and were not permitted through any neutral process.

## IX. ALL MY SONS, CONCEALED THIRD-PARTY PAYMENT, AND PETITIONER'S EFFORT TO KEEP HER NAME OFF THE MOVE

When Applicant returned to the residence, a 26-foot All My Sons moving truck was in front of the residence and unloading had begun. Applicant contacted the moving company manager and told him that the property on the truck was Applicant's property, that Applicant had a shoulder injury, and that Applicant needed assistance returning the property inside.

The manager stated that All My Sons had only been contracted to move items from the front lawn to the truck. When Applicant offered to modify the contract and ensure payment, the manager stated that he could not bill Petitioner because the card on file was not hers. He identified the cardholder as Merritt McClayton Rahilly, one of Petitioner's close friends in Chicago.

The manager also stated that Petitioner was explicit that she did not want her name associated with the move.

That fact is not neutral. It corroborates concealed third-party financing, identity concealment, and coordinated removal of Applicant's property through a third party. A 26-foot moving truck booked under Petitioner's close friend's name, combined with Petitioner's express instruction that her name not be associated with the move, confirms planning, concealment, and consciousness of wrongdoing.

## X. THE PROPERTY WAS NEVER ABANDONED

The property was never abandoned. Applicant remained at or near the residence. A friend arrived shortly after Applicant returned to assist. Applicant worked through the night to recover and secure what remained.

A blue Lexus sports sedan repeatedly circled the residence during the recovery effort. Applicant's friend noticed the vehicle without prompting. Applicant has observed the same individual intermittently since these proceedings began in December 2024.

It took approximately 36 hours to bring the property back inside. By approximately 4:00 a.m., Applicant was physically exhausted and slept outside in a lawn chair to watch the property. At approximately 7:00 a.m., Applicant woke to the same blue Lexus stopped approximately 15 to 20 feet away, with the driver photographing Applicant through an open window using a DSLR camera.

This was continued surveillance during physical vulnerability, not ordinary neighborhood activity.

## XI. BROADER FINANCIAL, LEASE, HEALTHCARE, AND LITIGATION CONTEXT

The April 16 event occurred after months of financial, resource, healthcare, and litigation obstruction.

This coordinated clean-out followed the illegal modification of a Texas state lease through a lease buyout modification that was concealed until Applicant showed contradictions that forced its disclosure during the October 31, 2025 hearing. Petitioner was listed on the lease application as the sole financial guarantor, and only her credit was evaluated for the lease.

Petitioner misrepresented the financial arrangements made with Applicant, produced misleading financial statements, and claimed destitution while Applicant was left with the entire financial burden of the marital residence during recovery from spinal surgery and without income.

Rent was either satisfied, or at least partially satisfied, through the forfeiture of Applicant's $4,999 rent deposit by Petitioner without Applicant's knowledge or consent. That deposit was offered so the landlord would join a call with Petitioner, or with Ethan Scroggins on Petitioner's behalf, to hear an offer that would keep the landlord "out of the crossfire." Related correspondence misrepresented court findings, recast Petitioner as an innocent abused victim, and attempted to buy her name off a lease for which she was the sole financial guarantor.

This was the culmination of a four-month coordinated financial ambush designed to leave Applicant desperate, without income, cut off from marital assets, without practical means of survival, and without adequate access to counsel.

For 16 months, Applicant has fought for survival through more than 110 pleadings and thousands of pages while facing continuing financial, medical, and litigation obstruction. The damage now extends beyond the case itself. Applicant's parents are being forced to sell their retirement home after long-term care needs escalated for Applicant's father following approximately $50,000 loaned to Applicant beginning in December 2024 to defend against Petitioner's false protective order application—an application Applicant warned 911 about seven days before it was filed.

Petitioner has stated that Applicant would never see inside her bank accounts and that he "will die trying" in connection with third-party subpoena rights.

## XII. FIREARM ACQUISITION AND SAFETY RISK

Open records recently produced a police report confirming Petitioner's acquisition of a firearm. Petitioner stated that she needed the firearm in connection with a property dispute at Public Storage on the exact same date as the first bench trial in the 254th District Court. The report states that Petitioner was not licensed for that firearm.

The firearm issue is directly relevant to this request for protective relief and to the requested Rule 204 psychological examination. Petitioner's acquisition of a firearm in connection with a property dispute involving community assets, while simultaneously engaging in escalating property interference, false reporting, financial obstruction, litigation obstruction, and coordinated entry into the marital residence, presents a serious and immediate safety concern.

## XIII. PETITIONER'S FINANCIAL CAPACITY AND THE INFERENCE CREATED BY THE SCALE OF THE OPERATION

Petitioner makes approximately $1.5 million per year, averaging more than $125,000 per month. This is not an ambiguous number and it is not speculation. Her compensation contract is highly detailed and itemized. It provides precise values and ranges for each compensation element, and her own handwritten notes corroborate those numbers.

Petitioner's time is valuable. Her decision to travel from San Antonio, arrive within minutes of Applicant's departure, coordinate multiple third-party resources, use security personnel, use an outdated license, disable surveillance, conceal the moving arrangement through a close friend's payment card, and personally participate in the removal of property confirms that the purpose was significant.

The reason was evidence, control, and destabilization.

## XIV. CONCLUSION

April 16 was not a move. It was not an ordinary writ execution. It was not a normal property retrieval.

It was a coordinated entry, evidence seizure, property destruction event, and survival destabilization campaign.

Applicant had warned the family court repeatedly that Petitioner would use a manufactured eviction, forced absence, or controlled access to seize evidence, destroy property, restrict access to marital resources, and further destabilize him. That is exactly what occurred.

Within minutes of Applicant's compelled departure, Petitioner's security personnel entered, cameras were disabled, Petitioner arrived with outdated identification, property was separated and removed, litigation evidence was taken, critical survival items were removed or made inaccessible, and third-party resources were used to conceal Petitioner's role in the move.



**APRIL 16TH / WRIT DESTRUCTION**
***High-value items were left in residence while other property was removed or destroyed, reflecting selective and non-standard handling.***
**Bazaart_ED3EFD84-CBAB9726BBCAC.JPEG**



**APRIL 16TH / WRIT DESTRUCTION**
***After providing an invalid ID, Petitioner took control of the property removal; including exclusive choice over everything she desired to keep, of what was disposed, and of what Respondent would be permitted to have after the writ concluded.***
**IMG_1859.jpg**



**APRIL 16TH / WRIT DESTRUCTION**
***Elliptical machine abandoned.***
**IMG_1896.jpg**



**APRIL 16TH / WRIT DESTRUCTION**
***Applicant's hand made sports coats & suits were found inside a wardrobe box with lawn tools and potted plants tossed on top of them. They were crumpled up in the bottom of the box, with the protective bag open or removed to expose those items to dirt, greeser,*** **IMG_1896.jpg**



**APRIL 16TH / WRIT DESTRUCTION**
***Closet cleared of all items except Applicant's everyday clothing, which was left behind while other property was removed–depriving him of access to essential daily items. Suits were removed from garment bags, thrown into boxes, and covered with dirt from potted plants.***
**IMG_1937.jpg**



**APRIL 16TH / WRIT DESTRUCTION**

***Electronics and heavy items were placed into wardrobe boxes, creating excessive weight and foreseeable damage. Several wardrobe boxes appeared to be "loaded in place," with glass and breakable items at the bottom and heavier equipment stacked on top, mostly electronics. None of the wardrobe boxes were used for their intended purpose. Of the approximately 60 S/M/L boxes Respondent had purchased for moving , none were used. Those new boxes were instead thrown onto into the same mound as the bags full of the items they intended to preserve.***

**IMG_1873.jpg**



**APRIL 16TH / WRIT DESTRUCTION**

***Glassware, clothing, and household items commingled in trash bags and discarded in piles; fragile items broken.***

***A large pile in the front of the residence was over 5 ft tall, with significant property damage to the items on the bottom due to weight and the impact of the items tossed into the piles.***

***IMG_1884.jpg***



# APRIL 16 WRIT DESTRUCTION

***APRIL 16 WRIT DESTRUCTION***
***ALL MY SONS / THIRD-PARTY PAYMENT***

**When Applicant returned after the writ was stopped, a 26-foot "All My Sons" moving truck was unloading his property. Applicant spoke with the booking manager, who stated the movers were contracted only to move property from the lawn to the truck and could not bill Gwendolyn Ulijasz because they did not have her payment information. The booking manager identified the payment source as Merritt McClayton Rahilly, Gwendolyn's close friend, and stated that Gwendolyn was explicit that she did not want her name associated with the move in any way. This corroborates concealed third-party financing and coordinated removal of Applicant's property.**

**IMG_1882.jpg**

**Throughout every room of the house, everything was packed, with the exception of anything critical for day-to-day survival. Those items were identified as not needing packing. These included things such as Files, Passport, Clothes, Underwear, Socks, Shoes, Computer Monitor, Power and Data Cables for Computers all were to remain within the residence. IMG_1882.jpg**



**My only remaining pair of prescription glasses due to Healthcare Obstruction were destroyed and found in the trash. I have been unable to get replacements due to HAS/FSA access obstruction. IMG_1938.jpg**

## APRIL 16TH / WRIT DESTRUCTION

**It took approximately 36 hours to bring the property back inside. During that time, a blue Lexus sports sedan with no front plate repeatedly circled the residence. I slept outside for approximately four hours to watch the property and woke to the same driver photographing me beside the unmoved boxes and sofa. I have observed this individual intermittently since December 2024 and believe he is associated with Jetty Partners, a firm employed by my estranged spouse.**



**There was no attempt to unscrew anything from walls. Large holes were present where items were ripped off walls including security cameras where the only thing remaining was wires protruding from the wall where they once were. IMG_1935.2.jpg**



**APRIL 16 / WRIT AFTERMATH**

**The recovered bags contained unrelated property from multiple rooms mixed with trash, liquids, food, broken debris, electronics, legal papers, photographs, books, kitchen items, and bathroom items. The purchased S/M/L boxes were not used. Instead, wardrobe boxes were packed with non-wardrobe items after my clothing was identified to constables as property to remain in the residence. Fragile items were placed beneath heavy items, including large power supplies, crushing property below, including my great-grandmother's crystal. Several boxes exceeded their load capacity and could not be safely moved.**

**IMG_2073.jpg**



**APRIL 16 / WRIT AFTERMATH**

***Power and data cables separated and left behind, rendering remaining equipment unusable and increasing restoration cost.***

**IMG_2078.jpg**



**APRIL 16 / WRIT AFTERMATH**

***Items forcibly removed from walls without dismounting, causing obvious structural and property damage.***

**IMG_2070.jpg**



**APRIL 16 / WRIT AFTERMATH**
***Applicant's safe remained sitting on a closet shelf.***
**IMG_2197.jpg**



**APRIL 16 / WRIT AFTERMATH**

**This photograph shows Respondent's clothing still hanging in the residence after the writ was represented as complete and the second floor was treated as cleared. These items were not abandoned; they were left inaccessible.**

**Had the Court not overturned the writ, Respondent would have remained locked out of basic clothing essentials–including underwear, socks, and daily-wear items–needed for hygiene, dignity, and survival and without the funds to replace them.**

**IMG_2198.jpg**



**APRIL 16 / WRIT AFTERMATH**
***Family Crystal & China Lost.***
**IMG_9471635E-B99D-43B8-8504-9E01D9209CFE.JPEG**



**APRIL 16 / WRIT AFTERMATH**
***Shoe rack remained hanging inside closet. Desk with aftermarket 72" solid wood tabletop left in residence as well.***

**DJDESKWRIT.JPEG**



**APRIL 16 / WRIT AFTERMATH**
***File cabinet still in residence. Drawers remained full including Passport and Tax Info which would have been rendered unrecoverable.***

**IMG_D6A38F2B-2BA4-4DAD-A005-209B2EA207D8.JPEG**



**APRIL 16 / WRIT AFTERMATH**

***A Photograph taken shortly after our move when I began putting the studio together. Later additions included a dedicated M2 MacBook Pro, Pioneer CDJ3k & DJS1k, IK Multimedia ARC Studio Room Correction System, KRK S8 Subwoofer, Custom Marble Sub Platform on top of ISO Acoustics Sub Platform, (2) Panamax M4315PRO Power Conditioner's with BluBolt, OneAC CB115, Custom Grounding Cabling with Distribution Blocks & Cabling, and an ISO-Acoustics Subwoofer Platform Base among other additions-of which all remain missing or destroyed presently.***

***IMG_37982.JPG***



**APRIL 16 / WRIT AFTERMATH**

***Cabling left disconnected and unusable following removal of associated equipment, evidencing disruption of functional systems.***

**WALLCABLE1.JPEG**



**APRIL 16 / WRIT AFTERMATH**

***Critical equipment removed; only disconnected cabling remains, evidencing selective removal and system disruption.***

**GUTTED2.JPEG**

# PROPERTY REMOVED, DESTROYED, OR MISSING AFTER APRIL 16TH, WRIT

## *High-Value Work Equipment, Audio Equipment, and AI Computing & Network Hardware*

**DESTROYED ELECTRICALLY**



**KRK S8 SUBWOOFER (DESTROYED)**

**STOLEN**



**STOLEN**



**ATTO THUNDERLINK ADAPTOR (DESTROYED)**



**THE AI SYSTEM PICTURED BELOW WAS ALREADY SOLD FOR $4,500 AND I WAS PAID $2,500 DAYS PRIOR. WHEN I RETURNED THE CASH WAS GONE FROM SAFE AND THE COMPUTER WAS TOO, LEAVING WITHOUT THE SOLD CUSTOM COMPUTER AND IN DEBT TO THE CLIENT.**

