- **08/06/2025** (Entry 104) — **7 pages** — EMERGENCY MOTION TO ABATE TRIAL SETTING AND WITHHOLD FINAL ORDERS PENDING RESOLUTION OF OUTSTANDING MOTIONS, PROCEDURAL VIOLATIONS, AND DISCOVERY COLLAPSE
- **11/21/2025** (Entry 132) — **2 pages** — ORDER FOR DE NOVO REVIEW AND TRO PROPOSED ORDER/JUDGMENT
- **11/21/2025** (Entry 133) — **6 pages** — MOTION FOR DE NOVO DISTRICT JUDGE REVIEW OF PRIOR RULINGS AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER MOTION - MISCELLANEOUS
- **11/25/2025** (Entry 134) — **6 pages** — NOTICE OF FILING OF SWORN AFFIDAVIT - CORRECTING FALSE RECORDING ALLEGATIONS AND EX PARTE PREJUDICE
- **12/12/2025** (Entry 136) — **25 pages** — EMERGENCY MOTION FILING SEEKING IMMEDIATE RELIEF REQUIRING MEDICAL ACCESS
- **12/15/2025** (Entry 137) — **2 pages** — NOTICE OF SERVICE - MOTION FOR THE REINSTATEMENT OF HEALTHCARE - CERT MAIL
- **12/17/2025** (Entry 138) — **3 pages** — ORDER ON EMERGENCY REINSTATEMENT OF HEALTHCARE PROPOSED ORDER/JUDGMENT
- **12/19/2025** (Entry 141) — **2 pages** — NOTICE OF NONCOMPLIANCE WITH 24-HOUR HEALTHCARE REINSTATEMENT ORDER
- **12/19/2025** (Entry 145) — **18 pages** — EMERGENCY ENFORCEMENT ORDER FOR MEDICAL PRESERVATION ORDER - MISC.
- **12/19/2025** (Entry 140) — **4 pages** — NOTICE REGARDING OF HEALTH COVERAGE, QUALIFYING LIFE EVENT AND REQUEST FOR LEAVE TO ISSUE SUBPOENA TO EMPLYER HR NOTICE REGARDING OF HEALTH COVERAGE, QUALIFYING LIFE EVENT AND REQUEST FOR LEAVE TO ISSUE SUBPOENA
- **12/22/2025** (Entry 147) — **2 pages** — TEMPORARY RESTRAINING ORDER PROPOSED ORDER/JUDGMENT
- **12/23/2025** (Entry 148) — **2 pages** — TEMPORARY RESTRAINING ORDER HEALTHCARE REINSTATEMENT & CONTINUITY PROPOSED ORDER/JUDGMENT
- **12/23/2025** (Entry 149) — **2 pages** — ORDER GRANTING LEAVE TO SERVE SUBPOENAS PROPOSED ORDER GRANTING LEAVE TO SERVE SUBPOENAS
- **12/23/2025** (Entry 150) — **3 pages** — TO ISSUE SUBPOENA REGARDING LEASE BUYOUT AND ASSOCIATED PAYMENTS MOTION - LEAVE
- **12/23/2025** (Entry 151) — **181 pages** — MOTION - SEALED SUBMISSION FOR IN CAMERA REVIEW ONLY (CONFIDENTIAL) MOTION SEAL SUBMISSION FOR CAMERA REVIEW
- **12/29/2025** (Entry 152) — **13 pages** — SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL (REQUEST FOR CUSTODIAN CONTINUITY RECORDS / SUBPOENA LEAVE) SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL

## 2026

- **01/02/2026** (Entry 154) — **10 pages** — NOTICE REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY AND NON-COMPLIANCE NOTICE REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY
- **01/08/2026** (Entry 161) — **3 pages** — ORDER ON MOTION TO COMPEL PROPOSED ORDER/JUDGMENT
- **01/08/2026** (Entry 160) — **2 pages** — ORDER ON EMERGENCY TRO PROPOSED ORDER/JUDGMENT
- **01/12/2026** (Entry 176) — **8 pages** — AFFIDAVIT ON PUBLIC STORAGE THEFT ACCUSATIONS AND PETITIONERS ACQUISITION OF WEAPON DURING PROCEEDINGS AFFIDAVIT ON PUBLIC STORAGE THEFT ACCUSATIONS AND PETITIONERS ACQUISITION OF WEAPON DURING PROCEEDIN
- **01/12/2026** (Entry 175) — **7 pages** — EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS
- **01/12/2026** (Entry 174) — **3 pages** — PROPOSED ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS
- **01/12/2026** (Entry 173) — **10 pages** — EMERGENCY MOTION TO TEMORARY STAY OR IN THE ALTERNATIVE, IMPOSE PROTECTIVE CONDITIONS ON COURT-AUTHORIZED PROPERTY RETRIEVAL DUE TO MEDICAL INCAPACITY
- **01/12/2026** (Entry 172) — **5 pages** — PROPOSED ORDER ON EMERGENCY MOTION TO TEMPORARILY STAY OR, IN THE ALTERNATIVE, IMPOSE PROTECTIVE CONDITIONS ON COURT-AUTHORIZED PROPERTY RETRIEVAL DUE TO MEDICAL INCAPACITY
- **01/12/2026** (Entry 170) — **4 pages** — ORDER ON EMERGENCY TRO PROPOSED ORDER FOR EMERGENCY TRO
- **01/12/2026** (Entry 169) — **5 pages** — ORDER ON EMERGENCY MOTION FOR MEDICAL PRESERVATION, INTERIM MAKE-WHOLE RELIEF, JUDICIAL FINDINGS MISREPRESENTATION/IMPOSSIBILITY, CONDITIONAL SANCTIONS, AND THIRD-PARTY SUBPOENA AUTHORITY (QLE RECORDS) PROPOSED ORDER
- **01/12/2026** (Entry 168) — **3 pages** — ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS EXTEND RENT REGISTRY DEADLINE, AND PRESERVE PROPERTY PROPOSED ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS
- **01/12/2026** (Entry 166) — **4 pages** — AFFIDAVIT ON MANUFACTURED ALLEGATIONS & CONCERN FOR PROPERTY RETRIEVAL / CLEAN OUT AFFIDAVIT - MANUFACTURED ALLEGATIONS
- **01/12/2026** (Entry 164) — **6 pages** — EMERGENCY MOTION ON MEDICAL HARM
- **01/12/2026** (Entry 162) — **4 pages** — ORDER ON EMERGENCY TRO PROPOSED ORDER/JUDGMENT
- **01/12/2026** (Entry 180) — **11 pages** — MOTION TO ABATE TRIAL, ENFORCE DISCOVERY ORDERS AND HEALTHCARE REINSTATEMENT

- **01/20/2026** (Entry 184) — **34 pages** — RESPONDENT'S NOTICE OF DISCOVERY AND HEALTHCARE COMPLIANCE, REQUEST FOR REMOTE APPEARANCE, REQUEST FOR ACCESS TO PERSONAL PROPERTY, REQUEST FOR CONSOLIDATION & HEARING LIMITS, AND CASE MANAGEMENT CLARIFICATION

## 5. Financial relief / reimbursements / fraud / rent & stabilization / standing or temporary orders

### 2025

- **06/24/2025** (Entry 66) — **8 pages** — EMERGENCY MOTION FOR TEMPORARY FINANCIAL RELIEF DUE TO IMMINENT HOUSING LOSS, MEDICAL HARDSHIP EMERGENCY M/FINANCIL
- **07/10/2025** (Entry 70) — **1 page** — FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP – ESERVED COPY OF ORDER DENYING JASON MCKEMIE'S RELIEF
- **07/10/2025** (Entry 71) — **2 pages** — FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP – ESERVE COVER LETTER (ORDER DENYING JASON MCKEMIE'S RELIEF)
- **07/10/2025** (Entry 79) — **26 pages** — FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP – FINANCIAL RELIEF, CONTINUANCE, ENFORCEMENT OF STANDING ORDERS
- **07/10/2025** (Entry 80) — **149 pages** — FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP – EVIDENCE AND EXHIBITS
- **07/10/2025** (Entry 78) — **1 page** — FINDING OF FACT AND FRAUD UPON THE COURT PROPOSED ORDER/JUDGMENT
- **07/16/2025** (Entry 85) — **5 pages** — ORDER GRANTING M/SANCTIONS AND REFERRAL PROPOSED MOTION SANCTION FOR AGGRAVATED PERJURY AND FRAUD UPON THE OCURT AGAINST
- **08/07/2025** (Entry 113) — **10 pages** — EMERGENCY EX PARTE MOTION TO AUTHORIZE WITHDRAWAL FROM IRA
- **10/02/2025** (Entry 115) — **1 page** — LETTER
- **10/02/2025** (Entry 119) — **6 pages** — MOTION FOR REINSTATEMENT OF WRONGFULLY REPORTED AND WITHHELD MARITAL FUNDS

- **10/02/2025** (Entry 120) — **6 pages** — WAITING FOR $80.00- REQUEST
- **10/02/2025** (Entry 118) — **6 pages** — WAITING FOR $80.00- REQUEST
- **10/19/2025** (Entry 121) — **6 pages** — MOTION TO OBTAIN CERTIFIED TRANSCRIPT FOR JANUARY 7, 2025, HEARING AND REQUEST FOR PAYMENT FROM
- **11/25/2025** (Entry 133) — **6 pages** — MOTION FOR DE NOVO DISTRICT JUDGE REVIEW OF PRIOR RULINGS AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER MOTION - MISCELLANEOUS
- **12/19/2025** (Entry 145) — **18 pages** — EMERGENCY ENFORCEMENT ORDER FOR MEDICAL PRESERVATION ORDER - MISC.
- **12/23/2025** (Entry 150) — **3 pages** — TO ISSUE SUBPOENA REGARDING LEASE BUYOUT AND ASSOCIATED PAYMENTS MOTION - LEAVE
- **12/23/2025** (Entry 151) — **181 pages** — MOTION - SEALED SUBMISSION FOR IN CAMERA REVIEW ONLY (CONFIDENTIAL) MOTION SEAL SUBMISSION FOR CAMERA REVIEW
- **12/29/2025** (Entry 152) — **13 pages** — SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL (REQUEST FOR CUSTODIAN CONTINUITY RECORDS / SUBPOENA LEAVE) SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL

**2026**

- **01/02/2026** (Entry 154) — **10 pages** — NOTICE REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY AND NON-COMPLIANCE NOTICE REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY
- **01/12/2026** (Entry 169) — **5 pages** — ORDER ON EMERGENCY MOTION FOR MEDICAL PRESERVATION, INTERIM MAKE-WHOLE RELIEF, JUDICIAL FINDINGS MISREPRESENTATION/IMPOSSIBILITY, CONDITIONAL SANCTIONS, AND THIRD-PARTY SUBPOENA AUTHORITY (QLE RECORDS) PROPOSED ORDER
- **01/14/2026** (Entry 180) — **11 pages** — MOTION TO ABATE TRIAL, ENFORCE DISCOVERY ORDERS AND HEALTHCARE REINSTATEMENT

## 6. Discovery obstruction / compel / subpoena requests

### 2025

- **06/27/2025** (Entry 67) — **4 pages** — MOTION TO PRESERVE DISCOVERY RIGHTS AND COMPEL DISCOVERY RESPONSES MOTION TO PRESERVE DISCOVERY RIGHTS AND COMPELL DISCOVERY RESPONSES

- **06/27/2025** (Entry 69) — **5 pages** — OBJECT IN MATERIAL DISCOVERY NOTICE OF MATERIAL DISCOVERY NOTICE OF MATERIAL DISCOVERY
- **07/10/2025** (Entry 72) — **1 page** — ORDER ON MOTION TO COMPELL DISCOVERY AND REQUEST FOR SANCTIONS PROPOSED ORDER/JUDGMENT
- **07/10/2025** (Entry 73) — **1 page** — ORDER TO REOPEN A LIMITED DISCOVERY DUE TO PROCEDURAL MISCONDUCT AND OBSTRUCTION PROPOSED ORDER/JUDGMENT
- **07/10/2025** (Entry 72) — **1 page** — ORDER ON MOTION TO COMPELL DISCOVERY AND REQUEST FOR SANCTIONS PROPOSED ORDER/JUDGMENT
- **07/10/2025** (Entry 73) — **1 page** — ORDER ON MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS PROPOSED ORDER/JUDGMENT
- **07/10/2025** (Entry 75) — **2 pages** — ORDER TO PREVENT ANY FURTHER OBSTRUCTION AND TO COMPEL ACCESS TO HSA CARD/ FUNDS PROPOSED ORDER/JUDGMENT
- **08/06/2025** (Entry 104) — **7 pages** — EMERGENCY MOTION TO ABATE TRIAL SETTING AND WITHHOLD FINAL ORDERS PENDING RESOLUTION OF OUTSTANDING MOTIONS, PROCEDURAL VIOLATIONS, AND DISCOVERY COLLAPSE
- **08/07/2025** (Entry 105) — **11 pages** — JUDICIAL NOTICE OF UNRULED MOTIONS REQUIRING DETERMINATION PRIOR TO ANY PRETRIAL HEARING, TRIAL, OR FINAL JUDICIAL NOTICE OF UNRULED MOTIONS
- **08/08/2025** (Entry 106) — **4 pages** — NOTICE OF PROCEDURAL BAR TO PRETRIAL OR TRIAL SETTING AND PRESERVATION OF OBJECTION
- **08/08/2025** (Entry 108) — **2 pages** — EXHIBITS
- **12/19/2025** (Entry 140) — **4 pages** — NOTICE REGARDING OF HEALTH COVERAGE, QUALIFYING LIFE EVENT AND REQUEST FOR LEAVE TO ISSUE SUBPOENA TO EMPLYER HR NOTICE REGARDING OF HEALTH COVERAGE, QUALIFYING LIFE EVENT AND REQUEST FOR LEAVE TO ISSUE SUBPOENA
- **12/23/2025** (Entry 149) — **2 pages** — ORDER GRANTING LEAVE TO SERVE SUBPOENAS PROPOSED ORDER GRANTING LEAVE TO SERVE SUBPOENAS
- **12/23/2025** (Entry 150) — **3 pages** — TO ISSUE SUBPOENA REGARDING LEASE BUYOUT AND ASSOCIATED PAYMENTS MOTION - LEAVE
- **12/29/2025** (Entry 152) — **13 pages** — SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL (REQUEST FOR CUSTODIAN CONTINUITY RECORDS / SUBPOENA LEAVE) SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL

## 2026

- **01/12/2026** (Entry 169) — **5 pages** — ORDER ON EMERGENCY MOTION FOR MEDICAL PRESERVATION, INTERIM MAKE-WHOLE RELIEF, JUDICIAL FINDINGS MISREPRESENTATION/IMPOSSIBILITY,

CONDITIONAL SANCTIONS, AND THIRD-PARTY SUBPOENA AUTHORITY (QLE RECORDS) PROPOSED ORDER

- **01/14/2026** (Entry 180) — **11 pages** — MOTION TO ABATE TRIAL, ENFORCE DISCOVERY ORDERS AND HEALTHCARE REINSTATEMENT

- **01/26/2026** (Entry 185) — **5 pages** — NOTICE OF PRESERVATION OF WITNESSES, & LARGE DISCOVERY PRODUCTION IN FINAL HOUR NOTICE OF PRESERVATION OF WITNESSES, & LARGE DISCOVERY PRODUCTION IN FINAL HOUR

## 7. Due process / record preservation / ex parte concerns / court reporter / verbatim record

### 2025

- **04/24/2025** (Entry 56) — **1 page** — MOTION FOR NOTICE PRIOR TO ANY DISMISSAL PROPOSED ORDER ON MOTION FOR NOTICE PRIOR TO ANY DISMISSAL

- **04/24/2025** (Entry 60) — **3 pages** — MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS

- **04/24/2025** (Entry 57) — **4 pages** — MOTION FOR NOTICE PRIOR TO ANY DISMISSAL NOTICE PRIOR TO ANY DISMISSAL

- **04/24/2025** (Entry 58) — **1 page** — ORDER ON MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS PROPOSED ORDER ON MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS

- **04/24/2025** (Entry 59) — **1 page** — MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS PROPOSED ORDER ON MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS

- **06/27/2025** (Entry 68) — **4 pages** — NOTICE OF OBJECTION TO PROCEDURAL REENTRY AND MOTION FILING BY RESPONDENT'S COUNSEL

- **07/10/2025** (Entry 70) — **1 page** — FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP – ESERVED COPY OF ORDER DENYING JASON MCKEMIE'S RELIEF

- **07/10/2025** (Entry 71) — **2 pages** — FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP – ESERVE COVER LETTER (ORDER DENYING JASON MCKEMIE'S RELIEF)

- **07/10/2025** (Entry 73) — **1 page** — ORDER TO REOPEN A LIMITED DISCOVERY DUE TO PROCEDURAL MISCONDUCT AND OBSTRUCTION PROPOSED ORDER/JUDGMENT

- **07/10/2025** (Entry 80) — **149 pages** — FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP – EVIDENCE AND EXHIBITS

- **07/24/2025** (Entry 91) — **8 pages** — RESPONDENT VERIFIED M/RECUSE

- **07/24/2025** (Entry 100) — **11 pages** — EMERGENCY MOTION FOR IMMEDIATE RELIEF, OBJECTION TO TRIAL, AND REQUEST FOR ACKNOWLEDGEMENT

- **08/06/2025** (Entry 104) — **7 pages** — EMERGENCY MOTION TO ABATE TRIAL SETTING AND WITHHOLD FINAL ORDERS PENDING RESOLUTION OF OUTSTANDING MOTIONS, PROCEDURAL VIOLATIONS, AND DISCOVERY COLLAPSE

- **08/07/2025** (Entry 105) — **11 pages** — JUDICIAL NOTICE OF UNRULED MOTIONS REQUIRING DETERMINATION PRIOR TO ANY PRETRIAL HEARING, TRIAL, OR FINAL JUDICIAL NOTICE OF UNRULED MOTIONS

- **08/08/2025** (Entry 106) — **4 pages** — NOTICE OF PROCEDURAL BAR TO PRETRIAL OR TRIAL SETTING AND PRESERVATION OF OBJECTION

- **10/29/2025** (Entry 123) — **3 pages** — STANDING REQUEST FOR COURT REPORTER FOR OCTOBER 31, 2025 HEARING AND ALL SUBSEQUENT PROCEEDINGS REQUEST FOR COURT REPORTER FOR HEARING AND ALL SUBSEQUENT PROCEEDINGS

- **10/29/2025** (Entry 121) — **6 pages** — MOTION TO OBTAIN CERTIFIED TRANSCRIPT FOR JANUARY 7, 2025, HEARING AND REQUEST FOR PAYMENT FROM

- **11/04/2025** (Entry 125) — **8 pages** — EMERGENCY OBJECTION TO MOTION TO WITHDRAW AS COUNSEL AND REQUEST FOR EXPEDITED HEARING (INCLUDES

- **11/10/2025** (Entry 130) — **4 pages** — EMERGENCY M/ VACATE SETTING BEFORE ASSOCIATE JUDGE AND RESET ENFORCE EMERGENCY MOTION TO VACATE

- **11/11/2025** (Entry 131) — **2 pages** — ORDER FOR DE NOVO REVIEW AND TRO PROPOSED ORDER/JUDGMENT

- **11/21/2025** (Entry 132) — **2 pages** — ORDER FOR DE NOVO REVIEW AND TRO PROPOSED ORDER/JUDGMENT

- **11/21/2025** (Entry 133) — **6 pages** — MOTION FOR DE NOVO DISTRICT JUDGE REVIEW OF PRIOR RULINGS AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER MOTION - MISCELLANEOUS

