FILED
NOV 17 2026
TO6
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: | § CASE NO. 26-30161-mvl7 |
| JASON EMORY McKEMIE, | § CHAPTER 7 |
| Debtor. | § |

**EMERGENCY MOTION FOR A WRITTEN DETERMINATION THAT THE AUTOMATIC STAY REMAINS IN EFFECT AS TO GWENDOLYN LAURA ULIJASZ AND FOR A SPECIFIC EXTENSION UNDER 11 U.S.C. § 362(e)**

Relates to ECF 110 and the pending requests to continue and extend the stay

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

Jason Emory McKemie, the Debtor, renews and supplements his opposition to ECF 110 and his October 2 and November 13 requests to continue the automatic stay. He requests an expedited written determination of the effect of Movant's pre-deadline conduct, followed by a specific extension through January 29, 2027. He seeks a ruling on the existing stay first, without delaying that ruling for costs or the merits of ECF 110. References to ECF pages are to the physical pages of the filed PDFs.

## I. SEPARATE RELIEF REQUESTED

(1) Waiver. Determine that Gwendolyn Laura Ulijasz ("Movant") waived reliance on the § 362(e) deadlines applicable to ECF 110 by assenting to a final hearing beyond those deadlines on October 6, 2026 and confirming that setting in her October 7 notice; determine that the stay did not terminate as to Movant under § 362(e) on November 10, 2026.

(2) Agreement and prior ruling. Separately determine whether the October 6 record and subsequent confirmation establish an extension under § 362(e)(2)(B)(i), or an actual timely judicial extension under § 362(e)(2)(B)(ii). The Debtor requests findings identifying the agreement or ruling actually established by the record, not a newly created backdated ruling.

(3) Specific extension. Extend the applicable § 362(e) period through 5:00 p.m. Central Time on January 29, 2027, or entry of a final decision on ECF 110, whichever occurs first, with specific findings of good cause and, to the extent § 362(e)(1) applies, compelling circumstances and a reasonable likelihood that the Debtor will prevail. A decision denying stay relief shall leave the statutory stay in effect according to law; the requested endpoint is not consent to termination.

(4) Enforcement and alternative protection. Order compliance with the operative § 362(a) stay, including the prohibition on adjudicating a division of property of the estate in Cause No. DF-24-18010. Preserve the separately pleaded alternative request for § 105(a) injunctive protection and set the required procedure and prompt hearing if the Court determines that a new injunction, rather than continuation or enforcement of an existing stay, is necessary.

(5) Costs. Set an expedited, separate determination of the Debtor's proven out-of-pocket costs attributable to legally sanctionable conduct or a willful stay violation. Require any amount awarded against Movant to be paid directly to the Debtor within seven days after the award. Do not delay stay protection while the amount or legal basis for costs is determined.

(6) Preservation and enforcement. Preserve the Debtor's § 362(k)(1) claims and objections to ECF 110 and the requested withdrawal or amendment in ECF 143; retain jurisdiction to enforce the order through legally available contempt remedies after notice and an opportunity to be heard. Award no fees, costs, or sanctions against the Debtor.

## II. FACTS AND PROCEDURAL RECORD

1. Movant filed ECF 110 on September 11, 2026. It requests annulment of the stay and, in the alternative, modification "to permit the State Court to complete or redo the division of any property that this Court

determines to be property of the estate, subject to the rights of the Chapter 7 Trustee." ECF 110 ¶ 2(c), pp. 2–3. The sixtieth day after September 11 was November 10, 2026.

2. The preliminary hearing was noticed for October 6, 2026. ECF 116; ECF 122, p. 11. On October 2 the Debtor expressly asked the Court to continue the stay pending a final hearing and to extend the periods in § 362(e)(1) and (e)(2) on findings of compelling circumstances and good cause. ECF 122, pp. 11–12. His October 5 revised proposed order also addressed continuation of the stay. ECF 127, p. 3 ¶ 4. Those requests brought the issue before the Court before either asserted deadline; the Debtor does not contend that filing a request alone automatically extended the statutory period.

