**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: | § CASE NO. 26-30161-mvl7 |
| JASON EMORY McKEMIE, | § CHAPTER 7 |
| Debtor. | § |

**ORDER CONTINUING THE AUTOMATIC STAY AS TO GWENDOLYN LAURA ULIJASZ AND EXTENDING THE APPLICABLE PERIOD UNDER 11 U.S.C. § 362(e)**

The Court has considered the Emergency Motion, the October 6, 2026 hearing record, the filed papers, the declaration, and the responses and arguments presented after notice and an opportunity to be heard. The Court makes the following findings and enters the following order. Each determination below is separately stated.

## FINDINGS

1. Gwendolyn Laura Ulijasz filed ECF 110 on September 11, 2026. November 10, 2026 was the sixtieth day after that filing. The Debtor requested continuation and extension on October 2, before the asserted statutory deadlines. ECF 122, pp. 11–12.

2. At the October 6 preliminary hearing, Movant's counsel assented to a November 18 final hearing subject to checking with lead counsel. On October 7 Movant filed ECF 128 confirming that hearing date. The Court finds that this affirmative pre-deadline conduct was inconsistent with insisting that the stay terminate before the agreed final hearing and constituted waiver of reliance on the § 362(e) deadlines for ECF 110.

3. Movant's November 11 and 12 submissions and subsequent request for a reset corroborate that course of conduct. They are not treated as a retroactive revival of an expired stay. The stay did not terminate as to Movant under § 362(e) on November 10, 2026.

4. Good cause requires a specific extension: the final hearing was continued after Movant stated that she could not appear in person; the proposed reset dates are in December; her submitted provider letter recommends no travel through approximately January 11, 2027; the Court must resolve the scope of the relief requested in ECF 110 and ECF 143; and the parties and Trustee must have a fair opportunity to address the affected estate interests. ECF 141, p. 35; ECF 143, pp. 4–5; the Debtor's declaration. January 29, 2027 allows a reset after the period stated in that letter and time for a decision.

5. To the extent § 362(e)(1) applies, the same circumstances are compelling circumstances requiring the specified period. There is a reasonable likelihood that the Debtor will prevail against the requested broad stay relief in light of the unresolved affected estate interests, the pending opposition, and the required showing of cause for the particular relief requested. These findings concern interim protection and do not adjudicate ownership or the ultimate merits of ECF 110.

6. The present continuation rests on the pre-deadline waiver and the express findings above. No finding of

Trustee consent is inferred from silence or nonappearance; no backdated judicial ruling is created; and no new injunction is issued through an assumed waiver of adversary procedure.

## ORDER

A. Waiver and continuation. The Emergency Motion is GRANTED on its pre-deadline waiver ground. The automatic stay remains operative as to Movant, subject to its statutory scope and other operative orders. The Court determines that § 362(e) did not terminate the stay as to Movant on November 10, 2026.

B. Specific extension. The applicable § 362(e) period is EXTENDED through 5:00 p.m. Central Time on January 29, 2027, or entry of a final decision on ECF 110, whichever occurs first. The stay shall remain in effect pending that decision during this period. Denial of ECF 110 shall leave the statutory stay in effect according to law. This paragraph itself grants no termination, annulment, modification, or conditioning of the stay at the endpoint. Any request for further extension shall be presented before the specified period expires.

C. Prohibited acts. While the stay remains operative, Movant and persons acting for her shall comply with § 362(a). They shall not prosecute a division of property of the estate in Cause No. DF-24-18010, obtain an adjudication dividing estate property, enforce an award against estate property, or obtain possession of or exercise control over estate property in violation of § 362(a). This order makes no determination that any identified property or act falls outside the stay. It authorizes no transfer, possession, inspection, imaging, copying, use, or derivative use of the Debtor's property or evidence.

D. Other continuation theories. The requests for additional determinations under the all-parties agreement, prior-ruling, forfeiture, and estoppel theories are DENIED AS MOOT in light of the independent waiver determination and full continuation granted in paragraphs A and B. This disposition rejects none of the Debtor's factual assertions or preserved objections and grants Movant no relief.

E. Alternative injunction. The contingent request for a new § 105(a) injunction is DENIED AS MOOT because this order continues the operative statutory stay. No new injunction is issued and no new adversary proceeding is adjudicated by this order.

F. Costs procedure. The request for a separate determination of actual recoverable costs is GRANTED as to procedure. Within seven days after entry of this order, the Debtor may file and serve an itemized declaration identifying each amount, date, payee, receipt, causal act, and legal basis. Movant may respond within seven days after service. Entitlement, any required misconduct or stay-violation findings, causation, amount, and the responsible payor shall be determined by a separate order after any necessary hearing. Any amount awarded against Movant shall be payable directly to the Debtor within seven days after that award. Filing a declaration alone creates no payment obligation. The costs determination shall not delay the stay protection ordered here.

G. Preserved claims and enforcement. The Debtor's § 362(k)(1) claims, objections to ECF 110 and ECF 143, and claims concerning prior acts remain preserved. The Court retains jurisdiction to enforce this order, including through legally available contempt remedies after notice, an opportunity to be heard, and the required findings. No fees, costs, or sanctions are awarded against the Debtor.

H. Merits and hearing. This order grants none of the relief sought in ECF 110 or ECF 143, grants no leave to withdraw any request, determines no ownership interest, and validates no past act. The final hearing on ECF 110 shall be reset by separate notice or order. No final hearing on ECF 110 will be held on November 18, 2026.

**### END OF ORDER ###**

Prepared and submitted by:

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net