**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

FILED

NOV 17 2026
TDG

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: | § CASE NO. 26-30161-mvl7 |
| JASON EMORY McKEMIE, | § CHAPTER 7 |
| Debtor. | § |

**MOTION FOR EXPEDITED CONSIDERATION OF THE EMERGENCY MOTION ON THE AUTOMATIC STAY AND 11 U.S.C. § 362(e)**

**TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:**

1. Jason Emory McKemie requests expedited consideration of the Emergency Motion filed with this motion, under Fed. R. Bankr. P. 9006(c) and 9014 and the Court's emergency procedures. He requests a written ruling on the operative stay as soon as the Court can act, preferably no later than November 18, 2026, after a shortened response opportunity fixed by the Court. If a hearing is necessary, he requests the earliest available hearing and permission to participate remotely.

2. Movant filed ECF 110 on September 11. The sixtieth day was November 10. Before that date, counsel assented on October 6 to a November 18 final hearing, subject to checking with lead counsel; Movant confirmed that setting in her own October 7 notice, ECF 128. The Emergency Motion requests an express ruling that this pre-deadline conduct waived reliance on the statutory deadline. It separately presents agreement and prior-ruling grounds without assuming Trustee consent or treating a calendar setting as sufficient findings.

3. The November 18 final hearing on ECF 110 has been continued. There is no November 18 final hearing. On November 13, Court staff communicated the continuance to the Debtor. On November 14 at 6:26 p.m. Central, Movant's lead counsel proposed December 1, 8, and 18. The accompanying declaration states the Debtor's personal knowledge of those communications. The Debtor has not been served with an order extending the stay period. The uncertainty over the stay cannot safely await ordinary notice periods.

4. The Debtor requested continuation and extension in writing on October 2, ECF 122, pp. 11–12, and again in his November 13 Supplement, pp. 5 and 17. The canceled setting and November 14 reset proposal require a distinct, immediate determination now. The September 18 state-court order ties renewed property litigation to stay relief or disposition of this case. ECF 122, p. 17. A prompt ruling protects orderly estate administration while ECF 110 is adjudicated.

5. The Emergency Motion seeks a specific extension through 5:00 p.m. Central Time on January 29, 2027, or a final decision on ECF 110, whichever occurs first. It does not seek to decide the merits of ECF 110 without the required process. It separates immediate stay protection from the alternative injunction procedure and the later determination of costs.

6. The accompanying certificates state the conference and service details. The Debtor requests an order fixing an abbreviated response deadline and directing any additional notice or service the Court requires. This motion requests shortened time; it does not treat private email or projected CM/ECF notice as an automatic substitute for otherwise applicable service requirements.

7. A ruling may be made on the papers after the directed opportunity to respond if no evidentiary hearing is required. Any disputed material fact should be addressed at the earliest hearing under Rule 9014(d), with remote participation by the Debtor. The Debtor asks that costs and other merits disputes not delay a separate written ruling on the stay.

WHEREFORE, the Debtor requests expedited consideration, an immediate abbreviated scheduling order, and separate written disposition of the stay requests at the earliest available time.

Respectfully submitted,

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net
Dated: November 16, 2026

## CERTIFICATE OF CONFERENCE

The Debtor requested this relief in writing on October 2, 2026 (ECF 122 at 11–12) and on November 13, 2026 (Supplement at 5 and 17). He has received no response from Movant to either request.

Because the Emergency Motion asks for an expedited ruling, the Debtor is requesting the positions of Movant and the Chapter 7 Trustee when he serves it, and he will advise the Court promptly of any position received.

Jason Emory McKemie

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, a certified copy of this Emergency Motion, the proposed order, and form BTXN 146 are served by email on counsel for Movant Gwendolyn Laura Ulijasz:

- Jonathan D. Steele (jsteele@beermannlaw.com), Beermann LLP
- Richard G. Dafoe (rdafoe@wslawpc.com), Waddell Serafino Geary Rechner Jenevein, P.C.
- Rebecca L. Armstrong (rebecca@armstronglawtexas.com

and on:

- Areya Holder Aurzada, Chapter 7 Trustee (areya@holderlawpc.com)
- Office of the United States Trustee (ustpregion06.da.ecf@usdoj.gov)

On the same date a copy is emailed to the courtroom deputy at mvl_settings@txnb.uscourts.gov. Counsel of record will also receive electronic notice through the Court's CM/ECF system upon docketing.

The original ink-signed copies will be filed with the Clerk, United States Bankruptcy Court, Northern District of Texas, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, on November 17, 2026.

Jason Emory McKemie