BTXN 146 (rev. 03/03)

RECEIVED

NOV 19 2026

JD 6

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: | § CASE NO. 26-30161-mvl7 |
| JASON EMORY McKEMIE, | § CHAPTER 7 |
| Debtor. | § |

## MOTION FOR SETTING AND REQUEST FOR EXPEDITED HEARING

1. Jason Emory McKemie, pro se, requests that a hearing be set on:

**EMERGENCY MOTION FOR A WRITTEN DETERMINATION THAT THE AUTOMATIC STAY REMAINS IN EFFECT AS TO GWENDOLYN LAURA ULIJASZ AND FOR A SPECIFIC EXTENSION UNDER 11 U.S.C. § 362(e)**

not later than November 18, 2026, if practicable; otherwise, at the Court's earliest available setting. A ruling on the papers after an abbreviated response opportunity is requested if a hearing is unnecessary. If a hearing is required, the Debtor requests remote participation.

Hearing by that date is necessary because the sixtieth day after ECF 110 was November 10, 2026; the final hearing noticed for November 18 has been continued; and the Debtor needs an express determination of pre-deadline waiver and continuation of the stay before renewed property litigation proceeds on an assertion of statutory lapse. The Emergency Motion addresses the October 6 hearing, Movant's October 7 notice, and the specific extension requested. November 18 is a requested emergency action date; no final hearing remains set for that date.

2. Notice of the proposed expedited hearing will be provided to Movant's counsel, the Chapter 7 Trustee, and the United States Trustee, with administrative notice to the courtroom deputy. The accompanying certificate states the service details. The Debtor requests that the Court set an abbreviated response period and direct any additional notice or service required by the applicable rules. He does not assert that counsel's appearance alone constitutes written consent to private electronic service.

3. A separate emergency setting was not requested earlier because the Debtor already sought continuation and extension in ECF 122, pp. 11–12, and his November 13 Supplement, pp. 5 and 17. Court staff communicated the continuance on November 13. Counsel's November 14 email at 6:26 p.m. Central proposed December reset dates. The Debtor requests prompt action on this newly urgent scheduling issue.

Respectfully submitted,

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net
Dated: November 16, 2026

## CERTIFICATE OF CONFERENCE

The Debtor requested this relief in writing on October 2, 2026 (ECF 122 at 11–12) and on November 13, 2026 (Supplement at 5 and 17). He has received no response from Movant to either request.

Because the Emergency Motion asks for an expedited ruling, the Debtor is requesting the positions of Movant and the Chapter 7 Trustee when he serves it, and he will advise the Court promptly of any position received.

Jason Emory McKemie

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, a certified copy of this Emergency Motion, the proposed order, and form BTXN 146 are served by email on counsel for Movant Gwendolyn Laura Ulijasz:

- Jonathan D. Steele (jsteele@beermannlaw.com), Beermann LLP
- Richard G. Dafoe (rdafoe@wslawpc.com), Waddell Serafino Geary Rechner Jenevein, P.C.
- Rebecca L. Armstrong (rebecca@armstronglawtexas.com

and on:

- Areya Holder Aurzada, Chapter 7 Trustee (areya@holderlawpc.com)
- Office of the United States Trustee (ustpregion06.da.ecf@usdoj.gov)

On the same date a copy is emailed to the courtroom deputy at mvl_settings@txnb.uscourts.gov. Counsel of record will also receive electronic notice through the Court's CM/ECF system upon docketing.

The original ink-signed copies will be filed with the Clerk, United States Bankruptcy Court, Northern District of Texas, 1100 Commerce Street, Room 1254, Dallas, Texas 75242, on November 17, 2026.

Jason Emory McKemie