FILED
NOV 25 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: **JASON EMORY McKEMIE,**<br>Debtor. | CASE NO. **26-30161-mvl7** \| CHAPTER 7 |

# DEBTOR'S MOTION FOR LEAVE TO FILE ELECTRONICALLY AND FOR AN INTERIM ELECTRONIC FILING METHOD

Jason Emory McKemie, the Chapter 7 Debtor, requests individual authorization under Federal Rule of Bankruptcy Procedure 5005(a)(3)(B)(i) to file electronically in this bankruptcy case. He requests prompt, separate determination of this access motion because every further paper filing imposes expense and transportation barriers described in his accompanying declaration.

## I. ACCESS BARRIERS AND THE REQUESTED AUTHORIZATION

1. Debtor is indigent, unemployed, without his own housing, and without a vehicle following its surrender. He is proceeding without counsel because he cannot afford counsel. He can prepare PDFs and communicate by email, but has no CM/ECF filing privileges. Declaration ¶¶ 2–4.

2. On November 16, 2026, Debtor obtained exceptional help from a UPS store owner and driver who waited after closing so his signed emergency packet could go out. He estimates approximately $300 in gasoline and shipping expense over the preceding two weeks; that figure is an estimate, not a receipt-supported accounting or a demand for an immediate monetary award. Declaration ¶¶ 4–5.

3. Debtor requests authorization to file his own documents through CM/ECF in Case No. 26-30161-mvl7; remote completion of any registration, identity-verification, security, or training requirements; and receipt of electronic notices associated with that registration. He will protect his credentials, comply with signature and redaction requirements, and use the authorization only for filings on his own behalf. Declaration ¶ 6.

## II. GOVERNING AUTHORITY AND PRACTICAL IMPLEMENTATION

4. Rule 5005(a)(3)(B)(i) expressly permits an unrepresented individual to file electronically when authorized by court order or local rule. The Court's published FAQ describes routine registration as limited to attorneys, trustees, and creditors filing for a company. Debtor therefore requests an individualized order under the national rule, together with any case-specific modification of administrative requirements needed to implement it. N.D. Tex. L.B.R. 1001-1(b)(3).

5. The Court's Electronic Document Submission system already identifies an emergency requiring filing while the clerk's office is closed as a permissible use. Its published terms state that submission is not filing until a deputy clerk reviews and enters the document. Debtor

requests a continuing, expressly authorized method; he does not ask that an unapproved email be treated as a filed paper.

6. Debtor requests that the Clerk provide registration instructions within two business days after entry of the order and activate access promptly upon completion. Pending activation, he requests leave to submit signed PDFs through a method designated in writing by the Clerk, with an acknowledgment identifying the submission and its filing status. If direct CM/ECF privileges are technically unavailable, Debtor requests that this designated method remain available in this case rather than requiring repeated travel or overnight shipment.

7. Electronic filing privileges, PACER viewing access, and Debtor Electronic Bankruptcy Noticing are different functions. Debtor seeks filing privileges and associated electronic notices. Enrollment in DeBN alone would not provide the requested filing ability or substitute for opposing parties' required service.

8. This motion concerns the main bankruptcy case only. It does not request an order in Adversary Proceeding No. 26-03034-mvl. Debtor requests a separate written disposition of electronic filing access, without deferring that decision until resolution of his accompanying case-management motion.

**III. PRAYER**

Debtor requests an order granting individual electronic filing authorization, directing prompt remote implementation, authorizing an interim Clerk-designated submission method, and granting the case-specific administrative relief necessary to make that access functional.

Respectfully submitted,

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net

# CERTIFICATE OF SERVICE

I certify that on **November 24, 2026**, a true copy of this Notice and the proposed order was served by email on counsel for Movant Gwendolyn Laura Ulijasz:

- Jonathan D. Steele (jsteele@beermannlaw.com), Beermann LLP (Chicago)
- Sara Boucher (saboucher@beermannlaw.com), Beermann LLP (Chicago)
- Rosa Gutierrez (rgutierrez@beermannlaw.com), Beermann LLP (Chicago)
- Richard G. Dafoe (rdafoe@wslawpc.com), Waddell Serafino Geary Rechner Jenevein, P.C. (Dallas)
- Rebecca L. Armstrong (rebecca@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)
- Lauren Shaw (lauren@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)
- Terra Aguirre (terra@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)

and on:

- Areya Holder Aurzada, Chapter 7 Trustee (areya@holderlawpc.com)
- Office of the United States Trustee (ustpregion06.da.ecf@usdoj.gov)

On the same date a copy was emailed to the courtroom deputy (mvl_settings@txnb.uscourts.gov), and the ink-signed original were mailed on Tuesday, November 24th, 2026, by US Mail to the Clerk, United States Bankruptcy Court, Northern District of Texas, 1100 Commerce Street, Room 1254, Dallas, Texas 75242.

Jason M McKemie

**Jason Emory McKemie**