FILED

NOV 25 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: **JASON EMORY McKEMIE,**<br>Debtor. | CASE NO. **26-30161-mvl7** \| CHAPTER 7 |

# DEBTOR'S MOTION FOR A SERVICE, CONFERRAL, DISCLOSURE, AND CASE-MANAGEMENT ORDER

Jason Emory McKemie requests enforceable procedures that provide complete service, accurate reporting of his positions, fair notice of the relief to be heard, and a meaningful opportunity to present evidence. He seeks a case-management order under 11 U.S.C. § 105(a), (d), Federal Rules of Bankruptcy Procedure 9006, 9007, 9013, 9014, and 9036, and N.D. Tex. L.B.R. 1001-1(b)(3), 7007-1(a)–(c), 9013-1(a), and 9014-1.

## I. A DOCUMENTED NEED FOR ENFORCEABLE PROCEDURES

1. Debtor came to bankruptcy court on January 12, 2026 after seeking emergency housing, financial, and healthcare protection in state court. Judge Sandra Jackson directed him to bankruptcy court that day. His accompanying declaration recounts that conversation from personal recollection and explains the filing and transportation barriers he now faces. Declaration ¶¶ 2–16. The referral explains his reliance on this forum; the requested relief rests on this Court's own statutory and procedural authority.

2. On November 11, 2026 at 12:39 p.m. Central, Debtor transmitted his Statement of Positions, expressly replacing his November 10 email. At 1:42 p.m., Jonathan D. Steele committed in writing that Ms. Ulijasz would attach the statement in full to her WebEx motion and response to Debtor's motion to compel, report his positions in the conference certificates, and email both filings when filed. Appendix pp. 2–7; Declaration ¶¶ 20–21.

3. ECF 141 instead reproduces the November 10 email in its certificate of conference. Its certificate states that the motion and Exhibits A–D were served by email and first-class mail on November 12. ECF 142 and ECF 143 also certify November 12 service. The service email from counsel's office in Debtor's records is dated November 13 at 9:45:03 a.m. Central. Appendix pp. 8–12; ECF 141, pp. 12–13; ECF 142, p. 5; ECF 143, p. 13. Debtor declares that he did not receive the filings by email on November 12. Declaration ¶¶ 22–24.

4. ECF 142 sought a November 13, 5:00 p.m. response deadline. The November 13 delivery left less than eight hours that day. Debtor had requested coordinated consideration of the testimony motions, but did not authorize omission of his replacement statement or delayed delivery of the filed documents. He requests verification of the service discrepancy and correction of any inaccurate certification after the relevant transmission and mailing evidence is produced. ECF 142, pp. 2, 4–5; Appendix pp. 2, 8, 11.

## II. THE COURT CAN ORDER SPECIFIC SAFEGUARDS

5. Rule 9014(a) requires reasonable notice and an opportunity to be heard. Rule 9014(b) distinguishes service of an initiating motion under Rule 7004 from service of later papers under Civil Rule 5(b). A docket filing alone does not establish service on a person who is not an authorized electronic-service recipient. Rule 9036 and the Court's ECF service procedures govern electronic service. Debtor requests an additional direct-delivery requirement, without dispensing with any required formal service.

6. Local Rule 7007-1(c), applicable through Local Rule 9013-1(a), already requires signatures of the attorneys or parties to an agreed proposed order. Debtor seeks an express case-specific prohibition against representing his agreement without his signed approval of the exact matter represented. His silence, receipt of an email, agreement to discuss dates, or agreement to a limited procedural point cannot be expanded into agreement to substantive relief.

7. Local Rule 9014-1(c) ordinarily requires exchange of exhibits and filing and delivery of witness and exhibit lists at least three calendar days before a hearing. Debtor requests seven calendar days for contested evidentiary hearings scheduled sufficiently after entry of the proposed order, with particularized disclosure of witness topics and the relief to be adjudicated. This is a requested enlargement by case-specific order, not a representation that the existing local rule already requires seven days. Existing earlier disclosure deadlines remain effective.

## III. REQUESTED SERVICE AND HEARING PROTECTIONS

8. For each paper filed or submitted for judicial consideration that must be served on Debtor, require the filing party to email a complete readable PDF and every attachment to jmckemie@mckemie.net on the same day, promptly after filing, in addition to legally required service. Require identification of the docket entry, filing date, document title, and each attachment; a paywall, expiring link, or inaccessible folder is not a substitute. If size requires multiple messages, require sequentially numbered parts.

9. Require certificates to identify the papers served, service date and method, and recipient addresses. For direct email delivery, require the actual transmission time and time zone. Require preservation of sent messages, attachment lists, rejection notices, and existing mailing records. On a specific service dispute, require the sender to produce the contemporaneous proof within two business days and correct an inaccurate certificate within one business day after discovering the inaccuracy.

