**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: **JASON EMORY McKEMIE,**<br>Debtor. | CASE NO. **26-30161-mvl7** \|<br>*CHAPTER 7* |

# ORDER GOVERNING SERVICE, CONFERRAL, DISCLOSURE, AND CASE MANAGEMENT

Upon consideration of Debtor's Motion for a Service, Conferral, Disclosure, and Case-Management Order, after notice and an opportunity to be heard, the Court ORDERS the following procedures in Case No. 26-30161-mvl7:

**1. Complete delivery.** Each party filing or submitting a paper for judicial consideration that is required to be served on Debtor shall promptly email the complete readable paper and all attachments to jmckemie@mckemie.net on the day of filing or submission, in addition to formal service required by law. The message shall identify the title, filing date, docket entry when available, and attachments. Multiple messages shall be numbered sequentially. A paywalled, inaccessible, or expiring link shall not substitute for the required PDFs.

**2. Proof and correction.** A certificate shall identify the papers served, recipients, addresses, service date, and method. Direct email delivery shall be stated with its actual time and time zone. The sender shall preserve sent messages, attachment lists, rejection notices, and existing mailing records. Upon a particularized written dispute identifying a filing and claimed service failure, the sender shall provide contemporaneous proof within two business days. An inaccurate certificate shall be corrected within one business day after discovery of the inaccuracy. A known failed electronic delivery shall be remedied promptly by effective delivery and any legally required service.

**3. Hearing notice.** The party responsible for noticing a hearing shall file and serve notice of every setting and continuance. The notice shall identify the motions and relief to be heard,

whether testimony will be taken, the date, time, time zone, location, and authorized participation instructions. No party shall treat an uncommunicated setting or substantive change as notice to Debtor.

**4. Conferral.** Before an ordinary motion affecting Debtor, the movant shall deliver the specific proposed relief and allow at least three business days for his written position. Certificates shall report the current position on each material request and all stated conditions. Any claimed agreement shall be supported by the substantive conferral exchange. Failure to receive a response shall be reported as no response, not affirmative agreement. A party invoking emergency circumstances shall disclose the circumstances and actual efforts to confer and seek relief from the ordinary conference interval.

**5. Express agreement.** No party or counsel shall represent that Debtor agreed to a motion, order, stipulation, withdrawal, waiver, or material amendment without his express signature approving the exact matter represented. An agreed proposed order shall bear his signature approving that version. Scheduling assent, silence, receipt of an email, or agreement to a different or narrower request shall not be represented as consent to substantive relief, fees, indemnity, withdrawal of objections, or waiver of testimony.

**6. Shortened time.** An application shall identify the ordinary and proposed deadlines, specific urgency, actual delivery time, and Debtor's current position. An order shortening time shall identify the response deadline and opportunity to answer new material. A party seeking restoration of time because of defective service shall promptly request a ruling. This Order does not automatically change a statutory deadline or authorize disregard of an existing deadline.

**7. Disclosure.** For a contested evidentiary hearing scheduled at least ten calendar days after entry of this Order, parties shall file and exchange their witness lists, witness topics and estimated testimony time, exhibit lists and complete exhibits, and deposition designations at least seven calendar days before the hearing. Material offered solely for impeachment is excepted as provided by Local Rule 9014-1(c). Existing earlier deadlines remain effective. For a sooner hearing, existing deadlines remain effective unless the Court expressly changes them after notice and reasonable opportunity to comply.

**8. Late material.** A party seeking to add substantive relief, a witness, or non-impeachment evidence after the applicable deadline shall identify the addition and show good cause in a written request. Before relying on it, the Court shall allow the affected party to respond and shall determine an appropriate remedy for prejudice, including a continuance, additional response, or exclusion when authorized.

**9. Proposed orders.** A materially revised proposed order shall be supplied in clean and redline form. Parties shall identify disputed provisions before submission for entry. Unrequested indemnity, fees, releases, estate-property determinations, or waivers shall not be presented as previously agreed or already adjudicated. Disputed substantive provisions shall be determined after notice and opportunity to object.

**10. Court communications.** Parties shall copy Debtor on nonprivileged communications with court staff concerning settings, proposed orders, or the scope of relief. Rule 9003 governs

prohibited ex parte communications; authorized administrative communications shall not be used to obtain an undisclosed merits ruling.

**11. Existing service dispute.** Within two business days after entry, counsel responsible for the certificates in ECF 141, 142, and 143 shall provide Debtor the contemporaneous email-transmission and mailing evidence supporting the November 12 service statements, identifying the attachments transmitted. Any party disputing that evidence may file a response. Any required correction shall comply with paragraph 2. This paragraph makes no advance finding of intentional misconduct.

**12. Estate status.** Within fourteen days after entry, the Chapter 7 Trustee shall provide Debtor and file a status statement identifying the estate interests and recovery claims under evaluation, effective abandonment affecting the identified interests, the contemplated discovery route, and next steps and target dates. Any request to withhold responsive information shall identify the legal basis for Court determination under 11 U.S.C. § 704(a)(7).

**13. Status conference.** The courtroom deputy shall issue a setting notice for a status conference addressing the information in paragraph 12 and the authorized discovery route and schedule for the records requested in ECF 97 and opposed in ECF 111. This Order does not determine estate ownership, approve a distribution, or confer the Trustee's statutory authority on Debtor.

**14. Enforcement.** A party asserting a violation shall identify the specific provision, conduct, prejudice, and requested remedy. The Court shall determine relief after notice and opportunity to be heard, including restoration of response time, an evidentiary cure, and legally authorized compensatory relief, sanctions, or contempt upon satisfaction of the applicable requirements. This Order does not award fees against Debtor.

**15. Scope.** These procedures apply in this main bankruptcy case and do not adjudicate or alter procedures in Adversary Proceeding No. 26-03034-mvl. Existing substantive rights, objections, and burdens remain for decision in the proper proceeding.

**### End of Order ###**

Submitted by:
**Jason Emory McKemie**
Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net