# EXHIBIT INDEX

*In re Jason Emory McKemie | Case No. 26-30161-mvl7*

## EXHIBIT A — Emails, November 13 to November 19, 2026

| | | |
|---|---|---|
| **A-1** | November 13, 2026, 9:45 a.m. | Sara A. Boucher (Beermann LLP) to the Debtor: first email of ECF 141, 142 and 143 |
| **A-2** | November 13, 2026, 3:54 p.m. | The Debtor to Movant's counsel: asks how ECF 141, 142 and 143 were served on November 12 |
| **A-3** | November 13, 2026, 4:47 p.m. | Richard G. Dafoe to the Debtor: "widespread outage involving Microsoft products" |
| **A-4** | November 13, 2026, 7:24 p.m. | The Debtor to Richard G. Dafoe: "That is not an answer to either question" |
| **A-5** | November 14, 2026, 6:26 p.m. | Jonathan D. Steele to the Debtor: "available for an in-person hearing" on December 1, 8 or 18 |
| **A-6** | November 18, 2026, 7:38 a.m. | Jonathan D. Steele to the Court: "Movant is available on both dates" |
| **A-7** | November 18, 2026, 8:45 a.m. | Courtroom deputy to the parties: half-day setting on December 8 |
| **A-8** | November 18, 2026, 8:49 a.m. | Jonathan D. Steele to the Court: "Movant requests the 1:30 p.m. start" on December 8 |
| **A-9** | November 18, 2026, 8:54 a.m. | Courtroom deputy to the parties: confirming both matters reset to December 8 |
| **A-10** | November 18, 2026, 11:06 a.m. | The Debtor to the Court: will call Movant as an adverse witness in person |
| **A-11** | November 18, 2026, 11:12 a.m. | Jonathan D. Steele to the Court: "That was in error"; agreement that the stay remains in effect |
| **A-12** | November 18, 2026, 1:06 p.m. | The Debtor to the Court: agreement on the reset of ECF 110 and on the stay |
| **A-13** | November 18, 2026, 3:34 p.m. | Courtroom deputy to the parties: ECF 97 on December 8; January 20, 2027 offered for ECF 110 |
| **A-14** | November 19, 2026, 6:06 p.m. | The Debtor to the Court: accepting January 20, 2027 at 1:30 p.m. |

EXHIBIT B — *"Due Process Collapse": the Debtor's demonstrative of the certified docket in Cause No. DF-24-18010, 301st Judicial District Court, Dallas County, Texas (docket through July 29, 2026) (6 pages)*

EXHIBIT C — *"Requests for Relief and Warnings of Harm": the Debtor's demonstrative of 103 filings in Cause No. DF-24-18010 and the order or outcome located for each (county register checked November 21, 2026) (8 pages)*

*Exhibits A-2, A-4, A-6, A-7, A-9 and A-11 are images of the emails. The other items in Exhibit A are the text of the emails as it appears in the Debtor's mail program (Decl. ¶ 2).*

# EXHIBIT A

Emails, November 13 to November 19, 2026

*In re Jason Emory McKemie | Case No. 26-30161-mvl7*

## EXHIBIT A-1

*November 13, 2026, 9:45 a.m. | Sara A. Boucher (Beermann LLP) to the Debtor: first email of ECF 141, 142 and 143*

| | |
|---|---|
| **From:** | Sara A. Boucher <saboucher@beermannlaw.com> |
| **To:** | Jason McKemie <jmckemie@mckemie.net> |
| **Cc:** | Rosa Gutierrez <rgutierrez@beermannlaw.com>; rdafoe <rdafoe@wslawpc.com>; areya@holderlawpc.com; trustee@holderlawpc.com; ustpregion06.da.ecf@usdoj.gov; mvl_settings@txnb.uscourts.gov; Jonathan Steele <jsteele@beermannlaw.com> |
| **Date:** | Friday, November 13, 2026 at 9:45 AM CST |
| **Subject:** | RE: Case No. 26-30161-mvl7: Debtor's Response with Statement of Position Regarding Movant's Forthcoming Motion to Appear Remotely |
| **Attachments:** | 2026-11-12 (GU) Application for Order Shortening Time.pdf; 2026-11-12 (GU) Response to Motion to Compel.pdf; 2026-11-12 (GU) Proposed Order on Motion to Compel.pdf; 2026-11-12 (GU) Motion for Leave to Give Testimny by Webex.pdf |

Mr. McKemie:

Attached please find the following:

1. Movant Gwendolyn Ulijasz's Motion for Leave to Give Any Testimony at the NOvember 18, 2016 Hearing by Webex Videoconference.

2. Movant Gwendolyn Ulijasz's Application for Order Shortening Time and Request for Expedited Consideration of Her Webex Motion.

3. Movant Gwenolyn Ulijasz's Response to the Debtor's Motion to Compel her In-Person Appearance and Testimony and to the Debtor's Motion for Expedited Consideration and proposed Order regarding the same.

Should you have any questions or concerns, please do not hesitate to contact our office.

Sara A. Boucher | Paralegal

*[Signature block, confidentiality notice and earlier messages in the thread omitted.] The attachments are not reproduced. The Debtor's private email addresses are omitted from the address lines. Spelling as in the original.*

## EXHIBIT A-2

*November 13, 2026, 3:54 p.m.* | *The Debtor to Movant's counsel: asks how ECF 141, 142 and 143 were served on November 12*

**Jason McKemie** November 13, 2026 at 3:54 PM
**Re: Case No. 26-30161-mvl7: Debtor's Response with Statement of Position Regarding...**
To: Sara A. Boucher, Cc: Jason McKemie, Jason McKemie, Rosa Gutierrez & 9 more Details

Mr. Steele, Mr. Dafoe, Ms. Boucher:

On November 11, 2026, Mr. Dafoe emailed me Movant's witness list and exhibit list.

On November 12, 2026, Movant filed ECF 141, 142 and 143. I received no email of those three filings that day. Your first email of them is dated November 13, 2026.

Mr. Steele's certificate of service on each of the three states that I was served on November 12 "by email" and "by first-class United States mail."

Please state by 5:00 p.m. Central today how ECF 141, 142 and 143 were served on me on November 12, 2026:

1. By email? If so, send me the sent email.
2. By mail? If so, send me proof of mailing: the postage or tracking record, and who mailed it, when, and from where.

If neither was done on November 12, say so.

Jason Emory McKemie
Debtor, pro se
(214) 519-8958

See More from Sara A. Boucher

## EXHIBIT A-3

*November 13, 2026, 4:47 p.m. | Richard G. Dafoe to the Debtor: "widespread outage involving Microsoft products"*

**From:** Richard Dafoe <rdafoe@wslawpc.com>
**To:** Jason McKemie; Sara A. Boucher <saboucher@beermannlaw.com>
**Cc:** Jason McKemie <jmckemie@mckemie.net>; Rosa Gutierrez <rgutierrez@beermannlaw.com>; areya@holderlawpc.com; trustee@holderlawpc.com; ustpregion06.da.ecf@usdoj.gov; mvl_settings@txnb.uscourts.gov; Jonathan Steele <JSteele@beermannlaw.com>
**Date:** Friday, November 13, 2026 at 4:47 PM CST
**Subject:** RE: Case No. 26-30161-mvl7: Debtor's Response with Statement of Position Regarding Movant's Forthcoming Motion to Appear Remotely

On November 12, 2026, there was a widespread outage involving Microsoft products online that intruded on the work lives of offices nationwide Thursday and Friday, including a lack of email access and delays by users and delays in deliveries of emails. That explains why you did not received emails sent by our office on Nov. 12 until Nov. 13.

Richard G. Dafoe
Waddell Serafino Geary Rechner Jenevein, P.C.

*[Signature block, confidentiality notice and earlier messages in the thread omitted.] The Debtor's private email addresses are omitted from the address lines. Wording as in the original.*

# EXHIBIT A-4

*November 13, 2026, 7:24 p.m. | The Debtor to Richard G. Dafoe: "That is not an answer to either question"*

**Jason McKemie** November 13, 2026 at 7:24 PM

**Re: Case No. 26-30161-mvl7: Debtor's Response with Statement of Position Regarding Movant's Forthcoming Motion to Appear Remotely** Hide

To: Richard Dafoe,

Cc: Sara A. Boucher, Jason McKemie, Jason McKemie, Rosa Gutierrez, areya@holderlawpc.com, trustee@holderlawpc.com, ustpregion06.da.ecf@usdoj.gov, TXNB MVL_Settings, Jonathan Steele,

Bcc: Jason McKemie

Mr. Dafoe:

That is not an answer to either question.

I asked for one of two things: the sent email, or proof of mailing.

An outage explains why a message did not arrive. It does not erase a sent-items record, a postage receipt, or a tracking number. If ECF 141, 142 and 143 were emailed to me on November 12, that sent record exists and can be forwarded in under a minute. If they were mailed, the postage record exists. Produce either one.

Second, Mr. Steele's certificates state service "by first-class United States mail." Microsoft does not carry the United States mail. Whatever happened to Exchange Online on November 12 has no bearing on that representation, and it remains unsupported.

Third, you are not the certifying party. Mr. Steele signed those three certificates, and his office is in Illinois, more than 900 miles from yours. Your email nonetheless describes how and when service from his office was accomplished. State the basis for that.

Were you present in his office on November 12?

Did you transmit the filings yourself?

Or are you relaying what someone else told you, and if so, who told you, and what did they say?

A certificate of service is a representation to the Court about what the signer did. It is not substantiated by counsel at a different firm in another state describing events he was not present to observe.

As to the outage itself: Microsoft opened Exchange Online incident EX1550543 at 11:17 a.m. Eastern on November 12 and the broader Microsoft 365 incident MO1550821 that afternoon. Microsoft reported mail DELAYED and queued, not lost, drained the queue, and extended its delivery timeout window. DELAY is precisely my point. I received these three filings on November 13, not November 12. Your email confirms my position rather than answering it.

For the record, other correspondence from your office and from Beermann reached me on the same days without difficulty. The only three transmissions that did not arrive are the three that frame the relief now set for hearing. I am not asking you to explain that. I am asking you to produce the proof of service that was certified.

The date matters.

ECF 142 asked the Court to shorten my time to respond. The certificates on ECF 141, 142 and 143 tell the Court that my time began on November 12. It began on November 13.

**Nothing I file in response waives this objection, and I reserve the right to seek relief on those certificates, including under Fed. R. Bankr. P. 9011.**

So the questions stand:

1. The sent email, if sent.

2. The postage or tracking record, and who mailed it, when, and from where, if mailed.

3. If neither was done on November 12, say so.

Jason Emory McKemie
Debtor, pro se
(214) 519-8958

# EXHIBIT A-5

*November 14, 2026, 6:26 p.m.* | *Jonathan D. Steele to the Debtor: "available for an in-person hearing" on December 1, 8 or 18*

**From:** Jonathan Steele <jsteele@beermannlaw.com>
**To:** jmckemie@mckemie.net
**Cc:** rdafoe <rdafoe@wslawpc.com>; Sara A. Boucher <saboucher@beermannlaw.com>; areya@holderlawpc.com; lmartinez@qslwm.com
**Date:** Saturday, November 14, 2026 at 6:26 PM CST
**Subject:** In re McKemie, 26-30161-mvl7: conferral on reset hearing for ECF 110

Hi Mr. McKemie,

Per the Court's November 13 email, the parties are to confer on the timing of a reset hearing on Ms. Ulijasz's motion for relief from stay (ECF 110) and your pending motions, along with a time estimate.

We are available for an in-person hearing on Tuesday, December 1, Tuesday, December 8, or Friday, December 18. We estimate 90 minutes for all matters.

Please let us know by Wednesday, November 18 which of these dates work for you, or propose alternatives, along with your time estimate, so we can report back to chambers.

Jonathan
Jonathan Steele | Divorce and Family Law Partner

*[Signature block, confidentiality notice and earlier messages in the thread omitted.]*

# EXHIBIT A-6

*November 18, 2026, 7:38 a.m.* | *Jonathan D. Steele to the Court: "Movant is available on both dates"*

**From:** Jonathan Steele <jsteele@beermannlaw.com>
**Sent:** Wednesday, November 18, 2026 7:38 AM
**To:** TXNB MVL_Settings <mvl_settings@txnb.uscourts.gov>
**Cc:** jmckemie@mckemie.net <jmckemie@mckemie.net>; rdafoe <rdafoe@wslawpc.com>; Sara A. Boucher <saboucher@beermannlaw.com>; areya_holderlawpc.com <areya@holderlawpc.com>; lmartinez@qslwm.com <lmartinez@qslwm.com>; ustpregion06.da.ecf@usdoj.gov <ustpregion06.da.ecf@usdoj.gov>
**Subject:** In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110

**CAUTION - EXTERNAL:**

Mr. Robinson,

Per the Court's November 13 email, the parties conferred on resetting the hearing on Movant's motion (ECF No. 110) and the Debtor's motions.

Dates: The Debtor's first choice is Friday, December 18, 2026, and his second is Tuesday, December 8, 2026. Movant is available on both dates and proposes December 18.

Time: Movant estimates 90 minutes for all matters. The Debtor requests a full day, or the half day already reserved plus a second setting.

The Debtor has stated that his agreement to any date is subject to conditions set out in his written response, which he emailed to the parties and the Court on November 17.

Thank you,
Jonathan Steele
Counsel for Movant Gwendolyn Ulijasz

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

**Jonathan Steele** | Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601
Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015
Tel: 847.681.9600 | Fax: 847.681.0909

jsteele@beermannlaw.com | www.beermannlaw.com

BEERMANN LLP EST. 1958

BEST LAW FIRMS UNITED STATES 2026

BEST PLACES TO WORK CRAIN'S CHICAGO BUSINESS • 2026

# EXHIBIT A-7

*November 18, 2026, 8:45 a.m. | Courtroom deputy to the parties: half-day setting on December 8*

---

**TXNB MVL_Settings** Inbox - iCloud 8:45 AM

**Re: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110**

To: Jonathan Steele, TXNB MVL_Settings,

Cc: Jason McKemie, rdafoe, Sara A. Boucher, areya_holderlawpc.com, lmartinez@qslwm.com, ustpregion06.da.ecf@usdoj.gov

Hide

Good morning, Mr. Steele,

Judge Larson has agreed to a half day setting on Tuesday, 12/8. Do you all want to start at 9:30 or 1:30?

I look forward to hearing from you.

Dawn Harden

**Dawn Harden**
Courtroom Deputy to the Honorable Michelle Larson
United States Bankruptcy Court
Northern District of Texas
(214) 753-2117
mvl_settings@txnb.uscourts.gov
www.txnb.uscourts.gov

## EXHIBIT A-8

*November 18, 2026, 8:49 a.m. | Jonathan D. Steele to the Court: "Movant requests the 1:30 p.m. start" on December 8*

**From:** Jonathan Steele <jsteele@beermannlaw.com>
**To:** mvl_settings@txnb.uscourts.gov
**Cc:** jmckemie@mckemie.net; rdafoe <rdafoe@wslawpc.com>; Sara A. Boucher <saboucher@beermannlaw.com>; areya@holderlawpc.com; lmartinez@qslwm.com; ustpregion06.da.ecf@usdoj.gov
**Date:** Wednesday, November 18, 2026 at 8:49 AM CST
**Subject:** RE: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110

Good morning, Ms. Harden,

Thank you, and please thank Judge Larson for the setting. Movant requests the 1:30 p.m. start on Tuesday, December 8, 2026.

Jonathan Steele
Counsel for Movant Gwendolyn Ulijasz

*[Signature block, confidentiality notice and earlier messages in the thread omitted.]*

## EXHIBIT A-9

*November 18, 2026, 8:54 a.m. | Courtroom deputy to the parties: confirming both matters reset to December 8*

**TXNB MVL_Settings** Inbox - iCloud 8:54 AM

**Re: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110**

To: Jonathan Steele, Cc: Jason McKemie, rdafoe, TXNB MVL_Settings & 4 more Details

3

I want to confirm we are resetting both matters that were set for today to 12/8 at 1:30?

