**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: **JASON EMORY McKEMIE,**<br>Debtor. | CASE NO. **26-30161-mvl7**<br>*CHAPTER 7* |

## ORDER EXTENDING AUTOMATIC STAY AND COMPELLING IN-PERSON TESTIMONY (ECF 110)

On the Debtor's Motion to Extend Automatic Stay and Compel In-Person Testimony (ECF 110), the Court finds that the final hearing on ECF 110 was reset at the request of Movant Gwendolyn Laura Ulijasz, that Movant and the Debtor have agreed in writing that the automatic stay remains in effect through the Court's ruling on ECF 110, and that good cause exists under 11 U.S.C. § 362(e) for the extension ordered in paragraph 1. The Court **ORDERS:**

1. The automatic stay remains in effect as to Movant. The periods under 11 U.S.C. § 362(e) are extended through the conclusion of the final hearing on ECF 110 and the entry of the Court's written ruling on ECF 110. 11 U.S.C. § 362(e)(1), (e)(2)(B)(i), (ii). To the extent any period under § 362(e) ran before the entry of this order, the stay is continued as to Movant for the same period under 11 U.S.C. § 105(a).

2. The stay did not terminate as to Movant under § 362(e), and Movant has waived the periods under § 362(e) for ECF 110. This order does not shorten the stay. After the Court rules on ECF 110, the stay continues as to Movant under 11 U.S.C. § 362(c) to the extent the Court does not grant

relief from it. Movant shall take no act stayed by § 362(a), in Cause No. DF-24-18010 or elsewhere, without a prior written order of this Court.

3. The final hearing on ECF 110 will be held in person on January 20, 2027, at 1:30 p.m., or at 9:30 a.m. if the Court sets a full day, in Courtroom #2, 14th Floor, 1100 Commerce Street, Dallas, Texas (the "Hearing"). Movant shall appear in person at the Hearing and shall testify when called by the Debtor as an adverse witness or by the Court, subject to cross-examination, on ECF 110 and on any motion of the Debtor set for that day. Her testimony shall not be taken by video or other remote means. This order requires her attendance without a subpoena and without tender of any fee. Service of this order on her counsel is notice to her.

4. The Hearing shall not be continued at Movant's request except on a motion filed and served on the Debtor by email at least fourteen days before the Hearing and supported by the sworn declaration of a treating physician who is made available for cross-examination. Any continuance granted at Movant's request extends the stay and the periods under § 362(e) through the continued hearing and the Court's ruling on ECF 110, and is conditioned on Movant's payment of the Debtor's actual out-of-pocket costs caused by it.

5. Within seven days after entry of this order, Movant shall file a statement signed by her that she has received this order and will appear in person at the Hearing. Within fourteen days after entry of this order, Movant shall file and serve a statement identifying each form of relief under ECF 110 that she will press at the Hearing. No request in ECF 110 is withdrawn except by order of the Court. Any request not identified is denied with prejudice.

6. Every paper Movant files in this case shall be served on the Debtor by email at jmckemie@mckemie.net on the day it is filed, and the certificate of service shall state the time of service. No request to shorten the Debtor's time to respond will be considered unless it states the date and time he was served. Nothing shall be represented to the Court as agreed by the Debtor unless his written agreement is attached. Within seven days after entry of this order, Movant's counsel shall file the email and the proof of mailing by which ECF 141, 142 and 143 were served on the Debtor on November 12, 2026, or a corrected certificate of service for each.

7. Movant shall pay the Debtor his actual out-of-pocket costs caused by the loss of the November 18 and December 8, 2026 settings and by the failure to serve ECF 141, 142 and 143 on him on November 12, 2026, within seven days after the Debtor files a sworn statement of those costs.

8. If Movant does not appear in person and testify at the Hearing:

   (a) her declaration filed with ECF 110 shall not be considered, and no declaration, affidavit or other statement of hers shall be received in evidence;

   (b) ECF 110 is denied with prejudice, no part of it is withdrawn without prejudice, and it shall not be filed again, in whole or in part, without leave of Court and payment of the amounts awarded under this order;

(c) the Hearing shall proceed in her absence on ECF 110 and on each motion of the Debtor set for that day. Movant's counsel may appear and argue. Statements of counsel are not evidence, and counsel shall not testify. The Debtor may present his evidence, and the Court will make findings and rule on the record made;

(d) Movant shall pay the Debtor his actual out-of-pocket costs of preparing for and attending the Hearing within seven days after he files a sworn statement of them; and

(e) Movant shall appear in person on ______________, 2027, at ________, and show cause why she should not be held in civil contempt of this order. On a finding of contempt the Court will award the Debtor compensation for his losses and will impose a coercive sanction, set with regard to Movant's financial resources, that runs until she appears in person as ordered.

9. Any motion of the Debtor that requires Movant's testimony and is set for January 20, 2027 will be heard that day before ECF 110.

10. No fees, costs or sanctions are awarded against the Debtor. The Debtor's claims under 11 U.S.C. §§ 362(k)(1) and 542(a), his objections to ECF 110 and ECF 143, and his separate request for sanctions are preserved. This order grants none of the relief sought in ECF 110.

**### End of Order ###**

Submitted by:

**Jason Emory McKemie**
Debtor, Pro Se (Not by Choice)
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net