FILED
NOV 25 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: **JASON EMORY McKEMIE,**<br>Debtor. | CASE NO. **26-30161-mvl7** \| CHAPTER 7 |

# DECLARATION OF JASON EMORY McKEMIE IN SUPPORT OF ELECTRONIC FILING ACCESS AND PROCEDURAL PROTECTIONS

1. My name is Jason Emory McKemie. I am the Debtor in this Chapter 7 case. I am over eighteen years old and competent to make this declaration. I state my own experiences and recollections below. When describing a document or a statement by another person, I identify that source.

2. I am unemployed, indigent, and without my own housing. I do not have a vehicle; I surrendered it. I am representing myself because I cannot afford an attorney. I have congestive heart failure, have been hospitalized repeatedly, and have continuing medical needs.

3. I do not have CM/ECF filing privileges. Preparing a PDF or sending an email does not give me the ability to file it directly on this Court's docket. Printing, signing, arranging transportation, and paying for shipment consume resources I need for housing, food, medication, and other essentials.

4. On November 16, 2026, I printed and signed an emergency bankruptcy packet under severe time pressure. I called the UPS store owner and driver. They waited for me after the store had closed, and I was able to get the shipment out. I was unable to read the entire packet before mailing it.

5. I estimate that gasoline and shipping associated with my filings during the preceding two weeks have cost approximately $300. I have not yet totaled the receipts for this declaration. The figure is my estimate, and I am not representing that a verified $300 expense total is attached.

6. I can use email and prepare and transmit PDF documents. I am willing to complete the Court's registration, identity-verification, security, and training requirements remotely and to comply with its rules governing electronic signatures, redaction, and service. My email is jmckemie@mckemie.net; my telephone number is (214) 519-8958.

## JANUARY 12, 2026: WHY I SOUGHT BANKRUPTCY PROTECTION

7. On January 12, 2026, I went to the state court seeking immediate emergency relief to prevent eviction and loss of housing and to restore access to medical benefits. My vehicle was at risk of repossession. My health coverage had been terminated following a fraudulent, participant-reported divorce-based qualifying life event when no divorce had occurred. The loss of coverage had prevented scheduled surgery. I was in pain and needed functioning healthcare access.

8. I first presented my requests to Associate Judge Tamika Abendroth. She denied the relief I requested and permitted me to take the emergency requests to District Judge Sandra Jackson that same day.

9. I went to Judge Jackson's courtroom and waited quietly in the seating area until the bailiff told me I could approach. Judge Jackson came down from the bench toward the low partition in front of the courtroom seating and asked how she could help.

10. I handed Judge Jackson my emergency motions. I explained that I faced eviction, loss of housing, repossession of my vehicle, and loss of healthcare access before surgery. I explained my congestive heart failure and hospitalizations, that I was proceeding without counsel because I could not afford counsel, and that significant assets were involved in the marital estate.

11. Judge Jackson asked me to stop speaking while she read the papers. She read them for a period that felt lengthy to me. I remember her asking, "Are you someone that could take guidance?" I answered yes.

12. Judge Jackson directed me to the bankruptcy court on Commerce Street, near the McDonald's. As I remember the substance of her statement, she told me that if circumstances of the kind described in my papers and account were occurring at that level, the bankruptcy court was the court with the ability to provide the immediate protections I needed.

13. I began to ask another question. I remember Judge Jackson again asking whether I could take guidance. I answered yes. I remember her saying, "There's no time. You have to run."

14. I left immediately and hurried to the bankruptcy courthouse. I completed the initial paperwork as quickly as I could and filed my Chapter 7 petition on January 12, 2026. I was seeking immediate protection from the threatened loss of housing, transportation, healthcare, and the assets needed to survive.

15. The petition was prepared in that emergency. My schedules still require review and amendment to accurately and completely identify the property and claims involved. I am seeking the source records needed to complete that work, and I do not intend the original emergency paperwork to conceal or relinquish any estate interest.

16. My account of the conversation with Judge Jackson is my recollection of what I personally heard and did. I am not describing it as a transcribed ruling or as an order binding this Court.

