FILED

NOV 25 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# CASE NO. 26-30161-mvl7
# SUPPORTING APPENDIX

2 November 11 replacement email to counsel, 12:39 p.m.

3–6 November 11 Statement of Positions, four pages

7 Steele's November 11 reply, 1:42 p.m.

8 Boucher's November 13 delivery email, 9:45:03 a.m.

9–10 ECF 141, physical PDF pages 12–13

11 ECF 142, physical PDF page 5

12 ECF 143, physical PDF page 13

13 ECF 110, physical PDF page 12

14–15 ECF 111, physical PDF pages 12 and 17

Email and Statement of Positions copies are reproduced from the communications compiled in CONFERRAL_RESPONSE_to_Steele_REVISED_v18_2026-11-16.pdf. Surrounding compilation commentary is excluded. Court-filing pages retain their original text and docket stamps. Extracted pages are identified by their original physical PDF page numbers. This appendix contains no gasoline or shipping receipts.

November 11, 2026 email from Debtor — replacement statement

---

**From:** Jason McKemie <jmckemie@mckemie.net>

**Subject:** Re: Case No. 26-30161-mvl7: Debtor's Response with Statement of Position Regarding Movant's Forthcoming Motion to Appear Remotely

**Date:** November 11, 2026 at 12:39:02 PM CST

**To:** Jonathan Steele <JSteele@beermannlaw.com>

**Cc:** saboucher@beermannlaw.com, rgutierrez@beermannlaw.com, rdafoe@wslawpc.com, rebecca@armstronglawtexas.com, terra@armstronglawtexas.com, lauren@armstronglawtexas.com, areya@holderlawpc.com, trustee@holderlawpc.com, ustpregion06.da.ecf@usdoj.gov, mvl_settings@txnb.uscourts.gov

**Attachment: McKemie Statement of Position - Nov 18 Hearing V3.pdf**

Mr. Steele:

Attached is the Debtor's Statement of Positions on the Movant's anticipated WebEx motion and the November 18, 2026 evidentiary hearing on ECF 110 and ECF 97. It responds to your conferral request of November 10, 2026, 11:24 a.m., and replaces my email response of November 10, 2026. Please attach the Statement, in full, to the WebEx motion and to your response to the Debtor's Motion to Compel, and report each position in your certificate of conference. Please state in writing by 9:00 a.m. Central on Thursday, November 12, 2026 whether the Movant AGREES or DOES NOT AGREE to items 6, 7, 8, 9, and 10.

Please serve both filings on me by email when filed. Both sides have asked that the WebEx motion be decided together with the Debtor's Motion to Compel on or before Monday, November 16, 2026. The courtroom deputy is copied for that reason. The ink-signed original of this Statement will follow to the Clerk in Thursday's overnight delivery.

PLEASE ATTACH THE ATTACHED STATEMENT, IN FULL, TO THE FORTHCOMING WEBEX MOTION AND TO THE RESPONSE TO THE DEBTOR'S MOTION TO COMPEL, AND TO REPORT EACH POSITION BELOW IN THE CERTIFICATE OF CONFERENCE.

Jason Emory McKemie, Debtor, pro se
539 W. Commerce St., #2010, Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

---

reproduced below as sent, in four pages. Mr. Steele's 1:42 p.m. email is Exhibit D.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

In re Jason Emory McKemie, Debtor | Case No. 26-30161-mvl7 | Chapter 7

# DEBTOR'S STATEMENT OF POSITIONS ON MOVANT'S ANTICIPATED WEBEX MOTION AND THE NOVEMBER 18, 2026, EVIDENTIARY HEARING (ECF 110 AND ECF 97)

Provided to Movant's counsel on November 11, 2026, in response to the conferral request of Jonathan D. Steele dated November 10, 2026, 11:24 a.m. This statement replaces the Debtor's email response of November 10, 2026.

**MOVANT'S COUNSEL HAS BEEN ASKED TO ATTACH THIS STATEMENT, IN FULL, TO THE WEBEX MOTION AND TO THE RESPONSE TO THE DEBTOR'S MOTION TO COMPEL, AND TO REPORT EACH POSITION BELOW IN THE CERTIFICATE OF CONFERENCE.**

The Debtor will be in the Dallas courtroom on November 18, 2026, and will cross-examine Gwendolyn Laura Ulijasz in person, as she has been called as an adverse witness in both ECF 110 and ECF 97 set by the court to be heard that day. Movant's predicted Motion for Remote Appearance via WebEx has not yet been served nor filed with the Court at this time. (Prediction: Debtor's Motion to Compel ¶¶ 5, 14). These positions respond to the motion as described by counsel and waive no objection to the motion, declaration, exhibits, proposed order, or schedule as filed. No position is agreed, waived, or resolved except where this statement says **AGREES**.

