**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

FILED
NOV 25 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: **JASON EMORY McKEMIE,**<br><br>*Debtor.* | CASE NO. **26-30161-mvl7**<br>*CHAPTER 7* |

# DEBTOR'S NOTICE OF WITHDRAWAL OF EMERGENCY MOTION ON THE AUTOMATIC STAY AND REQUEST FOR ITS EXPEDITED CONSIDERATION (ECF NOS. 150, 150-1, 150-2, 150-3, 151, 151-1 AND 152)

The Debtor, **Jason Emory McKemie**, withdraws in full his Emergency Motion on the Automatic Stay (ECF 150, with ECF 150-1, 150-2 and 150-3), his Motion for Expedited Consideration (ECF 151, with its proposed order at ECF 151-1) and his Motion for Setting and Request for Expedited Hearing (ECF 152). There is no emergency. No expedited consideration, no response and no hearing on those papers is needed, and none is requested.

Those papers were mailed on November 16, 2026, before the parties agreed on November 18, 2026 that the automatic stay remains in effect. On the morning of November 17, the Debtor asked that they not be docketed. They were entered on the docket on November 19, 2026, without any prior notice to the Debtor and at a time when he understood they had been discarded. They are replaced by the motion identified in paragraph 14.

**NO EXPEDITED CONSIDERATION, SETTING OR HEARING IS NEEDED OR REQUESTED ON ECF NOS. 150, 151 OR 152 (INCLUDING THEIR ATTACHMENTS). THOSE FILINGS ARE WITHDRAWN.**

## SEQUENCE OF EVENTS

1. On August 21, 2026, the Debtor filed his motion for Rule 2004 subpoenas (ECF 97). On September 11, 2026, Movant Gwendolyn Laura Ulijasz filed her motion for relief from the automatic stay (ECF 110).

2. On October 6, 2026, the Court held the preliminary hearing on ECF 110 and set an in-person evidentiary hearing for November 18, 2026 (ECF 128). ECF 97 was set for the same day (ECF 139). November 18 fell after November 10, 2026, the sixtieth day after ECF 110 was filed. The Debtor's position is that the stay remained in effect through that hearing.

3. On November 12, 2026, Movant asked for leave to give any testimony by WebEx instead of appearing in person on November 18 (ECF 141, 142). The same day she narrowed the relief she seeks under ECF 110 and asked for leave to withdraw her request to annul the stay (ECF 143). Her objection to the Debtor's Rule 2004 motion (ECF 111) remains pending.

4. On November 16, 2026, the Debtor sent the Clerk, by overnight delivery, an emergency motion to extend the automatic stay. The sixtieth day had passed, and the Debtor's position was that the stay remained in effect through the November 18, 2026 in-person evidentiary hearing on his ECF 97 and Movant's ECF 110. The Court set that hearing on October 6. Movant noticed it on October 7 (ECF 128), and the Debtor noticed ECF 97 on November 10 (ECF 139).

5. The purpose of that mailing was to place before the Court, at once, a request that the automatic stay as to Movant be extended beyond the sixtieth day and remain in effect until the Court holds the in-person evidentiary hearing and rules on ECF 110. In the final days before that hearing Movant withdrew her commitment to appear in person, as the Debtor had warned the Court she would in his filings of November 10, 2026 (ECF 133, 134), which followed his November 7 conferral request. The emergency motion asked the Court to confirm that the stay remains in effect past the sixtieth day until ECF 110 is heard and decided. It was sent with a motion for expedited consideration and a request for an expedited hearing. The Clerk received those papers on November 17, 2026.

6. On the evening of November 16, the Debtor realized that the packet he had mailed did not include requests for additional protections that he needed to ask of the Court. On the morning of November 17 he called the Court, asked that the papers not be docketed, and advised that he would bring a replacement filing that afternoon. He was told that the papers would not be docketed. Relying on that, he did not serve the papers on opposing counsel by email. That afternoon he drove toward the courthouse. About an hour away, a highway accident stopped traffic for about an hour, and he could not arrive before the Clerk's office closed. He again called the courtroom deputy, Ms. Harden, advised that he could not arrive in time, and advised that a replacement filing would follow by mail. He then called the Clerk's office, gave the same notice, and asked that the papers be discarded.

