FILED
NOV 25 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>**JASON EMORY McKEMIE,**<br>Debtor. | Case No. 26-30161-mvl7<br>Chapter 7 |

**DECLARATION OF JASON EMORY McKEMIE IN SUPPORT OF DEBTOR'S MOTION FOR TURNOVER OF $20,643.56 AND FOR SANCTIONS**

I, Jason Emory McKemie, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am the Debtor in this case. I am over eighteen and competent to make this declaration. The facts stated here are within my personal knowledge.

2. Exhibits A through H to the Motion are true copies. Exhibit A is the order signed December 17, 2025 in Cause No. DF-24-18010. Exhibit B is email between Ms. Ulijasz and me on December 17 and 18, 2024. Exhibit C is pages 1 through 3 of the paper Ms. Ulijasz filed in that cause on December 19, 2025. Exhibit D is pages 1 and 2 of the paper she filed there on January 13, 2026. Exhibit E is the first page of the COBRA notice dated November 11, 2025 that I received. Exhibit F is email I received from Accenture's U.S. Benefits mailbox on January 21, 2026, on November 12, 2026 and on November 17, 2026; a member identification number on page 3 is redacted. Page 4 is the November 17, 2026 email, with the six written questions I sent on November 13, 2026 below it. Exhibit G is three pages of the transcript of my January 8, 2026 call with Inspira Financial and a photograph of the mailer described in paragraph 12, as they appear at ECF 138-1, pages 59 through 61 and 71. Exhibit H, page 1, is an image I attached to an email I sent to Ms. Ulijasz's lawyers at Sullivan & Cook on July 27, 2025; its two photographs show my foot and my neck during the infection described in paragraph 7. Exhibit H, page 2, is the email I sent those lawyers at 2:16 p.m. that day; a telephone number is redacted.

3. In December 2024 Ms. Ulijasz demanded receipts for my medical expenses. I had already given them to her. She is the only account holder on the health savings account. She told me receipts had to be uploaded to the administrator's portal, and she never gave me the login. On December 18, 2024 she told me the HSA card was suspended. Since then the only charge I have been able to make on an HSA card is the charge described in paragraph 7.

4. No part of the $20,643.56 has been paid to me or deposited in the joint Chase account ending 6893. Ms. Ulijasz did not give me information sufficient to access and use the HSA and the FSA within twenty-four hours after the December 17, 2025 order was signed, and she has not given it to me since.

5. I know of no order staying, modifying or vacating the December 17, 2025 order. None has been served on me.

6. On January 20, 2025 Ms. Ulijasz wrote to my lawyer at the time: "No health insurance of any kind is on the table for discussion as Jason has not demonstrated responsible and ethical actions required to have health insurance."

7. In July 2025 I was hospitalized for five days with a staph infection. The hospital and the pharmacy worked for a day and a half to get the HSA card on file at the pharmacy working. It worked for one charge of $41. By the next morning the card had been reported lost or stolen and was declined, and I could not fill the antibiotics. I did not report the card lost or stolen. I was not able to complete the antibiotics, and the infection kept returning for more than eight months. On July 27, 2025, while the infection was active, I sent Ms. Ulijasz's lawyers my twenty-sixth written request for the HSA card credentials.

8. No divorce had been granted on October 31, 2025. I did not report a divorce to the Plan. My coverage was terminated effective that date. I was present at the hearing held in Cause No. DF-24-18010 on October 31, 2025. At that hearing Ms. Ulijasz testified under oath that she had not changed, limited or restricted my healthcare and would not.

9. Surgery to repair a torn rotator cuff and a ruptured biceps was scheduled for December 27, 2025. I had met my deductible and out-of-pocket maximum for 2025. The surgery did not go forward, because my coverage and my access to the HSA and FSA funds were not restored in time. On January 1, 2026 the deductible and out-of-pocket maximum started over. I have not had the surgery.

10. By early July 2026 I had met my deductible and out-of-pocket maximum for 2026. On July 9, 2026 Accenture emailed me that my coverage would end effective June 30, 2026. In October 2026 the Plan restored it retroactive to July 1, 2026. The deductible and out-of-pocket maximum start over on January 1, 2027.

11. Since Ms. Ulijasz left the marital home I have not received one reimbursement from the HSA or the FSA. FSA claims are submitted through the same card and login as the HSA. Ms. Ulijasz controls both. I do not have an active HSA card, and I have no login to either account. Without them I cannot use the HSA or the FSA to pay for my care.

12. On January 6, 2026, in open court, Ms. Ulijasz handed me an Inspira Financial mailer for a card ending in 5379. On January 8, 2026 I called Inspira Financial. I was a party to the call and I recorded it. The transcript pages in Exhibit G are true and accurate.

13. I have never been given what was submitted to the Plan to report a divorce on October 31, 2025, or the Plan's record of that report. I have asked Accenture for those records in writing many times. Accenture has not produced them. I have asked the U.S. Department of Labor, Employee Benefits Security Administration, File No. 20263018882, to obtain them.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 24, 2026.

Jason McKemie

Jason Emory McKemie

Brazos County, TX

## INDEX OF EXHIBITS

| Exhibit | Document | Pages |
|---|---|---|
| A | Order on Emergency Reinstatement of Healthcare, signed December 17, 2025, Cause No. DF-24-18010, 302nd Judicial District Court, Dallas County, Texas | 3 |
| B | Email between Gwendolyn Laura Ulijasz and the Debtor, December 17–18, 2024 | 3 |
| C | Ulijasz, Emergency Motion to Stay and Clarify Temporary Orders, Notice of Impossibility of Compliance, filed December 19, 2025 in DF-24-18010 (pages 1–3) | 3 |
| D | Ulijasz, Petitioner's Notice of Compliance with Court Order, filed January 13, 2026 in DF-24-18010 (pages 1–2) | 2 |
| E | COBRA notice dated November 11, 2025 (first page) | 1 |
| F | Accenture U.S. Benefits email to the Debtor: January 21, 2026 (page 1); November 12, 2026, with the Debtor's reply above it (pages 2–3); November 17, 2026, answering the Debtor's six written questions (page 4) | 4 |
| G | Transcript of January 8, 2026 call with Inspira Financial (ECF 138-1 at 59–61) and photograph of the HSA card mailer handed to the Debtor on January 6, 2026 (ECF 138-1 at 71) | 4 |
| H | Image of the Debtor's foot and neck during the July 2025 staph infection, sent to Sullivan & Cook on July 27, 2025 (page 1); the Debtor's July 27, 2025 email to Sullivan & Cook, his twenty-sixth request for the HSA card (page 2) | 2 |

Documents already on this Court's docket are cited by ECF number and are not reproduced: ECF 91 (Trustee's Form 1); ECF 103 (order); ECF 110 (Ulijasz motion and declaration, attaching the June 26, 2026 decree); ECF 121 and 121-1 (notice and exhibits, including the September 18, 2026 Memorandum Ruling); ECF 122 (Debtor's declaration); ECF 138 and 138-1; ECF 143.