**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>**JASON EMORY McKEMIE,**<br>Debtor. | Case No. 26-30161-mvl7<br>Chapter 7 |

**ORDER ON DEBTOR'S MOTION FOR TURNOVER OF $20,643.56 AND FOR SANCTIONS**

The Court has considered the Debtor's Motion for Turnover of $20,643.56 and for Sanctions (the "Motion"), the declaration and exhibits filed with it, the record, and any response. The Court FINDS and ORDERS as follows.

1. On December 17, 2025 the 302nd Judicial District Court of Dallas County, Texas, in Cause No. DF-24-18010, ordered Gwendolyn Laura Ulijasz, within twenty-four hours, either to reinstate the Debtor's dependent health coverage and give him information sufficient to access and use the health savings account and the flexible spending account (Section I, Option A), or to deposit a total of $20,643.56 (Section I, Option B, and Section III).

2. Ms. Ulijasz did not perform Option A or Option B. She has not at any time given the Debtor information sufficient to access and use the health savings account and the flexible spending account. No card, login

or other act after December 18, 2025 performs Option A or reduces the sum owed. She owes $20,643.56.

3. The Debtor's right to that sum arose before the petition date, January 12, 2026. It is property of the estate under 11 U.S.C. § 541(a)(1). The debt is matured. 11 U.S.C. § 542(b).

4. Ms. Ulijasz **SHALL** pay $20,643.56 to Areya Holder Aurzada, Chapter 7 Trustee, by cashier's check or wire transfer, within three (3) business days after entry of this Order, and **SHALL** file proof of payment within one (1) business day after paying.

5. The Trustee **SHALL** file a notice of receipt within two (2) business days after receiving the funds. The Debtor has claimed the funds exempt under Tex. Prop. Code § 42.001(b)(3). The Trustee **SHALL** pay the funds to the Debtor within two (2) business days after the time to object to the Debtor's amended Schedule C expires with no objection pending. If an objection is filed, the Trustee shall hold the funds pending further order.

6. If Ms. Ulijasz does not pay as ordered in paragraph 4, she **SHALL** pay the Debtor $4,100.00 for each day after the deadline until the $20,643.56 is paid in full.

7. Ms. Ulijasz **SHALL** pay the Debtor's costs of the Motion, in the amount stated in a declaration the Debtor shall file within seven (7) days after entry of this Order, within three (3) business days after that declaration is filed.

8. This Order is a money judgment and may be enforced by execution. Fed. R. Bankr. P. 7069, 9014(c)(1).

9. Nothing in this Order releases, limits or decides any other claim, right or remedy of the Debtor against Ms. Ulijasz or any other person.

10. The Court retains jurisdiction to enforce this Order.

**### END OF ORDER ###**

Submitted by:

Jason Emory McKemie, Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net