**From:** Jason McKemie jmckemie@mckemie.net
**Subject:** Re: Vision receipts needed and update on pay back from David Aron
**Date:** December 18, 2024 at 2:12 PM
**To:** Gwen Ulijasz gulijasz@gmail.com
**Cc:** Brant Webb brant@webbfamilylaw.com

---

Gwen,

As you had previously received these receipts by me handing you and copy and through email.

You have and have had the receipts, so yes you do have the power to reactivate it. I do not have an email from you with the response of Aetna, but upon looking in the portal it appears they need some additional information. As I do not receive emails from this account, it would greatly help expedite things as well as ensure that we get them all the necessary information timely to ensure we don't miss any deadlines in the future. I'll see what they are wanting, but once again, I need you to forward me any correspondence for me to be able to follow up on it timely.

Let me know if you have any more demands.

So just to confirm, you're not following through with your commitments on our recorded call regarding rental payment, 6mo Cobra Insurance, no intention of canceling our joint card, as well as funding the joint checking with $2k per month?

And your terminating medical coverage prior to my final spinal procedure next Tuesday? You are aware of how much pain I am in, and that this procedure will correct that. Seems like that would be pretty malicious. I hope that's not what you're implying.

Best Regards,

Jason McKemie
[redacted]

---

**From:** Gwendolyn Laura Ulijasz <gulijasz@gmail.com>
**Date:** Wednesday, December 18, 2024 at 12:20 PM
**To:** Jason McKemie <jmckemie@mckemie.net>
**Subject:** Fwd: Vision receipts needed and update on pay back from David Aron

Jason, I called the HSA card administrator , Met Life. They suspended the card already because I have not received receipts from you in a timely manner. This was not my doing.

Despite many conversations as well as my creation of a physical folder for receipts I placed in the kitchen and showed you and you acknowledged, you have not been able to responsibility use the card.

i cannot reactivate it. They need the receipts. You need to provide them to me or I cannot pay for your medical care. It's in your hands now.

Further, I called PhysicalAddress.com and it seems that on this account as well, you

set up our mail receipt in a way that you are the only Owner. You have taken steps to disallow me from seeing my mail in the app and I have no ability to collect my mail or see it online.

All of these items need to be handled responsibility. I cannot in good conscience give you money , even for medical care, with what is going on as result of your continued financial neglect of responsibility and controlling actions.

You can choose whether to cooperate so that I can upload the receipts, get the HSA turned back on, and then have your shot. I dont know how long after you provide the receipts it takes to get the card turned on. I would suggest you finally start to treat this stuff w/ the attention it's always deserved.

Action Required Receipt Required to Process Your Claim – Second Attempt Inbox x

**MetLife** <MetLifeHSSA@metlife.lh1ondemand.com> Wed, Dec 11, 3:01AM (7 days ago)
to me

**MetLife**

Important information – Please review

Gwendolyn,

**Why we're contacting you**
We recently sent you an email requesting a receipt for your MetLife Health Savings & Spending Account debit card claim. Before we can process your claim, we need you to send us your receipt(s) so we can ensure your claim meets the IRS requirements for a qualified expense. As of today, our records show we haven't received the required documentation from you.

**What you need to do**
Please login to your account on the MetLife participant portal and follow the instructions below to submit your receipt:

---------- Forwarded message ---------
From: **Gwen Ulijasz** <gulijasz@gmail.com>
Date: Tue, Dec 17, 2024 at 8:48 PM
Subject: Vision receipts needed and update on pay back from David Aron
To: Jason McKemie <jmckemie@mckemie.net>

Receipts are needed for both the attached purchases i made for you for glasses. Please send by tomorrow end of day so that I can see you have intent to participate responsibly and I can leave the HSA available for your next shot.If receipts are not provided in a timely manner and without an argument like I've experienced in the past, then the transactions become reportable to the IRS and a taxable event. The tax is approximately half of each of the bills below including penalties. $840. This will be your responsibility if the steps the federal gov't needs to qualify these expenses are ignored.

