**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>**JASON EMORY McKEMIE,**<br>Debtor. | Case No. 26-30161-mvl7<br>Chapter 7 |

**ORDER ON DEBTOR'S MOTION FOR HSA CARD AND FSA ACCESS AND FOR STAY SANCTIONS**

The Court has considered the Debtor's Motion for HSA Card and FSA Access and for Stay Sanctions (the "Motion") and any response. In this Order, "the HSA" is the Accenture health savings account whose custodian and administrator is Inspira Financial (not MetLife), and "the FSA" is the Accenture Health Care Flexible Spending Account. It is ORDERED:

1. After the petition date, January 12, 2026, and without relief from the automatic stay, Gwendolyn Laura Ulijasz cancelled a card on the HSA that she has sworn the Debtor held. She knew of this case. That was a willful act to exercise control over property of the estate. 11 U.S.C. § 362(a)(3), (k)(1).

2. Within three (3) business days after entry of this Order Ms. Ulijasz **SHALL** cause Inspira Financial, and any other administrator of the FSA, to issue a debit card in the Debtor's name that pays from the HSA and the FSA, and **SHALL** give the Debtor a working login to both accounts.

3. Within fourteen (14) days after entry of this Order Ms. Ulijasz **SHALL** cause the activated card to be delivered to the Debtor by overnight courier with tracking, at the delivery address the Debtor gives her counsel by email. The full balance of the HSA and the full unused 2026 FSA election **SHALL** be available on the card. The Debtor may use the card and login to pay for his medical, dental and vision care.

4. Within one (1) business day after delivery Ms. Ulijasz **SHALL** file the administrator's written confirmation that the card is active, stating the balance of each account and listing each claim paid from either account since December 18, 2024 for an expense of the Debtor, with its date, amount and payee.

5. Ms. Ulijasz **SHALL NOT** cancel, suspend, report lost or stolen, or otherwise disable the Debtor's card or login, and **SHALL NOT** close or empty either account.

6. Ms. Ulijasz **SHALL** pay to the Debtor, within three (3) business days after she receives it, every reimbursement from either account of an expense the Debtor paid, and within fourteen (14) days after entry of this Order every such reimbursement she has already received.

7. If Ms. Ulijasz does not comply with paragraphs 2, 3 and 4 by their deadlines, she **SHALL** pay the Debtor $4,100.00 for each day until she does.

8. Ms. Ulijasz **SHALL** pay the Debtor's costs of the Motion, as stated in a declaration the Debtor shall file within seven (7) days after entry of this Order, within three (3) business days after that declaration is filed.

9. A hearing on the Debtor's actual and punitive damages under 11 U.S.C. § 362(k)(1) is set for this date and time: ______________________________.

10. A card, account or record of MetLife, or of any former employer, does not satisfy this Order.

11. Nothing in this Order performs Option A of the December 17, 2025 order in Cause No. DF-24-18010, satisfies or reduces the $20,643.56 ordered there, or releases any claim, right or remedy of the Debtor.

**### END OF ORDER ###**

Submitted by:

Jason Emory McKemie, Debtor, pro se
539 W. Commerce St., #2010, Dallas, TX 75208
(214) 519-8958 | jmckemie@mckemie.net