**STOLEN (X2)**



**THE GPU & PSU WAS STRIPPED FROM THE CASE PICTURED ON THE RIGHT AND STOLEN.**

**STOLEN**



**STOLEN**





***Multiple GPU's, a Custom Configured Minisforum N5 Pro Network Attached Storage with Integrated AI Computer Running Ubuntu with an External eGPU RTX GeForce 4070 Ti Super OC via OcuLink, Running OpenClaw w/ a Host of Agents for Legal Document Creation, Multiple SSD's + Enclosures, 10G Fiber, Switch, & More...***

**STOLEN**



**STOLEN**



**STOLEN**



**STOLEN**











**PAST STALKING EFFORTS ELEVATED CONCERNS: AIRTAGS DISCOVERED ON RESPONDENT'S BELONGINGS AFTER MUILTIPLE TRIPS TO THE MARITAL RESIDENCE ON PRIOR VISITS IN DECEMBER OF 2024**









# DEBTOR'S EXHIBIT D-23

Debtor's summary of the docket of Cause No. DF-24-18010,
301st Judicial District Court, Dallas County, Texas,
through October 16, 2026

(Respondent's Exhibit Q-8, "Due Process Collapse / Updated Docket Demonstrative,"
updated November 13, 2026; 6 pages)

In re Jason Emory McKemie, Case No. 26-30161-mvl7 (Bankr. N.D. Tex.)
Attached to the Debtor's Exhibit List of November 13, 2026

**CAUSE NO. DF-24-18010 — IN THE 301ST JUDICIAL DISTRICT COURT, DALLAS COUNTY, TEXAS**

In the Matter of the Marriage of Gwendolyn Ulijasz-McKemie and Jason Emory McKemie

Updated November 13, 2026 — Live Dallas County docket checked on that date

# RESPONDENT'S EXHIBIT Q-8

Due Process Collapse / Updated Docket Demonstrative

Docket events through October 16, 2026

*Updated demonstrative — classifications are not judicial findings*

# DF-24-18010 - DUE PROCESS COLLAPSE / RESPONDENT FILING DEMONSTRATIVE

Updated through the latest displayed event, 10/16/2026; live Dallas County portal checked 11/13/2026. A '1' means a Respondent filing addresses that issue. Flags classify filing content and allegations for demonstrative purposes; they are not judicial findings.

| CONTROL COUNT | VALUE |
|---|---|
| Official docket events | 300 |
| Respondent-filed docket items | 161 |
| Petitioner-filed docket items | 51 |
| Court / clerk events | 88 |
| Respondent emergency / stabilization filings | 62 |
| Explicit adverse / denied court actions | 9 |
| Respondent-favorable court actions (includes partial) | 7 |
| Indexed pages across Respondent filings* | 2335 |

| ISSUE CATEGORY | COUNT | % RESP |
|---|---|---|
| Healthcare | 72 | 45% |
| Emergency | 62 | 39% |
| Discovery Violations | 83 | 52% |
| Financial Relief | 121 | 75% |
| Due Process | 129 | 80% |
| Parity / Status Quo | 75 | 47% |
| Court Reporter | 32 | 20% |
| False Narratives | 61 | 38% |
| Medical Risk | 82 | 51% |
| Attorney Gamesmanship | 29 | 18% |
| Danger / High Risk | 63 | 39% |
| Stolen Evidence | 35 | 22% |

| ROW COLOR | MEANING |
|---|---|
| WHITE | Petitioner filing |
| GRAY | Court / clerk / administrative event |
| GREEN | Court action favorable to Respondent (may be partial) |
| ROSE | Respondent emergency / stabilization filing |
| ORANGE | Respondent filing; no favorable ruling shown on that row |
| DARK RED | Adverse / denied court disposition |

Method / control: The original 267-event sequence is retained, with source-backed filer/status corrections and recovered issue/page data. Added: 22 indexed filings and 11 hearing/clerk/appellate entries (33 events). Category totals count Respondent filing content, including attached submissions and proposed orders; a proposed order is not a grant. Other historical flags are carried forward from Q-8, not a fresh adjudication of each allegation.

Source / page key: C = original certified docket page as cited in Q-8 (printed 08/06/2026); U = physical page of county portal report printed 10/16/2026; L = live portal entry checked 11/13/2026. Pages = matched filing PDF length, including attachments; blank means not matched/not applicable. *Four pages for pleading #249 are index-only; its PDF link remains unresolved. Updated material is not represented as a newly certified clerk record.

Stolen evidence safeguard: This demonstrative creates no access, inspection, imaging, copying, testing, authentication, review, use, derivative use, or benefit pathway for Petitioner, counsel, experts, vendors, agents, or anyone acting for her with respect to Jason McKemie's stolen hard drives or evidence repositories.

## Appendix A - Complete Docket Alignment / Updated through 10/16/2026

| Seq | Date | Pg | Event | Filer | Status | Docket description / matched filing title | Pages | [illegible] | [illegible] | DISC | FIN | DP | PAR | CR | [illegible] | MED | ATTY | RISK | STOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12/16/2024 | C1 | NEW CASE FILED (OCA) - FAMILY | COURT | COURT | NEW CASE FILED (OCA) - FAMILY | | | | | | | | | | | | | |
| 2 | 12/16/2024 | C1 | ORIGINAL PETITION | PETITIONER | PETITIONER | ORIGINAL PETITION | | | | | | | | | | | | | |
| 3 | 12/16/2024 | C1 | ISSUE CITATION | COURT | COURT | ISSUE CITATION | | | | | | | | | | | | | |
| 4 | 12/18/2024 | C1 | APPLICATION - PROTECTIVE ORDER | PETITIONER | PETITIONER | APPLICATION - PROTECTIVE ORDER | | | | | | | | | | | | | |
| 5 | 12/18/2024 | C1 | APPLICATION - TEMPORARY RESTRAINING ORDER | PETITIONER | PETITIONER | APPLICATION - TEMPORARY RESTRAINING ORDER | | | | | | | | | | | | | |
| 6 | 12/18/2024 | C1 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | TEMPORARY EX PARTE PROTECTIVE ORDER | | | | | | | | | | | | | |
| 7 | 12/18/2024 | C1 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | TEMPORARY EXPARTE TRO AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 8 | 12/18/2024 | C1 | JUDGE DOCKET ENTRY | COURT | COURT | Temporary ex parte protective order and ex parte Restraining Order signed and given to Attorney to bring to clerk | | | | | | | | | | | | | |
| 9 | 12/18/2024 | C1 | TEMPORARY EX PARTE PROTECTIVE ORDER | COURT | COURT | Vol./Book 0, Page 0, 0 pages | | | | | | | | | | | | | |
| 10 | 12/18/2024 | C1 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 11 | 12/18/2024 | C1 | ORDER - NOTICE OF HEARING | COURT | COURT | PROTECTIVE ORDER | | | | | | | | | | | | | |
| 12 | 12/18/2024 | C1 | ISSUE TEMPORARY PROTECTIVE ORDER | COURT | COURT | ISSUE TEMPORARY PROTECTIVE ORDER | | | | | | | | | | | | | |
| 13 | 12/18/2024 | C1 | ISSUE TRO AND NOTICE | COURT | COURT | ISSUE TRO AND NOTICE | | | | | | | | | | | | | |
| 14 | 12/18/2024 | C2 | TEMPORARY PROTECTIVE ORDER | COURT | COURT | JASON MCKEMIE - Unserved, anticipated server ATTORNEY | | | | | | | | | | | | | |
| 15 | 12/18/2024 | C2 | TRO / NOTICE | COURT | COURT | MCKEMIE, JASON Unserved JASON MCKEMIE | | | | | | | | | | | | | |
| 16 | 12/18/2024 | C2 | JUDGE DOCKET ENTRY | COURT | COURT | Amended TRO signed and sent to clerk by email | | | | | | | | | | | | | |
| 17 | 12/18/2024 | C2 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | Vol./Book 1, Page 1, 1 pages AMEND EMERGENCY EX PARTE TRO AND SETTING HEARING FOR TEMP ORDER | | | | | | | | | | | | | |
| 18 | 12/18/2024 | C2 | NOTICE OF APPEARANCE | RESPONDENT | RESP-FILING | Party: ATTORNEY WEBB, GRANT MARTIN | 3 | | | | | | | | | | | | |
| 19 | 12/20/2024 | C2 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | AMENDED TEMPORARY EX PARTE ORDER | | | | | | | | | | | | | |
| 20 | 12/20/2024 | C2 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | PETITIONER AMENDED EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER SETTING HERING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 21 | 12/20/2024 | C2 | AMENDED MOTION | PETITIONER | PETITIONER | APPLICATION FOR AMENDED TEMPORARY EX PARTE PROTECTIVE ORDER | | | | | | | | | | | | | |
| 22 | 12/20/2024 | C2 | AMENDED MOTION | PETITIONER | PETITIONER | AMENDED REQUEST FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER | | | | | | | | | | | | | |
| 23 | 12/20/2024 | C2 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | AMENDED EMERGENCY EX PARTE TRO AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 24 | 12/20/2024 | C2 | ISSUE TRO AND NOTICE | COURT | COURT | ISSUE TRO AND NOTICE | | | | | | | | | | | | | |
| 25 | 12/20/2024 | C2 | TRO / NOTICE | COURT | COURT | MCKEMIE, JASON Unserved JASON MCKEMIE | | | | | | | | | | | | | |
| 26 | [illegible] | C2 | COUNTER CLAIM | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON ORIGINAL COUNTERPETITION FOR DIVORCE | 21 | | | | 1 | [illegible] | | | | | | | |
| 27 | 12/27/2024 | C2 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | REQUEST FOR TEMPORARY ORDERS | 3 | | | | 1 | [illegible] | | | | | | | |
| 28 | 12/31/2024 | C2 | PROTECTIVE ORDER - FAM VIOLENCE (1:30 PM) (Judicial Officer BEDARD | COURT | COURT | LORNA) | | | | | | | | | | | | | |
| 29 | 12/31/2024 | C2 | TRO HEARING (1:30 PM) (Judicial Officer BEDARD, LORNA) | COURT | COURT | TRO HEARING (1:30 PM) (Judicial Officer BEDARD, LORNA) | | | | | | | | | | | | | |
| 30 | 12/31/2024 | C3 | MOTION - EXTEND TRO | PETITIONER | PETITIONER | AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 31 | 12/31/2024 | C3 | MOTION - EXTEND MISC | PETITIONER | PETITIONER | TEMPORARY EX PARTE PROTECTIVE ORDERS | | | | | | | | | | | | | |
| 32 | 12/31/2024 | C3 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | ORDER MODIFYING AND EXTENDING TEMPORARY EX PARTE PROTECTIVE ORDER AND ORDER SETTING HEARING | | | | | | | | | | | | | |
| 33 | 12/31/2024 | C3 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | ORDER MODIFYING AND EXTENDING TRO AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 34 | 12/31/2024 | C3 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | EXTENDING AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |

| Seq | Date | Pg | Event | Filer | Status | Docket description / matched filing title | Pages |
|---|---|---|---|---|---|---|---|
| 35 | 12/31/2024 | C3 | ORDER - EXPARTE (TEMP) PROTECTIVE ORDER | COURT | COURT | ORDER SETTING HEARING | |
| 36 | 12/31/2024 | C3 | AMENDED PETITION | RESPONDENT | RESP-FILING | FIRST AMENDED COUNTERPETITION FOR DIVORCE | 3 |
| 37 | 12/31/2024 | C3 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | NOTICE OF COURT PROCEEDING-REQUEST FOR TEMPORARY ORDERS | 3 |
| 38 | 01/03/2025 | C3 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | Party: ATTORNEY TOMLINSON, DONNA R.; PETITIONER ULLIASZ MCKEMIE, GWENDOLYN | |
| 39 | 01/06/2025 | C3 | MOTION - CONTINUANCE | PETITIONER | PETITIONER | Party: PETITIONER ULLIASZ MCKEMIE, GWENDOLYN | |
| 40 | 01/06/2025 | C3 | MOTION - EXTEND TRO | PETITIONER | PETITIONER | MOTION TO EXTEND EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | |
| 41 | 01/06/2025 | C3 | MOTION - EXTEND MISC | PETITIONER | PETITIONER | MOTION TO EXTEND TEMPORARY E PARTE PROTECTIVE ORDERS | |
| 42 | 01/06/2025 | C3 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | Party: ATTORNEY TOMLINSON, DONNA R.; PETITIONER ULLIASZ MCKEMIE, GWENDOLYN | |
| 43 | 01/07/2025 | C3 | PROTECTIVE ORDER - FAM VIOLENCE (1:30 PM) (Judicial Officer BEDARD, | COURT | COURT | LORNA) set at 2:30pm | |
| 44 | 01/07/2025 | C3 | TRO HEARING (1:30 PM) (Judicial Officer BEDARD, LORNA) | COURT | COURT | set at 2:30pm | |
| 45 | 01/07/2025 | C3 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Party ATTORNEY TOMLINSON DONNA R | |
| 46 | 01/07/2025 | C4 | ASSOCIATE JUDGE'S REPORT | COURT | COURT | Vol./Book 1, Page 1 1 pages | |
| 47 | 01/21/2025 | C4 | NOTICE OF APPEARANCE | PETITIONER | PETITIONER | NOTICE OF APPEARANCE | |
| 48 | 03/03/2025 | C4 | VACATION LETTER | PETITIONER | PETITIONER | ATTORNEY WILLIAM COOK | |
| 49 | 03/05/2025 | C4 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | NOTICE OF HEARING - PRE TRIAL | 3 |
| 50 | 03/12/2025 | C4 | ORDER - NOTICE OF HEARING | COURT | COURT | ORDER - NOTICE OF HEARING | |
| 51 | 03/14/2025 | C4 | MOTION - WITHDRAW ATTORNEY | RESPONDENT | RESP-FILING | AGREED - BRANT WEBB | 4 |
| 52 | 03/17/2025 | C4 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Vol./Book 0, Page 0, 2 pages Party ATTORNEY WEBB BRANT MARTIN | |
| 53 | 03/26/2025 | C4 | VACATION LETTER | PETITIONER | PETITIONER | AMENDED - WILLIAM COOK | |
| 54 | [illegible] | C4 | MOTION - CONTINUANCE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON NOTICE OF FAILED MEDIATION AND MOTION FOR CONTINUANCE OF APRIL 7th 2025 PRE-TRIAL HEARING | 2 |
| 55 | [illegible] | C4 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | FOR CONTINUANCE OF APRIL 7th, 2025, PRE-TRIAL HEARING | 2 |
| 56 | 04/07/2025 | C4 | PRETRIAL (2:30 PM) | COURT | COURT | PRETRIAL (2:30 PM) | |
| 57 | 04/07/2025 | C4 | PRETRIAL STATUS INFORMATION | COURT | COURT | PRETRIAL STATUS INFORMATION | |
| 58 | 04/14/2025 | C4 | MOTION - STRIKE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 5 |
| 59 | 04/24/2025 | C4 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON MOTION FOR NOTICE PRIOR TO ANY DISMISSAL | 7 |
| 60 | 04/24/2025 | C4 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION FOR NOTICE PRIOR TO ANY DISMISSAL | 4 |
| 61 | 04/24/2025 | C4 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS | 1 |
| 62 | 04/24/2025 | C4 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS | 1 |
| 63 | 04/28/2025 | C5 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | MOTION - WITHDRAW ATTORNEY | |
| 64 | 04/29/2025 | C5 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Party ATTORNEY COOK JEFFREY ESQ, PETITIONER ULLIASZ MCKEMIE, GWENDOLYN | |
| 65 | 06/17/2025 | C5 | DISCOVERY | PETITIONER | PETITIONER | PETITIONER NOTICE OF FORMAL DISCOVERY SERVED | |
| 66 | 06/23/2025 | C5 | NOTICE OF APPEARANCE | PETITIONER | PETITIONER | Party: ATTORNEY SCROGGINS, ETHAN L | |
| 67 | 06/23/2025 | C5 | AMENDED PETITION | PETITIONER | PETITIONER | FIRST AMENDED PETITION FOR DIVORCE | |
| 68 | 06/24/2025 | C5 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | EMERGENCY MOTION FOR TEMPORARY FINANCIAL RELIEF DUE TO IMMINENT HOUSING LOSS, MEDICAL HARDSHIP | 8 |
| 69 | 06/27/2025 | C5 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | NOTICE OF OBJECTION TO PROCEDURAL REENTRY AND MOTION FILING BY RESPONDENT'S COUNSEL | 1 |
| 70 | 06/27/2025 | C5 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON MOTION TO PRESERVE DISCOVERY RIGHTS AND COMPELL DISCOVERY RESPONSES | 4 |
| 71 | 07/09/2025 | C6 | MOTION - CONTINUANCE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON OF BENCH TRIAL | 5 |
| 72 | 07/10/2025 | C5 | MOTION - CONTINUANCE | RESPONDENT | RESP-FILING | FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP | 28 |
| 73 | [illegible] | C5 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION TO COMPELL DISCOVERY AND REQUEST FOR SANCTIONS | 2 |
| 74 | [illegible] | C5 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER TO REOPEN A LIMITED DISCOVERY DUE TO PROCEDURAL MISCONDUCT AND OBSTRUCTION | 1 |
| 75 | [illegible] | C5 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER TO PREVENT ANY FURTHER OBSTRUCTION AND TO COMPEL ACCESS TO HSA CARD/ FUNDS | 2 |
| 76 | [illegible] | C5 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER TO ENFORCE STANDING ORDERS AND PREVENT LITIGATION INTERFERENCE | 2 |
| 77 | [illegible] | C6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER FOR EMERGENCY FINANCIAL RELIEF AND RELATED REQUESTS | 1 |
| 78 | [illegible] | C6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER GRANTING EMERGENCY MOTION TO STAY EXECUTION OF WRIT OF POSSESSION | 1 |
| 79 | 07/10/2025 | C6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | FINDING OF FACT AND FRAUD UPON THE COURT | 1 |
| 80 | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| 81 | 07/11/2025 | C6 | CANCELED "DISMISSAL FOR WANT OF PROSECUTION (9:00 AM) (Judicial | COURT | COURT | Officer BROWN, KIM) REQUESTED BY ATTORNEY/PRO SE | |
| 82 | 07/11/2025 | C6 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | REQUEST FOR EMERGENCY HEARING TO PREVENT EVICTION DURING MEDICAL HARDSHIP WITH DECLARATION AND WITNESS STATEMENTS | 86 |
| 83 | 07/11/2025 | C6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | GRANTING REQUEST FOR EMERGENCY HEARING | 43 |
| 84 | 07/16/2025 | C6 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | EMERGENCY M/PRESERVE EVIDENCE AND CONTINUE TRIAL DUE TO PROCEDURAL SABOTAGE AND BREAKDOWN IN JUDICIAL OVERSIGHT | 12 |
| 85 | 07/16/2025 | C6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER GRANTING M/SANCTIONS AND REFERRAL | 4 |
| 86 | 07/16/2025 | C6 | MOTION - SANCTIONS | RESPONDENT | RESP-FILING | MOTION - SANCTIONS | 4 |
| 87 | 07/17/2025 | C6 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF MATERIAL DISCOVERY | 2 |
| 88 | 07/17/2025 | C6 | NOTICE OF INTENT | RESPONDENT | RESP-FILING | TO SEEK DISPROPORTIONATE DIVISION OF MARITAL ESTATE | 4 |
| 89 | 07/17/2025 | C6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | EMERGENCY NOTICE OF COUNSEL MISCONDUCT, PRIOR COMMUNICATIONS, AND DEMAND FOR IMMEDIATE COURT REVIEW | 12 |
| 90 | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| 91 | 07/22/2025 | C6 | EXHIBITS | RESPONDENT | RESP-FILING | EXHIBITS | 4 |
| 92 | 07/23/2025 | C6 | BENCH TRIAL (1:30 PM) (Judicial Officer BROWN, KIM) | COURT | COURT | BENCH TRIAL (1:30 PM) (Judicial Officer: BROWN, KIM) | |
| 93 | 07/23/2025 | C6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | GRANTING RESPONDENT'S EMERGENCY MOTION FOR CONTINUANCE | 1 |
| 94 | 07/23/2025 | C7 | ORDER - RECUSAL | COURT | FAVORABLE | Vol./Book 1, Page 1, 1 pages | |
| 95 | 07/23/2025 | C7 | MOTION - RECUSE | RESPONDENT | RESP-FILING | RESPONDENT VERIFIED M/RECUSE | 8 |
| 96 | 07/23/2025 | C7 | MOTION - RECUSE | PETITIONER | PETITIONER | Party: PETITIONER ULLIASZ MCKEMIE, GWENDOLYN | |
| 97 | 07/24/2025 | C7 | AFFIDAVIT | RESPONDENT | RESP-EMERG | DECLARATION OF RESPONDENT'S DISASSOCIATION FROM BINDER INTRODUCED BY PETITIONER'S COUNSEL | 5 |
| 98 | 07/24/2025 | C7 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | EMERGENCY MOTION FOR IMMEDIATE RELIEF, OBJECTION TO TRIAL, AND REQUEST FOR ACKNOWLEDGEMENT | 11 |
| 99 | 07/24/2025 | C7 | ORDER - TRANSFER (NOT CHANGE OF VENUE) | COURT | FAVORABLE | TO 302ND COURT | |
| 100 | 07/24/2025 | C7 | MOTION - SEAL | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON ERRONEOUS PUBLIC FILING AND EMERGENCY MOTION TO SEAL PREVIOUSLY SUBMITTED DECLARATION | 3 |
| 101 | 07/25/2025 | C7 | E-SERVED COPY OF ORDER | COURT | COURT | E-SERVED COPY OF ORDER TRANSFERRING | |
| 102 | 07/29/2025 | C7 | RULE 11 | RESPONDENT | RESP-FILING | RULE 11A SUPPLEMENTAL CERTIFICATE OF SERVICE | 12 |
| 103 | 07/30/2025 | C7 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | COVER PAGE OBJECTION INVENTORY PROCEDURAL NOTIFICATION 18010 | 5 |
| 104 | 08/05/2025 | C7 | PLEA IN ABATEMENT | RESPONDENT | RESP-EMERG | EMERGENCY MOTION TO ABATE TRIAL SETTING AND WITHHOLD FINAL ORDERS PENDING RESOLUTION OF OUTSTANDING MOTIONS, PROCEDURAL VIOLATIONS, AND DISCOVERY COLLAPSE | 7 |
| 105 | 08/07/2025 | C7 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON JUDICIAL NOTICE OF UNRULED MOTIONS REQUIRING DETERMINATION PRIOR TO ANY PRETRIAL HEARING, TRIAL, OR FINAL ORDERS | 11 |
| 106 | 08/08/2025 | C7 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON NOTICE OF PROCEDURAL BAR TO PRETRIAL OR TRIAL SETTING AND PRESERVATION OF OBJECTION | 4 |
| 107 | 08/12/2025 | C7 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | NOTICE OF HEARING | |
| 108 | 08/14/2025 | C7 | ORDER - NOTICE OF HEARING | COURT | COURT | ORDER - NOTICE OF HEARING | |
| 109 | 08/20/2025 | C8 | E-SERVED COPY OF ORDER | COURT | COURT | E-SERVED COPY OF NOTICE OF HEARING | |
| 110 | 09/08/2025 | C8 | PRETRIAL (1:30 PM) (Judicial Officer: JACKSON, SANDRA) | COURT | COURT | PRETRIAL (1:30 PM) (Judicial Officer: JACKSON, SANDRA) | |

Flag columns: NC | SM | DISC | FIN | D | PAR | CR | FALSE | MED | ATTY | FRM | STOL