- **11/25/2025** (Entry 134) — **6 pages** — NOTICE OF FILING OF SWORN AFFIDAVIT - CORRECTING FALSE RECORDING ALLEGATIONS AND EX PARTE PREJUDICE

**2026**

---

- **01/02/2026** (Entry 154) — **10 pages** — NOTICE REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY AND NON-COMPLIANCE NOTICE

REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY

- **01/05/2026** (Entry 155) — **8 pages** — NOTICE OF PRIOR STANDING REQUEST FOR COURT REPORTER/ OFFICIAL RECORD NOTICE PRIOR COURT REPORTER REQUEST & OBJECTION TO OFF RECORD HEARING
- **01/20/2026** (Entry 183) — **3 pages** — NOTICE OF PRIOR STANDING REQUEST FOR COURT REPORTER/VERBATIM RECORD
- **01/20/2026** (Entry 184) — **34 pages** — RESPONDENT'S NOTICE OF DISCOVERY AND HEALTHCARE COMPLIANCE, REQUEST FOR REMOTE APPEARANCE, REQUEST FOR ACCESS TO PERSONAL PROPERTY, REQUEST FOR CONSOLIDATION & HEARING LIMITS, AND CASE MANAGEMENT CLARIFICATION
- **01/15/2026** (Entry 182) — **4 pages** — RESPONDENT'S MOTION TO ESTABLISH CONDITIONS FOR RE-ENTRY OF COUNSEL AND TO PRESERVE FAIR TRIAL
- **01/20/2026** (Entry 183) — **3 pages** — NOTICE OF PRIOR STANDING REQUEST FOR COURT REPORTER/VERBATIM RECORD
- **01/20/2026** (Entry 184) — **34 pages** — RESPONDENT'S NOTICE OF DISCOVERY AND HEALTHCARE COMPLIANCE, REQUEST FOR REMOTE APPEARANCE, REQUEST FOR ACCESS TO PERSONAL PROPERTY, REQUEST FOR CONSOLIDATION & HEARING LIMITS, AND CASE MANAGEMENT CLARIFICATION
- **01/15/2026** (Entry 182) — **4 pages** — RESPONDENT'S MOTION TO ESTABLISH CONDITIONS FOR RE-ENTRY OF COUNSEL AND TO PRESERVE FAIR TRIAL

## 8. Eviction / housing stability

### 2025

- **06/24/2025** (Entry 66) — **8 pages** — EMERGENCY MOTION FOR TEMPORARY FINANCIAL RELIEF DUE TO IMMINENT HOUSING LOSS, MEDICAL HARDSHIP EMERGENCY M/FINANCIL
- **07/10/2025** (Entry 77) — **1 page** — ORDER GRANTING EMERGENCY MOTION TO STAY EXECUTION OF WRIT OF POSSESSION PROPOSED ORDER/JUDGMENT
- **07/11/2025** (Entry 83) — **66 pages** — REQUEST FOR EMERGENCY HEARING TO PREVENT EVICTION DURING MEDICAL HARDSHIP WITH DECLARATION AND WITNESS STATEMENTS REQUEST FOR ER HEARING TO PREVENT EVICTION DURING MED. HARDSHIP WITH DECLARATION AND STATEMENTS
- **12/23/2025** (Entry 150) — **3 pages** — TO ISSUE SUBPOENA REGARDING LEASE BUYOUT AND ASSOCIATED PAYMENTS MOTION - LEAVE

### 2026

- **01/12/2026** (Entry 176) — **8 pages** — AFFIDAVIT ON PUBLIC STORAGE THEFT ACCUSATIONS AND PETITIONERS ACQUISITION OF WEAPON DURING PROCEEDINGS AFFIDAVIT ON PUBLIC STORAGE THEFT ACCUSATIONS AND PETITIONERS ACQUISITION OF WEAPON DURING PROCEEDIN
- **01/12/2026** (Entry 175) — **7 pages** — EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS
- **01/12/2026** (Entry 174) — **3 pages** — PROPOSED ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS
- **01/12/2026** (Entry 172) — **5 pages** — PROPOSED ORDER ON EMERGENCY MOTION TO TEMPORARILY STAY OR, IN THE ALTERNATIVE, IMPOSE PROTECTIVE CONDITIONS ON COURT-AUTHORIZED PROPERTY RETRIEVAL DUE TO MEDICAL INCAPACITY
- **01/12/2026** (Entry 168) — **3 pages** — ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS EXTEND RENT REGISTRY DEADLINE, AND PRESERVE PROPERTY PROPOSED ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS
- **01/12/2026** (Entry 166) — **4 pages** — AFFIDAVIT ON MANUFACTURED ALLEGATIONS & CONCERN FOR PROPERTY RETRIEVAL / CLEAN OUT AFFIDAVIT - MANUFACTURED ALLEGATIONS

NO. DF-24-18010

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| GWENDOLYN ULIJASZ | § | 302ND JUDICIAL DISTRICT & |
| | § | |
| JASON MCKEMIE | § | DALLAS COUNTY, TEXAS |

# EMERGENCY MOTION TO COMPEL FINANCIAL DISCOVERY

## *CONFIDENTIAL - FILED UNDER SEAL*

**TO THE HONORABLE JUDGE OF THE 302ND DISTRICT COURT:**

Respondent Jason McKemie respectfully files this Emergency Motion to Compel, and shows:

## I. BACKGROUND

Full financial discovery has never occurred in this case. In the prior court (254th District), opposing counsel withdrew on the eve of their discovery deadline while still drafting and filing objections behind the scenes, and Petitioner did not declare herself pro se during that period. This created a service gap that prevented any meaningful discovery before the case transferred to this Court following recusal. The same discovery-avoidance patterns used in the 254th District have now resurfaced here.

At the **September 9 pre-trial conference**, I informed Judge Sandra Jackson that discovery had been materially skipped in the prior court and that the same issues were reappearing here, including counsel withdrawal, shadow filings, and Petitioner refusing to declare herself pro se. Judge Jackson responded that those issues had not occurred in her courtroom and that she expected disclosure to proceed properly in the 302nd.

At that hearing, I requested:

1. subpoena authority,
2. a court-appointed forensic accountant for tracing, and
3. legal fees so I could secure representation after losing counsel during discovery.

Judge Jackson stated she could not grant those requests at that procedural stage. She then directed opposing counsel, **Ethan Scroggins**, to immediately release the missing financial statements. After hesitation, she repeated the directive and he agreed.

Judge Jackson further stated that although she could not grant the relief I requested that day, I **should have a minimum of 90 days with complete, certified financials before trial exhibits were due.** I told her that timeline would materially assist me.

That 90-day window never materialized.

**Following Judge Jackson's directive, I immediately provided opposing counsel with a detailed list of every missing page, missing month, missing account, and continuity failure, along with a full deficiency inventory and demonstratives.** In response, Ethan Scroggins stated he would provide a "substantive response" by October 7, 2025. When his response arrived, it consisted only of a list of Bates numbers from prior productions — simply restating the same GU000001–GU001668 materials I had already audited and identified as incomplete. No new statements, no missing pages, and no corrected financials were provided. The only documents produced after the Court's directive were **two pages**, not two statements, each containing identical transactions but labeled with different months, indicating that one or both were altered. No further documents have been produced. Following this, opposing counsel again withdrew, Petitioner again refused to declare herself, and I still do not have a **single complete account.**

Without institution-origin financial records, I cannot comply with the timeline the Court established for pre-trial preparation.

## II. SUMMARY OF DEFICIENCIES

The deficiencies summarized here are **only examples**, not a complete list. Across every account and every production cycle, I have not received a single complete, consecutive, unaltered monthly statement.

Every account produced contains:

- missing months,
- missing pages,
- mixed-year page inserts,
- unexplained gaps,
- out-of-sequence statements, or
- substituted one-day "snapshot" balance pages.

Less than **20%** of required financial statements exist, and even those are structurally unusable. Petitioner remains responsible for providing complete financial discovery for **all accounts**, not just those listed here.

## III. STRUCTURAL DEFECTS THAT MAKE SUPPLEMENTATION IMPOSSIBLE

- **The credit-card records are functionally unusable.**

  Nine different card numbers route into a single undisclosed Chase source account, making continuity impossible. Entire months are missing, pages are fragmented, and early-cycle payments repeatedly wipe unsettled transactions. On Chase Sapphire x2372 alone, more than **$70,000** in 2024 overpayments artificially inflated balances and masked transfers. As shown in the attached inventory, only the green-coded items are actual monthly statements; the red items are missing, incomplete, or snapshot pages that cannot be used for tracing. No accountant could reconstruct spending, reimbursements, or estate value from this. **Only native institution-origin records will resolve these gaps.**

- **These disclosures were structured, not sloppy.**

  Pages from different years appear inside the same monthly statement. Consecutive pages are removed and replaced with unrelated months. Statements that should download sequentially appear as spliced, mixed-year PDFs. These patterns required planning, time, and coordination; they are not clerical mistakes but deliberate document fragmentation.

- **The GLU Distribution LLC account was withheld for eight months.**

  Petitioner produced nothing but a screenshot of a login-error page while claiming she could not obtain statements. No monthly statements, no historical activity, and no CSV data were produced. Only after multiple deficiency notices did Petitioner supply a single "current balance" page with no historical information. This account cannot be traced without institution-origin statements.

- **Petitioner's projected legal-fee disclosures appear intentionally structured.**

  Her financial-planning documents include a **$260,000–$480,000** projected legal-fee range with no corresponding invoices or billing records. A $220,000 variation cannot be reconciled with counsel's prior claim of two-week billing. These figures appear strategically embedded for fee-shifting or estate-allocation positioning, not reflective of actual expenses.

- **The burden imposed on me shows why supplementation is futile.**

  I have spent days without sleep trying to identify missing pages, missing months, and continuity gaps across more than ten accounts. The issue is not missing documents — **the issue is deliberate structural manipulation.** These records cannot be reconstructed by any pro se litigant, attorney, or forensic accountant without native institution-issued statements.

- **These disclosures were built to prevent tracing and cannot be repaired.**



Copy from re:SearchTX

The effort required to break apart statements, reorder pages, mix years, and substitute one-day snapshots demonstrates intentional, methodical obstruction. No amount of supplementation can cure disclosures engineered to obscure continuity. **Only institution-origin records will allow accurate evaluation of the marital estate.**

## IV. REQUEST FOR RELIEF

I respectfully request that the Court:

1. **Grant this Motion** and recognize that the financial disclosures produced to date are materially incomplete and unusable;
2. **Acknowledge that further supplementation cannot cure the structural defects** documented in this Motion;
3. **Preserve my right to immediately seek third-party subpoenas** for native, institution-issued financial statements and transaction histories;
4. **Set a short deadline** for any remaining documents Petitioner can realistically produce, with the understanding that such production cannot replace institution-origin records; and
5. **Reserve the Court's authority to impose sanctions or other appropriate relief** if Petitioner continues to obstruct discovery or withhold required financial information.

I request any additional relief the Court deems appropriate.

Respectfully submitted,

**Jason McKemie**
539 W. Commerce St., Suite 2010
Dallas, TX 75208
jmckemie@mckemie.net
214-868-4901

**NO. DF-24-18010**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **GWENDOLYN ULIJASZ-MCKEMIE** | § | **302nd JUDICIAL DISTRICT** |
| **&** | § | |
| **JASON MCKEMIE** | § | **DALLAS COUNTY, TEXAS** |

## LETTER TO THE COURT

**To:** **The Honorable Judge Sandra Jackson**
302nd District Court
Dallas County, Texas

**From:** **Jason McKemie**
539 W. Commerce St., #2010
Dallas, TX 75208
jmckemie@mckemie.net

**Date:** October 9th, 2025

**Subject:** Expression of Appreciation Regarding the September 9, 2025, Pre-Trial Conference

**Dear Judge Jackson:**

I wanted to thank you for the way you conducted the pre-trial conference on September 9, 2024. At that time, I was frightened and overwhelmed. After months of filings and hearings, I felt as if I had spent nine months writing motions that no one would ever read, much less rule on. When I spoke too quickly, trying to explain too much, you stayed calm. When I mentioned how many motions I had filed, you said, "That was not in my courtroom." When comments were made over what I was trying to share, you stayed present with me, let me finish, and then said that in your courtroom it is your intention that everyone—especially on their first day—feels heard.

In that instant, I understood what it truly meant to stand before a judge. It was the first time in this process that I felt heard and understood, and I left the courtroom that day with a calm I hadn't felt in months. And on that day, I needed that. Thank you.

It takes effort to stay present and attuned in a courtroom that moves as fast as yours does. That calm focus mattered to me. You have my respect, and I hope others follow your example. If that becomes part of your legacy, it's a meaningful one – its steadiness will certainly stay with those of us who have witnessed it.

With Respect & Gratitude,

Jason McKemie

**Jason Emory McKemie**
Respondent, Pro Se' (*nbc)

(*nbc) = *Not by Choice

PLEASE PROVIDE FULLO ACCOUNT TRACING FOR ALL CREDIT CARD OVERPAYMENTS
THIS IS ONLY A PARTIAL LIST OF SUCH OVERPAYMENTS FOR CHASE SAPPHIRE X2372.
PLEASE PROVIDE FOR ALL CARDS.

EXHIBIT D

Missing Statements

AMMOUNT PAID IN CREDIT CARD OVERPAYMENTS

| | MISSING STATEMENTS | STATEMENT DUE DATE | DATE RANGE INCLUDED | REMARKS | OVERPAYMENTS | | OVERPAYMENTS | | TOTAL OVERPAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| CHASE SAPPHIRE X2372<br>19 STATEMENTS REMAIN MISSING | June 2023 - Jan 2024 | ... | 3/16/23 - 12/16/2023 | Not Received | Feb-24 | [illegible] | Jan-25 | $12,951 | $66,356 |
| | Nov-24 | 11/12/24 | 9/16/24 - 10/15/24 | Pages 3, 5-7 Missing | Mar-24 | $12,7[illegible] | Feb-25 | [illegible] | |
| | Dec-24 | 12/12/24 | 10/16/24 - 11/15/24 | Page 3 Missing | Apr-24 | [illegible] | x2372 Total $66,356 | | |
| | Jan-25 | 01/12/25 | 11/16/24 - 12/15/24 | Page 3 Missing | May-24 | $11,231 | | | |
| | Feb 2025 - Sept 2025 | | 12/16/24 - PRESENT | Not Received | Nov-24 | $[illegible] | | | |

Petitioner has produced thousands of pages of documents, where even a single account is broken up between dozens of files, which have with multiple accounts in that file, much of which are missing crucial pages, with gaps throughout the dates requested (June 2023 – PRESENT / OCT 2025). Despite being consistent reminders, the majority of the documents are unusable as they do not show inflows/outflows into the accounts. Examples: Annual Summaries, running a Report and with only a 1 duration (10/1/25 - 10/2/25) and pretending it's a statement, etc. These only provide snapshot balances, and provide no understading of what has flowed into and out of the account making growth calculation and asset tracing impossible.

OFFICIAL MONTHLY STATEMENTS MARKED IN GREEN. RED – AWAITING STATEMENTS.

EXHIBIT B - PROD COLOR GRID



30 of 69 46 of 110

## P2P PAYMENT SERVICE PROVIDERS

| |
|---|
| **VENMO** |
| PAYPAL |
| APPLEPAY |
| CASHAPP |
| GOOGLEPAY |

## CHECKING ACCOUNTS

| |
|---|
| Chase Checking xx3898 (~9259) |
| Chase Checking xx9259 (~3898) |
| Chase Checking xxREDACTED |
| Chase GLU Checking xx8627 |
| Chase Checking xx9941 |
| Chase Checking xx6893 |
| Chase Checking xx2110 |

## CREDFIT CARDS

| |
|---|
| Chase Sapphire xx2372 |
| Chase Sapphire xx4005 (~7555, ~3444) |
| Chase Sapphire xx7555 (~4005, ~3444) |
| Chase Sapphire xx3444 (~4005, ~7555) |
| Chase Sapphire xx4400 |
| Chase Sapphire xx8801 |
| Chase Sapphire xx7496 (~7396) |
| Chase Sapphire x7396 (~7496) |
| AMEX PLATINUM xx5000 (~6008, ~7006) |
| AMEX PLATINUM xx6008 (~5000, ~7006) |
| AMEX PLATINUM xx7006 (~5000, ~6008) |
| CITI Advantage xx2295 |

9 CARD NUMBERS FOR 1 ACCOUNT

## INVESTMENT AND RETIREMENT ACCOUNTS

| |
|---|
| AIG 401k |
| E*TRADE STOCK / Morgan Stanley at Work / Grant number: A44637 / AUG 16TH, 2024 |
| Empower Cognizant Technology Solutions 401k Savings Plan |
| Vanbguard Value Index Fund / Vanguard Growth Index |
| Accenture 401k |
| Voya - Cognizant 401(k) Retirement Savings Plan |
| E-Trade x8274 |
| E-Trade x5029 |
| E-Trade x6977 |
| E-Trade x6587 |
| E-Trade x201 |
| Cognizant Tecnology 401(k) Savings Plan |
| E-Trade Roth IRA |
| Traditional IRA Account #7 |
| Vanguard IRA |
| Advantigen Biosciences, LLC shares |

**Jason McKemie** **Wednesday, December 3, 2025 at 1:51:20 AM Central Standard Time**

---

| | |
|---|---|
| **Subject:** | Discovery |
| **Date:** | Friday, October 10, 2025 at 1:33:20 PM Central Daylight Time |
| **From:** | Ethan Scroggins <escroggins@sullivancook.com> |
| **To:** | Jason McKemie <jmckemie@mckemie.net>, Jason McKemie <mckemie76@gmail.com> |
| **CC:** | Will Cook <wcook@sullivancook.com>, Chandler Att <calt@sullivancook.com> |
| **Attachments:** | 2025-10-09 Exhibit A - Discovery Log.xlsx, Dec 2024 Page 3.pdf, Nov 2024 Page 3.pdf |

Mr. McKemie,

Your "exhibits" to your requests for information appear to be based only on the 2024-02-24 production and the issues are addressed in the subsequent production from 2025-06-23. We do not have to explain every item or statement to you. We have produced what you requested. That said, still see the below regarding some of the discovery:

- Statements for Chase x7369 –See GU001599, GU001639 for the first pages of previous statements (different account number transfer) that show the previous account balance transferring over
- Chase x2372 – See GU001648 for Jan 2025 3rd page
- VEIP statements – See GU000615-648 and GU000492-521.
- AIG 401(k) - See GU000595-614. These statements show all transactions and complete information regarding deposits, withdrawals, etc. Also show loan repayments.
- Chase x3898 – See "Statements" GU001598-1650
- Chase x2372 – See "Statements" GU001598-1650
  - Nov 2024 page 3 attached
  - Dec 2024 page 3 attached

Sincerely,

**ETHAN SCROGGINS**
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd. Suite 1300*
*Irving, TX 75039*
*(214) 520 7494*
escroggins@sullivancook.com

The following four pages includes everything produced by opposing counsel since receiving Judge Sandra Jackson's directive to releasee the missing financials. Please note that the first two pages are the same document, simply titled Nov for one and Dec for the other. And the third document is simply a list of all the documents submitted in prior discovery releases, which I spent a significant amount of time itemizing all of the deficiencies only to wait 2 months to receive the list again with no response for all the deficiencies.