3. The Court held the preliminary hearing on October 6, the twenty-fifth day. Mr. Dafoe appeared for Movant and the Debtor appeared. The Court stated that ECF 110 "needs to be set for a hearing at another time," described "an in-person evidentiary hearing," stated "I have your proposed order. I know exactly what you're asking for," and said that the hearing was "probably going to take a half day." The Court offered November 12 or November 18. The Debtor requested November 18. Asked whether "the 18th at 9:30" worked, Mr. Dafoe answered: "Yes, I believe so. I'd like to check with lead counsel." The Court directed him to check with co-counsel and, if the date did not work, to email the settings box with a copy to the Debtor. October 6 hearing recording, 00:44:00–00:44:27 and 00:59:42–01:05:50, identified with ECF 129; attached declaration ¶ 2. The quoted passages are the Debtor's transcription, not a certified reporter's transcript. The recording controls. ECF 135, pp. 6–7, identifies the hearing source; it does not reproduce the transcription.

4. The Debtor received no report from Movant's counsel that November 18 did not work. On October 7, before the sixtieth day, Movant filed her Notice of Final Hearing stating that ECF 110 "will be held on November 18, 2026 at 9:30 a.m." ECF 128, p. 1. The next-day notice is the confirmation of counsel's qualified October 6 assent on which the Debtor relies. Attached declaration ¶ 3.

5. Movant filed her witness and exhibit lists on November 11. ECF 136 and 137. In ECF 143, filed November 12, she stated that she "does not dispute the setting," that she needs "prospective relief," and that she seeks modification for cause under § 362(d)(1) to permit the Divorce Court to complete the property division subject to the Trustee's rights. ECF 143 ¶¶ 1, 4, 6, pp. 2–4. She requested leave to withdraw the annulment and non-estate-property determination requests. Those are requests for relief, not orders granting withdrawal or adjudicating ownership.

6. Movant also represented that "no award could be enforced against property of the estate without further order of this Court" and that the Divorce Court will try the property division "once the stay permits." ECF 143 ¶ 7, pp. 4–5. Her proposed order states that the hearing on ECF 110 will proceed on the remaining requests. ECF 143, p. 14. These are Movant's litigation positions, offered to establish her conduct and requested relief; the Debtor does not adopt them as facts about title, estate ownership, or the permissibility of a property division.

7. Movant sought permission to testify remotely. ECF 141 and 142. Her supporting letter recommends no travel through approximately January 11, 2027. ECF 141, p. 35. That is the provider's recommendation submitted by Movant, not a finding that the Court has made about incapacity.

8. The September 18, 2026 state-court order vacated Sections 8, 9, and 11–15 of the June 26 divorce decree and stated that the remaining issues would be set for trial once the stay had been lifted or this bankruptcy case otherwise disposed. ECF 122, p. 17. The Debtor continues to assert that the June 11 trial and June 26 decree violated § 362(a)(1) and (3). This motion requests no release, ratification, or retroactive validation of those acts.

9. On November 13 the Debtor delivered his Supplement in Response to Movant's November 12 Filings to the Clerk. It requests continuation of the stay and extension of the § 362(e) periods through the ruling on ECF 110. Supplement, p. 5, request (7), and p. 17 ¶ 35. Attached declaration ¶ 4.

10. On November 13 Court staff told the Debtor in person that the Court had denied Movant's WebEx request, that her counsel had stated she could not appear in person on November 18, and that the ECF 110 hearing was continued to a date when she could appear in person. No final hearing on ECF 110 will be held on November 18. This account identifies what staff communicated; it does not substitute a party's WebEx motion for an entered continuance order. Attached declaration ¶ 5.

11. On November 14 at 6:26 p.m. Central, Jonathan D. Steele emailed the Debtor about resetting ECF 110 and

proposed December 1, December 8, and December 18. The email refers to a November 13 Court email that the Debtor has not received. Exhibit A; attached declaration ¶ 6.

12. As of this motion, the Debtor has not been served with an order continuing the November 18 ECF 110 hearing or extending a § 362(e) period. He has received no paper in which the Chapter 7 Trustee opposes continuation. These statements describe his receipt of papers; they do not establish docket completeness or the Trustee's assent. The Debtor has no CM/ECF filing access. Attached declaration ¶ 7.

13. The Debtor prepared for November 18 in reliance on Movant's October 6 assent and October 7 notice. He had already requested an extension on October 2. Had Movant stated that she would treat the stay as terminating on November 10 notwithstanding the agreed later hearing, he would have renewed his demand for an express ruling before that date. Attached declaration ¶ 8.