10. Require actual notice of every hearing, continuance, and material change in the requested relief, including identification of the motions, disputed issues, whether testimony will be taken, and the participation instructions. Require copies to Debtor of nonprivileged communications with court staff concerning settings, proposed orders, or the scope of relief. Apply Rule 9003's prohibition on unauthorized ex parte communications concerning the case.

11. Before an ordinary motion affecting Debtor, require delivery of the specific proposed relief and at least three business days for a written position. The certificate must accurately

report the current position on each material request, identify any conditions, and attach the substantive conferral exchange on which a claimed agreement relies. If no response is received, report that fact; do not label the request agreed or affirmatively unopposed. A genuine emergency must be explained to the Court, with the actual efforts to confer disclosed.

12. Require Debtor's express signature approving the exact relief before describing a motion, proposed order, stipulation, withdrawal, waiver, or material amendment as agreed by him. A signed agreement on scheduling alone shall not establish consent to the merits, withdrawal of an objection, waiver of testimony, or fees. Prohibit presentation of an altered version as the version he approved.

13. Require a shortened-time application to identify the ordinary deadline, requested deadline, facts creating the emergency, actual delivery time, and Debtor's current position. Require any order shortening time to state a definite response deadline and an opportunity to respond to newly supplied material. Debtor requests restoration of a meaningful response period upon a proven service failure. He does not request automatic alteration of a statutory deadline or permission to disregard an existing order while a correction request is pending.

14. For contested evidentiary hearings, require witness identities, topics, anticipated duration, separately numbered exhibit lists with complete exhibits, and deposition designations at least seven calendar days before the hearing when the schedule permits. Preserve the local rule's exception for material used solely for impeachment. Require a written request showing good cause before adding substantive relief, a witness, or non-impeachment evidence after the deadline; allow a response and an appropriate cure before reliance on the late material.

15. Require a clean copy and redline of materially revised proposed orders. Prohibit representing unrequested indemnity, fee shifting, releases, estate-property determinations, or waivers as previously agreed or already adjudicated. Before entry, require notice and an opportunity to object to disputed provisions; request express written rulings on each disputed procedural protection and any unresolved objection material to the ruling.

## IV. PROTECT ESTATE INVESTIGATION WITHOUT DECIDING OWNERSHIP BY ASSUMPTION

16. Debtor alleges theft, concealment of assets, and financial obstruction, and seeks investigation and recovery for creditors and his lawful interests. Estate property includes the interests described in 11 U.S.C. § 541(a)(1), (2), and (6), wherever located and by whomever held. A theft allegation involving property claimed for this estate cannot be disposed of merely by labeling the parties' relationship a divorce dispute. The particular property, ownership, exemptions, abandonment, and proper recovery procedure must be determined.

17. ECF 110, p. 12, expressly acknowledges that an overdraft does not itself exclude earlier withdrawals having been placed in another asset or later redeposited. ECF 111, p. 12, advances temporal objections to tracing, while p. 17 seeks production to the Trustee without dissemination to Debtor. Appendix pp. 13–15. Debtor opposes those restrictions and seeks

institution-origin transfer and destination records. He does not adopt Movant's account balances, marriage date, ownership claims, or characterization of the funds.

18. The Court should promptly determine the authorized discovery route for the records sought in ECF 97 and the objections in ECF 111. If particular discovery must proceed in the stay contested matter under Rule 9014(c), Debtor requests identification of that route and a concrete schedule, rather than a procedural dead end. This motion does not request adjudication in, or consolidation with, the separately docketed adversary proceeding.

19. Under 11 U.S.C. §§ 105(d) and 704(a)(7), Debtor requests a status conference and that the Trustee provide, within fourteen days after entry of the order, a written status identifying the estate interests and recovery claims being evaluated, whether any identified property has been abandoned by an effective order or statutory abandonment, the discovery route contemplated, and the next steps and target dates. Any request to withhold responsive information should identify its legal basis for decision by the Court. Debtor does not seek to assume the Trustee's authority or to distribute unadministered estate assets through this procedural motion.

**V. ENFORCEMENT AND SEPARATE RULINGS**

20. Require prospective compliance and prompt correction. For a demonstrated violation, Debtor requests a hearing and a written ruling on appropriate relief, including restoration of response time, an evidentiary cure, and, where separately noticed and legally established, compensatory costs, sanctions, or contempt. This is not a substitute for the separate-motion and safe-harbor requirements of Rule 9011(c)(2). Debtor opposes any award of fees against him.

Debtor requests entry of the accompanying procedural order, a separate prompt ruling on electronic filing access, a status conference addressing estate investigation, and distinct written grant-or-deny rulings on the material protections requested above.

Respectfully submitted,

Jason M McKemie

Jason Emory McKemie
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net