- Debtor's Motion For Order Authorizing Rule 2004 Subpoenas For Third-Party Financial Records Concerning Assets Identified By The Chapter 7 Trustee For Estate Administration; Authorization For The Clerk To Issue Subpoenas filed by Jason Emory McKemie (97)

- Final hearing re: Motion for relief from stay filed by Creditor Gwendolyn Ulijasz (110)

Dawn

**Dawn Harden**
Courtroom Deputy to the Honorable Michelle Larson
United States Bankruptcy Court
Northern District of Texas
(214) 753-2117
mvl_settings@txnb.uscourts.gov
www.txnb.uscourts.gov

**EXHIBIT A-10**

*November 18, 2026, 11:06 a.m. | The Debtor to the Court: will call Movant as an adverse witness in person*

**From:** Jason McKemie <jmckemie@mckemie.net>
**To:** TXNB MVL_Settings <mvl_settings@txnb.uscourts.gov>
**Cc:** Jonathan Steele <JSteele@beermannlaw.com>; rdafoe <rdafoe@wslawpc.com>; Sara A. Boucher <saboucher@beermannlaw.com>; areya@holderlawpc.com; lmartinez@qslwm.com; ustpregion06.da.ecf@usdoj.gov
**Date:** November 18, 2026 at 11:06:19 AM CST
**Subject:** Re: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110

Ms. Harden:

Thank you. I apologize for the delay in responding.

1. **DATE AND TIME.** Yes. Tuesday, December 8, 2026 at 1:30 p.m. works for me for both matters, and I thank the Court for the half-day setting. I ask that it be noted as an in-person evidentiary hearing, as the Court set it on October 6 (ECF 128 at 1; ECF 141 at 3). Movant will be called as a witness. I will call her as an adverse witness and cross-examine her in person, and I am serving a hearing subpoena for her testimony. I will also call other witnesses, including but not limited to the constables present on April 16 and May 22, 2026. If the half day is not enough to those examinations, I will ask for a second setting.

2. **THE STAY.** I respectfully ask that the Court order the automatic stay continued in effect as to Movant through the December 8 hearing and the Court's ruling on ECF 110, and that the periods in 11 U.S.C. § 362(e) be extended through that ruling. I agree to that extension. I requested the same relief on October 2 (ECF 122 at 11-12) and November 13 (ECF 148 at 5, request (7), and at 17 ¶ 35). I ask Movant's counsel and the Trustee to state on this thread whether they agree. My emergency motion for that order is being served by email today and sent to the Clerk by overnight delivery.

3. **URGENT MATTERS BEFORE DECEMBER 8.** I want the Court to be aware that I am filing emergency motions that cannot wait for December 8: restoration of my health and insurance benefits, and the return of my clothing, tools are trade, professional, clothing, family heirlooms, computers, furniture, drives and property which will be defined in a forthcoming motion. I will ask for the Court's earliest available setting on them. I also ask that ECF 97 be ruled on the papers if the Court is able (proposed order at ECF 146-1).

4. **MOVANT'S REPORT.** Movant's counsel's report this morning refers to my November 17 written response but does not state its conditions or attach it. This is the second time my written positions were left out of what was given to the Court. My response is attached in full so the Court has it. Its conditions stand, including that Movant confirm she will appear in person on December 8 and testify when called. Her provider's letter advises against

travel through approximately January 11, 2027 (ECF 141 at 35). My opposition to remote testimony (ECF 134, 144) stands.

5. **ECF 110.** No part of ECF 110 has been withdrawn by order. Movant has asked for leave to withdraw her requests for annulment of the stay and for a determination that property was not property of the estate (ECF 143 ¶ 6 at 4). I oppose that request and ask that those requests be denied with prejudice (ECF 148 at 17).

Attached: my November 17, 2026 written response, in full (67 pages): CONFER - McKemie Response to Steele.pdf

I do not agree to any term not explicitly stated in this email or in my November 17 response in the attached pdf.

I ask that nothing be represented to the Court by Movant or her Counsel, or treated by the court, as agreed by me unless the Court has received such agreement directly from me in writing.

Thanks for all of your help Dawn.

Jason Emory McKemie
Debtor, Pro Se (Not by Choice)
(214) 519-8958 | jmckemie@mckemie.net

# EXHIBIT A-11

*November 18, 2026, 11:12 a.m. | Jonathan D. Steele to the Court: "That was in error"; agreement that the stay remains in effect*

**Jonathan Steele** Inbox - iCloud 11:12 AM

**RE: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110**

To: TXNB MVL_Settings, Cc: Jason McKemie, rdafoe, Sara A. Boucher & 3 more Details

Ms. Harden,

Thank you. Before the Court confirms December 8, I need to correct my email from this morning, which said Movant is available on both proposed dates. That was in error. As set out in Ms. Ulijasz's declaration and her treating provider's letter (ECF 141, Ex. D), she has been advised to refrain from travel through approximately January 11, 2027, which includes the drive to Dallas. The Debtor wrote this morning that he will call her as an adverse witness in person and is serving a hearing subpoena on her, and the Court has directed that the hearing proceed in person.

Movant therefore respectfully asks that ECF 97 and ECF 110 be reset to the Court's first available date after January 11, 2027. Because the later date is at Movant's request, Movant agrees that the automatic stay remains in effect as to her motion, and that the periods under 11 U.S.C. 362(e) are extended, through the reset hearing and the Court's ruling on ECF 110.

Movant will respond to the other matters in the Debtor's email through any motion he files, in the ordinary course.

I apologize for the confusion.

Jonathan

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

**Jonathan Steele** | Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601
Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015
Tel: 847.681.9600 | Fax: 847.681.0909

jsteele@beermannlaw.com | www.beermannlaw.com

BEERMANN LLP EST. 1958

BEST PLACES TO WORK CRAIN'S CHICAGO BUSINESS • 2026

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

# EXHIBIT A-12

*November 18, 2026, 1:06 p.m. | The Debtor to the Court: agreement on the reset of ECF 110 and on the stay*

**From:** Jason McKemie <jmckemie@mckemie.net>
**To:** Jonathan Steele <JSteele@beermannlaw.com>
**Cc:** mvl_settings@txnb.uscourts.gov; rdafoe <rdafoe@wslawpc.com>; Sara A. Boucher <saboucher@beermannlaw.com>; areya@holderlawpc.com; lmartinez@qslwm.com; ustpregion06.da.ecf@usdoj.gov
**Date:** November 18, 2026 at 1:06:56 PM CST
**Subject:** Re: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110

Ms. Harden:

1. **MOVANT'S REQUEST TO RESET ECF 110 TO A DATE AFTER JANUARY 11, 2027: AGREED.**

   I agree to resetting ECF 110 to the Court's first available date after January 11, 2027. I understand the reset hearing to be the in-person evidentiary hearing the Court directed, at which Movant will appear in person and I will call her as an adverse witness for cross-examination.

2. **THE STAY: AGREED.**

   Under 11 U.S.C. § 362(e)(2)(B), the 60-day period is extended "(i) by agreement of all parties in interest; or (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court." Movant's counsel wrote to the Court at 11:12 a.m. today: "Movant agrees that the automatic stay remains in effect as to her motion, and that the periods under 11 U.S.C. 362(e) are extended, through the reset hearing and the Court's ruling on ECF 110." I agree to the same. Movant and I, the two parties to her motion, have now both agreed in writing before the Court. The Chapter 7 Trustee has stated no opposition; I ask her to note any objection on this thread. I will mail to the Clerk a short motion and proposed order reciting this agreement, and I respectfully ask that the Court sign it so the extension is of record.

3. **MOVANT'S REQUEST TO RESET ECF 97 TO A DATE AFTER JANUARY 11, 2027: OPPOSED.**

   ECF 97 is my motion for Rule 2004 subpoenas. It does not require Movant's attendance or testimony, so her provider's letter is no reason to delay it. The records it seeks are needed before the ECF 110 hearing. ECF 97 was filed on August 21, 2026, three weeks before Movant filed ECF 110 on September 11, 2026, and it has now been pending for almost three months. Her objection (ECF 111) is fully briefed (ECF 124, 146, 148). I ask that the Court overrule ECF 111 and grant ECF 97 on the papers (proposed order at ECF 146-1).

**4. DECEMBER 8, AND THE MATTERS THAT REQUIRE MOVANT IN PERSON.**

I ask that the December 8, 2026 half day be kept for two matters that do not require Movant's testimony: ECF 97, if the Court requires a hearing on it, and the emergency motion I am filing for restoration of my benefits under the December 17, 2025 order. I will also be filing motions on the return of my property and on Movant's violations of the automatic stay, and I will ask for separate settings on them.

I am also advising the Court in advance that I will be filing motions that require Movant's cross-examination in person. I will ask that they be heard after January 11, 2027 and before ECF 110, on their own setting. If the Court sets them on the same day as ECF 110, I ask that they be heard first and that more than a half day be reserved. A half day will not cover those matters and ECF 110 together.

And once again, I respectfully ask that nothing be represented to the Court by Movant or her counsel, or treated as agreed by me, on any matter in this case, unless the Court has received my agreement directly from me in writing.

Thanks again, Dawn for all of your help.

Jason Emory McKemie
Debtor, Pro Se' (Not by Choice)
(214) 519-8958 | jmckemie@mckemie.net

# EXHIBIT A-13

*November 18, 2026, 3:34 p.m.* | *Courtroom deputy to the parties: ECF 97 on December 8; January 20, 2027 offered for ECF 110*

**From:** TXNB MVL_Settings <mvl_settings@txnb.uscourts.gov>
**To:** Jason McKemie <jmckemie@mckemie.net>; Jonathan Steele <JSteele@beermannlaw.com>
**Cc:** rdafoe <rdafoe@wslawpc.com>; Sara A. Boucher <saboucher@beermannlaw.com>; areya@holderlawpc.com; lmartinez@qslwm.com; TXNB MVL_Settings <mvl_settings@txnb.uscourts.gov>; ustpregion06.da.ecf@usdoj.gov
**Date:** Wednesday, November 18, 2026 at 3:34 PM CST
**Subject:** Re: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110

Good afternoon, Mr. McKemie,

Judge Larson will set your motion at dkt. 97 for hearing on 12/8/26 at 1:30PM. You will be responsible for filing and properly serving the notice of hearing on the Court and parties. This is a hybrid setting.

Mr. Steele, Judge Larson will set your motion at dkt. 110 for a date after 1/11/27. I can offer you time on 1/20/27 at 9:30 or 1:30. Do either of those times work best for you and your client for this in-person only final hearing?

I look forward to hearing from you.

Dawn Harden
Courtroom Deputy to the Honorable Michelle Larson
United States Bankruptcy Court, Northern District of Texas

*[Remainder of signature block and earlier messages in the thread omitted.]*

# EXHIBIT A-14

*November 19, 2026, 6:06 p.m.* | *The Debtor to the Court: accepting January 20, 2027 at 1:30 p.m.*

**From:** Jason McKemie <jmckemie@mckemie.net>
**To:** TXNB MVL_Settings <mvl_settings@txnb.uscourts.gov>
**Cc:** Jonathan Steele <JSteele@beermannlaw.com>; rdafoe <rdafoe@wslawpc.com>; Sara A. Boucher <saboucher@beermannlaw.com>; areya@holderlawpc.com; lmartinez@qslwm.com; ustpregion06.da.ecf@usdoj.gov
**Date:** Thursday, November 19, 2026 at 6:06 PM CST
**Subject:** Re: In re McKemie, Case No. 26-30161-mvl7: report on reset hearing for ECF 110

Ms. Harden:

Thank you. Wednesday, January 20, 2027 at 1:30 p.m. works for me for the in-person final evidentiary hearing on ECF 110, at which I will call Movant as an adverse witness for cross-examination. My motion asking the Court to order her in-person appearance and testimony is going to the Clerk tonight.

I also confirm the December 8, 2026, 1:30 p.m. hybrid setting on ECF 97. The ink-signed notice of hearing is going to the Clerk by overnight delivery tonight, and I am serving it on all parties by email.

Respectfully,

Jason Emory McKemie
Debtor, pro se
(214) 519-8958
jmckemie@mckemie.net

*[Earlier messages in the thread omitted.]*

**CAUSE NO. DF-24-18010 — IN THE 301ST JUDICIAL DISTRICT COURT, DALLAS COUNTY, TEXAS**

In the Matter of the Marriage of Gwendolyn Ulijasz-McKemie and Jason Emory McKemie

Evidentiary Hearing on Respondent's Timely Filed Verified Motion for New Trial — September 3, 2026, 1:30 p.m.

# EXHIBIT B

Due Process Collapse / Certified Docket Demonstrative (docket through 07/29/2026)

**EXHIBIT B | Page 2 of 6**

# DF-24-18010 - DUE PROCESS COLLAPSE / RESPONDENT FILING DEMONSTRATIVE

Certified Dallas County docket alignment through 07/29/2026 (docket printed 08/06/2026). A '1' means the Respondent filing addresses that issue in the certified docket title and/or a high-confidence matched pleading body. Flags are classifications for demonstrative purposes, not judicial findings.

| CONTROL COUNT | VALUE |
|---|---|
| Official docket events | 267 |
| Respondent-filed docket items | 144 |
| Petitioner-filed docket items | 48 |
| Court / clerk events | 75 |
| Respondent emergency / stabilization filings | 54 |
| Explicit adverse / denied court actions | 10 |
| Respondent-favorable court actions | 6 |
| Verified pages across Respondent filings | 1678 |

| ISSUE CATEGORY | COUNT | % RESP |
|---|---|---|
| Healthcare | 55 | 38% |
| Emergency | 54 | 38% |
| Discovery Violations | 69 | 48% |
| Financial Relief | 99 | 69% |
| Due Process | 106 | 74% |
| Parity / Status Quo | 64 | 44% |
| Court Reporter | 14 | 10% |
| False Narratives | 48 | 33% |
| Medical Risk | 67 | 47% |
| Attorney Gamesmanship | 18 | 12% |
| Danger / High Risk | 54 | 38% |
| Stolen Evidence | 19 | 13% |

| ROW COLOR | MEANING |
|---|---|
| WHITE | Petitioner filing |
| GRAY | Court / clerk / administrative event |
| GREEN | Court action favorable to Respondent |
| ROSE | Respondent emergency / stabilization filing |
| ORANGE | Respondent filing; no favorable ruling shown on that row |
| DARK RED | Adverse / denied court disposition |

Method / control: The prior matrix displayed 218 numbered entries. The certified docket contains 267 Events & Orders through 07/29/2026, so the docket was rebuilt as the control sequence. Category counts are Respondent-filing occurrences only. The V3 filing-history manifest was used for matched filenames, page counts, and pleading-body text. The DF24 Litigation Search API was attempted but the endpoint required an API token in this session; rows without a matched filed PDF are identified in the workbook Source Audit. Official filed PDFs control exact language.

Stolen evidence safeguard: This demonstrative creates no access, inspection, imaging, copying, testing, authentication, review, use, derivative use, or benefit pathway for Petitioner, counsel, experts, vendors, agents, or anyone acting for her with respect to Jason McKemie's stolen hard drives or evidence repositories.