**SUBSEQUENT LOSSES AND THE NEED FOR A FAIR PROCESS**

17. After the April 16, 2026 writ event at my residence, I discovered theft and destruction of my property, including drives containing evidence, work equipment, identification documents, and medication. I did not receive notice of the hearing that authorized that relief. My contention is that the stolen property included property and interests requiring investigation and protection in this bankruptcy case.

18. When I later presented the theft of medication to a court, I explained that other refrigerator contents were undisturbed but my refrigerated auto-injectors were gone from

the bottom drawer. They were kept there because they required refrigeration. Gwendolyn Laura Ulijasz knew where they were because we had been married and lived together.

19. Across the related litigation, I have faced opposing attorneys from six law firms. I have tried to reach the Chapter 7 Trustee concerning the property and claims, but have not been able to obtain the substantive assistance I have sought. I want the estate's property identified and recovered for creditors and my lawful interests. I need a workable process through which I can obtain and present the relevant records.

**WRITTEN CONFERRAL AND SERVICE EVENTS**

20. On November 11, 2026 at 12:39 p.m. Central, I emailed Mr. Steele a Statement of Positions and expressly said it replaced my November 10 email response. I asked him to attach the statement in full to the WebEx motion and his response to my motion to compel, report each position, and email both filings when filed. Appendix pp. 2–6 reproduce that message and the statement.

21. At 1:42 p.m. that day, Mr. Steele replied that Ms. Ulijasz would attach my statement in full to both filings and that each certificate of conference would report my positions as stated. He also said the filings would be served on me by email when filed. Appendix p. 7 reproduces that reply.

22. The court copies of ECF 141 and ECF 143 do not attach my November 11 Statement of Positions. ECF 141 reproduces my earlier November 10 email instead. I had replaced that earlier email and had not authorized it to be presented as the complete, current statement of my positions.

23. I did not receive ECF 141, 142, or 143 by email on November 12, 2026. The email from Sara A. Boucher transmitting those papers was received on November 13 at 9:45:03 a.m. Central. Appendix p. 8 reproduces that message. The filed certificates state that email and first-class-mail service occurred on November 12. Appendix pp. 10–12. I request the contemporaneous sending and mailing records to resolve that discrepancy.

24. The shortened schedule described in ECF 142 called for a response or supplement by 5:00 p.m. on November 13. The November 13 email left less than eight hours that day to address the delivered papers. My request for coordinated rulings did not authorize withholding the papers or omitting the replacement statement counsel promised to attach.

25. The email and statement reproductions in Appendix pp. 2–8 are true copies of the communications and statement described above. I seek complete service, accurate certificates of conference and service, disclosure of witnesses and exhibits, and an order preventing anyone from claiming my agreement without my express signed approval of the exact matter. I need a fair opportunity to present my evidence and objections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2026.

Jason McKemie

Jason Emory McKemie

in Brazos County, TX

# CERTIFICATE OF SERVICE

I certify that on **November 24, 2026**, a true copy of this Notice and the proposed order was served by email on counsel for Movant Gwendolyn Laura Ulijasz:

- Jonathan D. Steele (jsteele@beermannlaw.com), Beermann LLP (Chicago)
- Sara Boucher (saboucher@beermannlaw.com), Beermann LLP (Chicago)
- Rosa Gutierrez (rgutierrez@beermannlaw.com), Beermann LLP (Chicago)
- Richard G. Dafoe (rdafoe@wslawpc.com), Waddell Serafino Geary Rechner Jenevein, P.C. (Dallas)
- Rebecca L. Armstrong (rebecca@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)
- Lauren Shaw (lauren@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)
- Terra Aguirre (terra@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)

and on:

- Areya Holder Aurzada, Chapter 7 Trustee (areya@holderlawpc.com)
- Office of the United States Trustee (ustpregion06.da.ecf@usdoj.gov)

On the same date a copy was emailed to the courtroom deputy (mvl_settings@txnb.uscourts.gov), and the ink-signed original were mailed on Tuesday, November 24th, 2026, by US Mail to the Clerk, United States Bankruptcy Court, Northern District of Texas, 1100 Commerce Street, Room 1254, Dallas, Texas 75242.

Jason Emory McKemie