---

1. **REMOTE OR HYBRID TESTIMONY BY MS. ULIJASZ:** ........................................ **OPPOSED**

   The hearing is set in person; her own Notice of Final Hearing (served October 7, 2026) says in person. The Debtor is indigent, has had to surrender his vehicle, and is making all necessary arrangements to travel to Dallas to be in the courtroom for these two hearings as set by Judge Larson on Oct 6, 2026; if the Debtor can be there, Movant can be there too. Fed. R. Bankr. P. 9014(d) requires testimony on disputed material facts to be taken as in an adversary proceeding; Fed. R. Civ. P. 43(a), through Rule 9017, allows remote testimony only for good cause in compelling circumstances. The Debtor does not consent and asks that any ruling state the compelling circumstance found.

2. **THE LISTED WEBEX "SAFEGUARDS":** ........................................ **OPPOSED**

   Camera on, alone in a room, sworn remotely, counsel in the courtroom: none is a compelling circumstance. They are conditions on remote testimony, not a reason for it.

3. **DECLARATION, AFFIDAVIT, OR COUNSEL PROFFER IN PLACE OF HER TESTIMONY:** .................... **OPPOSED**

   Material statements in her ECF 110 declaration are disputed. The Debtor will cross-examine her on them in the courtroom.

4. **EXCUSING HER, OR COUNSEL-ONLY PRESENTATION:** ........................................ **OPPOSED**

   Counsel's argument is not evidence. The Debtor will call and examine Ms. Ulijasz as an adverse party under Fed. R. Evid. 611(c)(2).

5. **LIMITS ON THE SCOPE OR TIME OF EXAMINATION:** ........................................ **OPPOSED**

   The hearing is a reserved half day on ECF 110 and ECF 97 together. Examination covers every fact she put in issue: her knowledge of the bankruptcy and the stay; the property removals; the health-coverage, HSA, and FSA actions;

the vehicle; account activity, transfers, and tracing; and credibility. If a question is excluded, the Debtor will state its relevance and make an offer of proof on the record.

6. **OFF-THE-RECORD COMMUNICATION WITH THE WITNESS:........................................................................................OPPOSED**

No communication by any person with Ms. Ulijasz, by any means, while a question is pending, while she is answering, or while cross-examination is in progress, and no discussion of her testimony during any recess until cross-examination is complete.

7. **PRIVATE SECURITY AND OTHER NONPARTIES IN THE COURTROOM:...................................................................OPPOSED**

Fed. R. Evid. 615 applies to any person who is or may be a witness. No security personnel or other nonparty who may testify, or who has given a statement in any matter between the parties, remains in the courtroom during testimony.

Private security at the hearing: **OPPOSED**, and to be given no weight. Any private security, bodyguards, or escorts accompanying the Movant into a federal courtroom staffed by Court Security Officers and the United States Marshals Service is a charade, not a safety measure (Motion to Compel ¶¶ 48, 53; 28 U.S.C. §§ 151, 566(a)). No court has ever found that the Debtor poses a danger to the Movant. The Movant's protective-order application of December 18, 2024 was predicted by the Debtor in his call to the Dallas Police Department on December 11, 2024, seven days before she filed it; the call log records "caller thinks is being set up by wife" (CAD 24-2241556; Motion ¶ 19, Ex. A). On January 7, 2025, after an evidentiary hearing, the state court found no evidence of family violence and denied that application in full, and awarded the Debtor exclusive possession of the residence and its contents (Motion ¶¶ 19, 35; Debtor's Opposition, Ex. 6). In the Movant's own words the Debtor is "non violent" (Dec. 15, 2024 text, Motion ¶ 32; Opposition, Ex. 7), and on April 16, 2026 she told deputies on body camera "he never hit me" and that she hires private security because her attorney advised against a protective order (Motion ¶ 36, Ex. I). The Debtor has never been charged with, arrested for, or convicted of any violent offense against anyone; police have never been called to any incident of violence involving him; and he has never been ordered to any anger-management program (Motion ¶ 24). Thirty-three declarants have sworn under penalty of perjury that the Debtor is not a violent person, and not one withdrew when the Movant's former counsel contacted them (Motion ¶ 25, Ex. N; Opposition, Ex. 5). The Debtor asks that the presence of any private security, escort, or other personnel accompanying the Movant be given no weight as evidence of any fact, and that Fed. R. Evid. 615 apply to any such person who is or may be a witness, or who has given a statement in any matter between the parties, so that none remains in the courtroom during testimony.