7. **On November 18, 2026, the parties conferred by email with the Court. Movant's counsel stated that Movant agrees that the automatic stay remains in effect as to her motion, and that the periods under 11 U.S.C. § 362(e) are extended, through the reset hearing and the Court's ruling on ECF 110. The Debtor agreed.** The Chapter 7 Trustee was copied and has stated no opposition. The Court set ECF 97 for December 8, 2026 at 1:30pm, a hybrid hearing, and offered January 20, 2027 for ECF 110, an in-person evidentiary hearing at which the Debtor will call Movant for cross-examination. These events and the parties' agreement ended the emergency that the earlier papers addressed. The Debtor began preparing a new motion asking the Court to enter that agreement as an order.

8. On November 19, 2026, the papers the Debtor had mailed on November 16 were entered on the docket as ECF 150, 150-1, 150-2, 150-3, 151, 151-1 and 152, bearing a filing date of November 17, 2026. The Debtor received no notice by email or telephone before they were entered. As a result, the docket shows a request for an expedited, emergency setting on an emergency that no longer existed. The certificate of service in those papers was prepared and signed before they were mailed on November 16, and it certifies service by email on November 17, 2026, the day they were to be filed (ECF 151 at 2). Because the Debtor was told the papers would not be docketed, that service was not made (paragraph 6). The certificate of conference states that the Debtor had received no response from Movant (ECF 151 at 2); on November 18 she agreed that the stay remains in effect (paragraph 7). As docketed, the certificates of service and of conference are therefore not accurate, and the relief requested does not match the present posture of the case.

9. This notice advises the Court that no expedited consideration and no expedited hearing is needed on ECF 150, 150-1, 150-2, 150-3, 151, 151-1 or 152. The emergency they addressed has passed. They require no response, no expedited setting and no hearing of any kind. The Debtor withdraws ECF 150, 150-1, 150-2, 150-3, 151, 151-1 and 152.

10. This notice is being emailed to all parties and to the courtroom deputy today, Friday, November 20, 2026. The ink-signed original is being sent to the Clerk for delivery on Monday, November 23, 2026, together with a new motion asking the Court to enter as an order the parties' November 18 agreement that the automatic stay remains in effect and that the periods under 11 U.S.C. § 362(e) are extended through the Court's final ruling on ECF 110.

11. **TIMELINE (all dates 2026):**

   a. **08/21:** The Debtor files his Rule 2004 motion (ECF 97).

   b. **09/11:** Movant files her motion to annul the automatic stay retroactively as to the June 26, 2026 divorce decree (ECF 110). That decree was entered in violation of the stay, after a post-answer default trial at which Movant and her counsel concealed the stay. (See paragraph 15)

   c. **10/6:** The Court sets ECF 110 for an in-person evidentiary hearing on November 18.

   d. **10/7:** Movant's counsel serves the notice of hearing. It states the hearing will be conducted in person (ECF 128).

   e. **11/7, 5:59pm:** The Debtor asks Movant's counsel whether they oppose a motion to compel her in-person appearance.

   f. **11/7, 6:12pm:** Thirteen minutes later Mr. Steele answers that Movant opposes it. He gives no reason she cannot appear.

g. **11/10:** The Debtor files his advance notice and motion to compel (ECF 133, 134). It warns the Court to expect a claim of danger or emergency, a request to appear remotely or not at all, and private security used as a prop. It asks that security be given no weight and that any such claim or request be made in advance by sworn motion, filed and served on the Debtor by 12:00pm on November 16 (ECF 134 at 5, 21).

h. **11/10, 11:24am:** Mr. Steele announces that Movant will ask to testify by WebEx. He gives no reason.

i. **11/11:** A family nurse practitioner at a San Antonio clinic signs an unsworn letter. It says Movant is being treated for a condition it does not name and should not travel for two months, through about January 11, 2027 (ECF 141 at 35).

j. **11/11, 9:52am:** Mr. Dafoe emails the Debtor Movant's witness list and exhibit list (ECF 136, 137). The Debtor's witness list, naming Movant, was already on file (ECF 140).