Separately, $800 remains unaccounted for after 5 months with your therapist David Aron. A month ago you told me that it would take a month. This is after months of

discussion on the same and assurances that it was not urgent and did not matter whether we were active on my old Aetna health plan. An update, please, with screen shoots as needed so that I can see where things stand. An explanation of your own is not necessary.

I am not open to discussion about putting you on COBRA until you can accomplish the above. This requires no back and forth.

Do the needful.

**Accenture (c/o Businessolver, Inc.)**
P.O. Box 3013
Monroe, WI 53566-3013
**DO NOT MAIL CORRESPONDENCE OR PAYMENTS TO THIS ADDRESS**

accenture

Jason Mckemie and Family
5609 La Foy Blvd
Dallas, TX 75209

Notice Date: November 11, 2025

Prepared For: Jason Mckemie and Family

Mail check(s) and correspondence to this address only:

**Accenture (c/o Businessolver, Inc.)**
**PO BOX 850512**
**Minneapolis, MN 55485-0512**

If you have any questions regarding your benefits or this notice, please login to **benefitscenter.accenture.com.**

# COBRA Continuation Coverage & Other Health Coverage Alternatives

You're getting this notice because you recently lost coverage under Accenture group health plan ("the Plan"). This notice has important information about your right to COBRA continuation coverage, which is a temporary extension of coverage under the Plan. Please read the information in this notice very carefully before you make your decision.

This notice has important information about your right to continue your health care coverage under the Plan, as well as other health coverage options that may be available to you including coverage through the Health Insurance Marketplace. To sign up for Marketplace coverage, visit **www.HealthCare.gov** or call 1-800-318-2596 (TTY: 1-855-889-4325). **You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage.** People in most states use **www.HealthCare.gov** to apply for and enroll in health coverage; if your state has its own Marketplace platform, you can find contact information here: **www.HealthCare.gov/marketplace-in-your-state/.**

Please read the information in this notice very carefully before you make your decision. If you choose to elect COBRA continuation coverage, you should enroll online at **benefitscenter.accenture.com** or use the Election Form provided later in this notice.

## Enrolling in COBRA Continuation Coverage Online Is Easy & Secure

1. **Go to benefitscenter.accenture.com** and log in with your username and password. If you don't know them, you may reset your username and password or **Register** as a first-time user. Your Company Key is **accenture**.
2. **Review and make your COBRA continuation coverage elections.** The online enrollment process makes it easy to select the coverage you're eligible for. Click "Start Here" to begin your enrollment.
3. **Choose the payment method you want.**
   a. **Pay Online** – Provide your bank account information. You can set up automatic monthly payments and avoid the usual $2.00 monthly convenience fee.
   b. **Pay by Check** – Make your check payable to **Businessolver, Inc**.

Deadline to Enroll in COBRA continuation coverage

Your elections must be completed and/or postmarked no later than

**01/11/2026**

Your active coverage ends on **10/31/2025**

If elected, COBRA continuation coverages will be effective on **11/01/2025**

*If you are electing COBRA continuation coverage as an active employee who did not lose all benefits due to your Qualifying Event, a retiree who is enrolled in retiree benefits with this employer, or a dependent electing COBRA continuation coverage, either as a result of a dependent qualifying event (such as divorce or child reaching maximum age) or the dependent of a former employee who is not also electing COBRA continuation coverage,* ***you cannot enroll online.*** *You will need to return the paper election form found in this package. Once enrolled, you will be able to login to* ***benefitscenter.accenture.com*** *and create your online account.*

Coverage provided by Accenture to you and/or your covered dependent(s) ends on 10/31/2025 due to the following qualifying event: **Divorce**. You have the right to elect COBRA continuation coverage for a duration of up to 36 months.