| Seq | Date | Pg | Event | Filer | Status | Docket description / matched filing title | Pages | HC | LM | DISC | FIN | DP | PAR | CR | FALSE | MED | ATTY | RISK | STRD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | 09/08/2025 | C8 | ORDER - PRETRIAL | COURT | COURT | (DIVORCE) | | | | | | | | | | | | | |
| 112 | 10/01/2025 | C8 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY EX PARTE MOTION TO AUTHORIZE WITHDRAWAL FROM IRA | 12 | | 1 | | 1 | | | | | | | | |
| 113 | 10/06/2025 | C8 | TEMPORARY ORDERS HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA | COURT | COURT | JONES) | | | | | | | | | | | | | |
| 114 | 10/15/2025 | C8 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON LETTER | 1 | | | | | | | | | | | | |
| 115 | 10/20/2025 | C8 | TEMPORARY ORDERS HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA | COURT | COURT | JONES) | | | | | | | | | | | | | |
| 116 | 10/20/2025 | C8 | ORDER - WITHDRAW MISC | COURT | FAVORABLE | AGREED ORDER TO WITHDRAW FUNDS | | | | | | | | | | | | | |
| 117 | 10/22/2025 | C8 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | WAITING FOR $80.00 | 6 | | | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | [illegible] | |
| 118 | 10/23/2025 | C8 | NOTICE OF HEARING / FIAT | PETITIONER | PETITIONER | NOTICE OF HEARING / FIAT | | | | | | | | | | | | | |
| 119 | 10/23/2025 | C8 | MOTION - REINSTATE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON WAITING ON $80 | 8 | | | | 1 | | 1 | | [illegible] | [illegible] | 1 | | |
| 120 | 10/28/2025 | C8 | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | | | | | | | | | | | | | |
| 121 | 10/29/2025 | C8 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON MOTION TO OBTAIN CERTIFIED TRANSCRIPT OF JANUARY 7, 2025, HEARING AND REQUEST FOR PAYMENT FROM COMMUNITY FUNDS UNDER PETITIONER'S CONTROL | 8 | | 1 | | 1 | 1 | 1 | 1 | | | | | |
| 122 | 10/29/2025 | C8 | NOTICE OF FILING | RESPONDENT | RESP-FILING | STANDING REQUEST FOR COURT REPORTER FOR OCTOBER 31, 2025 HEARING AND ALL SUBSEQUENT PROCEEDINGS | 3 | | | | | 1 | | 1 | | | | | |
| 123 | [illegible] | C8 | [illegible] | COURT | [illegible] | [illegible] | | | | | | | | | | | | | |
| 124 | 11/03/2025 | C8 | E-SERVED COPY OF ORDER | COURT | COURT | ESERVE COVER LETTER - ORDER DENY JASON MCKEMIE'S RELIEF | | | | | | | | | | | | | |
| 125 | 11/03/2025 | C8 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | AGREED | | | | | | | | | | | | | |
| 126 | 11/03/2025 | C8 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | ORDER FOR WITHDRAWAL OF COUNSEL | | | | | | | | | | | | | |
| [illegible] | 11/04/2025 | C9 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | EMERGENCY OBJECTION TO MOTION TO WITHDRAW AS COUNSEL AND REQUEST FOR EXPEDITED HEARING (INCLUDES PROPOSED ORDER) | 8 | | 1 | 1 | 1 | 1 | | | [illegible] | | [illegible] | | |
| 128 | 11/10/2025 | C9 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | PROPOSED ORDER SUPPLEMENTAL OBJECTION TO MOTION TO WITHDRAW OF PETITIONER COUNSEL | 3 | | | 1 | | 1 | | | | | [illegible] | | |
| 129 | 11/10/2025 | C9 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | SUPPLEMENTAL OBJECTION TO MOTION TO WITHDRAW OF PETITIONER COUNSEL | 1 | | | | | | | | | | | | |
| 130 | 11/14/2025 | C9 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | NOTICE OF HEARING / FIAT | 3 | | | | | 1 | | | | | | | |
| 131 | 11/18/2025 | C9 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Party: ATTORNEY SCROGGINS, ETHAN L. | | | | | | | | | | | | | |
| 132 | 11/19/2025 | C9 | MOTION HEARING (1:30 PM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | Events: 11/03/2025 MOTION - WITHDRAW ATTORNEY | | | | | | | | | | | | | |
| 133 | 11/19/2025 | C9 | MOTION - VACATE | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION TO VACATE SETTING BEFORE ASSOCIATE JUDGE AND RESET ON FORCE | 14 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | [illegible] | [illegible] | | [illegible] | |
| 134 | 11/21/2025 | C9 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON MOTION FOR DE NOVO DISTRICT JUDGE REVIEW OF PRIOR RULINGS AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER | 9 | 1 | 1 | 1 | 1 | 1 | 1 | | [illegible] | [illegible] | | [illegible] | |
| 135 | 11/21/2025 | C9 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER FOR DE NOVO REVIEW AND TRO | 2 | | 1 | | 1 | 1 | 1 | | | | | | |
| 136 | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | | | | | | | | | | | | | |
| 137 | 11/25/2025 | C9 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF FILING OF SWORN AFFIDAVIT - CORRECTING FALSE RECORDING ALLEGATIONS AND EX PARTE PREJUDICE | 6 | | | | 1 | 1 | | | [illegible] | | | | |
| 138 | 12/01/2025 | C9 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION FILING SEEKING IMMEDIATE RELIEF REQUIRING MEDICAL ACCESS | 25 | 1 | 1 | | 1 | 1 | | | | [illegible] | | | |
| 139 | 12/12/2025 | C9 | ORDER - NOTICE OF HEARING | COURT | COURT | ORDER - NOTICE OF HEARING | | | | | | | | | | | | | |
| 140 | 12/15/2025 | C9 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | NOTICE OF SERVICE - MOTION FOR THE REINSTATEMENT OF HEALTHCARE - CERT MAIL | 2 | 1 | | | | | 1 | | | [illegible] | | | |
| 141 | 12/17/2025 | C10 | MOTION HEARING (1:30 PM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | Events: 12/12/2025 MOTION - MISCELLANEOUS | | | | | | | | | | | | | |
| 142 | 12/17/2025 | C10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY REINSTATEMENT OF HEALTHCARE | 3 | 1 | 1 | | 1 | 1 | 1 | | | [illegible] | | | |
| 143 | 12/17/2025 | C10 | RENDITION/MEMORANDUM RULING | COURT | COURT | ASSOCIATE JUDGE RULING | | | | | | | | | | | | | |
| 144 | 12/18/2025 | C10 | MOTION - COMPEL | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 28 | | | 1 | 1 | [illegible] | | | | | | | |
| 145 | 12/18/2025 | C10 | ORDER - MISC. | COURT | FAVORABLE | EMERGENCY ENFORCEMENT ORDER FOR MEDICAL PRESERVATION | | | | | | | | | | | | | |
| 146 | 12/19/2025 | C10 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF NONCOMPLIANCE WITH 24-HOUR HEALTHCARE REINSTATEMENT ORDER | 2 | 1 | | 1 | 1 | | 1 | | | [illegible] | | | |
| 147 | 12/19/2025 | C10 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE REGARDING OF HEALTH COVERAGE, QUALIFYING LIFE EVENT AND REQUEST FOR LEAVE TO ISSUE SUBPOENA TO EMPLOYER HR | 4 | 1 | | 1 | 1 | [illegible] | 1 | | | [illegible] | | | |
| 148 | 12/19/2025 | C10 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | NOTICE OF SERVICE OF SIGNED ORDER - GWENDOLYN ULUASZ MCKEMIE | 7 | 1 | | 1 | 1 | [illegible] | 1 | | | [illegible] | | | |
| 149 | 12/19/2025 | C10 | MOTION - CLARIFY | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 150 | 12/19/2025 | C10 | CORRESPONDENCE - LETTER TO FILE | RESPONDENT | RESP-FILING | WAITING ON $8.00 Motion for Leave to Issue Third-Party Subpoena to Accenture HR Concerning Asserted Qualifying Life Event (FILED UNDER SEAL) | 5 | 1 | | 1 | | | | | | | | | |
| 151 | 12/22/2025 | C10 | MOTION - TEMPORARY ORDERS | RESPONDENT | RESP-FILING | APPLICATION | 13 | 1 | | 1 | 1 | [illegible] | 1 | | | [illegible] | | | |
| 152 | 12/22/2025 | C10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | TEMPORARY RESTRAINING ORDER | 2 | 1 | 1 | | 1 | | 1 | | | [illegible] | | | |
| 153 | 12/23/2025 | C10 | MOTION - LEAVE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON TO ISSUE SUBPOENA REGARDING LEASE BUYOUT AND ASSOCIATED PAYMENTS | 3 | | | 1 | 1 | | | | | | | | |
| 154 | 12/23/2025 | C10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER GRANTING LEAVE TO SERVE SUBPOENAS | 2 | | | 1 | 1 | | | | | | | | |
| 155 | 12/23/2025 | C10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | TEMPORARY RESTRAINING ORDER HEALTHCARE REINSTATEMENT & CONTINUITY | 2 | 1 | 1 | | 1 | | 1 | | | [illegible] | | | |
| 156 | 12/29/2025 | C10 | NOTICE OF FILING | RESPONDENT | RESP-FILING | SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL (REQUEST FOR CUSTODIAN CONTINUITY RECORDS / SUBPOENA LEAVE) | 13 | | | 1 | 1 | 1 | 1 | | [illegible] | [illegible] | | [illegible] | |
| 157 | 12/29/2025 | C11 | MOTION - SEAL | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON MOTION - SEALED SUBMISSION FOR IN CAMERA REVIEW ONLY (CONFIDENTIAL) | 181 | | | | 1 | [illegible] | | | | [illegible] | | | |
| 158 | 12/31/2025 | C11 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN MOTION TO APPEAR REMOTELY VIA ZOOM | | | | | | | | | | | | | |
| 159 | 01/02/2026 | C11 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | NOTICE REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY AND NON-COMPLIANCE | 10 | 1 | 1 | 1 | 1 | [illegible] | 1 | | | [illegible] | | [illegible] | |
| 160 | 01/05/2026 | C11 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | NOTICE REGARDING ORDER FOR HEALTHCARE | 19 | 1 | | 1 | 1 | [illegible] | 1 | | | [illegible] | | [illegible] | |
| 161 | 01/05/2026 | C11 | MOTION - LEAVE | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 162 | 01/05/2026 | C11 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF PRIOR STANDING REQUEST FOR COURT REPORTER/OFFICIAL RECORD | 8 | | | | 1 | [illegible] | | 1 | | | | | |
| 163 | 01/06/2026 | C11 | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | | | | | | | | | | | | | |
| 164 | 01/08/2026 | C11 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION TO COMPEL | 4 | | | 1 | | | | | | | | | |
| 165 | 01/08/2026 | C11 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY TRO | 3 | | 1 | | 1 | [illegible] | 1 | | | | | | |
| 166 | 01/08/2026 | C11 | APPLICATION - TEMPORARY RESTRAINING ORDER | RESPONDENT | RESP-EMERG | EMERGENCY TRO | 13 | 1 | 1 | 1 | 1 | [illegible] | 1 | | | [illegible] | | [illegible] | |
| 167 | 01/08/2026 | C11 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | NOTICE OF VOL COMPLIANCE & OBJ TO POST-CUTOFF SUBPOENA WITHOUT PRIOR REQUEST | 4 | | | 1 | 1 | 1 | | | | | | | |
| 168 | [illegible] | C11 | [illegible] | [illegible] | [illegible] | [illegible] | | | | | | | | | | | | | |
| 169 | 01/12/2026 | C11 | ASSOCIATE JUDGE'S REPORT | COURT | COURT | Vol./Book 0, Page 0, 0 pages | | | | | | | | | | | | | |
| 170 | 01/12/2026 | C11 | DOCKET SHEET | COURT | COURT | DOCKET SHEET | | | | | | | | | | | | | |
| 171 | 01/12/2026 | C11 | AFFIDAVIT | RESPONDENT | RESP-FILING | AFFIDAVIT ON PUBLIC STORAGE THEFT ACCUSATIONS AND PETITIONERS ACQUISITION OF WEAPON DURING PROCEEDINGS | 6 | | | | | | | | [illegible] | | | [illegible] | [illegible] |
| 172 | 01/12/2026 | C11 | MOTION - STAY | RESPONDENT | RESP-EMERG | EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS | 4 | | 1 | | | | | | | | | [illegible] | |
| 173 | 01/12/2026 | C11 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | PROPOSED ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS | 4 | | 1 | | | | | | | | | [illegible] | |
| 174 | 01/12/2026 | C12 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION TO TEMPORARY STAY OR IN THE ALTERNATIVE, IMPOSE PROTECTIVE CONDITIONS ON COURT-AUTHORIZED PROPERTY RETRIEVAL DUE TO MEDICAL INCAPACITY | 10 | | 1 | | 1 | 1 | 1 | | | 1 | | 1 | |
| 175 | 01/12/2026 | C12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY MOTION TO TEMPORARILY STAY OR IMPOSE PROTECTIVE CONDITIONS ON PROPERTY RETRIEVAL DUE TO MEDICAL INCAPACITY | 8 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | | | |
| 176 | 01/12/2026 | C12 | APPLICATION - TEMPORARY RESTRAINING ORDER | RESPONDENT | RESP-EMERG | EMERGENCY | 16 | | 1 | | | | | | | | | | |
| 177 | 01/12/2026 | C12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY TRO | 14 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 178 | 01/12/2026 | C12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY MOTION FOR MEDICAL PRESERVATION, INTERIM MAKE-WHOLE RELIEF, JUDICIAL FINDINGS MISREPRESENTATION/IMPOSSIBILITY, CONDITIONAL SANCTIONS, AND THIRD-PARTY SUBPOENA AUTHORITY (OLE RECORDS) | 16 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 179 | 01/12/2026 | C12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS EXTEND RENT REGISTRY DEADLINE, AND PRESERVE PROPERTY | 7 | | 1 | | 1 | 1 | 1 | | | 1 | | 1 | |
| 180 | 01/12/2026 | C12 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | AND EMERGENCY MOTION TO STRIKE | 4 | | 1 | | 1 | 1 | | | | 1 | | 1 | |
| 181 | 01/12/2026 | C12 | AFFIDAVIT | RESPONDENT | RESP-FILING | AFFIDAVIT ON MANUFACTURED ALLEGATIONS & CONCERN FOR PROPERTY RETRIEVAL / CLEAN OUT | 4 | | | | 1 | | | | [illegible] | | | 1 | |
| 182 | 01/12/2026 | C12 | APPLICATION - TEMPORARY RESTRAINING ORDER | RESPONDENT | RESP-EMERG | EMERGENCY | 14 | 1 | 1 | 1 | 1 | 1 | 1 | | [illegible] | 1 | 1 | 1 | |
| 183 | 01/12/2026 | C12 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION ON MEDICAL HARM | 14 | 1 | 1 | 1 | 1 | 1 | 1 | | [illegible] | 1 | 1 | 1 | |