## ACCOUNT ACTIVITY (CONTINUED)

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 10/25 | WWW.WAGGINWATER.COM WWW.WAGG'NWAT IL | 69.00 |
| 10/25 | EATZI'S - OAK LAWN DALLAS TX | 166.19 |
| 10/26 | NOHEMY TEAROOM DALLAS TX | 15.78 |
| 10/25 | TM *LANE 800-653-8000 CA | 105.70 |
| 10/26 | 7-ELEVEN 32924 DALLAS TX | 11.78 |
| 10/26 | 7 ELEVEN 32924 DALLAS TX | 39 95 |
| 10/25 | & SLING.COM 888-363-1777 CO | 79.01 |
| 10/26 | FORESTWOOD ANTIQUE MALL DALLAS TX | 150 47 |
| 10/27 | & KASA YOGA DALLAS 972-7465991 TX | 280.00 |
| 10/28 | VZWRLSS*APOCC VISN 800-922-0204 FL | 321.60 |
| 10/28 | 7-ELEVEN 50711 HTTPSWWW 7ELE TX | 40.00 |
| 10/29 | CELEBRATION RESTAURANT D DALLAS TX | 65.21 |
| 10/30 | SQ *BEYOND THE DOOR AND M gosq.com TX | 571.07 |
| 10/29 | CVS/PHARMACY #07742 800-746-7287 TX | 101.25 |
| 10/30 | Prime Video Channels amzn.com/bill WA | 14.06 |
| 10/28 | TOM THUMB #2990 DALLAS TX | 109.82 |
| 10/29 | KROGER #0528 DALLAS TX | 36 27 |
| 10/29 | CVS/PHARMACY #07742 DALLAS TX | 6 81 |
| 10/29 | BRK PARKING DALLAS TX | 5.00 |
| 10/29 | APPLE.COM/BILL 866-712-7753 CA | 64 94 |
| 10/29 | & KASA YOGA DALLAS 972-7465991 TX | 220.00 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 1.07 |
| 10/30 | TARGET.COM WWW.TARGET.CO MN | 14.06 |
| 10/30 | APPLE.COM/BILL 800-275-2273 CA | 3.24 |
| 10/29 | TOM THUMB #2990 DALLAS TX | 4 39 |
| 10/30 | APPLE.COM/BILL 866-712-7753 CA | 21.65 |
| 10/29 | CVSExtraCare [illegible] | 5.00 |
| 10/30 | TARGET 00008755 DALLAS TX | [illegible] |
| 10/30 | NORDSTROM DIRECT [illegible] | [illegible] |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 3.24 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 7.57 |
| 10/30 | RACETRAC569 00005694 DALLAS TX | 43.63 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 6.48 |
| 10/30 | RACETRAC569 00005694 DALLAS TX | 54.11 |
| 10/31 | ALTO PHARMACY HTTPSALTO.COM CA | [illegible] |
| 10/30 | PARKPLACE DAL 17 HHND DALLAS TX | 10.00 |
| 11/01 | Idolize Brows and Bea Dallas TX | 47.50 |
| 11/01 | APPLE.COM/BILL 800-275-2273 CA | 19 47 |
| 11/01 | 7-ELEVEN 37329 DALLAS TX | [illegible] |
| 11/02 | KROGER #0528 DALLAS TX | 27 09 |
| 11/01 | SERVICE FEE 888-658-5465 TN | 148.14 |
| 11/02 | APPLE.COM/BILL 866-712-7753 CA | 42 20 |
| 11/01 | US TREAS TAX PYMT 888-658-5465 TN | 7,922.00 |
| 11/02 | UPS*1Z568YT[illegible] CA | 13.09 |
| 11/02 | UBER *ONE HELP.UBER.COM CA | 9.99 |
| 11/02 | NORDSTROM #0738 DALLAS TX | 204 01 |
| 11/02 | USPS KIOSK 4822229553 DALLAS TX | 21 05 |
| 11/02 | NFG*EZEKIEL TAYLOR SCH 868-284-7978 DC | 257.50 |
| 11/01 | HOLLYWOOD STAR NAILS & S UNIVERSITY PA TX | 63.25 |
| 11/01 | EATZI'S LOVERS DALLAS TX | 127.81 |
| 11/02 | RAISING CANES 0295 DALLAS TX | 21 20 |
| 11/02 | KASA YOGA DALLAS DALLAS TX | 75.00 |
| 11/03 | APPLE.COM/BILL 866-712-7753 CA | 40.00 |
| 11/03 | NORDSTROM DIRECT #0808 800-285-5800 IA | 138.56 |
| 11/02 | TLF*SURROUNDINGS EVENTS A 608-8457889 WI | 229.99 |
| 11/03 | WHATABURGER 176 Q26 DALLAS TX | 19 23 |
| 11/05 | CHILDREN INTERNATIONAL HTTPSWWW.CHIL MO | 87.00 |
| 11/05 | APPLE.COM/BILL 866-712-7753 CA | 27.03 |
| 11/05 | APPLE.COM/BILL 866-712-7753 CA | 2.39 |
| 11/06 | SP EMPORIUM PIES HTTPSWWW.EMPO TX | 140.00 |
| 11/07 | APPLE.COM/BILL 866-712-7753 CA | 31.36 |
| 11/08 | APPLE.COM/BILL 866-712-7753 CA | 3.65 |
| 11/07 | STUBHUB INC. 866-788-2482 CA | 415.00 |
| 11/06 | PARKWHIZ INC. 888-472-7594 IL | 40.60 |
| 11/06 | TEXAS BB CONCESSIONS ARLINGTON TX | 15.55 |
| 11/08 | APPLE.COM/BILL 866-712-7753 CA | 29.99 |
| 11/09 | APPLE.COM/BILL 866-712-7753 CA | 6.4[illegible] |

GU004970 33 of 69 49 of 110

# ACCOUNT ACTIVITY (CONTINUED)

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 10/25 | WWW.WAGGINWATER.COM WWW.WAGG NWAT IL | 69.00 |
| 10/25 | EATZI'S - OAK LAWN DALLAS TX | 166.19 |
| 10/26 | NOHEMY TEAROOM DALLAS TX | 16.78 |
| 10/25 | TM *LANE 800-653-8000 CA | 105.70 |
| 10/26 | 7-ELEVEN 32924 DALLAS TX | 11.78 |
| 10/26 | 7 ELEVEN 32924 DALLAS TX | 39.95 |
| 10/25 | & SLING.COM 888-363-1777 CO | 79.01 |
| 10/26 | FORESTWOOD ANTIQUE MALL DALLAS TX | 150.47 |
| 10/27 | & KASA YOGA DALLAS 972-7465991 TX | 280.00 |
| 10/28 | VZWRLSS*APOCC VISN 800-922-0204 FL | 321.60 |
| 10/28 | 7-ELEVEN 50711 HTTPSWWW 7ELE TX | 40.00 |
| 10/29 | CELEBRATION RESTAURANT D DALLAS TX | 65.21 |
| 10/30 | SQ *BEYOND THE DOOR AND M gosq.com TX | 571.07 |
| 10/29 | CVS/PHARMACY #07742 800-746-7287 TX | 101.25 |
| 10/30 | Prime Video Channels amzn.com/b WA | 14.06 |
| 10/28 | TOM THUMB #2990 DALLAS TX | 109.82 |
| 10/29 | KROGER #0528 DALLAS TX | 36.27 |
| 10/29 | CVS/PHARMACY #07742 DALLAS TX | 6.81 |
| 10/29 | BRK PARKING DALLAS TX | [illegible] |
| 10/29 | APPLE.COM/BILL 866-712-7753 CA | 64.94 |
| 10/29 | & KASA YOGA DALLAS 972-7465991 TX | 270.00 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 1.37 |
| 10/30 | TARGET.COM WWW.TARGET.CO MN | 14.06 |
| 10/30 | APPLE.COM/BILL 800-275-2273 CA | 3.24 |
| 10/29 | TOM THUMB #2990 DALLAS TX | 4.39 |
| 10/30 | APPLE.COM/BILL 866-712-7753 CA | 21.65 |
| 10/29 | CVSExtraCare 800746728 [illegible] RI | [illegible] |
| 10/30 | TARGET 00008755 DALLAS TX | [illegible] |
| 10/30 | NORDSTROM DIRECT #08 [illegible] | 16.18 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 3.24 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 7.57 |
| 10/30 | RACETRAC569 00005694 DALLAS TX | 42.63 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | [illegible] |
| 10/30 | RACETRAC560 00005604 DALLAS TX | 54.11 |
| 10/31 | ALTO PHARMACY HTTPSALTO.COM CA | [illegible] |
| 10/30 | PARKPLACE DAL 17 HRND DALLAS TX | [illegible] |
| 11/01 | Idolize Brows and Bea Dallas TX | 47.50 |
| 11/01 | APPLE.COM/BILL 800-275-2273 CA | 19.47 |
| 11/01 | 7-ELEVEN 37329 DALLAS TX | [illegible] |
| 11/02 | KROGER #0528 DALLAS TX | 27.09 |
| 11/01 | SERVICE FEE 888-658-5465 TN | 148.14 |
| 11/02 | APPLE.COM/BILL 866-712-7753 CA | 42.20 |
| 11/01 | US TREAS TAX PYMT 888-658-5465 TN | 7,927.00 |
| 11/02 | UPS*1Z588YT70391781025 [illegible] GA | 13.09 |
| 11/02 | UBER *ONE HELP.UBER.COM CA | 9.99 |
| 11/02 | NORDSTROM #0738 DALLAS TX | 204.01 |
| 11/02 | USPS KIOSK 4822229553 DALLAS TX | 21.05 |
| 11/02 | NFG*EZEKIEL TAYLOR SCH 888-284-7978 DC | 257.50 |
| 11/01 | HOLLYWOOD STAR NAILS & S UNIVERSITY PA TX | 63.25 |
| 11/01 | EATZI'S LOVERS DALLAS TX | 127.81 |
| 11/02 | RAISING CANES 0295 DALLAS TX | 21.20 |
| 11/02 | KASA YOGA DALLAS DALLAS TX | 75.00 |
| 11/03 | APPLE.COM/BILL 866-712-7753 CA | 40.00 |
| 11/03 | NORDSTROM DIRECT #0808 800-285-5800 IA | 138.56 |
| 11/02 | TLF*SURROUNDINGS EVENTS A 608-8457889 WI | 229.99 |
| 11/03 | WHATABURGER 176 026 DALLAS TX | 19.23 |
| 11/05 | CHILDREN INTERNATIONAL HTTPSWWW CHIL MO | 87.00 |
| 11/05 | APPLE.COM/BILL 866-712-7753 CA | 27.03 |
| 11/05 | APPLE.COM/BILL 866-712-7753 CA | 2.99 |
| 11/06 | SP EMPORIUM PIES HTTPSWWW.EMPO TX | 110.00 |
| 11/07 | APPLE.COM/BILL 866-712-7753 CA | 31.36 |
| 11/06 | APPLE.COM/BILL 866-712-7753 CA | 8.65 |
| 11/07 | STUBHUB INC. 866-788-2482 CA | 215.00 |
| 11/06 | PARKWHIZ INC. 888-472-7594 | 40.60 |
| 11/06 | TEXAS BB CONCESSIONS ARLINGTON TX | 15.55 |
| 11/08 | APPLE.COM/BILL 866-712-7753 CA | 29.99 |
| 11/09 | APPLE.COM/BILL 866-712-7753 CA | 6.4[illegible] |

GU0001270 34 of 69 90 of 110

EXHIBIT A

GWEN'S PRODUCTION

| Description | Start | End | Date Produced | Responsive To RFP |
|---|---|---|---|---|
| 2022-06-22 AdvantiGen Subscription Agreement.pdf | [illegible] | GU000002 | 2.24.25 | 1A |
| 2023-03-19 AdvantiGen Subscription Agreement.pdf | GU000003 | GU000004 | 2.24.25 | 1A |
| 2024 AIG 401(k).pdf | GU000005 | GU000010 | 2.24.25 | 1A |
| 2024 AMEX Platinum x6008 Statements.pdf | [illegible] | GU000021 | 2.24.25 | 1A |
| 2024 Chase Acct x3898 Statements.pdf | GU000022 | GU000075 | 2.24.25 | 1A |
| 2024 Chase Acct x6893 Statements.pdf | GU000076 | GU000105 | 2.24.25 | 1A |
| 2024-07 through 2025-01 Chase Saphire x2372.pdf | GU000106 | GU000126 | 2.24.25 | 1A |
| 2024-12-31 MetLife HSA Summary.pdf | GU000127 | GU000127 | 2.24.25 | 1A |
| 2025 Accenture HSA Election Details.pdf | GU000128 | GU000128 | 2.24.25 | 1A |
| 2025 Accenture Life Insurance Summary.pdf | GU000129 | GU000133 | 2.24.25 | 1A |
| 2025-01-11 Email re Retainer loan terms.pdf | GU000134 | GU000135 | 2.24.25 | 1A |
| 2025-01-31 Accenture 401(k) Summary.pdf | GU000136 | GU000137 | 2.24.25 | 1A |
| 2025-02-01 Accenture Investment Summary.pdf | GU000138 | GU000154 | 2.24.25 | 1A |
| 2025-02-01 Ameriprise IRA & Roth IRA Acct. Summary.pdf | GU000155 | GU000161 | 2.24.25 | 1A |
| 2025-02-14 Email re Berman Law Fees Judgment McNally.pdf | GU000162 | GU000162 | 2.24.25 | 1A |
| 2025-02-16 Accenture Employment Agreement (showing clawback of bonus).pdf | GU000163 | GU000168 | 2.24.25 | 1A |
| 2025-02-16 Overview of Offer from Accenture.pdf | [illegible] | GU00017[illegible] | 2.24.25 | 1A |
| Amex Acct. x1009 Loan Disclosure.pdf | [illegible] | GU000173 | 2.24.25 | 1A |
| Chase GLU Acct. Cannot Access.pdf | GU000174 | GU000174 | 2.24.25 | 1A |
| Chase Visa x4005 Dec 2024.pdf | GU000175 | GU000180 | 2.24.25 | 1A |
| Chase Visa x7396 Dec-Jan 2024.pdf | GU000181 | GU000186 | 2.24.25 | 1A |
| ChaseVisa2024_Spending Report PDF.pdf | GU000187 | GU000218 | 2.24.25 | 1A |
| Hartford ADD policy 25k from Cognizant.pdf | [illegible] | GU000220 | 2.24.25 | 1A |
| Hartford Life Insurance Info (Jason).pdf | GU000221 | GU000223 | 2.24.25 | 1A |
| [illegible] History Bill - Ulgasz.pdf | GU000224 | GU000227 | [illegible] | 1A |
| Jan 2025 USAA 20250104_bank_checking_statement_9941.pdf | GU000228 | GU000229 | [illegible] | 1A |
| Sofi Loan.pdf | [illegible] | GU000230 | [illegible] | 1A |
| April 2024 Chase Visa x2372.pdf | GU000231 | [illegible] | 3.11.25 | 1A |
| August 2024 Chase Visa x2372.pdf | GU000237 | [illegible] | 3.11.25 | 1A |
| February 2024 Chase Visa x2372.pdf | GU000243 | GU000246 | 3.11.25 | 1A |
| January 2024 Chase Visa x2372.pdf | [illegible] | GU000250 | 3.11.25 | 1A |
| July 2024 Chase Visa x2372.pdf | [illegible] | GU000256 | 3.11.25 | 1A |
| June 2024 Chase Visa x2372.pdf | GU000257 | GU000262 | 3.11.25 | 1A |
| March 2024 Chase Visa x2372.pdf | GU000263 | GU000266 | 3.11.25 | 1A |
| May 2024 Chase Visa x2372.pdf | GU000267 | GU000272 | 3.11.25 | 1A |
| all chase accounts except GLU distr - no money market or savings account.pdf | GU000273 | GU000273 | 3.11.25 | 1A |
| citibank_no charges_Redacted.pdf | GU000274 | GU000274 | 3.11.25 | 1A |
| Citicard_no charges membership fee only.pdf | GU000275 | GU000275 | 3.11.25 | 1A |
| wellsfargo auto loan closed 2023.pdf | GU000276 | GU000276 | 3.11.25 | 1A |
| SAPPHIRE CHECKING (...3898) - balance transferred to new checking bc of fraud | GU000277 | GU000279 | 3.11.25 | 1A |
| Chase Sapphire x3898 Account Restricted | GU000280 | GU000280 | 3.11.25 | 1A |
| 2024-01-26 AMEX.pdf | GU000281 | GU000287 | 3.13.25 | 1A |
| 2024-02-23 AMEX.pdf | GU000288 | GU000298 | 3.13.25 | 1A |
| 2024-03-26 AMEX.pdf | GU000299 | GU000305 | 3.13.25 | 1A |
| 2024-04-25 AMEX.pdf | GU000306 | GU000316 | 3.13.25 | 1A |
| 2024-05-26 AMEX.pdf | GU00031[illegible] | GU000326 | 3.13.25 | 1A |
| 2024-06-25 AMEX.pdf | GU000327 | GU000336 | 3.13.25 | 1A |
| 2024-07-26 AMEX.pdf | GU000337 | GU000346 | 3.13.25 | 1A |
| 2024-08-26 AMEX.pdf | GU000347 | GU000354 | 3.13.25 | 1A |
| 2024-09-25 AMEX.pdf | GU000355 | GU000362 | 3.13.25 | 1A |
| 2024-10-25 AMEX.pdf | GU000363 | GU000368 | 3.13.25 | 1A |
| 2024-11-25 AMEX.pdf | GU000369 | GU000376 | 3.13.25 | 1A |
| 2024-12-26 AMEX.pdf | GU000377 | GU000384 | 3.13.25 | 1A |
| 2025-01-26 AMEX.pdf | GU000385 | GU000394 | 3.13.25 | 1A |
| 2025-02-23 AMEX.pdf | GU000395 | GU000402 | 3.13.25 | 1A |
| 2023 Cognizant Incentive Award Plan Final.pdf | GU000403 | GU000436 | 6.23.25 | 3, 12 |
| 2024 Jason Ameriprise.pdf | GU000437 | GU000446 | 6.23.25 | 1, 12 |
| 2024 W2.pdf | GU000447 | GU000447 | 6.23.25 | 2, 12 |
| 2024Cognizant Technology Solutions2024 W-2.pdf | [illegible] | GU000450 | 6.23.25 | 2, 12 |
| Accenture 401(k).pdf | [illegible] | GU000474 | 6.23.25 | 1, 12 |
| Accenture Investment Summary.pdf | GU000475 | GU000491 | 6.23.25 | 1, 3, 9, 12 |
| Accenture Paystubs Final.pdf | GU000492 | GU000521 | 6.23.25 | 2, 12 |
| Advantigen Confirmation.pdf | GU000522 | GU000522 | 6.23.25 | 3, 9, 21 |
| Advantigen Shares Final.pdf | GU000523 | GU000555 | 6.23.25 | 3, 12 |
| Advantigen Subscription Final.pdf | GU000556 | GU000594 | 6.23.25 | 3, 12 |
| AIG 401(k).pdf | GU000595 | GU000614 | 6.23.25 | 1, 12 |
| All 4 VEIP 2025 statements - inception Jan 2025 Final.pdf | GU000615 | GU000648 | 6.23.25 | 1, 3, 12 |
| Ameriprise Statements.pdf | GU000649 | GU000746 | 6.23.25 | 1, 12 |
| Amex.pdf | GU000747 | GU00092[illegible] | 6.23.25 | 12, 15 |
| Chase x3898 Final.pdf | GU000922 | GU000985 | 6.23.25 | 1, 10, 12 |
| Chase x6893 Final.pdf | GU000986 | GU001029 | 6.23.25 | 1, 10, 12 |
| Cognizant 401(k) Empower Statements.pdf | GU001030 | GU001065 | 6.23.25 | 1, 12 |
| Cognizant 401(k) Empower to Voya.pdf | GU001066 | GU001069 | 6.23.25 | 1, 12 |
| Cognizant 401(k) Voya Tax Final.pdf | GU001070 | GU001073 | 6.23.25 | 1, 12 |
| Cognizant 401(k) Voya to Ameriprise.pdf | GU001074 | GU001076 | 6.23.25 | 1, 12 |
| Cognizant 401(k) Voya.pdf | GU001077 | GU001115 | 6.23.25 | 1, 12 |
| Cognizant Paystubs.pdf | GU001116 | GU001150 | 6.23.25 | 2, 12 |
| Cognizant Separation Agreement Final.pdf | GU001151 | GU001158 | 6.23.25 | 9, 12 |
| Etrade Final.pdf | GU001159 | GU001281 | 6.23.25 | 1, 12 |
| E-Trade Final.pdf | GU001282 | GU001303 | 6.23.25 | 1, 10, 12 |
| HSA Final.pdf | GU001304 | GU001318 | 6.23.25 | 1, 10, 12 |
| Jetty Invoice Final.pdf | GU001319 | GU001319 | 6.23.25 | 12 |
| Lease Final.pdf | GU001320 | GU001337 | 6.23.25 | 6, 12 |