## III. GOVERNING STATUTE AND WAIVER

14. Section 362(e)(2) governs the sixty-day period in an individual Chapter 7 case. It allows a final decision within that period, extension by agreement of all parties in interest, or extension by the Court for a specific period required for good cause described in findings. Grant, Konvalinka & Harrison, P.C. v. Still (In re McKenzie), 737 F.3d 1034, 1037–38 (6th Cir. 2013). The Debtor requests adjudication of the timely waiver and extension grounds, not suspension of the statute simply because ECF 110 remains pending.

15. In re River Hills Apartments Fund, 813 F.2d 702, 707–08 (5th Cir. 1987), enforces the statutory deadline and places responsibility on the debtor to bring the matter to the court's attention. The Debtor did so on October 2. River Hills does not make that request self-executing. Here the additional, decisive evidence is Movant's own pre-deadline assent and filed notice of a final hearing beyond the statutory period.

16. A movant's conduct inherently inconsistent with adherence to the statutory deadline can waive reliance on that deadline. Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 698–99 (3d Cir. 1989); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982). Wedgewood rejected waiver on its facts: post-hearing submissions and court delay did not establish the requisite inconsistent conduct. The conduct here is materially different. Before day sixty, Movant confirmed and herself noticed a final hearing eight days beyond that date.

17. The Debtor relies first on October 6 and October 7, not solely on papers filed after November 10. Counsel's qualification that he would check with lead counsel remains part of the record. Movant's next-day filed notice supplies the confirming act. Her November 11–14 submissions and reset request corroborate that course of conduct; they are not offered as a device to revive an expired stay retroactively.

18. Waiver must be raised and decided in the bankruptcy court. Bugg v. Gray (In re Gray), 642 F. App'x 641, 643 (8th Cir. 2016); Paczkowski v. Garven (In re Paczkowski), No. 19-6029, slip op. at 3–4 & n.1 (B.A.P. 8th Cir. Feb. 13, 2020). The Debtor expressly raises it now and requests a written ruling identifying the pre-deadline conduct and its effect as to Movant. The residential-mortgage affidavit provision in L.B.R. 4001-1(e)(4) also recognizes a specified form of waiver, but the Debtor does not contend that its limited procedure directly governs this family-law stay motion.

## IV. AGREEMENT, PRIOR RULING, FORFEITURE, AND ESTOPPEL

19. The Debtor separately requests a determination of the October 6 agreement and October 7 confirmation under § 362(e)(2)(B)(i). That provision requires all parties in interest, not merely all persons who appeared. The Debtor does not treat the Trustee's nonappearance or lack of opposition as affirmative consent. The Court should identify whose agreement is required and what agreement the record establishes. Movant's own waiver remains an independent ground regardless of whether the broader statutory agreement requirement is established.

20. The Debtor also requests a determination of what the Court actually ruled on October 6. A later hearing date, without more, is not automatically a statutory extension with good-cause findings. The Court should consider the entire hearing record, including the pending October 2 request, and memorialize any actual timely extension and findings. This request does not ask the Court to create a past event that did not occur. Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57, 65 (2020).

21. The Debtor preserves forfeiture, equitable estoppel, and judicial estoppel as distinct grounds and requests separate rulings if Movant asserts statutory termination. Equitable estoppel requires reasonable detrimental reliance; the reliance stated in paragraph 13 includes the already-pending extension request and the need to renew it before November 10. Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 59 (1984). Judicial estoppel requires a clearly inconsistent position, judicial acceptance, and the absence of inadvertence. Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir. 2011) (en banc).

22. Movant's requests for prospective relief and a later hearing are evidence relevant to those grounds. The Debtor does not represent that Movant has already asserted expiration in a paper he has received, or that the Court has accepted such a contrary position. Her failure to mention expiration in a particular filing does not by itself supply every element of forfeiture or estoppel. The present requested decision rests principally on her affirmative pre-deadline waiver, with the other grounds separately preserved for determination on their actual predicates.

## V. SPECIFIC EXTENSION AND PROTECTION OF THE ESTATE

23. Once the Court determines that the stay remained operative, good cause supports an express extension through 5:00 p.m. Central Time on January 29, 2027, or a final decision on ECF 110, whichever occurs first. The hearing was continued after Movant asserted that she could not appear; her counsel proposes December settings, while her own supporting letter recommends avoiding travel through approximately January 11. The requested date permits a reset after that stated period and time for a decision. It is a definite period, not an indefinite extension.