## Appendix A - Complete Certified Docket Alignment

| Seq | Date | Pg | Event | Filer | Status | Certified docket description | Pages |
|---|---|---|---|---|---|---|---|
| 1 | 12/16/2024 | 1 | NEW CASE FILED (OCA) - FAMILY | COURT | COURT | NEW CASE FILED (OCA) - FAMILY | |
| 2 | 12/16/2024 | 1 | ORIGINAL PETITION | PETITIONER | PETITIONER | ORIGINAL PETITION | |
| 3 | 12/16/2024 | 1 | ISSUE CITATION | COURT | COURT | ISSUE CITATION | |
| 4 | 12/16/2024 | 1 | APPLICATION - PROTECTIVE ORDER | PETITIONER | PETITIONER | APPLICATION - PROTECTIVE ORDER | |
| 5 | 12/16/2024 | 1 | APPLICATION - TEMPORARY RESTRAINING ORDER | PETITIONER | PETITIONER | APPLICATION - TEMPORARY RESTRAINING ORDER | |
| 6 | 12/16/2024 | 1 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | TEMPORARY EX PARTE PROTECTIVE ORDER | |
| 7 | 12/16/2024 | 1 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | TEMPORARY EXPARTE TRO AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | |
| 8 | 12/16/2024 | 1 | JUDGE DOCKET ENTRY | COURT | COURT | Temporary ex parte protective order and ex parte Restraining Order signed and given to Attorney to bring to clerk | |
| 9 | 12/16/2024 | 1 | TEMPORARY EX PARTE PROTECTIVE ORDER | PETITIONER | PETITIONER | Vol./Book 0, Page 0, 0 pages | |
| 10 | 12/16/2024 | 1 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | |
| 11 | 12/16/2024 | 1 | ORDER - NOTICE OF HEARING | COURT | COURT | PROTECTIVE ORDER | |
| 12 | 12/16/2024 | 1 | ISSUE TEMPORARY PROTECTIVE ORDER | COURT | COURT | ISSUE TEMPORARY PROTECTIVE ORDER | |
| 13 | 12/16/2024 | 1 | ISSUE TRO AND NOTICE | COURT | COURT | TEMPORARY PROTECTIVE | |
| 14 | 12/16/2024 | 2 | ORDER | COURT | COURT | MCKEMIE, JASON Unserved JASON MCKEMIE | |
| 15 | 12/16/2024 | 2 | TRO / NOTICE | COURT | COURT | MCKEMIE, JASON Unserved JASON MCKEMIE | |
| 16 | 12/16/2024 | 2 | JUDGE DOCKET ENTRY | COURT | COURT | Amended TRO signed and sent to clerk by email | |
| 17 | 12/16/2024 | 2 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | Vol./Book 1, Page 1, 1 pages AMEND EMERGENCY EX PARTE TRO AND SETTING HEARING FOR TEMP ORDER | |
| 18 | [illegible] | 2 | NOTICE OF APPEARANCE | RESPONDENT | RESP FILING | Party ATTORNEY [illegible] GRANT MARTIN | 3 |
| 19 | 12/20/2024 | 2 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | AMENDED TEMPORARY EX PARTE ORDER | |
| 20 | 12/20/2024 | 2 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | PETITIONER AMENDED EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER SETTING HERING FOR TEMPORARY ORDERS | |
| 21 | 12/20/2024 | 2 | AMENDED MOTION | PETITIONER | PETITIONER | APPLICATION FOR AMENDED TEMPORARY EX PARTE PROTECTIVE ORDER | |
| 22 | 12/20/2024 | 2 | AMENDED MOTION | PETITIONER | PETITIONER | AMENDED REQUEST FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER | |
| 23 | 12/20/2024 | 2 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | AMENDED EMERGENCY EX PARTE TRO AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | |
| 24 | 12/20/2024 | 2 | ISSUE TRO AND NOTICE | COURT | COURT | ISSUE TRO AND NOTICE | |
| 25 | 12/20/2024 | 2 | TRO / NOTICE | COURT | COURT | MCKEMIE, JASON Unserved JASON MCKEMIE | |
| 26 | [illegible] | 2 | COUNTER CLAIM | RESPONDENT | RESP FILING | Party RESPONDENT MCKEMIE, JASON ORIGINAL COUNTERPETITION FOR DIVORCE | 21 |
| 27 | [illegible] | 2 | MOTION FOR HEARING / NAT | RESPONDENT | RESP FILING | REQUEST FOR TEMPORARY ORDERS | 4 |
| 28 | 12/31/2024 | 2 | PROTECTIVE ORDER - FAM VIOLENCE (1:30 PM) (Judicial Officer: BEDARD, | COURT | COURT | LORNA) | |
| 29 | 12/31/2024 | 2 | TRO HEARING (1:30 PM) (Judicial Officer: BEDARD, LORNA) | COURT | COURT | TRO HEARING (1:30 PM) (Judicial Officer: BEDARD, LORNA) | |
| 30 | 12/31/2024 | 3 | MOTION - EXTEND TRO | PETITIONER | PETITIONER | AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | |
| 31 | 12/31/2024 | 3 | MOTION - EXTEND MISC | PETITIONER | PETITIONER | TEMPORARY EX PARTE PROTECTIVE ORDERS | |
| 32 | 12/31/2024 | 3 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | ORDER MODIFYING AND EXTENDING TEMPORARY EX PARTE PROTECTIVE ORDER AND ORDER SETTING HEARING | |
| 33 | 12/31/2024 | 3 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | ORDER MODIFYING AND EXTENDING TRO AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | |
| 34 | 12/31/2024 | 3 | ORDER - TEMPORARY RESTRAINING ORDER | COURT | COURT | EXTENDING AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | |

| Seq | HC | EM | DISCV | FR | [illegible] | PAR | CR | [illegible] | [illegible] | ATTY | DANGER | STOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | |
| 6 | | | | | | | | | | | | |
| 7 | | | | | | | | | | | | |
| 8 | | | | | | | | | | | | |
| 9 | | | | | | | | | | | | |
| 10 | | | | | | | | | | | | |
| 11 | | | | | | | | | | | | |
| 12 | | | | | | | | | | | | |
| 13 | | | | | | | | | | | | |
| 14 | | | | | | | | | | | | |
| 15 | | | | | | | | | | | | |
| 16 | | | | | | | | | | | | |
| 17 | | | | | | | | | | | | |
| 18 | | | | | | | | | | | | |
| 19 | | | | | | | | | | | | |
| 20 | | | | | | | | | | | | |
| 21 | | | | | | | | | | | | |
| 22 | | | | | | | | | | | | |
| 23 | | | | | | | | | | | | |
| 24 | | | | | | | | | | | | |
| 25 | | | | | | | | | | | | |
| 26 | | | | 1 | 1 | 1 | | | | | | |
| 27 | | | | 1 | 1 | 1 | | | | | | |
| 28 | | | | | | | | | | | | |
| 29 | | | | | | | | | | | | |
| 30 | | | | | | | | | | | | |
| 31 | | | | | | | | | | | | |
| 32 | | | | | | | | | | | | |
| 33 | | | | | | | | | | | | |
| 34 | | | | | | | | | | | | |

DF-24-18010 - Certified docket demonstrative | Source: Dallas County certified docket printed 08/06/2026





Motion to Extend Stay and Compel In-Person Testimony | Page 48 of 60

**EXHIBIT B | Page 3 of 6**

| Seq | Date | Pg | Event | Filer | Status | Certified docket description | Pages | HC | EN | DISC | FIN | DP | PAR | CR | FALSE | MED | ATTY | RISK | STOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 35 | 12/31/2024 | 3 | ORDER - EXPARTE (TEMP) PROTECTIVE ORDER | COURT | COURT | ORDER SETTING HEARING | | | | | | | | | | | | | |
| 36 | 12/31/2024 | 3 | AMENDED PETITION | RESPONDENT | RESP-FILING | FIRST AMENDED COUNTERPETITION FOR DIVORCE | 3 | | | | 1 | | | | | | | | |
| 37 | 12/31/2024 | 3 | NOTICE OF HEARING / FIAT | PETITIONER | PETITIONER | NOTICE OF COURT PROCEEDING-REQUEST FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 38 | 01/03/2025 | 3 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | Party: ATTORNEY TOMLINSON, DONNA R.; PETITIONER ULIASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 39 | 01/08/2025 | 3 | MOTION - CONTINUANCE | PETITIONER | PETITIONER | Party: PETITIONER ULIASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 40 | 01/06/2025 | 3 | MOTION - EXTEND TRO | PETITIONER | PETITIONER | MOTION TO EXTEND EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS | | | | | | | | | | | | | |
| 41 | 01/08/2025 | 3 | MOTION - EXTEND MISC | PETITIONER | PETITIONER | MOTION TO EXTEND TEMPORARY E PARTE PROTECTIVE ORDERS | | | | | | | | | | | | | |
| 42 | 01/06/2025 | 3 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | Party: ATTORNEY TOMLINSON, DONNA R.; PETITIONER ULIASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 43 | 01/07/2025 | 3 | PROTECTIVE ORDER - FAM VIOLENCE (1:30 PM) (Judicial Officer: BEDARD, | COURT | COURT | LORNA) set at 2:30pm | | | | | | | | | | | | | |
| 44 | 01/07/2025 | 3 | TRO HEARING (1:30 PM) (Judicial Officer: BEDARD, LORNA) | COURT | COURT | set at 2:30pm | | | | | | | | | | | | | |
| 45 | 01/07/2025 | 3 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Party: ATTORNEY TOMLINSON, DONNA R. | | | | | | | | | | | | | |
| 46 | 01/07/2025 | 4 | ASSOCIATE JUDGE'S REPORT | COURT | COURT | Vol./Book 1, Page 1, 1 pages | | | | | | | | | | | | | |
| 47 | 01/21/2025 | 4 | NOTICE OF APPEARANCE | PETITIONER | PETITIONER | NOTICE OF APPEARANCE | | | | | | | | | | | | | |
| 48 | 03/03/2025 | 4 | VACATION LETTER | PETITIONER | PETITIONER | ATTORNEY WILLIAM COOK | | | | | | | | | | | | | |
| 49 | 03/06/2025 | 4 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | NOTICE OF HEARING - PRE TRIAL | 3 | | | | | 1 | | | | | | | |
| 50 | 03/12/2025 | 4 | ORDER - NOTICE OF HEARING | COURT | COURT | ORDER - NOTICE OF HEARING | | | | | | | | | | | | | |
| 51 | 03/14/2025 | 4 | MOTION - WITHDRAW ATTORNEY | RESPONDENT | RESP-FILING | AGREED - BRANT WEBB | 4 | | | | | 1 | | | | | | | |
| 52 | 03/17/2025 | 4 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Vol/Book 0, Page 0, 2 pages Party: ATTORNEY WEBB, BRANT MARTIN | | | | | | | | | | | | | |
| 53 | 03/26/2025 | 4 | VACATION LETTER | PETITIONER | PETITIONER | AMENDED - WILLIAM COOK | | | | | | | | | | | | | |
| 54 | 03/26/2025 | 4 | MOTION - CONTINUANCE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON NOTICE OF FAILED MEDIATION AND MOTION FOR CONTINUANCE OF APRIL 7th, 2025, PRE-TRIAL HEARING | 2 | | | | | 1 | | | | | | | |
| 55 | 04/02/2025 | 4 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | FOR CONTINUANCE OF APRIL 7th, 2025, PRE-TRIAL HEARING | 2 | | | | | 1 | | | | | | | |
| 56 | 04/07/2025 | 4 | PRETRIAL (2:30 PM) | COURT | COURT | PRETRIAL (2:30 PM) | | | | | | | | | | | | | |
| 57 | 04/07/2025 | 4 | PRETRIAL STATUS INFORMATION | COURT | COURT | PRETRIAL STATUS INFORMATION | | | | | | | | | | | | | |
| 58 | 04/14/2025 | 4 | MOTION - STRIKE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 5 | | | | 1 | 1 | | | | | | | |
| 59 | 04/24/2025 | 4 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON MOTION FOR NOTICE PRIOR TO ANY DISMISSAL | 2 | | | | 1 | | | | | | | | |
| 60 | 04/24/2025 | 4 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION FOR NOTICE PRIOR TO ANY DISMISSAL | 4 | | | | 1 | 1 | | | | | | | |
| 61 | 04/24/2025 | 4 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS | 1 | | | | | 1 | 1 | | | | | | |
| 62 | 04/24/2025 | 4 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION TO DESIGNATE PRO SE REPRESENTATION AND REQUEST FOR EQUAL ACCESS | 3 | | | | 1 | 1 | 1 | | | | | | |
| 63 | 04/28/2025 | 5 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | MOTION - WITHDRAW ATTORNEY | | | | | | | | | | | | | |
| 64 | 04/29/2025 | 5 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Party: ATTORNEY COOK, JEFFREY, ESQ; PETITIONER ULIASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 65 | 06/17/2025 | 5 | DISCOVERY | PETITIONER | PETITIONER | PETITIONER NOTICE OF FORMAL DISCOVERY SERVED | | | | | | | | | | | | | |
| 66 | 06/23/2025 | 5 | NOTICE OF APPEARANCE | PETITIONER | PETITIONER | Party: ATTORNEY SCROGGINS, ETHAN L. | | | | | | | | | | | | | |
| 67 | 06/23/2025 | 5 | AMENDED PETITION | PETITIONER | PETITIONER | FIRST AMENDED PETITION FOR DIVORCE | | | | | | | | | | | | | |
| 68 | 06/24/2025 | 5 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | EMERGENCY MOTION FOR TEMPORARY FINANCIAL RELIEF DUE TO IMMINENT HOUSING LOSS, MEDICAL HARDSHIP | 5 | | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 69 | 06/27/2025 | 5 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | NOTICE OF OBJECTION TO PROCEDURAL REENTRY AND MOTION FILING BY RESPONDENT'S COUNSEL | 4 | | | | 1 | 1 | | | 1 | | | | |
| 70 | 06/27/2025 | 5 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON MOTION TO PRESERVE DISCOVERY RIGHTS AND COMPELL DISCOVERY RESPONSES | 4 | | | 1 | 1 | 1 | 1 | | 1 | 1 | | | |
| 71 | 07/09/2025 | 5 | MOTION - CONTINUANCE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON OF BENCH TRIAL | 5 | 1 | | | 1 | 1 | | | 1 | 1 | | 1 | |
| 72 | 07/10/2025 | 5 | MOTION - CONTINUANCE | RESPONDENT | RESP-FILING | FINANCIAL RELIEF, ENFORCEMENT OF STANDING ORDERS, PROTECTION AGAINST PROCEDURAL ABUSE, AND HEARING ON SPOUSAL SUPPORT, LEGAL FEES, MARITAL DEBT AND EARLY LOAN REPAYMENT DUE TO MEDICAL HARDSHIP | 22 | | | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 73 | 07/10/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION TO COMPELL DISCOVERY AND REQUEST FOR SANCTIONS | 2 | | | 1 | | | | | | | | | |
| 74 | 07/10/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER TO REOPEN A LIMITED DISCOVERY DUE TO PROCEDURAL MISCONDUCT AND OBSTRUCTION | 1 | | | 1 | 1 | | | | | | | | |
| 75 | 07/10/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER TO PREVENT ANY FURTHER OBSTRUCTION AND TO COMPEL ACCESS TO HSA CARD/ FUNDS | 2 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | | | |
| 76 | 07/10/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER TO ENFORCE STANDING ORDERS AND PREVENT LITIGATION INTERFERENCE | 2 | | | 1 | 1 | 1 | 1 | | | | | | |
| 77 | 07/10/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER FOR EMERGENCY FINANCIAL RELIEF AND RELATED REQUESTS | 1 | | | 1 | 1 | 1 | | | | | | | |
| 78 | 07/10/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER GRANTING EMERGENCY MOTION TO STAY EXECUTION OF WRIT OF POSSESSION | 1 | | 1 | 1 | 1 | | | | | | | | |
| 79 | 07/10/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | FINDING OF FACT AND FRAUD UPON THE COURT | 1 | | | | | 1 | | | 1 | | | | |
| 80 | [illegible] | 6 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 81 | 07/11/2025 | 6 | CANCELED "DISMISSAL FOR WANT OF PROSECUTION (9:00 AM) (Judicial | COURT | COURT | Officer: BROWN, KIM) REQUESTED BY ATTORNEY/PRO SE | | | | | | | | | | | | | |
| 82 | 07/11/2025 | 6 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | REQUEST FOR EMERGENCY HEARING TO PREVENT EVICTION DURING MEDICAL HARDSHIP WITH DECLARATION AND WITNESS STATEMENTS | 46 | 1 | 1 | | 1 | 1 | | | 1 | 1 | | 1 | |
| 83 | 07/11/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | GRANTING REQUEST FOR EMERGENCY HEARING | 42 | 1 | 1 | | 1 | 1 | | | 1 | 1 | | 1 | |
| 84 | 07/16/2025 | 6 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | EMERGENCY M/PRESERVE EVIDENCE AND CONTINUE TRIAL DUE TO PROCEDURAL SABOTAGE AND BREAKDOWN IN JUDICIAL OVERSIGHT | 12 | | [redacted] | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | 1 |
| 85 | 07/16/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER GRANTING M/SANCTIONS AND REFERRAL | 4 | | | | 1 | 1 | | | 1 | | | | |
| 86 | 07/16/2025 | 6 | MOTION - SANCTIONS | RESPONDENT | RESP-FILING | MOTION - SANCTIONS | 4 | | | | 1 | 1 | | | | | | | |
| 87 | 07/17/2025 | 6 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF MATERIAL DISCOVERY | 2 | | | 1 | 1 | 1 | | | 1 | | | | |
| 88 | 07/17/2025 | 6 | NOTICE OF INTENT | RESPONDENT | RESP-FILING | TO SEEK DISPROPORTIONATE DIVISION OF MARITAL ESTATE | 4 | | | | 1 | 1 | 1 | | 1 | | | | |
| 89 | 07/17/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | EMERGENCY NOTICE OF COUNSEL MISCONDUCT, PRIOR COMMUNICATIONS, AND DEMAND FOR IMMEDIATE COURT REVIEW | 42 | | [redacted] | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | 1 |
| 90 | [illegible] | 6 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 91 | 07/22/2025 | 6 | EXHIBITS | RESPONDENT | RESP-FILING | EXHIBITS | 4 | | | | 1 | 1 | 1 | | 1 | | | | |
| 92 | 07/23/2025 | 6 | BENCH TRIAL (1:30 PM) (Judicial Officer: BROWN, KIM) | COURT | COURT | BENCH TRIAL (1:30 PM) (Judicial Officer: BROWN, KIM) | | | | | | | | | | | | | |
| 93 | 07/23/2025 | 6 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | GRANTING RESPONDENT'S EMERGENCY MOTION FOR CONTINUANCE | 1 | | [redacted] | | | 1 | | | | | | | |
| 94 | 07/23/2025 | 7 | ORDER - RECUSAL | COURT | FAVORABLE | Vol/Book 1, Page 1, 1 pages | | | | | | | | | | | | | |
| 95 | 07/23/2025 | 7 | MOTION - RECUSE | RESPONDENT | RESP-FILING | RESPONDENT VERIFIED M/RECUSE | 6 | [redacted] | | 1 | 1 | 1 | | | 1 | 1 | | 1 | |
| 96 | 07/23/2025 | 7 | MOTION - RECUSE | PETITIONER | PETITIONER | Party: PETITIONER ULIASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 97 | 07/24/2025 | 7 | AFFIDAVIT | RESPONDENT | RESP-EMERG | DECLARATION OF RESPONDENT'S DISASSOCIATION FROM BINDER INTRODUCED BY PETITIONER'S COUNSEL | 6 | | [redacted] | | 1 | | | | | | | | |
| 98 | 07/24/2025 | 7 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | EMERGENCY MOTION FOR IMMEDIATE RELIEF, OBJECTION TO TRIAL, AND REQUEST FOR ACKNOWLEDGEMENT | 11 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 99 | 07/24/2025 | 7 | ORDER - TRANSFER (NOT CHANGE OF VENUE) | COURT | FAVORABLE | TO 302ND COURT | | | | | | | | | | | | | |
| 100 | 07/24/2025 | 7 | MOTION - SEAL | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON ERRONEOUS PUBLIC FILING AND EMERGENCY MOTION TO SEAL PREVIOUSLY SUBMITTED DECLARATION | 3 | | 1 | | | 1 | | | | | | | |
| 101 | 07/29/2025 | 7 | E-SERVED COPY OF ORDER | COURT | COURT | E-SERVED COPY OF ORDER TRANSFERRING | | | | | | | | | | | | | |
| 102 | 07/29/2025 | 7 | RULE 11 | RESPONDENT | RESP-FILING | RULE 11A SUPPLEMENTAL CERTIFICATE OF SERVICE | 12 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | |
| 103 | 07/30/2025 | 7 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | COVER PAGE OBJECTION INVENTORY PROCEDURAL NOTIFICATION 16010) | 6 | | | | 1 | 1 | 1 | | | | | | |
| 104 | 08/04/2025 | 7 | PLEA IN ABATEMENT | RESPONDENT | RESP-EMERG | EMERGENCY MOTION TO ABATE TRIAL SETTING AND WITHHOLD FINAL ORDERS PENDING RESOLUTION OF OUTSTANDING MOTIONS, PROCEDURAL VIOLATIONS, AND DISCOVERY COLLAPSE | 7 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | 1 |
| 105 | 08/07/2025 | 7 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON JUDICIAL NOTICE OF UNRULED MOTIONS REQUIRING DETERMINATION PRIOR TO ANY PRETRIAL HEARING, TRIAL, OR FINAL ORDERS | 14 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | 1 |
| 106 | 08/08/2025 | 7 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON NOTICE OF PROCEDURAL BAR TO PRETRIAL OR TRIAL SETTING AND PRESERVATION OF OBJECTION | 4 | | | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | 1 |
| 107 | 08/12/2025 | 7 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | NOTICE OF HEARING | | | | | | | | | | | | | |
| 108 | 08/14/2025 | 7 | ORDER - NOTICE OF HEARING | COURT | COURT | ORDER - NOTICE OF HEARING | | | | | | | | | | | | | |
| 109 | 08/20/2025 | 8 | E-SERVED COPY OF ORDER | COURT | COURT | E-SERVED COPY OF NOTICE OF HEARING | | | | | | | | | | | | | |
| 110 | 09/08/2025 | 8 | PRETRIAL (1:30 PM) (Judicial Officer: JACKSON, SANDRA) | COURT | COURT | PRETRIAL (1:30 PM) (Judicial Officer: JACKSON, SANDRA) | | | | | | | | | | | | | |