This includes any reference to security during the hearing, whether by requesting a recess to confer with or check on security personnel, by stating on the record that security is present or waiting, or by any other remark that places unverified danger before the Court without evidence. The Debtor asks that no such reference be made in the presence of the Court, that any genuine security concern be raised with the Court Security Officers or the United States Marshals Service outside the presence of the Court, and that any request for a recess state no reason other than that a recess is requested.

8. **SEALING, CLOSING THE COURTROOM, OR REDACTING TESTIMONY:..................................................................OPPOSED**

11 U.S.C. § 107(a) makes the record public. Every word of testimony is on the record and in the Court's official recording, continuously from call to adjournment. No portion sealed, closed, or omitted.

9. **ANY PROTECTIVE ORDER, CONFIDENTIALITY ORDER, ATTORNEYS'-EYES-ONLY DESIGNATION, HIPAA OR GLBA OBJECTION, OR "TRUSTEE ONLY / NOT DISSEMINATED TO DEBTOR" CONDITION ON RECORDS: ……………OPPOSED**

The medical records concern the obstruction and wrongful termination of **THE DEBTOR'S OWN MEDICAL COVERAGE**, related benefits, and community funds; and **DOES NOT INCLUDE ANY MEDICAL RECORDS OF MOVANT'S.** The Debtor will review every record produced.

10. **ANY RESTRICTION ON LATER USE OF THE TESTIMONY, RECORDING, TRANSCRIPT, OR ADMITTED EXHIBITS: ............................................................................................................................................................OPPOSED**

The Debtor will use them in DF-24-18010 and its appeal; the Justice Court matters including JPC-25-12755-51 and any appeal; Adversary No. 26-03034-mvl; EBSA File No. 202630-18882 and any ERISA action; any criminal or regulatory referral; and any other proceeding. The Debtor does not consent to any order limiting that use.

11. **LIMITS ON THE RULE 2004 REQUEST TO FORM 1 ACCOUNTS, ACCOUNT-BY-ACCOUNT, PETITION DATE ONLY, OR CONDITIONED ON THE DEBTOR FIRST IDENTIFYING THE DESTINATION OF FUNDS: ..................OPPOSED**

Any such limitation makes estate tracing impossible.

12. **DEFERRAL, BIFURCATION, STATUS CONFERENCE, OR CONTINUANCE OF NOVEMBER 18: .........................OPPOSED**

The Debtor asks for separate written rulings on ECF 110, ECF 97, the Motion to Compel, and the WebEx motion.

13. **QUESTIONING THROUGH COUNSEL, STANDBY COUNSEL, OR A NO-DIRECT-QUESTIONING CONDITION: ......OPPOSED**

No court has found the Debtor to be a threat. The protective order Ms. Ulijasz sought was denied and the Debtor was awarded exclusive possession of the residence (Debtor's Opposition, Ex. 6). The Debtor will question her directly, in person.

14. **EX PARTE OR INFORMAL COMMUNICATION TO THE COURT ON SAFETY OR HER ABILITY TO ATTEND: .......OPPOSED**

Any such communication to be disclosed to the Debtor before the Court relies on it.

15. **DECIDING THE WEBEX MOTION BEFORE THE CLERK DOCKETS THE DEBTOR'S PAPER OPPOSITION: ..........OPPOSED**

The Debtor cannot e-file. The Opposition, served by email November 10, 2026, is in overnight delivery to the Clerk for November 12, 2026.