k. **11/ 11, 12:39pm:** The Debtor sends his Statement of Positions to all counsel, the Trustee, the U.S. Trustee and the courtroom deputy. It asks that both of Movant's filings be served on him by email when filed.

l. **11/11, 1:42pm:** Mr. Steele answers in writing: "Both filings will be served on you by email when filed."

m. **11/12, 11:52am-12:15pm:** Mr. Steele files ECF 141, 142 and 143. Each certificate states service on the Debtor that day by email and by first-class mail.

n. **11/12:** ECF 143 changes what is to be heard on November 18. It asks leave to withdraw the annulment request without adjudication and states that Movant will not testify.

o. **11/12:** ECF 142 asks the Court to shorten the Debtor's time and presents 5:00pm Friday as his agreed deadline.

p. **11/12:** Nothing is served on the Debtor. No email from Mr. Steele. No mail, then or since.

q. **11/12, 4:25pm:** The Debtor calls the Clerk to learn what was filed and is told of ECF 141, 142 and 143. He borrows $131.10 to reopen PACER and drafts his response through the night.

r. **11/13, 9:45am:** Ms. Boucher, a paralegal in Mr. Steele's office, emails the Debtor the three filings for the first time. Not Mr. Steele. Not Mr. Dafoe.

s. **11/13, 11am:** The Debtor leaves for Dallas in a borrowed vehicle and files his response on paper before the Clerk closes (ECF 148).

t. **11/13:** The last day the Clerk is open before the November 15 deadline for witness and exhibit lists. The Debtor's lists were prepared for the motion Movant filed, not the one she substituted the day before.

u. **11/13:** The Court denies the WebEx request and continues the hearing to a date on which Movant will appear in person.

v. **11/13, 4:47pm:** Asked for proof of service, Mr. Dafoe, at a different firm in Dallas, answers for Mr. Steele's Chicago office: a Microsoft outage explains why emails "sent by our office on Nov. 12" arrived November 13. No sent email and no proof of mailing is produced.

w. **11/14, 6:26pm:** Mr. Steele writes that Movant is "available for an in-person hearing" on December 1, 8 or 18. All three dates fall inside the two months her provider says she cannot travel.

x. **11/17:** The Debtor answers: December 18 first, December 8 second, on the condition that Movant confirm she will appear in person and testify.

y. **11/18, 7:38am:** Mr. Steele reports to the Court that Movant is available on both dates.

z. **11/18, 8:45am:** The Court gives a half-day setting on December 8. Four minutes later Mr. Steele asks for the 1:30pm start.

aa. **11/18, 11:06am:** The Debtor confirms December 8 and states that he will call Movant as an adverse witness in person and serve a hearing subpoena.

bb. **11/18, 11:12am:** Six minutes later Mr. Steele writes that his statement of her availability "was in error," that she cannot travel through about January 11, 2027, and asks for a date after that. He agrees the stay remains in effect through the ruling on ECF 110.

cc. **11/18, 1:06pm:** The Debtor agrees to the reset of ECF 110 and to the stay.

dd. **11/18, 3:34pm:** The Court keeps ECF 97 on December 8 and offers January 20, 2027 for the in-person final hearing on ECF 110.

ee. **11/19:** The Debtor accepts January 20, 2027, at 1:30pm and states that he will call Movant as an adverse witness.

12. **Movant and the Debtor are in agreement that the stay remains in effect, and the Chapter 7 Trustee has stated no opposition. This is not an emergency, and there is no further need for expedited consideration or an expedited hearing.**

13. The Debtor withdraws ECF Nos. 150, 150-1, 150-2, 150-3, 151, 151-1 and 152 in their entirety and asks that they be stricken from the record. The Debtor is serving this notice by email on all parties, the Trustee and the courtroom deputy on Friday, November 20, 2026, so that all are fully aware that no emergency or expedited setting is needed on the matters in those filings.

14. The Debtor's replacement filing is his Motion (1) to Extend the Automatic Stay Through the Ruling on ECF No. 110 and (2) to Compel Movant's In-Person Testimony, with a proposed order reflecting the parties' agreement that the stay is extended through the Court's final ruling on ECF 110. It will be filed on Monday, November 23, 2026, and served on all parties by email no later than that day. This withdrawal waives no claim, objection or request in any other filing of the Debtor, including his requests for sanctions and for relief under 11 U.S.C. § 362(k).