Only members covered at the time of Qualifying Event are eligible for continuation. The following Qualified Beneficiaries are eligible to continue coverage under COBRA:
Jason McKemie

3607127784

Copy from re:SearchTX

**From:** **USBenefits** USBenefits@accenture.com
**Subject:** RE: ERISA §104(b)(4) Request – SECOND DEMAND FOR REINSTATEMENT / 80 DAYS WITHOUT ACCESS TO CRITICAL MEDICATIONS / NOTICE OF ESCALATING MEDICAL HARM
**Date:** January 21, 2026 at 4:40 PM
**To:** Jason McKemie jmckemie@mckemie.net
**Cc:** Jason McKemie mckemie76@gmail.com

Mr. McKemie,

Thank you for reaching out. We want to address your concerns. We will start by confirming that your coverage was reinstated in December and has now been reinstated effective as of the initial drop date, so there is no longer any gap in coverage. See below for more details and a response to your letter.

Your coverage was dropped due to a participant-reported life event, and that triggered the COBRA notice which was in accordance with our plan rules. When Accenture was informed by our Benefits Center in December that the qualifying event that triggered Cobra notice wasn't final yet, and therefore you were still an eligible dependent, we directed them to negate the life event. Manual intervention was required to return your coverage to active status because of the unique facts of your situation. While our intent was for there to be no gap in coverage, unfortunately our health plan administrators reinstated coverage from that point forward. We have reached out to both your medical carrier and pharmacy benefit manager to correct their records such that there is now no gap in coverage.

Aetna has informed us they are already reprocessing any denied claims in the November/December timeframe. If you have additional claims to be filed, you can file them now. If you need assistance with that, please let us know. Similarly, we can have CVS Caremark reach out to you directly to help process any pharmacy claims if you would like. Aetna has confirmed both of your MRI requests from last week have been approved.

We are unfortunately unable to take action related to your Health Savings Account or Health Care Flexible Spending Account. Only employees have the ability to elect their level of coverage; we cannot direct them or put in place coverage they did not ask for. Similarly, the Health Savings Account and Flexible Spending Account are controlled by employees, and we do not have the ability or authority to issue HSA cards, PIN numbers or give access to websites to anyone other than employees.

We acknowledge your request for documents under ERISA. In our response to you on January 15, 2026, we provided you with copies of the "instruments under which the plan is established or operated" as required under ERISA § 104(b)(4). You have requested additional documents below. Under ERISA § 503 and 29 C.F.R. § 2560.503-1, if an adverse benefit determination has been made and you have submitted a claim or appeal, the Plan must provide the "relevant documents" (as defined under 29 C.F.R. § 2560.503-1(m)(8)) that formed the basis of that benefit determination. To our knowledge, as noted above, all of your claims for benefits under the Plan have been approved by Aetna. If there are claims that are currently denied **or specific claims for which you are seeking relevant documents**, please identify the claim and we will be happy to assist.

Thank you,
Accenture Benefits

*NOTE: Accenture reserves the right, in its sole discretion, to amend, modify or terminate any of its benefit plans at any time.*

**From:** Jason McKemie <jmckemie@mckemie.net>

**From:** **Jason McKemie** jmckemie@mckemie.net
**Subject:** RE: Status request - Health Care Flexible Spending Account - Six Questions Requiring Written Answers by November 20, 2026 (EBSA File No. 202630-18882)
**Date:** November 14, 2026 at 12:48 AM
**To:** USBenefits USBenefits@accenture.com
**Cc:** Wynn E. Pott wynn.e.pott@accenture.com, info@businessolver.com, Nathan T. Boone NBoone@littler.com, Lizeth Juarez LGJuarez@littler.com, DHerring@littler.com

Mr. Pott:

Your reply states that the FSA Plan "permits, but does not require" that I be given a right to seek reimbursement, that my access "can only be secured through the accountholder," and that "Accenture has no involvement in that process."

The accountholder is the participant who reported a divorce-based qualifying life event when no divorce had occurred. That report terminated my coverage on October 31, 2025. The Plan has confirmed in writing that I remained an eligible dependent spouse and that no COBRA qualifying event occurred. Your reply now makes that same participant the only person who can be paid for medical expenses I paid myself.

Answer each of the following in writing by November 20, 2026.