| Seq | Date | Pg | Event | Filer | Status | Docket description / matched filing title | Pages | HO | EM | DISO | FIN | DP | PAR | CR | FALSE | MED | ATTY | RMK | STOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 184 | 01/13/2026 | C12 | NOTICE OF FILING | PETITIONER | PETITIONER | PETITIONER'S NOTICE OF COMPLIANCE WITH COURT ORDER | | | | | | | | | | | | | |
| 185 | 01/14/2026 | C12 | MOTION - ENFORCE MISC | RESPONDENT | RESP-FILING | MOTION TO ABATE, ENFORCE DISCOVERY AND HEALTHCARE WAITING ON $95 FEE | 11 | 1 | | 1 | | 1 | | | | 1 | | | |
| 186 | 01/15/2026 | C12 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON RESPONDENT'S MOTION TO ESTABLISH CONDITIONS FOR RE-ENTRY OF COUNSEL AND TO PRESERVE FAIR TRIAL PROCEDURES | 4 | | | 1 | | 1 | 1 | | | | | | |
| 187 | 01/15/2026 | C13 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | NOTICE OF HEARING (CONSOLIDATED) | 4 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | | |
| 188 | 01/20/2026 | C13 | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | | | | | | | | | | | | | |
| 189 | 01/20/2026 | C13 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | RESPONDENT'S NOTICE OF DISCOVERY AND HEALTHCARE COMPLIANCE, REQUEST FOR REMOTE APPEARANCE, REQUEST FOR ACESS TO PERSONAL PROPERTY, REQUEST FOR CONSOLIDATION & HEARING LIMITS AND CASE MANAGEMENT CLARIFICATION | 34 | 1 | | 1 | 1 | 1 | | | | 1 | | | |
| 190 | [illegible] | C13 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF PRIOR STANDING REQUEST FOR COURT REPORTER/VERBATIM RECORD | 3 | | | | | 1 | | 1 | | | | | |
| 191 | 01/22/2026 | C13 | CANCELED MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA | COURT | COURT | JONES) AGREEMENT BY PARTIES | | | | | | | | | | | | | |
| 192 | [illegible] | C13 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF PRESERVATION OF WITNESSES & LARGE DISCOVERY PRODUCTION IN FINAL HOUR | 5 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | | |
| 193 | [illegible] | C13 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION TO ABATE PROCEEDINGS, PRESERVE LIFE-SAFETY, COMPEL A WRITTEN RECORD & AUTHORIZE SUBPOENAS | 6 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | |
| 194 | 02/05/2026 | C13 | MOTION HEARING (1:30 PM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | Compel - Via Zoom | | | | | | | | | | | | | |
| 195 | [illegible] | C13 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | NOTICE ON STATUS OF PROPOSED ORDER, IMMINENT LIKELIHOOD OF IMMINENT LITIGATIVE ESCALATION/FALSE THREAT NARRATIVE & BENEFITS CANCELLATION | 38 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | |
| 196 | [illegible] | C13 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | PROPOSED UNIFIED ORDER REGARDING MATERIAL DEVELOPMENTS-3RD PARTY VER.-HSA/FSA FUNCTIONALITY | 7 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | 1 | |
| 197 | 02/10/2026 | C13 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON STATUS, VERIFICATION, INTERIM RELIEF, AND PRETRIAL MANAGEMENT | 8 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | 1 | |
| 198 | 02/17/2026 | C13 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | RESPONDENT'S - TO ANY PURPORTED SEALING OF RECORDS | 24 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | |
| 199 | 02/17/2026 | C13 | WITNESS LIST | PETITIONER | PETITIONER | PLAINTIFF'S FINAL WITNESS LIST | | | | | | | | | | | | | |
| 200 | 02/17/2026 | C13 | MISCELLANEOUS EVENT | PETITIONER | PETITIONER | PROPOSED PROPERTY DIVISION | | | | | | | | | | | | | |
| 201 | 02/18/2026 | C13 | NOTICE OF BANKRUPTCY | RESPONDENT | RESP-FILING | RESPONDENT'S NOTICE OF BANKRUPTCY AUTOMATIC STAY | 3 | | | | 1 | 1 | | | | | | 1 | |
| 202 | [illegible] | C13 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY VERIFIED MOTION TO CONTINUE OR ABATE BENCH TRIAL | 8 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | |
| 203 | 02/20/2026 | C14 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN PETITIONER'S MOTION IN LIMINE REGARDING AUDIO AND VIDEO RECORDING | | | | | | | | | | | | | |
| 204 | [illegible] | C14 | WITNESS LIST | RESPONDENT | RESP-FILING | WITNESS LIST | 4 | | | 1 | | | | | | | | | |
| 205 | 02/23/2026 | C14 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON FOR REMOTE TESTIMONY OF WITNESS CHRISTOPHER MCNALLY BY VIDEOCONFERENCE AND TO OVERRULE WITNESS-STRIKE OBJECTION 3RD PTY PO | 5 | | | 1 | 1 | 1 | | | | | | | |
| 206 | [illegible] | C14 | RETURN OF SERVICE | RESPONDENT | RESP-FILING | EXECUTED ATTORNEY ISSUED SUBPOENA - CHRISTOPHER MCNALLY | 2 | | | 1 | | | | | | | | | |
| 207 | [illegible] | C14 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER AUTHORIZING THE REMOTE TESTIMONY OF CHRISTOPHER MCNALLY &OVERRULING WITNESS-STRIKE OBJECTIONS | 3 | | | | | | | | | | | | |
| 208 | 02/23/2026 | C14 | NOTICE OF FILING | PETITIONER | PETITIONER | PETITIONER'S AMENDED PROPOSED PROPERTY DIVISION | | | | | | | | | | | | | |
| 209 | 02/24/2026 | C14 | BENCH TRIAL (9:00 AM) (Judicial Officer: JACKSON, SANDRA) | COURT | COURT | BENCH TRIAL (9:00 AM) (Judicial Officer: JACKSON, SANDRA) | 0 | | | | | | | | | | | | |
| 210 | [illegible] | C14 | MOTION - RECUSE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 16 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | | | |
| 211 | 02/24/2026 | C14 | OBJECTIONS - MISC | PETITIONER | PETITIONER | TO UNFILED AND UNSERVED MOTION TO RECUSE AND REQUEST FOR IMMEDIATE RESET | | | | | | | | | | | | | |
| 212 | [illegible] | C14 | AFFIDAVIT INABILITY TO PAY | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 13 | 1 | | | 1 | 1 | | | 1 | 1 | | | |
| 213 | [illegible] | C14 | ORDER - RECUSAL | COURT | FAVORABLE | ORDER - RECUSAL | | | | | | | | | | | | | |
| 214 | [illegible] | C14 | ORDER - TRANSFER/CONSOLIDATE | COURT | FAVORABLE | 301ST DISTRICT COURT | | | | | | | | | | | | | |
| 215 | 03/24/2026 | C14 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | REBECCA ARMSTRONG'S MOTION IN SUPPORT OF JONATHAN DRAKE STEELE'S MOTION PRO HAC VICE | | | | | | | | | | | | | |
| 216 | 03/24/2026 | C14 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | SWORN MOTION OF JONATHAN DRAKE STEELE TO APPEAR PRO HAC VICE | 6 | | | | | | | | | | | | |
| 217 | 03/24/2026 | C14 | 10 DAY LETTER | PETITIONER | PETITIONER | 10 DAY LETTER | | | | | | | | | | | | | |
| 218 | 03/24/2026 | C14 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | ORDER GRANTING PRO HAC VICE ADMISSION OF JONATHAN DRAKE STEELE | 2 | | | | | | | | | | | | |
| 219 | [illegible] | C15 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | RESPONDENT'S OBJECTION TO PRO HAC VICE ADMISSION | 2 | | | 1 | | 1 | | | | 1 | 1 | | |
| 220 | [illegible] | C15 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF SUPPLEMENTAL FILING TO BE SUBMITTED TODAY AND MOTION FOR LEAVE | 4 | | | | 1 | | 1 | | | | | | |
| 221 | 04/07/2026 | C15 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | RESPONDENT'S OBJECTION TO SWORN MOTION OF JONATHAN DRAKE STEELE TO APPEAR PRO HAC VICE, AND REQUEST PRIORITIZE ENFORCEMENT & STABILIZATION | 15 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 222 | 05/07/2026 | C15 | NOTICE OF HEARING / FIAT | COURT | COURT | NOTICE OF HEARING / FIAT | | | | | | | | | | | | | |
| 223 | [illegible] | C15 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION FOR WRITTEN DISCOVERY RULINGS, SUBPOENA LEAVE, EVIDENCE PRESERVATION AND IMMEDIATE HEARING [redacted] | 12 | | 1 | 1 | 1 | 1 | | | | | | 1 | 1 |
| 224 | 05/12/2026 | C15 | MOTION HEARING (1:30 PM) (Judicial Officer: DUNLOP | COURT | COURT | STACY Location: 301ST ASSOCIATE JUDGE) Events: 03/24/2026 MOTION - MISCELLANEOUS JASON CALLED HE IS RUNNING LATE, HE THOUGHT HIS HEARING WAS ON ZOOM | | | | | | | | | | | | | |
| 225 | [illegible] | C15 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON SUPPLEMENTAL EMERGENCY MOTION FOR INTERIM STABILIZATION, HEALTH CARE ENFORCEMENT, CASE MGMT, AND OBJECTION TO PHV ADMISSION | 42 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | | 1 | |
| 226 | [illegible] | C15 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON MOTION TO PRESERVE DISCOVERY AND TRIAL RIGHTS | 13 | 1 | 1 | 1 | 1 | 1 | | 1 | | | 1 | | 1 |
| [redacted] | | | | | | | | | | | | | | | | | | | |
| 228 | [illegible] | C15 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | SUPPLEMENTAL NOTICE FOR MAY 21 HEARING | 14 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | 1 | 1 |
| 229 | 05/20/2026 | C15 | MOTION - CONTINUANCE | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN PETITIONER'S MOTION FOR CONTINUANCE | | | | | | | | | | | | | |
| 230 | 05/21/2026 | C15 | MOTION HEARING (1:30 PM) (Judicial Officer: DUNLOP, | COURT | COURT | STACY Location: 301ST ASSOCIATE JUDGE) ZOOM APPEARANCE | | | | | | | | | | | | | |
| 231 | [illegible] | C15 | APPLICATION - PROTECTIVE ORDER | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON | 54 | 1 | 1 | 1 | 1 | | 1 | | 1 | 1 | | 1 | 1 |
| 232 | 05/26/2026 | C15 | NOTICE OF HEARING / FIAT | COURT | COURT | MOTIONS | | | | | | | | | | | | | |
| 233 | [illegible] | C16 | MOTION - MODENF OTHER (SAPCR) (OCA FJA) | RESPONDENT | RESP-FILING | MOTION FOR ENFORCEMENT, SANCTIONS, CONTINUANCE, AND LEAVE TO ISSUE THIRD-PARTY SUBPOENAS | 18 | 1 | | 1 | 1 | 1 | | | 1 | | 1 | 1 | 1 |
| 234 | 05/29/2026 | C16 | RESPONSE | PETITIONER | PETITIONER | TO MOTION FOR ENFORCEMENT AND COUNTER MOTION FOR PROTECTIVE ORDER | 18 | | | | | | | | | | | | |
| 235 | 05/29/2026 | C16 | AFFIDAVIT | PETITIONER | PETITIONER | Affidavit of Jonathan Steele | | | | | | | | | | | | | |
| 236 | 06/01/2026 | C16 | TEMPORARY ORDERS HEARING (1:30 PM) (Judicial Officer: DUNLOP, | COURT | COURT | STACY Location: 301ST ASSOCIATE JUDGE) AwaitingRespondent to set motions; 1 hour per side: (AJ Dunlop): | | | | | | | | | | | | | |
| 237 | 06/01/2026 | C16 | RESPONSE | RESPONDENT | RESP-FILING | RESPONDENT'S REPLY IN SUPPORT OF ENFORCEMENT, SANCTIONS, CONTINUANCE, AND LEAVE; OBJECTION TO PETITIONER??'S BAD-FAITH PROTECTIVE ORDER AND FEE REQUEST; AND REQUEST FOR SANCTIONS, SHOW-CAUSE, COUNSEL CERTIFICATION, FEE SHIFTING, FORENSIC ACCOUNTING, ESTATE RECONSTITUTION, DISPROPORTIONATE DIVISION, AND SOURCE-RECORD VERIFICATION | 111 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 238 | 06/01/2026 | C16 | EXHIBITS LIST | RESPONDENT | RESP-FILING | PROPOSED ORDERS AND SUBPOENA TARGETS, MOTION TO ENFORCE, SANCTIONS, LEAVE | 25 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | 1 |
| 239 | 06/01/2026 | C16 | ASSOCIATE JUDGE'S REPORT | COURT | COURT | Vol./Book 0, Page 0, 8 pages | | | | | | | | | | | | | |
| 240 | 06/02/2026 | C16 | E-SERVED COPY OF ORDER | COURT | COURT | ASSOCIATE JUDGE'S REPORT | | | | | | | | | | | | | |
| 241 | [illegible] | C16 | REQUEST FOR DE NOVO HEARING | RESPONDENT | RESP-EMERG | REQUEST FOR DE NOVO HEARING | 164 | 1 | 1 | 1 | 1 | 1 | | 1 | | | | | 1 |
| 242 | 06/11/2026 | C16 | BENCH TRIAL (1:30 PM) (Judicial Officer: WYSOCKI, ASHLEY) | COURT | COURT | BENCH TRIAL (1:30 PM) (Judicial Officer: WYSOCKI, ASHLEY) | | | | | | | | | | | | | |
| 243 | [illegible] | C16 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | VERIFIED EMERGENCY MOTION TO ABATE, STAY OR CONTINUE TRIAL | 10 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | | 1 | 1 |
| 244 | [illegible] | C16 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON RESPONDENT'S VERIFIED EMERGENCY MOTION TO ABATE, STAY, OR CONTINUE TRIAL | 10 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | | 1 | 1 |
| 245 | [illegible] | C16 | MOTION - RECUSE | RESPONDENT | RESP-FILING | VERIFIED MOTION TO RECUSE AND REQUEST FOR REFERRAL | 7 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | 1 |
| 246 | [illegible] | C16 | MISCELLANEOUS EVENT | RESPONDENT | RESP-EMERG | RESPONDENT'S SUPPLEMENTAL VERIFIED NOTICE OF CURRENT MEDICAL EMERGENCY, INABILITY TO SAFELY APPEAR AFTER TRIAL SETTING, REQUEST TO HALT PROCEEDINGS, REQUEST FOR REMOTE APPEARANCE, AND NON-WAIVER OF ALL OBJECTIONS | 8 | | 1 | | 1 | 1 | | | | 1 | | 1 | |
| 247 | [illegible] | C16 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF NON-WAIVER OF SANCTIONS, CIVIL CLAIMS, ATTORNEY MISCONDUCT CLAIMS, AND OBJECTION | 7 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 248 | [illegible] | C17 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY OBJECTION TO PROPOSED FINAL DECREE, NOTICE OF PENDING RECUSAL MATTERS, REQUEST TO WITHHOLD SIGNATURE AND ENTRY, AND NOTICE OF MANDAMUS | 15 | 1 | 1 | | 1 | 1 | | | | 1 | | 1 | 1 |
| 249 | [illegible] | C17 | MOTION - RECUSE | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY SUPPLEMENT TO PENDING RECUSAL | 28 | 1 | 1 | 1 | 1 | 1 | | | 1 | 1 | | 1 | 1 |
| 250 | [illegible] | C17 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY SUPPLEMENTAL EXHIBIT MAP AND FILING INDEX | 158 | 1 | 1 | | 1 | 1 | 1 | | | 1 | | 1 | 1 |
| 251 | [illegible] | C17 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY RULE 18A STATUS NOTICE REGARDING PENDING VERIFIED RECUSAL, REQUEST FOR WRITTEN RULING OR REFERRAL, AND OBJECTION TO DECREE ACTION | 8 | 1 | 1 | | 1 | 1 | | | | | | | |