They emailed this list of defective discovery docs I spent 24 hours detailing all the deficiencies within

35 of 69

91 of 110

| | | | | |
|---|---|---|---|---|
| My Holdings_All RSUs and Stock w. vesting schedules Final.pdf | [illegible] | [illegible] | [illegible] | 1, 3, 12 |
| New CC Account Paid Off Final.pdf | GU001353 | GU001356 | 6/23/25 | 12 |
| Payment to IRS for 2024 Taxes.pdf | GU001357 | GU001357 | 6/23/25 | [illegible] |
| Pictures of Software and Jason.pdf | GU001358 | GU001595 | 6/23/25 | 12, 13 |
| Promissory Note.pdf | GU001596 | GU001597 | 6/23/25 | 4, 12 |
| Statements.pdf | GU001598 | GU001650 | 6/23/25 | 10, 12, 15 |
| Texts with Sister.pdf | [illegible] | GU001656 | 6/23/25 | 5, 11, 12 |
| Tracking Devices Final.pdf | [illegible] | GU001662 | 6/23/25 | 12 |
| ULUASZ LETTER _Procedure.pdf | [illegible] | [illegible] | [illegible] | 7, 12 |
| Woodman.pdf | [illegible] | [illegible] | [illegible] | 4, 12 |
| Audio Jason | | | 6/23/25 | 12, 13, 14 |
| Advantiven Subs Final.pdf | [illegible] | GU001668 | 6/23/25 | [illegible] |
| Dec 2024 page 3.pdf | [illegible] | GU001669 | 10/9/25 | 1, 10, 12, 15 |
| Nov 2024 page 3.pdf | [illegible] | GU001670 | 10/9/25 | 1, 10, 12, 15 |



Copy from re:SearchTX

**Jason McKemie** **Wednesday, December 3, 2025 at 1:53:10 AM Central Standard Time**

**Subject:** Re: Subject: Court-Ordered Financials — Immediate Production Required
**Date:** Thursday, September 25, 2025 at 2:20:51 PM Central Daylight Time
**From:** Jason McKemie <jmckemie@mckemie.net>
**To:** Ethan Scroggins <escroggins@sullivancook.com>
**CC:** Will Cook <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason McKemie <mckemie76@gmail.com>
**Priority:** High
**Attachments:** Disc Demand_Gwen - Disc List (Master).pdf

Ethan,

I know there' a lot to pull together but can you prioritize these for quick turn around? Would be much appreciated. Thanks.

1. Chase Sapphire Visa x2372

- Nov 2024 - Missing Pages 3, 5-7
- Dec 2024 - Misssing Page 3
- Jan 2025 – Missing Page 3

Loan Amount following statements for separate property calculation:
- Sept 2023
- June 2024

Also, please expedite the statements for Chase Sapphire x7396. The only statement provided was Jan of 2025. The card had a balance of roughly $35k in Dec, so this was not a new card and had been used heavily. Need Statements for June 2023 - Present.

Attached are the line items you requested.

Jason McKemie
214.868.4901

---

**From:** Jason McKemie <jmckemie@mckemie.net>
**Date: Wednesday, September 24, 2025 at 8:13 AM**
**To:** Ethan Scroggins <escroggins@sullivancook.com>

| TYPE | COMPANY / INSTITUTION | IDENTIFIER | Description | Start | COMMENTS |
|---|---|---|---|---|---|
| | | | Tracing For All Cash 'E Withdrawals >$499 | | |
| | | | All transfers | | |
| | | | GLU DISTRIBUTION X8627 Statements | | |
| | | | Tracing for All Overpayments towards Credit Cards | | |
| | | | FULL Statements Released for VENMO (JUNE 2023 - PRESENT) | | |
| | | | Tracing for Daily Account Balances | | |
| | | | Create Contiguous Summary for all Checking Accounts | | |
| | | | COGNIZANT SETTLEMENT | | |
| | | | Divorce Legal Costs | | |
| | | | Other Legal Expenses Paid | | |
| | | | COGNIZANT SETTLEMENT | | |
| | | | Legal Costs for Protective Order, Contempt, Extenstion of Protective Order | | |
| | | | MISSING VEIP SUMMARY | | |
| RETIREMENT | AIG | AIG | 2024 AIG 401(k).pdf | GU000005 | [illegible] |
| RETIREMENT | AMERIPRISE | AMERIP | 2025-02-01 Ameriprise IRA & Roth IRA Acct. Summary.pdf | [illegible] | [illegible] |
| CREDIT | AMERICAN EXPRESS | AMEX LOAN | Amex Acct. x1009 Loan Disclosure.pdf | [illegible] | [illegible] |
| BANK | CHASE | CHASE | 2024 Chase Acct x3898 Statements.pdf | GU000012 | [illegible] |
| CREDIT | CHASE | CHASE 2372 | [illegible] Chase Visa x2372.pdf | [illegible] | [illegible] |
| BANK | CHASE | CHASE 3898 | Chase Sapphire x3898 Account Restricted | [illegible] | [illegible] |
| BANK | CHASE | CHASE 3898 | SAPPHIRE CHECKING (...3898) – balance transferred to new checking bc of fraud | [illegible] | [illegible] |
| CREDIT | CHASE | CHASE 4005 | Chase Visa x4005 Dec 2024.pdf | [illegible] | [illegible] |
| CREDIT | CHASE | CHASE 7396 | Chase Visa x7396 Dec-Jan 2024.pdf | [illegible] | [illegible] |
| BANK | CHASE | REDACTED | Personal Checking | [illegible] | [illegible] |
| CREDIT | CHASE | CHASE SPD RPT | ChaseVisa2024_Spending Report PDF.pdf | GU000187 | [illegible] |
| BANK | CHASE | CHS ACTS | all chase accounts except GLU distr – no money market or savings account.pdf | GU000273 | [illegible] |
| CREDIT | CHASE | CHS SAP | 2024-07 through 2025-01 Chase Sapphire x2372.pdf | GU000106 | [illegible] |
| CREDIT | CITIBANK | CITI | citibank - no charges_Redacted.pdf | GU000274 | [illegible] |
| COMP | COGNIZANT | COG PAY | 2024-09-13 Cognizant Paystub.pdf | GU000279 | [illegible] |
| COMP | GLU DISTRIBUTION | GLU D | Chase GLU Acct. Cannot Access.pdf | GU000174 | [illegible] |
| LEGAL | LEGAL | HSPRD | HSPRD History Bill – Ulpass.pdf | GU000224 | [illegible] |
| LEGAL | LEGAL | LEGAL | 2025-02-14 Email re Sherman Law Fees Judgment McNally.pdf | GU000162 | [illegible] |
| HSA | HSA | METLIFE | 2024-12-31 MetLife HSA Summary.pdf | [illegible] | [illegible] |
| LOANS | LOANS | RETAINER LOANS | 2025-01-11 Email re Retainer loan terms.pdf | [illegible] | [illegible] |
| LOANS | LOANS | SOFI | Sofi Loan.pdf | GU000230 | [illegible] |
| LOANS | AUTO LOAN | WR AUTO | [illegible] | GU000276 | [illegible] |

38 of 69 / 94 of 110

**Cc:** "wcook@sullivancook.com" <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason Mckemie <mckemie76@gmail.com>
**Subject:** Re: Subject: Court-Ordered Financials — Immediate Production Required

Ethan,

This should get you started. Thx.

Please reply with full and complete documentation by Tuesday, Sept 30, 2025.

Jason McKemie

**From:** Ethan Scroggins <escroggins@sullivancook.com>
**Date:** Tuesday, September 23, 2025 at 3:12 PM
**To:** Jason McKemie <jmckemie@mckemie.net>
**Cc:** "wcook@sullivancook.com" <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason Mckemie <mckemie76@gmail.com>
**Subject:** RE: Subject: Court-Ordered Financials — Immediate Production Required

Mr. McKemie,

The Court directed and made sure that production would be made in response to legitimate and reasonable requests for production made under proper procedure. You already asked for these documents, and we have already produced documents bates labeled GU000001 – GU001668 in response. The manner at which we have produced documents follows the rules.

If you have identified specific instances of missing pages in statements, provide those specific instances. You cannot just state that the entire production is incomplete while ignoring what we have produced.

I will not address the arguments you are making about community property and separate property in this email. That is a matter for the Court and an issue for final trial.

Sincerely,

**ETHAN SCROGGINS**
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd, Suite 1300*
*Irving, TX 75039*
*(214) 520-7494*
escroggins@sullivancook.com

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Sunday, September 21, 2025 9:32 PM

**Jason McKemie** **Wednesday, December 3, 2025 at 1:50:47 AM Central Standard Time**

---

**Subject:** RE: Subject: Court-Ordered Financials — Immediate Production Required
**Date:** Tuesday, September 30, 2025 at 5:47:54 PM Central Daylight Time
**From:** Ethan Scroggins <escroggins@sullivancook.com>
**To:** Jason McKemie <jmckemie@mckemie.net>
**CC:** Will Cook <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason McKemie <mckemie76@gmail.com>

Mr. McKemie,

I had an emergency TRO come up today that took up most of my day and an all day mediation yesterday.

Six days is too short a turnaround for the amount of items you identified. We will have a substantive response to you regarding the identified items by end of day October 7, 2025 (one week from now).

Sincerely,

**ETHAN SCROGGINS**
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd, Suite 1300*
*Irving, TX 75039*
*(214) 520-7494*
escroggins@sullivancook.com

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Wednesday, September 24, 2025 8:13 AM
**To:** Ethan Scroggins <escroggins@sullivancook.com>
**Cc:** Will Cook <wcook@sullivancook.com>; Chandler Alt <calt@sullivancook.com>; Kim Jones <kjones@sullivancook.com>; Jason McKemie <mckemie76@gmail.com>
**Subject:** Re: Subject: Court-Ordered Financials — Immediate Production Required
**Importance:** High

Ethan,

This should get you started. Thx.

Please reply with full and complete documentation by Tuesday, Sept 30, 2025.

Jason McKemie

---

**From:** Ethan Scroggins <escroggins@sullivancook.com>
**Date:** Tuesday, September 23, 2025 at 3:12 PM
**To:** Jason McKemie <jmckemie@mckemie.net>
**Cc:** "wcook@sullivancook.com" <wcook@sullivancook.com>, Chandler Alt

<calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason Mckemie <mckemie76@gmail.com>
**Subject:** RE: Subject: Court-Ordered Financials — Immediate Production Required

Mr. McKemie,

The Court directed and made sure that production would be made in response to legitimate and reasonable requests for production made under proper procedure. You already asked for these documents, and we have already produced documents bates labeled GU000001 – GU001668 in response. The manner at which we have produced documents follows the rules.

If you have identified specific instances of missing pages in statements, provide those specific instances. You cannot just state that the entire production is incomplete while ignoring what we have produced.

I will not address the arguments you are making about community property and separate property in this email. That is a matter for the Court and an issue for final trial.

Sincerely,

ETHAN SCROGGINS
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd, Suite 1300*
*Irving, TX 75039*
*(214) 520-7494*
escroggins@sullivancook.com

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Sunday, September 21, 2025 9:32 PM
**To:** Ethan Scroggins <escroggins@sullivancook.com>
**Cc:** Will Cook <wcook@sullivancook.com>; Chandler Alt <calt@sullivancook.com>; Kim Jones <kjones@sullivancook.com>; Jeff Cook <jcook@sullivancook.com>; Jason McKemie <jmckemie@mckemie.net>; Jason McKemie <mckemie76@gmail.com>
**Subject:** Subject: Court-Ordered Financials — Immediate Production Required
**Importance:** High

Ethan,

On **September 8**, the Court directed your client to provide **full and complete financials**, and you confirmed on the record that production would be made. Two weeks later, no additional statements have been received. Ten months have now passed without compliance, which has prevented resolution and caused considerable harm; I want to move forward, but cannot until your client complies.

**A. Scope of Required Production (June 2023 – June 2025)**

1. **All accounts.** Bank, credit card, investment, retirement, and brokerage

accounts. No account may be excluded on the ground it is "separate property." If an account is asserted to be separate, your client bears the burden to establish separate character through **complete statements and tracing**.

2. **Monthly statements only.** Produce official, institution-issued **monthly** statements. **No quarterlies, annual summaries, or daily "snapshots"** (e.g., AIG one-day reports). These do not satisfy the Court's directive.
3. **Sequential, gap-free coverage.** Statements must be consecutive and **cover every day** in the period. The closing balance of one statement must equal the opening balance of the next. If an account or card number changed, production must show **continuous coverage from the prior number's last day through the successor's first day**.
4. **Complete documents. All pages** for each statement set. No missing pages.
5. **Format and organization.** Pages must be right-side-up, legible, and searchable (OCR). Each account must be produced as **one consolidated PDF** (labeled by institution, last-4, and month sequence).
6. **Account tracing (renumbered/reissued cards).** Provide a **cross-reference spreadsheet** linking prior and successor numbers and the effective date(s) of change(s).
7. **Supporting pay records.** Produce **complete pay stubs** and **full accountings** for the period.

**B. Third-Party Services and Security Personnel**

1. **Vendors (e.g., Jetty Partners; any security/investigative/contractor services).** Produce **full invoices, proof of funds transfers or canceled checks**, and **service documentation** describing dates, locations, personnel, scope, and findings.
2. **Interrogatory disclosure (witness identification).** Identify by **full legal name, current residential and business addresses, telephone numbers, email addresses, and employer**:
   a. The **three security personnel** who accompanied Respondent at the marital residence on **January 2, 2024**;
   b. **All** individuals who searched Respondent's **new residence**; and
   c. The individual(s) who inspected Respondent's **vehicle** and allegedly discovered a device.

This information is required so that subpoenas may be issued timely for trial.

**C. Loans, Contributions, and Non-community Items**

1. **Loans.** Any loan your client intends to list must be supported by:
   a. **Executed, notarized loan agreement** dated **prior** to issuance; and
   b. **Proof of funds transfer** into your client's account (wire/ACH/canceled check).
1. **Loans incurred after December 16, 2024** are excluded from this production as taken against standing/temporary orders and will not be treated as community obligations.
2. **Concurrent equity contributions.** Ongoing contributions (approximately



Copy from re:SearchTX

**$10,000/month**, **~$130,000/year**) to equity funds initiated **after** entry of the orders are inconsistent with any asserted loan-based "need" and must be fully disclosed in the statements and accountings.

3. **Elective cosmetic procedures.** Elective cosmetic surgery is **not** a community obligation and must be **excluded** from community expense accounting.
4. **GLU Distribution (...8627).** Produce **monthly statements** in the same consolidated, sequential, complete manner as all other accounts.
5. **Reimbursements and allowances.** Provide a **full accounting of all reimbursements/allowances** (including housing/rent reimbursements) and all **business-related expenses** during the period; statements must reflect receipt of reimbursements where claimed.

**D. Production Mechanics (to avoid disputes)**

- **Native data for validation.** In addition to PDFs, produce **native transaction exports** (CSV/Excel) for each account with at least: transaction date, posting date, description/merchant, debit/credit, running balance, instrument/ID, and transfer source/destination.
- **No redactions** other than PII masking to last-4 where legally required.
- **Bates numbering** and clear file naming (Institution_Last4_YYYYMM-YYYYMM.pdf).
- **Privilege log** required for any withheld material, with sufficient detail for evaluation.
- **Custodian certification.** Provide a signed statement (by Respondent and/or the records custodian, as applicable) that production is **complete, consecutive, and gap-free** for the stated period and that the **card/account renumbering mapping is accurate.**

**E. Immediate and Final Deadlines**

- **Immediate:** The **December 2024** statement for the card ending **2372** is incomplete (**page 3 missing**). Provide the complete **four-page** statement within **24 hours**.
- **Final:** All remaining responsive financial records **in the format above** must be produced **no later than Monday, September 29, 2025**. By that date, three weeks will have elapsed since the Court's directive—**a sufficient and reasonable period.**

**F. HSA Access**

Additionally, I demand immediate release of the **HSA card credentials**, which are protected by the standing and temporary orders and which I have requested at least **28 times**. Attached are prior requests and medical documentation reflecting the progression of harm since **May 2025**, including **three emergency-room visits** and a **six-day hospitalization**.

Attached is a letter another letter, this one documenting my diagnosis of Congestive Heart Failure, and reiterating the criticality of access to this card.

____

Timely production is also critical for trial preparation. Trial exhibits must be exchanged 30 days before trial. If full and complete financials are not produced at least 90 days before trial, I

cannot reasonably prepare exhibits or submit materials to a forensic accountant. Any attempt to delay production until exhibits are due will require me to seek a continuance of the trial date.

---

**Non-compliance:** If production is not made **in this format** and **by these deadlines**, I will file notice with the Court and seek appropriate relief, including an order compelling proper production or authorizing subpoenas to custodians of records **at your client's expense**, as well as any other relief the Court deems just.

Please confirm receipt, provide the complete December 2024 Chase x2372 statement within **24 hours, and confirm the September 29 production timing.**

Sincerely,

Jason McKemie
(214) 868-4901
jmckemie@mckemie.net

Ethan,

Thank you for confirming production **GU000001-GU001668**. I'm not "ignoring" what was produced; I'm identifying the **specific defects** that prevent the Court-ordered "full and complete" financials. Please cure the items below or point me to the exact **Bates range** that already satisfies each request. Attached are **Demonstrative Exs. A-1 and A-2** marking missing months/pages; they are **illustrative only** and not a substitute for production.

This should get you started. I will advise if I find any additional documentation missing.

**A. Global completeness (all accounts).** Based on my review of **GU000001-GU001668, no account** includes a full set of **consecutive monthly statements** for the Court-ordered period. The specific items listed below are **illustrative**, not exhaustive. To close the loop for **every account produced to date**:

1. **Consecutive monthlies.** Produce **official monthly statements (all pages)** for **each account** from **June 1, 2023 to present**, so that the **closing balance of one month equals the next month's opening balance**, with **no gaps**.
2. **Native detail.** For each account, also produce the **CSV/Excel transaction export** (transaction date, posting date, description/merchant, debit/credit, running balance, transfer source/destination).
3. **Production map.** Provide a **production map** listing **account → months produced (Bates) → missing months**, for all personal, joint, business, credit, and plan accounts.
4. **If unavailable.** If you contend any monthly statement **cannot be obtained**, identify the **specific month** and provide (a) the institution's written confirmation or portal notice showing unavailability, and (b) the **steps and dates** you took to request it (e.g., branch request number or ticket).
5. **Page completeness.** Where a month has been produced **without all pages**, re-produce the **complete set**. If a provider omits "Page x of y" footers, state the **total page count** for that month so completeness can be verified.