24. Movant's November 12 submission asks to change the scope of the relief to be heard and to withdraw other requests without adjudication. Compare ECF 110, pp. 2–3, with ECF 143, pp. 4–5, 8. The Court must resolve the operative scope and give the Debtor and Trustee a fair opportunity to address it. The pending Rule 2004 request, ECF 97, seeks source records relevant to the estate's property interests. The Trustee's interim report lists community interests with unknown values. ECF 91, p. 2. These matters support time for an informed hearing; neither the report nor the requested discovery is an adjudication of title.

25. For any applicable § 362(e)(1) determination, a reasonable likelihood of defeating Movant's requested broad relief follows from the unresolved estate interests, the requested changes in relief, the existing opposition, and the need to determine what cause supports what particular relief. Section 362(g) allocates burdens but does not eliminate the movant's required initial showing. See In re Mooney, 310 B.R. 543, 546–48 (N.D. Tex. 2002). The same facts, together with the continued evidentiary hearing and need to preserve orderly administration, supply the requested compelling-circumstances findings.

26. Section 541(a)(2) includes the specified community-property interests under the Debtor's sole, equal, or joint management and control and the separately specified interests liable for allowable claims. It does not make every asset claimed by either spouse estate property without the statutory analysis. The district court's exclusive estate-property jurisdiction under 28 U.S.C. § 1334(e)(1), exercised here by reference, supports protection of the estate while the actual interests and requested relief are addressed. Section 362(b)(2)(A)(iv) distinguishes dissolution of marriage from division of property that is property of the estate.

27. The Debtor requests enforcement of the stay's actual prohibitions: no commencement or continuation of the stayed property-division proceeding against him, no adjudication dividing property of the estate, no enforcement of an award against estate property, and no act to obtain possession of or exercise control over estate property in violation of § 362(a). The order should address those acts specifically. It should not prohibit an act solely because it occurs in family court when that act is outside the statutory stay. The Debtor requests no ruling that a particular asset or act is exempt from the stay.

28. Brown v. Chesnut (In re Chesnut), 422 F.3d 298, 303–04 (5th Cir. 2005), supports bankruptcy adjudication rather than unilateral action against an arguable estate interest. The Debtor does not use Chesnut to declare that every ownership dispute requires a final title trial before any § 362(d) decision. Nor does he assert that estate-property protection necessarily survives § 362(e)(2) regardless of its text. He seeks an actual determination and enforceable protection now.

29. This motion does not concede lawful possession, title, entitlement to retain property, or any right to inspect or use the Debtor's stolen property or evidence. Continuing the stay authorizes none of those acts. It

releases no claim for theft, fraud, concealment, a stay violation, or resulting damages. It grants no permission to inspect, image, copy, use, or derive information from the Debtor's drives or evidence.

## VI. ALTERNATIVE § 105(A) RELIEF AND REQUIRED PROCEDURE

30. If the Court determines that § 362(e) terminated the stay as to Movant, the Debtor requests immediate consideration of prospective injunctive protection under § 105(a), not a declaration that § 105 erases the statutory lapse. Explorer Drilling Co. v. Martin Exploration Co. (In re Martin Exploration Co.), 731 F.2d 1210, 1214 (5th Cir. 1984), recognizes the authority to issue a new stay. River Hills, 813 F.2d at 707–08, and Law v. Siegel, 571 U.S. 415, 421 (2014), require adherence to governing statutory and procedural limits.

31. A new injunction requires the four-factor showing and proper procedure. Sunbelt Savings Ass'n of Texas v. Truman, 95 B.R. 55, 57 (N.D. Tex. 1988); Fed. R. Bankr. P. 7001(g), 7065. The Debtor requests an immediate procedural determination and the earliest hearing if this alternative becomes necessary. Agreement to a hearing date is not asserted as a waiver of adversary procedure. Village Mobile Homes, Inc. v. First Gibraltar Bank, FSB (In re Village Mobile Homes, Inc.), 947 F.2d 1282, 1283 (5th Cir. 1991). Any required new adversary proceeding must be separately commenced; this motion does not merge that relief into adversary proceeding 26-03034-mvl.

32. Likelihood of success. The Debtor relies on the concrete pre-deadline waiver, his timely opposition, the absence of an adjudicated basis in the materials cited here for the breadth of the proposed property division, the Trustee's unresolved community interests, and the statutory protection of actual estate property. He seeks to prevent a property adjudication that displaces bankruptcy administration before the requested relief and the property affected are determined.