DF-24-16010 - Certified docket demonstrative | Source: Dallas County certified docket printed 08/08/2026



Motion to Extend Stay and Compel In-Person Testimony | Page 49 of 60

**EXHIBIT B | Page 4 of 6**

| Seq | Date | Pg | Event | Filer | Status | Certified docket description | Pages | NC | EM | DISC | FIN | DP | PAR | CR | [illegible] | MED | ATTY | RISK | [illegible] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | [illegible]/2025 | 8 | ORDER - PRETRIAL | COURT | COURT | (DIVORCE) | | | | | | | | | | | | | |
| 112 | 10/01/2025 | 8 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY EX PARTE MOTION TO AUTHORIZE WITHDRAWAL FROM IRA | 10 | | 1 | | 1 | | | | | | | | |
| 113 | 10/06/2025 | 8 | TEMPORARY ORDERS HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA | COURT | COURT | JONES) | | | | | | | | | | | | | |
| 114 | 10/10/2025 | 8 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON LETTER | 1 | | | | | | | | | | | | |
| 115 | 10/20/2025 | 8 | TEMPORARY ORDERS HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA | COURT | COURT | JONES) | | | | | | | | | | | | | |
| 116 | 10/20/2025 | 8 | ORDER - WITHDRAW MISC. | COURT | FAVORABLE | AGREED ORDER TO WITHDRAW FUNDS | | | | | | | | | | | | | |
| 117 | 10/20/2025 | 8 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | WAITING FOR $80.00 | 6 | | | | 1 | | 1 | | | | 1 | | |
| 118 | 10/23/2025 | 8 | NOTICE OF HEARING / FIAT | PETITIONER | PETITIONER | NOTICE OF HEARING / FIAT | | | | | | | | | | | | | |
| 119 | 10/23/2025 | 8 | MOTION - REINSTATE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON WAITING ON $80 | | | | | | | | | | | | | |
| 120 | 10/28/2025 | 8 | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | | | | | | | | | | | | | |
| 121 | 10/28/2025 | 8 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON MOTION TO OBTAIN CERTIFIED TRANSCRIPT OF JANUARY 7, 2025, HEARING AND REQUEST FOR PAYMENT FROM COMMUNITY FUNDS UNDER PETITIONER'S CONTROL | 6 | | | | 1 | | 1 | 1 | | | | | |
| 122 | 10/29/2025 | 8 | NOTICE OF FILING | RESPONDENT | RESP-FILING | STANDING REQUEST FOR COURT REPORTER FOR OCTOBER 31, 2025 HEARING AND ALL SUBSEQUENT PROCEEDINGS | 2 | | | | | | | 1 | | | | | |
| 123 | [illegible] | 8 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 124 | 11/03/2025 | 8 | E-SERVED COPY OF ORDER | COURT | COURT | ESERVE COVER LETTER - ORDER DENY JASON MCKEMIE'S RELIEF | | | | | | | | | | | | | |
| 125 | 11/03/2025 | 8 | MOTION - WITHDRAW ATTORNEY | PETITIONER | PETITIONER | AGREED | | | | | | | | | | | | | |
| 126 | 11/03/2025 | 9 | PROPOSED ORDER/JUDGMENT | PETITIONER | PETITIONER | ORDER FOR WITHDRAWAL OF COUNSEL | | | | | | | | | | | | | |
| 127 | 11/04/2025 | 9 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | EMERGENCY OBJECTION TO MOTION TO WITHDRAW AS COUNSEL AND REQUEST FOR EXPEDITED HEARING (INCLUDES PROPOSED ORDER) | 6 | | | | 1 | | | | | | 1 | | |
| 128 | 11/10/2025 | 9 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | PROPOSED ORDER SUPPLEMENTAL OBJECTION TO MOTION TO WITHDRAW OF PETITIONER COUNSEL | | | | | | | | | | | | | |
| 129 | 11/10/2025 | 9 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | SUPPLEMENTAL OBJECTION TO MOTION TO WITHDRAW OF PETITIONER COUNSEL | 1 | | | | | | | | | | | | |
| 130 | 11/14/2025 | 9 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | NOTICE OF HEARING / FIAT | 2 | | | | | | | | | | | | |
| 131 | 11/18/2025 | 9 | ORDER - WITHDRAW ATTORNEY | COURT | COURT | Party: ATTORNEY SCROGGINS, ETHAN L. | | | | | | | | | | | | | |
| 132 | 11/19/2025 | 9 | MOTION HEARING (1:30 PM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | Events: 11/03/2025 MOTION - WITHDRAW ATTORNEY | | | | | | | | | | | | | |
| 133 | 11/19/2025 | 9 | MOTION - VACATE | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY M/ VACATE SETTING BEFORE ASSOCIATE JUDGE AND RESET ENFORCE | 14 | | | 1 | 1 | 1 | 1 | 1 | | | | | |
| 134 | 11/21/2025 | 9 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON MOTION FOR DE NOVO DISTRICT JUDGE REVIEW OF PRIOR RULINGS AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER | 6 | | | 1 | 1 | 1 | 1 | | | | | | |
| 135 | 11/21/2025 | 9 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER FOR DE NOVO REVIEW AND TRO | 2 | | | | 1 | 1 | 1 | | | | | | |
| 136 | [illegible] | 9 | PROPOSED ORDER/JUDGMENT | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 137 | 11/25/2025 | 9 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF FILING OF SWORN AFFIDAVIT - CORRECTING FALSE RECORDING ALLEGATIONS AND EX PARTE PREJUDICE | 5 | | | | 1 | | | | | | | | |
| 138 | 12/12/2025 | 9 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION FILING SEEKING IMMEDIATE RELIEF REQUIRING MEDICAL ACCESS | 20 | | | | 1 | | | | | | | | |
| 139 | 12/12/2025 | 9 | ORDER - NOTICE OF HEARING | COURT | COURT | ORDER - NOTICE OF HEARING | | | | | | | | | | | | | |
| 140 | 12/15/2025 | 9 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | NOTICE OF SERVICE - MOTION FOR THE REINSTATEMENT OF HEALTHCARE - CERT MAIL | 2 | 1 | | | | | 1 | | | | | | |
| 141 | 12/17/2025 | 10 | MOTION HEARING (1:30 PM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | Events: 12/12/2025 MOTION - MISCELLANEOUS | | | | | | | | | | | | | |
| 142 | 12/17/2025 | 10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY REINSTATEMENT OF HEALTHCARE | 3 | | | | 1 | | 1 | | | | | | |
| 143 | 12/17/2025 | 10 | RENDITION/MEMORANDUM RULING | COURT | COURT | ASSOCIATE JUDGE RULING | | | | | | | | | | | | | |
| 144 | 12/18/2025 | 10 | MOTION - COMPEL | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 26 | | | 1 | 1 | | | | | | | | |
| 145 | 12/18/2025 | 10 | ORDER - MISC | COURT | FAVORABLE | EMERGENCY ENFORCEMENT ORDER FOR MEDICAL PRESERVATION | | | | | | | | | | | | | |
| 146 | 12/18/2025 | 10 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF NONCOMPLIANCE WITH 24-HOUR HEALTHCARE REINSTATEMENT ORDER | 2 | 1 | | 1 | 1 | | 1 | | | | | | |
| 147 | 12/18/2025 | 10 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE REGARDING OF HEALTH COVERAGE, QUALIFYING LIFE EVENT AND REQUEST FOR LEAVE TO ISSUE SUBPOENA TO EMPLYER HR | 4 | 1 | | 1 | 1 | | 1 | | | | | | |
| 148 | 12/18/2025 | 10 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | NOTICE OF SERVICE OF SIGNED ORDER - GWENDOLYN ULUASZ-MCKEMIE | 7 | 1 | | 1 | 1 | | 1 | | | | | | |
| 149 | 12/19/2025 | 10 | MOTION - CLARIFY | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 150 | 12/19/2025 | 10 | CORRESPONDENCE - LETTER TO FILE | RESPONDENT | RESP-FILING | WAITING ON $6.00 Motion for Leave to Issue Third-Party Subpoena to Acenture HR Concerning Asserted Qualifying Life Event (FILED UNDER SEAL) | 5 | | | 1 | 1 | | 1 | | | | | | |
| 151 | 12/22/2025 | 10 | MOTION - TEMPORARY ORDERS | RESPONDENT | RESP-FILING | APPLICATION | 12 | | | 1 | 1 | | 1 | | | | | | |
| 152 | 12/22/2025 | 10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | TEMPORARY RESTRAINING ORDER | 2 | | | | 1 | | 1 | | | | | | |
| 153 | 12/23/2025 | 10 | MOTION - LEAVE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON TO ISSUE SUBPOENA REGARDING LEASE BUYOUT AND ASSOCIATED PAYMENTS | 3 | | | 1 | 1 | | 1 | | | | | | |
| 154 | 12/23/2025 | 10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER GRANTING LEAVE TO SERVE SUBPOENAS | 2 | | | 1 | 1 | | | | | | | | |
| 155 | 12/23/2025 | 10 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | TEMPORARY RESTRAINING ORDER HEALTHCARE REINSTATEMENT & CONTINUITY | 2 | | | 1 | 1 | | 1 | | | | | | |
| 156 | 12/28/2025 | 10 | NOTICE OF FILING | RESPONDENT | RESP-FILING | SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO COMPEL (REQUEST FOR CUSTODIAN CONTINUITY RECORDS / SUBPOENA LEAVE) | 13 | | | 1 | 1 | | 1 | | | | | | |
| 157 | 12/29/2025 | 11 | MOTION - SEAL | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON MOTION - SEALED SUBMISSION FOR IN CAMERA REVIEW ONLY (CONFIDENTIAL) | [illegible] | | | | 1 | | 1 | | | | | | |
| 158 | 12/31/2025 | 11 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN MOTION TO APPEAR REMOTELY VIA ZOOM | | | | | | | | | | | | | |
| 159 | 01/02/2026 | 11 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | NOTICE REGARDING ORDER FOR HEALTHCARE REINSTATEMENT AND IMMINENT ESCALATION DUE TO MEDICAL NECESSITY AND NON-COMPLIANCE | 10 | 1 | | 1 | 1 | | 1 | | | | | | |
| 160 | 01/05/2026 | 11 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | NOTICE REGARDING ORDER FOR HEALTHCARE | 10 | 1 | | | 1 | | 1 | | | | | | |
| 161 | 01/05/2026 | 11 | MOTION - LEAVE | PETITIONER | PETITIONER | Party: PETITIONER ULUASZ MCKEMIE, GWENDOLYN | | | | | | | | | | | | | |
| 162 | 01/05/2026 | 11 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF PRIOR STANDING REQUEST FOR COURT REPORTER OFFICIAL RECORD | 8 | | | | 1 | | | 1 | | | | | |
| 163 | 01/06/2026 | 11 | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | | | | | | | | | | | | | |
| 164 | 01/05/2026 | 11 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON MOTION TO COMPEL | 4 | | | | | | | | | | | | |
| 165 | 01/06/2026 | 11 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY TRO | 8 | | | | | | | | | | | | |
| 166 | 01/06/2026 | 11 | APPLICATION - TEMPORARY RESTRAINING ORDER | RESPONDENT | RESP-EMERG | EMERGENCY TRO | 13 | 1 | 1 | 1 | 1 | 1 | 1 | | | | | | |
| 167 | 01/08/2026 | 11 | MISCELLANEOUS EVENT | PETITIONER | PETITIONER | NOTICE OF VOL COMPLIANCE & OBJ TO POST-CUTOFF SUBPOENA WITHOUT PRIOR REQUEST | | | | | | | | | | | | | |
| 168 | [illegible] | 11 | [illegible] | COURT | [illegible] | [illegible] | | | | | | | | | | | | | |
| 169 | 01/12/2026 | 11 | ASSOCIATE JUDGE'S REPORT | COURT | COURT | Vol./Book 0, Page 0, 0 pages | | | | | | | | | | | | | |
| 170 | 01/12/2026 | 11 | DOCKET SHEET | COURT | COURT | DOCKET SHEET | | | | | | | | | | | | | |
| 171 | 01/12/2026 | 11 | AFFIDAVIT | RESPONDENT | RESP-FILING | AFFIDAVIT ON PUBLIC STORAGE THEFT ACCUSATIONS AND PETITIONERS ACQUISITION OF WEAPON DURING PROCEEDINGS | 6 | | | | | | | | | | | | |
| 172 | 01/12/2026 | 11 | MOTION - STAY | RESPONDENT | RESP-EMERG | EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS | 4 | | 1 | | | | | | | | | | |
| 173 | 01/12/2026 | 11 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | PROPOSED ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS | 4 | | 1 | | | | | | | | | | |
| 174 | 01/12/2026 | 12 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION TO TEMORARY STAY OR IN THE ALTERNATIVE, IMPOSE PROTECTIVE CONDITIONS ON COURT-AUTHORIZED PROPERTY RETRIEVAL DUE TO MEDICAL INCAPACITY | 10 | | 1 | | 1 | 1 | 1 | | | | | | |
| 175 | 01/12/2026 | 12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY MOTION TO TEMPORARILY STAY OR IMPOSE PROTECTIVE CONDITIONS ON PROPERTY RETRIEVAL DUE TO MEDICAL INCAPACITY | 6 | 1 | 1 | 1 | 1 | 1 | 1 | | | | | | |
| 176 | 01/12/2026 | 12 | APPLICATION - TEMPORARY RESTRAINING ORDER | RESPONDENT | RESP-EMERG | EMERGENCY | 14 | | 1 | | | | | | | | | | |
| 177 | 01/13/2026 | 12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY TRO | 14 | | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 178 | 01/13/2026 | 12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY MOTION FOR MEDICAL PRESERVATION, INTERIM MAKE-WHOLE RELIEF, JUDICIAL FINDINGS MISREPRESENTATION/IMPOSSIBILITY, CONDITIONAL SANCTIONS, AND THIRD-PARTY SUBPOENA AUTHORITY (DUE RECORDS) | 14 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 179 | 01/13/2026 | 12 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON EMERGENCY MOTION TO STAY EVICTION PROCEEDINGS EXTEND RENT REGISTRY DEADLINE, AND PRESERVE PROPERTY | 7 | | 1 | | 1 | | 1 | | | | | 1 | |
| 180 | 01/13/2026 | 12 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | AND EMERGENCY MOTION TO STRIKE | 4 | | 1 | | 1 | | 1 | | | | | 1 | |
| 181 | 01/13/2026 | 12 | AFFIDAVIT | RESPONDENT | RESP-FILING | AFFIDAVIT ON MANUFACTURED ALLEGATIONS & CONCERN FOR PROPERTY RETRIEVAL / CLEAN OUT | 4 | | 1 | | 1 | | 1 | | | | | 1 | |
| 182 | 01/13/2026 | 12 | APPLICATION - TEMPORARY RESTRAINING ORDER | RESPONDENT | RESP-EMERG | EMERGENCY | 14 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |
| 183 | 01/13/2026 | 12 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION ON MEDICAL HARM | 14 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | |

DF-24-18010 - Certified docket demonstrative | Source: Dallas County certified docket printed 08/06/2025



Motion to Extend Stay and Compel In-Person Testimony | Page 50 of 60

## EXHIBIT B | Page 5 of 6

| Seq | Date | Pg | Event | Filer | Status | Certified docket description | Pages | HC | SM | DISC | FIN | DP | PAR | CR | FALSE | [illegible] | ATTY | [illegible] | STOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 184 | 01/13/2026 | 12 | NOTICE OF FILING | PETITIONER | PETITIONER | PETITIONER'S NOTICE OF COMPLIANCE WITH COURT ORDER | | | | | | | | | | | | | |
| 185 | 01/14/2026 | 12 | MOTION - ENFORCE MISC | RESPONDENT | RESP-FILING | MOTION TO ABATE, ENFORCE DISCOVERY AND HEALTHCARE WAITING ON $95 FEE | 11 | 1 | | 1 | | 1 | | | | 1 | | | |
| 186 | 01/15/2026 | 12 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON RESPONDENTS MOTION TO ESTABLISH CONDITIONS FOR RE-ENTRY OF COUNSEL AND TO PRESERVE FAIR TRIAL PROCEDURES | 4 | | | 1 | | 1 | 1 | | | | | | |
| 187 | 01/15/2026 | 13 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | NOTICE OF HEARING (CONSOLIDATED) | 4 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | | |
| 188 | 01/20/2026 | 13 | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | | | | | | | | | | | | | |
| 189 | 01/20/2026 | 13 | MISCELLANEOUS EVENT | RESPONDENT | RESP-FILING | RESPODENT'S NOTICE OF DISCOVERY AND HEALTHCARE COMPLIANCE, EQUEST FOR REMOTE APPEARANCE, REQUEST FOR ACESS TO PERSONAL PROPERTY, REQUEST FOR CONSOLIDATION & HEARING LIMITS AND CASE MANAGEMENT CLARIFICATION | 34 | 1 | | 1 | 1 | 1 | | | | 1 | | | |
| 190 | 01/20/2026 | 13 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF PRIOR STANDING REQUEST FOR COURT REPORTER/VERBATIM RECORD | 3 | | | | | 1 | | 1 | | | | | |
| 191 | 01/22/2026 | 13 | CANCELED MOTION HEARING (9:00 AM) (Judicial Officer: ABENDROTH, TAMIKA | COURT | COURT | JONES) AGREEMENT BY PARTIES | | | | | | | | | | | | | |
| 192 | [illegible] | 13 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF PRESERVATION OF WITNESSES & LARGE DISCOVERY PRODUCTION IN FINAL HOUR | 6 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | | |
| 193 | 02/02/2026 | 13 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION TO ABATE PROCEEDINGS, PRESERVE LIFE-SAFETY, COMPEL A WRITTEN RECORD & AUTHORIZE SUBPOENAS | 6 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | |
| 194 | 02/05/2026 | 13 | MOTION HEARING (1:30 PM) (Judicial Officer: ABENDROTH, TAMIKA JONES) | COURT | COURT | Compel - Via Zoom | | | | | | | | | | | | | |
| 195 | [illegible] | 13 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | NOTICE ON STATUS OF PROPOSED ORDER, IMMINENT LIKELIHOOD OF IMMINENT LITIGATIVE ESCALATION/FALSE THREAT NARRATIVE & BENEFITS CANCELLATION | 32 | 1 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | |
| 196 | 02/10/2026 | 13 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | PROPOSED UNIFIED ORDER REGARDING MATERIAL DEVELOPMENTS-3RD PARTY VER.-HSA/FSA FUNCTIONALITY | 7 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | 1 | |
| 197 | [illegible] | 13 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER ON STATUS, VERIFICATION, INTERIM RELIEF, AND PRETRIAL MANAGEMENT | 6 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | 1 | |
| 198 | 02/17/2026 | 13 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | RESPONDENTS - TO ANY PURPORTED SEALING OF RECORDS | 24 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | |
| 199 | 02/17/2026 | 13 | WITNESS LIST | PETITIONER | PETITIONER | PLAINTIFF'S FINAL WITNESS LIST | | | | | | | | | | | | | |
| 200 | 02/17/2026 | 13 | MISCELLANEOUS EVENT | PETITIONER | PETITIONER | PROPOSED PROPERTY DIVISION | | | | | | | | | | | | | |
| 201 | 02/18/2026 | 13 | NOTICE OF BANKRUPTCY | RESPONDENT | RESP-FILING | RESPONDENT'S NOTICE OF BANKRUPTCY AUTOMATIC STAY | 3 | | | | 1 | 1 | | | | | | 1 | |
| 202 | 02/20/2026 | 13 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY VERIFIED MOTION TO CONTINUE OR ABATE BENCH TRIAL | 6 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | [illegible] | 1 | | 1 | |
| 203 | 02/20/2026 | 14 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | Party: PETITIONER ULLIASZ MCKEMIE, GWENDOLYN PETITIONER'S MOTION IN LIMINE REGARDING AUDIO AND VIDEO RECORDING | | | | | | | | | | | | | |
| 204 | 02/23/2026 | 14 | WITNESS LIST | RESPONDENT | RESP-FILING | WITNESS LIST | 4 | | | 1 | | | | | | | | | |
| 205 | 02/23/2026 | 14 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON FOR REMOTE TESTIMONY OF WITNESS CHRISTOPHER MCNALLY BY VIDEOCONFERENCE AND TO OVERRULE WITNESS-STRIKE OBJECTION 3RD PTY PO | 5 | | | 1 | 1 | 1 | | | | | | | |
| 206 | 02/23/2026 | 14 | RETURN OF SERVICE | PETITIONER | PETITIONER | EXECUTED ATTORNEY ISSUED SUBPOENA - CHRISTOPHER MCNALLY | | | | | | | | | | | | | |
| 207 | [illegible] | 14 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | ORDER AUTHORIZING THE REMOTE TESTIMONY OF CHRISTOPHER MCNALLY & OVERRULING; WITNESS-STRIKE OBJECTIONS | 3 | | | | | | | | | | | | |
| 208 | 02/23/2026 | 14 | NOTICE OF FILING | PETITIONER | PETITIONER | PETITIONER'S AMENDED PROPOSED PROPERTY DIVISION | | | | | | | | | | | | | |
| 209 | 02/24/2026 | 14 | BENCH TRIAL (9:00 AM) (Judicial Officer: JACKSON, SANDRA) | RESPONDENT | RESP-FILING | BENCH TRIAL (9:00 AM) (Judicial Officer: JACKSON, SANDRA) | 6 | | | | | | | | | | | | |
| 210 | 02/24/2026 | 14 | MOTION - RECUSE | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 62 | 1 | | 1 | 1 | 1 | 1 | 1 | [illegible] | 1 | | | |
| 211 | 02/24/2026 | 14 | OBJECTIONS - MISC | PETITIONER | PETITIONER | TO UNFILED AND UNSERVED MOTION TO RECUSE AND REQUEST FOR IMMEDIATE RESET | | | | | | | | | | | | | |
| 212 | 03/04/2026 | 14 | AFFIDAVIT INABILITY TO PAY | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | 18 | 1 | | | 1 | 1 | | | [illegible] | 1 | | | |
| 213 | 03/06/2026 | 14 | ORDER - RECUSAL | COURT | FAVORABLE | ORDER - RECUSAL | | | | | | | | | | | | | |
| 214 | 03/09/2026 | 14 | ORDER - TRANSFER/CONSOLIDATE | COURT | FAVORABLE | 301ST DISTRICT COURT | | | | | | | | | | | | | |
| 215 | 03/24/2026 | 14 | MOTION - MISCELLANEOUS | PETITIONER | PETITIONER | REBECCA ARMSTRONG'S MOTION IN SUPPORT OF JONATHAN DRAKE STEELE'S MOTION PRO HAC VICE | | | | | | | | | | | | | |
| 216 | 03/24/2026 | 14 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | SWORN MOTION OF JONATHAN DRAKE STEELE TO APPEAR PRO HAC VICE | 6 | | 1 | | 1 | 1 | | | | | 1 | | |
| 217 | 03/24/2026 | 14 | 10 DAY LETTER | PETITIONER | PETITIONER | 10 DAY LETTER | | | | | | | | | | | | | |
| 218 | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | | | [illegible] | | | | | 1 | | |
| 219 | 04/02/2026 | 15 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | RESPONDENT'S OBJECTION TO PRO HAC VICE ADMISSION | 2 | | | 1 | | [illegible] | | | | 1 | 1 | | |
| 220 | 04/06/2026 | 15 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF SUPPLEMENTAL FILING TO BE SUBMITTED TODAY AND MOTION FOR LEAVE | 4 | | | | 1 | | 1 | | | | | | |
| 221 | 04/07/2026 | 15 | OBJECTIONS - MISC | RESPONDENT | RESP-FILING | RESPONDENT'S OBJECTION TO SWORN MOTION OF JONATHAN DRAKE STEELE TO APPEAR PRO HAC VICE, AND REQUEST PRIORITIZE ENFORCEMENT & STABILIZATION | 16 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 222 | 05/07/2026 | 15 | NOTICE OF HEARING / FIAT | COURT | COURT | NOTICE OF HEARING / FIAT | | | | | | | | | | | | | |
| 223 | 05/11/2026 | 15 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON EMERGENCY MOTION FOR WRITTEN DISCOVERY RULINGS, SUBPOENA LEAVE, EVIDENCE PRESERVATION AND IMMEDIATE HEARING | 12 | | 1 | 1 | 1 | 1 | | | | | | 1 | 1 |
| 224 | 05/12/2026 | 15 | MOTION HEARING (1:30 PM) (Judicial Officer: DUNLOP, | COURT | COURT | STACY Location: 301ST ASSOCIATE JUDGE) Events: 03/24/2026 MOTION - MISCELLANEOUS JASON CALLED HE IS RUNNING LATE, HE THOUGHT HIS HEARING WAS ON ZOOM | | | | | | | | | | | | | |
| 225 | [illegible] | 15 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKEMIE, JASON SUPPLEMENTAL EMERGENCY MOTION FOR INTERIM STABILIZATION, HEALTH CARE ENFORCEMENT, CASE MGMT. AND OBJECTION TO PHV ADMISSION | 42 | 1 | [illegible] | 1 | 1 | 1 | 1 | 1 | | 1 | | 1 | |
| 226 | [illegible] | 15 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON MOTION TO PRESERVE DISCOVERY AND TRIAL RIGHTS | | | | 1 | | | | | | | | | |
| 227 | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | | | | | | | | | | | | | |
| 228 | [illegible] | 15 | NOTICE OF HEARING / FIAT | RESPONDENT | RESP-FILING | SUPPLEMENTAL NOTICE FOR MAY 21 HEARING | 14 | 1 | | 1 | 1 | 1 | 1 | | | 1 | | 1 | 1 |
| 229 | 05/20/2026 | 15 | MOTION - CONTINUANCE | PETITIONER | PETITIONER | Party: PETITIONER ULLIASZ MCKEMIE, GWENDOLYN PETITIONER'S MOTION FOR CONTINUANCE | | | | | | | | | | | | | |
| 230 | 05/21/2026 | 15 | MOTION HEARING (1:30 PM) (Judicial Officer: DUNLOP, | COURT | COURT | STACY Location: 301ST ASSOCIATE JUDGE) ZOOM APPEARANCE | | | | | | | | | | | | | |
| 231 | [illegible] | 15 | APPLICATION - PROTECTIVE ORDER | RESPONDENT | RESP-FILING | Party: RESPONDENT MCKEMIE, JASON | | | | 1 | | | | | | | | [illegible] | |
| 232 | [illegible] | 15 | NOTICE OF HEARING / FIAT | COURT | COURT | MOTIONS | | | | | | | | | | | | | |
| 233 | [illegible] | 15 | MOTION - MODIFY OTHER (SAPCR) (OCA PJA) | RESPONDENT | RESP-FILING | MOTION FOR ENFORCEMENT, SANCTIONS, CONTINUANCE, AND LEAVE TO ISSUE THIRD-PARTY SUBPOENAS | | | | 1 | | 1 | | | | | | | |
| 234 | [illegible] | 16 | RESPONSE | RESPONDENT | RESP-FILING | TO MOTION FOR ENFORCEMENT AND COUNTER MOTION FOR PROTECTIVE ORDER | 18 | 1 | | 1 | 1 | 1 | | | | | | [illegible] | 1 |
| 235 | 05/29/2026 | 16 | AFFIDAVIT | PETITIONER | PETITIONER | Affidavit of Jonathan Steele | | | | | | | | | | | | | |
| 236 | 06/01/2026 | 16 | TEMPORARY ORDERS HEARING (1:30 PM) (Judicial Officer: DUNLOP, | COURT | COURT | STACY Location: 301ST ASSOCIATE JUDGE) AwaitingRespondent to set motions: 1 hour per side. (AJ Dunlop). | | | | | | | | | | | | | |
| 237 | 06/01/2026 | 16 | RESPONSE | RESPONDENT | RESP-FILING | RESPONDENTS REPLY IN SUPPORT OF ENFORCEMENT, SANCTIONS, CONTINUANCE, AND LEAVE; OBJECTION TO PETITIONER'S BAD-FAITH PROTECTIVE ORDER AND FEE REQUEST; AND REQUEST FOR SANCTIONS, SHOW CAUSE, COUNSEL CERTIFICATION, FEE SHIFTING, FORENSIC ACCOUNTING, ESTATE RECONSTITUTION, DISPROPORTIONATE DIVISION, AND SOURCE-RECORD VERIFICATION | 111 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 238 | 06/01/2026 | 16 | EXHIBITS LIST | RESPONDENT | RESP-FILING | PROPOSED ORDERS AND SUBPOENA TARGETS, MOTION TO ENFORCE, SANCTIONS, LEAVE | 26 | 1 | | 1 | 1 | 1 | 1 | | [illegible] | 1 | | 1 | 1 |
| 239 | 06/01/2026 | 16 | ASSOCIATE JUDGE'S REPORT | COURT | COURT | Vol/Book 0, Page 0, 0 pages | | | | | | | | | | | | | |
| 240 | 06/02/2026 | 16 | E-SERVED COPY OF ORDER | COURT | COURT | ASSOCIATE JUDGE'S REPORT | | | | | | | | | | | | | |
| 241 | 06/04/2026 | 16 | REQUEST FOR DE NOVO HEARING | COURT | COURT | REQUEST FOR DE NOVO HEARING | | | | | | | | | | | | | |
| 242 | 06/11/2026 | 16 | BENCH TRIAL (1:30 PM) (Judicial Officer: WYSOCKI, ASHLEY) | COURT | COURT | BENCH TRIAL (1:30 PM) (Judicial Officer: WYSOCKI, ASHLEY) | | | | | | | | | | | | | |
| 243 | 06/11/2026 | 16 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | VERIFIED EMERGENCY MOTION TO ABATE, STAY OR CONTINUE TRIAL | 10 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | | 1 | 1 |
| 244 | 06/11/2026 | 16 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-EMERG | ORDER ON RESPONDENT'S VERIFIED EMERGENCY MOTION TO ABATE, STAY, OR CONTINUE TRIAL | 10 | 1 | 1 | 1 | 1 | 1 | | 1 | 1 | 1 | | 1 | 1 |
| 245 | 06/11/2026 | 16 | MOTION - RECUSE | RESPONDENT | RESP-FILING | VERIFIED MOTION TO RECUSE AND REQUEST FOR REFERRAL | 7 | 1 | | 1 | 1 | 1 | 1 | | 1 | 1 | | 1 | 1 |
| 246 | 06/11/2026 | 16 | MISCELLANEOUS EVENT | RESPONDENT | RESP-EMERG | RESPONDENT'S SUPPLEMENTAL VERIFIED NOTICE OF CURRENT MEDICAL EMERGENCY, INABILITY TO SAFELY APPEAR AFTER TRIAL SETTING, REQUEST TO HALT PROCEEDINGS, REQUEST FOR REMOTE APPEARANCE, AND NON-WAIVER OF ALL OBJECTIONS | 8 | | 1 | | 1 | 1 | | | | 1 | | 1 | |
| 247 | 06/11/2026 | 16 | NOTICE OF FILING | RESPONDENT | RESP-FILING | NOTICE OF NON-WAIVER OF SANCTIONS, CIVIL CLAIMS, ATTORNEY MISCONDUCT CLAIMS, AND OBJECTION | 7 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| 248 | [illegible] | 17 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | RESPONDENTS EMERGENCY OBJECTION TO PROPOSED FINAL DECREE, NOTICE OF PENDING RECUSAL MATTERS, REQUEST TO WITHHOLD SIGNATURE AND ENTRY, AND NOTICE OF MANDAMUS | 13 | 1 | 1 | | 1 | 1 | | | | 1 | | 1 | 1 |
| 249 | [illegible] | 17 | MOTION - RECUSE | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY SUPPLEMENT TO PENDING RECUSAL | 20 | 1 | 1 | 1 | 1 | 1 | | | 1 | 1 | | 1 | 1 |
| 250 | [illegible] | 17 | NOTICE OF FILING | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY SUPPLEMENTAL EXHIBIT MAP AND FILING INDEX | 108 | 1 | 1 | | 1 | 1 | 1 | | | 1 | | 1 | 1 |
| 251 | [illegible] | 17 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY RULE 18A STATUS NOTICE REGARDING PENDING VERIFIED RECUSAL, REQUEST FOR WRITTEN RULING ON REFERRAL, AND OBJECTION TO DECREE ACTION | 6 | 1 | 1 | | 1 | 1 | | | | | | | |