16. **SCHEDULE:**

The Debtor **AGREES** that:

- the **DEBTOR'S MOTION TO COMPEL MOVANT'S IN-PERSON APPEARANCE AND TESTIMONY AND IN OPPOSITION TO ANY REMOTE TESTIMONY OF GWENDOLYN ULIJASZ** (Served and Delivered to the Court on Tuesday, Nov 10, 2026 at 10:23am - UPS 1Z063EE40110728310),
- the **DEBTOR'S OPPOSITION TO ANY REQUEST THAT THE MOVANT APPEAR OR TESTIFY BY WEBEX OR OTHER REMOTE MEANS AT THE NOVEMBER 18, 2026, EVIDENTIARY HEARING ON ECF 110 AND ECF 97** (Filed in support of the Debtor's Motion to Compel Movant's In-Person Appearance and Testimony and in Opposition to Any Remote Testimony of Gwendolyn Ulijasz), with Exhibits 1 through 10 (Served Nov 10, 2026, with Guaranteed Delivery Thursday, Nov 12th by 10:30am due to Federal Holiday – UPS 1z50v1140774225038),
- and the **Movant's**, previously anticipated (see Motion to Compel ¶¶ 5, 14) and forthcoming, **Motion to Appear Remotely by Webex;**

... should **all be considered and decided together** on or before **Monday, November 16, 2026**, as the Debtor's Motion for Expedited Consideration has already requested for the Motion to Compel.

The Debtor **DOES NOT AGREE** that a short WebEx hearing is needed and asks for a ruling on the papers before the court.

The Debtor has no CM/ECF access. The Opposition served November 10 is his response to the WebEx motion. If your filing raises matter not addressed there, he will serve a supplement by email on counsel and the courtroom deputy by 5:00 p.m. Central on Friday, November 13, 2026, with the ink-signed original to follow to the Clerk.

Please serve your response to the Motion to Compel and your WebEx motion on me by email when you file them, and once again, **PLEASE INCLUDE THIS RESPONSE IN FULL IN YOUR FORTHCOMING FILING WITH THE COURT.**

---

Dated: November 11, 2026

Transmitted via email to Movant's counsel of record, the Chapter 7 Trustee, and the Office of the United States Trustee on **November 11, 2026, at (12:40pm) Central** to:

**Counsel for Movant:**

- Jonathan D. Steele, Beermann LLP (jsteele@beermannlaw.com)
- Sara A. Boucher, Beermann LLP (saboucher@beermannlaw.com)
- Rosa Gutierrez, Beermann LLP (rgutierrez@beermannlaw.com)
- Richard C. Dafoe, Waddell Serafino Geary Rechner Jenevein, P.C. (rdafoe@wslawpc.com)
- Rebecca L. Armstrong, Armstrong Divorce & Family Law, PLLC (rebecca@armstronglawtexas.com)
- Terra Aguirre, Armstrong Divorce & Family Law, PLLC (terra@armstronglawtexas.com)
- Lauren Shaw, Armstrong Divorce & Family Law, PLLC (lauren@armstronglawtexas.com)

**Trustee Areya Holder:**

- Areya Holder Aurzada, Chapter 7 Trustee (areya@holderlawpc.com; trustee@holderlawpc.com)
- Office of the United States Trustee (ustpregion06.da.ecf@usdoj.gov)

**And Judge Larson's Courtroom Deputy:**

- Dawn Harden, Courtroom Deputy to the Honorable Michelle V. Larson (mvl_settings@txnb.uscourts.gov)

Respectfully submitted,

Jason McKemie

**Jason Emory McKemie,** Debtor, pro se
539 W. Commerce St., #2010
Dallas, Texas 75208
(214) 519-8958
jmckemie@mckemie.net

November 11, 2026 reply from Jonathan D. Steele, 1:42 p.m.

**Jonathan Steele** Inbox - iCloud November 11, 2026 at 1:42 PM

Re: Case No. 26-30161-mvl7: Debtor's Response with Statement of Position Regarding Movant's Forthcoming Motion to Appear Remotely

Hide

To: jmckemie@mckemie.net,

Cc: Sara A. Boucher, Rosa Gutierrez, rdafoe, rebecca, Terra Aguirre, lauren, areya@holderlawpc.com, trustee@holderlawpc.com, ustpregion06.da.ecf@usdoj.gov, mvl_settings@txnb.uscourts.gov

Mr. McKemie,

Thank you for the Statement of Position. Ms. Ulijasz will attach it in full as an exhibit to her WebEx motion and to her response to the Motion to Compel, and each certificate of conference will report your positions as stated in it. Her positions on items 6 through 10 are:

Item 6: AGREES that no one will communicate with Ms. Ulijasz about the substance of her testimony while a question is pending or during any recess, until her cross-examination is complete. A break that her provider calls for is not a communication about her testimony.