15. **STAY VIOLATIONS AND THE DECREE MOVANT ASKS THIS COURT TO VALIDATE.** The June 26, 2026, decree divided the marital property, ordered the Debtor to pay debts, and ordered him to indemnify Movant (ECF 110 at 2, 41-42). It was entered in violation of the stay, and Movant's counsel knew the stay was in effect.

    a. **2/18:** The Debtor filed a Notice of Bankruptcy Automatic Stay in the divorce case, asking that no further proceedings occur without relief from the stay. Movant's own later brief acknowledges it (DF-24-18010, pleadings 174, 250 at 4).

    b. **5/29:** Mr. Steele swore in the divorce court that the Debtor is a Chapter 7 debtor, named the Trustee, and attached this Court's stay orders. The same day he told that court in writing that the divorce exception to the stay does not cover dividing estate property (ECF 121 at 3-4).

    c. **6/11:** **(Pre-trial)** The Debtor was homeless and in medical and logistical collapse, the direct result of Movant's own acts (ECF 121 at 5; ECF 122 at 3). At 1:17 p.m. he filed a verified emergency motion reporting chest pain and asking to appear by phone or video. At 1:21 p.m. he filed a verified motion to recuse. Counsel had notice of both (ECF 121 at 4-5; DF-24-18010, pleading 214).

    d. **6/11:** The trial ran from 1:34 p.m. to 2:46 p.m. as a post-answer default. The words "bankruptcy," "stay," "automatic," "trustee" and "362" do not appear anywhere in the 47-page certified reporter's record. Movant and her counsel concealed the stay and took the full property division (Reporter's Record, June 11, 2026, at 4, 46; ECF 121 at 4).

e. **6/11:** **(4:28pm)** One hour and forty-two minutes after the trial ended, Mr. Steele emailed the divorce court a proposed decree. The court had no written proposed division at trial, and Mr. Steele had told it: "I will efile a judgment that conforms to this" (Reporter's Record, June 11, 2026, at 31-32, 45). He wrote the decree himself. The words "stay," "automatic" and "362" are not in it. It names this case once, in a single sentence at the end of the indemnification paragraph: "Nothing in this Decree modifies the rights of the Chapter 7 trustee in In re McKemie, N.D. Tex. No. 26-30161-MVL-7." That court signed it on June 26, 2026 (ECF 138 at 3; ECF 110, Ex. 1, § 8.G).

f. **6/4-25:** The Debtor's June 4 request for a de novo hearing was never set or heard (DF-24-18010, pleadings 210, 232 at 1). His verified motion to recuse stated that it was "not based merely on adverse rulings." His verified supplement, in 24 numbered sections, stated that it raised "entirely new" developments. The trial went forward with the motion pending. The ruling came 14 days later, the day before the decree was signed: a one-page order that calls the Debtor "the Father" in a divorce with no children and denies the motion because a recusal "may not be based solely upon judicial rulings" (pleadings 214 at 2, 218 at 2, 228).

g. **9/3:** The Debtor's ***Motion for a New Trial*** was heard on September 3, 2026. Judge Wysocki, who signed the decree, had to ask counsel whether a stay was in place:

Judge Wysocki: "So, you agree there is a bankruptcy pending with a stay in place?"

Mr. Steele: *"I agree that there is a bankruptcy pending. I don't know the status of the stay."*

**<u>JUDGE WYSOCKI ASKED WHERE THE DECREE ADDRESSED IT:</u>**

Mr. Steele: *"8(g)."*

Judge Wysocki: *"I am looking at the decree and I don't find 8(g)."*

**<u>JUDGE WYSOCKI ASKED WHETHER THE STAY HAD BEEN LIFTED:</u>**

Mr. Steele: *"I don't know the answer to that, Judge"* (Reporter's Record, Sept. 3, 2026, at 39-41).