1. Identify by section number the Plan provision that "permits, but does not require" that I be given a right to seek reimbursement, and quote it.

2. Who holds that discretion under the Plan: the Plan Administrator or the participant? If the Plan Administrator holds it, state whether it has decided not to exercise it for me, who made that decision, on what date, and for what reason.

3. Confirm yes or no: under the Plan Administrator's position, reimbursement for eligible expenses I incurred and paid in 2026 can be paid only to Ms. Ulijasz.

4. State the 2026 Health Care FSA election amount, the total reimbursed to date for expenses incurred by me, the remaining balance, and the last date a claim for 2026 expenses can be submitted.

5. Records produced by Ms. Ulijasz show the Health Care FSA as "Coverage Terminated" effective June 30, 2026. Your reply says reimbursement is available for expenses through December 31, 2026. State which is correct and the current status of the account.

6. For 2025: state whether any Health Care FSA or HSA reimbursement was paid to Ms. Ulijasz for expenses incurred by me, the amounts and dates, and whether any 2025 balance was forfeited.

FSA claims are submitted through the same card and login as the HSA, both of which the participant controls and has withheld from me since December 18, 2024. Confirm whether any other method of submitting a claim exists.

Under ERISA Section 104(b)(4), 29 U.S.C. Section 1024(b)(4), I request copies of the Health Care FSA plan document, the cafeteria plan document, the summary plan description for each, and the claims procedures. This is a written request by a beneficiary.

The statement that "Accenture has no involvement" is not accurate. The Plan processed the report that terminated my coverage, and the Plan decides who may submit a claim. I am asking the Plan to state, in writing, whether it will allow me to submit my own claims and be paid directly.

Jason Emory McKemie
Covered Dependent Spouse, Accenture US Group Health Plan
(214) 519-8958 | jmckemie@mckemie.net
539 W. Commerce St., Ste. 2010, Dallas, TX 75208

> On Nov 12, 2026, at 4:07 PM, USBenefits <USBenefits@accenture.com> wrote:
>
> Dear Mr. McKemie,
>
> As you know, you are a dependent spouse covered under the Accenture US Group Health Plan and your coverage under the plan was restored retroactive to July 1, 2026. With respect to the FSA, the restoration of your coverage means that Ms. Ulijasz is able to seek reimbursement

under the healthcare FSA for eligible expenses incurred by you from January 1, 2026 through December 31, 2026 (or such earlier date if your coverage is terminated in accordance with plan rules). As a covered dependent, you do not have independent entitlement to establish or access an Accenture FSA account. The FSA Plan permits, but does not require, that you be provided a right to seek reimbursement for eligible claims. However, your ability to seek reimbursement of expenses under the FSA can only be secured through the accountholder and Accenture has no involvement in that process.

We provide the following information with respect to your vision coverage. Documentation related to your vision coverage is available using the information below.

- Member/subscriber ID - [redacted]
- Member-services number - +1 800 940 5711

Your eligibility for, and entitlement to, any benefits remains subject to the applicable Plan terms. The Plan Administrator expressly reserves all rights, defenses, and positions.

Sincerely,
ACCENTURE US GROUP HEALTH PLAN

Wynn E. Pott
On behalf of the Plan Administrator
***NOTE: Accenture reserves the right, in its sole discretion, to amend, modify or terminate any of its benefit plans at any time.***

---

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Friday, October 30, 2026 7:34 PM
**To:** Pott, Wynn E. <wynn.e.pott@accenture.com>
**Cc:** USBenefits <USBenefits@accenture.com>; info@businessolver.com; NA.HR.Questions <NA.HR.Questions@accenture.com>; NBoone@littler.com; LGJuarez@littler.com; DHerring@littler.com
**Subject:** [External] Status request — Health Care Flexible Spending Account and UnitedHealthcare Vision Plan access / Response Requested by Monday, Nov 2nd

Wynn E. Pott, on behalf of the Plan Administrator,

Two items. Please answer in writing.