DF-24-18010 - Updated O-8 I Original certified alignment + county update report; live portal checked 11/13/2026

| Seq | Date | Pg | Event | Filer | Status | Docket description / matched filing title | Pages | HC | EM | DISC | FIN | DP | PAR | CR | [illegible] | MED | ATTY | [illegible] | STOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 252 | 06/16/2026 | C17 | MOTION - ENFORCE MISC | PETITIONER | PETITIONER | SIGN & ENTER FINAL DECREE OF DIVORCE | | | | | | | | | | | | | |
| 253 | 06/16/2026 | C17 | COA - CORRESPONDENCE LETTER | COURT | COURT | OPINION ISSUED LETTER | | | | | | | | | | | | | |
| 254 | [illegible] | C17 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 255 | 06/17/2026 | C17 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | EMERGENCY OBJECTION TO ENTRY OF FINAL DECREE AND RESPONDENT'S LIFE-SAFETY AND MEDICAL HARM BRIEF | 20 | 1 | 1 | | 1 | 1 | | | [illegible] | | | 1 | 1 |
| 256 | 06/20/2026 | C17 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKANE, JASON EMERGENCY VERIFIED MOTION TO PRESERVE AND PRODUCE | 8 | | 1 | | 1 | 1 | | 1 | | | | | |
| 257 | 06/22/2026 | C17 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY NOTICE OF UNACCOUNTED-FOR PERSONAL PROPERTY, DEMAND FOR INVENTORY, REQUEST FOR PRESERVATION AND PRESERVATION OF RIGHTS | 8 | | 1 | 1 | | | | | | | | | |
| 258 | 06/24/2026 | C17 | RESPONSE | RESPONDENT | RESP-FILING | IN OPPOSITION TO PETITIONER'S MOTION TO SIGN AND ENTER FINAL DECREE OF DIVORCE, AND MOTION TO SEVER AND RESERVE ALL DIVISION OF BANKRUPTCY-ESTATE PROPERTY | 18 | 1 | | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 |
| 259 | [illegible] | C17 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 260 | [illegible] | C17 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 261 | 06/29/2026 | C18 | E-SERVED COPY OF ORDER | COURT | COURT | ORDER DENYING FATHER'S MOTION TO RECUSE & FINAL DECREE | | | | | | | | | | | | | |
| 262 | 07/0?/2026 | C18 | NOTICE OF FILING | RESPONDENT | RESP-FILING | RESPONDENT'S 148 SWORN DECLARATION RE PROPERTY ITEMS | 52 | | | | | | | | | | | | |
| 263 | 07/0?/2026 | C18 | MISCELLANEOUS EVENT | RESPONDENT | RESP-EMERG | EMERGENCY NOTICE OF UNHEARD DE NOVO REQUEST AND TRIAL-DISPOSITIVE OBJECTIONS | 11 | | 1 | | | [illegible] | | | | | | | |
| 264 | 07/1?/2026 | C18 | FINDINGS OF FACT/CONCLUSIONS OF LAW | RESPONDENT | RESP-FILING | RESPONDENT'S FIRST AMENDED AND SUPPLEMENTAL REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW | 5 | 1 | | 1 | 1 | 1 | | | | 1 | | | 1 |
| 265 | 07/27/2026 | C18 | MOTION - NEW TRIAL | RESPONDENT | RESP-EMERG | MOTION - NEW TRIAL | 27 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 266 | 07/27/2026 | C18 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | PROPOSED ORDER GRANTING NEW TRIAL, VACATING FINAL DECREE, SUSPENDING ENFORCEMENT, ENTERING TEMPORARY PROTECTIVE AND STABILIZATION ORDERS, AUTHORIZING SOURCE-RECORD RECONSTRUCTION, AND SETTING EXPEDITED | 4 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 267 | 07/29/2026 | C18 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | RESPONDENT'S NOTICE OF FILING WITH THE UNITED STATES DEPARTMENT OF LABOR, EMPLOYEE BENEFITS SECURITY ADMINISTRATION | 53 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 268 | 08/07/2026 | U22 | NOTICE PAST DUE FINDING OF FACTS/COL | RESPONDENT | RESP-FILING | NOTICE PAST DUE FINDING OF FACTS/COL I Notice of Past-Due Findings of Fact and Conclusions of Law | 11 | 1 | | 1 | 1 | 1 | | | | 1 | | | 1 |
| 269 | 08/14/2026 | U22 | NOTICE OF FILING | RESPONDENT | RESP-FILING | RESPONDENT'S VERIFIED MOTION TO SET EXPEDITED HEARING | 13 | | | | | 1 | | 1 | | 1 | | | |
| 270 | 08/14/2026 | U22 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER SETTING EVIDENTIARY HEARING ON RESPONDENT'S VERIFIED MOTION FOR NEW TRIAL AND MOTION TO VACATE | 2 | | | | | 1 | | 1 | | | | | |
| 271 | 08/19/2026 | U22 | MOTION - SET HEARING | RESPONDENT | RESP-FILING | RESPONDENT'S MOTION TO SET THE EVIDENTIARY HEARING BEFORE THE 09-09-26 OPERATION-OF-LAW DATE, AND ACCEPTANCE OF THE 09-02-26 SETTING UNDER OBJECTION | 33 | | | | | 1 | | | | | 1 | | |
| 272 | 08/19/2026 | U22 | RESPONSE | PETITIONER | PETITIONER | PETITIONER'S LIMITED RESPONSE TO RESPONDENT'S MOTION TO SET THE EVIDENTIARY HEARING BEFORE 09-09-26 OPERATION -OF LAW DATE | 6 | | | | | | | | | | | | |
| 273 | 08/19/2026 | U22 | RESPONSE | RESPONDENT | RESP-FILING | RRESPONDENT'S VERIFIED REPLY TO PETITIONER'S LIMITED RESPONSE AND CLARIFIED REQUEST FOR AN EXPEDITED PRE- SEPTEMBER 9 EVIDENTIARY SETTING | 40 | | | | | 1 | | 1 | 1 | 1 | | 1 | |
| 274 | 08/21/2026 | U22 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | RESPONDENT'S - TO REMOTE APPEARANCE AND TESTIMONY OF PETITIONER AND MATERIAL FACT | 9 | | | | | 1 | | 1 | | | | | |
| 275 | 08/21/2026 | U22 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ON VERIFIED OBJECTION TO REMOTE APPEARANCE AND TESTIMONY | 5 | | | | | 1 | | 1 | | | | | |
| 276 | 08/28/2026 | U22 | MOTION HEARING | COURT | COURT | MOTION HEARING (9:00 AM). WYSOCKI, ASHLEY - CANCELED BY COURT ADMINISTRATOR | | | | | | | | | | | | | |
| 277 | 08/31/2026 | U23 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | TO PROCEEDING WITHOUT DUE PROCESS; RENEWED MOTION FOR EXISTING EVIDENTIARY RECORD | 23 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 278 | 08/31/2026 | U23 | REQUEST REPORTER RECORD | RESPONDENT | RESP-FILING | RESPONDENT'S RENEWED I Renewed Request and Designation for Complete Reporter's Record and Specific Clerk's-Record Items | 7 | 1 | | | 1 | 1 | | 1 | | 1 | | | 1 |
| 279 | 09/03/2026 | U23 | MOTION HEARING | COURT | COURT | MOTION HEARING (1:30 PM). WYSOCKI, ASHLEY - HEARING HELD. Petitioner counsel and Respondent listed present | | | | | | | | | | | | | |
| 280 | 09/03/2026 | U23 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | GRANTING MOTION FOR NEW TRIAL TO VACATE FINAL DECREE OF DIVORCE | [illegible] | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | | | 1 |
| 281 | 09/11/2026 | U23 | BRIEF FILED | PETITIONER | PETITIONER | PETITIONER'S BRIEF ON THE EFFECT OF THE BANKRUPTCY AUTOMATIC STAY ON THE FINAL DECREE OF DIVORCE | 133 | | | | | | | | | | | | |
| 282 | 09/11/2026 | U23 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | EMERGENCY REQUEST TO WITHHOLD RULING PENDING SAME DAY RESPONSE TO PETITIONER'S SEPT 11, 2026 BRIEF | 3 | | 1 | | | 1 | | | | | | | |
| 283 | 09/11/2026 | U23 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF FORTHCOMING SUPPLEMENTAL BRIEF AND RESPONSE TO PETITIONER'S BRIEF ON THE EFFECT OF THE BANKRUPTCY AUTOMATIC STAY | 2 | | | | 1 | 1 | | | | | | | |
| 284 | 09/14/2026 | U23 | BRIEF FILED | RESPONDENT | RESP-FILING | SUPPLEMENTAL BRIEF ON THE BANKRUPTCY AUTOMATIC STAY IN SUPPORT OF COMPLETE VACATUR AND A NEW TRIAL | 53 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 285 | 09/18/2026 | U23 | ORDER - NEW TRIAL/SET ASIDE/ VACATE (OCA and REOPEN CASE) | COURT | PARTIAL | ORDER - NEW TRIAL/SET ASIDE/ VACATE (OCA and REOPEN CASE) I Memorandum Ruling on Motion for New Trial I Memorandum; new trial granted in part, property provisions vacated; remaining provisions interlocutory | 1 | | | | | | | | | | | | |
| 286 | 09/24/2026 | U23 | MOTION - VACATE | RESPONDENT | RESP-EMERG | MOTION - VACATE I Motion to Vacate Remaining Decree Provisions, for Sanctions and Written Ruling | 12 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 287 | 09/24/2026 | U23 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | PROPOSED ORDER/JUDGMENT I Proposed Order on Motion to Vacate Remaining Decree Provisions | 4 | 1 | | 1 | 1 | 1 | 1 | 1 | | | 1 | | 1 |
| 288 | 09/25/2026 | U23 | NOTICE OF APPEAL - CT. OF APPEALS | RESPONDENT | RESP-FILING | RESPONDENT I Protective Notice of Appeal | 3 | 1 | | | 1 | 1 | | | | | | | |
| 289 | 09/28/2026 | U24 | NOTICE OF FILING | RESPONDENT | RESP-FILING | RESPONDENT'S SUPPLEMENTAL NOTICE REGARDING THE INTERLOCUTORY POSTURE, APPELLATE TIMETABLE, AND SEPTEMBER 24, 2026, MOTION TO MODIFY | 3 | 1 | | | 1 | 1 | 1 | | | | | | |
| 290 | 09/28/2026 | U24 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | PROPOSED ORDER CLARIFYING INTERLOCUTORY POSTURE AND NONPRECLUSIVE EFFECT ON SECION 5 | 2 | | | | 1 | 1 | 1 | | | | | | |
| 291 | 09/29/2026 | U24 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | PETITIONER'S MOTION TO CLARIFY AND MODIFY THE MEMORANDUM OF SEPT 18-2026 | 18 | | | | | | | | | | | | |
| 292 | 09/30/2026 | U24 | NOTE - CLERKS | COURT | COURT | PREPARING CLERK'S RECORD | | | | | | | | | | | | | |
| 293 | 10/05/2026 | U24 | COA - POST CARD | COURT | COURT | 05-26-01443-CV | | | | | | | | | | | | | |
| 294 | 10/05/2026 | U24 | APPELLATE RECORD | COURT | COURT | 05-26-01443-CV CLERK'S RECORD SUBMITTED TO 5TH COA WITH TRACE #83039 | | | | | | | | | | | | | |
| 295 | 10/06/2026 | U24 | COA - POST CARD | COURT | COURT | 05-26-01443-CV | | | | | | | | | | | | | |
| 296 | 10/15/2026 | U24 | COA - POST CARD | COURT | COURT | 05-26-01443-CV | | | | | | | | | | | | | |
| 297 | 10/16/2026 | L | COA - CORRESPONDENCE LETTER | COURT | COURT | 5TH COA LETTER ISSUED I Corrected June 16 mandamus records, No. 05-26-00854-CV: case-number typo correction. | | | | | | | | | | | | | |
| 298 | 10/16/2026 | L | COA - CORRESPONDENCE LETTER | COURT | COURT | CORRECTED OPINION AND ORDER I Corrected June 16 mandamus records, No 05-26-00854-CV; case-number typo correction. | | | | | | | | | | | | | |
| 299 | 10/16/2026 | L | ORDER - MISC | COURT | COURT | 5TH COA - ORDER DISMISS I Corrected June 16 mandamus records, No 05-26-00854-CV; case-number typo correction. | | | | | | | | | | | | | |
| 300 | 10/16/2026 | L | OPINION | COURT | COURT | 5TH COA MEMORANDUM I Corrected June 16 mandamus records, No. 05-26-00854-CV: case-number typo correction. | | | | | | | | | | | | | |

**Update notes**

September 18 (row 285): the memorandum grants a new trial in part and vacates decree §§6, 9, 11-15; §§1-7 and 10 remain interlocutory. The green row records partial relief, not complete vacatur. Source: DF24 pleading #254 / internal 249, physical PDF p. 1.

October 16 (rows 297-300): corrected records in mandamus No. 05-26-00854-CV fix the trial-cause number on the June 16 disposition. These are not a new October dismissal of appeal No. 05-26-01443-CV and are not counted as additional adverse rulings.