**B. Missing or incomplete statements (monthly required)**

1. **Chase Sapphire Visa x2372**
   - **Nov 2024 - Missing Pages 3, 5-7**
   - **Dec 2024 - Misssing Page 3**
   - **Jan 2025 – Missing Page 3**

Please ensure produced **statements do not have omitted pages of transaction history.**

2. **AIG 401(k)** – Only a **06/22/2024 one-day snapshot** and a **01/01/2025-06/01/2025 roll-up** were produced. These are not monthly statements. Please produce **consecutive monthly statements (all pages)** from **Sept 2023-present** and the **CSV/Excel** export with **date, posting date, description, source code, amount, and running balance**.

3. **GLU Distribution LLC (Chase)** – **Monthly statements June 2023-present** have not been produced. The fee-only report is not a monthly statement. Chase confirms monthly statements are available at any branch with authorization. Please produce **full monthly statements (all pages)** plus **check images, wires/ACH/Zelle**, and a **CSV/Excel** ledger.

**C. Retirement/equity deferrals (VEIP/ESPP) & employer match (Oct 2024-present)**

4. **Payroll elections/changes** – Produce **VEIP/ESPP election/change confirmations** (Nov/Dec 2024) and any HR/benefits emails memorializing effective dates/amounts.

5. **Payroll registers/pay stubs** – Produce the **per-pay registers** showing **VEIP** line items and **tax** withholdings to reconcile any entries labeled "extra tax withholding."

6. **Plan/provider postings** – Provide **plan statements** reflecting each payroll deferral and the associated **employer match/true-up and vesting**, and the **remittance files** (employer→plan) showing **source codes** and dates.

**D. AIG 401(k) loan history (separate vs community; reimbursement)**

7. The plan shows an active loan (orig. **10/11/2019**). Please produce:

   - **Loan principal balance as of Sept 1, 2023**,
   - **Amortization schedule**; and
   - **Each loan payment** posted **Sept 2023-present** (principal/interest).
   - If available, provide the administrator's **"balance as of Sept 1, 2023"** letter.

**E. Production map (to avoid more back-and-forth)**

8. Provide a simple **production map** linking each account to **Bates ranges & months covered**, and identifying missing months.

For example:

| Account | Last-4 | Institution | Months Produced (Bates) | Missing Months | CSV? |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | 2024-11 [illegible] 1; 2024-12 (GU- | 2024-11 [illegible] | [illegible] |
| NO 401(k) | — | [illegible] | [illegible] ]; 2024-06-22 snapshot (GU | 2023-09 present monthlies | No |
| GLULLC DDA | x9627 | Chase | | 2023-06 present | [illegible] |
| Payroll [illegible] | — | [illegible] | | Oct 2024 [illegible] registers | - |

If you contend any item above is already produced, please identify the **Bates range** and **month**.

**Format & timing**

- **Format:** Statements as **OCR PDFs**; payroll/registers & remittances as **CSV/Excel** (or legible PDF if CSV not kept).
- **Cure date:** Please produce the missing pages/monthlies and provide the production map by **close of business (5:00 p.m. CT) Tuesday, Sept 30, 2025**. If you need **one business day**, say so now.
- **If not cured:** I will file a short **motion to compel** seeking (i) a production map, (ii) replacement of snapshots/roll-ups with **true monthlies + CSV**, and (iii) **fees**.

To keep lanes clean: **HSA access** will be addressed by **separate emergency motion and proposed order** (same-day digital provisioning).

**F. Discovery.** As a courtesy for the time required to compile the deficiency inventory, I am extending the response deadline by one business day. **Please provide a full and complete response—either producing the missing materials or citing exact Bates ranges—no later than close of business (5:00 p.m. CT) on Tuesday, September 30, 2025.**

Best,

Jason McKemie
(214) 868-4901



Copy from re:SearchTX

**Attachments:**

- **Demonstrative Ex. A-1** – Missing Monthly Statements by Account/Month (compiled from GU000001-GU001668).
- **Demonstrative Ex. A-2** – Chase Sapphire x2372 – Missing Statements/Pages (compiled from GU000001-GU001668).

*(Demonstratives only; no work-product waiver / no admissions.)*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 109297794
Filing Code Description: Motion - Compel
Filing Description: ENVELOPE #109297794 DOC001
Status as of 12/19/2025 10:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason McKemie | | jmckemie@mckemie.net | 12/19/2025 10:03:55 AM | SENT |
| Gwendolyn Ulijasz McKemie | | GUlijasz@gmail.com | 12/19/2025 10:03:55 AM | SENT |
| JASON EMORYMCKEMIE | | jason@callvital.com | 12/19/2025 10:03:55 AM | SENT |

CAUSE NO. DF 24-18010

IN THE MATTER OF: McKemie

IN THE 302 FAMILY DISTRICT COURT OF DALLAS COUNTY, TEXAS

**ASSOCIATE JUDGE'S REPORT** *(Divorce/SAPCR)*

*Temporary* ______ *Final* ______

Pursuant to an Order of Referral, a hearing in this matter has been held by a duly appointed Associate Judge as authorized by Chapter 201, Texas Family Code. The parties are hereby given notice of the findings and recommendations contained herein and of their right to be heard by a District Judge upon compliance with the terms of Chapter 201, Texas Family Code. A copy of this Report has been given to each party or the party's attorney who appeared at the hearing.

[ ] AGREEMENT [ ] DEFAULT [ ] CONTESTED HEARING ✓ [ ] Reporter/Interpreter Present

APPEARANCES: Husband/Father: ✓ and Attorney:

Wife/Mother: ✓ and Attorney:

Other: and Attorney:

The parties appeared Jan 6, 2026 on Motion to Compel Discovery & requests regarding hsa

The court grants respondents request that financial documents be turned over by Jan. 9, 2026

The hsa card was provided to respondent, Mr. McKemie at the time of the hearing

On January 12, 2026, Mr. McKemie (husband) appeared & present a ex parte relief regarding eviction proceedings, temporary stay & temporary support. Those requests were denied.

Attorney for [ ] Husband/Father [ ] Wife/Mother will reduce this Report to written Order and submit to other side and Court within fourteen (14) days.
[ ] Orders require proof of submission to other attorney OR signature of all [ ] attorneys or [ ] parties for entry.

Jan. 12, 2026
Date

(signature)
Associate Judge

Agreed Agreed Agreed Agreed

PAGE ____ OF ____ [ ] SUBJECT TO PROOF OF SERVICE



Copy from re:SearchTX
Copy from re:SearchTX

# Benefit Summary

Benefit Summary Generated On 02/02/2026 At 12:32:54 CST

## About You

### Your Information

| | |
|---|---|
| **Name** | Jason E McKemie |
| **Address** | 5609 La Foy Blvd<br>Dallas, TX 75209<br>US |
| **Date of Birth** | 04/08/1976 |
| **Gender** | Male |
| **Cell Phone** | 214-868-4901 |

## Election Information

Current

# Current

## My Health

### Medical - Aetna HealthFund HDHP

#### Medical Covered Members

| Members | Covered |
|---|---|
| **Jason E McKemie**<br>Effective Date: 01/01/2026 | Yes |

### Dental - Aetna DMO Plan

#### Dental Covered Members

| Members | Covered |
|---|---|
| **Jason E McKemie**<br>Effective Date: 01/01/2026 | Yes |

### Vision - UnitedHealthcare Vision Plan

#### Vision Covered Members

| Members | Covered |
|---|---|
| **Jason E McKemie**<br>Effective Date: 01/01/2026 | Yes |

Employee Critical Illness - Coverage Waived

Spouse/Domestic Partner Critical Illness - Coverage Waived

Child Critical Illness - Coverage Waived

## My Savings

### Health Savings Account - Health Savings Account

### Health Care Flexible Spending Account - Health Care Flexible Spending Account

Limited Purpose Flex

Dependent Care Flexible Spending Account - Coverage Waived

My Security

Basic Life Insurance - Basic Life Insurance

Basic Accidental Death & Dismemberment (AD&D) Insurance - Basic AD&D Insurance

Optional Life Insurance - Coverage Waived

Optional Accidental Death & Dismemberment (AD&D) Insurance - Coverage Waived

Spouse or Domestic Partner Life AD&D Insurance - Coverage Waived

Dependent Child Life/AD&D - Coverage Waived

Long-Term Disability Insurance - LTD $15,000 Monthly Maximum

Short-Term Disability Insurance - Short-Term Disability

Legal Plan - Legal Plan

Personal Excess Liability - 2. Personal Excess Liability - 2 Million

Dependent Child-Only Life/AD&D - Coverage Waived

This online benefit summary is reflective of benefits information contained within the Businessolver, Inc. database on the date this information is being displayed. This information is not intended to be an all inclusive or exhaustive list of benefit enrollment information. Modifications, deletions, and additions to coverage are not immediately effective upon submission. Please contact the Benefits Center at 888-259-6059 if you have any questions.

Important Note: The insurance carriers make the final determination regarding the payable benefit amount and the designated beneficiaries. The information shared reflects the current enrollment system data, but the ultimate benefit recipient or benefit amount to be paid may change based on plan rules, Evidence of Insurability and approvals, and other factors.

Every effort has been made to report information accurately, but the possibility of error exists. In case of any conflict between your benefits election confirmation and an official plan document, the plan document will be the final authority. Please note, some insurance coverage elections only become effective upon approval of your Evidence of Insurability (EOI) by the carrier.

* -Any personal or dependent information that appears in red font indicates a change that is currently pending approval.



Copy from re:SearchTX

FILED
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

NO. DF-24-18010

NOTICE: DOCUMENT CONTAINS SENSITIVE INFORMATION.

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT THE |
| MARRIAGE OF | § | |
| | § | |
| GWENDOLYN ULIJASZ-MCKEMIE | § | 302nd JUDICIAL DISTRICT |
| & | § | |
| JASON MCKEMIE | § | DALLAS COUNTY, TEXAS |

## MOTION TO OBTAIN CERTIFIED TRANSCRIPT OF JANUARY 7, 2025, HEARING AND REQUEST FOR PAYMENT FROM COMMUNITY FUNDS UNDER PETITIONER'S CONTROL

I, **Jason McKemie**, Respondent, appearing **pro se**, respectfully request authorization for a certified transcript of the **January 7, 2025 Temporary Restraining Order hearing** held before the Honorable **Judge Kimberly Brown** (then sitting for the 254th District Court).

1. **CERTIFIED TRANSCRIPT REQUIRED.**
   - The hearing included **extensive testimony** on matters still material to this case including financial issues, counsel withdrawal, property interests, prior and pending civil litigation, security and safety matters, third-party statements, alleged criminal conduct, and the timeline and duration of the marriage.
   - To ensure that testimony is not taken out of context or reviewed in incomplete form, a **certified transcript of the entire hearing** is necessary, so all parties and the Court have an accurate and complete record.

2. **Existing Recording.**
   - I possess an unofficial digital recording of approximately **three hours and forty-four minutes** of the hearing; however, it omits the first **ten to fifteen minutes** of proceedings.
   - A **complete, court-certified transcript** is required so that the record used for trial preparation is full and accurate and ensures a **fair, just, and equitable resolution** of these proceedings.

3. **Preparation Authority.**
   - The hearing was recorded digitally rather than by a court reporter.
   - I request that the **Clerk of the 254th District Court**, or that court's designated transcription vendor, be authorized to prepare and certify the **complete transcript** of the digital recording and release it to the **302nd District Court** for use in this cause.

4. **Payment of Costs / Reservation of Rights.**



Copy from re:SearchTX
Copy from re:SearchTX

- Temporary Orders entered after that hearing assign me responsibility for all expenses of the marital estate, while all community accounts and liquid funds remain solely under **Petitioner Gwendolyn Ulijasz's control**.
- I ask that the Clerk or transcription vendor bill the cost of preparing the certified transcript to be **paid from community funds under Petitioner's exclusive control**, and I reserve my right to reimbursement of my community share of that cost at the final division of the estate.

5. **Access to the Record.**
   - A certified transcript of the January 7, 2025, hearing is fundamental to these proceedings.
   - Both parties and the Court must have equal access to an accurate record to ensure **transparency and due process.**
   - There is no valid reason for either party to oppose its preparation.

6. **Request for Prompt Ruling.**
   - Because this motion concerns preservation of the record for trial and requires no additional evidence, I respectfully ask the Court to **rule promptly by submission** and notify both parties by email.
   - Delay would prejudice my ability to prepare for trial.

**WHEREFORE, PREMISES CONSIDERED,**

I respectfully ask the Court to:

1. Authorize the **Clerk of the 254th District Court of Dallas County, Texas**, or that court's designated transcription vendor, to prepare and certify the **complete transcript** of the **January 7, 2025 hearing** before Judge Kimberly Brown and release it to the **302nd District Court** for use in this cause;

2. Direct that the reasonable cost of preparing the transcript be **billed to Petitioner Gwendolyn Ulijasz** and paid from **community funds under her control**;

3. Reserve Respondent's right to reimbursement of his community share of such cost at the final division of the estate; and

4. Grant all other relief to which Respondent may be justly entitled.

---



Copy from re:SearchTX
Copy from re:SearchTX

Respectfully submitted,

**Jason McKemie,** Pro Se Respondent
539 W Commerce St, Suite #2010
Dallas, TX 75208
(214) 868-4901 | jmckemie@mckemie.net



Copy from re:SearchTX
Copy from re:SearchTX

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

NO. DF-24-18010

NOTICE: DOCUMENT CONTAINS SENSITIVE INFORMATION.

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT THE |
| MARRIAGE OF | § | |
| | § | |
| GWENDOLYN ULIJASZ-MCKEMIE | § | 302nd JUDICIAL DISTRICT |
| & | § | |
| JASON MCKEMIE | § | DALLAS COUNTY, TEXAS |

# ORDER AUTHORIZING PREPARATION OF CERTIFIED TRANSCRIPT

*of the January 7, 2025, Hearing w/ Payment from Community Funds*

On this day, the Court considered **Respondent Jason McKemie's Motion to Obtain Certified Transcript of the January 7, 2025, TRO Hearing and Request for Payment from Community Funds under Petitioner's Control.**

After reviewing the motion and the record, the Court finds that good cause exists to grant the requested relief and that a certified transcript of the hearing is necessary to ensure an accurate record for use in these proceedings.

**IT IS THEREFORE ORDERED** that the **Clerk of the 254th District Court of Dallas County, Texas**, or that court's designated transcription vendor, is **authorized to prepare and certify the complete transcript** of the **January 7, 2025 hearing held before the Honorable Judge Kimberly Brown** and to **release the certified transcript to the 302nd District Court** for use in this cause.

**IT IS FURTHER ORDERED** that the **reasonable cost of preparing the certified transcript shall be billed directly to Petitioner, Gwendolyn Ulijasz, and paid from community funds under her control.**

**IT IS FURTHER ORDERED** that Respondent **retains the right** to reimbursement of his community share of such cost at the final division of the estate and to seek equitable reallocation of expenses as appropriate.

All other relief not expressly granted herein is **DENIED.**

SIGNED on this ___ day of __________________, 2025.

______________________________

**JUDGE PRESIDING**
302nd Judicial District Court
Dallas County, Texas



Copy from re:SearchTX
Copy from re:SearchTX

**APPROVED AS TO FORM:**

Jason McKemie

**Jason McKemie,** Pro Se Respondent
539 W Commerce St, Suite #2010
Dallas, TX 75208
(214) 868-4901 | jmckemie@mckemie.net



Copy from re:SearchTX
Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107431776
Filing Code Description: Motion - Miscellaneous
Filing Description: MOTION TO OBTAIN CERTIFIED TRANSCRIPT OF JANUARY 7, 2025, HEARING AND REQUEST FOR PAYMENT FROM COMMUNITY FUNDS UNDER PETITIONER'S CONTROL
Status as of 10/30/2025 11:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ethan Scroggins | | escroggins@sullivancook.com | 10/29/2025 1:08:07 PM | SENT |
| Jason McKemie | | jmckemie@mckemie.net | 10/29/2025 1:08:07 PM | SENT |
| Gwendolyn Ulijasz McKemie | | GUlijasz@gmail.com | 10/29/2025 1:08:07 PM | SENT |
| JASON EMORYMCKEMIE | | jason@callvita .com | 10/29/2025 1:08:07 PM | SENT |



Copy from re:SearchTX
Copy from re:SearchTX

## EXHIBIT LIST (TO BE ATTACHED)

- Exhibit A: Respondent/Movant Pleadings Index by Category (100 filings / 1,110 pages).
- Exhibit B: Motion to Compel with Color Production Grid
- Exhibit D: Credit Card Over Payment
- Exhibit E: Signed Order to Reinstate Healthcare
- Exhibit F: Motion to Compel Docket Sheet
- Exhibit G: Benefits Summary generated February 2, 2026, reflecting multiple coverages waived.
- Exhibit H: Motion to Obtain Certified Transcript of January 7, 2025 Hearing (with proposed order).
- Exhibit I: Motion to Establish Conditions for Re-Entry of Counsel and Preserve Fair Trial.
- Exhibit K: Unified Proposed Order drafted at the Associate Judge's direction following the February 5 compliance hearing (pending).

NO. **DF-24-18010**

**NOTICE: THIS FILING CONTAINS SENSITIVE INFORMATION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **GWENDOLYN LAURA ULIJASZ-MCKEMIE** | § | **302ND JUDICIAL DISTRICT &** |
| | § | |
| **JASON MCKEMIE** | § | **DALLAS COUNTY, TEXAS** |

# PROPOSED UNIFIED ORDER REGARDING (1) MATERIAL DEVELOPMENTS, (2) THIRD-PARTY VERIFICATION, (3) HEALTHCARE + HSA/FSA FUNCTIONALITY, (4) INTERIM HSA/FSA MAKE-WHOLE RELIEF, AND (5) PRETRIAL SEQUENCING

On this day, the Court considered Respondent's filings requesting (i) the Court's awareness of material developments affecting healthcare access and enforcement of prior orders, (ii) authorization of limited third-party verification to resolve disputed issues, (iii) safeguards to ensure functional healthcare and HSA/FSA access without disruption, and (iv) pretrial sequencing necessary to ensure the matter proceeds on a complete and accurate record.

The Court enters this Order to **enforce existing orders, preserve due process, prevent ongoing or foreseeable harm, and maintain the status quo pending final adjudication**, and further finds that the procedures and structures set forth herein are **not intended to delay these proceedings**, but to **reduce uncertainty, promote transparency, and ensure reliable compliance.**

The Court finds that by addressing potential sources of harm, clarifying obligations, and relying on **objective, outcome-based verification** rather than repeated motion practice, this Order is intended to **protect the parties from avoidable injury, preserve procedural fairness, and facilitate the most expeditious, orderly, and informed resolution of this case.**

## I. MATTERS REQUIRING IMMEDIATE STRUCTURE AND THIRD-PARTY VERIFICATION

Without adjudicating fault or final relief, the Court notes the following issues require immediate structure and neutral verification:

### A. BANKRUPTCY TRUSTEE INVOLVEMENT / SEQUENCING

Respondent has filed bankruptcy relief and a bankruptcy trustee is now involved. Trustee review necessarily overlaps with disputed financial issues in this case and supports careful sequencing so proceedings are not conducted on an incomplete or conflicting record.

### B. HEALTHCARE ACCESS IS DISPUTED AS "FUNCTIONAL," NOT MERELY "ON PAPER"

The parties present irreconcilable positions regarding whether Respondent has uninterrupted, usable access to medically necessary care, prescriptions, and benefits functionality.



Copy from re:SearchTX

### C. HSA/FSA FUNCTIONALITY REMAINS A CENTRAL, TIME-SENSITIVE DISPUTE

Respondent contends that HSA/FSA access has been repeatedly non-functional and that he does not possess independent, reliable access. Petitioner contends compliance has occurred and any issues are administrative. Because disruption creates immediate, non-substitutable harm, a self-executing safeguard is warranted to prevent repeat disputes and repeat disruption.