33. Irreparable injury. The September 18 order makes renewed property litigation contingent on stay relief or disposition of the bankruptcy case. ECF 122, p. 17. A claimed lapse would remove that condition without the scheduled evidentiary decision. The threatened injury is a renewed adjudication and transfer of control over estate interests, conflicting property dispositions, and impairment of the Trustee's administration; it is not merely the expense of defending a lawsuit. The Debtor's asserted June stay violations and the vacatur of the property provisions explain the concrete need to prevent repetition. Any contested issue about immediacy should be resolved on an expedited evidentiary record.

34. Balance of harms and public interest. Temporary protection through the specific requested date preserves the Court's ability to adjudicate the pending stay motion and the Trustee's ability to administer estate property. Movant receives a merits hearing; she receives no ownership concession, permission to retain stolen property, or immunity for past acts. The public interest favors orderly bankruptcy administration, compliance with existing statutory protections, and decisions made on notice and a developed record.

35. The Debtor requests application of any necessary Part VII procedures by an express order under Rule 9014(c), with notice and a reasonable opportunity to comply, only to the extent that is a lawful procedural route. If Rule 7001(g) requires a separate complaint, he requests an express ruling and immediate scheduling of that required process. If temporary injunctive relief is reached, he requests relief from security under Rule 7065's debtor exception because he cannot prepay a bond. The existing-stay determination and extension requests should be decided independently and immediately.

## VII. COSTS, ENFORCEMENT, AND PRESERVED CLAIMS

36. The Debtor seeks direct payment of actual, documented out-of-pocket losses caused by legally sanctionable conduct, and separately preserves damages and recoverable enforcement costs under § 362(k)(1) for a willful stay violation. The continuance itself does not automatically establish bad faith. A compensatory award under inherent authority requires the necessary misconduct findings and a causal connection to the amounts awarded. In re Yorkshire, LLC, 540 F.3d 328, 332 (5th Cir. 2008); Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108–10 (2017).

37. For § 362(k)(1), the Debtor preserves the required findings of an operative stay, knowledge, an intentional violating act, and resulting injury. See In re Repine, 536 F.3d 512, 519–22 (5th Cir. 2008). He seeks no attorney-fee award for his own pro se labor and claims no travel expense merely because a hearing was reset. His

participation request is remote. No fixed dollar amount is represented as proved by this motion.

38. The Debtor requests seven days after entry of the stay ruling to submit a declaration itemizing each claimed cost, date, payee, supporting receipt, causal act, and legal basis. Movant should have seven days after service to respond, followed by an expedited determination and any necessary hearing. The Court should state entitlement, amount, and the responsible payor in a separate order; any awarded amount shall be paid directly to the Debtor within seven days after that order. No payment obligation should arise solely from filing a declaration, and the monetary dispute shall not delay protection of the stay.

39. The Debtor preserves all objections to ECF 110 and the attempted withdrawal or amendment in ECF 143, all claims arising from the June proceedings and other alleged stay violations, and all objections to fees or sanctions against him. This motion seeks no Rule 9011 sanction without the separately required procedure. Any contempt determination must follow notice, an opportunity to be heard, and the findings required by the applicable standard. The Court should retain enforcement jurisdiction and enter no fee, cost, or sanctions award against the Debtor.

## VIII. EXPEDITED PROCEDURE AND PRAYER

40. The Debtor requests a ruling on the papers after such shortened notice and response opportunity as the Court directs. If material facts are disputed or testimony is required, he requests the earliest expedited hearing, permission to participate remotely, and a separate written ruling on each material basis for relief. Fed. R. Bankr. P. 9006(c), 9014(a), (d). The requested action date of November 18 is an emergency deadline request, not a representation that the canceled final hearing remains set. The accompanying expedited motion and form BTXN 146 request the scheduling relief.

41. The Debtor asks the Court to grant the six requests in Section I as supported by the required findings, enter the proposed order continuing and extending the operative stay, decide the waiver issue expressly, and separately state its disposition of the agreement, prior-ruling, forfeiture, estoppel, alternative-injunction, and costs requests. If relief is denied in whole or in part, he requests the specific factual and legal grounds in the written ruling. The Debtor requests no relief for Movant, no waiver of his objections or claims, and no delay in stay protection while other issues are resolved.