DF-24-18010 - Certified docket demonstrative | Source, Dallas County certified docket printed 06/06/2026



Motion to Extend Stay and Compel In-Person Testimony | Page 51 of 60

**EXHIBIT B | Page 6 of 6**

| Seq | Date | Fy | Event | Filer | Status | Certified docket description | Pages | NC | EM | DISC | RN | [illegible] | PAR | CR | [illegible] | MED | ATTY | [illegible] | STOL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 252 | 05/15/2026 | 17 | MOTION - ENFORCE MISC | PETITIONER | PETITIONER | SIGN & ENTER FINAL DECREE OF DIVORCE | | | | | | | | | | | | | |
| 253 | 05/18/2026 | 17 | COA - CORRESPONDENCE LETTER | COURT | COURT | OPINION ISSUED LETTER | | | | | | | | | | | | | |
| 254 | [illegible] | 17 | [illegible] | [illegible] | [illegible] | [illegible] | | | | | | | | | | | | | |
| 255 | [illegible] | 17 | OBJECTIONS - MISC | RESPONDENT | RESP-EMERG | EMERGENCY OBJECTION TO ENTRY OF FINAL DECREE AND RESPONDENT'S LIFE, SAFETY AND MEDICAL HARM BRIEF | | | [illegible] | | | | | | | [illegible] | | | |
| 256 | [illegible] | 17 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | Party: RESPONDENT MCKENZIE, JASON EMERGENCY VERIFIED MOTION TO PRESERVE AND PRODUCE | | | [illegible] | | | | | | | | | | |
| 257 | 06/22/2026 | 17 | MOTION - MISCELLANEOUS | RESPONDENT | RESP-EMERG | RESPONDENT'S EMERGENCY NOTICE OF UNACCOUNTED-FOR PERSONAL PROPERTY, DEMAND FOR INVENTORY, REQUEST FOR PRESERVATION AND PRESERVATION OF RIGHTS | | | [illegible] | | | | | | | | | | |
| 258 | 06/24/2026 | 17 | RESPONSE | RESPONDENT | RESP-FILING | IN OPPOSITION TO PETITIONER'S MOTION TO SIGN AND ENTER FINAL DECREE OF DIVORCE, AND MOTION TO SEVER AND RESERVE ALL DIVISION OF BANKRUPTCY-ESTATE PROPERTY | | | | | | | | | | | | | |
| 259 | [illegible] | 17 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 260 | [illegible] | 17 | [illegible] | COURT | ADVERSE | [illegible] | | | | | | | | | | | | | |
| 261 | 06/29/2026 | 18 | E-SERVED COPY OF ORDER | COURT | COURT | ORDER DENYING FATHER'S MOTION TO RECUSE & FINAL DECREE | | | | | | | | | | | | | |
| 262 | [illegible] | 18 | NOTICE OF FILING | RESPONDENT | RESP-FILING | RESPONDENT'S W-4 SWORN DECLARATION RE PROPERTY ITEMS | 32 | | | | | | | | | | | | |
| 263 | [illegible] | 18 | MISCELLANEOUS EVENT | RESPONDENT | RESP-EMERG | EMERGENCY NOTICE OF UNHEARD DE NOVO REQUEST AND TRIAL DISPOSITIVE OBJECTIONS | 11 | | [illegible] | | | 1 | | | | | | | |
| 264 | 07/16/2026 | 18 | FINDINGS OF FACT/CONCLUSIONS OF LAW | RESPONDENT | RESP-FILING | RESPONDENT'S FIRST AMENDED AND SUPPLEMENTAL REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW | | | | | | 1 | | | | | | | |
| 265 | 07/27/2026 | 18 | MOTION - NEW TRIAL | RESPONDENT | RESP-FILING | MOTION - NEW TRIAL | | | | | | 1 | | | | | | | |
| 266 | 07/27/2026 | 18 | PROPOSED ORDER/JUDGMENT | RESPONDENT | RESP-FILING | PROPOSED ORDER GRANTING NEW TRIAL; VACATING FINAL DECREE; SUSPENDING ENFORCEMENT; ENTERING TEMPORARY PROTECTIVE AND STABILIZATION ORDERS; AUTHORIZING SOURCE-RECORD RECONSTRUCTION; AND SETTING EXPEDITED | | | | [illegible] | | 1 | 1 | | | | | | |
| 267 | [illegible] | 18 | NOTICE OF FILING | RESPONDENT | RESP-FILING | RESPONDENT'S NOTICE OF FILING WITH THE UNITED STATES DEPARTMENT OF LABOR, EMPLOYEE BENEFITS SECURITY ADMINISTRATION | | | | | | | | | | | | | |

DF-21-15010 - Certified docket demonstratives Source: Dallas County certified docket printed 06/30/2026



Motion to Extend Stay and Compel In-Person Testimony | Page 52 of 60

**DF-24-18010 / DALLAS COUNTY, TEXAS**
254th, 302nd and 301st District Courts • register checked November 21, 2026

**RESPONDENT'S DEMONSTRATIVE — SUMMARY**

# 103 requests for relief and warnings of harm. Not one restored his money, his benefits or the records.

| 103 | 8 | 4 | 19 | 60 |
|---|---|---|---|---|
| FILED | GRANTED | GRANTED IN PART | DENIED OR OVERRIDDEN | NEVER RULED ON |

The other 12 filings were 8 notices and warnings that asked for no ruling, and 4 other actions. "Granted" means an order granted the request on paper. It does not mean the relief ever arrived.

## $0
**MONEY**

**Not one dollar of the community assets Movant holds has reached the Debtor since she filed for divorce in December 2024.**

- The only money order let him withdraw from his own IRA, granted 19 days after he asked and after he had lost his job (#097 p1; #099 p1).
- The December 17, 2025 order awarded him $20,643.56 against Movant. She has paid none of it (#255 p8).

Source: ECF 148 at 20 ¶ 10 (sworn).

## 24 HRS
**BENEFITS**

**The December 17, 2025 order required restoration of his health benefits within 24 hours. They have never been fully restored.**

- Coverage was not restored in time, and his December 27, 2025 surgery was canceled (#123 pp3–5; #236 p8).
- The HSA card handed over at the January 6, 2026 hearing failed at the pharmacy (#193 p5). Four benefits remain unrestored (#255 p8).

## 0
**SUBPOENAS AUTHORIZED**

**Production of Movant's financial statements was ordered on January 6, 2026, due January 9. Movant did not comply. The missing statements were never produced.**

- Because the compelled production remained incomplete, compliance hearings were set on January 20 and February 5, 2026 (#175 p2).
- The September 8, 2025 pretrial order closed all discovery 30 days before the February 24, 2026 trial setting, on January 25 (#096 p2; ECF 148 at 19 ¶ 5). The February 5 compliance hearing came 11 days after that cutoff and 19 days before trial. Movant still could not produce the statements (#145 p1; #175 p2).
- He asked at least 19 times for leave to subpoena the institutions. None was authorized. His February 20 motion to continue trial until the records were produced was never ruled on (#175). In May 2026 Movant's counsel opposed subpoenas because discovery had closed, saying the records were obtainable during the discovery period (#204 p10). Trial went forward on June 11, 2026 without the statements (ECF 148 at 20 ¶ 9).

Counts are from the filing-by-filing table that follows (pages 2–8), which cites the DF24 pleading and physical page for each entry. # = DF24 pleading and page. ECF = bankruptcy docket, No. 26-30161-mvl7.

**EXHIBIT C | Page 2 of 8**

DF-24-18010 / DALLAS COUNTY, TEXAS RESPONDENT'S DEMONSTRATIVE

# Requests for relief and warnings of harm

103 filings by Jason McKemie or his counsel • Dallas County divorce register checked November 21, 2026

Amber and a double line mark action that came too late or left a need unmet. Green marks the two recusals.
Red marks denials, contrary action, notices and requests with no grant located. Gray marks other action.
Marks identify housing, healthcare, money or urgency in the request or warning. Topics can overlap.

| Filed / source | Seq. | What McKemie asked for or reported | Home | Care | Funds | Urg. | Order / outcome |
|---|---|---|---|---|---|---|---|
| **12/20/24** #019 p5 | **26** C2 | Sought exclusive use of the residence and vehicle, temporary support, and interim attorney fees. | × | | × | | **Home use granted. Support and fees denied.** 01/07/25 · #036 p1 |
| **12/31/24** #027 p5 | **36** C3 | Renewed requests for the residence and vehicle, temporary support, and interim attorney fees in the amended counterpetition. | × | | × | | **Home use granted. Support and fees denied.** 01/07/25 · #036 p1 |
| **03/28/25** #044 p1 | **54** C4 | Requested a 33-day continuance after unsuccessful mediation to obtain counsel and prepare for the pretrial hearing. | | | | | **No grant located** |
| **04/14/25** #047 p1 | **58** C4 | Asked the court to strike opposing counsel's expert designations and limit testimony on fees. | | | × | | **No grant located** |
| **04/24/25** #048 p1 | **59** C4 | Requested notice and an opportunity to be heard before the case could be dismissed. | | | | | **No grant located** |
| **04/24/25** #050 p1 | **61** C4 | Requested formal recognition of self-representation and equal access to case information and court communications. | | | | | **No grant located** |
| **06/17/25** #054 p1 | **65** C5 | Warned that missing financial disclosures prevented him from evaluating the marital estate. | | | × | | **Warning filed** |
| **06/24/25** #057 p1 | **68** C5 | Requested emergency financial relief to prevent imminent eviction and pay for medical needs. | × | × | × | × | **No grant located** |
| **06/27/25** #058 p1 | **69** C5 | Objected to opposing counsel's reentry and contemporaneous filings after a period without identified counsel. | | | | | **No grant located** |
| **06/27/25** #059 p1 | **70** C5 | Requested preservation of discovery rights and an order compelling responses to financial discovery. | | | × | | **No grant located** |
| **07/09/25** #060 p1 | **71** C5 | Asked to continue trial, reopen limited discovery and hold an evidentiary hearing after hospitalization and loss of medical access. | | × | | | **No grant located** |
| **07/10/25** #061 p2 | **72** C5 | Reported receiving a notice to vacate and renewed his request for $20,555 in immediate financial relief and expedited review. | × | | × | × | **No grant located** |
| **07/11/25** #069 p5 | **82** C6 | Requested an emergency hearing to prevent eviction during ongoing medical hardship. | × | × | | × | **No grant located** |
| **07/16/25** #071 p1 | **84** C6 | Requested preservation of evidence and a continuance, reporting that procedural and discovery problems left him unable to prepare for trial. | | | | × | **No grant located** |
| **07/16/25** #073 p1 | **86** C6 | Moved for sanctions over alleged false testimony and submitted a proposed order seeking sanctions and referral. | | | | | **No grant located** |

*The register records emergency denials for lack of notice on July 10 and 21, 2025 (C6). The entries do not name the individual motions.*

# = DF24 pleading and physical page. C = certified docket page. U = October county register page. 1 / 7

DF-24-18010 / DALLAS COUNTY, TEXAS RESPONDENT'S DEMONSTRATIVE

# Requests for relief and warnings of harm

103 filings by Jason McKemie or his counsel • Dallas County divorce register checked November 21, 2026

Amber and a double line mark action that came too late or left a need unmet. Green marks the two recusals.
Red marks denials, contrary action, notices and requests with no grant located. Gray marks other action.
Marks identify housing, healthcare, money or urgency in the request or warning. Topics can overlap.