Item 7: AGREES that Rule 615 applies to nonparty witnesses. DOES NOT AGREE to the remainder of item 7.

Item 8: DOES NOT AGREE. Ms. Ulijasz reserves the right to seek sealing or redaction of her medical information under Bankruptcy Rules 9018 and 9037.

Item 9: DOES NOT AGREE.

Item 10: DOES NOT AGREE. Any later use of the record is governed by applicable law and any order of the Court.

Both filings will be served on you by email when filed.

Jonathan D. Steele

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

**Jonathan Steele** | Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601
Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015
Tel: 847.681.9600 | Fax: 847.681.0909

jsteele@beermannlaw.com | www.beermannlaw.com

BEERMANN LLP EST. 1958

BEST 2026 BEST PLACES TO WORK

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

November 13, 2026 delivery email from Sara A. Boucher

---

**From:** "Sara A. Boucher" <saboucher@beermannlaw.com>
**Subject: RE: Case No. 26-30161-mvl7: Debtor's Response with Statement of Position Regarding Movant's Forthcoming Motion to Appear Remotely**
**Date: November 13, 2026 at 9:45:03 AM CST**
**To:** Jason McKemie <jmckemie@mckemie.net>, Jason McKemie <jason@callvital.com>
**Cc:** Rosa Gutierrez <rgutierrez@beermannlaw.com>, rdafoe <rdafoe@wslawpc.com>, "areya@holderlawpc.com" <areya@holderlawpc.com>, "trustee@holderlawpc.com" <trustee@holderlawpc.com>, "ustpregion06.da.ecf@usdoj.gov" <ustpregion06.da.ecf@usdoj.gov>, "mvl_settings@txnb.uscourts.gov" <mvl_settings@txnb.uscourts.gov>, Jonathan Steele jsteele@beermannlaw.com

Mr. McKemie:

Attached please find the following:

1) Movant Gwendolyn Ulijasz's Motion for Leave to Give Any Testimony at the NOvember 18, 2016 Hearing by Webex Videoconference.
2) Movant Gwendolyn Ulijasz's Application for Order Shortening Time and Request for Expedited Consideration of Her Webex Motion.
3) Movant Gwenolyn Ulijasz's Response to the Debtor's Motion to Compel her In-Person Appearance and Testimony and to the Debtor's Motion for Expedited Consideration and proposed Order regarding the same.

Should you have any questions or concerns, please do not hesitate to contact our office.

**Sara A. Boucher (she/her)** | Paralegal
161 N Clark St., Suite 3000 | Chicago, IL 60601
Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015
Tel: 847.681.9600 | Fax: 847.681.0909
saboucher@beermannlaw.com | www.beermannlaw.com

BEERMANN LLP
BEST PLACES TO WORK

**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

2026-11-12 (GU) Application for...

2026-11-12 (GU) Response to...

2026-11-12 (GU) Proposed Ord...

2026-11-12 (GU) Motion for Lea...

## CERTIFICATE OF CONFERENCE

Pursuant to Local Bankruptcy Rules 7007-1(b) and 9014-1(b), the undersigned certifies as follows. On November 7, 2026, the Debtor, who represents himself, emailed the undersigned and Movant's local counsel, Richard G. Dafoe, stating that he intended to file a motion to compel Movant's in-person appearance at the November 18, 2026 hearing and asking whether Movant opposed that relief. The undersigned responded by email the same day that Movant opposes it. The Debtor's motion, served on November 10, 2026, states that he "objects now to any remote appearance or remote testimony by the Movant." On November 10, 2026, the undersigned emailed the Debtor and the Chapter 7 Trustee, Areya Holder Aurzada, describing the relief requested in this Motion and the proposed safeguards and asking for their positions by 9:00 a.m. Central Time on November 12, 2026. The Debtor responded by email on November 10, 2026 and asked that his response be included in full. It reads:

> Mr. Steele:
>
> This responds to your email of November 10, 2026, 11:24 a.m.
>
> (a) WebEx motion. OPPOSED.
>
> The Debtor opposes any request that Ms. Ulijasz give testimony by WebEx or other remote means at the November 18, 2026 evidentiary hearing. The grounds are stated in the Debtor's Opposition to Movant's Request to Testify by WebEx, with exhibits, which was served on you by email on November 10, 2026 and is in overnight delivery to the Clerk for November 12, 2026. I do not attach it again.
>
> (b) Expedited schedule.
>
> The Debtor AGREES that:
>
> - the Debtor's Motion to Compel Movant's In-Person Appearance and Testimony,
>
> - the Debtor's Opposition to Movant's Request to Testify by WebEx at the November 18, 2026 Evidentiary Hearing (served November 10, 2026), and
>
> - the Movant's anticipated (see Motion to Compel ¶¶ 5, 14) and forthcoming motion to testify remotely by WebEx
>
> should be considered and decided together on or before Monday, November 16, 2026, as the Debtor's Motion for Expedited Consideration has already requested for the Motion to Compel.
>
> The Debtor DOES NOT AGREE that a short WebEx hearing is needed and asks for a ruling on the papers before the court.
>
> The Debtor has no CM/ECF access. The Opposition served November 10 is his response to the WebEx motion. If your filing raises matter not addressed there, he will serve a supplement by email on counsel and the courtroom deputy by 5:00 p.m. Central on Friday, November 13, 2026, with the ink-signed original to follow to the Clerk.
>
> Please serve your response to the Motion to Compel and your WebEx motion on me by email when you file them, and PLEASE INCLUDE THIS RESPONSE IN FULL IN YOUR FORTHCOMING FILING WITH THE COURT.

Jason Emory McKemie, Debtor, pro se

No response had been received from the Chapter 7 Trustee when this Motion was filed. The undersigned learned of the medical circumstances described in Movant's declaration on November 11, 2026. The Debtor and the Chapter 7 Trustee receive the declaration describing them with this Motion, and the Debtor's stated deadline of 5:00 p.m. Central Time on November 13, 2026 for any supplement allows him to address them. The undersigned will advise the Court promptly of any position received.

/s/ Jonathan D. Steele
Jonathan D. Steele

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 12, 2026, a true and correct copy of this Motion, with Exhibits A through D, was served (a) on the Debtor, Jason Emory McKemie, pro se, by email at jmckemie@mckemie.net and by first-class United States mail at his address of record on the Court's docket, 539 W. Commerce St., #2010, Dallas, Texas 75208; and (b) on the Chapter 7 Trustee, Areya Holder Aurzada, the United States Trustee, and all other parties receiving electronic notice in this case, through the Court's CM/ECF system.

/s/ Jonathan D. Steele
Jonathan D. Steele

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 12, 2026, a true and correct copy of this Application was served (a) on the Debtor, Jason Emory McKemie, pro se, by email at jmckemie@mckemie.net and by first-class United States mail at his address of record on the Court's docket, 539 W. Commerce St., #2010, Dallas, Texas 75208; and (b) on the Chapter 7 Trustee, Areya Holder Aurzada, the United States Trustee, and all other parties receiving electronic notice in this case, through the Court's CM/ECF system.

/s/ Jonathan D. Steele
Jonathan D. Steele

Respectfully submitted,

BEERMANN LLP

By: /s/ Jonathan D. Steele
Jonathan D. Steele (admitted pro hac vice)
Illinois ARDC No. 6308171
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312.621.9700
jsteele@beermannlaw.com

Local counsel: Richard G. Dafoe (Texas Bar No. 05309500)
Waddell Serafino Geary Rechner Jenevein, P.C., Dallas, Texas

COUNSEL FOR MOVANT GWENDOLYN ULIJASZ

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 12, 2026, a true and correct copy of this Response was served (a) on the Debtor, Jason Emory McKemie, pro se, by email at jmckemie@mckemie.net and by first-class United States mail at his address of record on the Court's docket, 539 W. Commerce St., #2010, Dallas, Texas 75208; and (b) on the Chapter 7 Trustee, Areya Holder Aurzada, the United States Trustee, and all other parties receiving electronic notice in this case, through the Court's CM/ECF system.