**<u>THE JUDGE THEN RULED FROM THE BENCH:</u>**

Judge Wysocki: *"That's not what this decree did. It divided property."*

*"This order that I signed divided the marital estate."*

*"It's not just a voidable order; it is void."*

*"If the law says I could not do it, even if you think there is another remedy, I am not going to do it."*

**MR. STEELE THEN SAID HE WAS NOT ASKING THE COURT TO ENTER AN ORDER AT THAT TIME AND THE JUDGE ANSWERED:**

Judge Wysocki: *"But you did because that decree violates it"* (id. at 41-42, 46).

h. On September 18 that court vacated the property division, the debt allocation and the indemnity (ECF 121 at 3).

16. **MR. STEELE'S STATEMENT THAT HE DID NOT KNOW WAS FALSE.** The stay was noticed in the divorce case on February 18. On May 29 he swore to the petition date, the Trustee and this Court's stay orders, and told the divorce court in writing what the stay barred. On August 21 he was served in this case with the Debtor's Rule 2004 motion (ECF 121 at 4). In the same September 3 hearing he told the divorce court that the bankruptcy court could "annul the stay under section 362(d) to validate the division" (Reporter's Record, Sept. 3, 2026, at 43). Eight days later Movant filed ECF 110 asking this Court to do exactly that. A lawyer who does not know whether a stay exists does not ask to have it annulled. This was not an oversight. He swore to the stay, concealed it at trial, put one sentence about the Trustee at the end of an indemnity paragraph where the judge who signed it could not find it, and then denied knowing.

17. **WHY THIS RECORD IS BEFORE THE COURT IN THIS FILING.** The papers withdrawn here asked the Court to protect the stay. The stay matters because of the conduct set out in paragraphs 11, 15 and 16. Movant and her counsel obtained a decree in violation of the stay, concealed the stay at the trial that produced it, and now ask this Court in ECF 110 to annul the stay and validate that decree. The same counsel certified service on the Debtor that was not made (paragraph 11) on the same day he requested for this court to shorten the Debtor's time to respond, misrepresented a deadline as "agreed" to this court regarding filings not served upon the Debtor at that time, changed the nature of the matters before the court being heard on November 18th on the last day to exchange exhibits and witness lists prior to the hearing, and did so in a manner so that it would prevent any possibility of the Debtor's ability to respond prior to the time he requested a ruling from this court. The Debtor places this record before the Court so that the Court has it when it weighs any representation by Movant or her counsel on ECF 110, ECF 97 or the stay. The Debtor will file a separate motion requesting the revocation of Mr. Steele's pro hac vice admission and for sanctions. This notice asks for no ruling on those matters at this time; yet waives none of them.

Dated: November 20, 2026

Submitted by:

**Jason Emory McKemie**
Debtor, Pro Se (*Not by Choice*)
539 W. Commerce St., #2010, Dallas, TX 75208
jmckemie@mckemie.net
(214) 519-8958

# CERTIFICATE OF SERVICE

I certify that on **November 20, 2026**, a true copy of this Notice and the proposed order was served by email on counsel for Movant Gwendolyn Laura Ulijasz:

- Jonathan D. Steele (jsteele@beermannlaw.com), Beermann LLP (Chicago)
- Sara Boucher (saboucher@beermannlaw.com), Beermann LLP (Chicago)
- Rosa Gutierrez (rgutierrez@beermannlaw.com), Beermann LLP (Chicago)
- Richard G. Dafoe (rdafoe@wslawpc.com), Waddell Serafino Geary Rechner Jenevein, P.C. (Dallas)
- Rebecca L. Armstrong (rebecca@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)
- Lauren Shaw (lauren@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)
- Terra Aguirre (terra@armstronglawtexas.com), Armstrong Divorce & Family Law, PLLC (Dallas)

and on:

- Areya Holder Aurzada, Chapter 7 Trustee (areya@holderlawpc.com)
- Office of the United States Trustee (ustpregion06.da.ecf@usdoj.gov)

On the same date a copy was emailed to the courtroom deputy (mvl_settings@txnb.uscourts.gov), and the ink-signed original were mailed on Tuesday, November 24th, 2026, by US Mail to the Clerk, United States Bankruptcy Court, Northern District of Texas, 1100 Commerce Street, Room 1254, Dallas, Texas 75242.



**Jason Emory McKemie**