1. Health Care Flexible Spending Account. This is an ERISA employee welfare benefit plan. ERISA § 3(1), 29 U.S.C. § 1002(1). My enrollment in it was terminated on October 31, 2025 by an erroneous qualifying life event submission — a divorce-based QLE submitted when no divorce had occurred. The Plan has represented that all of my benefits have been restored. Where is my Health Care Flexible Spending Account?

State in writing: (a) my current status under that account; (b) if it was restored after the October 31, 2025 erroneous QLE submission, the date it was restored and the proof of restoration; (c) if it was not restored, confirm that; and (d) the exact process by which I submit a claim against that account and receive reimbursement.

This item concerns the Health Care Flexible Spending Account, not the Dependent Care Flexible Spending Account.

2. UnitedHealthcare Vision Plan. Your October 14, 2026 letter states that my vision coverage under the Participating Vision Plan was restored retroactive to July 1, 2026. I cannot log in to UnitedHealthcare Vision and cannot use the coverage. Provide my member or subscriber ID, the group number, the member services number, and a copy of any vision ID card on file for me.

I cannot obtain either of these from the Benefits Center. Every time I call, I am told I am not authorized to speak to anyone about the account. That is why I am requesting this in writing from you.

Please respond by Monday, Nov 2nd

Jason Emory McKemie
Covered Dependent Spouse, Accenture US Group Health Plan
(214) 519-8958 | jmckemie@mckemie.net
539 W. Commerce St., Ste. 2010, Dallas, TX 75208

> On Oct 14, 2026, at 3:07 PM, Pott, Wynn E. <wynn.e.pott@accenture.com> wrote:
>
> Dear Mr. McKemie:
>
> For the specific reason recited in our communication dated October 6, 2026, the Plan Administrator confirms that your active prescription drug coverage under the Participating Medical Plan and your vision coverage under the Participating Vision Plan, both under the Accenture US Group Health Plan, have been restored retroactive to July 1, 2026, with no gap in coverage. We are also working with Aetna to ensure that claims affected during the period beginning July 1 are reprocessed under the Participating Medical Plan.
>
> In response to the additional benefit-administration matters identified in your October 9 correspondence, we provide the following:

**From:** **USBenefits** USBenefits@accenture.com
**Subject:** RE: Status request - Health Care Flexible Spending Account - Six Questions Requiring Written Answers by November 20, 2026 (EBSA File No. 202630-18882)
**Date:** November 17, 2026 at 8:54 AM
**To:** Jason McKemie jmckemie@mckemie.net
**Cc:** Pott, Wynn E. wynn.e.pott@accenture.com, Nathan T. Boone nboone@littler.com, Lizeth Juarez lgjuarez@littler.com, DHerring@littler.com dherring@littler.com

Dear Mr. McKemie,

Responses to your questions below.

1. The Plan "permits but does not require" certain administrative arrangements, such as the issuance of an additional debit card. This does not establish an independent reimbursement right for a dependent. Rather, the Plan does not restrict the accountholder from extending access to an eligible dependent, such as through an additional debit card for point-of-sale payment, and the decision to provide that access is at the accountholder's discretion. The 2026 Flexible Spending Summary Plan Description (SPD) document is attached.
2. As noted in our prior response, your ability to seek reimbursement of expenses under the FSA can only be secured through the FSA accountholder and Accenture has no involvement in that process.
3. Yes, except where payment is made directly to a service provider or at a point of sale, each as permitted under the Plan.
4. As you do not have independent rights to the Flexible Spending Account, the Plan Administrator is unable to provide you with the requested account-specific information.
5. As you do not have independent rights to the Flexible Spending Account, the Plan Administrator is unable to provide you with the requested account-specific information.
6. As you do not have independent rights to the Flexible Spending Account, the Plan Administrator is unable to provide you with the requested account-specific information.

In response to your request for documents, I am including a copy of the Accenture US Group Health Plan along with all amendments. I note that the "cafeteria plan" is a component plan titled the "Participating Flexible Benefits Plan" set forth in Supplement D, which component plan includes the Health Care Flexible Spending Account Option set forth in Supplement F. As noted earlier, the applicable SPD is also attached.