# DEBTOR'S EXHIBIT D-22

Respondent's Request for De Novo Hearing, with exhibits
Filed June 4, 2026 in Cause No. DF-24-18010

In re Jason Emory McKemie, Case No. 26-30161-mvl7 (Bankr. N.D. Tex.)
Attached to the Debtor's Exhibit List of November 13, 2026

FILED
6/4/2026 1:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Donna Hall DEPUTY

NO. DF-24-18010

| | | |
|---|---|---|
| **IN THE MATTER OF** | **§** | **IN THE DISTRICT COURT** |
| **THE MARRIAGE OF** | **§** | |
| | **§** | |
| **GWENDOLYN ULIJASZ-MCKEMIE** | **§** | **301st JUDICIAL DISTRICT** |
| **&** | **§** | |
| **JASON MCKEMIE** | **§** | **DALLAS COUNTY, TEXAS** |

**JASON MCKEMIE'S REQUEST FOR DE NOVO HEARING;**
**OBJECTIONS TO ASSOCIATE JUDGE'S REPORT;**
**REQUEST TO STAY ENTRY AND EFFECT OF REPORT PENDING DE NOVO REVIEW;**
**REQUEST FOR EMERGENCY SETTING BEFORE REFERRING COURT;**
**AND REQUEST FOR ADEQUATE EVIDENTIARY TIME, COURT REPORTER,**
**EXHIBIT ADMISSION, WITNESS TESTIMONY, AND WRITTEN RULINGS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Respondent, **Jason McKemie**, files this Request for **De Novo Hearing** under **Texas Family Code § 201.015** and objects to the Associate Judge's June 1, 2026, Report.

This request is timely. The hearing occurred on June 1, 2026. Jason received notice of the substance of the Associate Judge's Report on June 1, 2026, and an e-served copy of the signed/entered report was received through the clerk thereafter. This filing is submitted on **June 4, 2026**, within the third working day under **Texas Family Code § 201.015**.

This is not a motion for reconsideration. This is Jason McKemie's statutory request for a fresh evidentiary hearing before the referring **District Judge, Hon. Ashley Wysocki.**

## I. REQUEST FOR DE NOVO HEARING

Jason McKemie, Respondent, requests a De Novo hearing before the referring District Judge on every adverse, denied, refused, unaddressed, unclear, or implied ruling contained in, arising from, or reflected by the June 1, 2026 Associate Judge's Report.

The Associate Judge's Report denied Jason McKemie's ***Motion for Enforcement, Sanctions, Continuance, and Leave to Issue Third-Party Subpoenas*** in all respects, while declining to consider the continuance request. That ruling cannot stand without de novo review because the hearing did not reach the merits of the source-record, trial-readiness, healthcare,



Copy from re:SearchTX

evidence-theft, protective-order, and sanctions issues.

## II. SPECIFIC ISSUES PRESENTED FOR DE NOVO REVIEW

Under Texas Family Code § 201.015(b), Jason specifically requests de novo review of the following issues:

1. The denial of Respondent, **Jason McKemie's**, Motion for Enforcement, Sanctions, Continuance, and Leave to Issue Third-Party Subpoenas.
2. The refusal or failure to consider Jason's continuance / abatement request despite the **June 11, 2026**, trial setting and the unresolved source-record, discovery, healthcare, stolen-evidence, and trial-readiness defects.
3. The denial of leave to issue third-party subpoenas for financial source records, including but not limited to bank records, credit-card records, payment-source records, overpayment/refund records, replacement-card/account-lineage records, payroll records, Accenture records, VEIP/equity records, myHoldings records, RSU records, bonus worksheets, tax transcripts, loan-funding records, GLU Distribution LLC records, San Antonio lease/reimbursement records, rent ledgers, QLE/benefits records, HSA/FSA records, healthcare reinstatement records, landlord records, legal-retainer records, third-party contractor records, and vendor/payment records.
4. The denial or failure to grant discovery enforcement, source-record verification, sworn account/month/source-record certification, Rule 191.3 counsel certification review, and compliance mechanisms necessary to reconstruct the marital estate.
5. The denial or failure to grant relief concerning Petitioner's incomplete, non-continuous, non-source-verifiable financial production.
6. The denial or failure to address the fact that Bates ranges, production indexes, screenshots, summaries, redacted statements, annual snapshots, isolated account pages, and counsel affidavits are not substitutes for complete, continuous, institution-origin source records.
7. The denial or failure to address the VEIP / equity / "extra tax withholding" issue, including whether elective equity investment, RSU share withholding, employer match, payroll deductions, taxable RSU events, or deferred/equity compensation were concealed, mislabeled, or treated as tax withholding to distort the marital estate.
8. The denial or failure to address unsupported loan claims, including family-loan claims, LightStream, SoFi, alleged cyber/security/vendor obligations, and any claimed debt

lacking traceable funding, account entry, repayment history, and community-purpose proof.

9. The denial or failure to address sanctions, show-cause relief, adverse inferences, fee shifting against Petitioner and responsible counsel, counsel certification, forensic accounting from third-party financial source records, estate reconstitution under Texas Family Code § 7.009, and disproportionate division under Texas Family Code § 7.001.

10. The denial or failure to enforce healthcare, HSA/FSA, prescription, reimbursement, benefits-card, benefits-portal, QLE, COBRA, and healthcare-reinstatement relief.

11. The denial or failure to address Petitioner's healthcare interference, including blocked benefits access, QLE/benefits issues, HSA/FSA functionality, medical reimbursement control, and administrator access.

12. The denial or failure to address April 16, 2026 evidence theft, stolen hard drives, stolen evidence repositories, stolen devices, stolen litigation files, stolen financial records, stolen trial-preparation materials, stolen medical/legal records, stolen professional records, stolen electronics, stolen music/studio equipment, stolen medication, stolen safes/briefcases, and the resulting chain-of-custody crisis.

13. The denial or failure to order categorical non-access, non-use, and non-benefit relief concerning Jason McKemie's stolen hard drives, evidence repositories, source files, litigation materials, and derivative materials.

14. The denial or failure to order preservation of all external chain-of-custody evidence concerning the April 16 theft, including communications, photographs, videos, inventories, booking records, dispatch records, payment records, location records, storage records, possession records, vendor records, mover records, security records, landlord records, constable-related records, and records identifying where Jason's stolen property went.

15. The denial or failure to order return of Jason McKemie's stolen evidence repositories and stolen property.

16. The denial or failure to address Petitioner's Counter-Motion for Protective Order in full, including the need to deny any protective order that blocks third-party source-record verification.

17. The denial, grant, implied grant, carry-forward, reservation, or failure to reject Petitioner's request for attorney's fees, costs, protective expenses, expert/vendor expenses, discovery expenses, or any cost shifting against Jason McKemie. Jason specifically requests that all such fee/protective-expense/cost-shifting requests by

Petitioner be denied in full, with no later prove-up, no reserved entitlement, and no cost shifting against Jason.

18. The denial or failure to address witness-protection issues involving Christopher McNally and Jonathan Drake Steele.

19. The denial or failure to address trial-readiness defects created by incomplete financial production, blocked source-record subpoenas, missing/stolen evidence repositories, unresolved healthcare access, lack of functional litigation infrastructure, and unresolved witness-protection issues.

20. Any finding, conclusion, recommendation, refusal, or omission that permits the June 11, 2026 trial to proceed before the District Judge conducts de novo review and before source-record verification, stolen-evidence relief, healthcare enforcement, and trial-readiness defects are resolved.

21. Any finding, conclusion, recommendation, refusal, or omission that treats the June 1 hearing as a merits adjudication.

22. Any finding, conclusion, recommendation, refusal, or omission that treats Jason's failure to admit exhibits during the compressed hearing as a merits failure.

23. Any finding, conclusion, recommendation, refusal, or omission that treats Petitioner's production index, Bates range, counsel affidavit, or prior production references as proof of complete financial compliance.

24. Any finding, conclusion, recommendation, refusal, or omission that denies Jason's requested written rulings identifying whether each denial was based on lack of evidence, lack of legal authority, procedural defect, timing, scope, jurisdiction, mootness, prior ruling, or another stated ground.

## III. WHY DE NOVO REVIEW IS REQUIRED

The June 1 hearing did not produce a fair merits record.

Jason was delayed by an accident/travel emergency on the way to court and appeared under compressed conditions. The hearing time was then cut short. Jason was given only a severely limited opportunity to present issues that involve seventeen months of financial concealment, discovery obstruction, source-record nonproduction, healthcare interference, stolen evidence repositories, missing trial materials, third-party subpoena necessity, sanctions, and trial-readiness defects.

Jason did not understand in real time that he needed to call himself as a witness immediately. That issue consumed approximately fifteen minutes of the limited time available. Petitioner's counsel then repeatedly objected "hearsay" when Jason attempted to read or identify prior written positions, sworn statements, court-filed materials, pleadings, production records, and prior representations. Jason was unable to overcome those objections in the compressed setting.

As a result:

1. No meaningful exhibit record was admitted.
2. No Rule 1006 summary chart was admitted and tested.
3. No complete production-gap chart was admitted and tested.
4. No source-record deficiency chart was admitted and tested.
5. No witness testimony was fully developed.
6. No complete offer of proof was made.
7. No merits adjudication occurred on the actual source-record issues.
8. No merits adjudication occurred on the stolen-evidence issues.
9. No merits adjudication occurred on the healthcare/HSA/FSA issues.
10. No merits adjudication occurred on the witness-protection issues.
11. No merits adjudication occurred on the trial-readiness issues.
12. No merits adjudication occurred on the sanctions/counsel-certification issues.
13. No merits adjudication occurred on whether Petitioner's protective order seeks protection from improper discovery or protection from verification.

The Associate Judge's denial therefore rests on a procedurally incomplete presentation, not on a full evidentiary determination of the merits.

Texas Family Code § 201.015 exists for this exact reason: the District Judge must conduct a fresh hearing on the specified issues and permit the parties to present witnesses and evidence.

## IV. THE DISTRICT JUDGE MUST HEAR EVIDENCE, NOT MERELY REVIEW THE REPORT

Jason requests a full evidentiary de novo hearing.

At the de novo hearing, Jason requests permission to present:

1. Jason McKemie's sworn testimony;
2. authenticated court-filed pleadings, reports, orders, notices, and prior filings;
3. Petitioner's sworn financial materials;
4. Jonathan Drake Steele's affidavit and fee/protective-expense request;
5. production indexes and Bates logs;
6. Rule 1006 source-record summary charts;
7. missing-statement and account-continuity charts;
8. VEIP/equity/payroll/Accenture compensation records;
9. HSA/FSA/healthcare/QLE/benefits records;
10. April 16 theft and chain-of-custody evidence;
11. records identifying missing/stolen hard drives, devices, litigation records, trial materials, financial records, and evidence repositories;
12. prior notices and motions showing repeated requests for discovery enforcement, subpoena authority, source-record verification, healthcare enforcement, trial abatement, and written rulings;
13. testimony and records concerning trial-readiness collapse;
14. any other evidence necessary to determine the specified issues.

Jason also requests a court reporter, an official verbatim record for the de novo hearing and all related proceedings.

## V. NO ORDER SHOULD BE ENTERED ON THE ASSOCIATE JUDGE'S REPORT BEFORE DE NOVO REVIEW

Jason objects to entry of any order reducing the Associate Judge's Report into an enforceable order before the referring District Judge conducts de novo review.

Jason further objects to any proposed order submitted by Petitioner, Petitioner's counsel, or any person acting for Petitioner that:

1. expands the Associate Judge's Report;
2. adds findings not made at the hearing;
3. converts the denial into a trial-readiness finding;
4. grants or preserves Petitioner's protective order;
5. grants or preserves Petitioner's fees, costs, protective expenses, vendor expenses, expert expenses, or cost-shifting requests;
6. blocks third-party source-record verification;
7. restricts Jason's ability to obtain financial source records;
8. restricts Jason's ability to obtain QLE/benefits/HSA/FSA/healthcare source records;
9. restricts Jason's ability to obtain April 16 chain-of-custody records;
10. allows Petitioner, counsel, experts, vendors, contractors, agents, or anyone acting for her to access, use, inspect, image, copy, review, disclose, rely upon, or benefit from Jason's stolen hard drives, evidence repositories, source files, litigation materials, or derivative materials;
11. permits trial to proceed before de novo review and before the District Judge resolves trial-readiness defects.

## VI. REQUEST TO CONTINUE OR ABATE JUNE 11, 2026, TRIAL PENDING DE NOVO REVIEW

Trial is presently set for **June 11, 2026.**

The District Judge cannot conduct meaningful de novo review after trial has already occurred. The denial of subpoena leave, refusal to consider continuance, failure to decide source-record verification, failure to address stolen evidence, failure to enforce healthcare, and failure to address trial-readiness defects directly affect whether trial can proceed at all.

Jason therefore requests that the Court immediately continue or abate the June 11, 2026 trial setting until:

1. the District Judge conducts the de novo hearing;
2. the Court makes written rulings on each specified issue;
3. third-party source-record subpoenas are authorized and returned;
4. healthcare/HSA/FSA/QLE/benefits issues are enforced;
5. stolen-evidence non-access, non-use, preservation, and return relief is entered;
6. Petitioner's protective-order and fee/protective-expense requests are denied in full;
7. the Court determines whether the marital estate can be reconstructed from complete, continuous, source-verifiable records.

Proceeding to trial before de novo review would convert a compressed, non-merits associate-judge hearing into a final trial advantage for Petitioner.