### D. THIRD-PARTY INSTITUTIONAL RECORDS ARE REQUIRED

The Court finds these disputes cannot be reliably resolved by party testimony alone and require neutral, third-party verification from the institutions that maintain the source records.

## II. DEFINITIONS

A. **"Healthcare Reinstatement Order"** means the Court's Signed Order on Emergency Reinstatement of Healthcare signed December 17, 2025.

B. **"Functional Access"** means that Respondent can actually obtain medically necessary care and prescriptions using active plan eligibility and benefit functionality, including: medical and pharmacy processing, and usable HSA and/or FSA funds for qualified expenses, without needing cooperation from an adverse party.

C. **"Coverage Preservation Cash-Value Equivalent" (CPCVE)** means the cash-value equivalent of **$20,643.56**, defined as a lump sum in the Court's **December 17, 2025 Order on Emergency Reinstatement of Healthcare**, adopted as a substitute remedy where functional access to healthcare or related benefit functionality fails or cannot be reliably preserved.

## III. SUMMARY OF MATERIAL DISPUTES REQUIRING THIRD-PARTY VERIFICATION

The Court finds the parties present materially irreconcilable positions on issues central to Respondent's health and procedural capacity, including:

A. Healthcare Access and Continuity (medical + pharmacy)

B. HSA and FSA functionality, enrollment, funding, card status, and access control history

C. QLE / eligibility actions affecting dependent coverage status and system audit trails

D. Housing / lease modification, buyout, rent ledgers, and eviction-related records (to the extent implicated by pending motions)

E. Financial disclosure completeness and accuracy (to the extent implicated by pending motions)

F. Bankruptcy-trustee overlap requiring sequencing

## IV. AUTHORIZATION OF LIMITED THIRD-PARTY SUBPOENAS (NEUTRAL VERIFICATION)

Respondent is authorized to issue limited third-party subpoenas (and/or written authorizations where appropriate) narrowly tailored to the disputes above, including subpoenas necessary to trace, verify, or exclude undisclosed payments made directly or indirectly on Petitioner's behalf through banking institutions, peer-to-peer payment platforms, or payment intermediaries.

The Court finds that good cause exists under Texas Rule of Civil Procedure 205.3 to authorize the limited third-party subpoenas described herein. The records sought are relevant, material, proportional, and necessary to obtain independent source-of-truth records that are not reliably obtainable through party production alone, and are required for fair case administration, enforcement of existing orders, and trial preparation.

### A. EMPLOYER / PLAN ADMINISTRATOR / BENEFITS CENTER / VENDORS (SOURCE RECORDS) RECORDS SUFFICIENT TO VERIFY:

1) Dependent eligibility and any QLE submission(s), uploads/attestations, reason codes, effective dates, cure/reinstatement workflow, and system/audit trail reflecting who initiated and approved changes;

2) Pharmacy benefit manager (PBM) eligibility updates and processing dates;

3) HSA and FSA enrollment and funding for 2025 and 2026 plan years;

4) HSA/FSA card issuance, replacement, activation/deactivation, lost/stolen reporting history, credential/access control events, and any relevant call logs/tickets.

### B. FINANCIAL INSTITUTIONS

Complete records necessary to verify disputed disclosures (account statements, transaction history, and account ownership/authority records as applicable).

### C. ORDER GRANTING LEAVE FOR TARGETED THIRD-PARTY SUBPOENAS

This authorization **constitutes leave of court under Rule 205.3** notwithstanding any discovery control plan, scheduling order, or discovery cutoff, and is entered as a targeted exception necessary to ensure record integrity and due process.

### D. LANDLORD, PROPERTY MANAGER, AND ASSOCIATED FINANCIAL INSTITUTIONS

Lease files, modifications, buyouts, rent ledgers, payment history, notices, eviction filings/records, and complete banking and payment records sufficient to verify whether rent or housing-related payments were made directly or indirectly on Petitioner's behalf, including but not limited to:

1) records from any financial institution holding accounts for the landlord or property manager, including Wells Fargo Bank, N.A., reflecting deposits, Zelle transactions, ACH credits, wires, checks, or other payment activity originating from or attributable to Petitioner;

2) records reflecting peer-to-peer or third-party payment processing used to transmit funds for rent or housing obligations, whether labeled as rent or otherwise characterized;

3) records sufficient to confirm the absence or presence of any such payments during the relevant period.

### E. PEER-TO-PEER AND PAYMENT SERVICE PROVIDERS (PETITIONER ACCOUNTS)

Complete account statements, transaction histories, payment logs, metadata, and account linkage records for any peer-to-peer or payment service provider used by Petitioner, including but not limited to Venmo, Zelle, Apple Pay, Cash App, PayPal, or similar platforms, sufficient to verify the source, destination, purpose, and timing of any payments relevant to disputed housing, financial disclosure, or enforcement issues.

## V. HEALTHCARE + HSA/FSA FUNCTIONALITY SAFEGUARD (SELF-EXECUTING)

### A. INDEPENDENT FUNCTIONAL ACCESS REQUIREMENT

Petitioner shall not interfere with, restrict, disable, or obstruct Respondent's access to healthcare, prescriptions, or benefit functionality pending further order of the Court.

### B. OBJECTIVE PROOF OF NON-FUNCTIONALITY (TRIGGER STANDARD)

If Respondent experiences a denial, disruption, or non-functionality of healthcare coverage, prescription access, or HSA and/or FSA functionality, Respondent may file a "Notice of Healthcare or HSA/FSA Non-Functionality" attaching objective proof, including but not limited to:

1) a pharmacy point-of-sale decline, reversal, or inability-to-fill notice;

2) a provider or pharmacy statement reflecting inability to schedule, bill, or dispense due to coverage issues;

3) a vendor or plan status page reflecting inactive, blocked, or non-functional coverage or account status.

### C. 24-HOUR OUTCOME-BASED CURE, RE-ATTEMPT, AND AUTOMATIC DEPOSIT REQUIREMENT

#### 1) RESPONDENT-INITIATED FAILURE AND NOTICE

If Respondent experiences a denial, disruption, or non-functionality of healthcare coverage, prescription access, or HSA/FSA functionality, Respondent may file and serve a **Notice of Healthcare or HSA/FSA Non-Functionality** pursuant to Section B, attaching objective proof of the failed transaction or access attempt.

#### 2) OPPORTUNITY TO CURE (24 HOURS)

Upon service of the Notice, Petitioner shall have **twenty-four (24) hours** to remediate the specific failure identified, such that Respondent can complete the **same transaction** without obstruction or dependence on Petitioner.

3) **RE-ATTEMPT AND CONFIRMATION**

Following the 24-hour cure period, Respondent shall re-attempt the same transaction or access. If the transaction **successfully completes**, no further action is required under this subsection.

4) **AUTOMATIC DEPOSIT UPON SECOND FAILURE**

If the transaction does not successfully complete upon re-attempt after the cure period, Petitioner shall deposit the Coverage Preservation Cash-Value Equivalent ($20,643.56) into the Court Registry **within twenty-four (24) hours of the failed re-attempt** as interim parity relief, consistent with the valuation adopted by the Court in its December 17, 2025 Order, without regard to the present availability or applicability of COBRA.

5) **HEARING AND DISPOSITION OF FUNDS**

Upon deposit, the Court shall set a prompt hearing to determine whether the failure or non-functionality was caused, in whole or in part, by Petitioner's actions or omissions.

- If the Court so finds, the deposited funds shall be released to Respondent **as interim protective and parity relief**, intended solely to preserve access to medically necessary care and benefits pending final adjudication, **and not as compensation for past harm, damages, or injury**.
- If the Court does not so find, the Court shall retain, reallocate, or otherwise dispose of the funds as equity and due process require.
- The deposit obligation under subsection (4) is mandatory and not stayed by any request for hearing, clarification, or reconsideration.
- Any determination made at such hearing shall be limited to the administration of interim relief under this Order and shall not constitute findings for purposes of any separate civil action.

**D. PURPOSE AND RESERVATION**

This structure is entered to prevent repeated disruption of medical access, to eliminate reliance on assurances or administrative delay, and to protect Respondent from ongoing harm. The Court expressly reserves all ultimate determinations regarding fault, reimbursement, offsets, fee shifting, sanctions, or disproportionate division for later adjudication.

Nothing in this Order shall be construed as a finding, adjudication, waiver, release, satisfaction, or limitation of any claim, cause of action, remedy, or right that may exist outside the scope of this proceeding. This Order does not preclude Respondent from seeking additional relief, including

compensatory damages, exemplary damages, sanctions, statutory remedies, or other civil relief, nor does it waive any right to pursue such claims in a court of competent jurisdiction, including any right to a jury trial where applicable.

### E. THIRD-PARTY PRODUCTION DEADLINE

Unless otherwise agreed in writing or ordered by the Court, any third-party custodian served pursuant to this Order shall produce responsive documents and electronically stored information within fourteen (14) days of service. Production may be made electronically via secure link or other reasonable method.

### F. MANDATORY SHARING OF THIRD-PARTY PRODUCTIONS

Any documents, data, statements, exports, logs, notices, or records received by either party from any third-party custodian pursuant to this Order shall be produced to the other party within three (3) business days of receipt, without awaiting further request.

### G. PHASED SERVICE; AVOIDANCE OF DUPLICATION

Respondent may serve subpoenas authorized by this Order in phases. Respondent shall make reasonable efforts to avoid duplicative subpoenas where prior third-party production fully covers the same custodian, accounts, time period, and record categories.

### H. BUSINESS-RECORDS AUTHENTICATION

Respondent may elect to utilize deposition by written questions solely for the purpose of business-records authentication under the Texas Rules of Evidence and Texas Rules of Civil Procedure.

## VI. BANKRUPTCY / PRETRIAL SEQUENCING

Because the bankruptcy trustee's review overlaps with disputed financial issues, and because third-party institutional verification is required, the Court orders the following sequencing:

### A. VERIFIED-RECORD FIRST

The Court will prioritize receipt of third-party records authorized by this Order so that pretrial hearings and/or trial are conducted on an accurate, neutral factual record.

### B. CASE MANAGEMENT CONFERENCE / HEARING STRUCTURE

Upon receipt of third-party productions (or expiration of compliance deadlines), the Court may set a focused pretrial hearing to address:

1) healthcare/HSA/FSA functionality verification and enforcement,

2) disputed disclosure completeness (if applicable),

3) housing/lease verification (if applicable),

4) and the effect of trustee review on sequencing and scope.

## VII. NO ERISA ADJUDICATION / ENFORCEMENT OF EXISTING ORDERS ONLY

Nothing in this Order adjudicates ERISA claims or determines federal rights. The Court enters this Order to enforce its existing temporary orders and to ensure neutral verification of facts directly impacting access to care and the fairness and safety of the proceedings.

## VIII. EFFECTIVE DATE

**This Order is effective immediately upon judicial signature.**

**SO ORDERED.**

SIGNED on FEBRUARY ______, 2026.

______________________________

**JUDGE PRESIDING**
302ND JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 111070477
Filing Code Description: Proposed Order/Judgment
Filing Description: ORDER ON STATUS, VERIFICATION, INTERIM RELIEF, AND PRETRIAL MANAGEMENT
Status as of 2/11/2026 4:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason McKemie | | jmckemie@mckemie.net | 2/10/2026 11:57:36 AM | SENT |
| Gwendolyn Ulijasz McKemie | | GUlijasz@gmail.com | 2/10/2026 11:57:36 AM | SENT |

**Jason McKemie** **Wednesday, December 3, 2025 at 1:51:20 AM Central Standard Time**

---

**Subject:** Discovery
**Date:** Friday, October 10, 2025 at 1:33:20 PM Central Daylight Time
**From:** Ethan Scroggins <escroggins@sullivancook.com>
**To:** Jason McKemie <jmckemie@mckemie.net>, Jason McKemie <mckemie76@gmail.com>
**CC:** Will Cook <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>
**Attachments:** 2025-10-09 Exhibit A - Discovery Log.xlsx, Dec 2024 Page 3.pdf, Nov 2024 Page 3.pdf

Mr. McKemie,

Your “exhibits” to your requests for information appear to be based only on the 2024-02-24 production and the issues are addressed in the subsequent production from 2025-06-23. We do not have to explain every item or statement to you. We have produced what you requested. That said, still see the below regarding some of the discovery:

- Statements for Chase x7369 –See GU001599, GU001639 for the first pages of previous statements (different account number transfer) that show the previous account balance transferring over
- Chase x2372 – See GU001648 for Jan 2025 3rd page
- VEIP statements – See GU000615-648 and GU000492-521.
- AIG 401(k) - See GU000595-614. These statements show all transactions and complete information regarding deposits, withdrawals, etc. Also show loan repayments.
- Chase x3898 – See “Statements” GU001598-1650
- Chase x2372 – See “Statements” GU001598-1650
  - Nov 2024 page 3 attached
  - Dec 2024 page 3 attached

Sincerely,

**ETHAN SCROGGINS**
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd, Suite 1300*
*Irving, TX 75039*
*(214) 520-7494*
escroggins@sullivancook.com

The following four pages includes everything produced by opposing counsel since receiving Judge Sandra Jackson’s directive to releasee the missing financials. Please note that the first two pages are the same document, simply titled Nov for one and Dec for the other. And the third document is simply a list of all the documents submitted in prior discovery releases, which I spent a significant amount of time itemizing all of the deficiencies only to wait 2 months to receive the list again with no response for all the deficiencies.

## ACCOUNT ACTIVITY (CONTINUED)

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 10/25 | WWW.WAGGINWATER.COM WWW.WAGGINWAT IL | 69.00 |
| 10/25 | EATZI'S - OAK LAWN DALLAS TX | 166.19 |
| 10/26 | NOHEMY TEAROOM DALLAS TX | 16.78 |
| 10/25 | TM *LANE 800-653-8000 CA | 105.70 |
| 10/26 | 7-ELEVEN 32924 DALLAS TX | 11.78 |
| 10/26 | 7-ELEVEN 32924 DALLAS TX | 39.95 |
| 10/25 | & SLING.COM 888-363-1777 CO | 79.01 |
| 10/26 | FORESTWOOD ANTIQUE MALL DALLAS TX | 150.47 |
| 10/27 | & KASA YOGA DALLAS 972-7465991 TX | 280.00 |
| 10/28 | VZWRLSS*APOCC VISN 800-922-0204 FL | 321.60 |
| 10/28 | 7-ELEVEN 50711 HTTPSWWW.7ELE TX | 40.00 |
| 10/29 | CELEBRATION RESTAURANT D DALLAS TX | 65.21 |
| 10/30 | SQ *BEYOND THE DOOR AND M gosq.com TX | 571.07 |
| 10/29 | CVS/PHARMACY #07742 800-746-7287 TX | 101.25 |
| 10/30 | Prime Video Channels amzn.com/bill WA | 14.06 |
| 10/28 | TOM THUMB #2990 DALLAS TX | 109.82 |
| 10/29 | KROGER #0528 DALLAS TX | 36.27 |
| 10/29 | CVS/PHARMACY #07742 DALLAS TX | 6.81 |
| 10/29 | BRK PARKING DALLAS TX | 5.00 |
| 10/29 | APPLE.COM/BILL 866-712-7753 CA | 64.94 |
| 10/29 | & KASA YOGA DALLAS 972-7465991 TX | 220.00 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 1.07 |
| 10/30 | TARGET.COM WWW.TARGET.CO MN | 14.06 |
| 10/30 | APPLE.COM/BILL 800-275-2273 CA | 3.24 |
| 10/29 | TOM THUMB #2990 DALLAS TX | 4.99 |
| 10/30 | APPLE.COM/BILL 866-712-7753 CA | 21.65 |
| 10/29 | CVSExtraCare 8007467287RI 800-746-7287 RI | 5.00 |
| 10/30 | TARGET 00008755 DALLAS TX | 13.78 |
| 10/30 | NORDSTROM DIRECT #0808 800-285-5800 IA | 16.18 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 3.24 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 7.57 |
| 10/30 | RACETRAC569 00005694 DALLAS TX | 49.63 |
| 10/31 | APPLE.COM/BILL 866-712-7753 CA | 6.48 |
| 10/30 | RACETRAC569 00005694 DALLAS TX | 54.11 |
| 10/31 | ALTO PHARMACY HTTPSALTO.COM CA | 107.78 |
| 10/30 | PARKPLACE DAL 17 HHND DALLAS TX | 10.00 |
| 11/01 | Idolize Brows and Bea Dallas TX | 47.50 |
| 11/01 | APPLE.COM/BILL 800-275-2273 CA | 19.47 |
| 11/01 | 7-ELEVEN 37329 DALLAS TX | 18.71 |
| 11/02 | KROGER #0528 DALLAS TX | 27.09 |
| 11/01 | SERVICE FEE 888-658-5465 TN | 148.14 |
| 11/02 | APPLE.COM/BILL 866-712-7753 CA | 42.20 |
| 11/01 | US TREAS TAX PYMT 888-658-5465 TN | 7,922.00 |
| 11/02 | UPS*1Z588YT70391781825 800-811-1648 GA | 13.09 |
| 11/02 | UBER *ONE HELP.UBER.COM CA | 9.99 |
| 11/02 | NORDSTROM #0738 DALLAS TX | 204.01 |
| 11/02 | USPS KIOSK 4822229553 DALLAS TX | 21.05 |
| 11/02 | NFG*EZEKIEL TAYLOR SCH 888-284-7978 DC | 257.50 |
| 11/01 | HOLLYWOOD STAR NAILS & S UNIVERSITY PA TX | 63.25 |
| 11/01 | EATZI'S - LOVERS DALLAS TX | 127.81 |
| 11/02 | RAISING CANES 0295 DALLAS TX | 21.20 |
| 11/02 | KASA YOGA DALLAS DALLAS TX | 75.00 |
| 11/03 | APPLE.COM/BILL 866-712-7753 CA | 40.00 |
| 11/03 | NORDSTROM DIRECT #0808 800-285-5800 IA | 138.56 |
| 11/02 | TLF*SURROUNDINGS EVENTS A 608-8457888 WI | 229.99 |
| 11/03 | WHATABURGER 176 Q26 DALLAS TX | 19.23 |
| 11/05 | CHILDREN INTERNATIONAL HTTPSWWW.CHIL MO | 87.00 |
| 11/05 | APPLE.COM/BILL 866-712-7753 CA | 27.03 |
| 11/05 | APPLE.COM/BILL 866-712-7753 CA | 2.99 |
| 11/06 | SP EMPORIUM PIES HTTPSWWW.EMPO TX | 110.00 |
| 11/07 | APPLE.COM/BILL 866-712-7753 CA | 31.36 |
| 11/06 | APPLE.COM/BILL 866-712-7753 CA | 8.65 |
| 11/07 | STUBHUB, INC. 866-788-2482 CA | 215.00 |
| 11/06 | PARKWHIZ, INC. 888-472-7594 IL | 40.60 |
| 11/06 | TEXAS BB CONCESSIONS ARLINGTON TX | 15.55 |
| 11/08 | APPLE.COM/BILL 866-712-7753 CA | 29.99 |
| 11/09 | APPLE.COM/BILL 866-712-7753 CA | 6.4 |

| | | | | |
|---|---|---|---|---|
| My Holdings_All RSUs and Stock w. vesting schedules Final.pdf | GU001338 | GU001352 | 6/23/25 | 1, 3, 12 |
| New CC Account Paid Off Final.pdf | GU001353 | GU001356 | 6/23/25 | 12 |
| Payment to IRS for 2024 Taxes.pdf | GU001357 | GU001357 | 6/23/25 | 12 |
| Pictures of Software and Jason.pdf | GU001358 | GU001595 | 6/23/25 | 12, 13 |
| Promisorry Note.pdf | GU001596 | GU001597 | 6/23/25 | 4, 12 |
| Statements.pdf | GU001598 | GU001650 | 6/23/25 | 1, 10, 12, 15 |
| Texts with Sister.pdf | GU001651 | GU001656 | 6/23/25 | 5, 11, 12 |
| Tracking Devices Final.pdf | GU001657 | GU001662 | 6/23/25 | 12 |
| ULIJASZ LETTER - Procedure.pdf | GU001663 | GU001663 | 6/23/25 | 7, 12 |
| Woodman.pdf | GU001664 | GU001664 | 6/23/25 | 4, 12 |
| Audio Jason | | | 6/23/25 | 12, 13, 14 |
| Advantigen Subs Final.pdf | GU001665 | GU001668 | 6/23/25 | 3, 12 |
| Dec 2024 page 3.pdf | GU001669 | GU001669 | 10/9/25 | 1, 10, 12, 15 |
| Nov 2024 page 3.pdf | GU001670 | GU001670 | 10/9/25 | 1, 10, 12, 15 |



Copy from re:SearchTX

**Jason McKemie** **Wednesday, December 3, 2025 at 1:53:10 AM Central Standard Time**

---

**Subject:** Re: Subject: Court-Ordered Financials — Immediate Production Required
**Date:** Thursday, September 25, 2025 at 2:20:51 PM Central Daylight Time
**From:** Jason McKemie <jmckemie@mckemie.net>
**To:** Ethan Scroggins <escroggins@sullivancook.com>
**CC:** Will Cook <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason McKemie <mckemie76@gmail.com>
**Priority:** High
**Attachments:** Disc Demand_Gwen - Disc List (Master).pdf

Ethan,

I know there' a lot to pull together but can you prioritize these for quick turn around? Would be much appreciated. Thanks.