| Filed / source | Seq. | What McKemie asked for or reported | Home | Care | Funds | Urg. | Order / outcome |
|---|---|---|---|---|---|---|---|
| 07/17/25 #074 p1 | 87 C6 | Reported undisclosed financial accounts and asked that further changes to discovery responses require leave and evidentiary review. | | | × | | **No grant located** |
| 07/17/25 #075 p1 | 88 C6 | Asked to pursue a disproportionate property division and warned of alleged concealment and interference with care and counsel. | | × | × | | **No grant located** |
| 07/17/25 #076 p1 | 89 C6 | Warned of eviction within days and loss of medication and HSA funds. Demanded immediate court review. | × | × | × | × | **No grant located** |
| 07/23/25 #081 p1 | 95 C7 | Sought Judge Kimberly Brown's recusal and immediate intervention over eviction and medical and financial harm. | × | × | × | × | **254th judge recused** 07/23/25 · C7 |
| 07/24/25 #083 p1 | 97 C7 | Objected to admission of unverified materials attributed to him and asked the court to record his disavowal of a binder. | | | | | **No grant located** |
| 07/24/25 #084 p1 | 98 C7 | Sought immediate financial relief and objected to trial proceeding before issues raised in the recusal motion were heard. | | | × | × | **No grant located** |
| 07/24/25 #086 p1 | 100 C7 | Asked the court to seal a declaration that he reported had been inadvertently filed publicly. | | | | × | **No grant located** |
| 07/30/25 #089 p1 | 103 C7 | Objected to the opposing inventory and requested immediate review of disclosure problems before property or evidentiary rulings. | | | | × | **No grant located** |
| 08/06/25 #090 p1 | 104 C7 | Asked the court to halt trial and withhold property rulings until pending requests and discovery disputes were addressed. | | | | × | **No grant located** |
| 08/07/25 #091 p1 | 105 C7 | Requested rulings on pending motions and an emergency hearing on medical harm attributed to obstruction of HSA access. | | × | × | × | **No grant located** |
| 08/08/25 #092 p1 | 106 C7 | Objected to setting pretrial or trial and warned that the grounds for his earlier recusal motion remained unheard. | | | | | **No grant located** |
| 10/01/25 #097 p1 | 112 C8 | Sought $6,500 from his IRA to save his car, restore insurance required for work, pay utilities and buy prescriptions. McKemie says he received the money after his employer had already let him go (#227 p10). | | × | × | × | **IRA approved 19 days later, after job loss** 10/20/25 · #099 p1 |
| 10/22/25 #100 p1 | 117 C8 | Requested reinstatement of withheld marital funds and a directive governing an anticipated bonus payment. | | | × | | **No grant located** |
| 10/23/25 #102 p1 | 119 C8 | Again sought restoration of marital funds and a directive for payment from an anticipated bonus. | | | × | | **No grant located** |

*An October 31, 2025 order denied a consolidated request for housing stabilization, funds and enforcement (#105 p1). A matching numbered filing could not be identified.*

# = DF24 pleading and physical page. C = certified docket page. U = October county register page. 2 / 7

DF-24-18010 / DALLAS COUNTY, TEXAS RESPONDENT'S DEMONSTRATIVE

# Requests for relief and warnings of harm

103 filings by Jason McKemie or his counsel • Dallas County divorce register checked November 21, 2026

Amber and a double line mark action that came too late or left a need unmet. Green marks the two recusals.
Red marks denials, contrary action, notices and requests with no grant located. Gray marks other action.
Marks identify housing, healthcare, money or urgency in the request or warning. Topics can overlap.

| Filed / source | Seq. | What McKemie asked for or reported | Home | Care | Funds | Urg. | Order / outcome |
|---|---|---|---|---|---|---|---|
| **10/29/25** #103 p1 | **121** C8 | Requested the January 7 certified transcript and payment from community funds under the other party's control. | | | × | | **No grant located** |
| **10/29/25** #104 p1 | **122** C8 | Requested a court reporter for the October 31 hearing and all subsequent hearings and trial. | | | | | **No grant located** |
| **11/04/25** #109 p1 | **127** C9 | Objected to opposing counsel's withdrawal and requested expedited consideration of unresolved financial discovery. | | | × | × | **Counsel withdrew** 11/18/25 · C9 |
| **11/10/25** #111 p1 | **129** C9 | Renewed the withdrawal objection and requested complete financial records, subpoena authority, and interim access to funds for prescriptions. | | × | × | | **Counsel withdrew** 11/18/25 · C9 |
| **11/19/25** #114 p1 | **133** C9 | Asked to vacate the associate-judge setting, reset discovery enforcement before the district judge and provide a court reporter. | | | | × | **No grant located** |
| **11/21/25** #115 p1 | **134** C9 | Requested district-judge review of prior rulings and an emergency TRO against imminent dissipation of community funds. | | | × | × | **Ex parte relief denied** 11/21/25 · C9 |
| **11/25/25** #117 p1 | **137** C9 | Asked the court to correct what he reported was a false account of his conduct and prejudice affecting access to hearings and exhibits. | | | × | | **No grant located** |
| **12/12/25** #118 p2 | **138** C9 | Sought coverage and HSA/FSA access before his Dec. 27 surgery. McKemie reported losing that surgery after meeting his 2025 out-of-pocket maximum. He could not pay the new deductible and copays. He reported four benefits remained unrestored and the $20,643.56 funding alternative unpaid (#255 p8). | | × | × | × | **24-hour order. Surgery canceled.** 12/17/25 · #123 pp3–5 #236 p8 |
| **12/19/25** #122 p1 | **144** C10 | Moved to compel outstanding financial disclosures and asked for source records to evaluate the marital estate. | | | × | | **Production ordered** 01/06/26 · #145 p1 |
| **12/19/25** #124 p1 | **146** C10 | Reported that the 24-hour healthcare deadline had passed and coverage had still not been restored. | | × | | | **Warning filed** |
| **12/19/25** #125 p1 | **147** C10 | Reported loss of coverage and requested leave to subpoena the employer's records concerning the asserted qualifying life event. | | × | | | **No grant located** |
| **12/22/25** #129 p1 | **151** C10 | Requested an emergency TRO to restore dependent healthcare retroactively and prevent further medical harm. | | × | | × | **No grant located** |
| **12/23/25** #131 p1 | **153** C10 | Requested subpoenas for lease-buyout and payment records bearing on eviction, rental payments and asset tracing. | × | | × | | **No grant located** |

# = DF24 pleading and physical page. C = certified docket page. U = October county register page.

DF-24-18010 / DALLAS COUNTY, TEXAS RESPONDENT'S DEMONSTRATIVE

# Requests for relief and warnings of harm

103 filings by Jason McKemie or his counsel • Dallas County divorce register checked November 21, 2026

Amber and a double line mark action that came too late or left a need unmet. Green marks the two recusals.
Red marks denials, contrary action, notices and requests with no grant located. Gray marks other action.
Marks identify housing, healthcare, money or urgency in the request or warning. Topics can overlap.

| Filed / source | Seq. | What McKemie asked for or reported | Home | Care | Funds | Urg. | Order / outcome |
|---|---|---|---|---|---|---|---|
| 12/29/25<br>#134 p1 | 156<br>C10 | Supplemented the motion to compel and asked for targeted custodian subpoenas to obtain missing financial records. | | | × | | No grant located |
| 12/29/25<br>#135 p1 | 157<br>C11 | Requested urgent in-camera review and protection of a sealed submission before disclosure. | | | | × | No grant located |
| 01/02/26<br>#137 p1 | 159<br>C11 | Warned that health coverage remained unusable and that interrupted treatment and medication created an urgent need for compliance. | | × | | × | Warning filed |
| 01/05/26<br>#138 p2 | 160<br>C11 | Sought a working HSA card for prescriptions. McKemie reported that Petitioner gave him a canceled card in court. Inspira confirmed the card he identified was no longer linked to the account. | | × | × | | Card failed at the pharmacy<br>01/06/26 handover<br>#193 p5 · Ex. AM p12 |
| 01/05/26<br>#140 p1 | 162<br>C11 | Asked the court to provide a court reporter for all future hearings or continue the hearing. | | | | | No grant located |
| 01/08/26<br>#143 p1 | 166<br>C11 | Requested immediate temporary support to avert eviction and restore healthcare access. | × | × | × | × | Ex parte eviction and support relief denied<br>01/12/26 · #145 p1 |
| 01/08/26<br>#144 p1 | 167<br>C11 | Asked the court to reject post-deadline third-party subpoenas for records never sought in discovery. | | | | | No grant located |
| 01/12/26<br>#147 p2 | 171<br>C11 | Asked the court to note a firearm-related safety concern and his challenge to a burglary allegation. | | | | | Warning filed |
| 01/12/26<br>#148 p1 | 172<br>C11 | Asked the court to stay the eviction and extend the rent-registry deadline during medical incapacity. | × | × | | × | Ex parte eviction stay denied<br>01/12/26 · #145 p1 |
| 01/12/26<br>#150 p1 | 174<br>C12 | Asked the court to pause the Jan. 17 property retrieval during medical incapacity or impose safeguards. | | × | | × | No grant located |
| 01/12/26<br>#152 p1 | 176<br>C12 | Asked the court to order immediate funds to prevent eviction and restore healthcare access. | × | × | × | × | Ex parte eviction and support relief denied<br>01/12/26 · #145 p1 |
| 01/12/26<br>#159 p1 | 183<br>C12 | Asked the court to restore access to prescriptions and require interim reimbursement and verified healthcare compliance. | | × | × | × | No grant located |
| 01/14/26<br>#161 p1 | 185<br>C12 | Asked the court to pause trial and deadlines and enforce discovery and healthcare orders. | | × | | × | No grant located |
| 01/15/26<br>#162 p1 | 186<br>C12 | Asked the court to require safeguards if opposing counsel reenters the case. | | | | | No grant located |
| 01/20/26<br>#165 p1 | 190<br>C13 | Renewed request for a verbatim record of the Jan. 20 and 22 proceedings. | | | | | No grant located |
| 01/26/26<br>#166 p4 | 192<br>C13 | Asked for a continuance to complete discovery, obtain subpoena returns and trustee findings, prepare witnesses and stabilize his health. | | × | | | No grant located |

# = DF24 pleading and physical page. C = certified docket page. U = October county register page. 4/7

**DF-24-18010 / DALLAS COUNTY, TEXAS** RESPONDENT'S DEMONSTRATIVE

# Requests for relief and warnings of harm

103 filings by Jason McKemie or his counsel • Dallas County divorce register checked November 21, 2026

Amber and a double line mark action that came too late or left a need unmet. Green marks the two recusals.
Red marks denials, contrary action, notices and requests with no grant located. Gray marks other action.
Marks identify housing, healthcare, money or urgency in the request or warning. Topics can overlap.

| Filed / source | Seq. | What McKemie asked for or reported | Home | Care | Funds | Urg. | Order / outcome |
|---|---|---|---|---|---|---|---|
| 02/02/26 #167 p1 | 193 C13 | Asked the court to pause trial, permit subpoenas and provide medical stabilization and a written record. | | × | | × | **No grant located** |
| 02/06/26 #168 p1 | 195 C13 | Warned that unresolved medical safety, benefits, discovery and witness issues risked trial on an incomplete record. | | × | | × | **Warning filed** |
| 02/17/26 #171 p1 | 198 C13 | Objected to sealing and sought access and notice before reliance on an unsigned document. | | | | | **No grant located** |
| 02/18/26 #174 p1 | 201 C13 | Asked the court to halt proceedings following reinstatement of his bankruptcy case. | | | | | **No grant located** |
| 02/20/26 #175 p1 | 202 C13 | Asked the court to continue or pause trial and require trial-readiness protections. | | | | × | **No grant located** |
| 02/23/26 #178 p1 | 205 C14 | Asked the court to permit Christopher McNally to testify remotely and overrule the objection to his testimony. | | | | | **No grant located** |
| 02/24/26 #182 p1 | 210 C14 | Asked to continue trial, permit subpoenas, enforce the healthcare order and restore access to medication and HSA/FSA funds, or refer the case for recusal. | | × | × | | **302nd judges recused** 03/06/26 · #080 p1 |
| 03/04/26 #184 p1 | 212 C14 | Filed a sworn statement seeking to proceed without paying court costs or an appeal bond. | | | × | | **Cost statement filed** |
| 04/02/26 #191 p1 | 219 C15 | Asked the court to deny or defer out-of-state counsel's admission pending a hearing on emergency issues. | | | | × | **Counsel admitted** 05/12/26 · C15 |
| 04/06/26 #192 p1 | 220 C15 | Asked the court to allow up to 24 hours to file a supplement opposing out-of-state counsel's admission. | | | | | **Supplement filed** 04/07/26 · #193 p1 |
| 04/07/26 #193 p1 | 221 C15 | Asked the court to deny or defer counsel's admission, hold a stabilization hearing and compel records. | | | | × | **Counsel admitted** 05/12/26 · C15 |
| 05/11/26 #195 p1 | 223 C15 | Asked the court to set an immediate hearing, enforce discovery, permit subpoenas and preserve evidence. | | | | × | **No grant located** |
| 05/12/26 #196 p1 | 225 C15 | Requested emergency housing, healthcare and litigation funds, and a hearing before the court admitted out-of-state counsel. | × | × | × | × | **Counsel admitted. No other grant located.** 05/12/26 · C15 |
| 05/12/26 #197 p1 | 226 C15 | Asked the court to extend discovery, authorize targeted subpoenas and preserve witness and trial rights. | | | | | **No grant located** |
| 05/15/26 #199 p2 | 228 C15 | Reported homelessness and difficulty obtaining medication. Requested at least $75,000 in funds and $100,000 for counsel. | × | × | × | × | **No grant located** |

# = DF24 pleading and physical page. C = certified docket page. U = October county register page. 5/7

**DF-24-18010 / DALLAS COUNTY, TEXAS** RESPONDENT'S DEMONSTRATIVE

# Requests for relief and warnings of harm

103 filings by Jason McKemie or his counsel • Dallas County divorce register checked November 21, 2026

Amber and a double line mark action that came too late or left a need unmet. Green marks the two recusals.
Red marks denials, contrary action, notices and requests with no grant located. Gray marks other action.
Marks identify housing, healthcare, money or urgency in the request or warning. Topics can overlap.

| Filed / source | Seq. | What McKemie asked for or reported | Home | Care | Funds | Urg. | Order / outcome |
|---|---|---|---|---|---|---|---|
| **05/22/26** #201 p1 | **231** C15 | Asked the court to grant a protective order and immediate ex parte protection after reported threats. | | | | × | **No grant located** |
| **05/26/26** #203 p1 | **233** C16 | Asked the court to enforce discovery, impose sanctions, continue trial and authorize subpoenas. | | | | | **Relief denied. Continuance undecided.** 06/01/26 · C16 |
| **06/01/26** #206 p1 | **237** C16 | Renewed the May 26 requests for enforcement and sanctions, and opposed a demand for fees and protection. | | | × | | **Relief denied. Continuance undecided.** 06/01/26 · C16 |
| **06/04/26** #210 p1 | **241** C16 | Requested a new hearing before the district judge on the June 1 rulings and the outstanding continuance. | | | | | **Reported unheard** 07/06/26 · #232 p1 |
| **06/11/26** #212 p1 | **243** C16 | Asked the court to halt the June 11 trial, address medical incapacity and grant emergency support and healthcare funding. | | × | × | × | **Trial proceeded** 06/11/26 · #229 p1 |
| **06/11/26** #214 p1 | **245** C16 | Asked the court to recuse Judge Wysocki or refer the motion for determination. | | | | | **Recusal denied** 06/25/26 · #228 p1 |
| **06/11/26** #215 p1 | **246** C16 | Reported heart-failure symptoms while traveling to trial. Asked to halt trial or appear remotely. | | × | | × | **Trial proceeded** 06/11/26 · #229 p1 |
| **06/11/26** #216 p5 | **247** C16 | Asked the court to preserve independent sanctions and civil claims and put their reservation in writing. | | | | | **No grant located** |
| **06/12/26** #217 p1 | **248** C17 | Asked the court to withhold the proposed final decree pending recusal and referral. | | | | × | **Decree entered** 06/26/26 · #229 p1 |
| **06/15/26** #218 p1 | **249** C17 | Supplemented the June 11 request to recuse Judge Wysocki. | | | | × | **Recusal denied** 06/25/26 · #228 p1 |
| **06/16/26** #220 p1 | **251** C17 | Asked the court to refer the recusal request or issue a written ruling before entering the decree. | | | | × | **Written ruling issued** 06/25/26 · #228 p1 |
| **06/17/26** #224 p1 | **255** C17 | Asked the court to withhold the decree. Warned that entry would end coverage needed for surgery despite the December order. | | × | | × | **Decree entered** 06/26/26 · #229 p1 |
| **06/22/26** #225 p1 | **256** C17 | Asked the court to preserve and produce the June 11 trial record and withhold the decree. | | | | × | **Decree entered** 06/26/26 · #229 p1 |
| **06/22/26** #226 p1 | **257** C17 | Asked the court to inventory and preserve personal property he reported missing. | | | | × | **No grant located** |
| **06/24/26** #227 p1 | **258** C17 | Asked the court to withhold the decree or reserve bankruptcy-estate property from division. | | | × | | **Decree entered** 06/26/26 · #229 p1 |
| **07/06/26** #232 p1 | **263** C18 | Reported that requested district-judge review remained unheard and renewed objections involving evidence and healthcare. | | × | | × | **Warning filed** |
| **07/16/26** #233 p1 | **264** C18 | Asked the court to issue written findings of fact and conclusions of law on the June 26 decree. | | | | | **No grant located** |

# = DF24 pleading and physical page. C = certified docket page. U = October county register page.

DF-24-18010 / DALLAS COUNTY, TEXAS RESPONDENT'S DEMONSTRATIVE

# Requests for relief and warnings of harm

103 filings by Jason McKemie or his counsel • Dallas County divorce register checked November 21, 2026