/s/ Jonathan D. Steele
Jonathan D. Steele

commingled balance would have become joint-management property at that time, because under § 3.102(b) "the commingled property is considered to be jointly managed property, absent a written agreement to the contrary." *United States v. Loftis*, 607 F.3d 173, 178–79 (5th Cir. 2010). What the statements show in any event is that the funds held in the account were depleted before the petition. The x3898 balance was transferred into x9259 on January 13, 2025; by October 14, 2025 the payments posted to x9259 since September 26, 2025, including a $13,000 payment on Movant's own Chase Visa card, exceeded the beginning balance and the deposits to that date by $121.84, so that the account was overdrawn that day; every deposit after that date was Movant's Accenture payroll or another payment from Accenture, a $200 cash deposit made with her debit card (which identifies the depositor, not the source of the cash), or a January 5, 2026 wire from her own UBS account; and the balance on January 12, 2026, after that day's payments, was $18,502.40. Ulijasz Decl. ¶ 10 & Exs. 9–11. The overdraft establishes that the funds then held in the account were depleted; it does not by itself exclude earlier withdrawals having been placed in another asset or later redeposited, and the character of the petition-date balance depends on the sources of the credits that followed. Movant claims no more than that. No one has identified an asset into which any earlier funds can be traced, and no later credit came from any source but hers. The accounts in which the spouses' funds did meet were the two joint household checking accounts addressed in ¶ 16.

14. Nor does that property enter the estate under § 541(a)(2)(B). "Unless both spouses are personally liable as provided by this subchapter, the community property subject to a spouse's sole management, control, and disposition is not subject to: (1) any liabilities that the other spouse incurred before marriage; or (2) any nontortious liabilities that the other spouse incurs during marriage." Tex. Fam. Code § 3.202(b). A spouse is personally liable for the other's acts "only if"

**E. The temporal and substantive scope is untethered from § 541(a)(2).**

29. Section 541(a)(2) brings into the estate the interests of the debtor and the debtor's spouse in community property "as of the commencement of the case," to the extent that interest is under the debtor's sole, equal, or joint management and control or is liable for an allowable claim against the debtor. 11 U.S.C. § 541(a)(2)(A), (B). The commencement date is January 12, 2026. The 2004 Motion seeks records from January 1, 2024 "to the present." ECF 97 ¶ 10(a)–(h).

30. The window is wrong at both ends. Its beginning precedes the marriage by nearly six months. Property Movant acquired before June 22, 2024 was not acquired during the marriage and is not community property, Tex. Fam. Code §§ 3.001, 3.002, and the Debtor identifies no tracing or characterization question that a pre-marital record would answer. Its end runs eight months past the petition. Community property that did not exist on January 12, 2026 was not swept in by a subsection that speaks as of that date, and Movant's earnings for services she performed after the petition are hers to manage in any event. Tex. Fam. Code § 3.102(a)(1).

31. Movant does not contend that no post-petition record can ever be relevant. A later statement may show what became of property that was in the estate at commencement. But that is a tracing inquiry, and it requires the Debtor to identify the petition-date interest to be traced. He has identified none. He asks for eight months of a non-debtor's banking, compensation, and benefits activity first, and proposes to decide afterward whether any of it mattered.

32. A decision of this Court shows how narrow the field may actually be. *In re Trammell*, 399 B.R. 177 (Bankr. N.D. Tex. 2007) (Houser, J.), held that a vehicle that was the non-filing spouse's sole management community property was "not 'under the sole, equal, or joint management and control of the debtor' pursuant to Section 541(a)(2)(A)," *id.* at 184, and, on a separate analysis, "not property of the estate under Section 541(a)(2)(B)," *id.* at 189. Judge Houser grounded the first holding in Tex. Fam. Code § 3.102(a), under which "each spouse has

direct the issuing party to avoid imposing undue burden and authorize the Court to "quash or modify" a subpoena — that:

(i) excludes from Rule 2004 all requests pertaining to Movant's § 362 contested matter or to Adversary No. 26-03034-mvl, such discovery to proceed, if at all, under Bankruptcy Rules 7027 through 7036;

(ii) limits any remaining request to records of the specific interests identified on the Trustee's Form 1, identified account by account;

(iii) limits the period to the existence of the community estate through January 12, 2026, and permits post-petition records only where the Debtor identifies the petition-date interest they are offered to trace;

(iv) strikes the requests directed to the group health plan and to dependent-eligibility events, and permits no production of protected health information absent a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v);

(v) directs that any production be made to the Chapter 7 Trustee rather than to the Debtor, and that the records not be disseminated to the Debtor absent further order; and

(vi) prohibits use of any records produced in Cause No. DF-24-18010 or in any other proceeding, absent leave of this Court; and

(d) grant Movant such other and further relief as is just.

Respectfully submitted,

*/s/ Richard G. Dafoe*
Richard G. Dafoe. Local Counsel
State Bar No. 05309500

**WADDELL SERAFINO GEARY**