Your eligibility for, and entitlement to, any benefits remains subject to the applicable Plan terms. The Plan Administrator expressly reserves all rights, defenses, and positions.

Sincerely,
ACCENTURE US GROUP HEALTH PLAN

Wynn E. Pott
On behalf of the Plan Administrator
***NOTE: Accenture reserves the right, in its sole discretion, to amend, modify or terminate any of its benefit plans at any time.***

**From:** Jason McKemie <jmckemie@mckemie.net>
**Sent:** Friday, November 13, 2026 10:48 PM
**To:** USBenefits <USBenefits@accenture.com>
**Cc:** Pott, Wynn E. <wynn.e.pott@accenture.com>; info@businessolver.com; Nathan T. Boone <NBoone@littler.com>; Lizeth Juarez <LGJuarez@littler.com>; DHerring@littler.com
**Subject:** [External] RE: Status request - Health Care Flexible Spending Account - Six Questions Requiring Written Answers by November 20, 2026 (EBSA File No. 202630-18882)

**WARNING:** External email. Be vigilant with links, attachments, and requests.

Mr. Pott:

Your reply states that the FSA Plan "permits, but does not require" that I be given a right to seek reimbursement, that my access "can only be secured through the accountholder," and that "Accenture has no involvement in that process."

The accountholder is the participant who reported a divorce-based qualifying life event when no divorce had occurred. That report terminated my coverage on October 31, 2025. The Plan has confirmed in writing that I remained an eligible dependent spouse and that no COBRA qualifying event occurred. Your reply now makes that same participant the only person who can be paid for medical expenses I paid myself.

Answer each of the following in writing by November 20, 2026.

1. Identify by section number the Plan provision that "permits, but does not require" that I be given a right to seek reimbursement, and quote it.

2. Who holds that discretion under the Plan: the Plan Administrator or the participant? If the Plan Administrator holds it, state whether it has decided not to exercise it for me, who made that decision, on what date, and for what reason.

3. Confirm yes or no: under the Plan Administrator's position, reimbursement for eligible expenses I incurred and paid in 2026 can be paid only to Ms. Ulijasz.

4. State the 2026 Health Care FSA election amount, the total reimbursed to date for expenses incurred by me, the remaining balance, and the last date a claim for 2026 expenses can be submitted.

5. Records produced by Ms. Ulijasz show the Health Care FSA as "Coverage Terminated" effective June 30, 2026. Your reply says reimbursement is available for expenses through December 31, 2026. State which is correct and the current status of the account.

6. For 2025: state whether any Health Care FSA or HSA reimbursement was paid to Ms. Ulijasz for expenses incurred by me, the amounts and dates, and whether any 2025 balance was forfeited.

FSA claims are submitted through the same card and login as the HSA, both of which the participant controls and has withheld from me since December 18, 2024. Confirm whether any other method of submitting a claim exists.

Under ERISA Section 104(b)(4), 29 U.S.C. Section 1024(b)(4), I request copies of the Health Care FSA plan document, the

Docusign Envelope ID: 96DE836C-19E7-420E-BE5D-7D517C9323FE

provide written confirmation of benefit status based on Plan eligibility records and administrator confirmations, as reflected in this correspondence. Please see Attachment A for a list of your current coverage under Accenture's benefit plans.

**Qualifying Life Event ("QLE") and COBRA Assertions**

With respect to the QLE referenced in your Correspondence, the Plan agrees that the QLE was implemented in error and as you know, the resulting coverage drop has been reversed.

The Plan further agrees that no COBRA qualifying event occurred, and that the notices were generated in error based on the mistaken implementation of the QLE. Accordingly, the Plan is not required under ERISA to provide you with any additional information or documents related to the QLE or the subsequent COBRA notices.