## VII. REQUESTED DE NOVO RELIEF

Jason McKemie respectfully requests that the District Judge, after de novo hearing:

1. **VACATE, REJECT, OR DECLINE TO ADOPT** the June 1, 2026, Associate Judge's Report to the extent it denies Jason McKemie's requested relief;
2. **SET** this matter for an emergency de novo hearing before the referring District Judge before the June 11, 2026, trial setting, or continue/abate the June 11, 2026, trial setting until de novo review is completed;
3. **ORDER** that no order reducing the Associate Judge's Report shall be signed, entered, enforced, or used as a trial-readiness ruling before de novo review;
4. **GRANT** leave to issue third-party subpoenas and nonparty discovery for financial source records, account-continuity records, payroll/equity records, tax records, loan-funding records, VEIP/myHoldings/RSU records, HSA/FSA/QLE/benefits records, healthcare records, lease/rent/reimbursement records, vendor/payment records, legal-retainer records, and April 16 chain-of-custody records;
5. **MODIFY** discovery deadlines for the limited purpose of third-party source-record verification and related follow-up;


Copy from re:SearchTX

6. **CONTINUE or ABATE** the June 11, 2026, trial setting until the marital estate can be reconstructed from complete, continuous, source-verifiable records;

7. **DENY** Petitioner's Counter-Motion for Protective Order in full to the extent it blocks, restricts, burdens, delays, chills, or prevents source-record verification;

8. **DENY** Petitioner's request for attorney's fees, court costs, protective expenses, expert/vendor expenses, discovery expenses, or any cost shifting against Jason McKemie in full, with no later prove-up, no reserved entitlement, and no cost shifting;

9. **ORDER** Petitioner, Jonathan Drake Steele, Rebecca L. Armstrong, Sullivan & Cook, and any attorney who certified, sponsored, presented, defended, relied upon, or attempted to shield Petitioner's financial production to appear and show cause why sanctions should not issue;

10. **ORDER** sworn Rule 191.3 certification identifying every account, every missing statement month, every incomplete record, every replacement account/card number, every source record reviewed, every non-source record relied upon, and the factual basis for any representation of completeness;

11. **APPOINT** a court-appointed forensic accountant to reconstruct the estate from third-party financial source records and non-stolen financial records only. Nothing in this request permits Petitioner, counsel, experts, vendors, agents, or anyone acting for her to access, inspect, image, copy, use, or benefit from Jason McKemie's stolen hard drives, evidence repositories, source files, litigation materials, or derivative materials;

12. **ORDER** that Petitioner, her counsel, experts, vendors, contractors, movers, security personnel, investigators, consultants, agents, and anyone acting for her shall have no access to, no use of, and no benefit from Jason McKemie's stolen hard drives, evidence repositories, litigation files, digital storage devices, source files, or derivative materials;

13. **ORDER** preservation of all external April 16 chain-of-custody evidence, including communications, photographs, videos, inventories, booking records, dispatch records, payment records, location records, storage records, possession records, mover records, vendor records, security records, landlord records, and records concerning stolen hard drives, devices, GPUs, network storage, music studio equipment, medication, financial records, litigation records, safes, briefcases, and other stolen property;

14. **ORDER** return of Jason McKemie's stolen evidence repositories and stolen property;

15. **ENFORCE** healthcare, HSA/FSA, QLE, benefits, pharmacy, reimbursement, prescription, benefits-card, administrator-access, and healthcare-reinstatement relief;


Copy from re:SearchTX

16. **PRESERVE and SET FOR HEARING** Jason McKemie's requests for fraud-on-the-community findings, fraud-upon-the-Court findings, estate reconstitution under Texas Family Code § 7.009, disproportionate division under Texas Family Code § 7.001, adverse inferences, reimbursement, add-backs, fee shifting against Petitioner and responsible counsel, sanctions, healthcare enforcement, stabilization relief, and April 16 theft remedies;

17. **REQUIRE** written rulings on every item granted, denied, or otherwise decided, identifying whether any denial is based on lack of evidence, lack of legal authority, procedural defect, timing, scope, jurisdiction, mootness, prior ruling, or another stated ground;

18. **GRANT** all other relief to which Jason McKemie is entitled.

19. Jason further requests that the District Judge conduct de novo review of the sanctions, show-cause, counsel-certification, fee-shifting, protective-order abuse, and source-record verification issues to the extent those issues were raised by Petitioner's response, Petitioner's Counter-Motion for Protective Order, Jonathan Drake Steele's affidavit, Jason's reply filed before the June 1, 2026 hearing, the June 1 hearing record, or the Associate Judge's denial, refusal, failure to hear, failure to consider, or failure to rule.

20. Jason further requests that, after de novo review, the District Judge reject, modify, or decline to adopt any portion of the Associate Judge's Report that denies, refuses, omits, or fails to reach Jason's sanctions, show-cause, counsel-certification, source-record verification, protective-order abuse, fee-shifting, healthcare-enforcement, stolen-evidence, and trial-readiness relief; deny Petitioner's Counter-Motion for Protective Order in full to the extent it blocks, restricts, delays, burdens, chills, or prevents third-party source-record verification; deny Petitioner's request for attorney's fees, court costs, protective expenses, expert/vendor expenses, discovery expenses, or any cost shifting against Jason McKemie in full, with no later prove-up, no reserved entitlement, and no cost shifting; order Petitioner, Jonathan Drake Steele, Rebecca L. Armstrong, Sullivan & Cook, and any attorney who certified, sponsored, presented, defended, relied upon, or attempted to shield materially incomplete financial production to appear and show cause why sanctions should not issue; order sworn counsel certification at the account/month/source-record level; authorize third-party source-record subpoenas and limited post-cutoff discovery necessary to test Petitioner's production, sworn financial disclosures, claimed debts, payroll/equity records, healthcare/HSA/FSA/QLE records, lease/rent records, vendor/payment records, and April 16 external chain-of-custody records; set any issue the Court determines was not reached by the Associate Judge's Report for separate emergency

hearing before the June 11, 2026 trial setting; and require written rulings identifying whether each item is granted, denied, deferred for separate setting, or not reached.

21. Jason does not ask the Court to treat this de novo request as a newly filed omnibus sanctions motion. Jason requests de novo review of the sanctions, show-cause, counsel-certification, fee-shifting, protective-order abuse, and source-record verification issues to the extent those issues were already raised by the filings and hearing record before or at the June 1, 2026, hearing. To the extent the Court determines that any sanctions, counsel-certification, witness-protection, healthcare-enforcement, source-record verification, or trial-readiness issue was not reached by the Associate Judge's Report, Jason requests that the Court set those issues for a separate emergency evidentiary hearing before the June 11, 2026 trial setting. Jason does not waive those issues by requesting de novo review.

## VIII. UNSWORN DECLARATION OF JASON MCKEMIE

My name is **Jason McKemie**. My date of birth is **April 8, 1976**. My address is **539 W. Commerce St., Suite 2010, Dallas, Texas 75208**.

I declare under penalty of perjury that the following is true and correct:

1. I appeared at the June 1, 2026, hearing before Associate Judge Stacy Dunlop.
2. I was delayed on the way to court by an accident/travel emergency and appeared under compressed conditions.
3. I notified the Court in advance of the incident and advised that I would be approximately one hour late because I had to complete a tire change following the incident. The clerk told me to proceed to the hearing, and I relied on that instruction.
4. When I realized how little time I was being allotted, I asked whether the incident that day had reduced the time available for my presentation. I was told my time had been reduced from one hour to only forty minutes. I informed the Court that, had I been advised of that reduction in advance, my decision to proceed would have been different and I would have sought another alternative. Once the proceeding had begun, no other meaningful option was provided.
5. The screen on my laptop was damaged while I was en route to the hearing. I did not learn the full extent of the damage until I was already present for the proceeding. The damage materially impaired my ability to display, locate, organize, share, and present the exhibits and evidence I had prepared for the hearing.


Copy from re:SearchTX

6. I was not provided the full amount of time originally allotted to present evidence and argument concerning enforcement, sanctions, continuance, third-party subpoena leave, source-record verification, healthcare enforcement, trial-readiness defects, stolen evidence repositories, and Petitioner's protective-order and fee/protective-expense requests.

7. When I attempted to present evidence concerning written email communications between me and Petitioner's former counsel, Petitioner's counsel repeatedly objected on hearsay grounds, even though I was attempting to identify, authenticate, and present opposing counsel's own written communications and prior representations. I did not understand in real time that I needed to immediately call myself as a witness to lay the foundation for those materials, and that issue consumed approximately fifteen minutes of the limited time available.

8. Petitioner's counsel repeatedly objected "hearsay" when I attempted to read, identify, or present prior written positions, sworn statements, court-filed materials, pleadings, records, email communications, and prior representations relevant to the issues noticed for hearing.

9. Because of the compressed time, the damaged laptop screen, the inability to display digitally prepared materials, and repeated objections, I was unable to admit the exhibits necessary to prove the source-record defects, stolen-evidence issues, healthcare issues, trial-readiness defects, sanctions issues, and counsel-certification issues.

10. No meaningful exhibit record was admitted.

11. The merits of the underlying issues were not heard.

12. The denial of my motion therefore did not result from a full evidentiary determination of the merits.

13. I request a de novo hearing so the District Judge can hear evidence, admit exhibits, hear witness testimony, decide the specified issues on the merits, and enter written rulings.

14. I was also unable to present critical evidence necessary for the Court to evaluate due process, trial readiness, source-record verification, stolen evidence, healthcare enforcement, and the prejudice created by forcing this case toward trial without complete records.

15. Opposing counsel repeatedly demanded "yes or no" answers to questions asking whether I had presented evidence about events or issues not noticed for that


Copy from re:SearchTX

particular hearing. That questioning created an incomplete and misleading record, because the evidence exists; it simply was not noticed, reached, admitted, or fully presented at that hearing.

16. I request denial of Petitioner's protective order, denial of all fees, costs, protective expenses, and cost shifting against me, authorization of third-party subpoenas, sworn counsel certification, trial continuance or abatement, healthcare enforcement, stolen-evidence non-access, non-use, preservation, and return relief, and a sanctions/show-cause hearing.

17. Due to the broken laptop screen, my inability to output to an external projector, and my inability to share digitally prepared evidence as planned, my ability to present and submit evidence was significantly impaired.

Executed in **Brazos County, Texas** on **June 4, 2026**.

Respectfully Submitted,

Jason McKemie

**Jason McKemie**
539 W. Commerce St., Suite 2010
Dallas, Texas 75208
214-868-4901
jmckemie@mckemie.net

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this filing and all attached exhibits was served on all counsel of record and/or parties entitled to notice through the Texas e-filing service provider and/or email in accordance with the Texas Rules of Civil Procedure on **June 4, 2026.**

Jason McKemie

**Jason McKemie**

## EXHIBIT INDEX

| | |
|---|---|
| Exhibit 1 | Order Reserving Sanctions, Fee Shifting, Estate Reconstitution, Adverse Inferences, And Healthcare Enforcement For Further Hearing |
| Exhibit 2 | Order Granting Leave to Issue Third-Party Subpoenas for Financial, Lease, QLE, Benefits, And Estate Source Records |
| Exhibit 3 | Order Granting Leave to Issue Third-Party Subpoenas Concerning April 16 Theft, Movers, Security, Contractors, And Chain of Custody |
| Exhibit 4 | Subpoena Targets |
| Exhibit 5 | Respondent's Motion for Enforcement, Sanctions, Continuance, And Leave to Issue Third-Party Subpoenas |
| Exhibit 6 | Petitioner's Response to Respondent's Motion for Enforcement, Sanctions, Continuance, And Leave to Issue Third-Party Subpoenas, And Counter-Motion for Protective Order And For Other Appropriate Relief |
| Exhibit 7 | Respondent's Reply in Support of Enforcement, Sanctions, Continuance, And Leave; Objection to Petitioner's Bad-Faith Protective Order And Fee Request; And Request for Sanctions, Show-Cause, Counsel Certification, Fee Shifting, Forensic Accounting, Estate Reconstitution, Disproportionate Division, And Source-Record Verification |

*Continued Next Page...*


Copy from re:SearchTX

Exhibit 7 *Continued.*

## EXHIBIT INDEX

| Exhibit | Title | Purpose |
|---|---|---|
| Exhibit A | Motion to Recuse – Pleading History | Procedural history demonstrating repeated filings, unresolved motions, discovery disputes, and case-management failures. |
| Exhibit B | Discovery Email | Notice to Petitioner and counsel regarding discovery deficiencies, missing records, and requests for compliance. |
| Exhibit C | Sworn Budget | Demonstrates Respondent's financial condition, expenses, inability to absorb continued delay, and need for relief. |
| Exhibit D | High Liquidity While Declaring Destitution | Contradicts claims of financial hardship by showing significant available funds or liquidity. |
| Exhibit E | AMEX Annual Summaries | Credit card spending analysis and reconstruction of financial activity. |
| Exhibit F | "Worthless" Investments | Petitioner statements minimizing value of assets later shown to have material value. |
| Exhibit F-1 | No Intouch Statements | Demonstrates missing account continuity, missing statements, and inability to trace transactions. |
| Exhibit G | $0 HSA | Evidence relating to HSA depletion, healthcare interference, and lack of available medical funds. |
| Exhibit G-1 | Tax Transcripts | IRS-source tax records used to verify income, tax liability, withholding, and financial disclosures. |
| Exhibit K | Card Flipping | Demonstrates repeated account/card number changes, continuity issues, and tracing obstacles. |
| Exhibit L | Annual Snapshots Without Inflows or Outflows | Illustrates production of summary balances without underlying transactional support. |
| Exhibit M | Associate Judge's Report | Court findings, procedural history, and prior discovery-related determinations. |
| Exhibit N | Gwen Financial Discovery Compliance Matrix | Visual compliance chart showing discovery requests, deficiencies, missing records, and production failures. |
| Exhibit J | Overpayments / Missing Statements | Analysis of excessive card overpayments, missing statement periods, and inability to trace source funds. |

Exhibit 8 Associate Judge's E-Served Cover Letter

Exhibit 9 Df24-18010 Associate Judge''s Report


Copy from re:SearchTX