1. Chase Sapphire Visa x2372
• Nov 2024 - Missing Pages 3, 5-7
• Dec 2024 - Misssing Page 3
• Jan 2025 – Missing Page 3

Loan Amount following statements for separate property calculation:
- Sept 2023
- June 2024

Also, please expedite the statements for Chase Sapphire x7396. The only statement provided was Jan of 2025. The card had a balance of roughly $35k in Dec, so this was not a new card and had been used heavily. Need Statements for June 2023 - Present.

Attached are the line items you requested.

Jason McKemie
214.868.4901

**From:** Jason McKemie <jmckemie@mckemie.net>
**Date:** Wednesday, September 24, 2025 at 8:13 AM
**To:** Ethan Scroggins <escroggins@sullivancook.com>

**Cc:** "wcook@sullivancook.com" <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason Mckemie <mckemie76@gmail.com>
**Subject:** Re: Subject: Court-Ordered Financials — Immediate Production Required

Ethan,

This should get you started. Thx.

Please reply with full and complete documentation by Tuesday, Sept 30, 2025.

Jason McKemie

**From:** Ethan Scroggins <escroggins@sullivancook.com>
**Date:** Tuesday, September 23, 2025 at 3:12 PM
**To:** Jason McKemie <jmckemie@mckemie.net>
**Cc:** "wcook@sullivancook.com" <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason Mckemie <mckemie76@gmail.com>
**Subject:** RE: Subject: Court-Ordered Financials — Immediate Production Required

Mr. McKemie,

The Court directed and made sure that production would be made in response to legitimate and reasonable requests for production made under proper procedure. You already asked for these documents, and we have already produced documents bates labeled GU000001 – GU001668 in response. The manner at which we have produced documents follows the rules.

If you have identified specific instances of missing pages in statements, provide those specific instances. You cannot just state that the entire production is incomplete while ignoring what we have produced.

I will not address the arguments you are making about community property and separate property in this email. That is a matter for the Court and an issue for final trial.

Sincerely,

**ETHAN SCROGGINS**
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd, Suite 1300*
*Irving, TX 75039*
*(214) 520-7494*
escroggins@sullivancook.com

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Sunday, September 21, 2025 9:32 PM

| TYPE | COMPANY / INSTITUTION | IDENTIFIER | Description | Start | COMMENTS |
|---|---|---|---|---|---|
| | | | Tracing for All Cash/E Withdrawals >$499 | | [illegible] |
| | | | All transfers | | [illegible] |
| | | | GLU DISTRIBUTION X8627 Statements | | [illegible] |
| | | | Tracing for All Overpayments towards Credit Cards | | [illegible] |
| | | | FULL Statements Released for VENMO (JUNE 2023 – PRESENT) | | [illegible] |
| | | | Tracing for Daily Account Balances | | [illegible] |
| | | | Create Contiguous Summary for all Checking Accounts | | [illegible] |
| | | | COGNIZANT SETTLEMENT | | [illegible] |
| | | | Divorce Legal Costs | | [illegible] |
| | | | Other Legal Expenses Paid | | |
| | | | COGNIZANT SETTLEMENT | | [illegible] |
| | | | Legal Costs for Protective Order, Contempt, Extenstion of Protective Order | | [illegible] |
| | | | MISSING VEIP SUMMARY | | [illegible] |
| RETIREMENT | AIG | AIG | [illegible] | GU000005 | [illegible] |
| RETIREMENT | AMERIPRISE | AMERIP | 2025-02-01 Ameriprise IRA & Roth IRA Acct. Summary.pdf | GU000155 | [illegible] |
| CREDIT | AMERICAN EXPRESS | AMEX LOAN | Amex Acct. x1009 Loan Disclosure.pdf | GU000172 | [illegible] |
| BANK | CHASE | CHASE | 2024 Chase Acct x3898 Statements.pdf | GU000032 | [illegible] |
| CREDIT | CHASE | CHASE 2372 | August 2024 Chase Visa x2372.pdf | GU000237 | [illegible] |
| BANK | CHASE | CHASE 3898 | Chase Saphire x3898 Account Restricted | GU000280 | [illegible] |
| BANK | CHASE | CHASE 3898 | SAPPHIRE CHECKING (...3898) - balance transferred to new checking b/c of fraud | GU000277 | [illegible] |
| CREDIT | CHASE | CHASE 4005 | Chase Visa x4005 Dec 2024.pdf | GU000175 | [illegible] |
| CREDIT | CHASE | CHASE 7396 | Chase Visa x7396 Dec-Jan 2024.pdf | GU000181 | [illegible] |
| BANK | CHASE | REDACTED | Personal Checking | | [illegible] |
| CREDIT | CHASE | CHASE SPD RPT | ChaseVisa2024 Spending Report PDF.pdf | GU000187 | [illegible] |
| BANK | CHASE | CHS ACTS | all chase accounts except GLU dist - no money market or savings account.pdf | GU000273 | [illegible] |
| CREDIT | CHASE | CHS SAP | 2024-07 through 2025-01 Chase Saphire x2372.pdf | GU000106 | [illegible] |
| CREDIT | CITIBANK | CITI | citibank- no charges_Redacted.pdf | GU000274 | [illegible] |
| COMP | COGNIZANT | COG PAY | 2024-09-13 Cognizant Paystub.pdf | GU000279 | [illegible] |
| COMP | GLU DISTRIBUTION | GLU D | Chase GLU Acct. Cannot Access.pdf | GU000174 | Monthly statements Required |
| LEGAL | LEGAL | HSPRD | [illegible] | GU000224 | Need Full Account[illegible] for All Legal Billing, Marital and [illegible] |
| LEGAL | LEGAL | LEGAL | [illegible] | GU000162 | Need all legal billing accounted for. |
| HSA | HSA | METLIFE | 2024-12-31 MetLife HSA Summary.pdf | GU000127 | [illegible] |
| LOANS | LOANS | RETAINER LOANS | 2025-01-11 Email re Retainer loan terms.pdf | GU000134 | [illegible] |
| LOANS | LOANS | SOFI | [illegible] | GU000230 | Need Current Months Statement |
| LOANS | AUTO LOAN | WR AUTO | wellsfargo auto loan closed 2023.pdf | GU000276 | [illegible] previous car [illegible] |



Copy from re:SearchTX

**Jason McKemie** **Wednesday, December 3, 2025 at 1:50:47 AM Central Standard Time**

---

**Subject:** RE: Subject: Court-Ordered Financials — Immediate Production Required
**Date:** Tuesday, September 30, 2025 at 5:47:54 PM Central Daylight Time
**From:** Ethan Scroggins <escroggins@sullivancook.com>
**To:** Jason McKemie <jmckemie@mckemie.net>
**CC:** Will Cook <wcook@sullivancook.com>, Chandler Alt <calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason McKemie <mckemie76@gmail.com>

Mr. McKemie,

I had an emergency TRO come up today that took up most of my day and an all day mediation yesterday.

Six days is too short a turnaround for the amount of items you identified. We will have a substantive response to you regarding the identified items by end of day October 7, 2025 (one week from now).

Sincerely,

**ETHAN SCROGGINS**
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd, Suite 1300*
*Irving, TX 75039*
*(214) 520-7494*
escroggins@sullivancook.com

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Wednesday, September 24, 2025 8:13 AM
**To:** Ethan Scroggins <escroggins@sullivancook.com>
**Cc:** Will Cook <wcook@sullivancook.com>; Chandler Alt <calt@sullivancook.com>; Kim Jones <kjones@sullivancook.com>; Jason McKemie <mckemie76@gmail.com>
**Subject:** Re: Subject: Court-Ordered Financials — Immediate Production Required
**Importance:** High

Ethan,

This should get you started. Thx.

Please reply with full and complete documentation by Tuesday, Sept 30, 2025.

Jason McKemie

**From:** Ethan Scroggins <escroggins@sullivancook.com>
**Date:** Tuesday, September 23, 2025 at 3:12 PM
**To:** Jason McKemie <jmckemie@mckemie.net>
**Cc:** "wcook@sullivancook.com" <wcook@sullivancook.com>, Chandler Alt



Copy from re:SearchTX

<calt@sullivancook.com>, Kim Jones <kjones@sullivancook.com>, Jason Mckemie <mckemie76@gmail.com>
**Subject:** RE: Subject: Court-Ordered Financials — Immediate Production Required

Mr. McKemie,

The Court directed and made sure that production would be made in response to legitimate and reasonable requests for production made under proper procedure. You already asked for these documents, and we have already produced documents bates labeled GU000001 – GU001668 in response. The manner at which we have produced documents follows the rules.

If you have identified specific instances of missing pages in statements, provide those specific instances. You cannot just state that the entire production is incomplete while ignoring what we have produced.

I will not address the arguments you are making about community property and separate property in this email. That is a matter for the Court and an issue for final trial.

Sincerely,

ETHAN SCROGGINS
Sullivan & Cook LLC

*Attorney*
*600 East Las Colinas Blvd, Suite 1300*
*Irving, TX 75039*
*(214) 520-7494*
escroggins@sullivancook.com

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Sunday, September 21, 2025 9:32 PM
**To:** Ethan Scroggins <escroggins@sullivancook.com>
**Cc:** Will Cook <wcook@sullivancook.com>; Chandler Alt <calt@sullivancook.com>; Kim Jones <kjones@sullivancook.com>; Jeff Cook <jcook@sullivancook.com>; Jason McKemie <jmckemie@mckemie.net>; Jason McKemie <mckemie76@gmail.com>
**Subject:** Subject: Court-Ordered Financials — Immediate Production Required
**Importance:** High

Ethan,

On **September 8**, the Court directed your client to provide **full and complete financials**, and you confirmed on the record that production would be made. Two weeks later, no additional statements have been received. Ten months have now passed without compliance, which has prevented resolution and caused considerable harm; I want to move forward, but cannot until your client complies.

**A. Scope of Required Production (June 2023 – June 2025)**

1. **All accounts.** Bank, credit card, investment, retirement, and brokerage

accounts. No account may be excluded on the ground it is "separate property." If an account is asserted to be separate, your client bears the burden to establish separate character through **complete statements and tracing.**

2. **Monthly statements only.** Produce official, institution-issued **monthly** statements. **No quarterlies, annual summaries, or daily "snapshots"** (e.g., AIG one-day reports). These do not satisfy the Court's directive.
3. **Sequential, gap-free coverage.** Statements must be consecutive and **cover every day** in the period. The closing balance of one statement must equal the opening balance of the next. If an account or card number changed, production must show **continuous coverage from the prior number's last day through the successor's first day.**
4. **Complete documents. All pages** for each statement set. No missing pages.
5. **Format and organization.** Pages must be right-side-up, legible, and searchable (OCR). Each account must be produced as **one consolidated PDF** (labeled by institution, last-4, and month sequence).
6. **Account tracing (renumbered/reissued cards).** Provide a **cross-reference spreadsheet** linking prior and successor numbers and the effective date(s) of change(s).
7. **Supporting pay records.** Produce **complete pay stubs** and **full accountings** for the period.

**B. Third-Party Services and Security Personnel**

1. **Vendors (e.g., Jetty Partners; any security/investigative/contractor services).** Produce **full invoices, proof of funds transfers or canceled checks,** and **service documentation** describing dates, locations, personnel, scope, and findings.
2. **Interrogatory disclosure (witness identification).** Identify by **full legal name, current residential and business addresses, telephone numbers, email addresses, and employer**:
   a. The **three security personnel** who accompanied Respondent at the marital residence on **January 2, 2024**;
   b. **All** individuals who searched Respondent's **new residence**; and
   c. The individual(s) who inspected Respondent's **vehicle** and allegedly discovered a device.

This information is required so that subpoenas may be issued timely for trial.

**C. Loans, Contributions, and Non-community Items**

1. **Loans.** Any loan your client intends to list must be supported by:
   a. **Executed, notarized loan agreement** dated **prior** to issuance; and
   b. **Proof of funds transfer** into your client's account (wire/ACH/canceled check).

1. **Loans incurred after December 16, 2024** are excluded from this production as taken against standing/temporary orders and will not be treated as community obligations.
2. **Concurrent equity contributions.** Ongoing contributions (approximately

**$10,000/month**, **~$130,000/year**) to equity funds initiated **after** entry of the orders are inconsistent with any asserted loan-based "need" and must be fully disclosed in the statements and accountings.

3. **Elective cosmetic procedures.** Elective cosmetic surgery is **not** a community obligation and must be **excluded** from community expense accounting.
4. **GLU Distribution (...8627).** Produce **monthly statements** in the same consolidated, sequential, complete manner as all other accounts.
5. **Reimbursements and allowances.** Provide a **full accounting of all reimbursements/allowances** (including housing/rent reimbursements) and all **business-related expenses** during the period; statements must reflect receipt of reimbursements where claimed.

**D. Production Mechanics (to avoid disputes)**

- **Native data for validation.** In addition to PDFs, produce **native transaction exports** (CSV/Excel) for each account with at least: transaction date, posting date, description/merchant, debit/credit, running balance, instrument/ID, and transfer source/destination.
- **No redactions** other than PII masking to last-4 where legally required.
- **Bates numbering** and clear file naming (Institution_Last4_YYYYMM-YYYYMM.pdf).
- **Privilege log** required for any withheld material, with sufficient detail for evaluation.
- **Custodian certification.** Provide a signed statement (by Respondent and/or the records custodian, as applicable) that production is **complete, consecutive, and gap-free** for the stated period and that the **card/account renumbering mapping is accurate**.

**E. Immediate and Final Deadlines**

- **Immediate:** The **December 2024** statement for the card ending **2372** is incomplete (**page 3 missing**). Provide the complete **four-page** statement within **24 hours**.
- **Final:** All remaining responsive financial records **in the format above** must be produced **no later than Monday, September 29, 2025**. By that date, three weeks will have elapsed since the Court's directive—**a sufficient and reasonable period**.

**F. HSA Access**

Additionally, I demand immediate release of the **HSA card credentials**, which are protected by the standing and temporary orders and which I have requested at least **28 times**. Attached are prior requests and medical documentation reflecting the progression of harm since **May 2025**, including **three emergency-room visits** and a **six-day hospitalization**.

Attached is a letter another letter, this one documenting my diagnosis of Congestive Heart Failure, and reiterating the criticality of access to this card.

———

Timely production is also critical for trial preparation. Trial exhibits must be exchanged 30 days before trial. If full and complete financials are not produced at least 90 days before trial, I

cannot reasonably prepare exhibits or submit materials to a forensic accountant. Any attempt to delay production until exhibits are due will require me to seek a continuance of the trial date.

---

**Non-compliance:** If production is not made **in this format** and **by these deadlines**, I will file notice with the Court and seek appropriate relief, including an order compelling proper production or authorizing subpoenas to custodians of records **at your client's expense**, as well as any other relief the Court deems just.

Please confirm receipt, provide the complete December 2024 Chase x2372 statement **within 24 hours, and confirm the September 29 production timing.**

Sincerely,

Jason McKemie
(214) 868-4901
jmckemie@mckemie.net



Copy from re:SearchTX

Ethan,

Thank you for confirming production **GU000001-GU001668**. I'm not "ignoring" what was produced; I'm identifying the **specific defects** that prevent the Court-ordered "full and complete" financials. Please cure the items below or point me to the exact **Bates range** that already satisfies each request. Attached are **Demonstrative Exs. A-1 and A-2** marking missing months/pages; they are **illustrative only** and not a substitute for production.

This should get you started. I will advise if I find any additional documentation missing.

**A. Global completeness (all accounts).** Based on my review of **GU000001-GU001668**, **no account** includes a full set of **consecutive monthly statements** for the Court-ordered period. The specific items listed below are **illustrative**, not exhaustive. To close the loop for **every account produced to date**:

1. **Consecutive monthlies.** Produce **official monthly statements (all pages)** for **each account** from **June 1, 2023 to present**, so that the **closing balance of one month equals the next month's opening balance**, with **no gaps**.
2. **Native detail.** For each account, also produce the **CSV/Excel transaction export** (transaction date, posting date, description/merchant, debit/credit, running balance, transfer source/destination).
3. **Production map.** Provide a **production map** listing **account → months produced (Bates) → missing months**, for all personal, joint, business, credit, and plan accounts.
4. **If unavailable.** If you contend any monthly statement **cannot be obtained**, identify the **specific month** and provide (a) the institution's written confirmation or portal notice showing unavailability, and (b) the **steps and dates** you took to request it (e.g., branch request number or ticket).
5. **Page completeness.** Where a month has been produced **without all pages**, re-produce the **complete set**. If a provider omits "Page x of y" footers, state the **total page count** for that month so completeness can be verified.

**B. Missing or incomplete statements (monthly required)**

1. **Chase Sapphire Visa x2372**
    - **Nov 2024 - Missing Pages 3, 5-7**
    - **Dec 2024 - Misssing Page 3**
    - **Jan 2025 – Missing Page 3**

Please ensure produced **statements do not have omitted pages of transaction history.**

2. **AIG 401(k)** – Only a **06/22/2024 one-day snapshot** and a **01/01/2025-06/01/2025 roll-up** were produced. These are not monthly statements. Please produce **consecutive monthly statements (all pages)** from **Sept 2023-present** and the **CSV/Excel** export with **date, posting date, description, source code, amount, and running balance**.

3. **GLU Distribution LLC (Chase)** – **Monthly statements June 2023-present** have not been produced. The fee-only report is not a monthly statement. Chase confirms monthly statements are available at any branch with authorization. Please produce **full monthly statements (all pages)** plus **check images**, **wires/ACH/Zelle**, and a **CSV/Excel** ledger.

## C. Retirement/equity deferrals (VEIP/ESPP) & employer match (Oct 2024-present)

4. **Payroll elections/changes** – Produce **VEIP/ESPP election/change confirmations** (Nov/Dec 2024) and any HR/benefits emails memorializing effective dates/amounts.