Amber and a double line mark action that came too late or left a need unmet. Green marks the two recusals.
Red marks denials, contrary action, notices and requests with no grant located. Gray marks other action.
Marks identify housing, healthcare, money or urgency in the request or warning. Topics can overlap.

| Filed / source | Seq. | What McKemie asked for or reported | Home | Care | Funds | Urg. | Order / outcome |
|---|---|---|---|---|---|---|---|
| **07/27/26** #234 p1 | **265** C18 | Asked the court to set aside the June decree, grant a new trial and stay enforcement. | | | | | **Property retrial only** 09/18/26 · #254 p1 |
| **07/29/26** #236 p1 | **267** C18 | Notified the court that his health coverage had been terminated retroactively and that he had taken the matter to the U.S. Department of Labor. | | × | | | **Notice only. No relief sought.** |
| **08/07/26** #237 p1 | **268** U22 | Reported overdue findings and requested immediate presentation of the request to the judge. | | | | × | **No grant located** |
| **08/14/26** #238 p1 | **269** U22 | Asked the court to set an expedited evidentiary hearing on the motion for new trial. | | | | × | **Hearing held** 09/03/26 · U23 |
| **08/19/26** #240 p1 | **271** U22 | Asked the court to set the new-trial motion for hearing before Sept. 9. | | | | | **Hearing held** 09/03/26 · U23 |
| **08/19/26** #242 p1 | **273** U22 | Asked the court to set an oral, recorded, in-person hearing on the new-trial motion before Sept. 9. | | | | | **Hearing held** 09/03/26 · U23 |
| **08/21/26** #243 p1 | **274** U22 | Asked the court to require in-person appearance by the petitioner and material witnesses or impose remote-testimony safeguards. | | | | | **No grant located** |
| **08/31/26** #246 p1 | **277** U23 | Asked the court to produce the trial record and exhibits, grant temporary relief and issue written rulings. | | | | × | **No grant located** |
| **08/31/26** #247 p1 | **278** U23 | Asked the court to provide the reporter's records and immediate access to the trial exhibits. | | | | × | **No grant located** |
| **09/11/26** #251 p1 | **282** U23 | Asked the court to defer ruling until he could file a response on the bankruptcy stay. | | | | × | **Response preceded ruling** 09/14–18/26 · U23 |
| **09/14/26** #253 p1 | **284** U23 | Asked the court to set aside the entire decree and grant a new trial based on the bankruptcy stay. | | | | | **Property retrial only** 09/18/26 · #254 p1 |
| **09/24/26** #255 p1 | **286** U23 | Asked the court to vacate remaining decree sections 1–7 and 10, impose sanctions and enter a signed ruling. | | | | | **No grant located** |
| **09/28/26** #258 p2 | **289** U24 | Asked the court to set and rule on the September motion and clarify the status of the marriage finding. | | | | | **No grant located** |

# = DF24 pleading and physical page. C = certified docket page. U = October county register page. 7 / 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: **JASON EMORY McKEMIE,**<br>Debtor. | CASE NO. **26-30161-mvl7**<br>*CHAPTER 7* |

# DECLARATION OF JASON EMORY McKEMIE UNDER 28 U.S.C. § 1746

1. I am Jason Emory McKemie, the Debtor in Case No. 26-30161-mvl7. I make these statements from personal knowledge. This declaration supports the Debtor's Motion to Extend Automatic Stay and Compel In-Person Testimony (ECF 110).

2. Exhibit A is a true copy of fourteen emails that I received or sent between November 13 and November 19, 2026. They are listed in the Exhibit Index. Exhibits A-2, A-4, A-6, A-7, A-9 and A-11 are images of the emails as they appear in my mail program. Exhibits A-1, A-3, A-5, A-8, A-10, A-12, A-13 and A-14 are the text of the emails as it appears in my mail program. Where noted, the sender's signature block, confidentiality notice, attachments and the earlier messages in the thread are omitted, and my private email addresses are omitted from the address lines. The dates and times are those shown by my mail program, in Central time.

3. Exhibit B is a true copy of the demonstrative I prepared from the certified docket of Cause No. DF-24-18010 through July 29, 2026. I premarked it for the September 3, 2026 hearing on my motion for new trial and transmitted it to all counsel and the official court reporter. The counts in it are my classifications of the docket entries. They are not judicial findings. Exhibit C is a true copy of a second demonstrative I prepared from the pleadings on file in that cause, the certified docket, and the county's register of the case, which I checked on November 21, 2026. It lists 103 filings in which I or my counsel asked the divorce court for relief or warned it of harm, with the pleading and page for each and the order or outcome I located. The counts in it are my classifications. They are not judicial findings.

4. The Chapter 7 Trustee's email address appears as a recipient on the emails of November 18 and 19, 2026 in Exhibit A. I have received no message from the Trustee opposing continuation of the stay.

5. On November 14, 2026, at 6:26 p.m., I received the email from Mr. Steele that is Exhibit A-5, proposing December 1, December 8 and December 18, 2026 as dates to reset the hearing on ECF 110.

6. The divorce was filed on December 16, 2024. Since then I have never once been able to cross-examine Movant or ask her a question under oath in any proceeding. I am homeless and have no vehicle. I cannot pay the witness fee and mileage for a hearing subpoena.

7. I attended the hearing on October 6, 2026. The Court stated that ECF 110 needed to be set for an in-person evidentiary hearing that would probably take a half day, and set that hearing for November 18, 2026.

8. On November 13, 2026, Court staff told me in person that the Court had denied Movant's request to testify by WebEx and that the hearing on ECF 110 was continued to a date on which she would appear in person.

9. On Wednesday, November 11, 2026, Mr. Dafoe emailed me Movant's witness list and exhibit list. On Thursday, November 12, 2026, Movant filed ECF 141, 142 and 143. I received no email of those filings from Mr. Steele or anyone in his office that day. Nothing was served on me that day. Just before the Clerk's office closed that day I called the Clerk and was told that ECF 141, 142 and 143 had been filed. The Clerk could not email me copies. I was locked out of PACER because of fees I had been unable to pay. Movant's counsel knew I could not get filings from the docket myself: I had told them in writing on November 10, 2026 that I have no CM/ECF access and had asked them to serve their filings on me by email when they filed them. I borrowed money to pay for PACER access, downloaded the filings, and drafted my response through the night. On Friday, November 13, 2026, I drove a borrowed vehicle to Dallas to file it before the Clerk closed. The first email of ECF 141, 142 and 143 that I received is Exhibit A-1, from Sara A. Boucher of Beermann LLP, dated November 13, 2026 at 9:45 a.m. Those documents were served on me when I was two hours into that three-hour drive. I have asked Movant's counsel three times for proof of service and have never received it. Exhibits A-2 and A-4 are my emails of November 13, 2026, at 3:54 p.m. and 7:24 p.m., asking for that proof. Exhibit A-3 is the answer I received from Mr. Dafoe at 4:47 p.m.

10. On November 18, 2026, at 3:34 p.m., the courtroom deputy advised by email that the hearing on ECF 97 is set for December 8, 2026 at 1:30 p.m., a hybrid setting, and offered January 20, 2027, at 9:30 a.m. or 1:30 p.m., for the in-person only final hearing on ECF 110 (Exhibit A-13). On November 19, 2026, I accepted January 20, 2027 at 1:30 p.m. (Exhibit A-14). On November 24, 2026, at 3:35 p.m., the courtroom deputy advised by email that if the parties agree that a full day is needed, the hearing will start at 9:30 a.m. on January 20, 2027, and that otherwise three hours can be reserved at 1:30 p.m. I agreed to the full day in writing that afternoon.

11. In 2024 Movant told me we were in a short-term budget crunch because she had to fund her Accenture VEIP investment and pre-fund her Accenture expense account, told me to put the

family's expenses on my personal credit, and told me those debts would be paid when the first half of her sign-on bonus arrived. They were not paid.

12. Movant's total target compensation is approximately $1,500,000 a year under her employment contract with Accenture, which is in the record of Cause No. DF-24-18010.

13. My Health Savings Account card was cut off on December 18, 2024. Since then I have been able to use it on one evening, in 2025, for a prescription of $41, after Presbyterian Hospital of Dallas spent a day and a half restoring the card on file at a pharmacy. The card was reported lost or stolen immediately after that charge. Despite the state court's order of December 17, 2025, I have never been given a functional replacement card. Issuance of the card is solely under Movant's control. I have not been able to reach a dollar of community assets since my access to all of them was severed in December 2024.

14. I had to surrender my vehicle, and I hold almost none of my possessions: family heirlooms, professional clothing, shoes, tools of trade, furniture, ties, desk, televisions, grooming materials, pots, pans, silverware, washer and dryer, computers, litigation hard drives, networking equipment, AI servers and GPUs, paper, ink and toner. The eviction was pursued against me for a period for which rent had been at least partly paid. My benefits have not been fully restored since a divorce-based qualifying life event was reported on October 31, 2025, when there was no divorce. The $20,643.56 ordered by the state court on December 17, 2025 has not been paid. I have gone without surgery for the injury for which I was hospitalized on November 24, 2025. I had to escalate to the Employee Benefits Security Administration of the U.S. Department of Labor to regain the benefits that make the surgery possible. It accepted my case and is still handling it, because Movant's employer has refused to release the QLE records relied on to terminate my coverage. My imaging is scheduled for the week of November 23, 2026.

15. Movant filed two notices in Cause No. DF-24-18010 that she signed as Petitioner, pro se, one on January 13, 2026 and one on January 20, 2026. I received both. A copy of the January 13 notice is in this Court's record at ECF 121-1 at 125–26. The January 20 notice states, at page 1, that she "objects to any characterization suggesting that discovery remains incomplete"; at page 2, that she "is not aware of any unmet court-ordered obligation regarding healthcare coverage or HSA access," and that hearings in Dallas "require multiple days away from work with little notice to her employer and cancellations on her client meetings, as well as travel, lodging, and dog boarding"; and, at page 3, that she "is committed to full compliance with all written orders of the Court."

16. On January 6, 2026, the divorce court heard my motion to compel discovery and ordered Movant to complete her production by January 9, 2026. She did not. The court set a status hearing for January 20, 2026 and a compliance hearing for February 5, 2026. The February 5 hearing was

eleven days after discovery had closed under the pretrial order and nineteen days before the February 24, 2026 trial setting. At that hearing Movant was unable to produce the statements requested to show that she had complied. I asked her to produce, from her own production, any of the documents identified in the supplemental discovery request I had sent to her then-counsel, Ethan Scroggins. She could not produce any of them. The divorce court twice found that she had not complied with discovery.

17. I sought the state court's order of December 17, 2025 for two purposes. The twenty-four-hour deadline, with written proof that my benefits were reinstated, was to protect the surgery I had scheduled for December 27, 2025, while my deductible, copays and out-of-pocket maximum for 2025 were met. The $20,643.56 was the safeguard for 2026 if Movant delayed past the end of the year, so that she could not block the surgery twice. Movant did neither. On January 6, 2026, in open court, she handed me an HSA card in an envelope from the administrator and stated that she had rush-ordered it for me in full compliance with the order. The card had been cancelled. It failed when I tried to fill prescriptions I critically needed after repeated hospitalizations for staph infections, congestive heart failure, a torn rotator cuff and a ruptured bicep. My benefits did not work again until nearly February 2026, after my deductible and out-of-pocket maximum had reset. Movant has never paid any part of the $20,643.56. I lost the December 2025 surgery, and it was blocked again in 2026. By early July 2026 I had met my 2026 deductible and out-of-pocket maximum again. My coverage was then terminated again, effective June 30, 2026. I still have not had the surgery.

18. After my coverage was terminated effective October 31, 2025, more than $30,000 in medical bills that had been approved and paid were clawed back and billed to me. Those bills drove me into this bankruptcy.

19. Three law firms represent Movant today: Beermann LLP, in this case and in the divorce; Waddell Serafino Geary Rechner Jenevein, P.C., her local counsel in this case; and Armstrong Divorce & Family Law, PLLC, in the divorce. Before them, Hargrave Family Law and Sullivan & Cook, LLC appeared for her in the divorce, and Sullivan & Cook appeared twice. In the past two years she has retained at least six law firms across the divorce and this case. In my motion of May 26, 2026 in the divorce court I named six law firms whose retainers I asked that court to trace; a copy is in this Court's record at ECF 149-2 at 8. I have represented myself, by necessity and not by choice, since my attorney withdrew in March 2025, in each court and agency listed in my declaration at ECF 148 at 20 ¶ 11.

20. I have prepared my filings in these cases while homeless, without cell-phone service, and on a laptop with a broken screen, after the litigation hard drives I relied on were taken on April 16, 2026, and with limited paper, ink and toner. Movant has made repeated false reports about me to the police. I have been questioned on them and have repeatedly been read my Miranda rights.

To learn of each new allegation I have had to file repeated open-records requests and then contact the detective assigned. To answer them I kept a continuous record of my own location, using location tags on my wallet, my keys and the vehicle I then had, that vehicle's GPS, and my phone and watch. When a new allegation appeared I gave the detective that data for the time alleged. That data is how I defeated some of those reports. I have also made public-information requests for the reports and recordings, and I have contested the withholding of records through the open-records process of the Texas Attorney General. The body-camera recordings of the April 16, 2026 writ that were produced to me contain no audio of Movant's exchange with the constable about her identification. Movant has retained private security, movers, reputation-defense vendors, and agents who, at the second writ on May 22, 2026, inventoried only the property I removed. Nothing she took from me or destroyed has been inventoried.

21. After my attorney withdrew, I looked for counsel for more than a year. I emailed approximately twenty law offices every week and telephoned firms. The firms willing to discuss the divorce required retainers of at least $50,000, which I did not have and could not reach. When I asked the divorce court for help I was told to go to the bankruptcy court or the justice court. In the justice court I was told that those matters belonged in the divorce court. When I reported the taking of my property to the Dallas Police Department I was told it was a civil matter. After the San Antonio Police Department's subpoena to Apple showed that the tracking tags Movant had turned in were registered to her own Apple account, I asked that department to pursue charges for her false reports. I was told that none would be pursued. Judge Sandra Jackson of the 302nd District Court told me that the bankruptcy court was the only court that could give me the protection I was describing, and I filed this case the same day. When I brought the April 16, 2026 taking to this Court, I understood the Court to tell me that I likely have a significant claim but that it would have to be pursued elsewhere. The attorney from Armstrong Divorce & Family Law, PLLC who was at the residence at the second writ on May 22, 2026 was Lauren Shaw. The decree of June 26, 2026 ordered me to pay half of debts on accounts I never had access to. I have no working card and no login for the HSA or the FSA. I do not own a belt, a pair of dress shoes, a suit, a monitor or a printer.

22. In December 2024, when Movant's financial ambush began, my parents loaned me $50,000. That was the money they had set aside for my father's placement in a memory-care facility. We had waited about two years for a room. When a room came open, we did not have the deposit, and the room was lost. My father remains at home, and his condition is declining. On November 14, 2026, USAA issued a Notice of Cancellation on my parents' homeowners and vehicle insurance: unless $1,501.50 is paid by November 28, 2026, the coverage will be cancelled at 12:01 a.m. on November 29, 2026. My father's life insurance, which he has paid into for more than thirty years, is about to lapse for nonpayment. My bank account has been closed. My parents' two checking

accounts, ending in 0038 and 0947, are overdrawn, and they carry $70,119.89 in credit card debt. The three of us have less than $100 between us. My parents are at risk of losing their home.

23. Movant was the sole financial guarantor on the lease of the marital residence. I received no notice of the hearing at which the stay was lifted for the landlord. On April 16, 2026 constables came to the residence with a writ of possession. I left at about 2:37 p.m. to go to the courthouse to stop the writ, and I closed the garage before I left. My security cameras recorded what followed, and I have reviewed the recordings. At about 2:39 p.m. Movant's security personnel backed a vehicle into the rear driveway, and the garage was opened from inside. The cameras then began to be disabled, and fifteen cameras on one system were disabled before Movant arrived. At about 2:46 p.m. Movant arrived by Uber, carrying luggage. She lives in San Antonio. I no longer have my passport, my work computers or my files. The documentation I found on December 11, 2024, the day after my spinal surgery, showed civil and criminal filings by Movant against past romantic partners, the former spouses of former partners, neighbors and a landlord, and settlements she extracted from at least three prior employers under threat of litigation over allegations of workplace abuse.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on November 24, 2026, in Brazos County.



**Jason Emory McKemie**