**Health Savings Account and Flexible Spending Accounts**

HSA – As to your requests related to the HSA, please note that Plan rules do not provide dependents with the right to establish HSA accounts through Accenture. Further, the HSA is a custodial account and is not an ERISA governed group health plan administered by Accenture. The Plan's role with respect to the HSA is limited to forwarding employee and employer contributions, if any, as directed through payroll. Issues concerning HSA cards, PINs, portals, or account access are administered by the HSA custodian and are subject to accountholder controls and security requirements. We cannot assist you with your HSA concerns. The Plan's role with respect to the HSA is limited to forwarding employee and employer contributions, if any, as directed through payroll. Issues concerning HSA cards, PINs, portals, or account access are administered by the HSA custodian and are subject to account-holder controls and security requirements.

FSA – As to your requests related to the FSA, please note that Plan rules do not provide dependents with the right to establish FSA accounts through Accenture. Further, Healthcare FSAs are subject to HIPAA privacy rules. The Plan cannot disclose information regarding another individual's Healthcare FSA account to you absent appropriate authorization or a legal requirement. Any concerns regarding the employee's FSA accounts must be addressed through the account holder.

**Prior Communications Referenced in Your Correspondence**

You reference a statement made by Wynn E. Pott concerning a misunderstanding at the Benefits Center.[1] That statement was made before all relevant facts were fully understood. The Plan's current position is that the coverage drop was processed in error and has been reversed, and the Plan's focus remains on ensuring accurate eligibility records and addressing any substantiated downstream impact.

**Requests for Compensation, Equity, Bonus, and Beneficiary Records**

Your Correspondence seeks extensive records relating to compensation, bonuses, equity programs, and beneficiary records. No basis exists to request such information, and we will not provide any of those records to you.

---

[1] Excerpt of a statement made by Wynn Pott, "...misunderstanding at our Benefits Center. It appears they thought your husband was no longer eligible for coverage, so contrary to your wishes, they terminated coverage."

Docusign Envelope ID: 96DE836C-19E7-420E-BE5D-7D517C9323FE

**ERISA § 503 Claim and Scope of Review**

You characterize your correspondence as an ERISA § 503 request for "full and fair review." ERISA § 503 and the applicable regulations govern the review of claims for benefits and appeals of adverse benefit determinations under the terms of the Plan. They do not require the production of all internal operational records or the adjudication of disputes unrelated to a claim for benefits.

Based on the Plan's current records, no adverse benefit determination remains in effect with respect to your eligibility for medical or prescription drug benefits, and no specific denied claim has been identified. The correction of an eligibility record, standing alone, does not constitute an adverse benefit determination where coverage has been reinstated retroactively and claims are payable in accordance with the Plan.

If you believe a particular medical or pharmacy claim was denied, delayed, or improperly processed, please identify that claim with reasonable specificity so that it may be reviewed under the Plan's claims procedures. Upon receipt of a properly submitted claim or appeal, the Plan will provide a full and fair review consistent with ERISA § 503 and 29 C.F.R. § 2560.503-1.

The Plan Administrator reserves the right to determine whether a submission constitutes a claim or appeal within the meaning of ERISA and the Plan, and whether any request is procedurally proper.

**Court Orders and External Litigation**

You reference a December 17, 2025 court order issued in Dallas County District Court and indicate that Accenture is in violation of the court order. That order does not direct Accenture or any of our benefit plans to take any specific action. If a court order requires specific action by the Plan, please direct that order to legal counsel indicated above.

**Preservation of Records**

The Plan acknowledges your preservation request and will take reasonable steps to preserve relevant Plan records within the Plan Administrator's possession or control, consistent with applicable record retention requirements and legal obligations.

**Next Steps**

To facilitate further review, please provide the transaction specific and documentary information described above. Upon receipt, the Plan will evaluate the materials and respond as appropriate.

Sincerely,

**ACCENTURE US GROUP HEALTH PLAN**

By: Signed by: Wynn E. Pott

Wynn E. Pott on behalf of Accenture LLP as Plan Administrator







**EXHIBIT 5 - Page 4 of 4**