5. **Payroll registers/pay stubs** – Produce the **per-pay registers** showing **VEIP** line items and **tax** withholdings to reconcile any entries labeled "extra tax withholding."

6. **Plan/provider postings** – Provide **plan statements** reflecting each payroll deferral and the associated **employer match/true-up and vesting**, and the **remittance files** (employer→plan) showing **source codes** and dates.

## D. AIG 401(k) loan history (separate vs community; reimbursement)

7. The plan shows an active loan (orig. **10/11/2019**). Please produce:

- **Loan principal balance as of Sept 1, 2023**,
- **Amortization schedule**; and
- **Each loan payment** posted **Sept 2023-present** (principal/interest).
- If available, provide the administrator's **"balance as of Sept 1, 2023"** letter.

## E. Production map (to avoid more back-and-forth)

8. Provide a simple **production map** linking each account to **Bates ranges & months covered**, and identifying missing months.

For example:

| Account | Last-4 | Institution | Months Produced (Bates) | Missing Months | CSV? |
|---|---|---|---|---|---|
| Chase Visa | x2372 | Chase | 2024-11 (GU___–); **2024-12 (GU–__)** | 2024-12 p.3 missing | No |
| AIG 401(k) | | AIG | 2025 H1 roll-up (GU___–); **2024-06-22 snapshot (GU)** | 2023-09..present monthlies | No |
| GLU LLC DDA | x8627 | Chase | | 2023-06..present | No |
| Payroll (VEIP) | – | Employer | – | Oct 2024..present registers | – |

If you contend any item above is already produced, please identify the **Bates range** and **month**.

**Format & timing**

- **Format:** Statements as **OCR PDFs**; payroll/registers & remittances as **CSV/Excel** (or legible PDF if CSV not kept).
- **Cure date:** Please produce the missing pages/monthlies and provide the production map by **close of business (5:00 p.m. CT) Tuesday, Sept 30, 2025**. If you need **one business day**, say so now.
- **If not cured:** I will file a short **motion to compel** seeking (i) a production map, (ii) replacement of snapshots/roll-ups with **true monthlies + CSV**, and (iii) **fees**.

To keep lanes clean: **HSA access** will be addressed by **separate emergency motion and proposed order** (same-day digital provisioning).

**F. Discovery.** As a courtesy for the time required to compile the deficiency inventory, I am extending the response deadline by one business day. **Please provide a full and complete response—either producing the missing materials or citing exact Bates ranges—no later than close of business (5:00 p.m. CT) on Tuesday, September 30, 2025.**

Best,

Jason McKemie
(214) 868-4901
jmckemie@mckemie.net

**Attachments:**

- **Demonstrative Ex. A-1** – Missing Monthly Statements by Account/Month (compiled from GU000001-GU001668).
- **Demonstrative Ex. A-2** – Chase Sapphire x2372 – Missing Statements/Pages (compiled from GU000001-GU001668).

*(Demonstratives only; no work-product waiver / no admissions.)*



Copy from re:SearchTX

| Category | Amount ($) | | Frequency |
|---|---|---|---|
| TV & Streaming | $ | 250 | Monthly |
| Verizon Phone | $ | 120 | Monthly |
| T-Mobile Phone | $ | 160 | Monthly |
| Toiletries & Makeup | $ | 80 | Monthly |
| Dry Cleaning | $ | 70 | Monthly |
| Charitable Contributions | $ | 120 | Monthly |
| Hair (Quarterly) | $ | 200 | Monthly |
| Car Wash | $ | 40 | Monthly |
| Nails | $ | 150 | Monthly |
| Prescriptions | $ | 30 | Monthly |
| Apple Subscriptions | $ | 100 | Monthly |
| House Cleaning | $ | 260 | Monthly |
| Gas | $ | 90 | Monthly |
| Car Insurance (Semi-Annual) | $ | 267 | Monthly |
| Car Loan (InTouch CU) | $ | 1,161 | Monthly |
| Public Storage (Dallas) | $ | 250 | Monthly |
| SoFi Personal Loan | $ | 1,605 | Monthly |
| Lightstream Personal Loan | $ | 1,408 | Monthly |
| Credit Card Membership Fees (Annual) | $ | 150 | Monthly |
| Checking Account Fee | $ | 25 | Monthly |
| Yoga/Gym Membership | $ | 220 | Monthly |
| Groceries | $ | 500 | Monthly |
| Dining Out | $ | 150 | Monthly |
| Cybersecurity Contractor | $ | 2,000 | Monthly |
| Plus | | | |
| **Extra monthhly Tax Withholding** | **$** | **13,300** | **Monthly** |

The financial disclosures systematically transform assets into liabilities and wealth accumulation into apparent financial [illegible]

NOT A COMMUNITY BENEFIT, NOR IS JUSTIFIE

FRAUD - VEIP INVESTMENT
NET EFFECT - CONVERTS $190,000 ASSET INTO $320,000 LIABILITY

Total monthly expenses w/ taxes due **$ 22,706**

Total Debt outstanding: ALL INCURRED DURING MARRIAGE

| | | | |
|---|---|---|---|
| tax payments 2025 - est and due | $ | 118,000 | Tax Transcript |
| tax payment - Cognizant $104k | $ | 41,600 | Tax Transcript |
| Sofi | $ | 23,000 | Proof of Funds/Statement |
| Lightstream | $ | 27,000 | Not Funding Cosmetic Surgery |
| Cyber contract | $ | 14,000 | Contrived Distress/Not a Benefit to the Community |
| Pam and clint | $ | 65,000 | |

→ No Proof of Funds Transfer – This is not merely an undocumented loan. It is part of a broader pattern in which assets are transformed into liabilities, equity accumulation is disguised as expense, and wealth is systematically removed from the apparent marital estate while Respondent is simultaneously deprived of access to marital resources. The result is an artificially impoverished financial picture that bears little resemblance to the underlying economic reality.



Copy from re:SearchTX

BE SURE TO TRACE THIS DEPOSIT

Dep. & Ted electronically

Accenture 401(k) Retirement Savings Plan

FORTY TWO THOUSAND SEVENTY FIVE 52 DOLLARS

PAY TO THE ORDER OF
AMERIPRISE TRUST COMPANY
FBO GWENDOLYN GILLASPIE
519 WEST COMMERCE STREET
DALLAS TX 75208

AMOUNT

Not valid after 180 days

THE BANK OF NEW YORK MELLON

BNY MELLON

MEMO Rollover Account # 42746811

⑈0000198641⑈ ⑆043301601⑆ 9140860⑈

APT 2010
DALLAS TX 75208

Rollover Details:

Total Cash Rolled Over

TESTIFIED 11 DAYS LATER THAT SHE:

- LACKED A FUNCTIONAL AUTOMOBILE
- RELIED ON PUBLIC TRANSPORTATION
- RODE A GREYHOUND BUS TO COURT
- WAS "LIVING IN HER CAR" WHILE STAYING IN A LUXURY HOTEL
- WAS CALLING IN FALSE POLICE REPORTS
- COULD NOT AFFORD $1,000/MONTH RENT WHILE EARNING APPROXIMATELY $125,000/MONTH
- CLAIMED RENTAL HARDSHIP DESPITE EMPLOYER REIMBURSEMENT OF HOUSING EXPENSES
- CLAIMED FINANCIAL DISTRESS WHILE INVESTING APPROXIMATELY $130,000/YEAR INTO AN EQUITY PROGRAM WITH A 50% EMPLOYER MATCH
- BURDENED RESPONDENT WITH 100% OF THE MARITAL DEBTS WHILE RETAINING CONTROL OF THE MARITAL ASSETS
- REPORTED RESPONDENT'S LEGAL RETAINER, SPINAL-SURGERY REHABILITATION EQUIPMENT, AND APPROXIMATELY $50,000 IN SURVIVAL FUNDS AS "FRAUD"
- PROMISED AN AMICABLE RESOLUTION WHILE SIMULTANEOUSLY RUSHING COUNSEL TO FILE A PROTECTIVE ORDER BASED UPON ALLEGATIONS RESPONDENT CONTENDS WERE FALSE

THIS IS NOT A PICTURE OF FINANCIAL DISTRESS; IT IS A PATTERN OF FINANCIAL DEPRIVATION, NARRATIVE MANUFACTURING, AND STRATEGIC ESTATE DEVALUATION.



Copy from re:SearchTX

[redacted]

GU0000[illegible]2

Copy from re:SearchTX

[redacted]

Name of owner: Gwendolyn Ulijasz
Type of insurance: Term Life
Amount of premiums [monthly/quarterly/ semiannually]: Company-paid, unknown.
Date of issue: 10/16/2024
Face amount: $1,500,000
Cash surrender value on date of marriage: 0
Current cash surrender value: $0
Designated beneficiary(ies): Jason McKemie
Balance of loan against policy: n/a
Value of community interest: $0
Source(s) of value: Accenture employer contract.

*12.B. Annuities*

12.B.1. None.

*12.C. Health Savings Accounts*

12.C.1. Institution holding account: MetLife Account number: MEC1796C361722457
Name of high-deductible health plan with which the HSA is coupled: Cognizant Aetna Healthplan
Value of assets in account (as of 2/07/2026) - closed: $0

12.C.2. Institution holding account: Metlife FSA
Account number: TBD / same as Metlife HAS

FRAUD
+
HEALTHCARE
OBSTRUCTION

**13. Motor Vehicles, Boats, Airplanes, Cycles, Etc.** (include mobile homes, trailers, and recreational vehicles, but do not include vehicles owned by a business entity)

OVER $18K IN HSA Currently

TERMINATED BENEFITS DUE TO FALSE QLE:

- DEPENDENT AD&D
- SUPPLEMENTAL LIFE INSURANCE
- FLEXIBLE SPENDING ACCOUNT
- HSA - NO CARD ACCESS
- CRITICAL CARE COVERAGE

PLEASE PROVIDE FULLO ACCOUNT TRACING FOR ALL CREDIT CARD OVERPAYMENTS
THIS IS ONLY A PARTIAL LIST OF SUCH OVERPAYMENTS FOR CHASE SAPPHIRE X2372.
PLEASE PROVIDE FOR ALL CARDS.

**Missing Statements** — **AMMOUNT PAID IN CREDIT CARD OVERPAYMENTS**

| | MISSING STATEMENTS | STATEMENT DUE DATE | DATE RANGE INCLUDED | REMARKS | OVERPAYMENTS | | OVERPAYMENTS | | TOTAL OVERPAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| CHASE SAPPHIRE X2372 | June 2023 - Jan 2024 | - | 3/16/23 - 12/16/2023 | Not Received | Feb-24 | [illegible] | Jan-25 | [illegible] | $66,356 |
| 19 STATEMENTS REMAIN MISSING | Nov 24 | 11/12/24 | 9/16/24 - 10/15/24 | Pages 3, 5-7 Missing | Mar-24 | [illegible] | Feb-25 | $3 7[illegible] | |
| | Dec 24 | 12/12/24 | 10/16/24 11/15/24 | Page 3 Missing | Apr-24 | $.1,[illegible] | x2372 Total $66,356 | | |
| | Jan-25 | 01/12/25 | 11/16/24 - 12/15/24 | Page 3 Missing | May-24 | $.1[illegible] | | | |
| | Feb 2025 - Sept 2025 | | 12/16/24 PRESENT | Not Received | Nov 24 | $6,[illegible] | | | |

Petitioner has produced thousands of pages of documents, where even a single account is broken up between dozens of files, which have with multiple accounts in that file, much of which are missing crucial pages, with gaps throughout the dates requested (June 2023 – PRESENT / OCT 2025). Despite being consistent reminders, the majority of the documents are unusable as they do not show inflows/outflows into the accounts. Examples: Annual Summaries, running a Report and with only a 1 duration (10/1/25 – 10/2/25) and pretending it's a statement, etc. These only provide snapshot balances, and provide no understading of what has flowed into and out of the account making growth calculation and asset tracing impossible.

OFFICIAL MONTHLY STATEMENTS MARKED IN [illegible] RED – AWAITING STATEMENTS.






Copy from re:SearchTX

**P2P PAYMENT SERVICE PROVIDERS**

| |
|---|
| **VENMO** |
| PAYPAL |
| APPLEPAY |
| CASHAPP |
| GOOGLEPAY |

**CHECKING ACCOUNTS**

| |
|---|
| Chase Checking xx3898 (~9259) |
| Chase Checking xx9259 (~3898) |
| Chase Checking xxREDACTED |
| Chase GLU Checking xx8627 |
| Chase Checking xx9941 |
| Chase Checking xx6893 |
| Chase Checking xx2110 |

**CREDFIT CARDS**

| |
|---|
| Chase Sapphire xx2372 |
| Chase Sapphire xx4005 (~7555, ~3444) |
| Chase Sapphire xx7555 (~4005, ~3444) |
| Chase Sapphire xx3444 (~4005, ~7555) |
| Chase Sapphire xx4400 |
| Chase Sapphire xx8801 |
| Chase Sapphire xx7496 (~7396) |
| Chase Sapphire x7396 (~7496) |
| AMEX PLATINUM xx5000 (~6008, ~7006) |
| AMEX PLATINUM xx6008 (~5000, ~7006) |
| AMEX PLATINUM xx7006 (~5000, ~6008) |
| CITI Advantage xx2295 |

9 CARD NUMBERS FOR 1 ACCOUNT

**INVESTMENT AND RETIREMENT ACCOUNTS**

| |
|---|
| AIG 401k |
| E*TRADE STOCK / Morgan Stanley at Work / Grant number: A44637 / AUG 16TH, 2024 |
| Empower Cognizant Technology Solutions 401k Savings Plan |
| Vanbguard Value Index Fund / Vanguard Growth Index |
| Accenture 401k |
| Voya - Cognizant 401(k) Retirement Savings Plan |
| E-Trade x8274 |
| E-Trade x5029 |
| E-Trade x6977 |
| E-Trade x6587 |
| E-Trade x201 |
| Cognizant Tecnology 401(k) Savings Plan |
| E-Trade Roth IRA |
| Traditional IRA Account #7 |
| Vanguard IRA |
| Advantigen Biosciences, LLC shares |



Copy from re:SearchTX

[redacted]



Copy from re:SearchTX

CAUSE NO. DF 24-18010

IN THE MATTER OF: McKemie

IN THE 302 FAMILY DISTRICT COURT OF DALLAS COUNTY, TEXAS

**ASSOCIATE JUDGE'S REPORT** ***(Divorce/SAPCR)***

*Temporary* ______ *Final* ______

Pursuant to an Order of Referral, a hearing in this matter has been held by a duly appointed Associate Judge as authorized by Chapter 201, Texas Family Code. The parties are hereby given notice of the findings and recommendations contained herein and of their right to be heard by a District Judge upon compliance with the terms of Chapter 201, Texas Family Code. A copy of this Report has been given to each party or the party's attorney who appeared at the hearing.

[ ] AGREEMENT [ ] DEFAULT [ ] CONTESTED HEARING [ ] Reporter/Interpreter Present ______

APPEARANCES: Husband/Father: ✓ and Attorney: ______
Wife/Mother: ✓ and Attorney: ______
Other: ______ and Attorney: ______

The parties appeared Jan 6, 2026 on Motion to Compel Discovery & requests regarding hsa

The court grants respondents request that financial documents be turned over by Jan. 9, 2026

The hsa card was provided to respondent, Mr. McKemie at the time of the hearing

On January 12, 2026, Mr. McKemie (husband) appeared to present a ex parte relief regarding eviction proceedings, temporary stay & temporary support. Those requests were denied.

Attorney for [ ] Husband/Father [ ] Wife/Mother will reduce this Report to written Order and submit to other side and Court within fourteen (14) days.
[ ] Orders require proof of submission to other attorney OR signature of all [ ] attorneys or [ ] parties for entry.

Jan. 12, 2026
Date

[signature]
Associate Judge

______ Agreed ______ Agreed ______ Agreed ______ Agreed

PAGE ______ OF ______ [ ] SUBJECT TO PROOF OF SERVICE (R...)



Copy from re:SearchTX

[redacted]

no ? vesting vests for 1 year
worthless as of today
(until then)

GU000138



Copy from re:SearchTX

**FELICIA PITRE**
District Clerk

**NINA MOUNTIQUE**
Chief Deputy

**DALLAS COUNTY DISTRICT CLERK'S OFFICE**

To: ALL ATTORNEYS/PARTIES

Please see the attached order signed and entered in your case.

Regards,

Felicia Pitre

Dallas County District Clerk

Copy from re:SearchTX

CAUSE NO. DF 24-18010

IN THE MATTER OF: GWENDOLYN VUJASZ-MCKENZIE IN THE 301st FAMILY DISTRICT
v. JASON MCKENZIE COURT OF DALLAS COUNTY, TEXAS.

**ASSOCIATE JUDGE'S REPORT** *(Divorce/SAPCR)*

*Temporary* ✓ *Final* ___

Pursuant to an Order of Referral, a hearing in this matter has been held by a duly appointed Associate Judge as authorized by Chapter 201, Texas Family Code. The parties are hereby given notice of the findings and orders contained herein and of their right to be heard by a District Judge upon compliance with the terms of Chapter 201, Texas Family Code. A copy of this Report has been given to each party or the party's attorney who appeared at the hearing.

[ ] AGREEMENT [ ] DEFAULT [X] CONTESTED HEARING [ ] Reporter/Translator Present ___

APPEARANCES: Husband/Father: JASON MCKENZIE and Attorney: —

Wife/Mother: [signature] Vujasz and Attorney: Steele

Other: ___ and Attorney: ___

This matter coming on to be heard upon the Respondent's Motion for Enforcement, sanctions, Continuance and leave to issue third-party subpoenas and counter-motion for protective order and for other appropriate relief, the court having arguments and testimony of Respondent and being fully advised,

IT IS HEREBY ORDERED:

1.) Respondent's motion is denied in all requested relief ~~[illegible]~~ with the exception of the request for continuance which is neither granted or denied as the court declines to adjudicate that specific request.

Attorney for ~~[ ] Husband/Father~~ [✓] Wife/Mother ~~[ ] ______~~ will reduce this Report to a written Order and submit to the other side and Court within fourteen (14) days.
[✓] Orders require proof of submission to other side OR signature of all [✓] attorneys or [✓] parties for entry.

Date: 6/1/2026

[signature]
Associate Judge

Agreed ___ Agreed ___ Agreed ___ Agreed ___

PAGE 1 OF 1 [ ]SUBJECT TO PROOF OF SERVICE (Rev. 06/10)

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 115743214
Filing Code Description: REQUEST FOR DE NOVO HEARING
Filing Description:
Status as of 6/5/2026 9:14 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rebecca LArmstrong | | rebecca@armstronglawtexas.com | 6/4/2026 1:29:12 PM | SENT |
| Terra Aguirre | | terra@armstronglawtexas.com | 6/4/2026 1:29:12 PM | SENT |
| Lauren N.Shaw | | lauren@armstronglawtexas.com | 6/4/2026 1:29:12 PM | SENT |
| Jason McKemie | | jmckemie@mckemie.net | 6/4/2026 1:29:12 PM | SENT |
| Gwendolyn Ulijasz McKemie | | GUlijasz@gmail.com | 6/4/2026 1:29:12 PM | SENT |
| Gwendolyn Ulijasz | | gulijasz@gmail.com | 6/4/2026 1:29:12 PM | SENT |
| JONATHAN STEEL | | jsteele@beermannlaw.com | 6/4/2026 1:29:12 PM | SENT |
| REBECCA LARMSTRONG | | REBECCA@ARMSTRONGLAWTEXAS.COM | 6/4/2026 1:29:12 PM | SENT |
| JASON EMORYMCKEMIE | | jason@callvital.com | 6/4/2026 1:29:12 PM | SENT |

Copy from re:SearchTX